AO 241
(Rev. 01/15)

Page 2

**19-9803**

**SECT.R MAG 2**

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: **Eastern District of Louisiana** | |
|---|---|---|
| Name (under which you were convicted): **Richard B. Lay** | | Docket or Case No.: |
| Place of Confinement: **Raymond Laborde Correctional Center** | Prisoner No.: **110315** | |
| Petitioner (include the name under which you were convicted) **Richard B. Lay** v. | Respondent (authorized person having custody of petitioner) v. **S.W. "Sandy" McCain, Warden** | |
| The Attorney General of the State of: **Jeff Landry** | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: **Clerk of Court, 22nd Judicial District Court, Parish of Washington, 908 Washington St., PO Box 607, Franklinton, Louisiana 70438-0607**

   (b) Criminal docket or case number (if you know): **11-CR5-112033**

2.  (a) Date of the judgment of conviction (if you know): **November 30, 2011**

   (b) Date of sentencing: **February 28, 2013**

3.  Length of sentence: **Twenty (20) years under La. R.S. 15:529.1**

4.  In this case, were you convicted on more than one count or more than one crime? [ ] Yes | x | No

5.  Identify all crimes of which you were convicted and sentenced in this case:
   **One (1) count Battery on a Correctional Officer in violation of La. R.S. 14:34.5**

6.  (a) What was your plea? (Check one)

   | x | (1) **Not Guilty**   [ ]   (3) Nolo Contendere (no contest)
   [ ] (2) Guilty   [ ]   (4) Insanity Plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

   (c) If you went to trial, what kind of trial did you have? (Check one)

   | x | **Jury**   [ ] Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   | x | **Yes**   [ ] No

8.  Did you appeal from the judgment of conviction?

   | x | **Yes**   [ ] No

9.  If you did appeal, answer the following:

   (a) Name of court: **1st Circuit Court of Appeal**

   (b) Docket or case number (if you know): **2015-KA-0086**

   (c) Result: **Conviction and Sentence affirmed**

   (d) Date of result (if you know): **September 21, 2015**

   (e) Citation to case (if you know):

   (f) Grounds raised: **None, Appellate Counsel Prentiss White filed a brief which does not comply to Anders to which I filed an Opposition listing several constitutional claims and requested another counsel to perfect and was denied by the First Circuit Court of Appeal on March 11, 2015**

   (g) Did you seek further review by a higher state court? ✓[ x ] Yes | [ ] No

   If yes, answer the following:

---

**TENDERED FOR FILING**

Fee _____
Process _____
X Dktd _____
__ CtRmDep _____
__ Doc. No. _____

APR 19 2019

U.S. DISTRICT COURT
Eastern District of Louisiana

2

(1) Name of court: **Louisiana Supreme Court**

(2) Docket or case number (if you know): **2015-KO:-1792**

(3) Result: **Writs denied**

(4) Date of result (if you know): **September 16, 2016**

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?   [ ] Yes  [ ] No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   [ ] Yes   [ ] No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **22nd Judicial District Court, Parish of Washington**

(2) Docket or case number (if you know): **11-CR5-112033**

(3) Date of filing (if you know):

(4) Nature of the proceeding: **Post-Conviction / Sentencing Attacks**

(5) Grounds raised: **See attached and enclosed**

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

[ ] Yes    [ x ] No

(7) Result: Denied

(8) Date of result (if you know): **See attached and enclosed**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

[ ] Yes     [ ] No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?

[ ] Yes     [ ] No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 01/15)

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:        | x | **Yes**    [ ] No
    (2) Second petition:    | x | **Yes**    [ ] No
    (3) Third petition:     | x | **Yes**    [ ] No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

## GROUND ONE: <u>**See attached / enclosed**</u>

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) If you did not exhaust your state remedies on Ground One, explain why:

    (c) **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

            [ ] Yes    | x | **No**

        (2) If you did not raise this issue in your direct appeal, explain why: **Anders Brief**

    (d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            | x | **Yes**    [ ] No

        (2) If your answer to Question (d)(1) is "Yes," state:

            Type of motion or petition:

            Name and location of the court where the motion or petition was filed:

            Docket or case number (if you know): **11-CR5-11233**

            Date of the court's decision:

            Result (attach a copy of the court's opinion or order, if available): **Denied and unusual delays to hear and rule on outstanding pleadings despite Mandamus from Appellate Courts**

        (3) Did you receive a hearing on your motion or petition?

            [ ] Yes    | x | **No**

        (4) Did you appeal from the denial of your motion or petition?

            | x | **Yes**    [ ] No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

            | x | **Yes**    [ ] No

        (6) If your answer to Question (d)(4) is "Yes," state:

            Name and location of the court where the appeal was filed: **First Circuit Court of Appeal**

            Docket or case number (if you know):

            Result (attach a copy of the court's opinion or order, if available):

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    (e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

AO 241
(Rev. 01/15)

**GROUND TWO: <u>See attached / enclosed</u>**

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b)  If you did not exhaust your state remedies on Ground Two, explain why:

    (c)  **Direct Appeal of Ground Two:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            [ ] Yes     | x | No

        (2)  If you did not raise this issue in your direct appeal, explain why: **<u>Anders Brief</u>**

    (d)  **Post-Conviction Proceedings:**

        (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            | x | Yes     [ ] No

        (2)  If your answer to Question (d)(1) is "Yes," state:

            Type of motion or petition: **<u>Post-Conviction / Sentencing Attacks</u>**

            Name and location of the court where the motion or petition was filed: **<u>22nd Judicial District Court, Parish of Washington</u>**

            Docket or case number (if you know): **<u>11-CR5-11233</u>**

            Date of the court's decision:

            Result (attach a copy of the court's opinion or order, if available): **<u>Denied. See enclosed</u>**

        (3)  Did you receive a hearing on your motion or petition?

            [ ] Yes     | x | No

        (4)  Did you appeal from the denial of your motion or petition?

            | x | Yes     [ ] No

        (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

            | x | Yes     [ ] No

        (6)  If your answer to Question (d)(4) is "Yes," state:

            Name and location of the court where the appeal was filed: **<u>First Circuit Court of Appeal</u>**

            Docket or case number (if you know):

            Result (attach a copy of the court's opinion or order, if available): **<u>Denied. See enclosed</u>**

        (7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    (e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** <u>**See attached / enclosed**</u>

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b)  If you did not exhaust your state remedies on Ground Two, explain why:

    (c)  **Direct Appeal of Ground Three:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            [ ] Yes     [ x ] No

        (2)  If you did not raise this issue in your direct appeal, explain why: <u>**Anders Brief**</u>

    (d)  **Post-Conviction Proceedings:**

        (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            [ x ] Yes     [ ] No

        (2)  If your answer to Question (d)(1) is "Yes," state:

            Type of motion or petition: <u>**Post-Conviction / Sentencing Attacks**</u>

            Name and location of the court where the motion or petition was filed: <u>**22nd Judicial District Court, Parish of Washington**</u>

            Docket or case number (if you know): <u>**11-CR5-11233**</u>

            Date of the court's decision:

            Result (attach a copy of the court's opinion or order, if available): <u>**See enclosed**</u>

        (3)  Did you receive a hearing on your motion or petition?

            [ ] Yes     [ x ] No

        (4)  Did you appeal from the denial of your motion or petition?

            [ x ] Yes     [ ] No

        (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

            [ x ] Yes     [ ] No

        (6)  If your answer to Question (d)(4) is "Yes," state:

            Name and location of the court where the appeal was filed: <u>**First Circuit Court of Appeal**</u>

            Docket or case number (if you know):

            Result (attach a copy of the court's opinion or order, if available): <u>**Denied. See enclosed**</u>

        (7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    (e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** <u>**See attached / enclosed**</u>

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b)  If you did not exhaust your state remedies on Ground Two, explain why:

    (c)  **Direct Appeal of Ground Four:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            [ ] Yes     [ x ] No

        (2)  If you did not raise this issue in your direct appeal, explain why: <u>**Anders Brief**</u>

    (d)  **Post-Conviction Proceedings:**

        (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            [ x ] Yes     [ ] No

        (2)  If your answer to Question (d)(1) is "Yes," state:

            Type of motion or petition: <u>**Post-Conviction / Sentencing Attacks**</u>

Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, Parish of Washington**

Docket or case number (if you know): **11-CR5-11233**

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): **Denied. See enclosed**

(3) Did you receive a hearing on your motion or petition?

[ ] Yes      [ x ] No

(4) Did you appeal from the denial of your motion or petition?

[ x ] Yes      [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

[ x ] Yes      [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **First Circuit Court of Appeal**

Docket or case number (if you know):

Result (attach a copy of the court's opinion or order, if available): **Denied. See enclosed**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

13. Please answer these additional questions about the petition you are filing:

(a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      [ x ] Yes      [ ] No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **Majority, others trial court has refused to rule upon and supply ruling if so since January 2016**

(b)     Is there any ground in this petition that has not been presented in some state federal court? If so, which ground or grounds have not been presented, and state your reasons for presenting them: **No.**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      [ x ] Yes      [ ] No

If "Yes," state the name and location of the court, the docket or case number, the type of proceedings, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **Eastern District of Louisiana, dismissed without prejudice, failure to exhaust over my objections**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?      [ x ] Yes      [ ] No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. 22**nd Judicial District Court, Parish of Washington**

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **John Under**

(b) At arraignment and plea: **Same as above**

(c) At trial: **None**

(d) At sentencing: **None**

(e) On appeal: **Prentiss White, Louisiana Appellate Project**

(f) In any post-conviction proceeding: **None**

(g) On appeal from any ruling against you in a post-conviction proceeding: **None**

AO 241
(Rev. 01/15)

Page 8

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?
       [ ] Yes      [ x ] No
       (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

       (b) Give the date the other sentence was imposed:
       (c) Give the length of the other sentence:
       (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
       future?  [ ] Yes      [ ] No
18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
       why the one-year statute of limitations as contained in 28 USC § 2244(d) does not bar your petition.*
       **Filed within 1 year of timely filed state post-conviction / sentencing attack**

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 USC § 2244(d) provides in part
that:
       (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
              custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
              (A)    the date on which the judgment became final by the conclusion of direct review or the expiration
                     of the time for seeking such review;
              (B)    the date on which the impediment to filing an application created by State action in violation of
                     the Constitution or laws of the United States is removed, if the applicant was prevented from filing
                     by such state action;
              (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                     if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                     cases on collateral review; or
              (D)    the date on which the factual predicate of the claim or claims presented could have been
                     discovered through the exercise of due diligence.
       (2)    The time during which a properly filed application for State post-conviction or other collateral review with
              respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
              under this subsection.

Therefore, Petitioner asks that the court grant the following relief: **Vacate and set aside conviction and**
**sentence — insufficient evidence / defective bill of information amended unlawfully over**
**objections from a misdemeanor to a felony** or any other relief to which Petitioner may be entitled.

_____
                                   Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for
Writ of Habeas Corpus was placed in the prison mailing system on **April    16   , 2019** (month, day, year).

Executed (signed) on **April    16   , 2019** (date).

                                   _____
                                   Signature of Petitioner

If the person signing is not Petitioner, state relationship to Petitioner and explain why Petitioner is not signing this petition.

## STATEMENT OF RELEVANT FACTS

On the 24th day of February 2015, Louisiana Appellate Project through Appellate Counsel Prentiss L. White filed a "No Merit" brief allegedly pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); and State v. Jyles, 704 So. 2d 241 (La. 1997). On March 6, 2015, petitioner Richard Lay filed an Opposition to the Anders Brief and to Appellate Counsel as indigent to perfect the following claims supported by the appellate record:

1.  The trial court denial of an expert witness in support of my defense that Officer Primes wounds were self-inflicted violated my due process and equal protection rights to a fair trial under State v. Madison, 345 So. 2d 485 (La. 1977); U.S. v. Johnson, 238 F. 2d 565, 572 (2nd Cir. 1956) in light of the testimony of Dr. Laravia (prison doctor) as an expert that the wounds appeared to be self-inflicted. Tr. p. 196 line 6-7.[1]

2.  The trial court denial of a Private Investigator to identify and locate all witnesses inside of the lobby of the Pulmonary Clinic on 12-21-10 for use at the preliminary hearing and trial under Madison, supra; and U.S. v. Johnson, supra.[2]

3.  The denial of the Motion to Quash the Bill of Information based upon intentional destruction of the victim's (Primes) clothing for DNA purpose to prove the wounds were self-inflicted at the prison upon our return violated my right to a fair trial under California v. Trombetta, 467 US 479 (1984).[3]

4.  Appellate Lay was tried upon an oral amendment of the Bill of Information which upgraded the charge from a misdemeanor to a felony in violation of La. C.Cr.P. Art. 487; State v. Breaux, 504 So. 2d 11 (La. App. 1st Cir. 1987); State v. Cook, 372 So. 2d 1202 (La. 1979); and Apprendi v. New Jersey, 530 US 466.[4]

---

[1] See Exhibit A
[2] See Exhibit B
[3] See Exhibit C
[4] See Exhibit D

5. Appointment of Appellate Lay as co-counsel against his wishes at trial in response to my Motion to Appoint Conflict-free and Effective Counsel violated Faretta v. California, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975); Cuyler v. Sullivan, 466 US 335 (1980); and State v. Cisco, 861 So. 2d 118 (La. 2003).[5]

6. The denials of various Motions to Quash the Multiple Bill of Information violated my due process rights since I was denied Issuance of Subpoena Duces Tecum to obtain necessary documents as indigent and Issuance of Witness Subpoenas in support thereof.[6]

7. The denial of my Motion for New Trial violated my due process rights and Sixth Amendment to assistance of counsel under Cronic and Strickland.[7]

8. The denial of my Motions for Recusal pre-trial and post-trial violated my due process rights to a fair and impartial hearing officer.[8]

9. The trial court was without jurisdiction to adjudicate and sentence appellate Lay under La. R.S. 15:529.1 due to various Motions for Post-Judgment of Acquittal; Arrest of Judgments remains outstanding in violation of my due process / equal protection rights under State v. Brown, 620 So. 2d 508 (La. App. 4th Cir. 1993) (La. C.Cr.P. Art. 861)

10. Appellant Counsel White has taken retaliatory action for pursuing the projection of my appeal granted on May 13, 2013 yet the record was recently filed with this Court (1st circuit) on January _____, 2015 upon my filings to which counsel claimed he was calling 1st Circuit to find out status... nor has he filed a merit brief raising the herein non-frivolous issues in light of fact he just received the Eight (8) Volume records on the _____ day of February 2015, for review thus would not comply with Anders and State v. Jyles, 704 So. 2d at 241.[9]

---

[5] See Exhibit E
[6] See Exhibit F
[7] See Motion for New Trial (pro se) and Exhibit G
[8] See Exhibit H and all other Exhibits cumulatively
[9] See Exhibit I

On March 11, 2015, after consideration of my opposition to the Anders Brief and to appoint counsel a single Justice denial relief. The State of Louisiana through counsel Kathryn Landry filed an Appellee Brief stating defendant asserts no assignment of error, and accordingly requested that the conviction and sentence be affirmed.

On September 21, 2015, the First Circuit noted appellant counsel White filed a Motion to Withdraw in accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); and State v. Jyles, 704 So. 2d 241 (La. 1997) (per curiam). The 1st Circuit erroneously stated that they preformed an independent, thorough review of the pleadings, minutes, bill of information, and transcripts in the appeal record, our independent review reveals no non-frivolous issues that arguably support the appeal. My claims set forth in the Opposition to the Ander's Brief clearly set forth reversible errors as to my conviction and sentence requiring appointment of independent counsel to perfect the same. Timely writs were filed in the Louisiana Supreme Court under No. 2015-KO-1792 challenging the First Circuit Court of Appeal allowing appellant counsel White to withdraw under Anders/Jyles after an independent, thorough review of the records no arguable non-frivolous issues would support the appeal despite the filing of my Opposition to the Anders Brief and Request for Counsel to perfect them in which I supplied copies of relevant documents supporting relief as to my conviction and sentence. I filed my 1st Application for Post-Conviction Relief[10] in the District Court on the _____ day of January 2016, raising the following two claims in addition to the ones raised in Opposition to the Anders Brief:

> 1) Appellant Counsel Prentiss L. White was ineffective under Cronic and Strickland in filing a known frivolous appellate brief in State v. Lay, #2015-KA-0086 (direct appeal) which did not comply with Anders v. California, supra nor State v. Jyles, supra...

---

[10] No ruling has issued on the merits since January _____, 2016, despite First Circuit Court of Appeal order in State v. Lay, No. 2018-KW-0337 (May 29, 2018).

knowing said statements were false as evident from reading the claims in the opposition with documents in support; and

2) Appellate Counsel White's brief does not comply with <u>Anders</u> nor <u>Jyles</u> since he refused to raise the claims set forth in my Opposition to the Anders Brief which was obvious and significant issues supported by the record in his possession due to fraudulent misconduct depriving petitioner Lay of a due process appeal with counsel contrary to <u>Penson v. Ohio</u>, 488 US 75, 85 (1988); <u>Evitts v. Lucey</u>, 469 US 387, 396 (1985); <u>Douglas v. California</u>, 372 US 353 (1963) (same). See also <u>U.S. v. Williamson</u>, 183 F. 3d 458, 463 (5th Cir. 1999); <u>Manson v. Hanks</u>, 97 F. 3d 887, 894 (7th Cir. 1996); <u>Delgado v. Lewis</u>, 181 F. 3d 1087, 1092 (9th Cir. 1999):and <u>Banks v. Reynolds</u>, 54 F. 3d 1508, 1515-16 (10th Cir. 1995).

3) The Supreme Court denied writs on Direct Appeal under <u>State v. Lay</u>, 2015-KO:-1792 on September 16, 2016.

On the _____ day of January 2016, petitioner Lay caused to be filed his 1st Application for Post-Conviction Relief which the trial court erroneously denied relief on March 29, 2016 by falsely alleging these claims were repetitive.

Judgment was vacated and denied in part on August 12, 2016. On May 17, 2016, petitioner Lay filed an Original Application for Writ of Habeas Corpus to which the trial court denied on August 12, 2016, denied relief erroneously by falsely alleging said claims were litigated on Appeal. Motion to Vacate and Set Aside Judgment by simply looking at the Appellate Brief was denied on November 17, 2016. I received this judgment on December 22, 2016. On September 26, 2016, petitioner Lay filed a Motion to Vacate and Set Aside Multiple Bill and Sentence to which the Court again erroneously denied by alleging these claims were heard on direct appeal when in fact they were not.

12

On October 4, 2016, petitioner Lay filed a Motion to Vacate and Set Aside Conviction and Sentence which the Trial Court erroneously denied relief per State v. Bouzigard, 286 So. 2d 633, 635 (1975).

(La. C.Cr.P. Art. 483). October 19, 2016, petitioner Lay filed a Motion to Vacate and Set Aside Conviction and Sentence per Spencer v. Texas, 385 US 554 at 556, 87 S. Ct. 648 at 649-650, 17 L. Ed. 2d 606 (1967), and State v. Skipper, 906 So. 2d 399 (La. 2005).

On September 26, 2016, petitioner Lay filed a Motion for Recusal which the Court erroneously denied on November 17, 2016, as being repetitive when in fact those claims had not been filed and heard before as falsely alleged by the trial court. All judgments were received on December 22, 2016.

## CLAIMS

**1.** Petitioner Lay was entitled to appointment of counsel and an evidentiary hearing prior to dismissal of his petition seeking post-conviction / sentencing relief where substantial ineffective assistance of counsel is raised where if established will entitled petitioner Lay to post-conviction / sentencing relief.

**2.** Petitioner Lay's post-conviction / sentencing relief was raised and heard on direct appeal and/or repetitive in light of petitioner Lay's post-conviction / sentencing claims raises ineffective appellate counsel (Direct Appeal) which was never heard and ruled upon by the appellate or district court.

**3.** Petitioner Lay is being deliberately denied post-conviction / sentencing relief by Judge Ad Hoc Jerome Winsberg which the law provides a remedy for through his knowing false rulings that said claims are repetitive, so was heard and ruled upon on direct appeal, and where causes exists for recusal under La. C.Cr.P. Art. 671, et seq.

## LAW AND ARGUMENT 1

In Martinez v. Ryan, supra, the Supreme Court discussed the long-standing holding in Coleman, i.e., that since habeas petitioners have no constitutional right to counsel on post-conviction review, deficient

13

performance by post-conviction counsel does not excuse a procedural default. The Supreme Court carved out a very limited exception to that rule in situations where a state defendant is procedurally barred from an ineffective assistance of trial counsel claim due to either ineffective assistance or due to a lack of counsel at the initial level of review allowed for raising such a claim.

Martinez set forth the following requirements for finding an exception to excuse a procedural default: (1) the claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the ineffective assistance of trial counsel claim; and (4) state law requires an ineffective assistance trial counsel claim…be raised in an initial review collateral proceeding. Id. at ____, 132 S. Ct. at 1318-19, 1320-21 (emphasis provided). The Court defined "initial-review collateral proceeding" for a prisoner to raise a claim of ineffective assistance at trial. Id., at 1325, 1327. Martinez resolved that, in states where a claim of ineffective assistance of counsel at trial is prohibited from direct appellate review, the constitution would require the effective assistance of counsel at the first level of review of the claim on post-conviction before a procedural bar can be imposed by the state courts. Id., at 1319-20. Finding that Arizona's procedures for raising ineffective assistance of counsel claims required that such claims be raised in post-conviction proceedings rather than on direct appeal, the Court found that the failure of post-conviction counsel to raise the ineffective assistance of trial counsel at the first level of review established "cause" for Martinez's procedural default.

The question thus becomes whether the Louisiana like Arizona, bars a defendant from raising his ineffective assistance of counsel claims during direct appeal. Neither the United States Supreme Court nor the United States Fifth Circuit has ruled on this issue in regard to Louisiana's procedures. However, the issue was raised before the United States Supreme Court in Trevino v. Thaler, ____ US ____, 113 S.

Ct. 1911 (2013) with regard to Texas' rule governing ineffective assistance of counsel claims, and May well apply by analogy to Louisiana cases.

In Trevino, the Court acknowledged the four-part test of Martinez, for finding an exception to Coleman's general rule that post-conviction counsel's errors cannot constitute "cause" for the procedural default of an ineffective assistance of trial counsel claim. Id., at 1918. The Trevino court then focused on the fourth prong of this test relative to whether Texas law required the ineffective assistance of counsel to be addressed in initial review collateral proceedings. The Court found that, although Texas law did not expressly required a defendant to raise a claim of ineffective assistance of counsel in an initial collateral review proceeding, Texas court generally directed defendants to raise such claims on collateral, rather than on direct review. Id., at 1919-20. Additionally, Texas procedure made it virtually impossible for appellate counsel to adequately present an ineffective assistance (of trial counsel) claim on direct review as such a claim often "depends upon evidence outside the trial record" and efforts to expand the record are different due to time constraints for filing an appeal. Id., at 1918.

Similarly, Louisiana law generally encourages defendants to bring issues of ineffective assistance of trial counsel in a post-conviction proceeding in the district court, where a full evidentiary hearing May be conducted. State v. Clark, 107 So. 3d 646 (La. App. 2nd Cir. 2012); State v. Prudholm, 446 So. 2d 729, 737 (La. 1984) (noting that, when challenging the constitutional right to reasonably effectively assistance of counsel, "a defendant's remedy is through (PCR) in the trial court where the quality of the attorney's assistance can be developed and explored. However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Ratcliff, 416 So. 2d 528, 530 (La. 1982); State v. Carter, 684 So. 2d 432, 438 (La. App. 1st Cir. 1996). Decisions relating to investigation, preparation and trial strategy cannot possibly be reviewed on appeal. See State v. Albert,

697 So. 2d 1355, 1363-64 (La. App. 1st Cir. 1997); State v. Johnson, 951 So. 2d 294, 304 (La. App. 1st Cir. 2006).

Finally, appellate courts have held that ineffectiveness of counsel relating to trial strategy cannot be determined by review of the record on appeal, but must be asserted on "application for post-conviction relief" where an evidentiary hearing can be held to determine among other things, defense counsel's strategy and whether the defendant himself was aware of the strategy and agreed to it. State v. Cambre, 05-888 at 27, 939 So. 2d 461.

Petitioner Lay had filed post-conviction sentencing claims that trial counsels were ineffective for failing to raise and/or perfect constitutional claims for review which had basis on fact and law for Appellate review; and Appellate Counsel Prentice White who was not trial counsel was ineffective by his failure to file a merit brief raising those claims (post-trial) under the assignment of ineffective assistance of counsel for State / Federal exhaustion purposes, which was not heard on Direct Appeal as knowing falsely held by the trial court to deny me a remedy.

## LAW AND ARGUMENT 2

The federal habeas corpus statute and decades of federal jurisprudence require a Petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A). Rose v. Lundy, 455 US 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Mercadel v. Cain, 179 F. 3d 271, 275 (5th Cir. 1999). Fisher v. Texas, 169 F. 3d 295, 302 (5th Cir. 1999); in order to satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal constitutional claims to the State courts in a procedural proper manner. Wilder v. Cockrell, 274 F. 3d 255, 259 (5th Cir. 2001); O'Sullivan v. Boerckell, 565 US 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Maguire v. Phillips, 144 F. 3d 348, 360 (5th Cir. 1998) /citing Richardson v. Procunier, 762 F. 2d 429, 431-32 (5th Cir. 1985). Moreover, each claim must be presented to the State's highest court, even when review by that court is discretionary. O'Sullivan v. Boerckell, 565 US 838, 119

S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Magourik, 144 F. 3d at 360, citing Richard, 762 F. 2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. See La. Const. Art. 5, § 5(a) ["The Louisiana Supreme Court has general supervisory jurisdiction over all courts..."]

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. Nobles v. Johnson, 127 F. 3d 409, 420 (5th Cir. 1997), cert. denied,, 523 US 1139, 118 S. Ct. 1845, 140 L. Ed. 2d 1094 (1998). Exhaustion requires that any federal constitutional claims presented to the State courts be supported by the same factual allegations and legal theories upon which the Petitioner bases his federal claims. Picard v. Connor, 404 US 270, 276, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971).

The Fifth Circuit has held that a habeas petitioner fails to exhaust state remedies when he presented material additionally evidentiary support to the Federal Court has not presented to the State Court. See Graham v. Johnson, 94 F. 3d 958 (5th Cir. 1996); citing Joyner v. King, 786 F. 2d 1317, 1320 (5th Cir.) (holding that the policies underlying the exhaustion doctrine requires that "New Factual allegations in support of a previously asserted legal theory," be first present dot the State Court.) cert. denied,, 479 US 1010, 107 S. Ct. 653, 93 L. Ed. 2d 708 (1986); Brown v. Estelle, 701 F. 2d 494, 495-96 (5th Cir. 1983); (holding that when a claim is filed in Federal Court in a significant stronger evidentiary posture than it was before the State Court, it must be dismissed for failure to exhaust State remedies.) See also Barrientes v. Johnson, 1996 U.S. App. LEXIS 25049 (5th Cir. August 20, 1996); (unpublished).

In the instant case, none of petitioner Lay's post-conviction / sentencing claims on direct appeal due Appellate counsel Prentice White filing of the Anders Brief when said claims had substantial merits supported by the trial records State / Federal Jurisprudence under the assignment of ineffective trial counsel and denial of a fair and impartial trial Judge Ad Hoc... who falsely and knowingly kept alleging

17

these claims (post-conviction / sentencing relief) were heard and ruled upon on Direct Appeal to deny me a remedy provided by State / Fed Jurisprudence.

### LAW AND ARGUMENT 3

Under the Fourteenth Amendment of the United States and Article 1, § 2 of the Louisiana Constitution of 1974, a citizen is protected against deprivations of life, liberty, or property without due process of law. The meaning of these provisions is clear:

> ...Persons whose rights may be affected by State action are entitled to be heard, and in order that they may enjoy that right, they must first be notified. It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner. In re Adoption of B.G.S., 556 So. 2d 545, 549 (La. 1990). These protections "come into play only if the private interest asserted is constitutionally cognizable." Id. Once the interest has been shown, "a proper evaluation of the State's process can be made in light of the relative importance of the private and public interests at stake." Id.

The balancing of these factors and determination of whether or not due process has been satisfied is administered under the three factor test as espoused by the United States Supreme Court in Matthews v. Eldridge, 424 US 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), and adopted by the Louisiana Supreme Court (when interpreting the Louisiana Supreme Constitution) in Wilson v. City of New Orleans, 479 So. 2d 891 (La. 1985) and In re Adoption of B.G.S., 556 So. 2d 545, 549 (La. 1990). The Matthews test involves evaluation of three (3) separate factors: first, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens and the additional or substitute procedural requirement would entail. In re Adoption of B.G.S., supra at 552. See also In Re Murchison, 349 US 133, 136-39 (1955).

**Art. 678.  Recusation of judge ad hoc.**

A judge ad hoc appointed to try a motion to recuse a judge, or appointed to try the case, may be recused on the grounds and in the manner provided in this Chapter for the recusation of judges.

**Art. 671.  Grounds for recusation of judge**

A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:

(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;

(4) Is a witness in the cause;

(5) Has performed a judicial act in the case in another court; or

(6) Would be unable, for any other reason, to conduct a fair and impartial trial.

**Art. 675.  Selection of judge ad hoc to try motion to recuse**

A. In a court having two judges, the judge who is sought to be recused shall refer the motion to recuse to the other judge of that court.

C. When the ground assigned for the recusation of the judge of a district court having one judge is that he is biased, prejudiced, or personally interested in the cause, the judge shall appoint a district judge of an adjoining district to try the motion to recuse.

On the 26th day of September 2016, petitioner Lay filed a valid "Motion for Recusal" which set forth valid State / Federal constitutional claims for recusal for a per se recusal and/or a contradictory hearing with the district attorney per La. C.Cr.P. Art. 675 yet this Motion was repetitive knowing the facts / claims were never heard and ruled by the court for exhaustion purposes, nor can the Court produce any recusal Motion filed previously as to these claims. See Graham v. Johnson, 94 F. 3d 958 (5th Cir. 1996).

The State of Louisiana through its Courts has deprived petitioner Lay of appointment of conflict-free at his 1st initial review collateral proceeding under Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L.

Ed. 2d 272 (3/20/12);[11] Trevino v. Thaler, 11-10189 (U.S. 2013), 569 U.S. 413, 133 S. Ct. 1911, 185 L. Ed. 2d 1044; State v. Prudholm, 446 So.2d 729 (La. 1984); State v. Albert, 697 So. 2d 1355, 1363-64 (La. App. 1st Cir. 1997); State v. Johnson, 951 So. 2d 294, 304 (La. App. 1st Cir. 2006); and State v. Cambre, 05-888, 939 So.2d 446 at 461 to develop his substantial ineffective assistance of counsel claims which if established would entitle him to relief contrary to Williams v. Taylor, 529 US 420; and United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047, 80 L. Ed. 2d 657 (1984) since no conflict-free counsel was appointed upon request for trial and sentencing purposes.[12]

The State of Louisiana through its court's refusal to extend the principle of Trevino/Martinez when confronted with sets of facts that were materially in distinguished from these U.S. Supreme Court's decisions, nevertheless arrived at result different from said precedent contrary Williams, 120 S. Ct. at 1519-20; Randass v. Angelone, 530 US 156, 120 S. Ct. 2113, 2121, 2125, 147 L. Ed. 2d 125 (2000) (Justice Kennedy) (rejecting that the State's refusal to extend the Supreme Court's precedent in Simmons v. South Carolina, 512 US 154, 114 S. Ct. 2187, 129 L. Ed. 2d 133 (1994) amounted to an unreasonable application of Federal Law under AEDPA.[13] We only have said, in dicta, that "a State court decision involved an unreasonable application of Supreme Court precedent" if the State court... unreasonably refuses to extend (a legal Principle (from Supreme Court present) to a New context here it should apply." Buttoson v. Moore 234 F. 3d 526, 531 (11th Cir. 2001); accord Putman v. Head, 268 F. 3d 1223, 1241 (11th Cir. 2001); Breedlove v. Moore, 279 F. 3d 952, 961 (11th Cir. 2002); See also Isaacs v. Head, 300 F. 3d 1232, 1251 (11th Cir. 2001 (Majority opinion).

---

[11] See State v. Deloch, 2013-1975 (La. 5/16/14), 140 So.3d 1167

[12] Holloway v. Arkansas, 435 US 475, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978); Zuck v. Alabama, 588 F. 2d 436 (5th Cir. 1979), cert. denied,, 444 US 833; State v. Willie, 595 So. 2d 1149, 1153.

[13] Justice Kennedy's plurality opinion said that a State Court decision in unreasonably applies clearly established Federal Law if the State Court was unreasonably in refusing to extend the governing legal principle to a context in which the principle should have controlled." Randass, 120 S. Ct. 2120.

The State of Louisiana like Texas and Arizona regulates the type of ineffective assistance counsel brought up on Appeal to PCR in the trial of the purpose of holding an evidentiary hearing and appointment of counsel.[14]

Per curiam of the Louisiana Supreme Court In Re State v. Lay, 14-KH-2549. Reconsideration denied on November 6, 2015.

The First Circuit Court of Appeal denied writs under No. 2017-KW-0207 on the 1st day of May 2017. The Louisiana Supreme Court denied writs under No. 2017-KW-1156 on the 28th day of September 2018. Reconsideration was filed on October 9, 2018 per Houston v. Lack, supra challenging the court's ruling that petitioner Lay has exhausted all rights to seek collateral review on 11-06-15.

LEGAL STANDARDS:

A federal court will not reach the merits of claims denied by the State court on State procedural grounds if the State-law grounds are independent of the federal claim and adequate to bar federal review. See Sawyer v. Whitley, 505 US 333, 338, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992); Coleman v. Thompson, 501 US 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), modified by Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (3/20/12). But if the State procedural determination is based on state grounds that were inadequate to bar federal habeas review, or if the habeas petitioner shows that an inadequate to bar federal habeas review, or if the habeas petitioner shows that an exception to the bar applies, the federal court must resolve the claim without the deference that the AEDPA otherwise requires. See Woodfox v. Cain, 609 F. 3d 774, 794 (5th Cir. 2010) (the AEDPA's deferential standard of review would not apply to a procedural decision of the State); Miller v. Johnson, 200 F. 3d 274, 281 n. 4 (5th Cir. 2000) ("Review is de novo when there has been no clear adjudication on the merits." (citing Nobles v. Johnson, 127 F. 3d 409, 416 (5th Cir. 1997); Mercadel v

---

[14] See State court's pleading with substantial ineffective assistance counsel claims yet no evidentiary hearing with counsel was held to develop.

Cain (1999, CA5 La) 179 F.3d 271 ("the AEDPA deference scheme outline in 28 U.S.C. § 2254(d) does not apply to claims not adjudicated on the merits by the State court.).

And, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the State court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding 28 U.S.C. § 2254(d). A state court is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Busby v. Dretke, 359 F. 3d 708, 713 (5th Cir. 2004); see also Lopez v. Smith, 135 S. Ct. 1, 2, 190 L. Ed. 2d 1 (2014) (per curiam) ("we have emphasized, time and time again, that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, prohibits the federal courts of appeal from relying on their own precedents to conclude that a particular constitutional principle is "clearly established." (citation omitted).

A Decision constitutes an "unreasonable application" of clearly established federal law if, "the state court identifies the correct governing legal principle from (the) Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 US 362, 413, 120 S. Ct. 1995, 146 L. Ed. 2d 389 (2000). "For purposes of 28 U.S.C. § 2244(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the State court's decision." Harrington v. Richter, 562 US 86, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011) (citations and internal quotation marks omitted). under 28 U.S.C. § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have

22

supported, the State court's decision; and then it must ask whether it is possible fair-minded jurists could

disagree that those arguments or theories are inconsistent with the holding in a prior decision court." Id.

at 786 (internal quotation marks omitted). The Supreme Court has further explained that "[e]valuating

whether a rule application was unreasonable requires considering the rules specificity. The more general

the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Id.

(internal quotations marks omitted). And "even a strong case for relief does not mean that state court's

contrary conclusion was unreasonable." Id. the Supreme Court has explained that; "if this standard is

different to meet, that is because it was meant to be," where, "as amended by AEDPA, 28 U.S.C. §

2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in

state proceedings," but it preserves authority to issue the writ in cases where there is no possibility fair-

minded jurists could disagree that the state court's decision conflicts with this court's precedents," and

"it goes no farter." Id. Thus, "as a condition for obtaining habeas corpus from a federal court, a state

prisoner must show that the state court's ruling on the claim being presented in federal court was so

lacking in justification that there was no error well understood and comprehended in existing law

beyond any possibility for fair-minded disagreement." Id. at 786-87; according Burt v. Titlaw, 134 S. Ct.

10, 16, 187 L. Ed. 2d 348 (2013).

The State of Louisiana's decision in state v. Deloch, Jr., 140 So. 3d 1167, 2014 La. LEXIS 1197 No.

2013-KP-1975 (La. 5/16/14) that Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272

(3/20/12) in light of Trevino v. Thaler, 11-10189 (U.S. 2013), 569 U.S. 413, 133 S. Ct. 1911, 185 L. Ed.

2d 1044 does not apply in any Louisiana court despite raising substantial ineffective trial; appellate; and

post-conviction counsel(s) claims results in a decision that is contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United States;

and results in a decision that is based on an unreasonable determination of the facts in light of the

evidence presented in the state courts' proceeding by relying on legal rules that directly conflict with

prior holdings of both the United States Supreme Court and the Louisiana Supreme Court and/or reached a different conclusion that the Supreme Court on materially indistinguishable facts.

In <u>Martinez v. Ryan</u>, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (3/20/12), the Supreme Court discussed the longstanding holding in <u>Coleman</u>, i.e., that since habeas petitioners have no constitutional right to counsel on Post-Conviction review, deficient performance by Post-Conviction counsel does not excuse a procedural default. The Supreme Court carved out a very limited exception to that rule in situations where a State defendant is procedurally barred from an ineffective assistance or due to a lack of counsel at the initial or review allowed for raising such a claim.

Martinez set forth the following requirements for finding an exception to excuse a procedural default: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective assistance of trial counsel claim . . . be raised in an initial-review collateral proceeding. Id. at _____, 132 S. Ct. 1318-19, 1320-21. [Emphasis provided]. The court defined "initial review collateral proceeding for a prisoner to a claim of ineffective assistance at trial. Id. at 1325, 1327. Martinez, resolved that, in States where a claim of ineffective assistance of counsel at trial is prohibited from direct appellate review, the constitution would require the effective assistance of counsel at the first level of review of the claim on Post-Conviction before a procedural bar can be imposed by the State courts. Id. at 1319-20. Finding that Arizona's procedures for raising ineffective as of counsel claims required that such claims be raised in Post-Conviction proceedings rather than on direct appeal, the court found that the failure of Post-Conviction counsel to raise the ineffective assistance of trial counsel at the first level of review established "cause" for Martinez's procedural default.

The question thus becomes whether Louisiana like Arizona bars a defendant from raising his ineffective assistance of counsel during direct appeal. Neither the United States Supreme Court nor the United States Fifth Circuit has ruled on this issue in regard to Louisiana procedures. However, the issue was raised before the United States Supreme Court in Trevino v. Thaler, __ US __, 113 S. Ct. 1911 (2013) with regards to Texas' rule governing ineffective assistance of counsel claims, and may well apply by analogy to Louisiana cases.

In Trevino, the court acknowledges the four-part test of Martinez for finding an exception to Coleman's general rule that post-conviction counsel's errors cannot constitute "cause" for the procedural default of an ineffective assistance of counsel claim. Id., at 1918. The Trevino court then focused on the 4th prong of the test relative to whether Texas law required the ineffective assistance of counsel to be addressed in initial review collaterally proceedings. The court found that, although Texas law did not expressly require a defendant to raise a claim of ineffective assistance of counsel in an initial collateral review proceeding, Texas courts generally directed defendants to raise such claims on collateral, rather than on direct review. Id. at 1919-20. Additionally, Texas procedures made it virtually impossible for appellate counsel to adequately present an ineffective assistance of counsel claim on direct review as such a claim often depends upon evidence outside the trial records and efforts to expand the record are difficult due to time constraints for filing an appeal. Id. at 1918.

Similarly, Louisiana law generally encourages defendants to bring issues of ineffective assistance of counsel in a post-conviction proceeding in the district court, where a full evidentiary hearing may be conducted. State v. Clark, 107 So. 3d 646 (La. App. 2nd Cir. 2012); State v. Prudholm, 446 So. 2d 729, 737 (La. 1984) (noting that, when challenging the constitutional right to reasonable effective assistance of counsel, "a defendant's remedy is through post conviction relief in the trial court where the quality of counsel's assistance can be developed and explored). However, where the record discloses sufficient assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest

25

of judicial economy. <u>State v. Ratcliff</u>, 416 So. 2d 528, 530 (La. 1982); <u>State v. Carter</u>, 684 So. 2d 432, 438 (La. App. 1st Cir. 1996). Decisions relating to investigation, preparation and trial strategy cannot possibly be reviewed on appeal. See <u>State v. Albert</u>, 697 So. 2d 1355, 1363-64 (La. App. 1st Cir. 1997).

Petitioner Lay's substantial ineffective appellate and trial counsels would have been regulated to State post-conviction proceedings.[15] See <u>State v. Prudholm</u>, 446 So. 2d 729, 737 (La. 1984); <u>State v. Clark</u>, 107 So. 3d 646 (La. App. 2nd Cir. 2012); <u>Smith v. Murray</u>, 477 US 527, 91 L. Ed. 2d 434, 106 S. Ct. 2661 (1986); and <u>State v. Cambre</u>, 05-888 (La.App. 5 Cir. 7/25/06), 939 So.2d 446, 460, writ denied, 06-2121 (La. 4/20/07), 954 So.2d 158.

**2.** La. R.S. 15:529.1(D)(1)(b) in pertinent part state the following burden of proof by the district attorney and the defense counsel duties to file written objections or waive the right to contest the factual findings on direct appeal.

Except as otherwise provided in this subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of facts. The presumption of regularity shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response(s) shall be serve upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitution of Louisiana or the United States shall set forth his claim, and the factual basis therefore, with particularity in the response to the information. The person shall have the burden of proof, by a preponderance of evidence on any issue of fact raised by the response. Any challenge to a previous condition or adjudication not made before sentence is imposed may not be raised to attack the sentence. La. R.S. 15:529.1.D(1)(b). see <u>State v. Watts</u>, 735 So. 2d 866 (La. App. 5th Cir. 1996); and <u>State v. Washington</u>, 916 So. 2d 1171, 1173 (La. App. 5th Cir. 2008).

---

[15] No post-conviction counsel was appointed to perfect the substantial ineffective trial and appellate counsels claims prior to dismissal by any state court.

In State v. Nelson, 379 So. 2d 1072 (La. 1980), the Louisiana Supreme Court held:

The prosecution's failure to produce a contemporaneous record affirmatively showing a knowing and voluntary waiver of the three major constitutional rights shall be treated as a trial irregularity in the enhancement of sentence hearing.  The defendant, in failing to object at the time the convictions are introduced or to prove as a matter of defense that no record exists which shows that the sentencing judge complied with the Boykin requirements, waives the irregularity. See La.C.Cr.P. art. 841; However, just as with other trial irregularities involving fundamental rights, the defendant's failure to {379 So.2d 1075} object or present evidence of the non-existence of the record does not prevent his raising the lack of a record of the constitutionally required judicial determination that his plea was voluntary in an application for a writ of habeas corpus, La.C.Cr.P. art. 362, or in a motion for a new trial, La.C.Cr.P. art. 851; State v. Jackson, 389 So. 2d 69, 70 (La. 1980) (Lemmon, J., concurring) ("irregularity is waived on direct appeal, and the defendant is relegated to post-conviction relief, at which he will have the burden of proving the invalidity of the convictions because of the... lack of required boykinization").[16] See also Becnel v. Blackburn, 410 So.2d 1015 (La. 1982); Maleng v. Cook, 104 L. Ed. 2d 540, 490 US 480, 109 S. Ct. 1923 (1989) (cases cited). The trial nor appellate counsel challenge State v. Lay, #04-CR-58726 as being unconstitutional under Boykin giving me another sentencing hearing.

Louisiana Code of Criminal Procedure Article 882. Correction of illegal sentence; review of illegal sentence

A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. See State ex rel. Stepter v. Whitley, 661 So. 2d 480 (La. 1995); Bozza v. United States, 330 US 160, 67 S. Ct. 645 (1947). See also State v. Johnson, 220 La. 64, 55 So. 2d 782, adopting Rule 35, Federal Rules of Criminal Procedure.

---

[16] See State v. Shelton, 621 So. 2d 769 (La. 1993) adopting Parke v. Raleng, 113 S. Ct. 517, 523 (1992). See also State v. Casson, 2 So. 3d 1246 (La. App. 3rd Cir. 2009); and Brady v. United States, 397 U.S. 742, 747, n.4, 90 S. Ct. 1463, 1468, 25 L. Ed. 2d 747 (1970)

The State of Louisiana decisions <u>State of Louisiana v. Ranj Cotton</u>, 09-2397 (La. 10/15/10), 45 So. 3d 1030; and <u>State v. Marcus Quinn, Sr.</u>, 2015 La. LEXIS 1004, No. 2014-OK-1831 (La. 4/10/15) bars collateral review of a sentence imposed by using erroneous information and/or unconstitutional convictions per se and due to appellate counsel being barred by operation of La. R.S. 15:529.1(D)(1)(b); and La. C.Cr.P. Art. 841 results in a decision that is contrary to La. C.Cr.P. Art. 881.5 and 882; <u>Bozza v. United States</u>, 330 US 160, 67 S. Ct. 645 (1974); <u>Glover v. United States</u>, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001) citing <u>Strickland v. Washington</u>, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); <u>Boykin v. Alabama</u>, supra;[17] <u>State v. Guzman</u>, 665 So. 2d 512 (La. 1995) (La. C.Cr.P. Art. 556.1); <u>United States v. Tucker</u>, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972) and <u>Duckworth v Serrano</u>, 454 US 1, 70 L Ed 2d 1, 102 S Ct 18 (1981) where the Supreme Court held:

...A state prisoner must normally exhaust available state remedies before a Writ of Habeas Corpus can be granted by the federal courts; an exception is made only if there is no opportunity to retain redress in State court or if the corrective process is so clearly deficient as to render futile any effort.

The State of Louisiana through erroneous interpretations of State laws by the Louisiana Supreme Court has foreclosed any and all collateral attacks on my convictions and sentences based upon ineffective trial; appellate; and post-conviction/sentencing attorneys without due process since petitioner Lay was not informed of their decisions not to raise these claims via Motion to Quash; Motion for New Trial; Motion to Correct Illegally Excessive sentence in the trial court, on direct appeal and PCR and/or inactions as mandated by <u>Florida v. Nixon</u>, 543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004). See <u>Smith v. Murray</u>, supra.

**3.** In <u>Joseph v. Cain</u>, U.S. District Lexis 60923, Civil Action No. 08-3992, Section "A" (4) (E.D. La. 5/25/11) held:

---

[17] See <u>United States v. Bass</u>, 310 F. 3d 321, 325 (5th Cir. 2001) (quoting Strickland, 466 US at 694); <u>Briseno v. Cockrell</u>, 274 F. 3d 204, 207 (5th Cir. 2001); and <u>United States v. Franks</u>, 230 F. 3d 811, 815 (5th Cir. 2000) (three extra months equal prejudice.)

...The AEDPA's deferential standard of review applies only to claims adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d). As outlined previously, Joseph's insufficiency of the evidence claim was dismissed as procedurally barred under La. Code Crim. P. art. 930.4, and it was not addressed on the merits. With respect to claims that are not adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply. Henderson v. Cockrell, 333 F.3d 592, 597 (5th Cir. 2003). Instead, the federal courts review those claims under the pre-AEDPA de novo standards of review. Id., at 598 (citing Jones v. Jones, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); see also, Carty v. Thaler, 583 F.3d 244, 253 (5th Cir. 2009). The pre-AEDPA is application since:

(a). The trial court denied all PCR claims pursuant to La. C.Cr.P. Art. 930.4 as either being been heard on direct appeal or not brought when they could have been heard on appeal are not subjected to dismissal under 28 U.S.C. § 2254(d) but review under the pre-AEDPA de novo standards of review; and

(b) Petitioner Lay is entitled to issuance of a Writ of Habeas Corpus as to his conviction and sentence; and/or an evidentiary hearing with counsel as indigent.

Respectfully submitted this ___/6^72^___ day of April, 2019, under the penalty of perjury and good faith.

**Richard Lay 110315**
RLCC Cajun 2 A1
1630 Prison Road
Cottonport, LA 71327



C-151

Richard B. Lay #403265
R.L.C.C. - Cajun 3-A1 #4
1630 Prison Road
Cottonport, La. 71327

Clerk of Court
United States District Court
Eastern District of Louisiana
500 Poydras St., Room
New Orleans, La. 70130

C-151

PRIORITY MAIL

TRACKED INSURED

UNITED STATES POSTAL SERVICE

USPS TRACKING #

9114 9023 0722 4335 3795 07

US POSTAGE >> PITNEY BOWES
ZIP 71327   $ 009.25°
02.4W
0000360102 APR 17 2019