UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD B. LAY                                                    CIVIL ACTION

VERSUS                                                              NO. 19-9803

S.W. "SANDY" MCCAIN, WARDEN                              SECTION "R" (2)

## ORDER AND REASONS

Richard Lay petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In addition, Lay files a "Petition for Remand to State Courts," in which he invokes a recent U.S. Supreme Court case, *Ramos v. Louisiana*, 140 S. Ct. 1390, 1395 (2020). Here, Lay asks the Court to "[r]emand to the Louisiana Supreme [Court]" so that he may pursue a new claim under *Ramos*.[2] The Court construes Lay's filing as a motion to amend his petition and to stay the case under *Rhines v. Weber*, 544 U.S. 269 (2005). The Court grants the motion as construed.

---

[1] R. Doc. 1.
[2] R. Doc. 40 at 5.

## I. BACKGROUND

Lay filed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 on April 19, 2019.[3] He amended that petition twice[4] before McCain responded.[5] On February 28, 2020, the Magistrate Judge issued a report and recommendation regarding Lay's habeas claims.[6] Lay filed objections on April 9, 2020.[7] Then, on April 20, 2020, the U.S. Supreme Court issued an opinion in *Ramos*, where it held non-unanimous jury verdicts for serious criminal offenses unconstitutional. *Ramos*, 140 S. Ct. at 1397.

On June 15, 2020, Lay filed the "Petition for Remand," invoking *Ramos*.[8] In it, Lay first argues that *Ramos* bears retroactively on his case.[9] Second, Lay argues that *Ramos* invalidates his sentence enhancement,[10] as he represents to the Court that at least two of his predicate offenses are the result of non-unanimous jury verdicts.[11] Lay adds that he is currently

---

[3]   R. Doc. 1.
[4]   *See* R. Doc. 24; R. Doc. 27.
[5]   *See* R. Doc. 31.
[6]   R. Doc. 33.
[7]   *See* R. Doc. 36; R. Doc. 37.
[8]   *See* R. Doc. 40.
[9]   *Id.* at 5.
[10]  *Id.*
[11]  *Id.* at 6, 10. The jury verdict was unanimous for the instant conviction. *See* St. Rec. Vol 3 of 15, November 30, 2011 Minute Order of Verdict. The state records mention the predicate offenses insofar as they are the basis for the multiple bill, *see, e.g.*, St. Rec. Vol 1 of 15, December 15, 2011, Multiple Offender Bill of Information. But the state records do not contain the

2

"collaterally attack[ing]" his predicate offenses under *Ramos* in state court.[12] As a result, Lay asks this Court to "remand" this matter to the Louisiana Supreme Court,[13] something this Court does not have the authority to do. Alternatively, Lay asks this Court to "hear and decide all issues herein,"[14] — again, something this Court may not do, because Lay has not exhausted his new *Ramos* claim in state court. *See Rhines v. Weber*, 544 U.S. 269, 273 (2005).

## II.   DISCUSSION

### A.   Construing Lay's Motion As a Motion to Amend the Habeas Petition

"The decision to recharacterize a motion is discretionary." *See United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019). In the context of *pro se* motions, courts must look to "the substance of the relief sought," rather than the motion's label, *see Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir. 2011), always keeping in mind that *pro se* litigants are "entitled to have their filings liberally construed." *Id.*

---

criminal judgments for the predicate offenses, nor mention of whether those jury verdicts were unanimous.
12    *Id.* at 6.
13    R. Doc. 40 at 1.
14    *Id.* at 7.

In substance, Lay moves to amend his habeas petition to add a new claim under *Ramos*. Claims are different from objections, in that claims add grounds for relief, as Lay does here. *See, e.g.*, *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) ("The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend [the] complaint."); *Hines v. Ontiveros*, No. CV 07-255-PHX-JAT, 2008 WL 2559401, at *2 (D. Ariz. June 23, 2008) ("[A]lthough Petitioner does not specifically state in his objections that he is attempting to amend his habeas petition, the court will 'liberally construe' this as an attempt to amend his Petition to add new grounds for relief.").

Courts "should freely give leave [to amend] when justice requires." Fed. R. Civ. P. 15(a)(2); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment."). The Court finds that justice requires leave to amend in this matter, because the U.S. Supreme Court's *Ramos* decision is material to Lay's sentence. Moreover, the Supreme Court is poised to decide whether *Ramos* will take retroactive effect. *See Edwards v. Vannoy,* No. 18-31095, 2019 WL 8643258 (5th Cir. May 20, 2019), *cert. granted*, 2020 WL 2105209

(May 4, 2020). The Court, therefore, construes Lay's *Ramos* motion[15] as a motion to amend his habeas petition.[16]

### B. *Rhines* Stay and Abeyance

As a consequence of the new *Ramos* claim, Lay has a "mixed petition" in federal court—*i.e.*, his petition consists of both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 273. In *Rhines*, the Court noted that the one-year statute of limitations period in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, necessitated a "stay-and-abeyance" procedure for petitioners who had good reason for presenting mixed petitions to federal district courts, especially if the petitioner would fall outside of the one-year statute of limitations without a stay. *Id.* at 278. Lay satisfies this criterion.[17]

A district court should stay, rather than dismiss a mixed petition, if it finds that (1) "the petitioner had good cause for his failure to exhaust," (2) the "unexhausted claims are potentially meritorious" and (3) "there is no

---

[15] *Id.*
[16] R. Doc. 1; R Doc. 24; R. Doc. 27.
[17] On September 16, 2016, the Louisiana Supreme Court denied Lay's writ application without stated reasons. *State v. Lay*, 206 So. 3d 203 (La. 2016). Lay's conviction and sentence became final on December 15, 2016, when he did not file a writ application with the U.S. Supreme Court. *Ott v. Johnson*, 192 F.3d. 510, 513 (5th Cir. 1999).

indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

The Court finds that Lay satisfies the *Rhines* factors, warranting the stay-and-abeyance procedure. First, Lay demonstrates "good cause for his failure to exhaust," because the U.S. Supreme Court did not decide *Ramos* until Lay's habeas petition was already before this Court. "There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 877, 980 (9th Cir. 2014). If the Court analogizes petitioner's position to the procedural default context, "good cause" would exist when a petitioner's failure to raise a claim in state court is attributable to "some objective factor external to the defense." *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). Here, the *Ramos* decision was unavailable to Lay as he proceeded in state court.

Second, Lay's unexhausted *Ramos* claim is "potentially meritorious." Indeed, the U.S. Supreme Court will soon decide whether *Ramos* applies retroactively. *See Edwards v. Vannoy,* No. 18-31095, 2019 WL 8643258 (5th Cir. May 20, 2019), *cert. granted*, 2020 WL 2105209 (May 4, 2020).[18]

---

[18] The Court notes that Lay must first address his predicate convictions before he attacks his enhanced sentence in this proceeding under *Ramos*. *See Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001) ("If [a] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under

Third, nothing in the record supports a finding that Lay has intentionally engaged in "dilatory" tactics in this federal habeas proceeding.

"A mixed petition should not be stayed indefinitely." *Rhines*, 544 U.S. at 277. Though a stay and abeyance is appropriate in this case, the Court must "place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. The U.S. Supreme Court has approved a thirty-day scheme—thirty days for a petitioner to file the unexhausted claim in state court and thirty days to return to federal court after exhaustion. *Id.* (citing with approval *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d. Cir. 2001)). Given the ongoing COVID-19 pandemic, the Court extends the usual thirty-day deadline to sixty days.

### III.  CONCLUSION

For the foregoing reasons, the petitioner's motion for leave to amend his habeas petition is GRANTED, as explained herein. Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), federal proceedings in this matter are administratively STAYED. Within SIXTY days after service of this Order, Petitioner shall file his unexhausted *Ramos* claim in state court if he has not

---

§ 2254 on the ground that the prior conviction was unconstitutionally obtained.").

already; within SIXTY days of the Louisiana Supreme Court's ruling on Petitioner's *Ramos* claim, petitioner shall file in this Court a Notice of Ruling (1) indicating the case number and the disposition of the ruling, and (2) he shall move to lift the administrative stay to proceed on his petition if needed.

New Orleans, Louisiana, this __27th__ day of July, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE