UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD B. LAY | CIVIL ACTION |
| VERSUS | NO. 19-9803 |
| S.W. "SANDY" MCCAIN, WARDEN | SECTION "R" (2) |

## ORDER AND REASONS

Petitioner Richard B. Lay filed a Motion for Leave to Amend/Supplement Habeas Corpus Petition. ECF No. 44. Respondent has not filed a response nor is one required to resolve this motion. The Honorable Sarah S. Vance set the matter for submission and later granted the motion insofar as it sought to lift the stay and referred the request for leave to amend to the undersigned for determination, in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1. ECF Nos. 45, 48. For the reasons that follow, the motion for leave to amend is denied.

**I.     BACKGROUND**

Lay's original federal habeas petition and subsequent amendments asserted numerous claims challenging his 2011 Washington Parish conviction by *unanimous* jury verdict for battery on a correctional facility employee and the related multiple offender adjudication. *Id*. ECF No. 1. The Honorable Joseph Wilkinson, Jr. (retired) issued a Report and Recommendation on February 28, 2020, recommending that Lay's petition be denied and dismissed with prejudice because one claim is procedural barred and Lay's other claims, both exhausted and unexhausted, are meritless.[1]

---

[1] The twelve claims addressed in the pending Report and Recommendation are: (Claim 1) he was entitled to appointment of counsel and an evidentiary hearing before dismissal of his state post-conviction application because he asserted a substantial claim of ineffective assistance of counsel under *Martinez v. Ryan*, 566 U.S. 1 (2012); (Claim 2) his appellate counsel was ineffective for filing an *Anders* brief and failing to present viable post-conviction and sentencing challenges on direct appeal, and his post-conviction claims could not have been repetitive of the appeal; (Claim 3) the state trial judge should have been recused because he deliberately and falsely denied Lay post-conviction and sentencing relief as repetitive when the claims were not presented to the state appellate courts; **Error! Main Document Only.**(Sec. Suppl. Claim 1) the mandates of the Louisiana First Circuit were violated when the state trial

ECF No. 33. In April and July, 2020, Lay objected to the Report and Recommendation and filed several motions. The District Judge construed Lay's motion for remand to the state courts (ECF No. 40) as a request to amend his petition to include an unexhausted claim pursuant to *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). ECF No. 43. Lay indicated his intent to challenge under *Ramos* the non-unanimity of his current conviction and the predicate convictions supporting his enhanced sentence. *Id*. The Court granted Lay leave to do so and stayed this matter pending exhaustion of state court review of Lay's new claims and to await the United States Supreme Court's decision in *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021), on the issue of *Ramos*'s retroactivity. *Edwards* held that *Ramos* was not retroactively applicable to convictions on collateral review. *Id*. at 1562.

On June 28, 2021, Lay filed a motion to amend his petition to include additional arguments challenging his current and predicate convictions and Louisiana statutory provisions on unanimous verdicts after *Ramos*. ECF No. 44. On January 20, 2022, the District Judge granted Lay's request to reopen this case and referred the motion to amend to me for resolution. ECF No. 48.

## II.     LAY'S MOTION TO AMEND

Broadly construing his motion and supporting memorandum, Lay proposes to add the

---

court failed to rule on his post-conviction claims of ineffective assistance of appellate counsel;. (Sec. Suppl. Claim 2) he received ineffective assistance of counsel on appeal when counsel filed the *Anders* brief instead of asserting ineffective assistance of trial counsel and the other trial errors identified in his opposition to the *Anders* brief; (Sec. Suppl. Claim 3) the state trial judge has not ruled on his January 31, 2016, application for post-conviction relief despite the mandates of the Louisiana First Circuit; (Sec. Suppl. Claim 4) his rights against double jeopardy were violated when his St. Tammany Parish attempted possession of cocaine conviction was used to upgrade the misdemeanor battery charge to a felony and then used again in the multiple bill to enhance his sentence; (Sec. Suppl. Claim 5) he received ineffective assistance of counsel when trial and appellate counsel failed to object to or challenge the State's use of the St. Tammany Parish attempted possession of cocaine conviction when that conviction was obtained by improper oral amendment of the bill of information after trial began from possession of cocaine to possession of imitation cocaine; (Sec. Suppl. Claim 6) counsel was ineffective in the St. Tammany Parish attempted possession of cocaine conviction when counsel failed to object to imitation cocaine evidence; (Sec. Suppl. Claim 7) the prosecutor engaged in selective prosecution motivated by race, sex and religion when she pursued a multiple offender bill against him; (Sec. Suppl. Claim 8) the district attorney was without jurisdiction to pursue a multiple offender sentence when motions for new trial, for acquittal, and to recuse were pending in the St. Tammany Parish attempted possession of cocaine case; and (Sec. Suppl. Claim 9) the State should not have been allowed to use his prior convictions to support the multiple bill because of the cleansing period. *See* ECF No. 33, at 12-13.

2

following claims or arguments in support of his federal petition:

    (1)    The former non-unanimous jury verdict provisions of La. Code Crim. Proc. art. 782(A) violated his equal protection rights;[2]

    (2)    the Bill of Information leading to his conviction for battery on a correctional facility employee failed to identify the conviction for which he was already in a Louisiana Department of Corrections ("DOC") facility at the time of the alleged battery in violation of due process and double jeopardy;[3]

    (3)    the State was prohibited by state law from using his conviction under St. Tammany Case No. 383759, for which he was incarcerated when the battery occurred, as a predicate offense in the multiple bill;[4]

    (4)    the State used St. Tammany Case No. 215530 as a predicate offense but it was obtained by non-unanimous jury verdict in violation of *Ramos*, which held that La. Code Crim. Proc. art. 782(A) and La. Const. art. 1§17 were unconstitutional and racially discriminatory;[5]

    (5)    *Ramos* is retroactively applicable under *Burch v. Louisiana*, 441 U.S. 130 (1976), and *Gallow v. Georgia*, 435 U.S. 223 (1976);[6]

    (6)    *Ramos* is both prospective and retroactive under La. Code Crim. Proc. art. 6 based on the Supreme Court's interpretation of the Sixth Amendment meaning of the right to a jury trial as applied to the states under the Fourteenth Amendment;[7]

    (7)    the state trial court erred when it failed to instruct the jury not to consider his DOC custody status as proof of the battery charge;[8] and

    (8)    the statute under which he was convicted, La. Rev. Stat. § 14:34.5(B), is unconstitutional and violated his due process right to notice and a fair trial because the State failed to charge in the Bill of Information that he was under DOC jurisdiction at the time of the battery but then used his custody status to transform the prior felony into an element of the battery to upgrade the battery charge to a felony. In addition, § 14:34.5(B) should be a sentencing enhancement not a separate felony conviction because the jury's knowledge that the offender was already in DOC custody is prejudicial.[9]

### III. <u>STANDARDS OF REVIEW</u>

Rule 11 of the Rules Governing Section 2254 Cases permits application of the Federal

---

[2] ECF No. 44, at 2-4 ¶3; ECF No. 44-2. Lay's current equal protection claim asserts the State's alleged failure to comply with the cleansing period for the predicate offenses in the multiple offender bill. *See* Sec. Suppl. Claim 9.
[3] *Id*. at 4-5 ¶4.
[4] *Id*. at 5 ¶5.
[5] *Id*. at ¶6.
[6] *Id*. at ¶7.
[7] *Id*. at 5-6 ¶8.
[8] *Id*. at 6 ¶9.
[9] *Id*. at 6-7 ¶10.

Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules."[10] In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." Therefore, the court can use Rule 15 of the Federal Rules of Civil Procedure when considering motions to amend a habeas petition.[11]

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so.[12] The court must balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[13] Although leave to amend is not automatic,[14] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[15]

While Rule 15 favors granting leave to amend, denial of leave is justified in certain circumstances, such as when a movant unduly delays or acts with bad faith or dilatory motive.[16] The five factors considered in determining whether leave to amend is appropriate or whether there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing

---

[10] *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting Fed. R. Civ. Proc. 11); *see also* Fed. R. Civ. Proc. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.").
[11] *Mayle*, 545 U.S. at 655.
[12] *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5the Cir. 1998).
[13] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).
[14] *Avatar Expl., Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[15] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).
[16] *Id.* (citation omitted).

party, and (5) futility of the amendment.[17]  Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend.[18]  Denial of leave to amend is reviewed for abuse of discretion,[19] but absent a "substantial reason," the court's discretion "'is not broad enough to permit denial'" of a request for leave to amend.[20]

IV.     **DISCUSSION**

The Court previously stayed Lay's petition for the limited purpose of allowing him to exhaust his *Ramos* claims and to await a retroactivity determination in *Edwards*.  Lay filed his request to amend contemporaneously with his request to reopen this matter.  In the motion, he provides embellished arguments in support of arguing for retroactive application of *Ramos* and purports to provide proof that he exhausted state court review of those claims (numbers one, four, five, and six above).[21]  He also includes several repetitive and/or unexhausted claims challenging the use of his DOC status at trial and in the amendment of his Bill of Information (claims two, three, seven, and eight above).  While his timing is not per se dilatory, I find that his proposed amended claims are in part prejudicial and all otherwise futile.

A.      **Substantive Challenges to 2011 Conviction**

The unexhausted proposed claims asserted in numbers two, three, seven and eight concern

---

[17] *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer* 751 F.3d at 367 (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).
[18] *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).
[19] *Carroll v. Fort James*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted).  The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend."  *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).
[20] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[21] *See*, *e.g.*, ECF No. 44-3, at 69; *see also*, *State v. Lay*, No. 2021-KH-1994, 2022WL224326, at *1 (La. 1/26/22) (denying Lay's writ application asserting *Ramos* claims); *State v. Lay*, No. 2021-KH-1256, 2022WL224326, at *1 (La. 1/26/22) (same); *State v. Lay*, No. 2021-KH-1954, 2022WL224646, at *1 (La. 1/26/22) (same); *State v. Lay*, 317 So. 3d 321 (La. 6/8/21) (same); *State v. Lay*, 317 So. 3d 326 (La. 6/8/21) (same).

Lay's challenge to the State's use of his cocaine conviction and DOC custody status at the time of the battery on the correctional officer. In claims two and three, Lay asserts that the original Bill of Information was defective for charging the battery offense without identifying the basis for his presence in a DOC facility, *i.e.* the St. Tammany Parish cocaine conviction. In claim eight, Lay also complains that the State amended the Bill of Information to include the drug felony information to upgrade the battery charge to a felony offense. He also asserts in claim seven that the jury should have been instructed that they could not use his DOC status as a convicted felon as proof of the battery charge.

Claim eight is repetitive of Lay's second supplemental claim four already before the court and already determined to be meritless in the pending February 28, 2020, Report and Recommendation. ECF No. 33. To allow amendment that simply repeats the claim and arguments already addressed is unnecessary and futile for the reasons set forth in the prior Report and Recommendation. *Id.* at 30-35 ¶VIII.

Lay also has not established, and the records do not show, that the proposed claims two, three, and seven were separately urged in the state courts for exhaustion purposes. The claims have instead been part of his grounds in support of his claims of ineffective assistance of trial and appellate counsel, claims which are already before this federal habeas court and have already been resolved against him in the prior Report and Recommendation. *Id.* at 50 ¶XI(A); *id*. at 57-59 ¶XI(B)(4); *id*. at 63-64 ¶XI(B)(6). His unexhausted challenge to the sufficiency of the multiple bill and evidence to support it was also addressed in the Report and Recommendation's discussion of Lay's second amended claims eight and nine. *Id*. at 40-47 ¶X.

Lay's failure to exhaust state court review of these claims independently from the ineffective assistance claims leads to a finding that an amendment at this point would be prejudicial

6

to the Respondent, who years ago fully briefed Lay's previously amended claims and awaits resolution of the claims addressed in the 2020 Report and Recommendation. The amendment also would be prejudicial to the ordered progression of this almost three-year-old habeas proceeding in which Lay already has been granted multiple amendments and the opportunity to complete state court exhaustion. To allow another amendment to bring these unexhausted independent arguments (separate from the ineffective assistance claims) would again create a mixed petition, with both exhausted and unexhausted claims, and the potential for another stay and further delay of resolution of this matter.

Moreover, the Louisiana Supreme Court has already advised Lay that he has fully exhausted his right to collateral review of his 2011 conviction.[22] He therefore would have no avenue of review in the state courts on these substantive challenges to his 2011 conviction, placing the new unexhausted claims in procedural default. Accordingly, amendment of this federal petition would be futile as these claims are procedurally barred.

Even more compelling is the fact that the substance of Lay's arguments regarding the Bill of Information and DOC status have been discussed in the pending Report and Recommendation when assessing the basis and substance of Lay's ineffective assistance of counsel claims. ECF No. 33, at 50 ¶XI(A); *id*. at 57-59 ¶XI(B)(4); *id*. at 63-64 ¶XI(B)(6). The Sixth Amendment claims were based in part on Lay's assertions that his trial and appellate counsel failed to challenge the amendment to the Bill of Information and references to his DOC custody status in the Bill and during trial. As Judge Wilkinson already recognized, Lay's theories are meritless, and thus, his trial and appellate counsel were not ineffective for asserting the issues. *Id.* at 50 ¶XI(A); *id*. at 57-59 ¶XI(B)(4). In other words, the substance of Lay's challenges to the language of, and

---

[22] *State v. Lay*, 279 So. 3d 925 (La. 8/12/19) (citing *State ex rel. Lay v. State*, 181 So.3d 693 (La. 11/6/15)).

amendment to, the Bill of Information and the use of his DOC custody status in the Bill and at trial have no merit which is why Judge Wilkinson recommended denial of Lay's ineffective assistance of counsel claims. *Id.* To allow an amendment to raise that issue would be futile.

### B. *Ramos* Claims

The balance of the proposed claims (numbers one, four, five, and six) asserts again that Lay's current and at least one of his predicate convictions were by non-unanimous verdicts and therefore unconstitutional under the Supreme Court's holding in *Ramos*. He also challenges the constitutionality of related state laws and asserts that state law mandates retroactive application of *Ramos* no matter what the United States Supreme Court has decreed.

An amendment to include these claims would be futile because they have no basis in fact or law. For example, the documents attached to Lay's motion to amend reflect that Lay's current conviction for battery on a correctional facility employee was obtained by a *unanimous* verdict.[23] He would have no rights under *Ramos* even if it were applied to his conviction.

Furthermore, a federal habeas court is required to apply law that was clearly established "at the time the conviction becomes final."[24] As calculated in the pending Report and Recommendation, Lay's battery conviction was final on December 15, 2016.[25] His predicate convictions were final years before that.[26] In those years prior to *Ramos*, the clearly established and controlling Supreme Court law on non-unanimous verdicts was *Apodaca v. Oregon*, 406 U.S. 404 (1972), and *Johnson v. Louisiana*, 406 U.S. 356 (1972), both of which permitted criminal defendants to be convicted by less than unanimous jury votes. The United States Fifth Circuit

---

[23] ECF No. 44-3, at 33 (Trial Minutes, Case No. 11-CR5-112033, 11/30/11).
[24] *Peterson v. Cain*, 302 F.3d 508, 511 (5th Cir. 2002) (citing *Williams v. Taylor*, 529 U.S. 362, 380-81 (2000)).
[25] ECF No. 33, at 6.
[26] *See Id*. at 46-47 (discussing the cleansing periods for Lay's prior convictions).

Court of Appeals recognized at the time that a prisoner's constitutional challenge to a state court conviction by a non-unanimous jury must be rejected under *Apodaca/Johnson* "because the Supreme Court 'has not held that the Constitution imposes a jury unanimity requirement.'"[27]

The *Ramos* opinion issued in 2020 held that the Sixth Amendment required unanimity in jury verdicts. *Ramos*, 140 S. Ct. at 1407. Contrary to Lay's assertions, however, on May 17, 2021, the United States Supreme Court held that "*Ramos* announced a new rule" of criminal procedure that "does not apply retroactively on federal collateral review." *Edwards*, 141 S. Ct. at 1556 & 1559. *Ramos*, therefore, did not alter the application of the Supreme Court precedent existing at the time of Lay's convictions, and he would not be entitled to relief if he amends his petition.[28] Amendment to include these *Ramos* claims would be futile.

Lay's state law arguments fair no better. In 2018, Louisiana voters approved an amendment to Article I, Section 17(A) of the Louisiana Constitution, to require unanimous jury verdicts in cases like this one. The state constitutional amendment, however, is expressly limited to offenses "committed on or after January 1, 2019." Amendment to include Lay's proposed new claims under *Ramos* or state law via his asserted due process challenge would be futile.

To the extent the court has already allowed Lay to bring a *Ramos* claim challenging the verdicts in his current and prior convictions (*see* ECF No. 43), I have issued a separate Supplemental Report and Recommendation recommending dismissal of those claims for the reasons provided herein, which also require denying this motion to amend. Accordingly,

---

[27] *Hoover v. Johnson*, 193 F.3d 366, 369 (5th Cir. 1999) (quoting *Richardson v. United States*, 526 U.S. 813, 821 (1999) and citing *Johnson*, 406 U.S. at 366).
[28] *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008) ("Absent an intervening Supreme Court case overruling prior precedent, we remain bound to follow our precedent even when the Supreme Court grants certiorari on an issue.") (citing *United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999); *Ellis v. Collins*, 956 F.2d 76, 79 (5th Cir. 1992)).

**IT IS ORDERED** that Lay's Motion for Leave to Amend/Supplement Habeas Corpus Petition (ECF No. 44) is **DENIED**.

New Orleans, Louisiana, this 10th day of February, 2022.

_____
**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**