U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Dec 27 2022
CAROL L. MICHEL
CLERK
AJ Mail

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY — CIVIL ACTION

VERSUS — NO. 19-CV-9803 "R" (2)

W.S. "SANDY" MCCAIN, WARDEN

## AMENDED COMPLAINT

Now into the court comes petitioner Richard B. Lay who files this Amended Complaint pursuant to Rule 15, Federal Rules of Civil Procedure in the interest of justice.

**1.** On May 1, 2017, the First Circuit Court of Appeal in State v. Lay, #2017-KW-0207 granted a writ in part requiring the District Court to hear and rule upon petitioner Lay's Application for Post-Conviction Relief filed on or about February 3, 3016, denied March 29, 2016 to which judgment was vacated in part on August 12, 2016. I state to wit:

Under clearly established Federal Law as determined by the Supreme Court, all criminal defendants have a right to an advocate in mandatory appeals. See Douglas v. California, 372 US 353, 355-58, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963). Appellate counsel has an ethical responsibility of constitutional dimension to argue zealously those issues that counsel finds not wholly frivolous. See Anders, 386 US at 744. When an attorney believes an appeal would violate his or her ethical duty to refrain from making frivolous arguments, Anders requires counsel to "advise the court and request permission to withdraw." Id. A request to withdraw, "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. The attorney must send the brief to the defendant and the defendant must be informed of his or her right to file a supplemental brief. See Id.

TENDERED FOR FILING
DEC 27 2022
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

The reviewing court then must make a full examination of all the proceedings to determine if the appeal is in fact wholly frivolous. See Id. If the appeal is in fact wholly frivolous, the court may permit counsel to withdraw. See Id. If the court finds any arguable issues, it must appoint counsel for the defendant. See Id. The reason for this exacting procedure is to ensure that indigents receive in addition, a brief containing "ready references" to arguable issues to assist the court in its vigorous review, rather than presenting the court with a cold record. See Id. at 745.

These mandates were violated in this case.

The appellate brief filed by Prentiss White on Lay's behalf "failed to draw attention to anything in the record that might arguably support the appeal"—a failure that left Lay constructively without counsel on appeal. Penson v. Ohio, 488 US 75, 81, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988) quoting Anders, 386 US at 744). Thus counsel White rendered constitutionally deficient representation within the meaning of Strickland[1]/Cronic[2]. See also Davis v. Kramer, 167 F. 3d 494, 498 (9th Cir. 1999).

[Applying AEDPA to an identical challenges under Strickland and Anders and determining that the Supreme Court in Anders clearly established that appellate counsel must raise arguable issues in an Anders brief.]

Although trial counsels ineffective assistance presented a legitimate, specific, and compelling issues were identified throughout the trial records and petitioner Lay's Opposition to the Anders Brief filed on the 6th day of March 2017, in the First Circuit Court of Appeal under #2015-KA-0086.

[1] Strickland v. Washington, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)
[2] United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047, 80 L. Ed. 2d 657 (1984)

With documents in support[3]... appellate counsel White deliberately elected to ignore the requirements of Anders, he completely deprived Lay of the right to counsel on Appeal thus violating Lay's 5th and 6th Amendment rights.

Petitioner Lay does not have to prove any prejudice because the failure of counsel White to raise arguable issues in the appellate creates a presumption of prejudice. See Penson, 486 US at 86, Davis, 167 F. 3d at 499. As the Supreme Court explained in Penson, when appellate counsel's only action is to file a motion to withdraw that raises no arguably appellate issues, a petitioner is "completely without representation during the appellate court's actual decisional process. 488 US at 88. Merely filing a no-merit brief similarly leaves a petitioner without representation on appeal.

This situation differs radically from the case "in which counsels fail to press a particular argument." Id. Thus, when counsel fails to raise any arguable issues in the appellate brief, it is "inappropriate to apply either the prejudice requirement of Strickland or the harmless error analysis of Chapman, Id. at 88-89. See also Lofton v. Whitley, 905 F. 2d 885, 887-88 (5th Cir. 1990) (presuming prejudice when counsel failed both to raise arguable issues in the appellate brief and ask for leave to withdraw).

The legal assistance provided in this case by appellate counsel White did not comport with the representation of indigent defendants contemplated by the Supreme Court in Anders, Penson, Strickland, Cronic, and Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).

[3] See Smith v. Murray, 477 US 527, 536, 106 S. Ct. 2661 (1986).

**CLAIM 2**

**2.** On the _____ day of January 2016, petitioner Lay caused to be filed his 1st Application for Post-Conviction Relief which the trial Court erroneously denied relief on Marcy 29, 2016, by falsely alleging these claims were repetitive per curiam of the Louisiana Supreme Court; In Re Lay v. State, #14-KH-2549. This judgment was vacated August 12, 2016, in part and denied in part by informing the District Attorney that he need not file an answer clearly contrary to La. C.Cr.P. Art. 927 on the 1st day of May 2017, the First Circuit Court of Appeal ordered the trial court in Writ No. 2017-KW-0207 to rule on the merits of relator's application filed on or about February 3, 2016 by judgment dated May 1, 2017, no ruling has issue with service upon Petitioner Lay.

**CLAIM 3**

**3.** The use of State v. Lay, #383759-F in the Bill of Information to enhance a simple battery on a correctional officer from a misdemeanor per La. R.S. 14:35.A(1) to a felony per La. R.S. 14:35.B(2) then again in the multiple bill of information clearly violated my due process / equal protection and double jeopardy rights under Spencer v. Texas, 383 US 554 at 556, 87 S. Ct. 648 at 649-50, 17 L. Ed. 2d 606 (1967); State v. Baker, 970 So. 2d 948 (La. 2007); and State v. Skipper, 906 So. 2d 399 (La. 2005).

**4.** Trial and Appellate Counsels were ineffective by not challenging the State's use of State v. Lay, #383759-F for enhancement purposes under La. R.S. 14:35.B(2) and under La. R.S. 15:529.1 by written or oral objections per se that the trial court erred by allowing the State of Louisiana to constructively amend the Bill of Information to charge a different offense (La. R.S. 40:979) and evidence [imitation cocaine] after trial had started through testimony of its witnesses without objections by counsel Spell despite denying my pro se Motion to Quash based on

variance on January 19, 2007 lessening the State's burden to prove the substance I possessed was actually cocaine as charged in the Bill of Information as read to the jury.

**5.** Defense counsel Spell was ineffective for failing to object to the State's witnesses testimony that the substance I possessed was not cocaine but was an imitation cocaine and move for a mistrial and/or new trial under Strickland v. Washington, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

**LAW AND ARGUMENT 2 / 3**

La. C.Cr.P. Art. 487 provides that the court may order an indictment amended before trial begins. If the indictment is amended after trial begins, "a mistrial shall be ordered." The Fourth Circuit Court of Appeal adopted this principle in State v. Wheeler, 665 So. 2d 2186 (12/14/95). There, the court found that the trial court committed reversible error by allowing the State to amend an indictment against the defendant to charge her with a different violation during the trial.

The Wheeler court was following the Supreme Court precedent set in State v. Johnson, 637 So. 2d 1033 (6/04/94). The court held that the State may not substantively amend a Bill of Information to charge a new offense once trial has begun. In Johnson, at trial the evidence revealed the appellant possessed both cocaine and imitation cocaine, or "bunk." The original charges against the appellant were for possession of cocaine with the intent to distribute. In his instructions to the jury, the trial court instructed them that they could return a guilty verdict if they found that the appellant had violated the relevant statute on possession of a counterfeit controlled substance. The Supreme Court ordered the conviction overturned.

The Court in Johnson explained that the Louisiana Constitution:

> ...In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." This requirement protects the accused's right to prepare a defense and exercise fully his rights of confrontation and cross-examination. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. State v. Johnson, 647 So. 2d 1033 at 1034-35 (internal quotations and citations omitted).

Here the minutes reflect that on January 19, 2007, the trial court denied all pro se Motion to Quash based on "variance" in the evidence alleged in the Bill of Information (cocaine) and discovery (imitation cocaine). There was never any amendment of the Bill of Information prior to trial and the jury was charged that broadened the possible basis for a conviction by adding a new and separate crime not contained in the Bill of Information to consider only since no instruction was given concerning the attempt, possession of cocaine to which defendant Lay objected.

(a) The State of Louisiana through the District Attorney of the Parish of St. Tammany / Washington deprived petitioner Lay of Due Process / Equal Protection whereas the District Attorney invoked La. R.S. 15:529.1 against petitioner Lay but not his white co-defendant, James Hall, whom was homeless and had a violent criminal history yet placed him in drug court but not petitioner Lay who is also a drug addict with a non-violent criminal history.

(b) Reduced the Multiple Bill of Information on Melissa Harris, a white female who stole money from Pearl River Church at the church's request. She was eligible for automatic life to a third offender and given a 10-year sentence per District Attorney stating 10 years would be enough time.

**LAW AND ARGUMENT 4**

The equal protection component of the Due Process Clause of the Fourth Amendment mandates the decision to prosecute a particular criminal case may not be based upon an unjustifiable factor such as race, religion or another arbitrary classification. See United States v. Armstrong, 517 US 456, 134 L. Ed. 2d 687, 116 S. Ct. 1480, 1486 (1996).

A prosecution also cannot be motivated by a suspect's exercise of constitutional rights through participation in political activity. See United States v. Barrios, 501 F. 2d 1207, 1211 (2nd Cir. 1974). However, absent a substantial showing to the contrary, governmental actions as the decision to prosecute are presumed to be motivated solely by proper considerations. See Armstrong, 116 S. Ct. at 1486; United States v. Mezzanato, 513 US 196, 210, 130 L. Ed. 697, 115 S. Ct. 797 (1995).

A criminal defendant bears a heavy burden in proving that he has been selected for prosecution in contravention to his counsel rights. A defendant "must demonstrate that the Federal (State) prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Armstrong, 116 S. Ct. 1487 (internal quotation marks and citations omitted). The Court has held, in a case concerning allegations of racially biased prosecution, that a defendant must establish "both (1) that similarly situated individuals of a different race were not prosecuted, and (2) that the decision to prosecute was invidious or in bad faith." United States v. Olvis, 97 F. 3d 739, 743 (4th Cir. 1996).

The courts have also held that similar standards apply when a defendant seeks discovery in support of a selective prosecution claim. Before a defendant can obtain discovery from the discovery (State) on this issue, he or she "must produce some evidence" making a credible

showing of both discriminatory effect and discriminatory intent. Olvis, 97 F. 3d 743 (quoting Armstrong, 116 S. Ct. at 1488-89). See also Wayte v. United States, 470 US 598, 84 L. Ed. 2d 547, 105 S. Ct. 1524 (1985).

In the present case, petitioner Lay's evidence in support his selective prosecution under La. R.S. 15:529.1 is based upon race, sex, and religion to which Assistant District Attorney Matthew Caplan supplied to defendant Tracy McMooain 534869 on this courts docket in response to his PCR remanded to this court by the First Circuit Court of Appeal #2017-KW-0197:

(a) Melissa Harris was charged with having twenty-four prior felonies by Multiple Bill of Information filed on January 26, 2012 under docket number 510054 which was nolle prosse to having two on behalf of St. Peter and Paul Church located in Pearl River, Louisiana for leniency. The District Attorney stated a 10 year sentence was enough despite eligibility for automatic life.

(b) David Hall, my white co-defendant, who was homeless with violent criminal history in Florida / California was determined to be eligible for drug court on January 27, 2005, but petitioner Lay was deemed not eligible despite his addiction to drugs, lived in Slidell, Louisiana since 1971 where his family resides; mentally and physical disability and has a non-violent criminal history.

(c) Eddie Scott Jr., along with his two co-defendants, came to St. Tammany Parish went on shoplifting spree but was caught and it was determined this was his 84th arrest since 1956 was allowed to plea guilty to three (3) counts of shoplifting, given two (2) years in prison despite being his 8th felony conviction. He was also placed in drug court per Assistant District Attorney Matthew Caplan's response to Tracy

    McMooain's PCR, but petitioner Lay was not worthy of drug court despite his addiction and having no victim like Scott, Harris, and Hall.

(d) On the 3rd day of August 2016, I assisted Dennis Johnson, Jr., draft a PCR which raised numerous claims including but not limited to racial discrimination in the use of the multiple bill (La. R.S. 15:529.1) based upon race, sex, and religion.

The trial court summarily denied under La. C.Cr.P. Art. 928 without service and an answer by the State on January 1, 2017, the First Circuit Court of Appeal issued an Interim Order to Warren Montgomery, District Attorney to filed a response to petitioner Johnson's ineffective assistance of counsel claims and his facial discrimination in the use of the multiple bill. The State's response failed to address any of counsel claims and merely stated the District Attorney Office does not discriminate in the use of the multiple bill. The First Circuit Court of Appeal granted the writ and remanded for a hearing under Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) and/or LaFler v. Cooper, 566 US 156 (2012). As to ineffective counsel during plea bargaining, the State has sought writs to the Louisiana Supreme Court under docket number 2017-KH-888 and/or 2017-KP-0514.

The ACLU and many faith-based churches and organizations throughout St. Tammany / Washington Parishes, have had many talks with Walter Reed and, in particular, Scott Gardner, known by all black Americans as the multiple bill man for over 30 years on deaf ears to no avail as they handed out 30-plus years for addicts for less than 28 grams of cocaine and 20 years for petitioner Lay for attempted possession of facsimile rocks despite being actually charged with attempted possession of actual cocaine in the reversed sting operation on Bruce Whitehead mother's property on Laurant Road without her written or oral consent. On direct appeal, the First Circuit Court of Appeal, in State v. Lay, 2007-KA-2155 (La. App. 1st Cir. 06/06/08): (1)

the record does not show I had a co-defendant when the Bill of Information, which is part of the records, clearly lists David Hall as such; and (2) I did not raise the specific challenges as to the defective bill of information in the trial court based upon variance which was denied on January 19, 2007. Warren Montgomery said he does not plan to use to multiple bill on non-violent offenders and/or drug addicts. (emphasis added)

**6.** The District Attorney was without jurisdiction to impose any sentence in this case in light of petitioner Lay's outstanding motions for new trial; post-verdict of acquittal; and arrest of judgment despite Judge Ad Hoc Elaine Guillet's order which exceeded her authority under La. C.Cr.P. Arts. 674 and 675 to determine whether petitioner Lay's motion to recuse Judge Martin Coady had merits, thus violating my due process / equal protection rights per State v. Melon, 660 So. 2d 466 (La. 1995). See also State v. Augustine, 550 So. 2d 1331, 1334 (La. 1990), superseded in part as stated in State v. Martin, 643 So. 2d 830 (La. App. 4th Cir. 1994).

**CLAIM 6**

**1.** On November 30, 2011, defendant Lay was found guilty of violating La. R.S. 14:34.5.

**2.** On the 15th day of December, 2011 the State of Louisiana through Assistant District Attorney Leigh Ann Walls filed Multiple Bill of Information seeking a sentence under La. R.S. 15:529.1 listing the following predicate offenses:

a. #383759-F—convicted for violating La. R.S. 40:979 and 40:967 on March 30, 2007.

b. **#215530**—convicted for violating La. R.S. 40:981.3.

c. **#197086**— convicted for violating La. R.S. 14:69 relative to possession of stolen property, date of offense February 25, 1991. She alleged conviction twice.

d. **#130364**— convicted for violating La. R.S. 14:72 relative to forgery, date of offense November 7, 1984.

e. **#130364**— convicted for violating La. R.S. 14:72 relative to theft, date of offense February 25, 1985.

**3.** The State cannot use #383759-F since it was the conviction I was under the jurisdiction of the Department of Corrections when this alleged battery on a correctional officer was committed.[4]

**4.** The State cannot use #197086 for the following reasons:

**a.** La. R.S. 15:529.1.B. prohibits the use of multiple convictions obtained on the same day prior to October 19, 2004.

**b.** Petitioner Lay was never charged nor convicted for violating La. R.S. 14:69 relative to possession of stolen property, date of offense February 25, 1991.[5]

**c.** The State cannot use #130364 for the following reasons:

i. La. R.S. 15:529.1.B prohibits the use of multiple convictions obtained on the same day prior to October 19, 2004.

**5.** Petitioner Lay cannot be multiple billed under La. R.S. 15:529.1 since more than five (5) years has elapsed between #383759-F and #215530 in order to use #215530; #197086; and 130364.[6]

Wherefore petitioner Lay prays this court issue a Writ of Habeas Corpus finding:

**1.** Appellate Counsel's brief does not comply with Anders/Lofton;

**2.** The State courts erred in failing to recognize the constitutional claims brought forth in the Opposition to the Anders Brief seeking Appointment of Counsel on direct appeal; and

**3.** Recuse Judge Ad Hoc

---

[4] State v. Baker, 970 So. 2d 948 (La. 2007); and La. R.S. 14:35.1

[5] State v. Lay, 637 So. 2d 801 (La. App. 1st Cir. 1994).

[6] See La. R.S. 15:529.1.C(1); La. R.S. 15:308.A(1)(2) and B; State ex rel. Esteen v. State, No. 16-0949, (La. 01/30/18), ____ So. 3d ___, 2018 La. LEXIS 186; State v. Anderson, 2018 La. LEXIS 352, No. 2017-KO-0671 (02/02/18).

Respectfully submitted this 20th day of December, 2022, under the penalty of perjury and good faith.

**Richard Lay 110315**
RLCC Cajun 2 A1
1630 Prison Road
Cottonport, LA 71327

**Cc:**

**Matthew Caplan**
Assistant District Attorney
701 N. Columbia St.
**Covington, LA 70434**

Richard B. Lay 110315
EHCC- Fox 2 B
P.O. Box 174
St. Gabriel, LA 70776

Clerk of Court
USDC- ED - La.
500 Poydras ~~St.~~ Rm C151
New Orleans, LA 70130



PRISON MAIL
NOT CENSORED. NOT RESPONSIBLE
FOR CONTENTS. [illegible] CORRECTIONAL CENTER
[illegible]