U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED     Mar 13 2023

CAROL L. MICHEL
CLERK

AJ                    Mail

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD B. LAY                                    CIVIL ACTION:

VERSUS

MARCUS MYERS                                      19-9803-R(2)

REQUEST LEAVE TO AMEND COMPLAINT

**NOW INTO THE COURT** comes petitioner Richard B. Lay who moves for "Request Leave to Amend Complaint" in the interest of justice pursuant to Rule 15, of the Federal Rule of Civil Procedure. I State to wit;

1.  Petitioner has challenged Article 1, Section 17 of the LA. Constitution 1974 and Article 782 of the Louisiana Criminal Code of Procedure in violation of the United States Constitution Amendment Fourteenth--"Equal Protection Clause" for the reasons stated by majority in Ramos v. Louisiana, 590 US___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 [2020]; And

2.  The use of the 10-2 Verdict of State v. Lay #215530-C-22nd Judicial District Court-Parish of St. Tammany for impeachment and sentencing purposes in State v. Lay #383759-F 22nd Judicial District Court District Court-Parish of St. Tammany and State v. Lay 11-CR5-11203-22nd Judicial District Court Parish of Washington violates the Due Process/Equal Protection Clauses of both the United States and the State of Louisiana Constitution in light of the fact the use of the 10-2 verdict in State of Louisiana v. Lay #215530-C was obtain pursuant to Louisiana Laws that violates the "Equal Protection Clause."

Petitioner Lay has served over 4 years the maximum penalty of both sentences under #11-CR5-112033 and #383759-F without the use of State v. Lay #215530-C for sentencing entitles his immediate release.

TENDERED FOR FILING

MAR 13 2023

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1

3. Petitioner Lay has challenged his conviction #215530-C [10-2 verdict] and its use under #11-CR5-112033 and #383759-F ~~its use under #11-CR5-112033 and #383759-F~~ over six times to all Louisiana Courts and has never had a petition served on the District Attorney as mandated by La.C.Cr.P. Art. 927 or a evidentiary hearing with counsel as indigent in violation of the "Equal Protection Clause."

1. On May 19, 2008 the trial court in State v. Bertrand and State v. Chertien held Article 782 unconstitutional under the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution citing State v. Wilkins, No: 2008-KA-0887. The Louisiana Supreme Court reversed for further finding ~~relying~~ Relying on Apodaca[1], See State v. Bertrand, 6 So. 3D 738 [LA. 2009] [cases cited]. As in Ramos, the Bertrand Court held: as neither defendant specified brief, or argued that the statue violated the Constitution's guarantee of equal protection under law, any reliance by the trial court in its ruling on such grounds was based on constitutional grounds not properly raised, and therefore, improper.

Petitioner Lay has properly raised his equal protection clause challenges to Article 782 and Article 1, Section 17 of the Louisiana Constitution in State v. Lay #215530-C [10-2 verdict] and its use for impeachment and sentencing under LA. R.S. 15:529.1 in #11-CR5-112033 and #383759-F in all Louisiana's Courts without a hearing with counsel as indigent at least six times to each court which all Court's just wrote denied without any reasons contrary to State v. Riddick, ___So.3d _____, 2022 WL 12338521 2021-01893 [La 10/1/22 held a evidentiary hearing was required for further facts as to the "Equal Protection Clauses" claims contrary to Ramos which already found Article 782 to violate the "Equal Protection Clause" which is subjected to federal and State of Louisiana principle of collateral estoppel, Judicial estoppel and res Jidicatar.

There is no justifiable reason to delay ruling on petitioner "Equal Protection Clause" claims rightfully before this Court in the interest of justice.

---

1  See State v. Jones, 381 So 2d 416 [LA 1980]; State v. Simmons, 414 So. 2D 705 [LA 1982]; And State v. Edwards, 420 So. 2d 663 [LA 1983]

2

4.        The failure of Appellate Counsel to raise these viable claims which the basis to do so existed is ineffective assistance on "Direct Appeal" since its non- frivolous.

Wherefore I pray relief to issue.

Respectfully submitted this 6th day of ~~December, 2022~~ March 2023 under the penalty of perjury and good-faith.

_____
**Richard B. Lay #113015**
RLCC-C2 C2 #45
1630 Prison Road
Cottonport Louisiana 71327

Cc
Warren Montgomery
District Attorney
701 N. Columbia, LA 70433

Jerome Winsberg
Judge Ad Hoc
5031 Street Charles Ave.
New Orleans LA 70115

Just rec'd today. Inmate counsel in Cottonport had to locate and type and send to a family member to send to me in light of Rule 30M of the Adult Prisoner Disciplinary Rules & Procedure

3

Richard B. Loy
Doc # 110315
Etter - Fox 2B
PO Box 174
St Gabriel LA
70776

Clerk of Court
USDC - ED - LA.
500 Poydras St., Rm C-151
New Orleans, LA, 70130

PRISON MAIL
NOT CENSORED. NOT RESPONSIBLE
FOR CONTENTS.
ELAYN HUNT CORRECTIONAL CENTER