# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

**VS.**

No.2021-KH-00517

**RICHARD B. LAY**

------

IN RE: Richard B. Lay - Applicant Defendant; Applying For Supervisory Writ, Parish of St. Tammany, 22nd Judicial District Court Number(s) 383759, Court of Appeal, First Circuit, Number(s) 2021 KW 0087;

------

**June 08, 2021**

Writ application denied.

        SJC
        JDH
        JTG
        WJC
        JBM
        PDG

Weimer, C. J., recused.

Supreme Court of Louisiana
June 08, 2021

*[signature]*
Second Deputy Clerk of Court
For the Court

| | |
|---|---|
| State ex rel Richard B. Lay | No. 2021-KH-00517 |
| Versus | La. Supreme Court |
| 1ST Circuit Court of Appeal | State of Louisiana |
| 2021-KW-0087 | |

_____      _____
Date Filed                                              Deputy Clerk:

## AMENDED PETITION FOR REVIEW

**NOW INTO COURT** comes petitioner Richard B. Lay who moves this Court to review the correctness of the lower courts denial of relief.

### JURISDICTION

Jurisdiction of this court is invoked pursuant to Article 5, section 2 and 5 of the Louisiana Constitution 1974; LSA-C.Cr.P. art. 881.5 and 930.8A(1). See also Becnel v. Blackburn, 410 So. 2d 1012 [La. 1982]; and State v. Smith, 700 So. 2d 493 [La. 1997][case cited].

### STATEMENT OF FACTS

1. The State of Louisiana named and used State of Louisiana v. Lay #215530; #197086; and #1301364, 131/364, 131/275- for sentencing purposes under LSA-R.S. 15:529.1.

2. On April 20, 2020 the United States Supreme Court ~~ruled~~ in Ramos v. Louisiana, 590 US ___140 s. CT. 1390, 2020 US Lexis 2407 held: "Ramos felony conviction by a non- unanimous jury is unconstitutional because the Sixth Amendments protection against non-unanimous felony guilty verdicts applies against the States through Due Process Clause of the Fourteenth Amendment"

In the concurring opinion by Justice(s) Soto Mayor, Kavanaugh and Thomas it was said...

The majority vividly describes the legacy of racism that generated Louisiana's and Oregon's laws. *Ante*, at 1-2, 13-14, and n. 44. Although Ramos does not bring an equal protection challenge, the history is worthy of this Court's attention. That is not simply because that legacy existed in the first place-unfortunately, many laws and policies in this country have had some history of racial animus-but also because the States' legislatures never truly grappled with the laws' sordid history in reenacting them. See generally United States v. Fordice, 505 U. S. 717, 729, 112 S. Ct. 2727, 120 L. Ed. 2d 575 (1992) [policies that are ``traceable" to a State's *de jure* racial segregation and that still ``have discriminatory effects" offend the Equal Protection Clause]. Where a law otherwise is untethered to racial bias-and perhaps also where a legislature actually confronts a law's tawdry past in reenacting it-the new law may well be free of discriminatory taint. That cannot be said of the laws at issue here[1]. While the dissent points to the ``legitimate" reasons for Louisiana's reenactment, *post*, at 3-4, Louisiana's perhaps only effort to contend with the law's discriminatory purpose and effects came recently, when the law was repealed altogether.

---
[1] Article 1, Section 17, of the La. Constitutional. 1974; and 782 A, of LSA-C.r. P.

1

Today, Louisiana's and Oregon's laws are fully-and rightly-relegated to the dustbin of history. And so, too, is *Apodaca*. While overruling precedent must be rare, this Court should not shy away from correcting its errors where the right to avoid imprisonment pursuant to unconstitutional procedures hangs in the balance.

3. Petitioner Lay based his "Equal Protection" challenges to Article 1, Section 17 of the La. Const. 1974; and Article 782A, of LSA-C Cr. P. in which State v. Lay #215530 is per se and for interruption of 10-year prescription period² to allow usage of State of Louisiana v. Lay #197086; #130, 364, and #131/275 which was not known to him or his counsel and did not become known to him until Rams v. Louisiana:

Article 1, Section 17 of the Louisiana Constitution 1974; Article 782(A) of the Louisiana Code of Criminal Procedure violates defendant Lay's right to a unanimous jury verdict under both the USCA Amendment 14; and Article 1, Section 2 and 3 of the Louisiana Constitution of 1974 in light of the fact they were adopted for the sole purpose to deprive African Americans of the equal protection of rights guaranteed by the United States Constitution in order to protect the purity of the ballot and to perpetuate the Supremacy of the Anglo-Saxon race in Louisiana. Defendant Lay is an African-American citizen.

"Generally, the guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated." *State v. Petrovich*, 396 So.2d 1318, 1322 (La. 1981). The legislature has great latitude in making laws and in creating classifications under those laws, so long as those classifications can withstand constitutional muster. *See id. See also Burmaster v. Gravity Drainage Dist. No. 2 of the Parish of St. Charles*, 366 So.2d 1381, 1388 (La. 1978). La. Const. art. I, 3 provides:

No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.

In *Sibley*, this court set forth the analysis required by La. Const. art. I, 3 in the face of a legislative classification:

Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the

---

² See Senate Bill of Information #221 amending La. R.S. 15:529.1 effective November 1, 2017 reducing the cleansing period from 10 to 5-years for non-violent offense is applicable upon resentencing.

basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest. *Sibley* at 1107. Under the first level of scrutiny enumerated in *Sibley*, the law creating the classification completely falls. See *Moore v. RLCC Technologies, Inc.* p. 9, 668 So.2d at 1140. Under the second level of scrutiny, the law creating the classification [Pg 7] is prima facie proof of a denial of equal protection and the proponent of the law carries the burden of proving that the classification substantially furthers an important government interest. *See id.* p. 9-10, 668 So.2d at 1140-1141. Under the third level of scrutiny, the law creating the classification is presumed to be constitutional and the party challenging the constitutionality of the law has the burden of proving it unconstitutional by showing the classification does not suitably further any appropriate state interest. *See id.* p. 11, 668 So.2d 1141. *See also Soloco, supra; Med Exp. Ambulance Service, Inc. v. Evangeline Parish Police Jury*, 96-0543 (La. 11/25/96), 684 So.2d 359; *Manuel v. State*, 95-2189 (La. 7/2/96), 677 So.2d 116.

The Louisiana provisions authorizing non-unanimous jury verdicts were introduced into our law by the Constitutional Convention of 1898 for the purpose of discrimination against African-Americans; the provision(s) had, and continue to have, the desired discriminatory effect. On the 6th day of November, 2018, the Louisiana's Legislature caused Article 1, Section 17 of the Louisiana Constitution and Article 782. (A) of the Louisiana code of Criminal Procedure to be Amended to require unanimity verdicts on or after effective date.

Wherefore Petitioner Lay prays the following relief to issue:

1. Hold both Article 1, Section 17 of the La. Constitutional. 1974 and Article 782 A of the La. C.Cr.P. unconstitutional under Article 1, Section 3, of the La. Const 1974; and USCA Amendment 14 [Equal Protection Clause] and enjoin the State's use of State of Louisiana v. Lay #215530 obtain pursuant to said unconstitutional statues for sentencing purposes under the same rationale of Gideon v. Wainwright, 372 US 355 [1963] and

2. Resentence petitioner Lay without the usuage of State of Louisiana v. Lay #215530 per se; and #197086 v. #130/364, 131/275 in accordance with law.

Respectfully submitted this 29th day of April, 2021 under the penalty of perjury and good-faith

_____
Richard B. Lay # 110315
Raymond LaBorde Correctional Center
Cajun 2 C2
1630 Prison Road
Cottonport, La. 71327

4

PLEASE SERVE:

1. Warren Montgomery
   District Attorney
   701 N. Columbia St.
   Covington LA 70433

2. Brian Messinger
   Attorney at Law
   434 N. Columbia St
   Covington LA 70433

3. Richard B. Lay #110315
   Raymond LaBorde Correctional Center
   Cajun 2 C2
   1630 Prison Road
   Cottonport, La. 71327

4. Marcus Myers-Warden
   Raymond LaBorde Correctional Center
   1630 Prison Road
   Cottonport, La. 71327

5. Jeff Landry- Attorney General
   State of Louisiana
   1885 N. 3rd Street
   Baton Rouge, La. 70802

6. District Defender's Office
   St. Tammany/Washington Parish
   402 N. Jefferson Ave.
   Covington LA 70433

7. Jerome Winberg-Judge Ad Hoc
   5031 St. Charles Ave.
   New Orleans LA 70115

State of Louisiana                                            No. 383759-F
Versus                                                        22nd Judicial District Court
Richard B. Lay                                                Parish of St. Tammany

## MOTION TO CONSIDER ALL CLAIMS BEFORE THE COURT

**NOW INTO COURT** comes defendant Richard B. Lay who moves this court to rule upon all claims presented rightfully before this court under his court's original Jurisdiction-Article 5, Section 16(A) of this LA. Const. 1974 as invoked by petitioner Lay since.

1. Edwards v. Vannoy does not control whether Ramos is retroactive under Louisiana Law.

2. Ramos did not rule that Article 17, of the LA. Constitutional. 1974 and Article 782(A) of the LA.C.Cr.P. violates the Equal Protection Clauses of both the United States and the State of Louisiana Constitution which will entitle vacation of both conviction and sentence now.

May 22, 2021

**Richard B. Lay #110315**
Raymond LaBorde Correctional Center
Cajun 2 C2
1630 Prison Road
Cottonport, La. 71327

Cc

1. W. Montgomery
   District Attorney
2. J. Landry- Attorney General