UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY                                                                CIVIL ACTION

VERSUS                                                                         NO. 19-9803

S.W. MCCAIN, ET AL.                                                    SECTION "R" (2)


## ORDER AND REASONS

Richard Lay's petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to Magistrate Judge Joseph C. Wilkinson, Jr. for a Report and Recommendation ("R&R"). Magistrate Judge Wilkinson subsequently recommended dismissal of the petition as procedurally barred and otherwise meritless.[1] Lay filed numerous objections to Magistrate Judge Wilkinson's R&R.[2] Subsequently, the Court referred the matter to Magistrate Judge Donna Phillips Currault for a supplemental R&R addressing Lay's claim under *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). Magistrate Judge Currault recommended dismissal of Lay's *Ramos* claim in a subsequent R&R.[3] Lay then filed multiple objections to the supplemental R&R.[4]

The Court has reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judges' Reports and Recommendations, and the

---

[1]   R. Doc. 33.
[2]   R. Doc. 36, 37 & 42.
[3]   R. Doc. 50.
[4]   R. Doc. 51 & 54.

petitioner's objections. The Magistrate Judges correctly determined that petitioner's claims are meritless. Petitioner's numerous objections all either: (1) mirror the underlying claims in the petition,[5] (2) rehash arguments made before the Magistrate Judges,[6] (3) improperly raise new issues not presented to the Magistrate Judges, or (4) otherwise lack merit due to their conclusory nature, failure to address the Magistrate Judges' relevant recommendations,[7] or misstatement of the applicable law.[8]  Petitioner's

---

[5] For example, Lay reiterates yet again that the bill of information was orally amended contrary to Louisiana law. R. Doc. 36 at 1-4. But he fails to meaningfully explain why Magistrate Judge's Wilkinson's finding—that a handwritten amendment to the bill of information occurred in open court, in the presence of Lay and his counsel—is incorrect. R. Doc. 33 at 57-58.

[6] For example, Lay's argument that the state improperly used his prior conviction against him for sentencing enhancement purposes (R. Doc. 37 at 3-4) was asserted previously and was adequately addressed by Magistrate Judge Wilkinson. *See* R. Doc. 33 at 40-45.

[7] For example, Lay contends that Magistrate Judge Wilkinson did not consider his potential appellate claims set forth in his opposition to the state-court *Anders* brief. R. Doc. 36 at 17. But the Magistrate Judge clearly addressed each of Lay's potential appellate claims and explained why they lacked merit in the R&R. *See* R. Doc. 33 at 47-70.

[8] For example, petitioner fails to recognize and apply the correct standard for his ineffective assistance of appellate counsel claim. *See Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001) (to demonstrate prejudice, the petitioner has to show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal). Lay offers no evidence or persuasive argument that any of his potential appellate claims had merit, and for the reasons set forth in Judge Wilkinson's R&R, the Court finds that all of Lay's arguments concerning his appellate counsel fail.

objections are overruled and his petition is dismissed for the reasons given in the Magistrate Judges' well-reasoned Reports and Recommendations. *Cf. Mendez v. Dir.*, No. 19-320, 2022 WL 1511318, at *1 (E.D. Tex. May 12, 2022) ("But objections that simply rehash or mirror the underlying claims addressed in the Report are not entitled to de novo review." (collecting cases)); *Scott v. Vannoy*, No. 16-15049, 2018 WL 582389, at *1 (E.D. La. Jan. 29, 2018) (overruling objections for the reasons stated in the R&R when the plaintiff simply rehashed arguments made before the Magistrate Judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) ("Frivolous, conclusive or general objections need not be considered by the district court."); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (stating there is no requirement that the district court reiterate the findings of the Magistrate Judge). The Court adopts the Magistrate Judges' Reports and Recommendation as its opinion.

Lastly, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only

if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. MacDaniel*, 529 U.S. 473, 475 (2000)).

For the reasons stated in the Reports and Recommendations, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, IT IS ORDERED that the petition is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___9th___ day of June, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE