U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Jun 12 2023

CAROL L. MICHEL
CLERK

AJ            Mail

United States District Court
Eastern District of LA

Richard Lay              Civil Action

Versus

Donnie Bordelon          19-9803
Warden

Motion For Leave

Now into the court comes petitioner Richard Lay who request leave to file the enclosed Documents as to his repeated attempts to exhaust of his equal protection clause claim as to the 10-2 verdict and ineffective counsel as not filing a merit brief and 1st circuit refusal to appoint counsel despite proof of arguable merits of claim in opposition to counsel No Merit Brief

6/06/23

Richard Lay
110315
EHCC - Fox 2D
P.O. Box 174
St. Gabriel, La
70776

TENDERED FOR FILING

JUN 1 2 2023

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

TO: Committee on Parole
P.O. Box 94304
Baton Rouge, LA 70804-9304

In re: Request For Rehearing

Dear Sir/Madame

I "Request A Parole Rehearing" Pursuant to LAC Title 22, Part XI; LA. R.S. 15: 574.2, § 705 Since my Offense is A Non-violent And I have no major violation in 6 months.

April 18 2023

Richard B. Lay 110315
EHCC - Fox 2 B
P.O. Box 174
St. Gabriel, LA 70776

CC

file

*Exhibit 4*



| JOHN BEL EDWARDS<br>Governor | | JAMES M LE BLANC<br>Secretary |

## State of Louisiana
### Board of Pardons and Parole

06/01/2022

Lay, Richard
DOC #110315
Raymond Laborde Correctional Center
1630 Prison Rd.
Cottonport LA 71327

Dear Lay, Richard :

This letter serves as an Official notice that you have been removed from your Parole Hearing, scheduled for 06/07/2022, due to the disciplinary action you received on 5-15-22. You were found guilty of this disciplinary infraction on 5-17-22. If you have any further question, please contact the classification department of the institution you are housed in.

LAC Title 22, Part XI; La. R.S. 15:574.2

**§705. Application for Parole Rehearing or Request for Reconsideration of Decision:**

III.RECONSIDERATION

  5) If the Offender has one or more Schedule B Disciplinary Report(s) in the twelve months prior to their parole eligibility date, they will generally not be considered as a goodrisk for early release and will, therefore, not be given parole consideration until such time as the offender has been disciplinary report free for twelve consecutive months. Offenders may be removed from a parole docket if they receive a Schedule B Disciplinary Report during the investigation period. The offender will be notified if they are not considered for placement on or removed from a docket.

  a. The offender may request reconsideration of this decision in writing in accordance with the process outlined in this policy. Such request must include anymitigating factors that the offender wishes be considered during the review process.

  b. The offender is responsible for notifying the Board in writing when they are disciplinary report free for twelve consecutive months to be reconsidered forscheduling.

I.REHEARING

  C.Application for a parole rehearing will be allowed only under the following conditions.

  1.The offender must not have had a major (Schedule B) disciplinary misconduct report in the six months prior to the reapplication request;

  2.The offender must not have been in disciplinary lockdown status for a period of six months prior to the reapplication request.

  3.If both criteria in B and C above are met, an offender may apply to the board for a rehearing at the following intervals:

| Type of Crime | Initial Request for Rehearing | Subsequent request for Rehearing[1] |
|---|---|---|
| Nonviolent, except as otherwise restricted | 6 mos after original date of denial | 6 mos after date of initial reapplication |
| Crime of Violence enumerated in R.S. 14:2(B) | 1 yr after original date of denial | Every 2 yrs after date of initial reapplication |
| Crime Against Person enumerated in R.S. 14:29-47 | 1 yr after original date of denial | Every 2 yrs after date of initial reapplication |
| Sex Offense as defined in La. Revised Statutes | 2 yrs after original date of denial | Every 2 yrs after date of initial reapplication |
| Murder, 1st or 2nd degree | 2 yrs after original date of denial | Every 2 yrs after date of initial reapplication |
| Manslaughter | 2 yrs after original date of denial | Every 2 yrs after date of initial reapplication |

[1]Subsequent request for Rehearing may be submitted if initial request for rehearing was denied.

FROM THE COMMITTEE ON PAROLE:

Post Office Box 94304 • Baton Rouge, Louisiana 70804-9304 • (225) 342-6740 • Fax (225) 342-3095
www.doc.la.gov
An Equal Opportunity Employer

*5.*

*Exhibit 1*

IN THE
22ND JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA               DOCKET NO. 11-CR-5-112033

VERSUS                      FILED: _____

RICHARD LAY                 _____
                                 CLERK OF COURT

### MOTION TO VACATE AND SET ASIDE JUDGMENT

NOW INTO COURT comes the defendant Richard Lay who moves this court to vacate and set aside the March 29, 2016 judgment denying post conviction relief erroneously as repetitive, received on May 11, 2016. I state to wit:

1.    This Application is not repetitive as this Court is quite aware of this being my 1st Application since the 1st Circuit Court of Appeal affirmed my conviction and sentence on the 21st day of September, 2015, under docket number: 2015-KA-0086. Additionally, the per curiam by the Louisiana Supreme Court has nothing to do with this conviction but #383759-F in St. Tammany Parish.

WHEREFORE defendant Lay prays this Court vacate and set aside the denial of post conviction relief and serve the same upon the District Attorney as mandated by La. C.Cr.P. Art. 927 for an answer.

Respectfully submitted this 13th day of May, 2016, under the penalty of perjury and in good faith.

Richard Lay #103175
WNC Elm C-25
P.O. Box 1435
Winnfield, LA  71483

cc:    Warren Montgomery
       District Attorney

Granted in part, and denied in part, The judgment of march 29, 2016, is set asides however the the District Attorney is not served but need not file an answer.

Jerome M. Winsberg
august 13, 16

A True Copy of Original
This_____9-7-16_____
_____XPrice_____
Dy. Clerk of Court

1.

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD LAY

DOCKET NO. 11-CRS-112033

FILED: _____

_____
CLERK OF COURT

## APPLICATION FOR POST CONVICTION RELIEF

NOW INTO COURT comes petitioner Richard Lay, who applies for post conviction from his conviction and sentence pursuant to La. C.Cr.P. Art. 930.3.

### CLAIM ONE

1.    Appellate counsel Prentice L. White was ineffective under *Cronic*[1] and *Strickland*[2] in filing a known frivolous appellate brief in State v. Lay, #2015-KA-0086 which did not comply with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and *State v. Jyles*, 704 So. 2d 241 (La. 1997)[3] knowing said statements were false as evident from my Opposition to Anders Brief and to Appoint Counsel[4] which set forth the following claims supported by the records in his possession.


(A)    The trial court denial of an expert witness in support of his defense that the "Officer Prime" wounds were self-inflicted violated my due process and equal protection rights to a fair trial under *State v. Madison*, 345 So.2d 485 (La. 1977); *U.S. v. Johnson*, 238 F.2d 565, 572 (2d Cir. 1956) in light of the testimony of Dr. Laravia (prison doctor) as an expert that the wounds appeared to be self-inflicted. Tr. p. 196 line 6-7.[5]

(B)    The trial court denial of a Private Investigator to identify and locate all witness inside of the lobby of the "Pulmonary Clinic" on 12-21-10 for use at the preliminary hearing and trial under *Madison*, supra and *U.S. v. Johnson*, Supra.[6]

(C)    The denial of the Motion to Quash the Bill of Information based upon intentional destruction of the victim's clothing for DNA purpose to prove the wounds were self-

*See Order*

---

[1] *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984).
[2] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
[3] See Exhibit A.
[4] See Exhibit B.
[5] See Exhibit B.
[6] See Exhibit C.

2

inflicted violated my right to a fair trial under *California v. Trombetta*, 467 U.S. 479 (1984).[7]

(D)      Appellant was tried upon an oral amendment of a Bill of Information which upgraded the charge from a misdemeanor to a felony in violation of La. C.Cr.P. Art. 487, *State v. Breaux*, 504 So.2d 11 (La. App. 1st Cir 1987); *State v. Cook*, 372 So.2d 1202 (La. 1979) and *Apprendi*, 530 U.S. 466 [200].[8]

(E)      Appointment of Appellant as co-counsel against his wishes in response to appoint conflict and effective counsel violated *Farretta v. California*, 422 U.S. 806 (1975); *Cuyler v. Sullivan*, 466 U.S. 335 (1980); and *State v. Cisco*, 861 So.2d 118  (La.2003).[9]

(F)      The denials of various Motions to Quash the multiple bill violated my due process rights since I was denied issuance of a "Subpoena Deuces Tecum"  to obtain necessary  documents as indigent and issuance of witness subpoenas in support thereof.[10]

(G)      The denial of my "Motion for New Trial" violated my due process rights and Sixth Amendment right to assistance of counsel under *Cronic* and *Strickland.[11]*

(H)      The denial of my motions for recusal pretrial and post-trial violated my due process rights to a fair and impartial hearing officer.[12]

(I)      The trial court was without jurisdiction to adjudicate and sentence appellant under LSA-R.S. 15:529.1 due to various "Motions for Post Judgment of Acquittal, arrest of Judgment" remain outstanding in violation of my due process / equal protection rights under *State v. Brown*, 620 So.2d 508 (La.4th Cir 1993); La. C.Cr.P. Art. 861.

(J)      Appellate counsel has taken retaliatory action for pursuing the projection of my appeal granted on the 13th day of May, 2013 yet the record just was recently filed with this court on January 2015 upon my filing to which counsel claimed he was calling 1st Circuit to find out statute moves did.... nor has he filed a merit brief raising these non-frivolous issues in light of fact he just received the 8-volume records on the ___ day of February, 2015 for review thus would not comply with *Anders* and *State v. Jyles*, 704 So.2d at 241.[13]

---

[7] See Exhibit D.
[8] See Exhibit E.
[9] See Exhibit F.
[10] See Exhibit G.
[11] See Exhibit H and Motion for New Trial.
[12] See Exhibit I and all other Exhibits cumulatively.
[13] See Exhibit J and K.

Appellate counsel White's brief does not comply with Anders and Jyles since he refused to raise the herein obvious and significant issues supported by the record in his possession due to fraudulent misconduct depriving petitioner Lay of a due process appeal with counsel contrary to *Penson v. Ohio*, 488 U.S. 75, 85 (1988); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Douglas v. California*, 372 U.S. 353 91963)(same). See also *U.S. v. Williamson*, 183 F.3d 458, 463064 (5th 1999); *Manson v. Hanks*, 97 F.3d 887, 894 (7th Cir. 1996); *Delgado v. Lewis*, 181 F.3d 1087, 1092 (9th Cir. 1999); and *Banks v. Reynolds*, 54 F.3d 1508, 1515-16 (10th Cir. 1995).

WHEREFORE, petitioner Lay prays the following relief to issue:

1.    Counsel be appointed under Martinez[14] and/or Trevino[15] with an evidentiary hearing under La. C.Cr.P. Art. 930;

2.    Post-conviction relief be granted relieving petitioner Lay of this unlawful conviction and sentence; or

3.    An appeal be granted with counsel to perfect the herein issues.

Respectfully submitted this *31* day of January, 2016, under the penalty of perjury and in good faith.

Richard Lay #110315
WNC Elm C-2-5
P.O. Box 1435
Winnfield, LA  71483

---

[14] *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).
[15] *Trevino v. Thaler*, 569 U.S. ___, 133 S.Ct. 1911, 185 L. Ed. 2d 1044 (2013).

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA

STATE OF LOUISIANA                    DOCKET NO. ⬛⬛⬛⬛⬛

VERSUS                                FILED: _____

RICHARD LAY                           _____
                                      CLERK OF COURT

ORDER

Based on the foregoing Application:

IT IS HEREBY ORDERED that Warren Montgomery, District Attorney, show cause

before this Court on the ___ day of _____, 2016, at ___ o'clock ___.m.,

why said relief should not issue as provided by law.

IT IS FURTHER ORDERED that conflict free counsel be appointed for this indigent.

IT IS FURTHER ORDERED that Keith Deville, Warden, produce the body of Richard

Lay #110315 for this hearing.

IT IS FURTHER ORDERED that the Clerk serve a copy of this Application, Order, and

Documents, on all parties.

SAID AND DONE this ___ day of _____, 2016.

_____
Judge Ad Hoc

Please serve:

    Warren Montgomery
    District Attorney
    701 N. Columbia St.
    Covington, LA  70433

    Keith Deville, Warden
    Winn Correctional Center
    Gum Springs Rd., Hwy. 560
    P.O. Box 1435
    Winnfield, LA  71483

    Richard Lay #110315
    WNC Elm C-2-5
    P.O. Box 1435
    Winnfield, LA  71483

    Mathew Caplan
    Asst. District Attorney
    701 N. Columbia St.
    Covington, LA  70433

*This Application for Post Conviction Relief is DENIED as being repetitious. Please see attached Per Curiam. Please see attached Per Curiam opinion of the Supreme Court, "Relator has not violated his right to collateral review." Jerome M. Winsberg, Judge March 29, '16*

A True Copy of Original
This 5-9-16
S. Price
Dy. Clerk of Court

4

*Exhibit 2*

22nd JUDICIAL DISTRICT COURT
PARISH OF ~~ ~~ Washington
STATE OF LOUISIANA

STATE OF LOUISIANA                    DOCKET NO. 11-CR5-112033

VERSUS                                FILED: _____

RICHARD LAY                           _____
                                      CLERK OF COURT

### APPLICATION FOR WRIT OF HABEAS CORPUS

NOW INTO COURT comes defendant Richard Lay who moves this court to issue

a Writ of Habeas Corpus removing the unlawful restraints upon his liberty.

### JURISDICTION

Jurisdiction of this Court is invoked pursuant to Article 1, Section 16(A) and

Article 5, Section 2 of the Louisiana Constitution of 1974. See also La. C.Cr.P. Art.

362(2) and *Becnel v. Blackburn*, 410 So. 2d 1015 (La. 1982).

### CLAIM

1.      The use of State v. Lay, #383759 and #215530 for sentencing purposes under La.

R.S.15:529.1 violated my due process / equal protection rights, in addition my Sixth

Amendment right to effective assistance of counsel.

### TRIAL ERROR (#215530-C)

(1)     The trial court suppressed the sanity commission reports of Dr. Pratt and Ourso

due to; 1) the reports and examination were untimely; 2) Dr. Ourso was not licensed at

the time of his appointment; and 3) defendant was denied the right to consult with

counsel prior to examination contrary to his due process and Sixth Amendment right to

counsel under USCA Amen. 5 and 6. On March 27, 1995 , before Judge Ad Hoc Hillary

J. Crain. *Estelle v. Smith*, 431 U.S. 454, 467-69 (1981); *Strickland v. Washington*, 466

U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); and *Satterwhite v. Texas*, 486 U.S.

249, 260, 108 S.Ct. 1792 (1988).

(2)     The trial court upon oral motion of defense counsel Douglas Ellis, on March 27,

1995, vacated the appointment of the sanity commission and defendant's only plausible

defense of not guilty and not guilty by reason of insanity without first holding a

mandatory contradictory hearing under La. C.Cr.P. art. 647 contrary to my due process

rights under *State v. Nomey*, 613 So. 2d 157 (La. 1993); *Pate v. Robinson*, 383 U.S. 375

(1966); and *State v. Carney*, 663 So. 2d 470 (La. App. 2nd Cir. 1995)(cases cited).

6

(3)    The trial court's determination of competency to proceed on March 27, 1995[1]

without compliance with *State v. Bennett*, 345 So. 2d 1129 (La. 1977)(rehearing); *State*

*v. Nomey*, supra, coupled with the fact he relied upon the suppressed sanity commission

report of Dr. Pratt which contained false statements that I failed to appear for my initial

sanity hearing and missed several appointments for evaluation with Dr. Pratt when in fact

no notice of these alleged hearings/appointments were served upon me as mandated by

La. C.Cr.P. article 731 is contrary to my due process and Sixth Amendment right to

counsel. *Estelle v. Smith*; and *Satterwhite v. Texas*, supra.

(4)    (A) The appellate court's February 14, 1997 decision remanding for a full

retroactive competency hearing based upon the suppressed sanity commission report of

Dr. Pratt which contained the false statements that I failed to appear for my initial sanity

hearing and missed several appointments for evaluation with Dr. Pratt when in fact no

notice of these alleged hearing/appointments were served upon me as mandated by La.

C.Cr.P. article 644.8 and 731 is contrary to my due process and Sixth Amendment right

to counsel. *Estelle v. Smith*, supra; *Satterwhite v. Texas*, supra; and *Strickland v.*

*Washington*, supra.

        (B) The appellate court's February 14, 1997 decision remanding for a full

retroactive competency hearing rather than vacating the conviction and sentence and

remanding for a new trial is contrary to *State v Nomey*, supra; *Pate v. Robinson*, supra;

and *State v. Carney*, 663 So. 2d 470 (La. App. 2nd Cir. 1995) mandating automatic

reversal under the due process clause, see *State v. Seals*, 831 So. 2d 828 (La. 2002).

(5)    The trial court on remand for the retrospective competency hearing failed to place

the burden upon the State of Louisiana to prove beyond reasonable doubt the admissible[2]

documents in the trial proceedings showed the defendant to be competent under *State v.*

*Nomey*, supra; *State v. Seals*, supra; and *Pate v. Robinson*, supra, is contrary to and an

unreasonable application of those cases. See *State v. Snyder*, 50 So. 2d 832 (La. 1999)

citing *Lokus v. Capps*, 625 F.2d 1258 (5th Cir. 1980) and *Reynolds v. Norris*, 86 F.3d

696, 802 (8th Cir. 1996).

(6)    The First Circuit Court of Appeal's decision based upon the conclusion that

---

[1] First trial on June 12, 1995 ended in a hung jury. Second trial on September 18, 1995 resulted in a conviction.
[2] The State of Louisiana and the trial court used the suppressed sanity commission reports and findings contrary to my due process and Sixth Amendment right to counsel in finding of competency to proceed on September 18, 1995.

counsel Ellis' decision to withdraw the not guilty and not guilty by reason of insanity
plea and the request for determination of my competency at the time of this offense and
to proceed was a tactical[3] decision is misplaced since insanity was my only possible plea,
I was currently under psychotropic medication and mental health treatment, I was
previously found not guilty by reason of insanity by the 22nd Judicial District Court,
Parish of St. Tammany and sentenced to East Feliciana State Hospital for several years
and I have been hospitalized and treated for numerous psychiatric illnesses in various
states in the United States within the past 30 plus years for paranoid schizophrenic; anti-
social personality; bipolar disorder; drug dependency prone - mixed typed. That no
determination of my competency at the time of this offense was ever made as indigent as
required under *Lynch v. Overholser*, 369 U.S. 705, 708-09; *State v. Bennett*, supra...nor
a lawful determination of my competency to proceed in accordance with due process as
mandated by La. C.Cr.P. article 647, is contrary to and an unreasonable application of
*Strickland v. Washington*, supra. See also evidentiary hearing transcript before this court
in *Lay v. Blackburn*, 86-3807 (E.D. La. 1986) and the psychiatric records filed therein.
Petitioner Lay continues to suffer from psychiatric problems as evident by the psychiatric
records filed in *State v. Lay*, 383759-F from the State of Mississippi involving his
competency at the time of the offense; to proceed to trial; and the insanity defense.

(7)      Defendant was deprived of a fair trial by allowing the State witnesses Simon and
Swenson to testify as to what out of court declarants did and said without objection by
counsel; and an opportunity to confront and cross examine them.

          A hearsay statement is a statement, other than one made by the defendant while
testifying at the present trial or hearing, offered in evidence to prove the truth of the
matter asserted. 5 John H. Wigmore, *Evidence in Trial at Common Law* 1364 (Chadbourn
Rev. 1924); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence 800*
(04)(1991); La. Code Evid. Art. 801(C); *State v. King*, 355 So. 2d 1305 (La. 1978). In the
present case such testimony by Officer Simon and Swenson consisting of out of court
declarants was offered for purpose of showing the truth of their statements and to bolster
their credibility which was an issue to be resolved by the jury. *Idaho v. White*, 110 S.Ct.

---

[3] In *Bouchillon v. Collins*, 907 F.2d 589 (5th Cir. 1990) held tactical decisions must be made in context of
reasonable amount of investigation not in vacuum. It is not enough to assume that counsel...though there
was no defense, and exercised his best judgment...neither [he] nor the court could say what a prompt and
thorough ongoing investigation might disclose as to facts. *Powell v. Alabama*, 287 U.S. 45, 58, 53 S.Ct. 55,
60 (1932). See *Davis v. Alabama*, 596 F.2d 1214 (5th Cir. 1979).

3129.

On direct examination concerning the night of December 3, 1992, and my identity Officer Simon testified he knew me from prior dealings and I ran from car to car to locate crack to sell to him suggesting that I sold him crack on more than one occasion. Counsel failed to object and move for mistrial on the basis of other crimes evidence to which no Prieur notice was given and due to the prejudicial effects of these statements. 277 So. 2d 126 (La. 1973); and *Old Chief v. U.S.*, 519 U.S. 172, 117 S.Ct. 644 (1997).

Generally, an explanation of the officer's action should be an acceptance basis upon which to admit an out of court declaration when the so called "explanation" involves a direct assertion of criminal activity by the accused. *State v. Hearold*, 603 So. 2d 731 (La. 1992); *Idaho v. White*, supra.

As held by the U.S. Supreme Court in *Tennessee v. Street*, 471 U.S. 409, 413 (1985), the confrontation clause is violated when "hearsay evidence" is admitted as substantive evidence against the defendant with no opportunity to cross examine the hearsay declarants at trial. See *Ohio v. Roberts*, 448 U.S. 56, 65-66 (See *State v. Bernard*, 326 So. 2d 332; state statute cannot prevail against constitutional rights declared by U.S. Supreme Court).

(8)    The State committed perjury in denying disclosure of the CI, the only eye witness to this false arrest/conviction.

In *Rovario v. United States*, 353 U.S. 53 (1957), the Supreme Court crafted a balancing test to determine when the government must disclose the identity of a confidential informant. The Rovario test requires courts to balance the defendant's need for disclosure to ensure a fair trial with public's interest in preserving the informant's anonymity and encouraging citizens to report crime. A defendant my satisfy the burden of showing need by establishing that the informant is a material witness or that the informant's testimony is crucial to the defense. See *State v. Dabon*, 337 So. 2d 502, 503 (cases cited).

In *State v. Johnson*, 532 So. 2d 103 (La. 1988) the court held once the identity of the undercover officer / CI has been revealed, the privilege of withholding that information no longer serves its underlying purposes. Cr. *State v. Dick*, 362 So. 2d 547, 550 (La. 1979); See also *State v. Gaines*, 532 So. 2d 103 (La. 1988)(cases cited).

9

The disclosure of the CI was mandated under law once revealed by the State in *State v. Fortenberry*, #215,321, 22nd J.D.C., Parish of St. Tammany, on April 24, 1994 over a year before both of my trials and motion to identify him by officers Simon and Strahan involving the same drug operation (Masquerade) I was under prosecution for yet these witnesses and the DA's office suppressed the fact he was revealed through the perjured testimony of officer Simon and Swenson.

(9)     The State deprived me of a fair trial by suppression of Brady and Giglio material resulting in knowing use of perjured testimony by officers Thompson, Swenson, and Simon by the State of Louisiana.

In *U.S. v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976) held that duty to disclose Brady material is applicable even though there has been no request by the accused, and that duty encompassed impeachment evidence as well as exculpatory evidence. *U.S. v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, within the ambit of Brady involving knowing use of perjured testimony, reversal was required if there was, "any reasonable likelihood" that the false testimony had affected the verdict. *Id.* at 103 (citing *Giglio v. U.S.*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), in turn quoting *Napue v. Illinois*, 360 U.S. 264, 271, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959). The court has treated "reasonable likelihood" as synonymous with "reasonable possibility" and thus has equated materiality in the perjured testimony cases with a showing that suppression of the evidence was not harmful beyond a reasonable doubt. *Bagley*, supra at 678-680, and N. 9, 105 S.Ct. 3375, see also *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed. 2d 353 (1993)(defining harmless beyond a reasonable doubt standard as no reasonable possibility that the trial error contributed to the verdict).

The State knowingly suppressed Officer Simon and Strahan's testimony in *State v. Fortenberry*, supra, who worked as a team collecting the evidence under operation which impeaches all three state witnesses testimony at my trial in September 1995 resulting in conviction in pertinent part:

(A) Officer Simon never kept and preserved the evidence in his file cabinet in which he was the only one with a key but the evidence was placed in a mailbox. Which Officer Thompson had the only key and she retrieved daily for processing.
(B) Officer Strahan revealed the informant who worked with Simon by Milton Melvin Wilson a.k.a. Zeke which Officer Simon and Swenson swore they would never reveal for fear of his life (CI) and never been able to get someone else at my trial.

(C) Officer Thompson testified at my trial she never collected the evidence for processing until gave her by Officer Simon on January 5, 1993.

The State knowingly suppressed Officer Simon's testimony in *State v. Thornton*, 671 So. 2d 481, 484 (La. App. 1st Cir. 1995) and allowed him to testify falsely as follows:

A. The make-up was black at my trial and brown in 1994.

B. That he used four patrol cars stationed four blocks away and he didn't know the officer's name at my trial, but in 1992 on same date and night there was no patrol cars but Strahan was in position by himself conducting surveillance.

C. That he couldn't get an officer close enough in position to conduct a surveillance when Strahan in fact was on December 3, 1992 the date of my offense; and

D. That there was no witness to the drug buy on behalf of the State other than the CI when in fact Strahan was witnessing the same.

The transcript of Thornton and Fortenberry which were available at both trial, motions to suppress evidence and motions to reveal the CI were Brady material as recently affirmed by the U.S. Supreme Court in *Strickles v. Greene*, 119 S.Ct. 1936 (1999), since (1) it was impeaching; (2) it was suppressed by the State and (3) petitioner was prejudiced. Thus, the question is not whether the defendant would more than likely than not received a different verdict with the suppressed evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. *Id.* at 1940, citing *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed. 2d 490. See also *State v. Fuller*, 721 So. 2d 1, 13 (La. App. 1st Cir. 1998).

Officer Simon and Strahan's trial testimony in Thornton and Fortenberry favors and supports defendant trial testimony that he was framed by these two officers in light of the fact officer Jay Strahan sat at all pretrial motions hearings and both trials and allowed the State of Louisiana through officer Simon, Swenson and Thompson to testify falsely resulting in my conviction without due process.

(10)    The State of Louisiana subjected defendant to double jeopardy by filing a bill of information charging him with violating LSA-R.S. 40:967.A(1) and 40:981.3; returning a verdict of guilt as to LSA-R.S. 40:967(C) and 40; 981.3 involving the same evidence and again enhancing my sentence under LSA-R.S. 15.529.1 after enhancing my conviction under LSA-R.S.40:967.(C) and under R.S. 40:981.3.

The penalty provisions enacted in R.S.40:981.3 were intended by the legislature to

delimit the permissible punishment for that offense because the statute takes into account the fact of defendant's predicate conviction(s) under LSA-R.S.40:967(C) and the legislature gave no indication that it intended the multiple billing procedure to remain available as a vehicle for further enhancement of the penalty. *State v. Brown*, 648 So. 2d 872, 878 (La. 1995); *State v. Sanders*, 337 So. 2d at 1135. The results in Sanders were in keeping with well established doctrine that criminal and penal laws are strictly construed. LSA-R.S. 14:3; *State v. Gayle's*, 313 So. 2d 799 (La. 1975)(cases cited) and consistent with *State v. Carroll*, 337 So. 2d 475 (La. 1976), where the court deciding whether the legislature intended for the defendant's act to constitute more than one violation of a criminal statute, held that in absence of an express legislative intent, any doubt should be resolved in favor of lenity; and not so as to multiply the penalty imposed upon defendant. See *State v. Cox*, La. 1977, 344 So. 2d 1024; *State Pizza*, La. 1992, 596 So. 2d 817; *North Carolina v. Pearce*, 395 U.S. 711; *Crist v. Brets*, 437 U.S. 28, 29; *U.S. v. Johnson*, 467 U.S. at 499; *Garrett v. U.S.*, 471 U.S. 773, 779. See Legislative bill enacting La. R.S. 40:981.3 and *State v. Murray*, 357 So. 2d 1124 (La. 1978)(double jeopardy).

(11)    The State of Louisiana through its judicial systems denial to vacate and set aside the conviction and sentence stems from a contrary and an unreasonable application of the aforesaid clearly established jurisprudence or based upon facts not contained in the records thus mandating an evidentiary hearing with counsel as indigent. *Schriro v. Landrigan*, 127 S.Ct. 1933 (2003).

(12)    This unconstitutionally obtained conviction was used to enhance my present sentence under LSA-R.S.15:529.1.

(13)    Had counsel Linder challenged the use of *State v. Lay* #215530 being used to enhance my sentence under a. R.S. 15:529.1 as an absolute nullity being that it was obtained without a lawful determination of my competency to proceed this conviction could not be used nor any of the others being that more than 10 years has elapsed between those convictions and my conviction on April 16, 2007.

On the 22nd day of September, 1994 the trial judge appointed a sanity commission upon defense motion. On March 27, 1995 the trial judge unlawfully allowed defense counsel to withdraw my only plausible defense to the criminal charge of not guilty and not guilty by reason of insanity, and the Application to Determine My Competency an Appointment of Independent Expert without notice and my consent. On the 18th day of

September, 1995, I was found guilty and sentenced upon violating LSA-R.S.40:981.3 and

15:529.1. This conviction was used to enhance *State v. Lay* #11-CR5-112033, affirmed

on appeal under 2015-KA-0086 (La. App. 1 Cir. 9/21/15).

These convictions and sentences are null and void due to the trial court's breach

of statutory and my due process rights by allowing the case to proceed to trial after

erroneously allowing counsel to withdraw the appointment of the sanity commission and

my only plausible defense of not guilty and not guilty by reason of insanity without

notice and my voluntary consent.

Louisiana's statutory scheme for detecting mental incapacity "jealously guards a

defendant's right to a fair trial." *State v. Nomey*, 613 So. 2d 157, 161 (La. 1993); *State v.*

*Rogers*, 419 So. 2d 840 (La. 1982); LSA-C.Cr.P. arts. 641 et. seq. Prosecuting a

defendant who lacks the mental capacity to understand the nature and object of the

proceedings against him or to assist in his defense violates his right to due process.

*Nomey*, supra. Similarly, failing to observe procedures adequate to protect a defendant's

right not to be tried or convicted while incompetent to stand trial deprives him of his due

process right to a fair trial. *Nomey*, supra, citing *Drope v. Missouri*, 420 U.S. 162, 95

S.Ct. 896, 43 L.Ed. 2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15

L.Ed. 2d 815; *Rogers*, supra.

"Due process and Louisiana's statutory law requires that the issue of the

defendant's mental capacity to proceed shall be determined by the court." *Rogers*, supra

at 843. LSA-C.Cr.P. arts. 642 and 643.

Furthermore, the above articles, when read pari materia, implicitly require the trial

court to rule on the defendant's motion and determine whether a "reasonable ground to

doubt the defendant's mental capacity" exists before proceeding further in the

prosecution. Withdrawing a Motion to Appoint a Sanity Commission is a further step in

the prosecution. Also, permitting such a motion to be withdrawn takes the ultimate

decision of competency away from the court. *Pate*, supra at 383-84; *State v. Harris*, 406

So. 2d 128 (La. 1981).

As stated by Justice Blackmon, "the Due Process Clause does not simply forbid

the State from trying and convicting a person who is incompetent. It also demands

adequate anticipatory, protective procedures to minimize the risk that an incompetent

person will be convicted. *Medina v. California*, 505 U.S. 437, 458, 112 S.Ct. 2572, 2584, 120 L.Ed. 2d 353 (1992)(Blackmon, J. dissenting)(emphasis in original); *Nomey*, supra. To uphold this conviction and sentence would deprive defendant of the protective measures set forth in Louisiana's criminal code and, thus, deprive defendant of his due process rights. See *Nomey*, supra.

## TRIAL ERROR (383759-F)

Trial counsel Doyle Spell was ineffective by allowing the State to constructively amend the bill of information to change the evidence from cocaine to imitation cocaine after trial had begun without objection despite knowledge that my Motion to Quash based on the evidence in the bill of information (cocaine) and testimony in the preliminary hearing and discovery alleged only facsimile cocaine was denied on January 19, 2002.

LSA-C.Cr.P. art. 487 provides that the court may order an indictment amended before trial begins. If the indictment is amended after trial begins, "a mistrial shall be ordered." The Fourth Circuit adopted this principle in *State v. Wheeler*, 665 So. 2d 286 (12/14/95). There the court found that the trial court committed reversible error by allowing the State just like in Lay's case to amend the indictment against the defendant to charge her with a different violation during trial.

The Wheeler court was following the Supreme Court precedent set in *State v. Johnson*, 637 So. 2d 1033 (6/03/94). The court held that the State may not substantively amend a bill of information to charge a new offense once trial has begun. In Johnson, at trial the evidence revealed that appellant possessed both cocaine and imitation cocaine, or "bunk." The original charges against the appellant were for possession of cocaine with the intent to distribute. In his instructions to the jury, the trial court instructed them that they could return a guilty verdict if they found that the appellant had violated the relevant statute on possession of a counterfeit controlled substance. The Supreme Court ordered the conviction overturned. See *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

The court in Johnson explained that the Louisiana Constitution provides that in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. This requirement protects the accused to prepare a defense and exercise fully his rights of confrontation and cross examination. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him

in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. *State v. Johnson*, 637 So. 2d 1033, at 1034-35 (internal quotations and citations omitted).

Here the minutes reflect that on January 19, 2007 the trial court denied all pro se motions to quash based on variance in the evidence alleged in the bill of information (cocaine) and discovery (imitation cocaine). There was never any amendment of the bill of information prior to trial and the jury charge broadened the possible basis for a conviction by adding a new and separate crime not contained in the bill of information to consider. Additionally, no instruction was given concerning the attempt, possession of actual cocaine to which defendant Lay objected.

The Sixth Amendment guarantees defendants the right to effective assistance of counsel at every critical stage of the proceedings against them. *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001). See *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed. 2d 1 (2003). this right is denied when defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense. *Yarborough*, 540 U.S. at 5, 124 S.Ct. 1, citing *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed. 2d 471 (2003). This court reviews claims of ineffective assistance of counsel under the two pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

First, counsel's assistance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This court has described this standard as requiring that counsel "research relevant facts and law or make an informed decision that certain avenues will not be fruitful." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)(quoting *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 199). Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention. *Id.* Lay's trial counsel (Doyle) failed to meet this standard by failing to raise the herein specific objections to the trial errors resulting in the conviction and sentencing errors resulting in the increase of my sentence after service of the original sentence in full.[4] Additionally, appellate counsel (Beard) was ineffective for refusing to assign the herein claims on direct appeal under the assignment of ineffective

_____

[4] See *United States v. Conley*, 349 F.3d 837 (5th Cir. 2003) citing *Glover v. United States*, 531 U.S. 198, 203 (2001).

trial counsel resulting in a denial of a due process appeal with effective counsel.

## VINDICTIVE PROSECUTION

Lee Ann Walls, Asst. District Attorney, has used her office for selective prosecution and seeking the multiple bill when she allowed Sylvester Martin and Angel Gonzales both to plead guilty for battery on correctional officers at Rayburn for a sentence less than six months without being multiple billed despite being eligible without any legal justification. No plea was offered in my case.

## UNCONSTITUTIONALITY OF #1301364; 1311275

(a)     I was denied the right to appeal the convictions and sentence with counsel as indigent despite reserving said appellate rights under *State v. Crosby*, 338 So.2d 584 (La. 1976); *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

(b)     I was incompetent at the time of the pleas and trial court abused its discretion by accepting the pleas without holding a competency hearing violating my due process rights under *Pate v. Robinson*, supra.

WHEREFORE, defendant Lay prays the following relief to issue:

a.     An evidentiary hearing with conflict free counsel as indigent under *Martinez v Ryan*, 132 S.Ct. 1309 (2012) be held;

b.     I be provided the unpublished opinion by the 1st Circuit Court of Appeal remanded to the District Court for a retrospective competency hearing; and

c.     After due course a judgment issue rendering this conviction and sentence was obtained without a determination of my competency to proceed and enjoin its use in State v. Lay #383759 and State v. Lay #11-CR5-112033 for multiple bill and impeachment purposes.

Respectfully submitted this 17th day of May, 2016, under the penalty of perjury and in good faith.

Richard Lay #110315
WNC Elm C-2-5
P.O. Box 1435
Winnfield, LA  71483

cc:     Warren Montgomery
District Attorney

A True Copy of Original
This _____

Dy. Clerk of Court

Denied; all of the issues complained of herein were litigated on Appeal. Hon. M. Vann August 12, 2

STATE OF LOUISIANA                    22ND JUDICIAL DISTRICT COURT

VERSUS                                PARISH OF ST. TAMMANY

RICHARD LAY                           NO. - 215530   DIV. "C"

FILED: September 16, 1994      _____Marie Craig_____
                                      DEPUTY CLERK

## APPLICATION FOR HEARING TO DETERMINE DEFENDANT'S MENTAL CONDITION

NOW INTO THIS HONORABLE COURT, comes PHILIP LYNCH, attorney for defendant in the above numbered and entitled cause, and respectfully states to the Court:

1. That your mover, acting for and on behalf of the said defendant, respectfully informs this Honorable Court that your mover has good reason to believe that the said defendant is not of sound mind and understanding; that he is unable to understand the proceedings against him, and that the said defendant is now legally insane and absolutely legally irresponsible for his actions and conduct.

2. That your mover makes the allegations of paragraph (1) for the following reasons, to-wit: Defendant is not of sound mind and is unable to assist his counsel.

3. That undersigned counsel has been advised by mover on this date that mover is presently under the care of Dr. Jack Strickland with the Slidell Mental Health Center in Slidell, Louisiana and, accordingly, defendant requests that the Court appoint Dr. Jack Strickland as a member of the Sanity Commission. C.Cr.P. arts. 644 and 646.

WHEREFORE, your mover, for and on behalf of the said defendant, prays that this Honorable Court fix a time for a hearing to determine the defendant's mental condition as of the present time, and in accordance with the law of the State of Louisiana, that this Honorable Court appoint two disinterested, qualified physicians to examine the defendant with regard to his present mental condition; that the said physicians testify at the hearing of this cause; and that the said physicians be ordered to make

DPS(0630072)

3
17   72                    SCANNED

their reports in writing within thirty (30) days from the date of
their appointments, unless they shall request additional time from
this Honorable Court; and that after the proceedings are had, if it
should be shown that the defendant is presently legally insane and
irresponsible to the extent of being unable to appreciate the
consequences of his acts, that he be declared legally insane by
this Honorable Court and committed to the proper institution in
accordance with law.

And your Mover prays for all such orders as may be necessary
in the premises, and for all general and equitable relief.

PHILLIP M. LYNCH, JR.
1280 CLAUSEL ST.
MANDEVILLE, LA 70448
504-626-9382
BAR # 18643

 O R D E R

The foregoing having been considered:

IT IS ORDERED BY THE COURT that a hearing be held on the 12th
day of December, 19 94, to determine the present mental
condition of the defendant, and,

IT IS FURTHER ORDERED that Doctors John Pratt and
Robert Ourso, known to the Court to be qualified
physicians, be appointed to examine the present mental condition of
the defendant, and to report their findings to the Court within
thirty (30) days from the date thereof.

COVINGTON, LOUISIANA, this 22 day of Sept
19

J U D G E

4 . 18
2 73

SCANNED

JUN 1 9 2008

CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record herein by placing a copy of same, postage prepaid, in the U.S. mail, on this 15th day of _____ Sept _____, 1993.

SCANNED
JUN 1 2 2008

20

STATE OF LOUISIANA

VS.#215530

RICHARD B. LAY

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

EXTRACT OF MINUTE ENTRY
------------------------------
MONDAY, MARCH 27, 1995

The defendant being present in open Court attended by his Counsel, Douglas C. Ellis and this matter being on assignment for a Lunacy Hearing. The Defense Counsel at this time withdrew his Motion for Independent Examination and Costs for same.

The Defense Counsel at this time requested that the present Lunacy Commission be dismissed and argued his reasons for said request; whereupon Court dismissed the present Lunacy Commission only, but the Application to Determine the Defendant's Mental Condition is still in effect.

The Defense Counsel requested that a Bond Reduction be heard; whereupon informed the Defense Counsel that said motion can not be heard with the pending Lunacy.

The Defense Counsel at this time withdrew the Application to Determine the Defendant's Mental Condition and the defendant's previously entered plea of not guilty by reason of insanity.

The Defense Counsel requested that the Motion for Reduction of Bond previously filed in this matter be heard at this time, which Court will allow and evidence was heard on behalf of the Defense with the defendant giving testimony. Argument was then given by the State and the Defense and submitted to the Court; whereupon Court denied said motion.



SCANNED
JUN 1 2 ...

On motion of the Assistant District Attorney and with no objection from the Defense Counsel, Court ordered that this matter be assigned for FELONY JURY TRIAL on JUNE 12, 1995.

HILLARY J. CRAIN
JUDGE AD HOC
DIVISION "C"

22

SCANNED

STATE OF LOUISIANA v. JERRY THORNTON
COURT OF APPEAL OF LOUISIANA, FIRST CIRCUIT
671 So. 2d 481;1995 La. App. LEXIS 2744
94 KA 1470
October 6, 1995, Decided

**Editorial Information: Subsequent History**

Released for Publication November 15, 1995.

**Editorial Information: Prior History**

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT (NUMBER 215529), PARISH OF ST. TAMMANY, STATE OF LOUISIANA. HONORABLE MARTIN E. COADY, JUDGE.

**Disposition:** CONVICTION AND SENTENCE ON COUNT 1 REVERSED; DEFENDANT DISCHARGED ON COUNT 1 ONLY; CONVICTIONS ON COUNTS 2 AND 3 AFFIRMED; SENTENCES ON COUNTS 2 AND 3 VACATED; MATTER REMANDED FOR RESENTENCING ON COUNTS 2 AND 3.

**Counsel**   William R. Campbell, Jr., New Orleans, Louisiana, Counsel for Appellee, State of Louisiana.

James H. Looney, Covington, Louisiana, Counsel for Appellant, Jerry Thornton.

**Judges:** BEFORE: SHORTESS, PARRO AND KUHN, JJ.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant sought review of the judgment of the 22nd Judicial District Court, Parish of St. Tammany (Louisiana), which entered a jury verdict convicting him of three counts of distribution of cocaine within 1,000 feet of a school in violation of La. Rev. Stat. Ann. §§ 40:967A(1), 40:981.3.In a prosecution for distribution of cocaine within 1,000 feet of a school, where neither the alleged cocaine nor its scientific analysis report were admitted into evidence the evidence was insufficient to support defendant's conviction.

**OVERVIEW:** An undercover officer disguised himself and drove, along with a confidential informant (CI), to an area near a bar and a junior high school. The officer purchased alleged cocaine from defendant on three separate occasions. On appeal from defendant's convictions, the court reversed one of the three convictions but affirmed the others. The trial court should have granted defendant's motion for post-verdict judgment of acquittal with respect to the conviction on the first count because the evidence was insufficient; neither the alleged cocaine nor its analysis report was introduced into evidence and there was therefore no proof of what the substance was. Because the CI did not participate in the drug transactions and defendant did not establish exceptional circumstances justifying disclosure, the trial court did not abuse its discretion in denying defendant's motion for disclosure of the CI's identity. The trial court did not

lacases                                              1

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



abuse its discretion in refusing to require the officer to model his disguise for the jury; this process would have been too time-consuming and there would have been no similarity between the courtroom demonstration and the crime scene.

OUTCOME: The court reversed one of defendant's convictions and sentences. The court affirmed defendant's other convictions but vacated his sentences for those convictions. The court remanded the case to the trial court for resentencing.

LexisNexis Headnotes

*Criminal Law & Procedure > Trials > Burdens of Proof > Prosecution*
*Evidence > Procedural Considerations > Weight & Sufficiency*
*Criminal Law & Procedure > Appeals > Standards of Review > Substantial Evidence*

The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the State proved the essential elements of the crime beyond a reasonable doubt. La. Code Crim. Proc. Ann. art. 821. This is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. Rev. Stat. Ann. § 15:438 provides the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence.

*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Manufacture > Elements*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Possession > Intent to Distribute > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Possession > Intent to Distribute > Elements*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Substance Schedules > Cocaine*

La. Rev. Stat. Ann. § 40:967A(1) provides in part: It shall be unlawful for any person knowingly or intentionally to produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II. Cocaine is a controlled dangerous substance listed in La. Rev. Stat. Ann. § 40:964 Schedule IIA(4).

*Criminal Law & Procedure > Discovery & Inspection > Discovery by Defendant > Informants*
*Criminal Law & Procedure > Trials > Burdens of Proof > Defense*
*Criminal Law & Procedure > Trials > Judicial Discretion*
*Evidence > Privileges > Government Privileges > Official Information Privilege > General Overview*

The burden is on defendant to show exceptional circumstances warranting disclosure of the name of a confidential informant. The trial court is accorded great discretion in making such a determination.

*Criminal Law & Procedure > Search & Seizure > Search Warrants > Confidential Informants > General Overview*
*Criminal Law & Procedure > Discovery & Inspection > Discovery by Defendant > Informants*

lacases                                    2

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

 24

The State is permitted to withhold the identity of the informer from the accused. The identity of an informant should be made known to the accused only when his right to prepare his defense outweighs the need for protection of the flow of information. When the State's case shows the informer participated in the crime, his identity should be disclosed to defendant.

*Evidence > Demonstrative Evidence > Admissibility*
*Evidence > Demonstrative Evidence*
*Evidence > Demonstrative Evidence > Photographs*

Photographs which illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place, or thing depicted, are generally admissible.

*Evidence > Demonstrative Evidence > Admissibility*
*Criminal Law & Procedure > Trials > Judicial Discretion*

The trial court has great discretion in permitting or refusing in-court experiments. Usually, however, simple demonstrations by a witness are permissible. The criteria for withholding permission include considerations arising from the possible disruption of orderly and expeditious proceedings or from a lack of similarity between conditions in the courtroom and the actual conditions sought to be retested.

*Criminal Law & Procedure > Trials > Defendant's Rights > Right to Remain Silent > Prosecutor's Comments on Defendant's Silence*
*Criminal Law & Procedure > Trials > Motions for Mistrial*
*Criminal Law & Procedure > Trials > Closing Arguments > Defendant's Failure to Testify*

La. Code Crim. Proc. Ann. art. 770 provides in part: Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to the failure of the defendant to testify in his own defense. An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.

*Criminal Law & Procedure > Trials > Defendant's Rights > Right to Remain Silent > Prosecutor's Comments on Defendant's Silence*
*Criminal Law & Procedure > Trials > Motions for Mistrial*
*Criminal Law & Procedure > Trials > Closing Arguments > Defendant's Failure to Testify*
*Criminal Law & Procedure > Trials > Defendant's Rights > Right to Remain Silent > General Overview*

La. Code Crim. Proc. Ann. art. 770(3) prohibits both direct and indirect references to the defendant's failure to testify. When the prosecutor makes a direct reference to defendant's failure to take the stand, a mistrial should be declared. In the case of such a direct reference, a reviewing court will not attempt to determine the effect the remark had on the jury. Where the reference to defendant's failure to testify is not direct, the reviewing court will inquire into the remark's intended effect upon the jury in order to distinguish indirect references to defendant's failure to testify, which are impermissible, from general statements that the prosecution's case is unrebutted, which are permissible.

*Criminal Law & Procedure > Appeals > Prosecutorial Misconduct > General Overview*
*Criminal Law & Procedure > Trials > Defendant's Rights > Right to Remain Silent > Prosecutor's Comments on Defendant's Silence*

lacases                                    3

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



*Criminal Law & Procedure > Trials > Closing Arguments > Defendant's Failure to Testify*
*Criminal Law & Procedure > Appeals > Reversible Errors > General Overview*

A statement that the State's evidence is uncontradicted is not necessarily a prohibited comment on the defendant's failure to testify. However, when defendant is the only person who can dispute the State's evidence, a reference to testimony as uncontroverted constitutes reversible error. On the other hand, when there are other possible witnesses, an argument that the State's case is unrebutted does not focus the jury's attention on the defendant's failure to testify.

*Criminal Law & Procedure > Sentencing > Guidelines*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Delivery, Distribution & Sale > General Overview*
*Criminal Law & Procedure > Sentencing > Ranges*
*Criminal Law & Procedure > Sentencing > Alternatives > Probation > General Overview*
*Criminal Law & Procedure > Sentencing > Fines*
*Criminal Law & Procedure > Sentencing > Suspension*
*Criminal Law & Procedure > Postconviction Proceedings > Parole*

La. Rev. Stat. Ann. § 40:981.3E(1) provides: On a first conviction, whoever violates a provision of La. Rev. Stat. Ann. § 40:981 shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of La. Rev. Stat. Ann. §§ 40:966 through 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in La. Rev. Stat. Ann. §§ 40:966 through 40:970.

*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Delivery, Distribution & Sale > General Overview*
*Criminal Law & Procedure > Sentencing > Ranges*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Substance Schedules > Methamphetamines*
*Criminal Law & Procedure > Sentencing > Fines*

La. Rev. Stat. Ann. § 40:967B(1) provides: A substance classified in Schedule II which is a narcotic drug, or which is an amphetamine or methamphetamine, shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than 30 years; and may, in addition, be sentenced to pay a fine of not more than $ 15,000.

Opinion

Opinion by:          KUHN

Opinion

Pg 1

{671 So. 2d 483} KUHN, Judge

The defendant, Jerry Thornton, was charged by bill of information with three counts of distribution of

lacases                                    4

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

H. 26

cocaine within 1,000 feet of a school, in violation of LSA-R.S. 40:967A(1) and 40:981.3. He pled not guilty 1 and; after trial by jury, was found guilty as charged on all three counts. For each conviction, defendant received a $ 15,000 fine and a sentence of imprisonment of eighteen years at hard labor, without benefit of parole, probation or suspension of sentence, with credit for time served. The fines and sentences were ordered to run concurrently with each other but consecutively to any other sentence the defendant may be serving. He has appealed, alleging five assignments of error, as follows:

> 1. The evidence was insufficient to support the defendant's conviction on Count 1. 2. The trial court erred in denying the defendant's pre-trial motion to reveal the identity of the confidential informant. 3. The trial court erred in denying the defendant's motion made during the trial to reveal the identity of the confidential informant. 4. "The trial court erred in denying the defense questions and efforts to secure the actual disguise allegedly worn by the undercover officer." 5. The trial court erred in denying the defendant's motion for a mistrial.

FACTS

During the latter part of 1992, Sergeants Jesse Simon and Jay Strahan of the Slidell Police Department received permission from their superiors to conduct "Operation Masquerade," an undercover operation focusing upon the illegal trafficking of narcotics in an area near the Sweet Shop, a bar located on Washington Avenue in Slidell. Officer Simon disguised himself as a black male by applying brown makeup and a wig, beard, and mustache. After applying this disguise, he drove a brown, 1986 Ford Thunderbird into the area around the Sweet Shop and purchased cocaine. During these transactions, [Pg 2] there was a confidential informant (CI) in the front passenger seat. Officer Strahan positioned himself nearby to conduct surveillance.

On the night of December 3, 1992, Officer Simon purchased an alleged cocaine rock from defendant, which formed the basis for Count 1. Officer Simon also purchased rock cocaine from defendant on two separate occasions on the night of December 10, 1992, forming the basis for Counts 2 and 3. These drug transactions involving defendant took place on the street outside the Sweet Shop and were within 1,000 feet of St. Tammany Junior High School.

ASSIGNMENT OF ERROR NO. ONE:

In this assignment of error, defendant contends there was insufficient evidence to support his conviction on Count 1. The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the State proved {671 So.2d 484} the essential elements of the crime beyond a reasonable doubt. See La. C.Cr.P. art. 821; *State v. King*, 563 So.2d 449, 456 (La.App. 1st Cir.), *writ denied*, 567 So.2d 610 (La. 1990). The *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. *State v. McLean*, 525 So.2d 1251, 1255 (La.App. 1st Cir.), *writ denied*, 532 So.2d 130 (La. 1988).

LSA-R.S. 40:967A(1) provides, in pertinent part:

. . . it shall be unlawful for any person knowingly or intentionally:

> To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II; . . . .Cocaine is a controlled dangerous substance listed in LSA-R.S. 40:964 Schedule IIA(4).

lacases                                                        5

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



In his brief to this Court, defendant contends the evidence was insufficient to prove he sold cocaine to Officer Simon on December 3, 1992. We agree. While Officer [Pg 3] Simon testified he purchased a twenty dollar cocaine rock from the defendant on December 3, 1992, neither this cocaine rock nor State Exhibit 1 (the Scientific Analysis Report from the crime lab) was introduced into evidence. When the prosecutor attempted to introduce State Exhibit 1 pursuant to LSA-R.S. 15:499 et seq., defense counsel objected on the basis of lack of proper notice; and the trial court sustained the objection. *See* LSA-R.S. 15:501A. Thereafter, when the prosecutor attempted to have Officer Simon identify the evidence envelope containing the cocaine rock he purchased from the defendant on December 3, 1992, defense counsel again objected. The trial court in effect sustained the objection by indicating if the State could not prove the substance contained cocaine, then the substance was irrelevant and inadmissible. In fact, the defendant correctly notes, during closing argument, the prosecutor discussed only the two cocaine transactions on December 10, 1992 (Counts 2 and 3). Accordingly, we find the trial court should have granted the defendant's motion for post-verdict judgment of acquittal as to Count 1. This assignment of error has merit.

ASSIGNMENTS OF ERROR NOS. TWO AND THREE:

In these assignments of error, defendant contends the trial court erred in denying his motions (both pre-trial and during trial) for disclosure of the identity of the CI.

The Louisiana Supreme Court has recognized the informer privilege. The burden is on defendant to show exceptional circumstances warranting disclosure of the name of the CI. *State v. Davis*, 411 So.2d 434, 436 (La. 1982). The trial court is accorded great discretion in making such a determination. *State v. James*, 396 So.2d 1281, 1284 (La. 1981).

As a general rule, the State is permitted to withhold the identity of the informer from the accused. This privilege is founded upon public policy and seeks to further and protect the public interest and law enforcement by encouraging persons to supply information to the police without fear of reprisal by the person to whom the information pertains. Thus, the identity of an informant should be made known to the accused only when his right to prepare his defense outweighs the need for protection of the flow of [Pg 4] information. *State v. James*, 396 So.2d at 1284. When the State's case shows the informer participated in the crime, his identity should be disclosed to defendant. In such cases, the informer does more than furnish a tip that enables the police to make an arrest. While working with the police, he takes part in the illegal transaction itself. *State v. Dotson*, 260 La. 471, 256 So.2d 594, 606 (1971) (on rehearing), *cert. denied*, 409 U.S. 913, 93 S. Ct. 242, 34 L. Ed. 2d 173 (1972).

In the instant case, Officer Simon's testimony clearly established the CI did not participate in the crimes. Officer Simon gave the CI strict instructions to remain silent and to refrain from touching any money {671 So.2d 485} or drugs. On cross-examination, when asked about the purpose of having a CI in the car with him during the transactions, Officer Simon replied: "To blend me into the surroundings so that if the people looked in the car and saw him, he was from that area, that they would automatically feel comfortable selling to go [sic] me." Because the CI did not participate in these transactions, and defendant has failed to establish exceptional circumstances justifying disclosure, we find no abuse of discretion in the trial court's rulings denying the defendant's motions for disclosure of the identity of the CI.

These assignments of error are meritless.

ASSIGNMENT OF ERROR NO. FOUR:

In this assignment of error, defendant contends the trial court erred in "denying the defense questions and efforts to secure the actual disguise allegedly worn by the undercover officer."

lacases                                                                 6

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



At the trial, Officer Simon explained his disguise consisted of brown makeup and a wig, beard, and mustache. Officer Strahan's wife applied the disguise in a process which took approximately forty-five minutes to an hour. Officer Simon also wore a baseball cap and a flannel shirt. He further explained the windows of the Thunderbird were tinted, the dashboard lights had been turned down, and all of the interior dome lights had been removed so that there was no light inside the car. Officer Strahan took two photographs of Officer Simon wearing his disguise (State Exhibits 6 and 7). State [Pg 5] Exhibit 6 was taken with a flash, and State Exhibit 7 was taken without a flash.

During cross-examination of Officer Simon, the following colloquy occurred:

> BY MS. YEAGER [DEFENSE COUNSEL]: . . . Q. Do you happen to have your makeup and wig and everything with you here today? A. No, ma'am, I don't. Q. Would it be difficult for you to obtain that? Could someone get that for you? BY MS. DRAPER [PROSECUTOR]: Your Honor, I object to this. I don't see any relevance in this. We have a photograph. [DEFENSE COUNSEL]: We haven't introduced the photograph into evidence, and the photograph may not exactly portray what Mr. Simon looked like in his disguise. [PROSECUTOR]: Your Honor, I object if [defense counsel] is going to ask the State's witness to put on the makeup. BY THE COURT: Sustained. [DEFENSE COUNSEL]: Note my objection for the record, please.

Thereafter, Officer Strahan testified regarding State Exhibits 6 and 7 and the disguise worn by Officer Simon. At the conclusion of Officer Strahan's testimony, the following colloquy occurred:

> [PROSECUTOR]: In connection with Officer Strahan's testimony, I would offer, file and introduce into evidence what I previously marked as State's Exhibit 6 and 7. BY THE COURT: Any objection? [Pg 6] [DEFENSE COUNSEL]: Yes. I object to the photographs. I don't know how accurately they depict Mr. Simon's appearance on these particular nights. They were taken on one occasion. I think it would be more appropriate to have Mr. Simon actually don the makeup, don the wig for the jury's sake so they could make their own evaluations and not have to deal with photographs. Furthermore, we were never provided copies of these photographs, and that's part of our discovery. [PROSECUTOR]: Once again, Your Honor, defense was provided with open file discovery. I can give them open file discovery, but I can't make them come in and do it. Also, the officers have testified that this is how Officer Simon looked on that night. Officer Strahan has testified he took those photographs. BY THE COURT: {671 So.2d 486} Overrule the objection. Let them come in evidence as marked. Note your objection.

Photographs which illustrate any fact, shed light upon any fact or issue in the case, or are relevant to describe the person, place, or thing depicted, are generally admissible. *State v. Burge,* 486 So.2d 855, 863 (La.App. 1st Cir.), *writ denied,* 493 So.2d 1204 (La. 1986).

The trial court has great discretion in permitting or refusing in-court experiments. Usually, however, simple demonstrations by a witness are permissible. The criteria for withholding permission include considerations arising from the possible disruption of orderly and expeditious proceedings or from a lack of similarity between conditions in the courtroom and the actual conditions sought to be retested. *State v. Hampton,* 326 So.2d 364, 366 (La. 1976); *State v. Mays,* 315 So.2d 766, 768 (La. 1975).

In *State v. Robertson,* 421 So.2d 843, 845 (La. 1982), the Supreme Court found no error in allowing a demonstration of a gun at the victim's temple. In *State v. Mays,* 315 So.2d 766, 768-769 (La. 1975), the Supreme Court found the trial court erred (although it characterized the error as harmless) in not requiring a witness to simulate smoking a cigarette in the same manner that he testified he had simulated smoking a marijuana cigarette. The demonstrations proposed in *Robertson* and *Mays* are easily characterized as simple demonstrations. Disruption of courtroom proceedings and/or [Pg 7] similarity of conditions were not really at issue therein. On the other hand, *State v. Hampton,* 326

lacases                                                    7

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



... 

So.2d at 366, involved a victim screaming; and *State v. Pravata*, 522 So.2d 606, 610-612 (La.App. 1st Cir.), *writ denied*, 531 So.2d 261 (La. 1988), involved a demonstration of blood disbursement characteristics. These demonstrations were disallowed in *Hampton* and *Pravata* due to the possibility courtroom proceedings would be disrupted and/or the courtroom conditions for the demonstration could not sufficiently approximate the conditions of the crime scene.

In his brief to this Court, defendant first contends, because State Exhibits 6 and 7 were taken in Officer Strahan's home, they did not reflect the lighting actually present at the scene of the drug transactions. He further contends defense counsel "asked about the makeup and wig in an effort to present these items to the jury so that the jury could evaluate whether or not someone would actually mistake Simon for a black man." Finally, he concludes: "When defense counsel noted that the photos had not been introduced yet and they might not depict fully the situation, the State changed the objection to a modeling of these items. . .. It should be noted that the cases regarding demonstrations are not relevant to this issue. Defense counsel did not ask the witness to model anything."

Concerning State Exhibits 6 and 7, while these photographs did not reflect the lighting conditions at the scene of the drug transactions, they were offered for the purpose of showing how Officer Simon appeared in his disguise in good light (State Exhibit 6) versus low light (State Exhibit 7), and on this basis they were relevant and admissible. Defense counsel's objection that these photographs had not been provided during discovery is meritless, as the prosecutor indicated the defense was given open file discovery and, therefore, the photographs could have been viewed by defense counsel at any time prior to trial. In fact, if defense counsel had viewed the photographs during discovery, the opportunity to request the State to furnish the brown makeup and the wig, beard, and mustache prior to trial would have been available to the defense. Furthermore, although defendant's brief indicates defense counsel never requested Officer [Pg 8] Simon to model anything, the second objection by defense counsel as quoted above demonstrates defense counsel thought "it would be more appropriate to have Mr. Simon actually don the makeup, don the wig for the jury's sake so they could make their own evaluations and not have to deal with photographs." We find defense counsel's request called for more than a simple demonstration by Officer Simon. Officer Simon had not brought the makeup, wig, etc., to the courthouse. In order for him to model the disguise for the jury, Officer Strahan's wife would have had to come to the courthouse and apply the {671 So.2d 487} disguise as she had done during Operation Masquerade. Moreover, even if Officer Simon had modeled his disguise in court, there certainly would have been no similarity between the courtroom demonstration and the crime scene, as the instant drug transactions took place on the street outside the Sweet Shop, at night, with Officer Simon seated in a vehicle which had tinted windows and no interior lights. Under these circumstances, we find no abuse of discretion by the trial court in allowing State Exhibits 6 and 7 to be introduced into evidence and in refusing to require Officer Simon to retrieve and/or model his disguise for the jury.

For the above reasons, this assignment of error is meritless.

### ASSIGNMENT OF ERROR NO. FIVE:

In this assignment of error, defendant contends the trial court erred in denying his motion for a mistrial. Specifically, the defendant contends that the prosecutor made an improper reference to his failure to testify.

During the prosecutor's rebuttal closing argument, the following colloquy occurred:

[PROSECUTOR]: Ladies and gentlemen, as the Judge explained to you earlier, the State makes two closing arguments. It's called the initial close and the second close. The reason for that is the State has the burden. The State is the one that has to prove all the elements. The State has to put on witnesses which the State has done and you have heard uncontradicted testimony of what

lacases                                      8

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



happened on December 10th, 1992. And [defense counsel] says, why did Jerry Thornton sell to Jesse Simon. I don't know why he would sell drugs to Jesse Simon. [Pg 9] [DEFENSE COUNSEL]: I have to make an objection. (AT THIS TIME, THE FOLLOWING DISCUSSION WAS HELD AT THE BENCH:) [DEFENSE COUNSEL]: Uncontradicted means that the defendant didn't take the stand, and therefore, you should make something out of it. [PROSECUTOR]: Uncontradicted meaning no witnesses were on the stand. It's well-founded. The District Attorney's Office can state uncontradicted testimony without it being -- BY THE COURT: I note your objection, but I don't believe that's a reference to the fact that he did not take the stand. [DEFENSE COUNSEL]: There were no other witnesses available. The only person who could have testified was the defendant. It's saying because the defendant did not take the stand- - [PROSECUTOR]: I'm saying it's well within my rights to say that, and there are cases to back me up. [DEFENSE COUNSEL]: I'm asking for a mistrial. BY THE COURT: I understand, and I'm noting it for the record. [DEFENSE COUNSEL]: Note it for the record.

La. C.Cr.P. art. 770 provides, in pertinent part:

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: * * * [Pg 10] (3) The failure of the defendant to testify in his own defense; . . . * * * An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.

Article 770(3) prohibits both direct and indirect references to the defendant's failure to testify. When the prosecutor makes a direct reference to defendant's failure to take the stand, a mistrial should be {671 So.2d 488} declared. In the case of such a direct reference, a reviewing court will not attempt to determine the effect the remark had on the jury. Where the reference to defendant's failure to testify is not direct, the reviewing court will inquire into the remark's intended effect upon the jury in order to distinguish indirect references to defendant's failure to testify (which are impermissible) from general statements that the prosecution's case is unrebutted (which are permissible). *State v. Johnson,* 541 So.2d 818, 822 (La. 1989); *State v. Lamark,* 584 So.2d 686, 698 (La.App. 1st Cir.), *writ denied,* 586 So.2d 566 (La. 1991).

Clearly, there was no direct reference to defendant's failure to take the stand. However, defendant argues the prosecutor made an indirect reference to his failure to testify and he was the only person (apart from the CI whose identity was never disclosed) who could have disputed Officer Simon's testimony. We disagree. A statement that the State's evidence is uncontradicted is not necessarily a prohibited comment on the defendant's failure to testify. However, when defendant is the only person who can dispute the State's evidence, a reference to testimony as uncontroverted constitutes reversible error. On the other hand, when there are other possible witnesses, an argument that the State's case is unrebutted does not focus the jury's attention on the defendant's failure to testify. *State v. Jackson,* 454 So.2d 116, 118 (La. 1984). According to Officer Simon's testimony, the Sweet Shop was crowded on the night of December 10, 1992. Officer Simon also indicated there were a lot of people standing outside the bar. Therefore, there were numerous potential witnesses who could have [Pg 11] testified for defendant. *See State v. Jackson,* 454 So.2d at 118. Furthermore, to support a defense that he was not the person who distributed cocaine to Officer Simon on two separate occasions on the night of December 10, 1992, defendant could have presented alibi witnesses on his behalf to vouch for his whereabouts on that evening. See *State v. Johnson,* 525 So.2d 301, 303 (La.App. 1st Cir. 1988). Therefore, because defendant was not the sole witness to rebut the State's evidence, the prosecutor's remarks did not focus the jury's attention on defendant's failure to testify.

lacases                                                    9

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

31



STATE OF LOUISIANA                    Docket No: 11-CRS-112033

VERSUS                                22ND JUDICIAL DISTRICT COURT

RICHARD B. LAY                        PARISH OF WASHINGTON

                                                      Exhibit 3

Date Filed:_____     _____
                                            Deputy clerk

## MOTION TO VACATE AND SET ASIDE JUDGMENT
*******************************************************************

    Now into the Court comes defendant Richard Lay who moves this Court to "Vacate and Set Aside" the Judgment dated August 12, 2016 received on September 20, 2016 "Application for Writ of Habeas Corpus" by knowingly and falsely alleging these claims were heard on Appeal, I state to Wit;

1). Petitioner Lay has raised in his Original Application for Post-Conviction filed in January 2016 several claims under Ineffective Appellate Counsel in filing the "No-Merit" frivolous under **Strickland/Cronie** which this Court Vacated, the judgment of March 29, 2016 denying relief as repetitive on August 12, 2016.

2). This is an Amendment to that Application under the rule of **State ex rel Duhon v. Whitley,** 642 So. 2d 1273 (La. 1994).

3). A clear look at the "<u>No Merit Brief</u>" filed on Direct Appeal under docket Number 2015-KA-0086 and affirmed on the September 21, 2015 Appellate Counsel did not challenge my Conviction or Adjudication and Sentence under La. R.S. 15:529.1... nor was any of these claims as Factual stated was heard on Direct Appeal by simply comparing the Factual issues raised and Habeas claims for Federal exhaustion purposes. See **Picard v. Conner,** 404 U.S. **270, 276 (1971);** **Wilder v. Cockrell,** 274 F. 3d 255, 259 (5th Cir. 2001).

*32*

A True Copy of Original
This 12-19-16
_____
Dy Clerk of Court

4). It is clear from State and Federal Jurisprudence the trial Judge lacked

Jurisdiction to "Vacate and Set Aside" the appointment of the Sanity Commission;

and proceed to trial without a lawful determination of my competency to proceed

and to Vacate [1] and set aside my appeal from the competency determination on

"Remand" was granted in **State v. Lay**, # 215530-C used for enchantment

purposes in this case and # 383754-F in St. Tammany  under La. R.S. 15:529.1[2]

See State v. Pyke, 640 So. 2d 480 (La. App. 3 Cir. 1994) nor did the trial court

have Jurisdiction to entertain any post-conviction claims after entering the Order of

Appeal in # 215530-C[3].

    Wherefore, defendant Lay prays the Court "Vacate and set Aside" this judgment

and serve both petition on defendant's pursuant to La. C. Cr. P. Art. 927 for and

answer, within 30-days.

    September 26 ,2016

                                                    _____
                                                    Richard Lay # 110315
                                                    R.L.C.C.   Cajun 2  A-1
                                                    1630 Prison Road
                                                    Cottonport, La. 71327

CC
Warren Montgomery

---

[1] La. C. Cr. P. Art. 642 and 647; State v. Carney, 663 So. 2d 470 (La. App. 2 Cir. 1995) (case Cited); Pate v. Robinson, 383 U.S. 375 (1966).
[2] La. C. Cr. P. Art. 916.

[3] La. C. Cr. P. Art. 916 and 924.1.

33

A True Copy of Original
This ___12-19-16___
_____
By. Clerk of Court

*Exhibit 4*

STATE OF LOUISIANA            DOCKET No: 11-CR-5 – 112033

VERSUS                       22ND JUDICIAL DISTRICT COURT

RICHARD B. LAY               PARISH OF WASHINGTON


Date Filed:_____      _____
                                          Deputy clerk

## MOTION TO VACATE AND SET ASIDE
## MULTIPLE BILL AND SENTENCE
*********************************************************************

Now into the Court comes defendant Richard B. Lay who moves this Court to

Vacate and Set Aside Multiple Bill Adjudication and Sentence."

### JURISDICTION

Jurisdiction is invoked pursuant to Article 5, Section 16(A0 of the Louisiana

Constitution 1974; **State v. Baker,** 970 So. 2d 948 (La. 2007); and La. C. Cr. P.

Art. 596.

### CLAIM(s)

1). On the 24th day of March_____2011 **Leigh Ann. Walls,** orally Amended the

original Bill of Information from a Misdemeanor under La. R.S. 14:34.5. A(1) to a

felony under La. R.S. 14:35.B(2) by alleging the battery upon the Correctional

Offices was committed while defendant Lay was under the Jurisdiction of the

Department of Corrections......meaning **State v. Lay # 383759-E,** then again thus

was prevented from again enhancing my sentence by usage of La. R.S. 15:529.1

per se and or usage of **State v. Lay # 383759-F**


Wherefore defendant Lay prays relief to issue under **State v. Baker, Supra;**

Federal and State double jeopardy clauses.

September 26 2016.
                                    _____
                                    Richard Lay #110315
CC                                  R.L.C.C – Cajun 2  - A-1
Warren Montgomery                   1630 Prison Road
District Attorney                   Cottonport, La. 71327

34

The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

No. 2021-KH-01954

**VS.**

**RICHARD B. LAY**

_ _ _ _ _ _

IN RE: Richard B. Lay - Applicant Defendant; Applying For Supervisory Writ, Parish of St. Tammany, 22nd Judicial District Court Number(s) 383759-F, Court of Appeal, First Circuit, Number(s) 2021 KW 1125;

_ _ _ _ _ _

**January 26, 2022**

Writ application denied.

SJC

JDH

JTG

WJC

JBM

Griffin, J., would grant in part to consider the retroactivity of Ramos v. Louisiana, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) under Louisiana law. See Edwards v. Vannoy, 141 S.Ct. 1547, 1559 n. 6 (2021).

Weimer, C. J., recused.

Supreme Court of Louisiana
January 26, 2022

Katie Marjanouc

Chief Deputy Clerk of Court
For the Court

STATE EX REL RICHARD B. LAY

VERSUS

1ST CIRCUIT COURT OF APPEAL

DOCKET NO. 2021-KW-1125

NO. 2021-KH-01954

LOUISIANA SUPREME COURT

STATE OF LOUISIANA

FILED _____

DEPUTY  CLERK _____

### REQUEST FOR JUDICIAL REVIEW

**NOW INTO COURT**, comes Petitioner Richard B. Lay who moves this Court to review the arbitrary decision of both the 22nd Judicial District Court and the 1st Circuit Court of Appeal denying to grant relief from the unconstitutionality of Article 1, Section 17, of the Louisiana Constitution of 1974 and LSA-C.Cr.P. Art. 782.A on other Constitutional and State procedural grounds not ruled upon by United States Supreme Court in Ramos v. Louisiana, 2020 U.S. LEXIS 2407 [4/20/20].

### JURISDICTION

Jurisdiction of this Court is invoked pursuant to Article 1, Section 19 and Article 5, Section 2 and 5, of the Louisiana Constitution 1974.

### STATEMENT OF FACTS

1. On April 20th, 2020, the <u>United States Supreme Court</u> held the <u>State of Louisiana</u> non-unanimous jury verdicts in violation of the <u>Sixth Amendment</u> applicable to all <u>States</u> thru the <u>Fourteenth Amendment</u> of the <u>United States Constitution</u>.

2. The <u>Court</u> agreed by majority vote that <u>Louisiana's</u> less than majority verdicts in criminal jury trials violates the <u>Equal Protection Clause</u> under United States v. Fordice, 505 US 717, 729, 112 S.Ct. 2727, 120 L.Ed. 2d. 575 [1992], yet could not issue a judgment on this ground because the defendant <u>Ramos</u> did not challenge the non-unanimous verdict on the ground in the lower State Courts.

3. Petitioner <u>Lay</u> made the following constitutionality attacks upon his convictions and, or, sentence, after clearly proving that <u>State v. Lay #215530</u>—rests upon a 10-2 non-unanimous jury verdict:

1

(a) The use of a non-unanimous jury verdict for conviction, sentencing and impeachment purposes violates the Equal Protection clauses of both the United States and the State of Louisiana Constitution seeking vacation of both the convictions and sentences where State v. Lay #2155306 was obtained and used for impeachment and sentencing purpose in part under La.C.C.P. Art. 3601A, Morris v. Trust Technologies, LLC, 274 So. 3d. 15, 18-19 [La. App. 1ˢᵗ Cir. 2019]; and Hill v. Jindal, 175 So. 3d. 988, 1002, Writ denied, 179 So. 3d. 600 [La. 10/23/15].

(b) That Ramos is retroactive under Louisiana law as recently held by the 14ᵗʰ Judicial District Court – Parish of Calcasieu, on the 25ᵗʰ day of June 2021, in State v. David Nelson – Docket No. 3488-09, to "Judicial Notice" is requested; and

(c) The Trial Court denied relief without a hearing or service for an "Answer" by the District Attorney contrary to La.C.Cr.P. Art. 927.A; and La.C.C.P. Art. 3601.  See Hill, 175 So. 3D at 1002.

4.   The 1ˢᵗ Circuit Court of Appeal , like the trial Court, denied relief sought other than that held by the Ramos Court to which I have clearly established on November 29, 2021.


### CONCLUSION

**WHEREFORE**, Petitioner Richard Lay moves this Court hold Louisiana's Non-unanimous Jury Verdicts [10-2] unconstitutional on the alternative grounds raised by Lay and enjoin all convictions and sentences in which State v. Lay #215530-C - 22ⁿᵈ Judicial District Court – Parish of Tammany, was used for the conviction, impeachment, and sentencing purposes.


Respectfully submitted this 12ᵗʰ day of December, 2021, under the penalty of perjury and good-faith.

Richard B. Lay #110315
RLCC Cajun 2 C2 #48
1630 Prison Road
Cottonport, LA 71327

CC
Warren Montgomery
District Attorney
Jerome Winsberg
Judge Ad Hoc

File

The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

**VS.**

No. 2021-KH-01994

**RICHARD B. LAY**

– – – – – –

IN RE: Richard B. Lay - Applicant Defendant; Applying For Supervisory Writ, Parish of St. Tammany, 22nd Judicial District Court Number(s) 215530, Court of Appeal, First Circuit, Number(s) 2021 KW 1126;

– – – – – –

**January 26, 2022**

Writ application denied.

SJC

JDH

JTG

WJC

JBM

Griffin, J., would grant in part to consider the retroactivity of Ramos v. Louisiana, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) under Louisiana law. See Edwards v. Vannoy, 141 S.Ct. 1547, 1559 n. 6 (2021).

Weimer, C. J., recused.

Supreme Court of Louisiana
January 26, 2022

_Katie Marianoye_
Chief Deputy Clerk of Court
For the Court

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

**VS.**

No. 2021-KH-01256

**RICHARD B. LAY**

— — — — —

IN RE: Richard B. Lay - Applicant Defendant; Applying For Supervisory Writ, Parish of St. Tammany, 22nd Judicial District Court Number(s) 383,759, Court of Appeal, First Circuit, Number(s) 2021 KW 0594;

— — — — —

**January 26, 2022**

Writ application denied.

SJC

JDH

JTG

WJC

JBM

Griffin, J., would grant in part to consider the retroactivity of Ramos v. Louisiana, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) under Louisiana law. See Edwards v. Vannoy, 141 S.Ct. 1547, 1559 n. 6 (2021).

Weimer, C. J., recused.

Supreme Court of Louisiana
January 26, 2022

*Katie Marjanouc*

Chief Deputy Clerk of Court
For the Court

STATE EX REL RICHARD B. LAY                    NO.

VERSUS                                         LOUISIANA SUPREME COURT

1ST CIRCUIT COURT OF APPEAL                    STATE OF LOUISIANA

DOCKET NO. 2021-KW-1125

_____                       _____
FILED                                          DEPUTY  CLERK

### REQUEST FOR JUDICIAL REVIEW

**NOW INTO COURT**, comes Petitioner Richard B. Lay who moves this Court to review the arbitrary decision of both the 22nd Judicial District Court and the 1st Circuit Court of Appeal denying to grant relief from the unconstitutionality of Article 1, Section 17, of the Louisiana Constitution of 1974 and LSA-C.Cr.P. Art. 782.A on other Constitutional and State procedural grounds not ruled upon by United States Supreme Court in Ramos v. Louisiana, 2020 U.S. LEXIS 2407 [4/20/20].

### JURISDICTION

Jurisdiction of this Court is invoked pursuant to Article 1, Section 19 and Article 5, Section 2 and 5, of the Louisiana Constitution 1974.

### STATEMENT OF FACTS

1. On April 20th, 2020, the United States Supreme Court held the State of Louisiana non-unanimous jury verdicts in violation of the Sixth Amendment applicable to all States thru the Fourteenth Amendment of the United States Constitution.

2. The Court agreed by majority vote that Louisiana's less than majority verdicts in criminal jury trials violates the Equal Protection Clause under United States v. Fordice, 505 US 717, 729, 112 S.Ct. 2727, 120 L.Ed. 2d. 575 [1992], yet could not issue a judgment on this ground because the defendant Ramos did not challenge the non-unanimous verdict on the ground in the lower State Courts.

3. Petitioner Lay made the following constitutionality attacks upon his convictions and, or, sentence, after clearly proving that State v. Lay #215530—rests upon a 10-2 non-unanimous jury verdict:

1

(a) The use of a non-unanimous jury verdict for conviction, sentencing and impeachment purposes violates the Equal Protection clauses of both the United States and the State of Louisiana Constitution seeking vacation of both the convictions and sentences where State v. Lay #2155306 was obtained and used for impeachment and sentencing purpose in part under La.C.C.P. Art. 3601A, Morris v. Trust Technologies, LLC, 274 So. 3d. 15, 18-19 [La. App. 1st Cir. 2019]; and Hill v. Jindal, 175 So. 3d. 988, 1002, Writ denied, 179 So. 3d. 600 [La. 10/23/15].

(b) That Ramos is retroactive under Louisiana law as recently held by the 14th Judicial District Court – Parish of Calcasieu, on the 25th day of June 2021, in State v. David Nelson – Docket No. 3488-09, to "Judicial Notice" is requested; and

(c) The Trial Court denied relief without a hearing or service for an "Answer" by the District Attorney contrary to La.C.Cr.P. Art. 927.A; and La.C.C.P. Art. 3601.  See Hill, 175 So. 3D at 1002.

4. The 1st Circuit Court of Appeal , like the trial Court, denied relief sought other than that held by the Ramos Court to which I have clearly established on November 29, 2021.


## CONCLUSION

**WHEREFORE**, Petitioner Richard Lay moves this Court hold Louisiana's Non-unanimous Jury Verdicts [10-2] unconstitutional on the alternative grounds raised by Lay and enjoin all convictions and sentences in which State v. Lay #215530-C - 22nd Judicial District Court – Parish of Tammany, was used for the conviction, impeachment, and sentencing purposes.


Respectfully submitted this ___12___ day of December, 2021, under the penalty of perjury and good-faith.


**Richard B. Lay #110315**
RLCC Cajun 2 C2 #48
1630 Prison Road
Cottonport, LA 71327

CC
Warren Montgomery
District Attorney
Jerome Winsberg
Judge Ad Hoc

File

2



IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA               DOCKET NO. 11-CRS-112033

    VERSUS                   FILED: _____

RICHARD B. LAY                _____
                                    CLERK OF COURT

EXHIBIT D
#11-CR5-112033

1.     Original and oral bill of information upgrading from misdemeanor to a felony

depriving court of jurisdiction to accept any verdict of guilt on the felony charge but only

a misdemeanor.[1] *State v. Breaux*, 504 So. 2d 11 (La. App. 1 Cir. 1987); *State v. Cook*,

372 So. 2d 1202 (La. 1979)...page 1-4.

March 7 , 2013.

                                    _____
                                    Richard Lay #110315
                                    WNC Elm A-1-9
                                    P.O. Box 1260
                                    Winnfield, LA  71483-1260

cc:   L. Wall, ADA




11.

_____
[1] See La. C.Cr.P. art. 487.

FEBRUARY 14, 2011

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, AUGUST J HAND, DISTRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK OF COURT, LAURA CHABRECK, OFFICIAL COURT REPORTER AND BRIAN VOLTOLINA, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA                              CASE #: 11-CR5-112033
VS
RICHARD LAY                          CHARGE:
                                     BATTERY OF A CORRECTIONAL FACILITY
                                     EMPLOYEE

FEBRUARY 14, 2011                               AUGUST J HAND

THIS CAUSE CAME ON FOR ARRAIGNMENT AND VARIOUS MOTIONS. PRESENT, LEIGH ANN WALL, ASSISTANT DISTRICT ATTORNEY, PAMELA HERSHEY AND THE DEFENDANT, RICHARD LAY.

AT THIS TIME, DUE TO RECUSAL BY THE COURT AND ALL MATTERS FOR THIS DEFENDANT BEING HANDLED BY JUDGE JEROME WINSBERG, THIS MATTER IS CONTINUED UNTIL A LATER DATE. _____

12.



*Exhibit #5*

STATE OF LOUISIANA

DOCKET No: 11-CR5-112033

VERSUS

22ND JUDICIAL DISTRICT COURT

RICHARD B. LAY

PARISH OF WASHINGTON

Date Filed:_____

_____

Deputy Clerk

## MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE
*****************************************************************

Now into the Court comes defendant Richard Lay who moves this Court to "Vacate and Set Aside" conviction and sentence due to lack of Jurisdiction based on defective bill of information.

1). The Bill of information fail to comply with La C. Cr. P. art. 483 insofar it does not State:

(a) Name and Nature of the prior offense; and

(b) The Court of conviction See **State v. Bouzigard,** 286 So. 2d 633, 635 (La. 1973).

October 4, 2016

_____
Richard Lay #110315
R.L.C.C. Cajun 2 A-1
1630 Prison Road
Cottonport, La. 71327

CC
Filed

13.

A True Copy of Original
This_____
_____
Dy. Clerk of Court

*Exhibit B*                    *11-CRS-112033*

*Gave to me*
*open court*
*3-24-11*

JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA – PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

---

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court:

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

---

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY   DOB: 01/02/1959   SSN: 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
     Arrest Date: 12/30/2010
   RAYBURN CORRECTIONAL CENTER, ANGIE, LA. 70426-

DATE OF OFFENSE:          December 21, 2010

COUNT 1
R.S. 14:34.5 BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties. Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.

*while the offender*
*is under the jurisdiction*
*and legal custody of*
*the Dept. of Public Safety*
*and Corrections, or is*
*being detained in any*
*jail, prison, correctional*
*facility, juvenile institutio*
*temporary holding center*
*halfway house, or*
*detention facility.*

WALTER P. REED
DISTRICT ATTORNEY
22ⁿᵈ JUDICIAL DISTRICT
STATE OF LOUISIANA


*14.*          BY:_____

     

MAY 13, 2013

THE TWENTY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE,
DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY
CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS                                          CASE #: 11-CR5-112033
RICHARD LAY                    CHARGE:
                               BATTERY OF A CORRECTIONAL FACILITY
                               EMPLOYEE

May 13, 2013
                                        JEROME WINSBERG

This cause came on for multiple offender hearing.  Present, Leigh Anne Wall, assistant
district attorney, Ernest Barrow, attorney for the defendant and the defendant, Richard Lay.

At this time, the following motions were addressed to wit;

Amended Motion to Disqualify Counsel is denied.
Note objection by Mr. Lay.

Motion for Recusal is denied.
Note objection by Mr. Lay.

Motion to Continue is denied.

Opposition to Multiple Bill is denied.

State witness, Assistant Warden John Jerrell called and sworn.

State Exhibit #1 - Certified copies of record from Rayburn Correctional Center offered, filed
and introduced.

Note Objection by Mr. Lay.

State Exhibit #2 - Certified copies from docket 383759 out of St. Tammany Parish offered,
filed and introduced.

Felix Indest called and sworn.

State Exhibit #3 - Certified copies from docket 215530 out of St. Tammany Parish, offered,
filed and introduced.

Officer James Folks called and sworn.

State offers witness as an expert in the field of fingerprint analysis and the court accept
witness as expert in this field.

State Exhibit #4 - Certified copies from docket 197086 out of St. Tammany Parish, offered
filed and introduced.

State Exhibit #5 - Certified copies from docket 130364 out of St. Tammany Parish, offered,
filed and introduced.

The State submits this matter to the court, whereupon, the court finds the defendant to be a
4th felony offender and hereby vacates and sets aside the previous sentence in this matter
and sentences the defendat as follows;

Pursuant to Act 15:529.1, the court sentences the defendant to serve a period of twenty two
(22) years hard labor without the benefit of probation, parole or suspension of sentence in
the custody of the Louisiana Department of Public Safety and Correction as a 4th felony
offender.

The defendant is given credit for any time served subsequent to arrest and this sentence is
to run concurrent with any sentence now being served.

The court advised the defendant he has two (2) years from the date the judgment of
conviction becomes final to file any and all petitions for post conviction relief.

Thirty (30) days to file for appeal.          15,  

Thirty (30) days to file for reconsideration of sentence.

#130-364; 131-275

2.      (A) The State breached its sentencing agreement of (1) five year sentence in return for my guilty plea whereas I received (4) five year, and (1) two year sentence. *State ex rel. Lafleur v. Donnelly*, 416 So. 2d 82, 84 (La. 1982); *U.S. v. Saling*, 205 F.3d 764, 766-67 (5th Cir. 2000) and *Santobello v. New York*, 404 U.S. 257, 262-63 (1971), to which I have been denied my appellate rights despite reserving the same. *State v. Crosby*, 338 So. 2d 584 (La. 1976).

3.      I was denied the right to counsel without notice and a waiver post-trial and for sentencing purposes.

Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA  71483-1260

Please serve:

Leigh Ann Wall, Asst. District Attorney
905 Pearl Street
Franklinton, LA  70438

Ernest Barrow, III
Attorney at Law
113 E. 23rd Street
Covington, LA  70433

Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA  71483-1260

137

State of Louisiana—Parish of St. Tammany:

Twenty-second Judicial District Court,_____Term, 19 __

To the Honorable, the Twenty-second Judicial District Court of Louisiana, sitting i
and for the Parish of St. Tammany, comes now into open Court the undersigned Assist
District Attorney of the Twenty-second Judicial District of Louisiana, in the name and by th
authority of said State, informs the said honorable Court:

That one   RICHARD LAY

late of the Parish of St. Tammany, on the 7th        day of        November              , in t
year of our Lord, one thousand nine hundred and    eighty-four             , in the Pari
of St. Tammany, aforesaid, and within the jurisdiction of the Twenty-second Judicial Distr
Court of Louisiana, for the Parish of St. Tammany:

COUNT I

Unlawfully violated R.S. 14:72 by falsifying or altering, with the
intent to defraud, of any signature to, or any part of, any writing
purporting to have legal effiacy,

COUNT II

On November 17, 1984, unlawfully violated R.S. 14:72 by falsifying or
altering, with the intent to defraud, of any signature to, or any
part of, any writing purporting to have legal effiacy,

COUNT III

On February 25, 1985, unlawfully violated R.S. 14:67 by committing
the theft of property, belonging to David R. Cooper, valued between
$100.00 and $500.00,

contrary to the form of the Statutes of the State of Louisiana in such cases made and p
vided, and against the peace and dignity of the same.

DOCKET 1

Asst. District Attorney of the 22nd Judicial District of Louisia

138

STATE OF LA.                    22ND JUDICIAL DISTRICT COURT

VS.  # 130364                   PARISH OF ST. TAMMANY

RICHARD B. LAY                  STATE OF LOUISIANA


EXTRACT OF MINUTE ENTRY
------------------------------
MONDAY, JUNE 10, 1985


The  defendant being present in open Court attended by
his Counsel, John  R. Simmons, asked leave of Court to
withdraw his previously entered plea of not guilty and
entered a plea of guilty as charged; whereupon, Court had
the defendant sworn and questioned him as to his knowledge
of the charges against him, the  penalties  for same, his
right to trial by Jury or by Judge, right to confront his
accusers, the right against self-incrimination, the right
to appeal if he were to go to trial and be found guilty and
a plea agreement having been made between the State and the
Defense that the State will dismiss all charges other than
those being plead to at this time, that are pending against
the defendant and any charges or warrants for which the
defendant has not been billed  that are known to the State,
and this having been agreed upon by all parties and the
Court having determined that the defendant is satisfied
with the advice he has received from his Counsel and the
Court being satisfied that the defendant has been adequately
advised of his constitutional rights and that he is making
a free and voluntary waiver of those rights and the State
having given the Court a recitation of the facts in this
case, Court found a factual basis for the plea and accepted
the defendant's plea and the following sentence was imposed:
RICHARD LAY, being a person over the age of 17 years
and having plead guilty herein to Ct. I, unlawfully violated

*139*

SCANNED
AUG 0 6 2008

page 2, # 130364
6/10/85

R. S. 14:72 by falsifying or altering, with the intent to defraud, of any signature to, or any part of, any writing purporting to have legal effiacy, Court at this time sentences him to serve a period of five (5) years at hard labor with the Department of Corrections of the State of Louisiana.

RICHARD LAY, being a person over the age of 17 years and having plead guilty herein to Ct. II, On November 17, 1985, unlawfully violated R.S. 14:72 by falsifying or altering, with the intent to defraud, of any signature to, or any part of, any writing purporting to have legal effiacy, Court at this time sentences him to serve a period of five (5) years at hard labor with the Department of Corrections of the State of Louisiana.

RICHARD LAY, being a person over the age of 17 years and having plead guilty herein to Ct. III, On February 25, 1985, unlawfully violated R. S. 14:67 by committing the theft of property, belonging to David R. Cooper, valued between $100.00 and $500.00, Court at this time sentences the defendant to serve a period of two (2) years at hard labor with the Department of Corrections of the State of Louisiana.

Court ordered that all sentences imposed herein are to run concurrently with each other and to run concurrently with the sentence imposed under docket # 131275 and the defendant is to receive credit for time served.

A. CLAYTON JAMES

JUDGE DIVISION "E"

A TRUE EXTRACT

*Barbara Huddleson*

Deputy Cl   d Jud. Dist. Court
St. Tammany Parish, La.

140

SCANNED

AUG 06 2008



Louisiana
State Bar
Association
*Serving the Public. Serving the Profession.*

William N. King
Professional Programs Counsel for Practice Assistance

bking@lsba.org

May 16, 2013

Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA 71483

Re:     Attorney-Client Assistance Program
        File #2013-RR-053C
        Richard Lay/Ernest E. Barrow, III

Dear Mr. Lay:

Thank you for participating in the conference call of May 14, 2013. Unfortunately, we were unable to resolve your complaint. As I explained, this office, after a file has been referred to this office by the Office of Disciplinary Counsel, attempts to resolve those complaints against attorneys. However, it appears that Mr. Barrow's representation of you is essentially over. You indicated you are extremely dissatisfied with Mr. Barrow's representation and his categorization that his representation was in an advisory capacity. Your complaint concerns the quality of Mr. Barrow's representation as well as the actions of the court. Those issues should be brought up on appeal and your post-conviction remedies.

However, as this matter is unresolved, our only recourse is to forward the file back to the Office of Disciplinary Counsel for their review. I understand you believe Mr. Barrow violated the Rules of Professional Conduct. The Office of Disciplinary Counsel will determine if there is sufficient evidence to open a full investigation. They will receive a copy of all correspondence.

Our file has been closed as unresolved. The Office of Disciplinary Counsel will contact you. Thank you for your attention in this matter.

Sincerely,

William N. King
Professional Programs Counsel

WNK/wr

cc:  Ernest E. Barrow, III

141

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA                          DOCKET NO. 11-CR5-112033

VERSUS                                      FILED: _____

RICHARD LAY                                 _____
                                            CLERK OF COURT

## OPPOSITION TO MULTIPLE BILL

NOW INTO COURT comes defendant Richard Lay who opposes the use of the

multiple bill for the following reasons:

### BACKGROUND (383759-F)

On July 20, 2004 a bill of information was filed charging defendant Lay with

violating La. R.S.14:27/40:967.C by actual possession of cocaine. On January 27, 2006

defense counsel Spell moved for appointment of a sanity commission which was granted.

Defendant Lay filed several pro se "Motions to Quash" the bill of information based on

variance in the evidence alleged in the bill of information and discovery. Defendant Lay

filed two pro se motions for recusal of the trial judge on May 4 and 5, 2006. On October

26, 2006 the trial court held the competency hearing and found defendant Lay competent

to proceed over my objections that he lacked jurisdiction due to timely motions for his

recusal were pending, to which he overruled. The recusal motions were set for hearing

and ruling before Judge Ad Hoc Elaine Gulliot/Dimiceli on December 1, 2006 which was

continued to December 21, 2006 to allow discovery and issuance of witness subpoenas, to

be exercised pro se. On December 14, 2006, Judge Ad Hoc Dimiceli denied the motions

for recusal ex parte contrary to my due process rights under La. C.Cr.P. art. 675.D. timely

motions for new trial from the December 14, 2006 judgment was denied by the trial judge

(Coady). On January 17, 2007 the trial court ex parte denied all pro se motions to quash

the bill of information based upon variance without my presence or waiver. On March 26,

2007 defendant Lay requested to proceed pro se due to conflict of interest and ineffective

counsel which the court erroneously denied alleging he feels I need counsel. On March

29, 2007 I was found guilty of violating R.S. 14:27/40:967.C by use of facsimile cocaine.

Defendant Lay filed several pro so Motions for New Trial, Post-Verdict Judgment of

Acquittal and Arrest of Judgment setting forth specific written grounds for relief pursuant

142

to *State v. Melon*, 660 So. 2d 466 (La. 1995) which remains outstanding without any rulings. On April 16, 2007 I was sentenced to the maximum sentence of 2 ½ years, and arraigned on the multiple bill of information under La. R.S.15:529.1 and entered the plea of not guilty and again requested to represent myself for May 31, 2007 sentencing hearing and was denied without a Farretta hearing. Defendant Lay filed specific written objections to the multiple bill of information that the State failed to respond to and the trial court refused to address in violation of my due process rights under *State v. Melon*, supra. On May 31, 2007 I moved to Quash the multiple bill hearing as untimely pursuant to *State ex rel. Williams v. Henderson*, 289 So. 2d 74 (La. 1974) and was denied by retroactively applying *State v. Muhammad*, 875 So. 2d 45 (La. 5/25/04) to destroy the vested defense in effect on April 16, 2004, the date of my offense. I was adjudicated a fourth offender and sentenced to 20 years despite the original sentence having expired on May 25, 2007. The First Circuit Court of Appeal in an unpublished opinion under docket number 2007-KA-2155 on June 6, 2008. The Louisiana Supreme Court denied writs under docket number 2008-KH-2329 on June 19, 2009. Both appellate courts refused to consider my pro se objections under LSA-R.S.15:529.1.D(1)(a)(b).

1.     The State courts have erroneously misapplied Strickland's two prong test in determining petitioner Lay's federal and state constitutional / statutory violations in clear disregard of controlling United States Supreme Court and State of Louisiana's jurisprudence.

2.     The state courts have yet to determine petitioner Lay's state claims under Strickland's two prong test.

3.     The state courts have yet to determine my Sixth Amendment claims under *Cronic v. United States*, 466 U.S. 648, 659 (1984); and *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).

## FACTS

On April 16, 2004, I was arrested and charged with violating La. R.S. 14:27/40:967.C by actual possession of cocaine, to which *State ex rel. Williams v. Henderson*, 289 So. 2d 78 (1974) mandated a multiple bill adjudication and sentence be held and imposed prior to expiration of the original sentence. On May 25, 2004, *State v. Muhammad*, 875 So. 2d 45 overruled *State ex rel. Williams*, supra, which stood for the

principle that the multiple bill sentence had to be imposed prior to expiration of the original sentence without legislative intervention for over 30 years. On April 16, 2007, a 2 ½ years sentence was imposed with credit for time served to which I was arraigned under a multiple bill of information to which I gave notice to the court and State that I was entitled to immediate release. I was released form custody of the Department of Corrections on May 25, 2007 with my full term sentence to expire May 29, 2007, returned to St. Tammany Parish Prison and held without bond or a warrant for the May 31, 2007 multiple bill hearing. On May 31, 2007, I moved orally to quash the multiple bill of information due to expiration of the original sentence of 2 ½ years under *State ex rel. Williams*, supra, and *State ex rel. Glynn v. Blackburn*, 485 So. 2d 926 (La. 1986) which was overruled based upon *State v. Muhammad*, supra, to which the Louisiana Supreme Court gave no indication it was to be applied retroactively.

## SENTENCING ERRORS (383759-F)

1. The retroactive application of *State v. Muhamad*, 875 So. 2d 45 (La. 5/25/04) to my offense committed on April 16, 2004 violates both state and federal prohibition against ex post facto laws.

2. The retroactive application of *State v. Muhammad*, 875 So. 2d 45 (La. 5/25/04) to my offense committed on April 16, 2004 violates both state and federal principles of fair warning under the due process clause.

3. The retroactive application of *State v. Muhammad*, 875 So. 2d 45 (La. 5/25/04) to my offense committed on April 16, 2004 violates my due process and equal protection rights under *State ex rel Williams v. Henderson*, 289 So. 2d 74 (La. 1974) to have the multiple bill of information quashed due to service of the original sentence of 2 ½ years in full prior to holding of the adjudication hearing.

4. The increase of a final sentence violates both state and federal due process and double jeopardy clauses in light of both La. C.Cr.P. art. 881.A; and *State ex rel. Williams v. Henderson*, 289 So. 2d 74 (La. 1974) prohibited the same which was in effect on April 16, 2004 the date of my offense.

5. The use of *State v. Lay*, #215530 violated my due process and Sixth Amendment right to counsel insofar as the appellate court relied upon the suppressed Sanity Commission report to order a remand for a retrospective competency hearing rather than a new trial.

## ARGUMENT 1

### A. Federal Ex Post Facto Clause

Article 1, §10 of the United States Constitution forbids states from passing any ex post facto law. While the text of the federal constitution does not define the term, its meaning has been understood since the United States Supreme Court's decision in *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 648 (1798).

The Supreme Court of the United States has recognized two purposes behind the prohibition against ex post facto laws. First, it serves "to assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S.Ct. 960, 964, 67 L.Ed. 2d 17 (1981). Secondly, it "restricts government power by restraining arbitrary and potentially vindictive legislation." *Id.*

Naturally, the clearest type of ex post facto laws are those which create a new substantive crime for conduct not criminal at the time the conduct occurred and which apply the prohibition against the new conduct retroactively. Charles E. Torcia, Wharton's Criminal Law, §13 (15th Ed. 1993); Lafave, Scott, supra (pg. 16) at §2.4. Similarly, statutes affecting criminal law by attempting to make conviction easier by eliminating a former element of an offense, taking away a defense formerly available, or changing the burden of proof have been held to be ex post facto. See *Beazell v. Ohio*, 269 US. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925). Situations where a crime's penalty is increased, and the new penalty is applied retroactively have been held ex post facto. *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed. 2d 30 (1990) adopting the *Beazell* formulation for ex post facto purposes.

The State's use of *State v. Muhammad* to destroy the preemptive defense judicially created by the Louisiana Supreme Court to my offense committed before its ruling clearly violates Article 1, §10, of the United States Constitution as interpreted by the United States Supreme Court.

### B. Louisiana Ex Post Facto Clause

Current Louisiana cases address this issue by determining whether a law passed after the commission of an offense which in relation to that offense or its punishment alters the situation of a party to his advantage. To qualify as an ex post facto law under

4

145

this inquiry, the suspect legislation: (1) must be passed after the date of the offense, (2) must relate to the offense or its punishment and (3) must alter the situation of the accused to his disadvantage. See, e.g., *Police Association of New Orleans v. New Orleans*, 649 So. 2d 951 (La 1995); *State ex rel. Turner v. Maggio*, 463 So. 2d 1304, 1307 (La. 1985); *State ex rel. Bickham v. Dees*, 367 So. 2d 283, 291 (La. 1978)(quoting *Calder v. Bull*, supra); *State v. Ferrie*, 243 La. 416, 144 So. 2d 380, 382 (1962); *State v. Caldwell*, 50 La. Ann. 666, 670, 23 So. 2d 869 (1898). See also *King v. La. Dept. Corrections*, 754 So. 2d 1119, 1122 (La. App. 1 Cir. 2/18/00)(La. Civ. Code art. 6).

The State's use of *State v. Muhammad*, to destroy the preemptive defense judicially created by the Louisiana Supreme Court to my offense committed before its ruling clearly violates Article 1, §23 of the Louisiana Constitution of 1974 as interpreted by the Louisiana Supreme Court.

## ARGUMENT 2

Article 1, §2 of the Louisiana Constitution of 1974 provides that "no person shall be deprived of life, liberty, or property, except by due process of law." One of the goals of Louisiana's system of justice is to provide both the accused and the State fair and prompt trials, appeals, and further proceedings to correct error. *Michel v. Louisiana*, 350 U.S. 91, 76 S.Ct. 158, 160, 100 L.Ed. 83, 89 (1955); *Logan v. Zimmerman, Bruch Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed. 2d 265, 279 (1982).

Following *Dreaux*[1], this court has consistently held that habitual offender proceedings do not charge a separate crime but merely constitutes ancillary sentencing proceedings such that the punishment for a new conviction is enhanced. *State v. Dorthey*, 623 So. 2d 1276, 1278-79 (La. 1993); *State v. Walker*, 416 So. 2d 534, 536 (La. 1982); *State v. Williams*, 326 So. 2d 815, 818 (La. 1976). Additionally it is generally settled that the law in effect at the time of the commission of the offense is determinative of the penalty which is to be imposed upon the convicted accused. See *State v. Narcisse*, 426 So. 2d 118, 130 (La. 1983); *State v. Wright*, 384 So. 2d 399, 401 (La. 1980); *State v. Gros*, 205 La. 935, 938, 18 So. 2d 507, 507 (1944), cert denied, 326 U.S. 766, 66 S.Ct. 170, 90 L.Ed. 462 (1942). See also *State v. Sugasti*, 820 So. 2d 518 (La. 6/21/02) where

---

[1] *State v. Dreaux*, 205 La. 387, 392, 17 So. 2d 559, 560 (La. 1944).

5   146

these principles were reaffirmed; and *State v. Parker*, 845 So. 2d 546, 550-51 (La. App. 1 Cir. 3/05/03).

The State's use of *State v. Muhammad* rather than *State ex rel. Williams v. Henderson*, in effect to preempt increasing my final sentence as of May 25, 2007, on May 31, 2007 violated my due process rights to have said multiple bill of information determined thereunder.

### ARGUMENT 3 / 4

The primary purpose of the double jeopardy clause is to protect the finality of judgments. *United States v. Scott*, 437 U.S. 82, 92, 57 L.Ed. 2d 65, 98 S.Ct. 2187 (1978); *Crist v. Bretz*, 437 U.S. 28, 33, 57 L.Ed. 2d. 24, 98 S.Ct. 2156 (1978). One of the interests protected by constitutional finality is that of the defendant to be free from being compelled to "live in a continuing state of anxiety and insecurity." *Green v. United States*, 355 U.S. 184, 187, 2 L.Ed. 2d 199, 78 S.Ct. 221 (1957). The clause applies to "multiple punishment" because, if it did not apply to punishment, then the prohibition against "multiple trials" would be meaningless; a court could achieve the same result as a second trial by simply resentencing a defendant after he has served all or part of an initial sentence. See *Ex Parte Lange*, 85 U.S. (18 Wall.) at 175. Similarly, if a court can "increase a defendant's sentence after service has begun for any reason, or for no reason at all, then the interest in protecting a defendant from being compelled to live in a continuing state of anxiety is lost.

Thus, the issue before this court is whether the defendant in this case had a legitimate expectation of finality in the severity of his sentence originally imposed by the district court per se and after service in full prior to the multiple bill adjudication hearing and sentence rooted in state law.

### A. Art. 881. Amendment of Sentence

A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence. *State v. Bush*, 875 So. 2d 134 (La. App. 2d Cir. 2004); *State v. Kennerson*, 817 So. 2d 110 (La. App. 3d Cir. 2002). See also *State v. Gant*, 558 So. 2d 705 (La. App. 1st Cir. 1990), cert. den. 564 So. 2d 319 (La. 1991).

B. The Louisiana Supreme Court's per curiam opinion in *State ex rel. Glynn v.*

147

*Blackburn*, 485 So. 2d 926 (La. 1986) which cited *State ex rel. Williams v. Henderson*, 289 So. 2d 74 (La. 1974) for the proposition that proceedings to enhance a sentence under La. R.S.15:529.1 must be completed before the defendant satisfies his sentence on the underlying felony and has been discharged from custody for that offense.

The United States Court of Appeals in *Hernandez v. Quarterman*, 340 Fed. Appx. 210, 2009 U.S. App. LESIS 16759 (5th Cir. 2009)[2] held:

It would be unreasonable to conclude that a double jeopardy violation has not occurred if (1) a prisoner legitimately, i.e. reasonably, believes that his sentence would end on a date certain, (2) that date comes, (3) the State takes some action consistent with a completed sentence, and (4) the State thereafter reincarcerates that former prisoner because of a change in the previous interpretation of La. R.S.15:529.1 after commission of my offense (emphasis added). *United States v. Di Francesco*, 449 U.S. 117, 136, 101 S.Ct. 426, 66 L.Ed. 2d 328 (1980); and *In Re Bradley*, 318 U.S. 50, 52, 63 S.Ct. 470, 87 L.Ed. 2d 608 (1943). See *St. Pierre v. United States*, 319 U.S. 41, 87 L.Ed. 1199 (1943)(a sentence is moot once fully served). Compare *State v. Smith*, 700 So. 2d 493 (La. 1997). See also *United States v. Morton*, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed. 2d 680 (1984)(lack of subject matter jurisdiction); and *Arrellamo-Rios*, 799 F.2d 5520 (190)(citing *Lange* and *Bradley*, to prevent an increase of a final sentence).

The State's increase of my final sentence originally imposed on April 16, 2007 on May 25, 2007, over my objections pursuant to *State ex rel. v. Williams*, and *Glynn* clearly is contrary to my due process and double jeopardy rights under said cases and La. C.Cr.P. art. 881.A in effect on the date of my offense (April 16, 2004).

## ARGUMENT 5 (215530)

Had counsel Doyle Spell made these specific objections to use of *State v. Lay* #215530 none of the prior predicates including #215530 could have been used for sentencing purposes under state law.

---

[2] Unlike *Hernandez*, Petitioner Lay has identified two sources in state law to prohibit the increase of a legal final sentence in effect on the date of my offense for double jeopardy protection under *Di Francesco*. See *Hernandez v. Thaler*, 366 Fed. App. 530, 2010 U.S. App. LEXIS 3203 (5th and 11th Cir. 2010).

(1)    The trial court suppressed the sanity commission reports of Dr. Pratt and Ourso due to; 1) the reports and examination were untimely; 2) Dr. Ourso was not licensed at the time of his appointment; and 3) defendant was denied the right to consult with counsel prior to examination contrary to his due process and Sixth Amendment right to counsel under USCA Amen. 5 and 6. On March 27, 1995 , before Judge Ad Hoc Hillary J. Crain. *Estelle v. Smith*, 431 U.S. 454, 467-69 (1981); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); and *Satterwhite v. Texas*, 486 U.S. 249, 260, 108 S.Ct. 1792 (1988).

(2)    The trial court upon oral motion of defense counsel Douglas Ellis, on March 27, 1995, vacated the appointment of the sanity commission and defendant's only plausible defense of not guilty and not guilty by reason of insanity without first holding a mandatory contradictory hearing under La. C.Cr.P. art. 647 contrary to my due process rights under *State v. Nomey*, 613 So. 2d 157 (La. 1993); *Pate v. Robinson*, 383 U.S. 375 (1966); and *State v. Carney*, 663 So. 2d 470 (La. App. 2nd Cir. 1995)(cases cited).

(3)    The trial court's determination of competency to proceed on March 27, 1995[3] without compliance with *State v. Bennett*, 345 So. 2d 1129 (La. 1977)(rehearing); *State v. Nomey*, supra, coupled with the fact he relied upon the suppressed sanity commission report of Dr. Pratt which contained false statements that I failed to appear for my initial sanity hearing and missed several appointments for evaluation with Dr. Pratt when in fact no notice of these alleged hearings/appointments were served upon me as mandated by La. C.Cr.P. article 731 is contrary to my due process and Sixth Amendment right to counsel. *Estelle v. Smith*; and *Satterwhite v. Texas*, supra.

(4)    (A) The appellate court's February 14, 1997 decision remanding for a full retroactive competency hearing based upon the suppressed sanity commission report of Dr. Pratt which contained the false statements that I failed to appear for my initial sanity hearing and missed several appointments for evaluation with Dr. Pratt when in fact no notice of these alleged hearing/appointments were served upon me as mandated by La. C.Cr.P. article 644.8 and 731 is contrary to my due process and Sixth Amendment right to counsel. *Estelle v. Smith*, supra; *Satterwhite v. Texas*, supra; and *Strickland v.*

---

[3] First trial on June 12, 1995 ended in a hung jury. Second trial on September 18, 1995 resulted in a conviction.

8    149

*Washington*, supra.

(B) The appellate court's February 14, 1997 decision remanding for a full retroactive competency hearing rather than vacating the conviction and sentence and remanding for a new trial is contrary to *State v Nomey*, supra; *Pate v. Robinson*, supra; and *State v. Carney*, 663 So. 2d 470 (La. App. 2nd Cir. 1995) mandating automatic reversal under the due process clause, see *State v. Seals*, 831 So. 2d 828 (La. 2002).

(5)     The trial court on remand for the retrospective competency hearing failed to place the burden upon the State of Louisiana to prove beyond reasonable doubt the admissible[4] documents in the trial proceedings showed the defendant to be competent under *State v. Nomey*, supra; *State v. Seals*, supra; and *Pate v. Robinson*, supra, is contrary to and an unreasonable application of those cases. See *State v. Snyder*, 50 So. 2d 832 (La. 1999) citing *Lokus v. Capps*, 625 F.2d 1258 (5th Cir. 1980) and *Reynolds v. Norris*, 86 F.3d 696, 802 (8th Cir. 1996).

(6)     The First Circuit Court of Appeal's decision based upon the conclusion that counsel Ellis' decision to withdraw the not guilty and not guilty by reason of insanity plea and the request for determination of my competency at the time of this offense and to proceed was a tactical[5] decision is misplaced since insanity was my only possible plea, I was currently under psychotropic medication and mental health treatment, I previously found not guilty by reason of insanity by the 22nd Judicial District Court, Parish of St. Tammany and sentenced to East Feliciana State Hospital for several years and I have been hospitalized and treated for numerous psychiatric illnesses in various states in the United States within the past 30 plus years for paranoid schizophrenic; anti-social personality; bipolar disorder; drug dependency prone - mixed typed. That no determination of my competency at the time of this offense was ever made as indigent as required under *Lynch v. Overholser*, 369 U.S. 705, 708-09; *State v. Bennett*, supra…nor a lawful determination of my competency to proceed in accordance with due process as

---

[4] The State of Louisiana and the trial court used the suppressed sanity commission reports and findings contrary to my due process and Sixth Amendment right to counsel in finding of competency to proceed on September 18, 1995.
[5] In *Bouchillon v. Collins*, 907 F.2d 589 (5th Cir. 1990) held tactical decisions must be made in context of reasonable amount of investigation not in vacuum. It is not enough to assume that counsel…though there was no defense, and exercised his best judgment…neither [he] nor the court could say what a prompt and thorough ongoing investigation might disclose as to facts. *Powell v. Alabama*, 287 U.S. 45, 58, 53 S.Ct. 55, 60 (1932). See *Davis v. Alabama*, 596 F.2d 1214 (5th Cir. 1979).

9



mandated by La. C.Cr.P. article 647, is contrary to and an unreasonable application of

*Strickland v. Washington*, supra. See also evidentiary hearing transcript before this court

in *Lay v. Blackburn*, 86-3807 (E.D. La. 1986) and the psychiatric records filed therein.

Petitioner Lay continues to suffer from psychiatric problems as evident by the psychiatric

records filed in *State v. Lay*, 383759-F from the State of Mississippi involving his

competency at the time of the offense; to proceed to trial; and the insanity defense.

(7)      Defendant was deprived of a fair trial by allowing the State witnesses Simon and

Swenson to testify as to what out of court declarants did and said without objection by

counsel; and an opportunity to confront and cross examine them.

        A hearsay statement is a statement, other than one made by the defendant while

testifying at the present trial or hearing, offered in evidence to prove the truth of the

matter asserted. 5 John H. Wigmore, *Evidence in Trial at Common Law* 1364 (Chadbourn

Rev. 1924); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence 800*

(04)(1991); La. Code Evid. Art. 801(C); *State v. King*, 355 So. 2d 1305 (La. 1978). In the

present case such testimony by Officer Simon and Swenson consisting of out of court

declarants was offered for purpose of showing the truth of their statements and to bolster

their credibility which was an issue to be resolved by the jury. *Idaho v. White*, 110 S.Ct.

3129.

        On direct examination concerning the night of December 3, 1992, and my identity

Officer Simon testified he knew me from prior dealings and I ran from car to car to locate

crack to sell to him suggesting that I sold him crack on more than one occasion. Counsel

failed to object and move for mistrial on the basis of other crimes evidence to which no

Prieur notice was given and due to the prejudicial effects of these statements. 277 So. 2d

126 (La. 1973); and *Old Chief v. U.S.*, 519 U.S. 172, 117 S.Ct. 644 (1997).

        Generally, an explanation of the officer's action should be an acceptance basis

upon which to admit an out of court declaration when the so called "explanation"

involves a direct assertion of criminal activity by the accused. *State v. Hearold*, 603 So.

2d 731 (La. 1992); *Idaho v. White*, supra.

        As held by the U.S. Supreme Court in *Tennessee v. Street*, 471 U.S. 409, 413

(1985), the confrontation clause is violated when "hearsay evidence" is admitted as

substantive evidence against the defendant with no opportunity to cross examine the



hearsay declarants at trial. See *Ohio v. Roberts*, 448 U.S. 56, 65-66 (See *State v. Bernard*, 326 So. 2d 332; state statute cannot prevail against constitutional rights declared by U.S. Supreme Court).

(8)     The State committed perjury in denying disclosure of the CI, the only eye witness to this false arrest/conviction.

In *Rovario v. United States*, 353 U.S. 53 (1957), the Supreme Court crafted a balancing test to determine when the government must disclose the identity of a confidential informant. The Rovario test requires courts to balance the defendant's need for disclosure to ensure a fair trial with public's interest in preserving the informant's anonymity and encouraging citizens to report crime. A defendant my satisfy the burden of showing need by establishing that the informant is a material witness or that the informant's testimony is crucial to the defense. See *State v. Dabon*, 337 So. 2d 502, 503 (cases cited).

In *State v. Johnson*, 532 So. 2d 103 (La. 1988) the court held once the identity of the undercover officer / CI has been revealed, the privilege of withholding that information no longer serves its underlying purposes. Cr. *State v. Dick*, 362 So. 2d 547, 550 (La. 1979); See also *State v. Gaines*, 532 So. 2d 103 (La. 1988)(cases cited).

The disclosure of the CI was mandated under law once revealed by the State in *State v. Fortenberry*, #215,321, 22nd J.D.C., Parish of St. Tammany, on April 24, 1994 over a year before both of my trials and motion to identify him by officers Simon and Strahan involving the same drug operation (Masquerade) I was under prosecution for yet these witnesses and the DA's office suppressed the fact he was revealed through the perjured testimony of officer Simon and Swenson.

(9)     The State deprived me of a fair trial by suppression of Brady and Giglio material resulting in knowing use of perjured testimony by officers Thompson, Swenson, and Simon by the State of Louisiana.

In *U.S. v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976) held that duty to disclose Brady material is applicable even though there has been no request by the accused, and that duty encompassed impeachment evidence as well as exculpatory evidence. *U.S. v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, within the ambit of Brady involving knowing use of perjured testimony, reversal was required if there was, "any

reasonable likelihood" that the false testimony had affected the verdict. *Id.* at 103 (citing

*Giglio v. U.S.*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), in turn quoting

*Napue v. Illinois*, 360 U.S. 264, 271, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959). The court

has treated "reasonable likelihood" as synonymous with "reasonable possibility" and thus

has equated materiality in the perjured testimony cases with a showing that suppression of

the evidence was not harmful beyond a reasonable doubt. *Bagley*, supra at 678-680, and

N. 9, 105 S.Ct. 3375, see also *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123

L.Ed. 2d 353 (1993)(defining harmless beyond a reasonable doubt standard as no

reasonable possibility that the trial error contributed to the verdict).

    The State knowingly suppressed Officer Simon and Strahan's testimony in *State*

*v. Fortenberry*, supra, who worked as a team collecting the evidence under operation

which impeaches all three state witnesses testimony at my trial in September 1995

resulting in conviction in pertinent part:

> (A) Officer Simon never kept and preserved the evidence in his file
> cabinet in which he was the only one with a key but the evidence was
> placed in a mailbox. Which Officer Thompson had the only key and she
> retrieved daily for processing.
> (B) Officer Strahan revealed the informant who worked with Simon by
> Milton Melvin Wilson a.k.a. Zeke which Officer Simon and Swenson
> swore they would never reveal for fear of his life (CI) and never been able
> to get someone else at my trial.
> (C) Officer Thompson testified at my trial she never collected the evidence
> for processing until gave her by Officer Simon on January 5, 1993.

    The State knowingly suppressed Officer Simon's testimony in *State v. Thornton*,

671 So. 2d 481, 484 (La. App. 1st Cir. 1995) and allowed him to testify falsely as follows;

> A. The make-up was black at my trial and brown in 1994.
>
> B. That he used four patrol cars stationed four blocks away and he didn't
> know the officer's name at my trial, but in 1992 on same date and night
> there was no patrol cars but Strahan was in position by himself conducting
> surveillance.
>
> C. That he couldn't get an officer close enough in position to conduct a
> surveillance when Strahan in fact was on December 3, 1992 the date of my
> offense; and
>
> D. That there was no witness to the drug buy on behalf of the State other
> than the CI when in fact Strahan was witnessing the same.

    The transcript of Thornton and Fortenberry which were available at both trial,

motions to suppress evidence and motions to reveal the CI were Brady material as

recently affirmed by the U.S. Supreme Court in *Strickles v. Greene*, 119 S.Ct. 1936

153

(1999), since (1) it was impeaching; (2) it was suppressed by the State and (3) petitioner was prejudiced. Thus, the question is not whether the defendant would more than likely than not received a different verdict with the suppressed evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. *Id.* at 1940, citing *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed. 2d 490. See also *State v. Fuller*, 721 So. 2d 1, 13 (La. App. 1st Cir. 1998).

Officer Simon and Strahan's trial testimony in Thornton and Fortenberry favors and supports defendant trial testimony that he was framed by these two officers in light of the fact officer Jay Strahan sat at all pretrial motions hearings and both trials and allowed the State of Louisiana through officer Simon, Swenson and Thompson to testify falsely resulting in my conviction without due process.

(10)    The State of Louisiana subjected defendant to double jeopardy by filing a bill of information charging him with violating LSA-R.S. 40:967.A(1) and 40:981.3; returning a verdict of guilt as to LSA-R.S. 40:967(C) and 40; 981.3 involving the same evidence and again enhancing my sentence under LSA-R.S. 15.529.1 after enhancing my conviction under LSA-R.S.40:967.(C) and under R.S. 40:981.3.

The penalty provisions enacted in R.S.40:981.3 were intended by the legislature to delimit the permissible punishment for that offense because the statute takes into account the fact of defendant's predicate conviction(s) under LSA-R.S.40:967(C) and the legislature gave no indication that it intended the multiple billing procedure to remain available as a vehicle for further enhancement of the penalty. *State v. Brown*, 648 So. 2d 872, 878 (La. 1995); *State v. Sanders*, 337 So. 2d at 1135. The results in Sanders were in keeping with well established doctrine that criminal and penal laws are strictly construed. LSA-R.S. 14:3; *State v. Gayle's*, 313 So. 2d 799 (La. 1975)(cases cited) and consistent with *State v. Carroll*, 337 So. 2d 475 (La. 1976), where the court deciding whether the legislature intended for the defendant's act to constitute more than one violation of a criminal statute, held that in absence of an express legislative intent, any doubt should be resolved in favor of lenity; and not so as to multiply the penalty imposed upon defendant. See *State v. Cox*, La. 1977, 344 So. 2d 1024; *State Pizza*, La. 1992, 596 So. 2d 817; *North Carolina v. Pearce*, 395 U.S. 711; *Crist v. Brets*, 437 U.S. 28, 29; *U.S. v. Johnson*, 467 U.S. at 499; *Garrett v. U.S.*, 471 U.S. 773, 779. See Legislative bill

13

154

enacting La. R.S. 40:981.3 and *State v. Murray*, 357 So. 2d 1124 (La. 1978)(double jeopardy).

(11)    The State of Louisiana through its judicial systems denial to vacate and set aside the conviction and sentence stems from a contrary and an unreasonable application of the aforesaid clearly established jurisprudence or based upon facts not contained in the records thus mandating an evidentiary hearing with counsel as indigent. *Schriro v. Landrigan*, 127 S.Ct. 1933 (2003).

(12)    This unconstitutionally obtained conviction was used on May 31, 2007 to enhance my present sentence number 383759-F under LSA-R.S.15:529.1.

(13)    Had counsel Spell challenged the use of *State v. Lay* #215530 being used to enhance my sentence under a. R.S. 15:529.1 as an absolute nullity being that it was obtained without a lawful determination of my competency to proceed this conviction could not be used nor any of the others being that more than 10 years has elapsed between those convictions and my conviction on April 16, 2007.

On the 22nd day of September, 1994 the trial judge appointed a sanity commission upon defense motion. On March 27, 1995 the trial judge unlawfully allowed defense counsel to withdraw my only plausible defense to the criminal charge of not guilty and not guilty by reason of insanity, and the Application to Determine My Competency an Appointment of Independent Expert without notice and my consent. On the 18th day of September, 1995, I was found guilty and sentenced upon violating LSA-R.S.40:981.3 and 15:529.1. On May 3, 2007 this conviction was used to enhance *State v. Lay* #383759-R affirmed on appeal under 2007-KA-2155.

These convictions and sentences are null and void due to the trial court's breach of statutory and my due process rights by allowing the case to proceed to trial after erroneously allowing counsel to withdraw the appointment of the sanity commission and my only plausible defense of not guilty and not guilty by reason of insanity without notice and my voluntary consent.

Louisiana's statutory scheme for detecting mental incapacity "jealousy guards a defendant's right to a fair trial." *State v. Nomey*, 613 So. 2d 157, 161 (La. 1993); *State v. Rogers*, 419 So. 2d 840 (La. 1982); LSA-C.Cr.P. arts. 641 et. seq. Prosecuting a defendant who lacks the mental capacity to understand the nature and object of the

14

proceedings against him or to assist in his defense violates his right to due process. *Nomey*, supra. Similarly, failing to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. *Nomey*, supra, citing *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed. 2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed. 2d 815; *Rogers*, supra.

"Due process and Louisiana's statutory law requires that the issue of the defendant's mental capacity to proceed shall be determined by the court." *Rogers*, supra at 843. LSA-C.Cr.P. arts. 642 and 643.

Furthermore, the above articles, when read pari materia, implicitly require the trial court to rule on the defendant's motion and determine whether a "reasonable ground to doubt the defendant's mental capacity" exists before proceeding further in the prosecution. Withdrawing a Motion to Appoint a Sanity Commission is a further step in the prosecution. Also, permitting such a motion to be withdrawn takes the ultimate decision of competency away from the court. *Pate*, supra at 383-84; *State v. Harris*, 406 So. 2d 128 (La. 1981).

As stated by Justice Blackmon, "the Due Process Clause does not simply forbid the State from trying and convicting a person who is incompetent. It also demands adequate anticipatory, protective procedures to minimize the risk that an incompetent person will be convicted. *Medina v. California*, 505 U.S. 437, 458, 112 S.Ct. 2572, 2584, 120 L.Ed. 2d 353 (1992)(Blackmon, J. dissenting)(emphasis in original); *Nomey*, supra. To uphold this conviction and sentence would deprive defendant of the protective measures set forth in Louisiana's criminal code and, thus, deprive defendant of his due process rights. See *Nomey*, supra.

## TRIAL ERROR (383759-F)

Trial counsel Doyle Spell was ineffective by allowing the State to constructively amend the bill of information to change the evidence from cocaine to imitation cocaine after trial had begun without objection despite knowledge that my Motion to Quash based on the evidence in the bill of information (cocaine) and testimony in the preliminary hearing and discovery alleged only facsimile cocaine was denied on January 19, 2002.

156

LSA-C.Cr.P. art. 487 provides that the court may order an indictment amended before trial begins. If the indictment is amended after trial begins, "a mistrial shall be ordered." The Fourth Circuit adopted this principle in *State v. Wheeler*, 665 So. 2d 286 (12/14/95). There the court found that the trial court committed reversible error by allowing the State just like in Lay's case to amend the indictment against the defendant to charge her with a different violation during trial.

The Wheeler court was following the Supreme Court precedent set in *State v. Johnson*, 637 So. 2d 1033 (6/03/94). The court held that the State may not substantively amend a bill of information to charge a new offense once trial has begun. In Johnson, at trial the evidence revealed that appellant possessed both cocaine and imitation cocaine, or "bunk." The original charges against the appellant were for possession of cocaine with the intent to distribute. In his instructions to the jury, the trial court instructed them that they could return a guilty verdict if they found that the appellant had violated the relevant statute on possession of a counterfeit controlled substance. The Supreme Court ordered the conviction overturned. See *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

The court in Johnson explained that the Louisiana Constitution provides that in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. This requirement protects the accused to prepare a defense and exercise fully his rights of confrontation and cross examination. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. *State v. Johnson*, 637 So. 2d 1033, at 1034-35 (internal quotations and citations omitted).

Here the minutes reflect that on January 19, 2007 the trial court denied all pro se motions to quash based on variance in the evidence alleged in the bill of information (cocaine) and discovery (imitation cocaine). There was never any amendment of the bill of information prior to trial and the jury charge broadened the possible basis for a conviction by adding a new and separate crime not contained in the bill of information to consider. Additionally, no instruction was given concerning the attempt, possession of actual cocaine to which defendant Lay objected.

The Sixth Amendment guarantees defendants the right to effective assistance of counsel at every critical stage of the proceedings against them. *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001). See *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed. 2d 1 (2003). this right is denied when defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense. *Yarborough*, 540 U.S. at 5, 124 S.Ct. 1, citing *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed. 2d 471 (2003). This court reviews claims of ineffective assistance of counsel under the two pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

First, counsel's assistance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This court has described this standard as requiring that counsel "research relevant facts and law or make an informed decision that certain avenues will not be fruitful." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)(quoting *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 199). Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention. *Id*. Lay's trial counsel (Doyle) failed to meet this standard by failing to raise the herein specific objections to the trial errors resulting in the conviction and sentencing errors resulting in the increase of my sentence after service of the original sentence in full.[6] Additionally, appellate counsel (Beard) was ineffective for refusing to assign the herein claims on direct appeal under the assignment of ineffective trial counsel resulting in a denial of a due process appeal with effective counsel.

### VINDICTIVE PROSECUTION

Lee Ann Walls, Asst. District Attorney, has used her office for selective prosecution and seeking the multiple bill when she allowed Sylvester Martin and Angel Gonzales both to plead guilty for battery on correctional officers at Rayburn for a sentence less than six months without being multiple billed despite being eligible without any legal justification. No plea was offered in my case.

### UNCONSTITUTIONALITY OF #1301364; 1311275

(a)      I was denied the right to appeal the convictions and sentence with counsel as

---

[6] See *United States v. Conley*, 349 F.3d 837 (5th Cir. 2003) citing *Glover v. United States*, 531 U.S. 198, 203 (2001).

17  

indigent despite reserving said appellate rights under *State v. Crosby*, 338 So.2d 584 (La. 1976); *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

(b)     I was incompetent at the time of the pleas and trial court abused its discretion by accepting the pleas without holding a competency hearing violating my due process rights under *Pate v. Robinson*, supra.

**#11-CR-112033**

(a)     Lee Ann Walls, Asst. District Attorney, has used the Office of District Attorney for selective/vindictive prosecution whereas similarly situated who have committed batteries on a correctional officer were allowed to plead for a sentence of six months or less including but not limited to Sylvester Martin and Angel Gonzales without being multiple billed despite being eligible. No plea was offered in my case without legal justification.

Respectfully submitted this _10th_ day of January, 2013, under the penalty of perjury and in good faith.

Richard Lay #110315
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA  71483-1260

SWORN TO AND SUBSCRIBED before me this _10th_ day of January, 2013.

Lisa M Jones
_Lisa M Jones 068363_
Notary Public

**CERTIFICATE OF SERVICE**

I state a copy of this motion was mailed to Lee Ann Walls, Asst. District Attorney, and Ernest Barrow, Attorney, this _10th_ day of January, 2013, properly addressed with postage affixed.

Richard Lay #110315

18

159

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD B. LAY

DOCKET NO. 11-CRS-112033

FILED: _____

_____
CLERK OF COURT

### AMENDED OPPOSITION TO
### MULTIPLE BILL OF INFORMATION

NOW INTO COURT comes defendant Richard Lay who files this Amended

Opposition to Multiple Bill of Information.

### RELEVANT CASE HISTORY
### State v. Lay #383759-F

On the 20th day of July, 2004 a bill of information was filed charging defendant

with violating La. R.S.14:276/40:967.C by actual possession of cocaine. On January 17,

2006 defense counsel Spell moved for appointment of a sanity commission which was

granted. Defendant Lay filed several Motions to Quash the bill of information based on

variance in the evidence alleged in the bill of information and discovery.[1] Defendant Lay

filed two motions for recusal on May 4 and 5, 2006. On October 26, 2006 the trial court

held the competency hearing and found defendant competent to proceed over my

objections that he lacked jurisdiction due to the timely filed motion for recusal. On

December 1, 2006 the recusal motion was set for hearing before Judge Ad Hoc Elaine

Dimiceli which she continued until December 21, 2006 to allow discovery and subpoena

powers to be used pro se. On December 14, 2006 she ex parte denied relief without

holding the mandatory contradictory hearings under La. C.Cr.P. article 675.D. Timely

motions for new trial from her rulings was ex parte denied by the trial judge (Coady). On

January 19, 2007 the trial judge denied all pro se motions without my presence or waiver.

On March 28, 2007 jury trial began. On March 29, 2007 I was found guilty of

attempted possession of cocaine. Defendant pro se filed motion for new trial, post-

judgment of acquittal and arrest of judgment. On April 16, 2007 I was sentenced to the

maximum sentence of 2 ½ years, and arraigned on the multiple bill of information.

_____

[1] Macadamia nuts.

*160*

Defendant Lay filed specific written objections to the multiple bill of information to which the State failed to address or refute. I also gave the court notice I wished to represent myself on April 16, 2007 due to my pro se motions for relief for judgment would be based on ineffective counsel which was ex parte denied. On May 31, 2007 I was adjudicated a fourth offender and sentenced to 20 years despite the original sentence of 2 ½ years expired on May 25, 2007.

## CLAIMS

1.  The trial judge (Coady) lacked jurisdiction to hear and decide my competency to proceed on October 26, 2006 when two timely and valid motions for recusal were filed May 4 and 5, 2006 to which defendant made him aware of. La. C.Cr.P. article 673. *Medina v. California*, 505 U.S. 437, 458 (1992); *Pate v. Robinson*, 383 U.S. 375 (1966).

2.  Judge Ad Hoc Dimiceli lacked authority to ex parte deny the recusal motions set for hearing on December 21, 2006 under La. C.Cr.P. article 675.D on December 14, 2006. *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 1922 (1967).

3.  That all acts committed by the trial judge (Coady) after December 14, 2006 are null and void since there had been no lawful determination of my competency to proceed since on October 26, 2006 Judge Coady lacked authority to hear and decide it due to outstanding recusal motions filed May 4 and 5, 2006 with his knowledge thereof; and no lawful determination of the pro se motions by the Judge Ad Hoc Dimiceli in a mandatory contradictory hearing. *Washington v. Texas*, supra.

4.  The trial judge (Coady) denied defendant the right to pretrial self representation based upon personal reasons and not under the doctrine of *Farretta* since I was being represented by conflicted counsel who refused to investigate and develop one of my only two plausible defenses which was insanity or intoxication. *Iowa v. Tovar*, 124 S.Ct. 1379, 1387 (2004) quoting *Farretta*, 422 U.S. 806; and *Indiana v. Edwards*, 544 U.S. ___ (6-19-2008).

5.  The State's evidence at trial failed to prove that the substance I possessed was cocaine as charged in the bill of information and read to the jury and not Macadamia nuts as their witnesses testified to. *Fiore v. White*, 531 U.S. 225, 228-29 (2001); *Stirone v. U.S.*, 361 U.S. 212, 217-19 (1960); and *Jackson v. Virginia*, 443 U.S. 307, 314 (1979).

6.  The trial judge (Coady) denied defendant the right to self representation post-trial

*161*

based on personal reasons and not under the doctrine of *Farretta*. *Iowa v. Tovar*, supra;
*Irving v. Hargett*, 59 F.3d 23, 30 (5th Cir. 1995).

7.     The constructive amendment after swearing of the jury of the bill of information
to allow conviction for attempted possession of cocaine via Macadamia nuts when valid
motion to quash based on variance was denied violated my due process rights. *State v.
Garcia*, 588 So. 2d 703 (La. 1991); *U.S. v. Guidry*, 406 F.3d 314, 322 (5th Cir. 2005);
*U.S. v. Nunez*, 180 F.3d 227, 231 (5th Cir. 1999) and *State v. Booker*, 385 So. 2d 1186
(La. 1980).

8.     Trial counsel Spell was ineffective under *Strickland v. Washington*, 466 U.S. 668
(1984); and *U.S. v. Conley*, 349 F.3d 837, 849 (5th Cir. 2003) for the following reasons:

A. Failed to investigate and/or develop for trial my only plausible defense of
insanity and/or intoxication despite portraying defendant as a career criminal with
a drug habit. *Davis v. Alabama*, 596 F.2d 1214 (5th Cir. 1979).

B. He introduced two letters into the record in which I allegedly threatened his
life, the trial judge (Coady) prosecutor (Gardner) and his wife after having me
read them acting as a second prosecutor.

C. He refused to investigate and develop my only plausible defense(s) due to
actual conflict of interest from the threatening letters to which at every court
appearance he requested to withdraw and was denied in which the trial judge
(Coady) kept saying not yet.[2] *Davis v. Alabama*, supra.

D. The verdict of guilt supported by an imitation drug (Macadamia nuts) to which
is not part of the bill of information that charges actual possession of cocaine
constitutes a due process violation which he failed to raised the following claims.
*Washington v. Tovar*, supra.

1. No fair warning that possession of an imitation drug is unlawful is
contained under Louisiana Drug Statutes. *U.S. v. Lanier*, 520 U.S. 529,
117 S.Ct. 1219 (1997).

2. It is ambiguous (40:967.C) as to whether possession of an imitation

---

[2] Not yet didn't come until my conviction and sentence on May 31, 2007 to 20 years under La.
R.S.15:529.1 to which no objections to the State's evidence was made by counsel but pro se to which trial
judge refused to hear and rule upon violating due process.

*162*

drug would be illegal in light of 40:967.(A)(2) makes only distribution and
possession with the intent to distribute unlawful. *Ziparta v. U.S.*, 471 U.S.
419, 105 S.Ct. 2084 (1985); *Gaynord v. City of Rockford*, 408 U.S. 104,
108 (1972).

3. That any interpretation of 14:27/40:967.C would be a novel issue since
the Louisiana Supreme Court has not considered whether a defendant can
be convicted by way of imitation drugs. *Marks v. U.S.*, 430 U.S. 188, 191-
92 (1977).

E. He failed to investigate the constitutionality of La. R.S.15:529.1 as applied to
final convictions prior to the adjudication hearing and the predicates being used
and make these written and/or oral objections resulting in an increase of 17 ½
years on my sentence which was final as of May 25, 2007 when the original 2 ½
year sentence expired.

1.      La. R.S.15:529.1.D(1)A is unconstitutional as applied to final judgment
before the holding of the adjudication hearing and sentence under La.
R.S.15:592.1.D(1)(b) for the following reasons:

A. Speedy trial. *State v. Muhammad*, 875 So. 2d 45 (La. 2004), citing
*Barker v. Wingo*, 407 U.S. 514 (1972).

B. Double jeopardy. *Ex parte Lange*, 18 Wall (US) 163, 21 L ed 872
(1874); *U.S. v. Di Franceso*, 449 U.S. 117, 129 (1980); *In Re Bradley*,
318 U.S. 50, 52 (1943); *U.S. v. Arrellanos-Rios*, 799 F.2d 520 (9th Cir.
1986). See *Pierre v. U.S.*, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199
(sentence is moot once served in full); and *State v. Gaddy*, 110 N.M. 120,
792 P.2d 1163 (N.M. App. 1990).

C. Res Judicata: *Ashe v. Sweason*, 397 U.S. at 444; *Bougieres v.
Pollinque*, 843 So. 2d 1049, 1053 (La. 2003).

D. Ex Post Facto Clauses since *State v. Muhammad*, supra was
retroactively applied to my offense committed on March 16, 2004 to
destroy the defense created in *State v. Henderson*, 289 So. 2d 74 (La.
1974); and *State ex rel. Glynn v. Blackburn*, 485 So. 2d 906 (La. 1986) to
have the multiple bill of information quashed due to my full term expired

*163*

on May 25, 2007. *State ex rel. Bickman v. Dees*, 367 So. 2d 283, 291 (La. 1978) quoting *Calder v. Bull*, 3 Dall. 386, 390, ___ L.Ed. 648 (1798)...at the hearing on May 31, 2007. See *Collins v. Youngblood*, 497 U.S. 37, 100 S.Ct. 2715 at 2719 quoting *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S.Ct. 68, 70 L.Ed. 216 (1925).

9.      Counsel was ineffective for failing to adopt my pro se pleadings which had basis in fact and law and/or to have the trial court rule on the merits as mandated by *State v. Melon*, 660 So. 2d 466 (1995) protected from arbitrary action under the due process clause of the 14th Amendment. Additionally to raise claims number 1-7 for appellate purposes. *Washington v. Texas*, supra. See also *State v. Baylor*, 998 So. 2d 800 (La. App. 3 Cir. 2008).

10.     The trial court was without authority or jurisdiction to impose the original sentence on April 16, 2007 and the multiple offender sentence on May 31, 2007 under La. R.S.15:529.1 due to outstanding pro se motions for recusal; new trial; arrest of judgment; post verdict judgment of acquittal; opposition to the multiple bill of information; and represent myself due to ineffective and conflicted counsel remained outstanding without a hearing and ruling as mandated by *State v. Melon*, supra, protected under the due process clause from arbitrary governmental actions. *Washington v. Texas*, supra; *Kidd v. Caldwell*, sup. 1976, 371 So. 2d 242.

11.     Appellate Counsel Beard was ineffective by not perfecting the herein claims n direct appeal as of right under the assignment of ineffective trial counsel (Spell) when the record supports the same. *Roe v. Flores-Ortega*, 120 S.Ct. 1029 (2000) quoting *Strickland v. Washington*, 466 U.S. 668 (1984); and *Smith v. Murray*, 477 U.S. 527, 523-526, 106 S.Ct. 2661 (1986).

12.     Trial Judge Coady and Judge Ad Hoc Jerome Winsberg who was appointed by the Louisiana Supreme Court on December 9, 2009, to handle all civil and criminal matters on 22nd Judicial District Court has deliberately ex parte denied post conviction relief in a summary fashion in direct violation of my due process rights under La. C.Cr.P. article 927-930.8.A(1)(2) and (B) despite my clear entitlement to the relief sought thus requiring this court to hold an evidentiary hearing with counsel as indigent. *Brown v. Allen*, supra.

13.     That it is clearly futile for petitioner Lay to keep seeking relief in the State Courts

164

which refuse to abide by their own procedural laws governing collateral review.

14.     I have been arbitrarily denied access to documents in possession of the courts; district attorney; and law enforcement agencies pertaining to the merits of numerous claims as indigent despite showing a particularized need. *Griffin v. Illinois*, 351 U.S. 12 (1956); and *State ex rel. Bernard v. Criminal District Court*, 653 So. 2d 1174 (La. 1995).

15.     Failed to object to the use of case number 215530 on the following grounds:

A. The First Circuit erred on 2-14-97 in case number 96-KA-1125 remanded this matter for a retrospective nunc-pro-tunc hearing when I was entitled to a new trial based solely upon the scant evidence in the appellate record to determine my competency to proceed under *State v. Nomey*, 613 So. 2d 157 (La. 1993); *State v. Seals*, 831 So. 2d 828 (La. 2002); and *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836 (1966).

B. Judge Ad Hoc Kuhn erred on May 28, 1997 by holding a nunc pro tunc hearing without placing the burden on the State that a determination of my competency could be made solely upon the trial records. *Lokos v. Capps*, 625 F.2d 1258 (5th Cir. 1980); *State v. Seals*, supra.

C. Judge Ad Hoc Kuhn erred by subjecting defendant to another sanity commission and the burden to prove his incompetency to proceed when a bona fide doubt was established on September 22, 1994 when Judge Brady Fitzsimmons appointed a sanity commission thus entitling defendant to a new trial under Nomey, Seals, and Pate. See *Lokos v. Capps*, supra; and *Washington v. Texas*, supra.

D. All counsels on remand were made aware that I wished to appeal any adverse decisions of Judge Ad Hoc Kuhn verbally by me but failed to take the appropriate steps resulting in unconstitutional forfeiture of my appellate right with counsel as indigent. *Rodriguez v. U.S.*, 395 U.S. 327 (1969); *State v. Counterman*, 475 So. 2d 336 (La. 1985); *Roe v. Flores-Ortega*, 120 S.Ct. 1029 (2000) and *Penson v. Ohio*, 488 U.S. 75, 85 (1988).

16.     Failed to object to use of 130/364, 131/275 on the following grounds:

1. Defendant was incompetent at the time of the guilty pleas which was



undisputed in the Federal Court proceeding under docket number 86-3807, *State v. Nomey*, and *Pate*, supras.

2. The State breached the sentencing agreement[3] of only (1) five year sentence in which I specifically reserved the right to appeal but have been denied by the State for over 25 years to which La. C.Cr.P. article 930.8 prevents out-of-time appeal from a final conviction and sentence. *Santobello v. New York*, 404 U.S. 252 (1971); and *State v. Crosby*, 338 So. 2d 584 (La. 1986).

17.   Failed to object to case number 197086 on the following grounds:

1. I was unlawfully denied my constitutional right to self representation under *Farretta*. See *Iowa v. Tovar*, 124 S.Ct. 1379, 1387 (2004).

2. Counsel was ineffective by refusing to object to the hearsay testimony of the State witnesses testifying what some unknown black female told them concerning their missing check which became substantive evidence under *State v. Boutte*, 384 So. 2d 773 (La. 1980) as held on *State v. Lay*, 637 So. 2d 801 (La. App.1 Cir. 1994) in direct violation of my confrontation rights under *Idaho v. Wright*, 497 U.S. 805, (1990); *Tennessee v. Street*, 471 U.S. 409, 413 (1985); and *Washington v. Texas*, supra.

11-CRS-112033

1.      The double jeopardy and due process clauses prevent increasing of a sentence served in full as of December 21, 2012 without holding of the multiple bill adjudication hearing for same reason set forth herein above and in the original opposition to the multiple bill filed herewith.

2.      The due process clause prevents the oral amendment of the bill of information on the 24th day of March, 2011, by Asst. District Attorney Leigh Ann Walls to upgrade a misdemeanor battery to a felony of battery on a correctional officer while under the jurisdiction of the Department of Corrections.

3.      The placement of notice of my current conviction in the bill of information and brought to the attention of the jury which served only for enhancement purposes allegedly pursuant to LSA-R.S.14:__ is unconstitutional for the same reasons held by the Louisiana

---

[3] See Lay v. Blackburn 86-3807 federal evidentiary hearing transcript in which trial attorney John Simmons admitted I could have interpreted deal to mean only (1) five year sentence unrefuted.



Supreme Court in *State v. Skipper*, 906 So. 2d 399 (La. 2005)(cases cited) and deprived me of a fair trial.

4.     The case of State v. Lay #383759 for conviction and sentencing purposes under La. R.S.14:34 ~~5~~ then turn around and enhance an already enhanced sentence constitutes double jeopardy and a due process violation and requires the rule of lenity to apply. *State v. Brown*, 648 So. 2d 872, 878 (La. 1995); *State v. Sanders*, 337 So. 2d at 1135; *State v. Gayles*, 313 So. 2d 799 (La. 1975); *State v. Carroll*, 337 So. 2d 475 (La. 1976); *North Carolina v. Pearce*, 395 U.S. 711.

5.     The bill of information only validly charges a misdemeanor to which this court cannot impose no more than a six month sentence and cannot be enhanced under LSA-R.S.15:529.1 being a non-felony.

WHEREFORE defendant Lay prays the district attorney be ordered to respond to the Original and Amended Opposition to the Multiple Bill with attachment filed herewith to defendant Lay within 15 days.

Respectfully submitted this 7ᵗʰ day of March, 2013, under the penalty of perjury and in good faith.

Richard Lay #110315
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA  71483-1260

cc:     L. Ann Wall, ADA

SWORN TO AND SUBSCRIBED before me this 7ᵗʰ day of January, 2013.

Lisa M Jones
Lisa M Jones 068363
Notary Public

170

## State of Louisiana Uniform Commitment Order

Judicial District _____22_____   Court Section ___B___

Parish of Commitment _Washington_   Docket Number __11CR5 112033__

**Defendant/Case Identifiers:**

| Name of Convicted | Richard Lau | | |
|---|---|---|---|
| Race | B | Date of Birth (MM/DD/YYYY) | 1-2-59 |
| Sex | m | State ID Number | |

**Total Sentence (total length of incarceration imposed):**

To be imprisoned at hard labor in the custody of the Department of Public Safety and Corrections for:

| 2 | Years | | Months | | Days |
|---|---|---|---|---|---|

**Sentence Details:**

| Convicted of: (Revised Statute Number) | Number of Counts | Verdict/Plea: | Sentence Length (Example: 2 year, 6 months, 30 days) |
|---|---|---|---|
| 14.34.5 | 1 | Verdict | 2 years |

**Sentence/Offense Dates (MM/DD/YYYY)**

| Offense Date(s) | 12-21-10 | | | |
|---|---|---|---|---|
| Adjudication Date | 11-30-11 | | | |
| Sentence Date | 2-28-13 | | | |
| Revocation Date(s) | | | | |

**Sentence Conditions:**

| | Docket Number | Parish, Judicial District of Docket Number |
|---|---|---|
| Concurrent with: (list docket numbers, parish, and Judicial District) | | |
| Consecutive to: (list docket numbers, parish, and Judicial District) | | |

**Special Comments or Instructions (such as suspended sentence or good time):**

Consecutive to any sentence now serving.
CTS from 12-21-10 forward.

**Involved Parties (Printed Names):**

| Minute Clerk: | L. Price | Prosecutor: | L. Wall |
|---|---|---|---|
| Court Reporter | | Defense Attorney: | E. Barrow |

The above sentence, handed down in Open Court, is the order of this Court and this shall be sufficient warrant for its execution.

Thus Done and Signed this _28_ day of _Feb_ , 20_13_.

_Jerome M. Winsberg_
Judge's Signature

Version 1.3
March, 2011

Judge's Printed Name and Mailing Address:

Jerome Winsberg

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA                DOCKET NO. 11-CRS-112033

VERSUS                            FILED: _____

RICHARD B. LAY                    _____
                                  CLERK OF COURT

## OPPOSITION TO MULTIPLE BILL
## OF INFORMATION III

NOW INTO COURT comes defendant Lay who opposes the Multiple Bill of

Information for the following reason:

1.      More than 10 years have elapsed between this conviction and #215530; 197086;

and 130/304, 131/275 to which LSA-R.S.15:529.1 prohibits their usage.

Respectfully submitted this 7th day of March, 2013.

_____
Richard Lay #110315
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA  71483-1260

cc:     L. Wall, ADA
        E. Barrow, State Attorney[1]

---

[1] You are specifically instructed to perfect all opposition to the Multiple Bill of Information that I have filed seeking documents and witness subpoenas per *Florida v. Nixon*, 125 S.Ct. 551 (2004) to which you are working with the trial judge and L. Wall, ADA to deprive me of a fair trial since your appointment.



IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD B. LAY

DOCKET NO. 11-CRS-112033

FILED: _____

_____
CLERK OF COURT

EXHIBIT A
#383759-F

1.      The bill of information charges attempted possession of cocaine by having in

possession, cocaine but no cocaine was introduced at trial but bunk contrary to *State v.*

*Johnson*, 637 So. 2d 1033 (La. 1994) and *State v. Wheeler*, 665 So. 2d 286 (La. App. 4

Cir. 1995)...page 1

2.      Pro se Motions for New Trial, Arrest of Judgment, and Post-Trial Acquittal filed

under *State v. Melon*, 660 So. 2d 466 (La. 1995) which remains outstanding depriving

district court of any sentencing powers[1]....pages 2-5.

3.      Multiple bill of information which was opposed pro se as untimely under the

double jeopardy clause...page 6-16.[2]

4.      Psychiatric records in support of insanity defense counsel Doyle refused to

investigate and develop as instructed under *Florida v. Nixon*, 543 U.S. 175, 187

(2004)...pages 17-39.

March 7, 2013.

_____
Richard Lay #110315
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA  71483-1260

cc:

        Leigh Ann Wall, ADA

        E. Barrow, Attorney

--------------------------------

[1] *Williams v. Henderson*, 289 So. 2d 74 (La. 1974).
[2] Sentence null and void. *State v. Augustine*, 555 So. 2d 1331, 1334 (La. 1990); *State v. Davis*, 859 So. 2d
776 (La. App. 4 Cir. 2003).



IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD B. LAY

DOCKET NO. 11-CRS-112033

FILED: _____

_____
CLERK OF COURT

### EXHIBIT D
#11-CR5-112033

1.    Original and oral bill of information upgrading from misdemeanor to a felony depriving court of jurisdiction to accept any verdict of guilt on the felony charge but only a misdemeanor.[1] *State v. Breaux*, 504 So. 2d 11 (La. App. 1 Cir. 1987); *State v. Cook*, 372 So. 2d 1202 (La. 1979)...page 1-4.

March ___, 2013.

_____
Richard Lay #110315
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA  71483-1260

cc:    L. Wall, ADA

---

[1] See La. C.Cr.P. art. 487.

173

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA                                        DOCKET NO. 11-CRS-112033

VERSUS                                                            FILED: _____

RICHARD B. LAY
                                                                     _____
                                                                                    CLERK OF COURT

EXHIBIT C
#197086

1.    *State v. Lay*, 637 So. 2d 801 (La. App. 1 Cir. 1994) where the court used

unobjected hearsay as substantive evidence in violation of my 6th and 14th Amendment

rights depriving me of a fair trial via ineffective counsel…page 1-9.


March ___, 2013.



                                                     _____
                                                     Richard Lay #110315
                                                     WNC Elm A-1-9
                                                     P.O. Box 1260
                                                     Winnfield, LA  71483-1260


cc:    L. Wall, ADA

174

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA                          DOCKET NO. 11-CRS-112033

VERSUS                                      FILED: _____

RICHARD B. LAY                              _____
                                                      CLERK OF COURT

EXHIBIT B
#215530

1.      Public records received on or about 12-12-08 document that shows my

competency was raised in a court order was signed and no competency determination was

made prior to proceeding to trial resulting in convictions and sentence...page 1-7.

2.      *State v. Thornton*, 671 So. 2d 481 (La. App. 1 Cir. 1995) whose charge occurred

only apart from mine proves perjured testimony was used by these same officers

(Strahan/Simon) involved in my arrest...page 8-18.


March ___, 2013.


                                        _____
                                        Richard Lay #110315
                                        WNC Elm A-1-9
                                        P.O. Box 1260
                                        Winnfield, LA  71483-1260


175

US POSTAGE
$ 010.05°

Richard B. Cox
# 1103/5
Effec- Pc 2B
P.O. Box 174
St. Gabriel, LA.
70776

Clerk of Court
USDC-ED-LA
500 Poydras St., C(51)
New Orleans, LA.
70130

PRISON MAIL
NOT CENSORED. NOT RESPONSIBLE
FOR CONTENTS.
ELAYN HUNT CORRECTIONAL CENTER