Exhibit 1

MARCH 24, 2011

THE TWENTY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG, DISTRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY; LORRIE PRICE, DEPUTY CLERK OF COURT, JULIA OEHRLEIN, OFFICIAL COURT REPORTER AND SANDRA CONERLY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS
RICHARD LAY                     CHARGE:     **CASE #: 11-CR5-112033**
                                BATTERY OF A CORRECTIONAL FACILITY
                                EMPLOYEE

MARCH 24, 2011                                   JEROME WINSBERG

THIS CAUSE CAME ON FOR ARRAIGNMENT AND VARIOUS MOTIONS. PRESENT, LEIGH ANN WALL, JOHN LINDNER, ATTORNEY FOR THE DEFENDANT AND THE DEFENDANT, RICHARD LAY.

LET IT BE KNOWN THAT JUDGE JEROME WINSBERG HAS BEEN APPOINTED BY THE SUPREME COURT FOR ALL PROCEEDINGS CONCERNING THIS DEFENDANT IN THE 22ND JUDICIAL COURT.

AT THIS TIME, THE COURT APPOINTS JOHN LINDER AS COUNSEL FOR THE DEFENDANT.

AT THIS TIME, THE STATE MAKES AN ORAL MOTION TO AMEND THE BILL OF INFORMATION AS REFLECTED:

CORRECTED SPELLING OF RAYBURN CORRECTIONAL CENTER AND THE FOLLOWING ADDITIONAL WORDING ADDED TO THE BILL OF INFORMATION:

"WHILE THE OFFENDER IS UNDER THE JURISDICTION AND LEGAL CUSTODY OF THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OR IS BEING DETAINED IN ANY JAIL, PRISON, CORRECTIONAL FACILITY, JUVENILE INSTITUTION TEMPORARY HOLDING CENTER, HALFWAY HOUSE, OR DETENTION CENTER."

AT THIS TIME, THE DEFENDANT, PRESENT IN OPEN COURT WITH COUNSEL WAS ARRAIGNED AND PLED NOT GUILTY.
THIRTY DAYS TO FILE PLEADINGS.
FIFTEEN DAYS TO FILE SUPERVISORY WRITS.

MOTION FOR DISCOVERY IS SATISFIED.

EX PARTE MOTION FOR COUNSEL IS SATISFIED.

ALL OTHER MOTIONS ARE CONTINUED UNTIL APRIL 20, 2011 AT 11:00 A.M.




Exhibit "A"

Exhibit 2

JAIL

## FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

---

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court;

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

---

**DEFENDANT'S NAME AND DATE OF BIRTH:**

RICHARD LAY     DOB: 01/02/1959     SSN: 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
Arrest Date: 12/30/2010
RAYBRUN CORRECTIONAL CENTER, ANGIE, LA. 70426-

**DATE OF OFFENSE:**     December 21, 2010

**COUNT 1**

R.S. 14:34.5 BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties, Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.




WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY: _____

Exhibit B

11-CR5-112033

Gave to me
open court
3-24-11

Exhibit 3

**JAIL**

**FELONY BILL OF INFORMATION**

**STATE OF LOUISIANA - PARISH OF WASHINGTON**

**TWENTY-SECOND JUDICIAL DISTRICT**

---

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court:

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

**DEFENDANT'S NAME AND DATE OF BIRTH:**

RICHARD LAY    DOB: 01/02/1959    SSN: 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
Arrest Date: 12/30/2010
RAYBRUN CORRECTIONAL CENTER, ANGIE, LA 70426-

**DATE OF OFFENSE:**    December 21, 2010

**COUNT 1**
R.S. 14:34.5 **BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE**, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties. Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.

*while the offender is under the jurisdiction and legal custody of the Dept. of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institute, temporary holding center, halfway house, or detention facility.*

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY:_____





To:    Prentiss L. White, Attorney
       P.O. Box 74385
       Baton Rouge, LA 70874-4385

In Re: State v. Lay, #11-CR5-112033
       22nd JDC - Washington Parish

Dear Sir,

    Do you have all relevant transcripts concerning my conviction including the multiple bill adjudication hearing and sentence. If you have this transcript (15:529.1) forward a copy to me for my record since I do not have this one despite the court ordered a copy of the complete trial records be forwarded to me to prepare my pro se brief. Also I request a status update of my case and issues you plan to raise so I can being drafting my brief. Additionally, to forward me the 1st Circuit Appellate docket number.

    July 9, 2014.

                                              Richard Lay #110315
                                              WNC Elm A-1-5
                                              P.O. Box 1260
                                              Winnfield, LA 71483-1260

cc:    file

Exhibit A



Office Of The Clerk
**Court of Appeal, First Circuit**
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

## Notice of Pro Se Briefing Schedule

2015 KA 0086
State of Louisiana Versus Richard Lay

TO: Mr. Richard Lay
DOC# 110315
Winn Correctional Center
P.O. Box 1260
Winnfield, LA 71483-1260

### BY ORDER OF THE COURT OF APPEAL, FIRST CIRCUIT:

- **YOU ARE NOT REQUIRED TO FILE A BRIEF**, but if you do elect to file a pro se brief:

- Your brief SHALL BE FILED ON OR BEFORE    March 27, 2015
  If you miss this deadline your pro se brief will not be accepted for filing.

- You are limited to **ONE** pro se brief of not more than **31 PAGES**.

- Place the case title and docket number shown above on your brief cover page.

- **NO ATTACHMENTS ALLOWED.** Your attachments will be removed and returned to you.

- You must certify that a copy of your pro se brief was sent to your attorney and the attorney for the State. We will not forward a copy of your brief to any party/person outside of the court.

CHRISTINE L. CROW
BY THE CLERK OF COURT
FOR THE COURT

Issued this 25th Day of February 2015.

Deputy Clerk

cc: Counsel of Record

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY                                CIVIL ACTION

VERSUS                                     15-1319-B

KEITH DEVILLE, WARDEN

### MOTION TO FILE APPELLATE DECISION

NOW INTO COURT comes petitioner Richard Lay who moves to file the Appellate Court's decision which clearly shows the appellate courts nor appellate counsel have complied with Anders as evident by my Opposition to Appellate Counsel's Motion to Withdraw which sets forth viable claims including but not limited to the District Court's forcing petitioner Lay to represent himself at trial, sentencing and Motion for New Trial from petitioner's conviction and sentence over his verbal objections in direct violation of *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). See attached decision which does not mention or even rule upon claim set forth in my Opposition to Withdrawal.

Respectfully submitted this 28 day of September, 2015, under the penalty of perjury and in good faith.

Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA 71483-1260

cc:   K. Landry, Attorney



# LOUISIANA APPELLATE PROJECT
Providing appellate defense in felony cases

September 21, 2015

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434-3340
(985) 892-1707

Gwendolyn K. Brown
Regions 1 & 5 Supervisor
P. O. Box 64962
Baton Rouge, LA 70896-4962
(225) 922-9570

Prentice L. White
Appellate Counsel
P.O. Box 74385
Baton Rouge, LA 70874
(225) 235-2928

MR. RICHARD LAY
DOC# 110315
WINN CORRECTIONAL CENTER
ELM A-1-5
P. O. BOX 1260
WINNFIELD, LOUISIANA 71483

RE: *State v. Lay*
Case No: 2015-KA-0086

Dear Mr. Lay:

I have received the decision of the First Circuit Court of Appeal. Unfortunately, it is not good news. The First Circuit Court of Appeal has affirmed your conviction, or to let your conviction remain as it is.

I am sure that you had a lot of hope that your appeal would come out totally in your favor. I tried to locate any favorable argument that I could use to encourage the First Circuit Court to rule in your favor, but I am afraid that there were no issues that I could address that would encourage the appellate court to either reverse or amend your conviction or sentence. For your review, I am enclosing a copy of the decision to you.

I would inform you that you have the right to file a post conviction application with the district court according to the provisions of LSA-C.Cr.P. art 930.8, which require that any application for post-conviction relief be filed within two (2) years of the final judgment by the appellate court on your appeal. Such applications must be submitted on the forms available at the prison.

Federal law mandates that any habeas corpus proceeding filed to contest the conviction be filed within one (1) year of the final decision on appeal, excluding the time any State post conviction relief application is pending, so this is a shorter and serious deadline.

Post conviction and habeas applications are not something handled by the Louisiana Appellate Project. So we are offering no evaluation of your case for these types of claims – not suggesting that you should or should not file an application. If you decide to explore this possibility, your choices are to handle the matter yourself, seek the assistance of inmate counsel, or retain an attorney.

Time is important if you wish to make any further attack on your conviction. You will be barred from attacking your conviction if these deadlines are not met. Incidentally, if you choose to file a Post Conviction Relief Application, you may get the appropriate forms from the prison law library.

Good luck to you. If you have any questions about the decision, do not hesitate to contact me.

Sincerely,

Prentice L. White

Enclosure



Office Of The Clerk
**Court of Appeal, First Circuit**
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Notice of Judgment and Disposition**

September 21, 2015

Docket Number: 2015 - KA - 0086

State Of Louisiana
  versus
Richard Lay

TO:
Kathryn Landry
Special Appeals Counsel
IEYOUB & LANDRY, L.L.C.
Post Office Box 82659
Baton Rouge, LA 70884
kathilandry@aol.com

Hon. Walter P. Reed
St. Tammany Parish
701 North Columbia St.
Covington, LA 70433

Prentice Lang White Esq.
P.O. Box 74385
Baton Rouge, LA 70874
plwhitelawfirm@bellsouth.net

Hon. Jerome M. Winsberg
5031 St. Charles Ave.
New Orleans, LA 70115

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

CHRISTINE L. CROW
CLERK OF COURT

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2015 KA 0086

STATE OF LOUISIANA

VERSUS

RICHARD LAY

Judgment Rendered:

SEP 2 1 2015

* * * * * *

Appeal from the
Twenty Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Docket Number 11 CR5 112033
Honorable Jerome Winsberg, Judge Ad Hoc

* * * * * *

| | |
|---|---|
| Warren Montgomery<br>District Attorney<br>Covington, LA | Counsel for Appellee<br>State of Louisiana |
| Leigh Anne Wall<br>Assistant District Attorney<br>Franklinton, LA | |
| Kathryn W. Landry<br>Special Appeals Counsel<br>Baton Rouge, LA | |
| Prentice L. White<br>Louisiana Appellate Project<br>Baton Rouge, LA | Counsel for Defendant/Appellant<br>Richard Lay |

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

GUIDRY, J.

The defendant, Richard Lay, was charged by bill of information with battery of a correctional facility employee, a violation of La. R.S. 14:34.5. He pled not guilty and, following a jury trial, was found guilty as charged. He was sentenced to two years imprisonment at hard labor, consecutive to any sentence he was presently serving. The State filed a habitual offender bill of information. Following a hearing on the matter, the defendant was adjudicated a fourth-felony habitual offender.[1] The trial court vacated the two-year sentence and re-sentenced the defendant to twenty-two years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentence was ordered to run concurrently with any sentence the defendant was presently serving.

The defendant now appeals. For the following reasons, we affirm the defendant's conviction, habitual offender adjudication, and sentence.

## FACTS

On December 21, 2010, Rayburn Correctional Center officers Sergeant Jerry Primes and Sergeant Thomas Schuler transported two inmates, the defendant and Edward Sims (now deceased), to the Bogalusa Medical Center Clinic at about 9:00 a.m. for a doctor's appointment. The defendant was restrained by handcuffs and leg shackles; his hands were cuffed in front of him with flex-cuffs. Once inside the clinic, the inmates were ordered to sit next to each other and as far away as possible from the civilian patients, who also had appointments. Sims complied, but the defendant walked to the table in the middle of the clinic, picked up a magazine, and sat several seats away from Sims. Sergeant Primes told the defendant to move from his seat and to go sit next to Sims. The defendant told Sergeant Primes that he was not moving. Following several more commands by the sergeant to move from his seat, the defendant became belligerent and

---

[1] The defendant had prior convictions for attempted possession of cocaine, possession of cocaine in a school zone, possession of stolen property, and forgery.

aggressive. He cursed at Sergeant Primes and dared the sergeant to make him move. Sergeant Primes informed the defendant that his trip to the clinic was over, grabbed the defendant by his arm, and stood him up. With an escort technique on the defendant's arm, Sergeant Primes walked the defendant out of the clinic. The defendant, a much larger man than Sergeant Primes, resisted by pushing and pulling the sergeant and, at one point, throwing an elbow at him. When Sergeant Primes got the defendant to the transport van outside, the defendant continued to resist and struggle. At the van's open side doors, the defendant turned away from the van to face Sergeant Primes. As Sergeant Primes placed the defendant in the van, the defendant grabbed the sergeant's right arm and fell back into the van; the defendant scratched the sergeant's hand, wrist, and arm. While the defendant was on his back inside the van, he kicked at Sergeant Primes's head with both feet, but the sergeant moved and the defendant missed. Sergeant Primes's cuts were treated with peroxide and gauze. Sergeant Primes, Sergeant Schuler, and two clinic employees provided recorded statements about the incident to Major Mike Harrell of Rayburn.

## ISSUES PRESENTED

Defense counsel has filed a motion to withdraw from the case. In accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669, p. 1 (La. 12/12/97), 704 So. 2d 241 (per curiam); and State v. Benjamin, 573 So. 2d 528 (La. App. 4th Cir. 1990),[2] defense counsel has filed a supporting brief to the motion to withdraw arguing that, after a conscientious and thorough review of the record, he has found no non-frivolous issues for appeal and no ruling of the trial court that arguably supports an appeal.

---

[2] In State v. Mouton, 95-0981, p. 2 (La. 4/28/95), 653 So. 2d 1176, 1177 (per curiam), the Louisiana Supreme Court sanctioned the procedures outlined in Benjamin, for use by the appellate courts of Louisiana. See Jyles, 96-2669 at p. 1, 704 So. 2d at 241.

Defense counsel has notified the defendant of the filing of this motion and informed him of his right to file a pro se brief on his own behalf. The defendant has not filed a pro se brief with this court.

This court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. The defendant was properly charged by bill of information with a violation of La. R.S. 14:34.5, and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment and sentencing. The sentence imposed is legal in all respects. See Benjamin, 573 So. 2d at 531.

This court routinely reviews the record for errors under La. C. Cr. P. art. 920(2), whether or not such a request is made by a defendant or defense counsel. Pursuant to La. C. Cr. P. art. 920(2), we are limited in our review to errors discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence. After a careful review of the record in these proceedings, we have found no reversible errors. See State v. Price, 05-2514, p. 18 (La. App. 1st Cir. 12/28/06), 952 So. 2d 112, 123-25 (en banc), writ denied, 07-0130 (La. 2/22/08), 976 So. 2d 1277.

Our independent review reveals no non-frivolous issues that arguably support this appeal. Accordingly, the defendant's conviction, habitual offender adjudication, and sentence are affirmed. Defense counsel's motion to withdraw is hereby granted.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**

4

# COURT OF APPEAL FOR THE FIRST CIRCUIT

## STATE OF LOUISIANA

NO. 2015-KA-0086

**STATE OF LOUISIANA**

Plaintiff/Appellee

VERSUS

**RICHARD LAY**

Defendant/Appellant

ON APPEAL FROM THE 22ND JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
DOCKET NO. 11-CR5-112033

THE HONORABLE JEROME WINSBERG, Ad Hoc Judge
PRESIDING

ORIGINAL BRIEF ON BEHALF OF
THE STATE OF LOUISIANA, PLAINTIFF-APPELLEE

Respectfully submitted:

STATE OF LOUISIANA
WARREN MONTGOMERY, District Attorney
22nd Judicial District Court

By: s/Kathryn Landry
KATHRYN LANDRY, Bar No. 19229
Special Appeals Counsel
P. O. Box 82659
Baton Rouge, LA 70884
Telephone: (225) 766-0023
Facsimile: (225) 766-7341

(CRIMINAL APPEAL)

## TABLE OF CONTENTS

| | Page |
|---|---|
| Table of Contents | ii |
| Table of Authorities | iii |
| Summary of Argument | 1 |
| Argument | 1 |
| Conclusion | 1 |
| Certificate of Service | 1 |

# TABLE OF AUTHORITIES

None

## SUMMARY OF ARGUMENT, ARGUMENT AND CONCLUSION

Defendant asserts no assignments of error herein, and accordingly, the State of Louisiana respectfully requests that the conviction and sentence herein be affirmed.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Original Brief on Behalf of The State of Louisiana has been mailed to the opposing counsel herein:

Prentice L. White
P.O. Box 74385
Baton Rouge, LA 70874

Baton Rouge, Louisiana this 5th day of March, 2015.

s/Kathryn Landry
KATHRYN LANDRY

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA

STATE OF LOUISIANA          DOCKET NO. 383759-F

VERSUS          FILED: _____

RICHARD LAY

_____
CLERK OF COURT

## APPLICATION FOR POST CONVICTION RELIEF

NOW INTO COURT comes petitioner Richard Lay, who applies for post conviction from his conviction and sentence pursuant to La. C.Cr.P. Art. 930.3.

## CLAIM ONE

1. Appellate counsel Prentice L. White was ineffective under Cronic[1] and Strickland[2] in filing a known frivolous appellate brief in State v. Lay, #2015-KA-0086 which did not comply with **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967) and **State v. Jyles**, 704 So. 2d 241 (La. 1997)[3] knowing said statements were false as evident from my Opposition to Anders Brief and to Appoint Counsel[4] which set forth the following claims supported by the records in his possession.

(A) The trial court denial of an expert witness in support of his defense that the "Officer Prime" wounds were self-inflicted violated my due process and equal protection rights to a fair trial under **State v. Madison**, 345 So.2d 485 (La. 1977); **U.S. v. Johnson**, 238 F.2d 565, 572 (2d Cir. 1956) in light of the testimony of Dr. Laravia (prison doctor) as an expert that the wounds appeared to be self-inflicted. Tr. p. 196 line 6-7.[5]

(B) The trial court denial of a Private Investigator to identify and locate all witness inside of the lobby of the "Pulmonary Clinic" on 12-21-10 for use at the preliminary hearing and trial under **Madison**, supra and **U.S. v. Johnson**, Supra.[6]

(C) The denial of the Motion to Quash the Bill of Information based upon intentional destruction of the victim's clothing for DNA purpose to prove the wounds were self-

---

[1] **United States v. Cronic**, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984).
[2] **Strickland v. Washington**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
[3] See Exhibit 1.
[4] See Exhibit 2.
[5] See Exhibit A.
[6] See Exhibit B.

inflicted violated my right to a fair trial under *California v. Trombetta*, 467 U.S. 479 (1984).[7]

(D)     Appellant was tried upon an oral amendment of a Bill of Information which upgraded the charge from a misdemeanor to a felony in violation of La. C.Cr.P. Art. 487, *State v. Breaux*, 504 So.2d 11 (La. App. 1st Cir 1987); *State v. Cook*, 372 So.2d 1202 (La. 1979) and *Apprendi*, 530 U.S. 466 [200].[8]

(E)     Appointment of Appellant as co-counsel against his wishes in response to appoint conflict and effective counsel violated *Farretta v. California*, 422 U.S. 806 (1975); *Cuyler v. Sullivan*, 466 U.S. 335 (1980); and *State v. Cisco*, 861 So.2d 118 (La.2003).[9]

(F)     The denials of various Motions to Quash the multiple bill violated my due process rights since I was denied issuance of a "Subpoena Deuces Tecum" to obtain necessary documents as indigent and issuance of witness subpoenas in support thereof.[10]

(G)     The denial of my "Motion for New Trial" violated my due process rights and Sixth Amendment right to assistance of counsel under *Cronic* and *Strickland*.[11]

(H)     The denial of my motions for recusal pretrial and post-trial violated my due process rights to a fair and impartial hearing officer.[12]

(I)     The trial court was without jurisdiction to adjudicate and sentence appellant under LSA-R.S. 15:529.1 due to various "Motions for Post Judgment of Acquittal, arrest of Judgment" remain outstanding in violation of my due process / equal protection rights under *State v. Brown*, 620 So.2d 508 (La.4th Cir 1993); La. C.Cr.P. Art. 861.

(J)     Appellate counsel has taken retaliatory action for pursuing the projection of my appeal granted on the 13th day of May, 2013 yet the record just was recently filed with this court on January 2015 upon my filing to which counsel claimed he was calling 1st Circuit to find out statute moves did.... nor has he filed a merit brief raising these non-frivolous issues in light of fact he just received the 8-volume records on the ___ day of February, 2015 for review thus would not comply with *Anders* and *State v. Jyles*, 704 So.2d at 241.[13]

---

[7] See Exhibit C.
[8] See Exhibit D.
[9] See Exhibit E.
[10] See Exhibit F.
[11] See Exhibit G and Motion for New Trial.
[12] See Exhibit H and all other Exhibits cumulatively.
[13] See Exhibit I.

Appellate counsel White's brief does not comply with Anders and Jyles since he refused to raise the herein obvious and significant issues supported by the record in his possession due to fraudulent misconduct depriving petitioner Lay of a due process appeal with counsel contrary to **Penson v. Ohio**, 488 U.S. 75, 85 (1988); **Evitts v. Lucey**, 469 U.S. 387, 396 (1985); **Douglas v. California**, 372 U.S. 353 91963)(same). See also **U.S. v. Williamson**, 183 F.3d 458, 463064 (5th 1999); **Manson v. Hanks**, 97 F.3d 887, 894 (7th Cir. 1996); **Delgado v. Lewis**, 181 F.3d 1087, 1092 (9th Cir. 1999); and **Banks v. Reynolds**, 54 F.3d 1508, 1515-16 (10th Cir. 1995).

WHEREFORE, petitioner Lay prays the following relief to issue:

1. Counsel be appointed under Martinez[14] and/or Trevino[15] with an evidentiary hearing under La. C.Cr.P. Art. 930;

2. Post-conviction relief be granted relieving petitioner Lay of this unlawful conviction and sentence; or

3. An appeal be granted with counsel to perfect the herein issues.

Respectfully submitted this ___ day of January, 2016, under the penalty of perjury and in good faith.

_____
Richard Lay #110315
WNC Elm C-2-5
P.O. Box 1435
Winnfield, LA 71483

---

[14] *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).
[15] *Trevino v. Thaler*, 569 U.S. ___, 133 S.Ct. 1911, 185 L. Ed. 2d 1044 (2013).