United States District Court
Eastern District of Louisiana

Richard B. Lay            Civil Action
versus
Sandy Mc Cain - Warden    19-CV-9803-R(2)

### Notice of Objections To Magistrate's Report

Now into the Court comes petitioner Richard Lay who files his Objections To The Magistrate's Report and Recommendation recieved on or about the 5th day of March, 2020. I state to wit:

1. The Oral Amendment of the Original Bill of Information which arraignment was continued on February 14, 2011 was continue to a later date upon Indigent Defender's Counsel Pamela Hershey to disqualify the ▇▇▇▇ Indigent Defender's Office due to conflict of interest to which the trial court granted,¹ set forth ▇▇▇▇ ▇▇ a misdemeanor.² On March 24, 2011 Asst. District Attorney orally moved to amend the Original Bill of Information from a misdemeanor to a Non-Responsive felony -- battery upon a Correctional Officer while under the jurisdiction of the department of Corrections.³ On the 28th day of November, 2011.

Footnote(s)
1. See Exhibit 1, p. 1, 2, 3
2. See Exhibit #1, p. 4
3. See Exhibit 1, p. 5, 6

1.

after the Jury was sworn defendant Lay pro se and thru Conflict standby Counsel John Linder moved for a mistrial due to the original Bill of Information[4] only charged a misdemeanor and not a felony. In response to the defendant Lay's request for a mistrial, Asst. District Attorney Walls falsely told the Court the original Bill of Information was amended and placed in the Official record on March 24, 2011.[5] Despite the March 24, 2011 Court minutes clearly states No written amendment to the "original Bill of Information" but orally Amended the trial Court erroneous agreed with Asst. District Attorney's false representation.[6]

This Court should take judicially notice of the fact that this same Asst. District Attorney Leigh Ann Walls was forced to resign after it was discovered She and Asst. District Attorney Julie Knight filed false statements into the Court records alleging they witnessed Douglas L. Dendinger committed a battery upon Officer Chad Cassard without his consent on August 20, 2012.[7]

In State + Breaux, 504 So.2d 1011 [La. 1987] held: ... an amendment to an indictment or information charging a new offense non responsive to the former charge must be in writing. Where the bill of information was in error, a correction of the error app-

Footnote(s)
4. See Exhibit 1, p. ▓ 5
5. See Exhibit 1, p. 5
6. See Exhibit 1, p. ▓ 5, 6
7. See Exhibit 1, p. ▓ 6, 7, 8, 9

2.

arently is permitted to be made orally in open court. Also, an oral amendment in open court of an indictment to charge a responsive lesser included offense has been permitted. Battery of a Correctional Officer while under the jurisdiction of the department of Corrections is not a ~~[redacted]~~ responsive ~~[redacted]~~ lesser and included offense of a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in performance of his duty[9] ~~[redacted]~~, since it's a felony[10] and carries a mandatory fine of not more than one thousand dollars and imprisonment with or without hard labor without benefit of parole, probation, or suspension of sentence for not less than one year nor more than ~~five~~. Such sentence shall be consecutive to any other sentence imposed for violation of the provisions if any state criminal law. See State v. Cook, 372 So.2d 1202 [La. 1979], which clearly holds the amendment of the indictment is jurisdictional, and absent a valid amendment the indictment, the ~~state~~ courts are without jurisdiction to proceed. See also Johnson v. Puckett, 930 F.2d 445, 447 [5th Cir.] [defendant may challenge sufficiency of indictment in habeas corpus only if she can show indictment so defective that convicting court had no jurisdiction], cert. denied, 112 S.Ct. 252 [1991] [cases cited]

The failure of the State of Louisiana to

---

Footnote(s)

~~[redacted]~~

8. See La. R.S. 14:34.5. B(2)
9. See LA. R.S. 14:34.5. B.(1); and La. C.Cr. P. art. 933(4)
10. See LA. C.Cr. P. art 933(3).

3.

file a written amendment and signed by the district attorney or one of his assistant upgrading the the battery upon a correctional officer from a misdemeanor to a felony deprive the Court of Jurisdiction to proceed to trial on the oral amendment made on March 24, 2011 and was a proper basis for a mistrial and or quash[12] and or a modification of verdict to La. R.S. 14:34.5.B(1) the only valid charge under the Bill of Information.[13]

2. The trial Court denied my state-created due process rights protected by the U.S. Const. Amend. 14 when he denied my pro se motion To Arrest Verdict/Judgment and motion To Disqualify Counsel without holding a contradictory hearing with the district Attorneys as mandated by La. C.Cr.P. art. 860 and not over the telephone with the Clerk.[14] This error requires vacation of my sentence to give the trial Court Jurisdiction to hear and decide my pro se motion In Arrest of Verdict/Judgment.[15]

Footnote(s)

11. See La. C.Cr.P. art. 487
12a. See La. C.Cr.P. art. 534(1)
13. See La. C.Cr.P. art. 821.C
14. See Exhibit 2, p.1
15. See La. C.Cr.P. art. 861

4.

3. The trial Court violated my state-created rights to have all outstanding pro se motions for Post-Judgment of Acquittal; Motion for Arrest of Judgment; New Trial; And To modify Verdict/Judgment heard contradictorily with the District Attorney prior to imposition of Sentence.[16] The imposition of Sentence is Null And Void pursuant to State v. Melon, 660 So.2d 466 [La. 1995]; State v. Brown, 620 So.2d 508 [La. App. 4th Cir. 1993]; State v. Martin, 643 So.2d 830 [La. App. 4th Cir. 1994]; And State v. Augustine, 550 So.2d 1331, 1334 [La. 1990]. The only motion heard And disposed of on January 4, 2013 by contradictorily hearing with the District Attorney was the motion for New Trial.

4. The State of Louisiana cannot use State v. Lay #383759-F in which I was under the jurisdiction of the Department of Correction for enhance purposes of my sentence per La. R.S. 14:34.5.B(2) And list it as one of the predicates in the Multiple Bill of Information without violation of State v.

Footnote(s)
16. See magristrate's RtR at footnote #9

5.

Baker, 970 So.2d 948 [La. 2007]. Where the Court held: The mere fact that a felony offense is a status offense, which has been enhanced, does not preclude the felony status offense being enhanced further under La.R.S. 15:529.1. The Judge further observed the caveat is only that the same predicate conviction or convictions used to enhance the original offense cannot also be listed in the multiple bill as one of the predicate convictions in support of the multiple offender adjudication. See State v. Lewis, 104 So.2d 407 [La. 11/30/12]. Ohio v. Johnson, 467 U.S. 493, 488-49 [1984]; Garrett v. U.S., 471 U.S. 773, 793 [1985] [Double Jeopardy].

In this matter State v. Lay # 383759 is the conviction used by the State under La.R.S. 14:34.5.B(2) to convert an otherwise misdemeanor under La.R.S. 14:34.5.B(1) to a felony and is also listed in the Multiple Bill of Information for sentencing purposes under LSA-R.S. 15:529.1 contrary to State v. Baker, supra. See Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed. 2d 604 [2001] citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 [1984].

5. Telling the Jury that I was under the Jurisdiction of the Department of Corrections when I allegedly committed a battery upon officer Jerry Primes in violation of La.R.S. 14:34.5.B(2) without curative jury instructions as to the limited purposes of the prior crime violated Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed. 2d 606 [1967] cited with approval in State v. Skipper, 906 So.2d 339 [La. 2005]; Apprendi v. New Jersey, 530 U.S. 466; State v. Prieur, 277 So.2d 126 [La. 1973].

6.

6. Petitioner Lay has been constructively denied his Sixth Amendment right to counsel at trial due to ▓▓▓▓ appointing petitioner Lay co-counsel and Counsel Linder standby counsel in response to my pro se motions to appoint conflict-free counsel[18] without any compliance with my due process rights under Faretta v. California, 422 U.S. 806 [1975].

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right... to have the assistance of counsel." The Sixth Amendment right to counsel applies to all federal and state criminal prosecutions. Kirby v. Illinois, 406 U.S. 682, 689 [1972]. In Faretta v. California, 422 U.S. 806 [1975] the Supreme Court held that the accused has a Sixth Amendment right to conduct her own defense in a criminal case. Id. at 821; Meyers v. Collins, 8 F.3d 249, 252 [5th Cir. 1993]. To proceed, a defendant must "knowingly and intelligently" waive the right to counsel. Faretta, 422 U.S. at 835. To ensure a valid waiver of counsel, the trial judge must make a "searching or formal" inquiry into both the defendant's understanding of the Sixth Amendment waiver and her awareness of the disadvantage of self-representation. Patterson v. Illinois, 487 U.S. 285, 299 [1988]; Brown v. Wainwright, 665 F.2d

Footnote(s)

17. Mc Kaskle v. Wiggins, 465 U.S. 168, 177-79 [1984]; U.S. v. Sandles, 23 F.3d 1121, 1127 [7th Cir. 1994]. See Exhibit 3
18. Holloway v. Arkansas, 435 U.S. 475, 484-85 [1978]; Strickland v. Washington, 466 U.S. 668, 692 [1984]. See Exhibit 5.

7.

607, 610 [5th Cir. 1982] ["While the right to Counsel is in force until waived, the right of Self-representation does not attached until asserted]. Waiver must be voluntary. Patterson, 487 U.S. at 292, N.4. If the defendant must choose between the right to Self-representation and bad Counsel, the choice may be involuntary]. See Crandell v. Bunnell, 25 F.3d 754, 755 [9th Cir. 1994][ involuntary waiver when defendant given choice between right to Self-representation and bad Counsel], and U.S. v. Silkwood, 893 F.2d 245, 248-49 [10th Cir.][ involuntary waiver when trial Court attempted to persuade defendant of appointed Counsels adequacy, rather than conducting penetrating inquiry into decision to proceed pro se, impermissibly forcing defendant to choose between Self-representation and poor Counsel], cert. denied, 496 U.S. 908 [1990].

Petitioner Lay filed several written and oral motions to appoint Conflict-free Counsel; motions to appoint Effective Counsel; motions to Disqualify Counsel due to various reasons including but not limited to breakdown in communication, difference of opinion in defense I wish to present, appoint PI to locate Edward Sims and Sylvester Martin for trial purposes which Counsel Linder made this representation to the Court on June 22, 2011:

8.

(a) It appears to me that Mr. Lay probably believes that he could represent himself better than I could. And that's his, I mean that's his perogative. If he wants me to continue to represent him, I'll do everything in my power to give him the best representation he can get.

Lay's counsel then explained to the Court that he told Lay why he was appointed to represent him:

(b) The reason that I was appointed to this case is that there's no one left on the conflict panel that has not represented him in the past who is not discharged, who he has not filed bar complaints against. And I don't know anybody else in the parish who could represent him right now, to tell you the truth.

Following Lay's complaints about Counsel Linder the state trial court denied the motion to dismiss counsel. The Court also told Lay, "Apparently, you're representing yourself to a great extent. And what I'm going to do, if you have no objections, is to make you co-counsel with Mr. Linder."

Contrary to the magistrate's Report Lay did object to being co-counsel, representing himself and being forced to have a conflict of interest co-counsel [Linder] and sought writs to the First Circuit Court of Appeal — State

Lay # 2011-KW-1645[20] which denied writs on November 21, 2011 which Guidry, J., dissents in part and would grant the application as to relator's appointment as co-counsel in this matter. I would remand to the trial court for a hearing under Farette + California, 422 U.S. 806, 95 S.Ct. 2525 [1975]."

Petitioner Lay avers Counsel Linder lied to the Court that there was no other available Lawyer on the conflict-free panel if he was removed to which the trial court then refused to appoint conflict-free counsel but forced me to represent myself or go to trial with a conflict counsel. Counsel Linder upon becoming Director of The Indigent Defender Board withdrew and appointed 1) Mark James; 2) Edward Barrow; and 3) Brian G. Meissner who is still appointed on all my criminal cases in the 22nd Judicial District Court - Parish of St. Tammany + Washington by order of Judge Ad Hoc Jerome Winsberg. These lawyers was available on June 22, 2011 which no conflict prevented their appointment as well as others [lawyers]. Lay never requested proceed pro se prior to trial.[21]

8. Counsel Linder refused to seek appointment of a PI to locate Sylvester Martin[22] and Edward Sims[23] both material witnesses to the incident and or defense or seek issuance

---

20. ▇▇▇ See Exhibit 3, p.2
21. ▇ See ▇▇▇▇▇▇ Exhibit ▇▇▇▇▇ 5, p.1-▇[31]
22. ▇▇ See ▇▇▇▇▇▇▇▇ Exhibit 4, p. 10▇
23.▇▇▇▇▇▇▇▇▇ See Exhibit 4, p. 13

10

of witnesses thru addresses provided by Petitioner Lay thru the Clerk of Court per La. C. Cr. P. art. 731 and 732. See Also *Washington + Texas*, 388 U.S. 14, 14 [1967] where the Supreme Court held the Compulsory Process Clause grants a defendant the right to offer the testimony of favorable witnesses and to compel their attendance at trial. See Also *U.S. + Simpson*, 992 F.2d 1224, 1230 [D.C.] [ compulsory process violated when court refused to aid defendant in securing witness who allegedly would have provided exculpatory testimony], cert. denied, 114 S.Ct. 286 [1993]. See *Florida + Nixon*, 543 U.S. 175 [2004].

9. Petitioner Lay has been constructively denied his Sixth Amendment right to counsel post-trial to perfect his pro se motions for:
(a) Post-Judgment of Acquittal.
(b) Arrest of Verdict/Judgment.
(c) Modify Verdict.
(d) New Trial.
(e) Motion To Quash The Multiple Bill of Information.
(f) Request For Witness Subpoena(s) and Request For Subpoena Duces Tecum for the multiple Bill Adjudication Hearing.

To proceed pro se, a defendant must knowingly waive the right to counsel. *Faretta*, 422 U.S. at 835. To ensure a valid waiver of counsel, the trial judge must make a "searching, or formal" inquiry into both the defendants' understanding of the Sixth Amendment waiver and her awareness of the disadvan-

11.

tages of self-representation.[24][25] Although a valid waiver of counsel need not be expressed,[25] courts are hesitant to validate an implied waiver,[26] particularly if doubt exists as to its voluntariness.[28] If a defendant invokes the right to self-representation, the Court may appoint advisory standby counsel to assist the defendant with basic mechanics. McKaskle v. Wiggins, 465 U.S. 168, 183; Faretta, 422 U.S. at 834 N.46. Absent a knowing and intelligently waiver of the right to counsel, appointment of standby counsel is not sufficient to satisfy the Sixth Amendment. Furthermore, when the Court has notice of a conflict but fails to make an inquiry, the reviewing court will presume a violation of the Sixth Amendment. Holloway v. Arkansas, 435 U.S. 475, 484-85 [1978]. Finally a constructive denial of counsel occurs when counsels fails to give the State case a meaningful adversarial testing. U.S. v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed. 2d 657 [1984].

The State of Louisiana allows a defendant who is represented by counsel to file pleading pro-se pretrial and post-trial without waiv-

---

**Footnote(s)**

24. Patterson v. Illinois, 487 U.S. 285, 299 [1988].
25. North Carolina v. Butler, 441 U.S. 369, 375-76 [1979]; Brown v. Wainwright, 665 F.2d 607, 610 [5th Cir. 1982].
26. Brewer v. Williams, 430 U.S. 387, 404 [1977]
28. Patterson, 487 U.S. at 292 N.4; See also Crandell v. Bunnell, 25 F.3d 754, 755 [9th Cir. 1994].

ing his Sixth Amendment right to Counsel.[28] Petitioner Lay never requested nor implied that I wish to waive my right to Counsel and represent myself prior to the start of trial on November 28, 2011. Both the trial court and Counsel Linder suggested that I should simply for exercising my right under Louisiana law to file pretrial and trial pleadings despite being represented by Counsel. Their action was prompted by filing requests to appoint conflict-free Counsel and or effective Counsel pretrial, trial, post-trial and for Sentencing.[29] I wasn't aware that Judge Ad Hoc Jerome Winsberg had appointed Counsel Linder; James; and Barrow as Standby Counsel until Barrow answered my Complaint filed with the Attorney Disciplinary Board.[30] The trial Court denied Motion To Reconsider the multiple Bill Adjudication and Sentence in violation of my Sixth Amendment right to Counsel denied on July 12, 2013.[31]

10. Petitioner Lay has a State-Created liberty interest to challenge the expired convictions listed in the multiple Bill of Information filed pursuant to LSA-R.S. 15:529.1 as unconstitutional obtained per LSA-R.S. 15:529.1.D(1)(b) for appellate

Footnote(s)
28. See LA. C. Cr. P. art. 511

29. See Exhibit 6, p.1-37
30. See Exhibit 6, p. 21-26
31. See Exhibit 6, p. 31, 32.

13.

review.[32] Nor do La. C.Cr.P. art. 930.4 prevent review of State of Louisiana v. Richard B. Lay #383759-E; #215530; #197086; and #130/364, 131/275 Challenging their constitutionality based upon the U.S.C.A. Amend. 4, 5, 6, 8 and 14 which will entitle petitioner Lay to a lesser Offender Class and Sentence.[33] See United States v. Glover, 531 U.S. 198, 203, 121 S.Ct. 696, 148 L.Ed. 2d 604 [2001] [citing Strickland v. Washington, 466 U.S. 668 [1984].[34]

On the 13th day of May 2013 the trial Court found petitioner Lay to be a 4th Offender under LSA-R.S. 15:529.1 and imposed a 22-year sentence to run concurrent with State v. Lay #383759-E. All oppositions to the Multiple Bill of Information was denied without any opposition by the State refuting any of the Claims with documents obtained after these convictions became final.[35] The Multiple Bill Adjudication Hearing and Sentence violates my Sixth

Footnote(s)

32. Any challenge to a previous conviction or adjudication Not made before Sentence is imposed may Not be raised to attack the sentence on appeal. See State v. Washington, 916 So. 2d 1171, 1173 [La. App. 5 Cir. 2008]. See Exhibit 7

33. See Bennett v. Whitley, 41 F.3d 1581 [5th Cir. 1994], and Becnel v. Blackburn, 410 So. 2d 1015 [La. 1982]. See Exhibit 7

34. U.S. v. Franks, 230 F.3d 811, 815 [5th Cir. 2000]; Compare Skepter, 661 So. 2d 480 [La. 1995] and Bozza, 330 U.S. 160.

14.

and fourteenth Amendment rights for the following reasons:

1. I was denied my right to counsel and a conflict-free counsel upon request. A stand by counsel was appointed.[35][36]
2. I was denied my right to call witnesses on my behalf when the court refused to have the witnesses subpoena(s) issued by the Clerk of Court as mandated by C.Cr.P. 731[37]
3. I was denied access to documents in possession of the Clerk of Court - 22Nd Judicial District Court - Parish of St. Tammany when the Court denied issuance of the Subpoena Duces Tecums[38] as mandated by C.Cr.P. 732
4. I was arbitrary denied to have the Multiple Bill of Information Quashed in light of proof the convictions being used was obtained in violation of the United States And the State of Louisiana Constitutions and laws.[39]
5. I was denied access to documents despite showing of a partickilarized Need.[40]

Footnote(s)

35. See Exhibit #7 with Attachments
36. See Exhibit 6, p. 21-26
37. See Exhibit 8, p. 1-2
38. See Exhibit 8, p. 3-5
39. See Exhibit #7.
40. See Exhibit 8, p. 7-8

15.

13. The magistrate fails to determine the correct applicable standards of review for each claim under the State of Louisiana and the United States Constitutions and laws since:

(a). Anders does not require petitioner Lay to only have claims of arguable merits for ineffective counsel purposes to which I clearly has met.

(b). Anders requires this Court to review petitioner Lay's claims under Anders as the Louisiana Appellate Court would for ineffective counsel purposes -- Harmless errors.

(c). State + Baker, 970 So.2d 948 [La. 2007] prohibits the use of State + Lay #383759-F for purpose of conviction and sentencing under La. R.S. 14:34.5.B(2) and the usage of #383579-F for enhancement purposes under La. R.S. 15:529.1... Contrary to the magistrate's opinion the double Jeopardy Clause do applies to multiple sentences per State + Baker, Supra. See Ohio + Johnson, 467 U.S. 493, 488-49 [1984]; and Garrett + U.S., 471 U.S. 773, 793 [1985]. See Ex parte Lange, 85 U.S. [18 Wall] 163.

(d). The pre-AEDPA de novo standards of review for all claims presented in the State courts but not adjudicated on the merits per Joseph + Cain, U.S. District Lexis 60923, Civil Action No. 08-3992, Section "A"(4) [E.D. La. 5/25/11].

(e). The State Courts and the Magistrate has failed to consider petitioner Lay's opposition to the Anders Brief with numerous claims supported in facts and

17.

Laws for his "Supplemental Brief"[42]. See Haines + Kerner, 404 U.S. 519, 520-21 [1972]; and Gallegos + State of La., 858 F.2d 1091, 1092 [5th Cir. 1988]

(f). The State of Louisiana thru Judge Ad Hoc Jerome Winsberg has deliberately delaying to hear and decide all post-conviction/sentencing challenges which would have given petitioner Lay an opportunity to develop both constitutional and non-constitutional claims that will entitle Lay to relief from his conviction and sentence as set forth in these Objections To The R+R and all habeas corpus application filed in this court since January 31, 2016 despite numerous Mandamus from the State appellate courts ordering him to hear and decide the same. See Williams + Taylor, 529 U.S. 362 [2000]; and Kotteakos + U.S., 328 U.S. 750, 765 [1946]. See Also Brecht + Abrahamson, 113 S.Ct. 1710, 1712 [1993] [Kotteakos harmless error standard applicable in determining whether habeas relief must be granted].

Footnote(s)

41  See Ex parte Lange, 85 U.S. [18 Wall.] 163, 176, [1873] [defendant who suffered full punishment for offense could not be subjected to another, U.S. + Arrellano-Rios, 799 F.2d 520, 524-25 [9th Cir. 1986]; and Bullington + Missouri, 451 U.S. 439, 446 [1981]. Petitioner Lay served the two years sentence in full that was imposed on February 28, 2013 for this Dec. 21, 2010 offense [LA.R.S. 14:34.5.B(2)]

18.

(g) The State of Louisiana and the U.S. District Court has failed to hold an evidentiary and appoint counsel in the interest of Justice to develop his Constitutional and Non-Constitutional Claims which if establish will entitle petitioner Lay to habeas relief as to his unlawful Conviction and Sentence contrary to Towsend + Sain, 372 U.S. 293 [1963]; Keeny + Tamayo-Reyes, 112 S.Ct. 1715 [1992]. See Also Chapman + Calif., 386 U.S. at 23 N.8 [right to impartial Judge not subject to harmless error review]; and 18 USC § 3006. A(a)(2)(B).

(h) The presumption of correctness does not apply to "questions of law[43] or "mixed questions of law and facts[44] to which the magistrate has used under the de novo standards. See 28 USC § 2254(d) and (d)(6).

(i) The denial of counsel without notice and a voluntarily waiver for trial, post trial and Sentencing violated my Sixth Amendment right to counsel and nullifies my Conviction and Sentence. Arizona +

Footnote(s)
42. See Exhibit 9
43. Miller + Fenton, 427 U.S. 104, 110-16 [1985];
44. Miller, 474 U.S. at 110-16, See Strickland + Washington, 466 U.S. 668, 698 [1984]; and Bryant + Scott, 28 F.3d 1411, 1414 [5th Cir. 1994].

.19.

Fulminate, 499 U.S. 279 [1991] held: the denial of right to counsel and or conflict-free counsel; the right to a impartial Judge can never be held to be harmless error. Compare Satterwhite, 486 U.S. at 256 [pervasive denial of counsel can never be considered harmless error]; Strickland v. Washington, 466 U.S. 668, 692 [1984][Actual or constructive denial of counsel presumed to result in prejudice].

Wherefore petitioner Lay prays his conviction and sentence be vacated and set aside due to violation of my Sixth Amendment right to counsel without notice and waiver voluntarily over my objections to which the 1st Circuit Court of Appeal denied writs.

Respectfully submitted this 6th day of April, 2020 under the penalty of perjury and good-faith.

_Richard B. Lay_ 110315

CC
Matthew Caplan
Asst. District Attorney
701 N. Columbia St.
Covington, LA 70433

Richard B. Lay 110315
R.L.C.C.- Cajun 2-A1 #14
1630 Prison Road
Cottonport, LA 71327

File

20.