U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Jul 17 2023
CAROL L. MICHEL CLERK
AJ  Mail

Case 2:19-cv-09803-SSV   Document 65   Filed 07/17/23   Page 1 of 7

United States District Court
Eastern District of Louisiana

Richard B. Lay                Civil Action
Versus
Marcus Meyers-Warden          19-9803-R(2)

## Memorandum In Support New Trial

Now into the Court comes Richard B. Lay who files this memorandum in support of a new trial from the judgments denying Habeas Corpus Relief with prejudice.

On June 15, 2020 Petitioner Lay filed a Petition to Remand, invoking Ramos[1]. In it, Petitioner Lay argues that Ramos bears retroactivity on his case, Second Lay argues Ramos invalidates his sentence enhancement, as he represents State + Lay #215530-C a 10-2 Jury verdict was used at trial for impeachment and sentencing enhancement under

Footnote(s):
1. See R. Doc. 40
2. Id at 5
3. See Exhibit 1 Attached

TENDERED FOR FILING
JUL 17 2023
U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1.

La. R.S. 15:529.1 entitles him to a new trial.[3] Lay has collaterally attack[4] his conviction and sentencing enhancement by use of State v. Lay #215530-C for impeachment and enhancement[5] under 15:529.1. See State ex rel Becnel v. Blackburn, 410 So. 2d 1015 [LA. 1982] [Cases cited]

Petitioner Lay asked the court to hear and decide all issues therein. The court on July 27, 2020 issued a stay to exhaust my Ramos related claims[6] in state courts pursuant to Rhines v. Weber, 544 U.S. 269 [2005]

Petitioner Lay exhausted his Ramos claims under the Sixth Amendment and Fourteenth Amendment [Equal Protection] to which no lawyer was given despite indigent, claims had substantial merits and no hearing was ever had throughout the State Courts in violation of my 6th Amendment Right to counsel. See Martinez v. Ryan, 566 US 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 [2012].

Footnote(s)
4. State v. Lay # 215530-C / St. Tammany
5. State v. Lay # 383759-F / St. Tammany and State v. Lay # 11-CRS-11 2033 / Washington

2.

Both of Petitioner Lay's 6th Amendment and the Fourteenth Amendment [Equal Protection] Claims derives from Ramos which constituted a mixed petition on July 27, 2020 in which the "Stay" issue to allow exhaustion in the State Courts.

Racially motivated and unconstitutional law

As acknowledge in Ramos, the Origins of Louisiana's Non-Unanimous verdicts are undeniably racially motivated. Justice Gorsuch, writing for the Court, explained that the Non-Unanimous jury provision was passed during Louisiana's 1898 constitutional convention, the purpose of which according to one committee chairman, was to "establish the supremacy of the white race, Ramos, 590 U.S. at ___, 140 S.Ct. at 1394. Alongside several laws intended to disenfranchise African Americans, including a poll tax and a literacy and property ownership tax, the Non-Unanimous jury without jury prov-

Footnote B
6. Id at 7

ision was intended to exclude African Americans from the jury verdict, without without explicitly revealing such intent. ~~the statute~~ With a careful eye on racial demographics, the Convention delegates sculpted a facially race neutral rule permitting 10-2 verdicts in order to ensure that African American jurors service would be meaningless. Ramos, 590 U.S. at ___, 140 S.Ct. at 1394.

In addition, in a partial concurrences, Justice Kavanaugh discussed the discriminatory impact and explicit unconstitutional nature of non-unanimous verdict, as follows: In light of the racial ~~materials~~ origins of the non-unanimous jury, it is no surprise that non-unanimous juries can make a difference in practice, especially in cases involving black defendants, victims, or jurors. After all, that the whole point of adopting the non-unanimous jury requirement in the first place. Though the discussion of the racial origins of Louisiana's non-unanimous verdict is dicta, the Court definitely ~~ruled~~ indefinitely ruled that non-unanimous verdicts are unconstitutional.

4.

The Court having issued a Stay on July 27, 2020 to allow exhaustion of my Ramos related claims in State Court. Clearly abused it's discretion by agreeing with the Magistrate that this Equal Protection was a new claim when in fact it was no newer than the 6th Amendment claims. The July 27, 2020 Judgment is final and subjected to the principle of Res Judicata, Judicial estoppell, Collateral estoppell. See U.S. v ELAM, 930 F.3d 406 [5th Cir 2019].

Respectfully submitted this 10th day of July, 2023 under the penalty of perjury and good faith.

Richard Lay #103615
EHCC-Px 25
P.O. Box 174
St. Gabriel, LA 70776

Certificate

Gave to Prison Official for mailing this 10th day of July 2023 per Houston v. Lack [1988] as indigent.

5.



Richard B. Loy
#110315
E Hcc- Fox 2P
P.O. Box 174
St. Gabriel, La. 70776

Clerk D Court
USDC - ED - LA
500 Poydras St
Rm. C151
New Orleans, LA 70130

PRISON MAIL
NOT CENSORED. NOT RESPONSIBLE
FOR CONTENTS.
ELAYN HUNT CORRECTIONAL CENTER