#215530 Exhibit 1 Court attachment

MONDAY, SEPTEMBER 18, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDI HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", RONALD T. GRACIANE ASSISTANT DISTRICT ATTORNEY, PATRICK J. CANULETTE, SHERIFF AND LUCY REID RAUSCH, CLERK OF COURT. (Bailiff, George Duck, Carol Dobson and Robert Munster and Court Reporter, Lynn Nunez)

State + Lay
#215530 St. TAmmany
22nd JDC

1.

All outstanding motions having been heard, Court at this time moved this hearing into open court and everyone being present and ready for Trial.

Court ordered that the names of the Petit Jurors, written on seperate cards contained in the sealed envelope, be removed and shuffled and that the names of 18 prospective jurors be drawn, which was done, and said persons were seated in the jury box. This being the noon hour, Court recessed for lunch.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, the Defense at this time requested a hearing in chambers; which Court granted and same was done. The Defense at this time objects to the Court's selection of two additional jurors for Judge Stephen A. Duczer's court after the selection of the first jury panel in this matter. Argument was heard on behalf of the State and the Defense and submitted to the Court; whereupon Court denies said motion. The Defense counsel at this time informed the Court at this time that he has issued a subpoena requesting Slidell Police Department policy manuals which the State is objecting to said request and after argument by both parties; whereupon Court ordered the State to allow the Defense counsel access to said manual and that a copy can be made however if said manual is not used during the scope of the Trial all copies are to be destroyed. The Defense counsel further informed the Court that he is satisfied with the response to the subpoena regarding the records of Melissa Thompson.

Court moved this matter back into open Court, and everyone being present, Court had the panel of 18 prospective jurors sworn and voidire examination was begun and the following named persons were peremptorily challenged by State and Excused by the Court:
1. Lakeithia A. Johnson
2. Mary B. Sears

The State requested that prospective juror Townsend be excused for cause, which Court denied; whereupon the State at this time used its third peremptorily challenge and Court excused Cynthia E. Townsend.

The following named persons were peremtorily challenged by Defense and Excused by the Court:

1. Anita L. Kelley
2. Elizabeth Bollich
3. Andrew G. Bumpas
4. Jacqueline K. Smith
5. Carrol M. Sumner

The following named persons were duly sworn and impaneled to try this case to-wit:

1. Alonzo C. Baham
2. Roy J. Marchand
3. Michael V. Tricou
4. Marilyn A. Mackay
5. Nelson T. Tassin
6. Ronald J. Joachim, Sr

2.



MONDAY, SEPTEMBER 18, 1995

7. Janet H. Towner
8. Marcia I. Guidry
9. Paulette P. Graf
10. Emily J. Hall

Court ordered that the names of the Petit Jurors, written on seperate cards contained in the sealed envelope, be removed and shuffled and that the names of 18 prospective jurors be drawn, which was done, the voidire examination was begun and the following named persons were peremptorily challenged by the State and Excused by the Court:

4. Janis A. Kahrs
5. Melody F. Scanlon
6. William J. Short
7. Nicholas A. Manalle, Jr.
8. Carl W. Francis
9. Lisa A. Fonseca

The following named persons were peremptorily challenged by the Defense and excused by the Court:

6. George C. Durant, III
7. Henry J. Eberhardt, III
8. Shirley M. Temples
9. Rodney O. Sorapuru, Sr.
10. Terry J. Lemoine
11. Barry J. James

The following named persons were challenged for cause and excused by the Court:

1. Madiline F. Fauntleroy
2. Michael G. Duplechain

The following named persons were duly sworn and impaneled to try this case to-wit:

11. Sandra K. Smith
12. Jeanne M. Blume

The Court at this time informed the State and the Defense that two alternates will be selected in this matter and that they will each be given two peremptorily challenges for the purpose of selecting the alternates. The following named persons were duly sworn and impaneled as alternates in this matter:

1. Tammy M. Bordeaux
2. Steven F. Summers

Court at this time had all of the jurors sworn together as a whole and instructed them as to the rules of sequestration and recessed this matter until 9:00 a.m. on Tuesday, September 19, 1995.



3.



TUESDAY, SEPTEMBER 19, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", RONALD T. GRACIANETTE, ASSISTANT DISTRICT ATTORNEY, PATRICK J. CANULETTE, SHERIFF AND LUCY REID RAUSCH, CLERK OF COURT. (Bailiff, Carol Dobson, and Court Reporter, Lynn Nunez)

4.




TUESDAY, SEPTEMBER 19, 1995

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, and the trial of this matter having been continued for September 18, 1995.

The jury was returned to the Courtroom and all counsel at this time waived polling of the jury.

The Court at this time Court ordered the Clerk to read the Bill of Information and the defendants plea, which was done.

The State made its opening statement to the jury, followed by the opening statement of the Defense.

Evidence was heard on behalf of the State and the following witnesses giving testimony:

1. Melissa Thompson
2. Jeron Fitzmorris
3. Simmie Fairley

On motion of the Defense, Court ordered that the jury be retired, which was done. The Defense counsel at this time that the present policy manual of Slidell Police Department, be turned over, in response to his subpoena; whereupon Court ordered that the policy manuals be produced for Mr. Ellis' examination only. Further, the Defense informed the Court that they intend to recall Mrs. Thompson, and request that she bring with her the Evidence Handling Guide, that was mentioned in her prior testimony, to which the State objects and argued. Court at this time orders that when Ms. Thompson returns to Court, said manual is to be produced also.

Court at this time had the jury returned to the Courtroom.

Evidence was heard on behalf of the State with the following witnesses giving testimony:

4. Thomas Chin
5. Jesse Simon

This being the noon hour, Court recessed for lunch.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, The jury was returned to the Courtroom and the State and the Defense waived polling of the jury.

The testimony of the State's witness, Sgt. Jesse Simon, continued. Further evidence was heard on behalf of the State, with the following witness giving testimony:

6. Capt. Ziggy Swenson

The State at this time offered, introduced and filed into evidence the following items:

S-1   Evidence receipt date January 5, 1993
S-2a  Brown envelope as returned from the Crime Lab
S-2b  Brown evidence envelope turned in by Sgt. Jesse Simon
S-2c  Small envelope inside of S-2b
S-2d  Package containing cocaine
S-3   Survey map
S-4   Picture of Sgt. Jesse Simon in disguise

5.

At this time, on motion of the Assistant District Attorney, Court ordered that the evidence marked S-1 through S-4 be given to the Jury for their viewing, which was done.



The State at this time rested its case subject to the right

6.

The State at this time rested its case subject to the right of rebuttal.

Evidence was heard on behalf of the Defense with the following witnesses giving testimony:

1. Randy Fortenberry
2. Richard Lay

The Defense at this time objects to the State asking the defendan the outcome of the civil suits, Court at this time had the jury retire

Argument was heard; whereupon Court overruled the Defense's objection.

Court at this time recessed briefly.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, the jury was returned to the Courtroom and the State and the Defense, waived polling of the jury.

The Defense at this time request that the jury view the evidence.

It being the noon hour, Court recessed this matter for lunch and reminded the jury the as to the rules of sequestration.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, the Defense counsel outside the presence of the jury requested that he be allowed to refer to the prior trial during his closing arguments, the State argued; whereupon Court ordered the State and the Defense to refer to the prior trial as a prior hearing.

The Court ordered the jury return to the Courtroom, the State and the Defense, waived polling of the jury and viewing of the evidence was continued and thereafter completed.

The State at this time made its closing arguments to the Jury, followed by the Defense's closing arguments and concluding with the State's rebuttal arguments.

Court at this time retired the jury, upon request of the Defense.

The Defense at this time requested a mistrial, on the grounds of a misstatement of fact by the State during its closing arguments, argument was heard by both Counsel; whereupon Court denied said motion.

The Court at this time informed the State and the Defense of her concerns regarding the juror Ms. Sandra Smith possibly sleeping during closing arguments and at which time Court cleared the Courtroom except for the parties directly involved in this trial and had Ms. Smith brought into the Courtroom. Ms. Smith was then questioned by the Court, the Defense and the State and the Court at this time determined that Ms. Smith be allowed to remain as a juror in this matter. Ms. Smith was returned to the jury room at this time. The Defense objects to the Court's ruling.

The State and the Defense requested that the jury charges be amended by the Court, which was done.

The Court ordered the jury be returned to the Courtroom.

Court then charged the jury and release the alternate jurors and retired the Jury to the Jury room for their deliberation at 5:55 p.m.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, the Jury was returned to the Courtroom at 6:50 p.m. after having informed the Court of their need for further instruction.

Court at this time instructed the Jury as to their request and again retired the Jury for further deliberation at 6:54 p.m.

The defendant being present in open Court, attended by his Counsel. Douglas C. Ellis, the Defense at this time moved for a mistrial in this matter, based on a conversation overheard by the defendant concerning comments made in the jury room, argument was heard and Court denied said motion.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, and after mature deliberation at 7:57 p.m. the Jury returned to the Courtroom and through their Foreman returned their written verdict to the Court, which verdict the Clerk was ordered to read as follows:





WEDNESDAY, SEPTEMBER 20, 1995

"We the jury, find the defendant: RICHARD LAY guilty of Possession of Cocaine within 1000 feet of school property/signed/Roy J. Marchan Foreperson/Covington, Louisiana/date/Wednesday/9/20/95

On motion of the Defense Counsel, Court ordered that the clerk poll the jury as to their vote, which was done showing:

10 yes votes 2 no votes

The State requested the defendant be remanded to the Sheriff and be held without bond pending sentencing, the Defense requested that the defendant be allowed to remain on his present bond obligation; whereupon Court ordered that defendant remain on his present bond obligation and further ordered the a Pre-Sentence Investigation be conducted by the Department of Public Safety and Correction and that the FELONY SENTENCING be held on November 28, 1995.

Further the court ordered that the defendant is to report on September 22, 1995 to report to the probation office.



TUESDAY, NOVEMBER 28, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", MILLARK K. GATEWOOD AND FRANK B. BANKSTON, ASSISTANT DISTRICT ATTORNEYS.; PATRICK J. CANULETTE, SHERIFF AND LUCY REED RAUSCH, CLERK OF COURT. ( LYNN NUNEZ, COURT REPORTER AND BOB MUNSTER AND GEORGE DUCK, BALIFFS )

9.




TUESDAY, NOVEMBER 28, 1995

The defendant being present in open Court attended by his Counsel, Douglas C. Ellis, and this matter being on assignment for Felony Sentencing. Counsel for the Defense at this time filed a Motion for Post Verdict Judgment of Acquittal and the matter was argued by the Defense and the State and submitted to the Court; whereupon Court denied said motion. Further, Counsel for the Defense filed a Motion for New Trial and the matter was argued by the Defense and the State and submitted to the Court; whereupon Court denied said motion. Counsel for the Defense noted his objection to the Court's ruling on both motions.

Counsel for the Defense announced they are ready for sentencing. Court informed Counsel that she is in receipt of the Pre-Sentence Investigation Report and has reviewed same. Defense Counsel having reviewed the Pre-Sentence Investigation Report, noted his objections to said report.

Upon request of Defense Counsel, Court allowed the defendant to address the Court directly. Further, Counsel for the Defense requested that the 2 page handwritten letter, addressed to the Court from the defendant, be placed in the record and sealed, which Court ordered and same was done.

Court ordered the following sentence imposed:
RICHARD B. LAY, being over 17 years of age and having been found guilty by a jury of Possession of Cocaine within 1,000 feet of school property, Court sentenced the defendant to serve a period of five (5) years at hard labor with the Department of Public Safety and Corrections of the State of Louisiana and further ordered the defendant to pay a fine in the sum of $5,000.

Court ordered the sentence imposed herein is to run consecutive with the sentence he is presently serving and the defendant is given credit for time served.

Counsel for the Defense noted his objection to the sentence imposed by the Court.

Court advised the defendant he has three years within which to file for Post Conviction Relief.

The State at this time filed a Multiple Offender Bill against the defendant and the defendant, through Counsel, entered a plea of not guilty.

Counsel for the Defense at this time filed a Motion for Appeal and requested a return date set in ninety (90) days, which Court granted and ordered a return date set in ninety (90) days.

Counsel for the Defense at this time requested an appeal bond be set, which Court granted and set an appeal bond in the amount of $100,000. cash, property or surety.

As to the Multiple Offender Bill filed by the State against the defendant, Court advised the defendant of his right to remain silent and his right to a hearing on the Multiple Offender Bill.

Court further ordered that Douglas C. Ellis will be Counsel of Record on Appeal.




**REASON CHECKED**
Unclaimed: _____
Refused: _____
Need Offender # need DOC#
Discharged: _____
Moved from RLCC: _____

RICHARD LAY
RLCC-C2-A1#14
1630 PRISON RD.

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD
RETURN TO SENDER

**FILED**

NOV 12 2020

MELISSA R. HENRY, CLERK
Deputy _____
Erika Roberts, Deputy Clerk

11.

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RICHARD LAY
RLCC-C2-A1#14
1630 PRISON RD
COTTONPORT, LA 71327
DK # 215530/383759 DIV F

9590 9402 4312 8190 6708 65

2. Article Number (Transfer from service label)
7015 1520 0002 4998 5412

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

12.





Exhibit 2

Thursday, May 31, 2007

COURT MET THIS DAY PURSUANT TO ADJOURNMENT. PRESENT AND PRESIDING HIS HONOR, MARTIN E COADY, JUDGE, DIVISION "F", JOSEPH OUBRE AND SCOTT GARDNER, ASSISTANT DISTRICT ATTORNEYS, RODNEY J STRAIN, JR, SHERIFF AND MALISE PRIETO, CLERK OF COURT (Mark Baggett and Jimmy Jenkins, Baliffs and Kathleen Wells, Court Reporter)

383759 .         STATE OF LOUISIANA
                 VS
                 RICHARD BRIAN LAY

The defendant being present in open Court attended by his appointed Counsel, DOYLE "BUDDY" SPELL and the State represented by Scott Gardner and this matter being on assignment for a multiple bill hearing. State at this time informed the Court that he requested the defendant be fingerprinted and the defendant objected. Defendant made argument to the Court and Court denied defendant's exparte Motion to Quash and ordered defendant to corporate so fingerprints can be taken. Court at this time recessed until fingerprints are taken.


HERE

Later, in the day, defendant present attended by appointed Counsel, DOYLE "BUDDY" SPELL, and the State represented by Scott Gardner. Defendant made statement to the Court at this time on the multiple bill he's time has been reached, State at this time placed on the records his reasons. Defense argued and provided the Court with 2 cases for Court to review about multiple bill hearing. Court advised will review cases and make ruling latter.

The State at this time moved for sequestrations of witness at this time.

Evidence was heard on behalf of the State with the following named person sworn to testify:

1. Deputy First Class Lloyd "Tommy" Morse (expert in field of fingerprints)

The State at this time offered, introduced and filed into evidence the following items:

S-1  Curriculum Vita of Deputy First Class Lloyd "Tommy" Morse
S-2  fingerprint card taken today on Richard Lay
S-3  records from Ella Peterson from Probation and Parole on Richard Lay
S-4  minute entry from August 26, 1991 and bills of information on Richard Lay under docket #197086
S-5  minute entry from June 24, 1991 and June 25, 1991 on Richard Lay under docket #197086
S-6  multiple offender bill, bill of information and copy of the insider folder on Richard Lay under docket #215530
S-7  transcript from June 10, 1985 on Richard Lay, under docket #130364 & 131275
S-8  minute entry from June 10, 1985 and bill of information on Richard Lay under docket #130364

State rested its case.

Defense Counsel at this time moved to withdrew as Counsel of Record, which Court advised Defense not at this time. Argument heard by the Defense and State and Court notes Defense objection.

Defendant made statement to the Court, Court informed the defendant that all request for subpoenas should have been issued through his attorney. Defense made statement to the Court.

13.

Court at this time advised the defendant that he has reviewed the cases that he provided to him and finds that the multiple bill was timely filed.

Defense objected.

Court have reviewed the multiple bill and evidence, Court finds the defendant is the same person contained the multiple bill and that no more than 10 years has elapsed since his last sentence, Court finds the defendant to be a 4th felony offender and vacates the previously imposed sentence, credit for time served on that and Court sentences the defendant on the *multiple offender bill to serve a period of TWENTY (20) years at hard labor with the Department of Public Safety and Corrections of the State of Louisiana, said sentence to be served without benefit of probation or suspension of sentence and sentence in accordance with Article 15:529.1*.

Further, Court ordered that the defendant be given credit for time served and Court informed the defendant that he has two (2) years once sentence becomes final to file an Application for Post Conviction Relief.

Court notes Defense objections.

Defendant argued about the State proven multiple bill, Court advised the defendant has full right to reconsider the sentence and/or appeal.

Defense Counsel objected to the sentence being excessive and his appointment terminated.

Defendant moved for Motion to Reconsider Sentence, State submitted; whereupon Court denied motion.

COURT ADJOURNED SINE DIE     MINUTES READ AND APPROVED

_____         _____
Minute Clerk/mmp/sjp                       Judge, Division "F", MEC

A TRUE EXTRACT OF THE MINUTES OF THIS COURT

_____
DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA

14.

# Exhibit 3



Exhibit #3

Page 7 of 8

STATE OF LOUISIANA     NUMBER: 11-CRS-112033

VERSUS     22ND JUDICIAL DISTRICT COURT

RICHARD LAY     PARISH OF WASHINGTON

FILED: 12-15-11     _____
                                              DEPUTY CLERK

## MULTIPLE OFFENDER BILL OF INFORMATION

Walter P. Reed, District Attorney for the 22nd Judicial District Court with respect avers that this captioned defendant was charged in this case number in the 22nd Judicial District Court with the crime of violating La. R.S. 14:34.5, relative to Battery of a Correctional Facility Employee, and that afterward, to wit on the 30th day of November, 2011, the said accused was found guilty as charged by a jury.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number 383759 of the 22nd Judicial District Court, with the crime of violating R.S. 40:979 and 40:967, relative to Attempted Possession of Cocaine, and that afterward, to wit on the 30th day of March, 2007, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number 215530 of the 22nd Judicial District Court, with the crime of violating R.S. 40:981.3, relative to Possession of cocaine in a school zone and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number 197086 of the 22nd Judicial District Court, with the crime of violating R.S. 14:69, relative to Possession of Stolen Property, date of offense February 25, 1991, and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number 197086 of the 22nd Judicial District Court, with the crime of violating R.S. 14:69, relative to Possession of Stolen Property, date of offense February 25, 1991, and that afterward, the said accused was convicted.



15.

Page 8 of 8

defendant was duly charged in case number __130364__ of the 22nd Judicial District Court, with the crime of violating R.S. __14:72__, relative to __Forgery, date of offense February 25, 1985__, and that afterward, the said accused __was convicted__.

The said defendant sentenced as first above set out, is one and the same person who was sentenced in the subsequent listed case numbers and should now be sentenced under the provisions of La. R.S. 15:529.1.

Signed this __15th__ day of __December__, 2011.

_____
ASSISTANT DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT COURT

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING FINGERPRINTS ON THIS BILL ARE THE FINGERPRINTS OF THE DEFENDANT _____ AND THAT THEY WERE PLACED THEREON BY SAID DEFENDANT THIS ___ DAY OF _____
_____
SIGNATURE LINE

16.

Exhibit 2

MAY 13, 2013

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG, DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS
RICHARD LAY

CHARGE:
BATTERY OF A CORRECTIONAL FACILITY EMPLOYEE

CASE #: 11-CR5-112033

May 13, 2013

JEROME WINSBERG

This cause came on for multiple offender hearing. Present, Leigh Anne Wall, assistant district attorney, Ernest Barrow, attorney for the defendant and the defendant, Richard Lay.

At this time, the following motions were addressed to wit;

Amended Motion to Disqualify Counsel is denied.
Note objection by Mr. Lay.

Motion for Recusal is denied.
Note objection by Mr. Lay.

Motion to Continue is denied.

Opposition to Multiple Bill is denied.

State witness, Assistant Warden John Jerrell called and sworn.

State Exhibit #1 - Certified copies of record from Rayburn Correctional Center offered, filed and introduced.

Note Objection by Mr. Lay.

State Exhibit #2 - Certified copies from docket 383759 out of St. Tammany Parish offered, filed and introduced.

Felix Indest called and sworn.

State Exhibit #3 - Certified copies from docket 215530 out of St. Tammany Parish, offered, filed and introduced.

Officer James Folks called and sworn.

State offers witness as an expert in the field of fingerprint analysis and the court accept witness as expert in this field.

State Exhibit #4 - Certified copies from docket 197086 out of St. Tammany Parish, offered filed and introduced.

State Exhibit #5 - Certified copies from docket 130364 out of St. Tammany Parish, offered, filed and introduced.

The State submits this matter to the court, whereupon, the court finds the defendant to be a 4th felony offender and hereby vacates and sets aside the previous sentence in this matter and sentences the defendat as follows;

Pursuant to Act 15:529.1, the court sentences the defendant to serve a period of twenty two (22) years hard labor without the benefit of probation, parole or suspension of sentence in the custody of the Louisiana Department of Public Safety and Correction as a 4th felony offender.

The defendant is given credit for any time served subsequent to arrest and this sentence is to run concurrent with any sentence now being served.

The court advised the defendant he has two (2) years from the date the judgment of conviction becomes final to file any and all petitions for post conviction relief.

Thirty (30) days to file for appeal.

Thirty (30) days to file for reconsideration of sentence.

17