UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY                                                    CIVIL ACTION

VERSUS                                                              NO. 19-9803

S. W. MCCAIN, ET AL.                                      SECTION "R" (2)

## ORDER AND REASONS

Before the Court is *pro se* petitioner Richard Lay's two motions for a new trial[1] and motion to vacate[2] the Court's Order and Reasons and Judgment dismissing with prejudice his petition.[3] For the following reasons, the Court denies the motions.


## I.    BACKGROUND

Petitioner Richard Lay filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. Lay's habeas petition, as amended, challenged his 2011 state conviction by unanimous jury verdict for battery on a correctional facility employee and his related multiple offender adjudication. The case was initially referred to Magistrate Judge Joseph C.

---

[1]    R. Docs. 60 & 61.
[2]    R. Doc. 64.
[3]    R. Docs. 57 & 59.

Wilkinson, Jr., who issued a Report and Recommendation ("R&R") on February 28, 2020, recommending dismissal of the petition as procedurally barred and otherwise meritless.[4]  Lay filed numerous objections to Magistrate Judge Wilkinson's R&R.[5]  Subsequently, the Court referred the matter to Magistrate Judge Donna Phillips for a supplemental R&R addressing Lay's claim under *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). Magistrate Judge Currault recommended dismissal of Lay's *Ramos* claim in the supplemental R&R.[6]  Lay filed multiple objections to the supplemental R&R.[7]

This Court considered the petition, the record, the applicable law, the Magistrate Judges' R&Rs, and Lay's objections, and ultimately adopted the Magistrate Judges' R&Rs as its opinion, thereby dismissing Lay's petition with prejudice.[8]  In the Order and Reasons dated June 13, 2023, the Court affirmed the Magistrate Judges' determinations that Lay's claims are meritless, and further determined that his "numerous objections all either: (1) mirror the underlying claims in the petition, (2) rehash arguments made before the Magistrate Judges, (3) improperly raise new issues not presented

---

[4]   R. Doc. 33.
[5]   R. Doc. 36, 37 & 42.
[6]   R. Doc. 50.
[7]   R. Doc. 51 & 54.
[8]   R. Doc. 57.

to the Magistrate Judges, or (4) otherwise lack merit due to their conclusory nature, failure to address the Magistrate Judges' relevant recommendations, or misstatement of the applicable law.

Lay now moves for a new trial and to vacate in part the Court's judgment.[9]  The Court considers the motions below.


## II.   MOTIONS FOR A NEW TRIAL

Lay characterizes his motions as motions for new trial.[10]   Under Federal Rule of Civil Procedure 59(a)(2), a district court may, after the completion of a nonjury trial and upon a motion for a new trial, "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."  Fed. R. Civ. P. 59(a)(2).  Because this Court did not hold a trial to resolve Lay's petition for writ of habeas corpus under § 2254, Rule 59(a) is inapplicable.  *See, e.g.*, *Vann v. Sec'y, Dep't of Corr.*, No. 8:13-CV-736-T-30, 2014 WL 1268616, at *1 (M.D. Fla. Mar. 24, 2014) (finding Rule

---

[9]    The Court notes that, although these motions bear the correct case number, the captions refer to different cases filed by Lay in this Court. For instance, his motion to vacate (R. Doc. 64) and supplement to his motion for a new trial (R. Doc. 65) include the caption of *Lay v. Marcus Meyers*, a case before Chief Judge Nannette Jolivette Brown.  No. 22-2157.

[10]   R. Docs. 60 & 61.

59(a) inapplicable where court did not hold trial to resolve § 2254 habeas petition); *Roberts v. Solomon*, No. 08-HC-2083, 2009 WL 10710554, at \*1 (E.D. Cal. Nov. 30, 2009) (same); *Tillman v. Warren*, No. 04-40092, 2009 WL 1798118, at \*1 (E.D. Mich. June 23, 2009) (same); *Strickland v. Lee*, No. 3:02-CV-33, 2007 WL 1792503, \*1 (W.D.N.C. June 19, 2007) (same).

Lay's motions, which were filed less than twenty-eight days after this Court's entry of judgment, are more appropriately construed as motions to alter or amend a judgment under Rule 59(e). *See Banister v. Davis*, 140 S. Ct. 1698, 1702, 1705 (2020) (holding that Rule 59(e) applies in habeas proceedings, and that a Rule 59(e) motion to alter or amend a habeas court's judgment does not count as a second or successive habeas petition). Rule 59(e) affords the Court the opportunity "'to rectify its own mistakes in the period immediately following' its decision." *Id.* (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). A district court has "considerable discretion" under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "The Court must strike the proper balance between two competing imperatives:

4

(1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

Here, Lay seeks reconsideration of the Court's Order and Reasons and Judgment dismissing his habeas petition. In support of his motions, Lay presents the same factual allegations and arguments presented in his petition, which this Court previously considered and resolved. Specifically, Lay's Rule 59(e) motions present allegations concerning the State's improper oral amendment of the bill of information after trial began, upgrading the

charged offense from a misdemeanor to a felony.[11]   Magistrate Judge Wilkinson addressed this allegation, finding it meritless because the amendment was not just oral, but was "announced in court and memorialized by handwritten notation on a copy filed into the record during a court hearing" at which Lay and his counsel were present.[12]   Lay again raised allegations about the oral amendment in his objections to Magistrate Judge Wilkinson's R&R, which this Court found to be duplicative of the underlying claims in his petition.[13]   Now, for the third time, Lay raises these allegations in his Rule 59(e) motions.  Additionally, in a supplement to his motions, Lay reiterates his *Ramos* claims.  But he does no more than recite the law as stated in *Ramos*, which Magistrate Judge Currault thoroughly considered in the supplemental R&R.[14]   Lay's "recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle [him] to a second bite at the apple" through reconsideration under Rule 59(e).  *Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021).

---

[11]    R. Docs. 60 & 61.
[12]    R. Doc. 33 at 57-58.
[13]    R. Doc. 57 at 2 n.5.
[14]    R. Doc. 50.

6

Further, Lay's motions do not set forth any of the criteria warranting reconsideration under Rule 59(e).  He does not claim to have discovered new evidence; nor does he point to intervening changes in controlling law.  He likewise fails to establish that this Court's order works a manifest injustice. He simply rehashes previously rejected arguments concerning the orally amended bill of information.  Without more, Lay fails to establish that he is entitled to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.  Accordingly, Lay's Rule 59(e) motions are denied.

## III.   MOTION TO VACATE

Lay moves the Court to vacate its Order and Reasons and Judgment dismissing his habeas petition.[15]  Lay does not identify the legal basis for his motion.  Nevertheless, the Court construes the motion as one for relief under Rule 60(b) of the Federal Rules of Civil Procedure.  A district court has broad discretion to grant or deny a motion under Rule 60(b).  *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017).  Rule 60(b) permits a court to grant relief from a final judgment or order only upon a showing of one of the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[15]    R. Doc. 64.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is considered an extraordinary remedy, but courts may construe the Rule in order to do substantial justice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).  Courts must balance "the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (quotation marks omitted).

In the habeas context, a district court presented with a Rule 60(b) motion must first determine whether the motion is properly brought under Rule 60(b), or whether it is actually a successive habeas petition, in which case the court lacks jurisdiction to consider it pursuant to 28 U.S.C. § 2244,

prohibiting successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005). In *Gonzalez v. Crosby*, the Supreme Court held that the difference lies in the relief that the petitioner seeks. *See id.* If the motion is substantive, seeking "to add a new ground for relief" or attacking "the federal court's previous resolution of a claim on the merits," it is deemed to be a successive habeas petition. *Id.* at 532; *see also Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (holding that a Rule 60(b) motion is considered "successive" if it "raises a new claim or attacks the merits of the district court's disposition of the case" (citing *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012))). But if the motion challenges "some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper. *Gonzalez*, 545 U.S. at 532; *see also Tamayo*, 740 F.3d at 990 ("A Rule 60(b) directed to a procedural ruling that barred consideration of the merits, such as a procedural default, is not considered a 'successive' petition and is properly brought as a Rule 60(b) motion.'" (citing *Adams*, 679 F.3d at 319)).

In his motion, Lay contests the Court's "false statement" that he did not challenge the oral bill of information, arguing that he raised such challenges in his objections to Magistrate Judge Wilkinson's R&R.[16] He also seemingly challenges the Court's dismissal of his petition without an evidentiary

---

[16]    R. Doc. 64.

hearing on the amended bill of information.[17]   Because Lay raises no new substantive claims in his motion, the motion is properly considered a Rule 60(b) motion for relief from judgment.  *See Gonzalez*, 545 U.S. at 532.

Turning to the merits of the motion, the Court finds that Lay fails to articulate any specific reasons why he believes it erred when it denied his petition for writ of habeas corpus.  Lay does not specifically invoke any of the first five enumerated grounds for relief under Rule 60(b).  He does not allege mistake, inadvertence, surprise, or excusable neglect, *see* Fed. R. Civ. P. 60(b)(1), newly discovered evidence, *see id.* 60(b)(2), fraud, misrepresentation, or misconduct, *see id.* 60(b)(3), a void judgment, *see id.* 60(b)(4), or a reversed or vacated judgment, *see id.* 60(b)(5).  Accordingly, the Court will consider whether his motion affords a basis for relief pursuant to Rule 60(b)(6).  This relief is "extraordinary," and Lay bears the burden of demonstrating the exceptional circumstances that warrant relief.  *See Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) (citations omitted).

Here, Lay's argument that the Court falsely concluded that he failed to contest the oral bill of information[18] is unfounded and unavailing.  Nowhere

---

[17]     *Id.*
[18]     *Id.*

in the Magistrate Judges' R&Rs or this Courts Order and Reasons did the Court find that Lay failed to challenge the oral bill of information.  Indeed, Lay clearly challenged the constitutionality of the oral amendment of the bill of information in his petition and in his objections to Judge Wilkinson's R&R.  And the Court appropriately dismissed these challenges as meritless based on the record, which contained a handwritten amendment to the bill of information received in open court, in the presence of Lay and his counsel, during Lay's state court trial.[19]

Lay also appears to challenge the lack of an evidentiary hearing on the amended bill of information in his habeas proceeding.  A district court may hold an evidentiary hearing only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, *id.* § 2254(e)(2)(A)(ii); *and* that the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. *Id.* § 2254(e)(2)(B). As previously determined, Lay's claims concerning the oral bill of information did not meet this statutory standard.

---

[19]   R. Doc. 33 at 58.

Accordingly, Lay's motion fails to show "extraordinary circumstances" justifying the reopening of the Court's final judgment under Rule 60(b)(6).

## IV.   CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal the denial of Rule 59(e) and Rule 60(b) motions filed after the denial of a § 2254 petition. *See Austin v. Davis*, 693 F. App'x 342, 343 (5th Cir. 2017) (citing *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007)); *Williams v. Davis*, 713 F. App'x 354, 355 (5th Cir. 2018) (citing *Ochoa Canales*, 507 F.3d at 888).   The court may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  The "controlling standard" for COA requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)). "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a [COA] should issue only when the prisoner shows both 'that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Gibson*, 2014 WL 1066987, at *1 (quoting *Slack*, 529 U.S. at 484); *Bourque*, 296 F. App'x at 396 (quoting *Slack*, 529 U.S. at 484).

Lay has not met these standards.  Accordingly, the Court will not issue a COA as to his Rule 59(e) and 60(b) motions.

## V.   CONCLUSION

For the foregoing reasons, the Court DENIES WITH PREJUDICE petitioner Lay's motions and DENIES a certificate of appealability.

New Orleans, Louisiana, this   18th   day of September, 2023.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE