Case 2:19-cv-09803-SSV Document 70 Filed 02/20/24 Page 1 of 8

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED Feb 20 2024

CAROL L. MICHEL
CLERK

AJ Mail

United States District Court
Eastern District of Louisiana

Richard Bulay
Versus
Donnie Bordelon-Warden,
Elayn Hunts Correctional
Center

Civil Action
19-9803-R(2)

Date Filed:

Deputy Clerk

## Motion To Vacate And Set Aside All Judgments

Now in the Court comes Petitioner Bulay who moves this Court to vacate and set aside all judgments as to the following claims only under Rule 59e. See Banister v Davis, 140 S.ct. 1698, 02, 1705 [2020].

### Discussion

A fundamental miscarriage of justice is narrowly construed and is equivalent to actual, as opposed to legal, innocence. Sawyer v Whitley 505 U.S. 333, 338, 120 L.Ed 2d 269, 112 S.ct. 2154 [1992]. In order to demonstrate that a fundamental miscarriage of justice will result, the Petitioner must show that a "conviction has probably resulted innocence". Schlup v Delo, 513 U.S. 298, 327, 130 L.Ed 2d 808, 115 S.ct. 821 [1995]; Murray v Carrier, 477 U.S. 478

-1-

106 S.Ct. 2639, 2649, 91 L.Ed. 2d 3697 [1996]. Glover, 128 F.3d at 209. To establish such probability by the petitioner must demostrate that it is more likely than Not that No reasonable trier of fact would have found him guilty beyond a reasonable doubt. Collins v Johnson, 89 S.Ct. 530, 136 L.Ed. 2d 416 [1996] quoting McNelsky v Zant, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed 2d 517 [1993].

1. The Magistrate's and the Trial Judge used the wrong Louisiana laws to determine said claims per se And to determine my claims under ineffective Appellate counsel at the time of my Direct Appeal. as follows:

(a) Contrary to the courts ruling that louisiana law does not have a restriction preventing use of a conviction for which a sentence is still being served:

As held in Baker v State, 970 So. 2d 948 [La. 2007] the prior felony conviction used under LA.R.S. 14:34.2 B(2) CANNot be used to enhance my sentence under LA.R.S. 15:529.1; State v lewis, 104 So. 3d 407 [La.2012]. citing Baker.

(b) The jury was Not told what the felony was in order to Prove beyond a Reasonable doubt as mandated by State v Skipper, 906 So.2d 399 [La. 2005]

(c) Strickland v Washington, 466 US 668 [1984];

#2

Apprendi, 530 U.S. 466 [2008]
(c) The reading of the Bill of Information alleging that I was under the jurisdiction of a felony when the battery was committed violated my Due Process rights under ~~[struck]~~ Skipper, 906 So.2d 399 [La. 2005] since No mandatory Jury instruction was gave as to the nature and reasons for alleging being of the jurisdiction of DOC. without ~~[struck]~~ per Spencer v Texas, 385 U.S. 554, at 582, 87 S.ct. 648, at 652.

(d) The trial court denied my Right to conflict and effective counsel rather than appoint me another counsel by forcing me to be Co-Counsel over my objection and the 1st Circuit informing him to hold a Faretta Hearing

(e) Petitioner is entitle to a New trial once being arraigned on a Oral Bill of Information. No Amended Bill of Information was properly Amended and sign by the DA and my arraigned prior to moving to Quash after swearing of Jury. Petitioner Lay was never arraigned on Written Bill of Information thus the Bill must be quashed under State v Breaux, 504 So.2d 1011 [1st cir. 1987]; State v Cook, 372 So.2d 1202 [La. 1979].

3.

106 S.Ct. 2639, 2649, 91 L.Ed 2d 3697 [1996]; Glover, 128 F.3d at 209. To establish such probability the petitioner must demonstrate that it is more likely than not that no reasonable trier of fact would have found him guilty beyond a reasonable doubt. Collins v Johnson, 89 S.Ct. 530, 136 L.Ed. 2d 416 [1996] quoting McKelsky v Zant, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed 2d 517 [1993].

B. The Magistrate and the Trial Judge use the wrong Louisiana law to determine the following claims per se and ineffective counsel on Direct Appeal:

1.(a) The District Attorney failed to introduce to the jury the felony that I was under jurisdiction of the court as required by Due Process and the 6th Amendment... See State of Louisiana v Skipper, 906 So. 2d 399 [La. 2005] and Jackson v Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed 2d 560 [1979]. See also Skipper, supra citing

(b) The failure to introduce State v Lay #383759-F-22nd JDC/St. Tammany at the guilt phase of my trial and give instructions to the jury the purpose of the prior crimes evidence. See Spencer

P. 4

2

2. If this court finds the District Attorney introduce State v. Lay #383794-F in the guilt phase of my trial then State v. Baker, 970 So.2d 948 La. 2008) prohibits the use of State v. Lay #383759-F in the Multiple Bill of Information for Enhancement purpose again under LA R.S. 15:529.1 after being sentence to 2 years already under LA R.S. 14:34.2 B2; See State v. Lewis, 104 S.3d 407 [LA. 2012)

3. The court misconstrues his claims of being tried on a Oral Bill of Information as mandated violation of my due process rights under Art. 487 of La. C.Cr.P.; State v. Cook, 372 So.2d 1202 [La. 1979]; State v. Breaux which controls the outcome over 22nd JDC/ Washington Parish. See also Johnson v. Puckett.

No written bill was filed on 5-24-2011 as falsely relied upon by Judge Ad Jerome Winsberg by Asst. DA. once Reaux I and the court counsel moved to Quash on Nov. 28, 2011 due to being arraigned by Oral Amendment and not a written one for Due Process Purpose. I was not arraign on a written Bill of Information but the oral one on March 24, 2011. See State v. Cook, Supra; State v. Breaux Supra

a. 285 5

4). My Equal Protection Clauses claim raised by the Justices in Dicta in Ramos like Ramos - 6th Amendment violation is a successive writ but for the Rhines + Weber, 544 U.S. 269 [2005] and cause exists for just filing within the one year period as the findings dated July 27, 2022 as to both claims.

5). The claims has merit in accordance to Louisiana and United States law for ineffective Appellate Counsel And no hearing on PCR with Counsel ever had.

Respectfully submitted this 9th day of Feb 2020 under the penalty of perjury and good-faith

Richard B. Loy 110315
EHCC- Roe 23
P O Box 174
St. Gabriel, LA 70776

CC
Matthew Caplan
Asst. DA

@. 6
#.8.



Richard B. Cay 17036
BPCC
P.O. Box 174
St. Gabriel, La 70776

Clerk Of Court
USDC-ED, LA
500 Poydras St., Rm. C151
New Orleans, LA 70130

PRISON MAIL
NOT CENSORED. NOT RESPONSIBLE
FOR CONTENTS.