United States District Court
~~For the~~ ~~Eastern District~~ ED-La
Court of Appeal

Richard B. Lay           Civil Action
Versus
Donnie Bordelon-Warden   19-9803
Elayn Hunt Correctional       R(2)
Center

~~Request Leave To Afile AAA Successive Petition By A Restricted Prisoner~~

Motion To Vacate II

Claim
Article 1 Section 17 of the Louisiana Constitution 1974 and Article 782 A of the Louisiana Criminal Code of Procedure violates the Equal Protection Clauses of the United States and the State of Louisiana Constitution.

A federal habeas corpus is required to apply law that was clearly established "at the time the conviction becomes final." Peterson v. Cain, 302 F.3d 508, 511 [5th Cir. 2002] [ citing Williams v. Taylor, 529 U.S. 362, 380-81 [2000]. As Calculated in the pending Report and Recommendation, Lay's battery conviction was final on Dec. 15, 2016. The predicate use for impeachment and sentencing under R.S. 15:529.1 ... State v. Lay # 215530-C – 22nd JDC/ St. Tammany Parish a 10-2 Jury verdict were final years before that. Apodaca

1.

v Oregon, 406 U.S. 404 [1972] and Johnson v Louisiana, 406 U.S. 356 [1972] do not control my "Equal Protection Claims. The United States Fifth Circuit Court of Appeals recognized at the time that a prisoner's constitutional challenge to a state court conviction by a Non-unanimous Jury pursuant to Article 1, Section 17 of the Louisiana Constitution 1974 And Article 782 A of the Louisiana Criminal Code of Procedure was adopted to deprive African Americans and other minorities of their equal rights as a U.S. Citizen and a Citizen in the State of Louisiana to establish the Supremacy of the white race. Ramos, 590 U.S. at ___, 140 S.Ct. at 1394 [2020] citing United States v Fordice, 505 U.S. 717, 729, 112 S.Ct. 2727, 120 L.Ed 2d 575 [1992][policies that are "traceable" to a State's de jure racial segregation and that still "have discriminatory effects" offend the Equal Protection Clause], State v Petrovich, 396 So.2d 1318, 1322 [La. 1981]; Sibley v Board of Supervisors of Louisiana State Univ., 477 So.2d 1094 [La. 1994][ Article 1, Section 3 of the Louisiana Constitution commands the Courts to decline enforcement of a legislative classification of individuals in three different situations: (1) when the law classifies individuals by race, it shall be repudiated completely. Under the

first level of scrutiny enumerated in Sibley, the law creating the classification completely falls. See Moore v. RLCC Technologies, INC., p.9, 668 SO.2d at 1140.

The Louisiana provisions authorizing non-unanimous jury verdicts were introduced into our law by the Constitutional Convention of 1898 for the purpose of discrimination against African-Americans to which petitioner Lay is; the provision(s) had, and continue to have the desired discriminatory effects against petitioner Lay and all other prisoners who conviction was final prior to Ramos, supra and the November 6, 2018 amendments to Article 1, Section 17 of the LA. Const. 1974 and Article 782(A) of the Law Crim. Code Procedure to be amended to require unanimity verdicts on or after the effective date as to all None final criminal offens / appeals. As to Ramos holdings. No relief has been provided to all prisoners who conviction were final prior to Ramos under the Equal Protection Clauses.

Wherefore Petitioner Lay Pray he be allowed to file a second petitioner to challenge Louisiana Non-unanimity jury verdicts prior

to Ramos that's final under the Equal Protection Clauses to which Louisiana Courts has refused to enforced the Equal Protection Clauses which prohibits the creation of laws to discriminate against African Americans based upon Race. See factual findings by the Ramos Court¹

Respectfully submitted this 9 day of February, 2024 under the penalty of perjury and good faith.

/s/ Richard B. Lay

Richard B. Lay
110315
EHCC- Fox 2B
P.O. Box 174
St. Gabriel, LA 70776

CC
Matthew Caplan
Asst. DA
701 N. Columbia St.
Covington, LA. 70434

Footnote
1. See State v Bertrand, 6 So.3d 738 [La. 2009] where the 14th JDC/ Calcasieu Parish holding Article 1, Section 100 17 of La. Const. 1974 and Article 782A, of La. C. Cr. Pro. violates the Equal Protection Clause

4.