Exhibit ☎



# 22nd JUDICIAL DISTRICT PUBLIC DEFENDER OFFICE

St. Tammany and Washington Parishes
John R. Simmons, Jr., District Public Defender

**ST. TAMMANY PARISH**
402 NORTH JEFFERSON STREET
COVINGTON, LA 70433
PHONE: (985) 892-5001
FAX:    (985) 898-0102
EMAIL:  22NDJDCPDO@BELLSOUTH.NET

**SLIDELL & BOGALUSA CITY COURTS**
536 GAUSE BLVD, STE 203
SLIDELL, LA 70458
PHONE:  (985) 643-2747
FAX:    (985) 643-2746

**WASHINGTON PARISH**
919 A WASHINGTON ST
FRANKLINTON, LA 70435
PHONE:  (985) 839-2245
FAX:    (985) 839-3412

March 23, 2011

John Lindner, II
Attorney at Law
527 E. Boston St. Ste. 200
Covington, LA 70433

RE: STATE OF LOUISIANA
WASHINGTON PARISH
22ND JUDICIAL DISTRICT COURT
VERSUS
RICHARD LAY
DOCKET: 11-CR5-112033 (B)

Dear John:

Enclosed please find a copy of the Motion and Order to Appoint Counsel in reference to the above captioned matter, which was filed due to personal conflict with the public defender office. The defendant is charged for violation of R.S. 14:35.5 - Battery of Correctional Facility Employee.

It is my understanding that a/an Judge Trial is to be scheduled with the Honorable Judge Wimberly on 24th of March 2011 in the 22nd Judicial District Court located in Franklinton, Louisiana.

Our last known contact information for Richard Lay follows:
Washington Correctional Institute

It is requested that you interview your client at the earliest opportunity. Additionally, if a private counsel enrolls please contact this office at your earliest convenience.

If you have any further questions please feel free to call.

Sincerely,

John R. Simmons, Jr.
District Public Defender

Enclosures:    Motion and Order to Appoint Counsel
               Statement in Support of Compensation




STATE OF LOUISIANA          NUMBER: 11-CR5-112033 (B)

VERSUS                22ND JUDICIAL DISTRICT COURT

RICHARD LAY           PARISH OF WASHINGTON

## MOTION AND ORDER TO APPOINT COUNSEL

NOW INTO COURT comes John R. Simmons, Jr., District Public Defender, who suggests to the Court that the Public Defender Office will be unable to represent Richard Lay in the above captioned matter because of personal conflict with the public defender office. Therefore it is necessary for the Court to appoint a panel attorney to represent Richard Lay.

Respectfully submitted,

JOHN R. SIMMONS, JR., BAR # 9618
DISTRICT PUBLIC DEFENDER
402 NORTH JEFFERSON STREET
COVINGTON, LA 70433
TELEPHONE: (985) 892-5002

## ORDER

Considering the above and forgoing motion;

IT IS ORDERED that John W. Lindner, II, Attorney at Law, be and he is hereby appointed to represent Richard Lay in the above entitled matter.

Franklinton, Louisiana, this _____ day of _____, 2011.

_____
J U D G E

SERVICE DIRECTION & CERTIFICATE OF SERVICE

Please Serve: John W. Lindner, II, Attorney at Law, 527 E. Boston St. Ste. 200, Covington, LA 70433
I hereby certify that a copy of the foregoing motion has been mailed to the District Attorney for the Parish of Washington this 23 March 2011





The following accepted jurors were sworn, admonished and removed from the courtroom:

1. Annette Taylor
2. Patty Wells
3. Milton Seal
4. Richard Moran
5. Diana Thomas
6. Harold Moberg
7. Kezelle Warren, alternate

At this time, the Court orders a brief recess.

Court reconvened following the recess with the defendant present in open court with co-counsel, John Lindner.

Whereupon, Mr. Lindner advised the bill of information indicates the defendant has only been charged with a misdemeanor and because the jury has already been sworn, the defense hereby requests a mis-trial at this time.

In response to the defense request for a mis-trial, Ms. Wall advised that the clerk did not have the court record available at the time of the arraignment. Ms. Wall further advised the record will indicate a copy of the original bill of information was amended and placed into the official record.

Referring to the minutes dated March 24, 2011, the Court advised the record does reflect the defendant was, in fact, arraigned on felony charges. Mr. Lindner objected to the amended, unsigned bill being read to the jury and the Court noted same.

At this time, Ms. Wall advised the State made an attempt to locate a potential witness for the defense by the name of Sylvester Martin. However, DOC records indicate this witness is no longer housed within the Department of Corrections, therefore, could not be located. The Court advised Mr. Lay that it will be his responsibility to obtain a current address for this witness if he intends for a subpoena to be issued.

Whereupon, Ms. Wall provided photographs to the Court, the defendant and Mr. Lindner that the State intends to use at trial. After review, the Court advised all 6 photographs are acceptable.

The jury is returned to open court.

Out of the hearing of the jury, the Court expressed uncertainty as to whether or not the amended, unsigned bill should, in fact, be read to the jury. Whereupon, Mr. Lindner advised he will provide case law to the Court in the morning regarding this issue being a basis for a mis-trial and, again, objected to it being read to the jury. The Court noted Mr. Lindner's objection and advised this matter will be left open until aforementioned case law could be reviewed.

At this time, the Court gave preliminary instructions to the jury.

The Clerk read the (amended) bill of information and formal plea of the defendant.

Opening statements are heard by Ms. Wall followed by Mr. Lay.

Testimony for the State was begun with Jerry Primes being called and sworn. In connection with this witness' testimony, the State offered, filed and introduced into evidence:

State #1 - Photograph of waiting room
State #2 - Photograph
State #3 - Photograph
State #4 - Photograph
State #5 - Photograph
State #6 - Photograph
State #7 - Photograph
State #8 - Photograph of front desk at clinic
State #9 - Photograph of waiting room at clinic
State #10 Photograph of front door at clinic
State #11 Photograph of waiting room at clinic
State #12 Photograph depicting where transport van was parked at clinic
State #13 Photograph of walk way outside of clinic

Ms. Wall indicated the State would supplement the record with printed copies of State's Exhibits 8-13.

In connection with this witness' continued testimony, the defense marked for identification purposes:

Defense #1 - report of Tommy Schuler
Defense #2 - report of Major Harrell




**7.**

Charges crumble after cell phone video uncovered

5/28/15, 9:21 AM



## Charges crumble after cell phone video uncovered



Charges crumble after cell phone video surfaces WWL

Mike Perlstein / Eyewitness News    5:42 p.m. CDT March 9, 2015



(Photo: WWLTV)

WASHINGTON PARISH, La. — One of the worst days of Douglas Dendinger's life began with him handing an envelope to a police officer.

In order to help out his family and earn a quick $50, Dendinger agreed to act as a process server, giving a brutality lawsuit filed by his nephew to Chad Cassard as the former Bogalusa police officer exited the Washington Parish Courthouse.

The handoff went smoothly, but Dendinger said the reaction from Cassard, and a group of officers and attorneys clustered around him, turned his life upside down.

"It was like sticking a stick in a bee's nest," Dendinger, 47, recalled. "They started cursing me. They threw the summons at me. Right at my face, but it fell short. Vulgarities. I just didn't know what to think. I was a little shocked."

Not knowing what to make of the blow-up, a puzzled Dendinger drove home. That's where things went from bad to worse.

"Within about 20 minutes, there were these bright lights shining through my windows. It was like, 'Oh my God.' I mean I knew immediately, a police car."

"And that's when the nightmare started," he said. "I was arrested."

A 'living hell'

He was booked with simple battery, along with two felonies: obstruction of justice and intimidating a witness, both of which carry a maximum of 20 years in prison. Because of a prior felony cocaine conviction, Dendinger calculated that he could be hit with 80 years behind bars as a multiple offender.

That kicked off two years of a "living hell," as Dendinger described it, a period that is now the subject of Dendinger's federal civil rights lawsuit against the officers, attorneys and former St. Tammany District Attorney Walter Reed.







8.

Charges crumble after cell phone video uncovered                                                                                     5/28/15, 9:21 AM

The suit seeks unspecified damages for a host of alleged Constitutional violations: false arrest, false imprisonment, fabricated evidence, perjury, and abuse of due process.

WWL-TV reached out to the defendants for comment, but only Sheriff Seal responded with a statement. He said, "We are confident that all claims against all WPSO deputies will be rejected and dismissed by the court."

Goyeneche said the legal troubles for some of the witnesses may go beyond the federal lawsuit.

"It's a felony to falsify a police report. And this is a police report. And this police report was the basis of charging this individual with serious crimes," Goyeneche said.

Cressy, who in addition to working under Reed served as the Mandeville city attorney for 15 years, said the lawyers involved in the case may have additional problems with legal ethics and the bar association.

"It was totally wrong, a 180-degree lie" Cressy said. "So, yeah, they're going to have problems, certainly the lawyers."

'An abuse of power'

Meanwhile, Dendinger's attorney Philip Kaplan continues to dig into the case with depositions and new evidence.

In a deposition taken by Kaplan, one Bogalusa police officer, Lt. Patrick Lyons, said he witnessed a battery that knocked Cassard back several feet. But the video shows him far in the distance with his back turned.

Two of the officers stated that Dendinger ran from the scene, although he said his disability makes running impossible.

Kaplan also points out what he thinks should be obvious: "If this was truly a battery on a police officer with police officers all around him, why isn't something happening right there? Why aren't they arresting him on the spot? This case is an abuse of power."

While Dendinger has been cleared of all charges, he still lives in Washington Parish and worries about what could happen next as he presses a high-stakes lawsuit against people who tried to lock him up.

"I didn't do anything wrong and I know they know I didn't do anything wrong," he said. "So I'm faced with the reality that these people purposely lied about something that could put me in prison for the rest of my life."

Recently elected St. Tammany District Attorney Warren Montgomery said he has conducted an independent investigation of the case, but declined comment because a lawsuit is pending.

However, as of this week, Wall no longer works at the office, Montgomery said. Knight is still employed there, he said.

Read or Share this story: http://on.wwltv.com/181IEun











9.

# 2nd prosecutor in courthouse incident quits

A second prosecutor involved in allegedly filing a false police report has resigned from the District Attorney's Office.

Veteran assistant district attorney Julie Knight resigned last Friday.

She and assistant district attorney Leigh Anne Wall were both named in a federal civil rights lawsuit that claims the two assistant district attorneys and others gave false statements to police in connection with an incident that occurred in front of the Washington Parish Courthouse in Franklinton in 2012.

Wall resigned earlier this year.

Knight had served as a prosecutor for former District Attorney Walter Reed and she stayed with the DA's office when new District Attorney Warren Montgomery was sworn in early this year.

She was a highly regarded prosecutor, who handled numerous felonies and some high profile murder cases. But her involvement with the incident at the Franklinton courthouse was apparently her undoing.

In that incident, process server Douglas Dendinger tried to serve a summons on former Bogalusa police Officer Chad Cassard at the courthouse in Franklinton. Dendinger was later arrested after Knight and others accused him of assaulting the officer. But cellphone video of the incident appeared to show Dendinger simply handing the summons to the officer, who then turned and walked away.

Dendinger later said that he had his service of the papers videotaped to prove he served Cassard, not because he was concerned about being falsely accused of assault. But, he said, it was only because of the cellphone footage that he was able to have the allegedly false charges dropped.

"I never hit Cassard," said Dendinger.

This lawsuit never threatened everyone involved.

Knight was named as a defendant in the civil rights lawsuit filed by Dendinger, who was arrested and booked on counts of simple battery, intimidation of a witness and obstruction of justice. Those

---

## Assistant DA resigns

*Continued from Page One*

The federal civil rights lawsuit is ongoing.

Assistant District Attorney Jay Adair will take over Knight's cases, DA Warren Montgomery said.

"I have complete confidence in him to perform in a highly ethical, highly professional and highly competent manner," Montgomery said.

Adair has tried numerous cases at the Franklinton courthouse and is well-known there.







IP.

10.

*Exhibit #5*

STATE OF LOUISIANA                    DOCKET No: 11-CR5-112033

VERSUS                                22ND JUDICIAL DISTRICT COURT

RICHARD B. LAY                        PARISH OF WASHINGTON

Date Filed:_____            _____
                                                    Deputy Clerk


## MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE
*************************************************************************

Now into the Court comes defendant Richard Lay who moves this Court to

"Vacate and Set Aside" conviction and sentence due to lack of Jurisdiction based

on defective bill of information.

1). The Bill of information fail to comply with La C. Cr. P. art. 483 insofar it does

not State:

(a) Name and Nature of the prior offense; and

(b) The Court of conviction See **State v. Bouzigard,** 286 So. 2d 633, 635 (La.

1973).


October 4, 2016

                                      _____
                                      Richard Lay #110315
                                      R.L.C.C. Cajun 2 A-1
CC                                    1630 Prison Road
Filed                                 Cottonport, La. 71327


II.

A True Copy of Original
This_____
_____
Dy. Clerk of Court

FEBRUARY 14, 2011

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, AUGUST J HAND, DISTRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK OF COURT, LAURA CHABRECK, OFFICIAL COURT REPORTER AND BRIAN VOLTOLINA, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA                              __CASE #: 11-CR5-112033__
VS                                  CHARGE:
RICHARD LAY                         BATTERY OF A CORRECTIONAL FACILITY
                                    EMPLOYEE

FEBRUARY 14, 2011                                    AUGUST J HAND

THIS CAUSE CAME ON FOR ARRAIGNMENT AND VARIOUS MOTIONS. PRESENT, LEIGH ANN WALL, ASSISTANT DISTRICT ATTORNEY, PAMELA HERSHEY AND THE DEFENDANT, RICHARD LAY.

AT THIS TIME, DUE TO RECUSAL BY THE COURT AND ALL MATTERS FOR THIS DEFENDANT BEING HANDLED BY JUDGE JEROME WINSBERG, THIS MATTER IS CONTINUED UNTIL A LATER DATE.

-----------------------------------------

9.

29

Exhibit
E

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA                    DOCKET NO. 11-CRS-112033

VERSUS                                FILED: _____

RICHARD B. LAY                        _____
                                            CLERK OF COURT

EXHIBIT D
#11-CR5-112033

1.      Original and oral bill of information upgrading from misdemeanor to a felony

depriving court of jurisdiction to accept any verdict of guilt on the felony charge but only

a misdemeanor.[1] *State v. Breaux*, 504 So. 2d 11 (La. App. 1 Cir. 1987); *State v. Cook*,

372 So. 2d 1202 (La. 1979)...page 1-4.

March 7, 2013.

                                        _____
                                        Richard Lay #110315
                                        WNC Elm A-1-9
                                        P.O. Box 1260
                                        Winnfield, LA  71483-1260

cc:     L. Wall, ADA

---
[1] See La. C.Cr.P. art. 487.

8   28



Exhibit
6

JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court;

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY     DOB: 01/02/1959     SSN: 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
     Arrest Date: 12/30/2010
          RAYBRUN CORRECTIONAL CENTER, ANGIE, LA. 70426-

DATE OF OFFENSE:                    December 21, 2010

COUNT 1
R.S. 14:34.5  BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE,  by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties, Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.

5D.

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY: _____





*11 - CR5 - 112033*

*Gave to me*
*open Court*
*3-24-11*

JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court:

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY     DOB: 01/02/1959     SSN: 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
        Arrest Date: 12/30/2010
        RAYBURN CORRECTIONAL CENTER, ANGIE, LA. 70426-

DATE OF OFFENSE:          December 21, 2010

COUNT 1
R.S. 14:34.5 BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties, Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.

*while the offender is under the jurisdiction and legal custody of the Dept. of Public Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institute, temporary holding center, halfway house, or detention facility.*

WALTER P. REED
DISTRICT ATTORNEY
22ᵉᵈ JUDICIAL DISTRICT
STATE OF LOUISIANA

BY:  *51.*




MARCH 24, 2011

E TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
RSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
STRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY; LORRIE PRICE, DEPUTY
ERK OF COURT, JULIA OEHRLEIN, OFFICIAL COURT REPORTER AND SANDRA CONERLY,
EPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
SPOSED OF AS FOLLOWS, TO-WIT:

ATE OF LOUISIANA
S
CHARD LAY                                    CHARGE:        CASE #: 11-CR5-112033
                                             BATTERY OF A CORRECTIONAL FACILITY
                                             EMPLOYEE

ARCH 24, 2011

                                                    JEROME WINSBERG

HIS CAUSE CAME ON FOR ARRAIGNMENT AND VARIOUS MOTIONS. PRESENT, LEIGH ANN
IAL-, JOHN LINDNER, ATTORNEY FOR THE DEFENDANT AND THE DEFENDANT, RICHARD
AY.

ET IT BE KNOWN THAT JUGDE JEROME WINSBERG HAS BEEN APPOINTED BY THE
UPREME COURT FOR ALL PROCEEDINGS CONCERNING THIS DEFENDANT IN THE 22ND
UDICAL COURT.

AT THIS TIME, THE COURT APPOINTS JOHN LINDER AS COUNSEL FOR THE DEFENDANT.

AT THIS TIME, THE STATE MAKES AN ORAL MOTION TO AMEND THE BILL OF INFORMATION
AS REFLECTED:

CORRECTED SPELLING OF RAYBURN CORRECTIONAL CENTER AND THE FOLLOWING
ADDITIONAL WORDING ADDED TO THE BILL OF INFORMATION:

"WHILE THE OFFENDER IS UNDER THE JURISDICTION AND LEGAL CUSTODY OF THE
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OR IS BEING DETAINED IN ANY JAIL,
PRISON, CORRECTIONAL FACILITY, JUVENILE INSTITUTION TEMPORARY HOLDING CENTER,
HALFWAY HOUSE, OR DETENTION CENTER."

AT THIS TIME, THE DEFENDANT, PRESENT IN OPEN COURT WITH COUNSEL WAS
ARRAIGNED AND PLED NOT GUILTY.
THIRTY DAYS TO FILE PLEADINGS.
FIFTEEN DAYS TO FILE SUPERVISORY WRITS.

MOTION FOR DISCOVERY IS SATISFIED.

EX PARTE MOTION FOR COUNSEL IS SATISFIED.

ALL OTHER MOTIONS ARE CONTINUED UNTIL APRIL 20, 2011 AT 11:00 A.M.



*Exhibit #7*

*Page 7 of 8*

STATE OF LOUISIANA

VERSUS

RICHARD LAY

FILED: _12-15-11_

NUMBER: 11-CRS-2035 112633

22ᴺᴰ JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

DEPUTY CLERK

## MULTIPLE OFFENDER BILL OF INFORMATION

Walter P. Reed, District Attorney for the 22ⁿᵈ Judicial District Court with respect avers that this captioned defendant was charged in this case number in the 22ⁿᵈ Judicial District Court with the crime of violating La. R.S. _14:34.5_, relative to _Battery of a Correctional Facility Employee_, and that afterward, to wit on the 30th day of _November_, 2011, the said accused _was found guilty as charged by a jury_.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _383759_ of the 22nd Judicial District Court, with the crime of violating R.S. _40:979 and 40:967_, relative to _Attempted Possession of Cocaine_, and that afterward, to wit on the _30th_ day of _March_, _2007_, the said accused _was convicted_.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _215530_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _40:981.3_, relative to _Possession of cocaine in a school zone_ and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _197086_ of the 22ⁿᵈ Judicial District Court, with the crime of violating R.S. _14:69_, relative to _Possession of Stolen Property, date of offense February 25, 1991_, and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _197086_ of the 22nd Judicial District Court, with the crime of violating R.S. _14:69_, relative to _Possession of Stolen Property, date of offense February 25, 1991_, and that afterward, the said accused _was convicted_.

53.



Page 8 of 8

defendant was duly charged in case number ___130364___ of the 22nd Judicial District Court, with the crime of violating R.S. 14:72 , relative to _Forgery, date of offense February 25, 1985_, and that afterward, the said accused _was convicted_.

The said defendant  sentenced as first above set out, is one and the same person who was sentenced in the subsequent listed case numbers and should now be sentenced under  the provisions of La. R.S. 15:529.1.

Signed this 15th day of _December_, 2011.

_____
ASSISTANT DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT COURT

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING
FINGERPRINTS ON THIS BILL ARE THE FINGERPRINTS
OF THE DEFENDANT _____
AND THAT THEY WERE PLACED THEREON BY SAID
DEFENDANT THIS ___ DAY OF _____
_____
SIGNATURE LINE

54.

Exhibit 7

MAY 13, 2013

THE TWENTY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE,
DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY
CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS
RICHARD LAY

CHARGE:                    CASE #: 11-CR5-112033
BATTERY OF A CORRECTIONAL FACILITY
EMPLOYEE

May 13, 2013

JEROME WINSBERG

This cause came on for multiple offender hearing.  Present, Leigh Anne Wall, assistant
district attorney, Ernest Barrow, attorney for the defendant and the defendant, Richard Lay.

At this time, the following motions were addressed to wit;

Amended Motion to Disqualify Counsel is denied. .
Note objection by Mr. Lay.

Motion for Recusal is denied.
Note objection by Mr. Lay.

Motion to Continue is denied.

Opposition to Multiple Bill is denied.

State witness, Assistant Warden John Jerrell called and sworn.

State Exhibit #1 - Certified copies of record from Rayburn Correctional Center offered, filed
and introduced.

Note Objection by Mr. Lay.

State Exhibit #2 - Certified copies from docket 383759 out of St. Tammany Parish offered,
filed and introduced.

Felix Indest called and sworn.

State Exhibit #3 - Certified copies from docket 215530 out of St. Tammany Parish, offered,
filed and introduced.

Officer James Folks called and sworn.

State offers witness as an expert in the field of fingerprint analysis and the court accept
witness as expert in this field.

State Exhibit #4 - Certified copies from docket 197086 out of St. Tammany Parish, offered
filed and introduced.

State Exhibit #5 - Certified copies from docket 130364 out of St. Tammany Parish, offered,
filed and introduced.

The State submits this matter to the court, whereupon, the court finds the defendant to be a
4th felony offender and hereby vacates and sets aside the previous sentence in this matter
and sentences the defendat as follows;

Pursuant to Act 15:529.1, the court sentences the defendant to serve a period of twenty two
(22) years hard labor without the benefit of probation, parole or suspension of sentence in
the custody of the Louisiana Department of Public Safety and Correction as a 4th felony
offender.

The defendant is given credit for any time served subsequent to arrest and this sentence is
to run concurrent with any sentence now being served.

The court advised the defendant he has two (2) years from the date the judgment of
conviction becomes final to file any and all petitions for post conviction relief.

SS.

Thirty (30) days to file for appeal.

Thirty (30) days to file for reconsideration of sentence.




215336 EXHIBIT

Court attached

MONDAY, SEPTEMBER 18, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDI[NG] HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", RONALD T. GRACIANE[T], ASSISTANT DISTRICT ATTORNEY, PATRICK J. CANULETTE, SHERIFF AND LUCY REID RAUSCH, CLERK OF COURT. (Bailiff, George Duck, Carol Dobson and Robert Munster and Court Reporter, Lynn Nunez)

51.

X

All outstanding motions having been heard, Court at this time moved this hearing into open court and everyone being present and ready for Trial.

Court ordered that the names of the Petit Jurors, written on seperate cards contained in the sealed envelope, be removed and shuffled and that the names of 18 prospective jurors be drawn, which was done, and said persons were seated in the jury box. This being the noon hour, Court recessed for lunch.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, the Defense at this time requested a hearing in chambers; which Court granted and same was done. The Defense at this time objects to the Court's selection of two additional jurors for Judge Stephen A. Duczer's court after the selection of the first jury panel in this matter. Argument was heard on behalf of the State and the Defense and submitted to the Court; whereupon Court denies said motion. The Defense counsel at this time informed the Court at this time that he has issued a subpoena requesting Slidell Police Department policy manuals which the State is objecting to said request and after argument by both parties; whereupon Court ordered the State to allow the Defense counsel access to said manual and that a copy can be made however if said manual is not used during the scope of the Trial all copies are to be destroyed. The Defense counsel further informed the Court that he is satisfied with the response to the subpoena regarding the records of Melissa Thompson.
Court moved this matter back into open Court, and everyone being present, Court had the panel of 18 prospective jurors sworn and voidire examination was begun and the following named persons were peremptorily challenged by State and Excused by the Court:

1.   Lakeithia A. Johnson
2.   Mary B. Sears

The State requested that prospective juror Townsend be excused for cause, which Court denied; whereupon the State at this time used its third peremptorily challenge and Court excused Cynthia E. Townsend.

The following named persons were peremptorily challenged by Defense and Excused by the Court:

1.   Anita L. Kelley
2.   Elizabeth Bollich
3.   Andrew G. Bumpas
4.   Jacqueline K. Smith
5.   Carrol M. Sumner

The following named persons were duly sworn and impaneled to try this case to-wit:

1.   Alonzo C. Baham
2.   Roy J. Marchand
3.   Michael V. Tricou
4.   Marilyn A. Mackay
5.   Nelson T. Tassin
6.   Ronald J. Joachim, Sr



MONDAY, SEPTEMBER 18, 1995

```
7.       Janet H. Towner
8.       Marcia I. Guidry
9.       Paulette P. Graf
10.      Emily J. Hall
```

Court ordered that the names of the Petit Jurors, written on separate cards contained in the sealed envelope, be removed and shuffled and that the names of 18 prospective jurors be drawn, which was done, the voirdire examination was begun and the following named persons were peremptorily challenged by the State and Excused by the Court:

```
4.       Janis A. Kahrs
5.       Melody F. Scanlon
6.       William J. Short
7.       Nicholas A. Manalle, Jr.
8.       Carl W. Francis
9.       Lisa A. Fonseca
```

The following named persons were peremptorily challenged by the Defense and excused by the Court:

```
6.       George C. Durant, III
7.       Henry J. Eberhardt, III
8.       Shirley M. Temples
9.       Rodney O. Sorapuru, Sr.
10.      Terry J. Lemoine
11.      Barry J. James
```

The following named persons were challenged for cause and excused by the Court:

```
1.       Madiline F. Fauntleroy
2.       Michael G. Duplechain
```

The following named persons were duly sworn and impaneled to try this case to-wit:

```
11.      Sandra K. Smith
12.      Jeanne M. Blume
```

The Court at this time informed the State and the Defense that two alternates will be selected in this matter and that they will each be given two peremptorily challenges for the purpose of selecting the alternates.  The following named persons were duly sworn and impaneled as alternates in this matter:

```
1.       Tammy M. Bordeaux
2.       Steven F. Summers
```

Court at this time had all of the jurors sworn together as a whole and instructed them as to the rules of sequestration and recessed this matter until 9:00 a.m. on Tuesday, September 19, 1995.





TUESDAY, SEPTEMBER 19, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND  PRESIDING,
HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", RONALD T. GRACIANETTE,
ASSISTANT DISTRICT ATTORNEY, PATRICK J. CANULETTE, SHERIFF AND LUCY
REID RAUSCH, CLERK OF COURT. (Bailiff, Carol Dobson, and Court Reporter,
Lynn Nunez)





TUESDAY, SEPTEMBER 19, 1995

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, and the trial of this matter having been continued for September 18, 1995.

The jury was returned to the Courtroom and all counsel at this time waived polling of the jury.

The Court at this time Court ordered the Clerk to read the Bill of Information and the defendants plea, which was done.

The State made its opening statement to the jury, followed by the opening statement of the Defense.

Evidence was heard on behalf of the State and the following witnesses giving testimony:

1. Melissa Thompson
2. Jeron Fitzmorris
3. Simmie Fairley

On motion of the Defense, Court ordered that the jury be retired, which was done. The Defense counsel at this time that the present policy manual of Slidell Police Department, be turned over, in response to his subpoena; whereupon Court ordered that the policy manuals be produced for Mr. Ellis' examination only. Further, the Defense informed the Court that they intend to recall Mrs. Thompson, and request that she bring with her the Evidence Handling Guide, that was mentioned in her prior testimony, to which the State objects and argued. Court at this time orders that when Ms. Thompson returns to Court, said manual is to be produced also.

Court at this time had the jury returned to the Courtroom.

Evidence was heard on behalf of the State with the following witnesses giving testimony:

4. Thomas Chin
5. Jesse Simon

This being the noon hour, Court recessed for lunch.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, The jury was returned to the Courtroom and the State and the Defense waived polling of the jury.

The testimony of the State's witness, Sgt. Jesse Simon, continued. Further evidence was heard on behalf of the State, with the following witness giving testimony:

6. Capt. Ziggy Swenson

The State at this time offered, introduced and filed into evidence the following items:

S-1   Evidence receipt date January 5, 1993
S-2a  Brown envelope as returned from the Crime Lab
S-2b  Brown evidence envelope turned in by Sgt. Jesse Simon
S-2c  Small envelope inside of S-2b
S-2d  Package containing cocaine
S-3   Survey map
S-4   Picture of Sgt. Jesse Simon in disguise

At this time, on motion of the Assistant District Attorney, Court ordered that the evidence marked S-1 through S-4 be given to the Jury for their viewing, which was done.

The State at this time rested its case subject to the right



~~the jury for their viewing, which was done.~~

The State at this time rested its case subject to the right of rebuttal.

Evidence was heard on behalf of the Defense with the following witnesses giving testimony:

1. Randy Fortenberry
2. Richard Lay

The Defense at this time objects to the State asking the defendan the outcome of the civil suits, Court at this time had the jury retire

Argument was heard; whereupon Court overruled the Defense's objection.

Court at this time recessed briefly.  

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, the jury was returned to the Courtroom and the State and the Defense, waived polling of the jury.

The Defense at this time request that the jury view the evidence.

It being the noon hour, Court recessed this matter for lunch and reminded the jury the as to the rules of sequestration.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, the Defense counsel outside the presence of the jury requested that he be allowed to refer to the prior trial during his closing arguments, the State argued; whereupon Court ordered the State and the Defense to refer to the prior trial as a prior hearing.

The Court ordered the jury return to the Courtroom, the State and the Defense, waived polling of the jury and viewing of the evidence was continued and thereafter completed.

The State at this time made its closing arguments to the Jury, followed by the Defense's closing arguments and concluding with the State's rebuttal arguments.

Court at this time retired the jury, upon request of the Defense.

The Defense at this time requested a mistrial, on the grounds of a misstatement of fact by the State during its closing arguments, argument was heard by both Counsel; whereupon Court denied said motion.

The Court at this time informed the State and the Defense of her concerns regarding the juror Ms. Sandra Smith possibly sleeping during closing arguments and at which time Court cleared the Courtroom except for the parties directly involved in this trial and had Ms. Smith brought into the Courtroom. Ms. Smith was then questioned by the Court, the Defense and the State and the Court at this time determined that Ms. Smith be allowed to remain as a juror in this matter. Ms. Smith was returned to the jury room at this time.  The Defense objects to the Court's ruling.

The State and the Defense requested that the jury charges be amended by the Court, which was done.

The Court ordered the jury be returned to the Courtroom.

Court then charged the jury and release the alternate jurors and retired the Jury to the Jury room for their deliberation at 5:55 p.m.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, the Jury was returned to the Courtroom at 6:50 p.m. after having informed the Court of their need for further instruction.

Court at this time instructed the Jury as to their request and again retired the Jury for further deliberation at 6:54 p.m.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, the Defense at this time moved for a mistrial in this matter, based on a conversation overheard by the defendant concerning comments made in the jury room, argument was heard and Court denied said motion.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, and after mature deliberation at 7:57 p.m. the Jury returned to the Courtroom and through their Foreman returned their written verdict to the Court, which verdict the Clerk was ordered to read as follows:



WEDNESDAY, SEPTEMBER 20, 1995

"We the jury, find the defendant: RICHARD LAY guilty of Possession of Cocaine within 1000 feet of school property/signed/Roy J. Marcha: Foreperson/Covington, Louisiana/date/Wednesday/9/20/95

On motion of the Defense Counsel, Court ordered that the clerk poll the jury as to their vote, which was done showing:

10 yes votes 2 no votes

The State requested the defendant be remanded to the Sheriff and be held without bond pending sentencing, the Defense requested that the defendant be allowed to remain on his present bond obligation whereupon Court ordered that defendant remain on his present bond obligation and further ordered the a Pre-Sentence Investigation be conducted by the Department of Public Safety and Correction and that the FELONY SENTENCING be held on November 28, 1995.

Further the court ordered that the defendant is to report on September 22, 1995 to report to the probation office.



TUESDAY, SEPTEMBER 19, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", RONALD T. GRACIANETTE, ASSISTANT DISTRICT ATTORNEY, PATRICK J. CANULETTE, SHERIFF AND LUCY REID RAUSCH, CLERK OF COURT. (Bailiff, Carol Dobson, and Court Reporter, Lynn Nunez)

59.




TUESDAY, NOVEMBER 28, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING,
HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", MILLARK K. GATEWOOD
AND FRANK B. BANKSTON, ASSISTANT DISTRICT ATTORNEYS, PATRICK J. CANULETTE,
SHERIFF AND LUCY REID RAUSCH, CLERK OF COURT. ( LYNN NUNEZ, COURT
REPORTER AND BOB MUNSTER AND GEORGE DUCK, BALIFFS )



59.

TUESDAY, NOVEMBER 28, 1995

The defendant being present in open Court attended by his Counsel, Douglas C. Ellis, and this matter being on assignment for Felony Sentencing. Counsel for the Defense at this time filed a Motion for Post Verdict Judgment of Acquittal and the matter was argued by the Defense and the State and submitted to the Court; whereupon Court denied said motion. Further, Counsel for the Defense filed a Motion for New Trial and the matter was argued by the Defense and the State and submitted to the Court; whereupon Court denied said motion. Counsel for the Defense noted his objection to the Court's ruling on both motions.

Counsel for the Defense announced they are ready for sentencing. Court informed Counsel that she is in receipt of the Pre-Sentence Investigation Report and has reviewed same. Defense Counsel having reviewed the Pre-Sentence Investigation Report, noted his objections to said report.

Upon request of Defense Counsel, Court allowed the defendant to address the Court directly. Further, Counsel for the Defense requested that the 2 page handwritten letter, addressed to the Court from the defendant, be placed in the record and sealed, which Court ordered and same was done.

Court ordered the following sentence imposed:

RICHARD B. LAY, being over 17 years of age and having been found guilty by a jury of Possession of Cocaine within 1,000 feet of school property, Court sentenced the defendant to serve a period of five (5) years at hard labor with the Department of Public Safety and Corrections of the State of Louisiana and further ordered the defendant to pay a fine in the sum of $5,000.

Court ordered the sentence imposed herein is to run consecutive with the sentence he is presently serving and the defendant is given credit for time served.

Counsel for the Defense noted his objection to the sentence imposed by the Court.

Court advised the defendant he has three years within which to file for Post Conviction Relief.

The State at this time filed a Multiple Offender Bill against the defendant and the defendant, through Counsel, entered a plea of not guilty.

Counsel for the Defense at this time filed a Motion for Appeal and requested a return date set in ninety (90) days, which Court granted and ordered a return date set in ninety (90) days.

Counsel for the Defense at this time requested an appeal bond be set, which Court granted and set an appeal bond in the amount of $100,000. cash, property or surety.

As to the Multiple Offender Bill filed by the State against the defendant, Court advised the defendant of his right to remain silent and his right to a hearing on the Multiple Offender Bill.

Court further ordered that Douglas C. Ellis will be Counsel of Record on Appeal.





434

REASON CHECKED

Unclaimed:
Refused:
Need Offender # ___ Need DOC #
Discharged:
Moved from RLCC:

RICHARD LAY
RLCC-C2-A1#14
1630 PRISON RD.
-R-T-S- 71327-RFS-1N 11/09/2

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD
RETURN TO SENDER

FILED

NOV 12 2020

MELISSA R. HENRY, CLERK
Deputy _____
Erika Roberts, Deputy Clerk

61

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RICHARD LAY
RLCC-C2-A1#14
1630 PRISON RD
COTTONPORT, LA 71327
DK # 21553O/383759 DIV.r

9590 9402 4312 8190 6708 65

2. Article Number (Transfer from service label)
7015 1520 0002 4798 5182

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                 □ Agent
                                  □ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Return Receipt for Merchandise
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt



62.