United States Court Of Appeal
Fifth Circuit

Richard B. Lay-Pro se          Civil Action
Versus
Donnie Bordelon-Warden _____
                                    Deputy Clerk

Request leave To Amend Original
Request To File A successive Petition
By A Sanction Petitioner As Order
By the United States District Court-
Eastern District Of louisiana—Docket
Number: 19-9803—R(QJ):

The Honorable Sarah S. Vance—Judge

_____

Petitioner Richard B. Lay Question the
District Court adopting of the Magrist
rate Report And Recommendation To Deny
leave To Amend the Equal Protection
Clause And Sixth Amendment Claims.
Argued by the Court in Ramos + louis-
iana, ____ U.S.____, 140 S.ct. 1390, 260 L.Ed.
2d 583 [2020]: See Attached Petition For Remand

On June 15, 2020 Lay filed the "Pet-
ition For Remand "invoking Ramos, supra
And the USCA, Sixth And Fourteenth
[Equal Protection]. The Court on
July 27, 2020 Construed this filing
as A motion To Amend my Petition

1.

And to Stay the Case under Rhines + Weber, 544 U.S. 269 [2005]. The Court granted the motion as construed.[2]

As a consequence of the New Ramos Claims, Lay has a "mixed petition" in federal court – i.e., his petition consists of both exhausted and unexhausted claims. See Rhines, 544 U.S. at 273. In Rhines, the Court noted that the one-year statute of limitations period in the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], Pub. L. No. 104-132, 110 Stat. 1214, necessitated a "Stay-and-Abeyance" procedure for petitioners who had good reason for presenting mixed petitions to federal district courts, especially if the petitioner would fall outside of the one-year statute of limitations without a Stay. Id. at 278. Lay satisfies this criterion. This Order and Reasons constitutes a final judgment. No timely motion to reconsider this order or an appeal was timely sought by the defendants despite Notice of Ruling to Counsel of Records. After exhaustion of the Sixth Amendment and fourteenth Amendment [Equal Protection] challenges to the unconstitutionality of the Non-

Footnote

1. See Order and Reasons with Lay's Petition for Remand attached.

2. See Note 1

2.

UNANimous felony Criminal Jury trial.

Petitioner Lay Challenge to the UNconstitutonlity of Article 1, Section 17, of the louisiana Constitution 1974, and Article 782 A, of the Louisiana Criminal Code of Procedure under the Equal Protection Clauses of both the United States And louisiana Constitution 1974 is not Successive since this "10-2 Jury Verdict" of State + Lay # 2/5530-C- 22Nd Judicial District Court= PARish of St. TAmmany was used for impeachment at my trial and for Sentencing enhancement under LA.R.S. 15:529.1 in my present Conviction and Sentence under State + Lay # 11-CRS-112033-22Nd Judicial District Court in which I was granted leave to Amend on July 27, 2020 which is a final judgment in which the magistrate Nor Judge can overrule, since its final and State ex Rel Becnel + BLACK burn, 410 So. 2d 1015 [La.1982] gives the petitioner a Choice to Challenge the predicate used for enhancement purpose in the Court where the predicate was used or Conviction [10-2] had. See Also louisiana Criminal Code of Procedure Article 930.8 A(1)

The law that RAmos struck was de-

Q. 3.

designed to discriminate against
African-Americans and it has been
successful. For the last 120 years, it
has silenced and sidelined African
Americans in Criminal Proceedings and
caused questionable Convictions through-
out Louisiana.

The Post-Reconstruction Louisiana
Constitutional Convention of 1898
sought to establish the Supremacy
of the white Race. Ramos, 140 S.ct.
at 1394. It approved Non-unanimous
juries as one pillar of a compre-
hensive and brutal Program of Racist
Jim Crow measures against African
Americans, especially in voting and
Jury service. Id. at 1417. [Kavanaugh, J.,
Concurring in part]. Aware that this
Court would strike down any policy
of overt discrimination against
African-Americans jurors as a violat-
ion of the fourteenth Amendment, the
delegates sought to undermine African-
American Participation on juries in
another way. With a Careful eye on
racial discrimination demographics, the
Convention delegates sculpted a "facially"
race-Neutral rule ... in order to ensure
that African-American Juror Service
would be meaningless." Id.

Data showing that votes of African—

4

American jurors have been disproportionately silenced is compelling evidence that the use of the pro-RAMOS rule affected the fundamental fairness and accuracy of criminal trials. In light of the racist origins of the Non-unanimous jury, it is no surprise that Non-unanimous juries can make a difference in practice, especially in cases involving black defendants, victims or jurors. Id at 1417 [KAVANAUGH, J., concurring in part] The whole point of the law was to make it easier to convict African American defendants at criminal trials, even when some of the jurors themselves were African American. By Louisiana's Constitutional Convention of 1974, which authorized the use of the Jim Crow law, the expected ease of convicting African Americans in Louisiana had come to simply be described as "judicial efficiency": State v. HANKTON, 2012-0375, 19 [La. App. 4 Cir. 8/2/13] 122 So.3d 1028, 1038, writ denied, 2013-2109 [La. 3/14/14], 134 So.3d 1193. But despite "race neutral" language justifying the law in 1974, it has continued to have detrimental effect on African American citizens. Then and Now Non-unanimous juries can silence the voices and negate the votes of black jurors, especially in cases with black defendants or black victims, and only one or

P. 5.

two black jurors. The 10-jurors can simply ignore the views of their fellow panel members of a different race or class. Johnson + Louisiana, 406 U.S 356, 397, 92 S.Ct. 1620, 32 L.Ed 2d 152

Both the United States Supreme Court's and the Louisiana Supreme Court's prohibits adoption of Article 1, Section 17 of the La. Const. 1974 and Article 782A, of the La. Criminal code Procedure designed to deprive African Americans as petitioner Lay of his rights of Equal Protection of both laws under the United States And the State of Louisiana. and mandate the courts to decline enforcement a legislative Classification based upon race And mandate said laws to be repudiated completely since the law Creating the Racial discrimination against African American and other minorities completely fails. see Sibley + Board of Supervisors of Louisiana State University, 477 So.2d 1094 I La. 1994 J; moore + RLCC Technologies, Inc., p. 9, 668 So.2d at 1140; And United States + Fordice, 505 U.S. 717, 729, 112 S.Ct at 2727, 120 L.Ed.2d 575 1992 J policies that are traceable to a State's de jure racial Segregation and that still have dis-Criminatory segregation effects offend

6.

the Equal Protection Clause];
State v Petrovich, 396 So. 2d 1318;
1322 [La. 1981]. and Article 1, Section
2 and 3 of the LA. Const. 1974.

Magristrate Judge Wilkinson recom-
mended State v Lay # 215530-C -22nd
Judicial District Court Parish of
St. Tammany a 10-2 Jury verdict
held unconstitution under Ramos
which was used by the State for
impeachment Purposes during the
guilt Phase of my trial And
enhancement of my sentence under
LA. R.S. 15:529.1 was a Successive
writ and recommended dismissed for
lack of Jurisdiction, so that the burden
may properly be imposed upon Lay
to obtain Authorization to pursue. if, he
can, on Feb. 28, 2020. On July 27, 2020
the trial Judge granted leave to
Amend my Laboas petition challenging
the use of the 10-2 verdict under
both the 6th And 14th Amend [Equal
Protection]. Objections were filed.

Subsequently, the court refferred the
matter to Magristrate Judge Currault
for a Supplemental R+R Addressing
Lay's claim under Ramos + louisiana.
Magristrate Judge Currault recomm-
ended dismissal of Lays Ramos
Claims. Neither Magristrate Judge

& 7.

Wilkinson or Currault Addressed my "Equal Protection Clause" challenges to use of State + law # 215530-C a 10-2 Jury verdict used for impeachment purposes during the guilt phase of State + law, 11-CRS-1/2033 And enhancing of my sentence under LA. R.S. 15:529.1 which is a Claim granted leave to Amend And a Stay for State court exhaustion on July 29, 2020 which clearly has merits in law And facts as cited by petitioner Lay in the "Petition To Remand To State court" filed June 15, 2020 which was granted under Rhines + Weber, Supra

The use of a 10-2 verdict for impeachment purposes at the guilt phase of my trial And enhancement of Sentence under LA. R.S. 15:529.1 Violated Ramos And the "Equal Protection Clauses" to which I seek relief only thereunder... entitles petitioner Lay to Vacation of his Conviction And sentence in light of the unconstitutional State statutes under the Equal Protection Clause which the State courts Nor defense Attorney Matthew Caplan has addressed with Any timely objections.

8.

Magistrate Judge Wilkinson's refusal to transfer to this Court my 10-2 Jury verdict Challenge under the Equal Protection Clauses per In re Epps, 127 F.3d 364 [5th cir 1997].

Petitioner Lay Challenged the use of the 10-2 verdict[3] in both Sentences I'm Currently serving #383259-F And 11-CRS-112033 due to the Racially Adoption of Article 1, Section 17, of the La. Const 1974 and Article 782 A, of La. Criminal Code Procedure under the Equal Protection Clause to which No State or Federal Court has ruled there under. The Fifth Circuit has mistakely denied relief thinking I was filing under Ramos 6th Amendment Ruling as being Retroactive when in fact I was not as clearly Stated—Equal Protection.

The Ruling of the Trial Judge in adopting their Reports And Recommendation constitute a fundamental denial of justice Requiring reversal And further finding of facts.

8.9.

Footnote
3. State v Lay #215530-c— 22nd JDC / St. Tammany

If this Court deems my Equal Protection challenges to Article I Section 17 of the LA Constitution 1974; And Article 782A, of the La. Criminal Code despite the July 27, 2020 order And Reasons ordering me to Exhaust said Claims in State Court per Rhine + Weber, Supra then I clearly meet Epps Supra insofar as the factual predicate for the Claim could not have been discovered prior to obtaining Ramos decision and reading the in dicta findings, if proved by clear And convincing evidence, would be sufficient to establish that a reasonable trier of facts would not have found the applicant guilty of the underlying offense [Battery on a Correctional Officer]. and a multiple offender upon resentencing under New version of 15:529.1 with a Cleansing period of 5-years on all Non-Violent felonies which I clearly had over 9-years between #215530-C [10-2] And # 383759-F And 11-CRS-112033 entitling me to immediate release.

Where fore Petitioner Lay Prays the interest of Justice prevail

Respectfully submitted this 26 day of February, 2024 under the penalty of perjury And good-Faith.

Richard B. Lay #100315
EHCC-Fox 2B

10. &

P. O. Box 174
St. Gabriel, LA
70776


CC
Matthew Caplan
Ass. District Attorney
701 N. Columbia St.
Covington, LA 70434

file

11.
file.

19-9803-12

United States Court Of Appeal
For The Fifth Circuit


Richard B. Lay                    Civil Action
Vorsus
Donnie Bordelon-Warden
Elayn Hunts Correctional
Center


Motion For Authorization To File
A Successive § 2254 Petition In
The United States District Court —
Eastern District Of Louisiana, See
28 U.S.C. § 2254 [b][3]; In re Tony
Epps, 127 F.3d 364 [10/22/97]

     Petitioner Richard B. Lay seeks
Leave To File A Successive § 2254
raising the "in dicta findings of the
Ramos Court" that the State Of Louis-
iana adopted the Non-unanimous Jury
Trials in Criminal Trials to deprive
African American and other minorities of
their Constitutional rights under both
the United States And the State of
Louisiana to establish the Supremacy
of the White race. Ramos, 590 U.S. at
____, 140 S.ct. at 1394 [2020].

1.

## Statements Of Relevant Facts:

On the 15th day of June, 2020 Petitioner lay cause to be filed a Petition For Remand To State Courts invoking both findings by the Ramos Court:

(a) Louisiana Non-Unanimous felony Jury Trials [Criminal] violate the 6th Amendment of the United States and the State Of Louisiana Constitutions;

(b) Louisiana Non-Unanimous felony Jury Trials [Criminal] violate African American And other minorities rights afforded white citizen to establish the Supremacy of the white race. Petitioner lay is a African American citizen of the United States Of American. 590 U.S. at _____ , 140 S.Ct. at 1394.

On July 27, 2020 the District Court found cause for Raising the Ramos claims under Rhines + Weber, 544 U.S. 269 [2005]; Hernandez + Thaler, 630 F.3d 420, 427 [5th Cir. 2011]; United States + Riascos, 76 F.3d 93, 94 [5th Cir. 1996] to Amend the Habeas Corpus And to Stay pending exhaustion.

Footnote (5)
Lay + Mc Cain, 19-9803 (R)(2) — U.S.D.C. ED. Of La.

2.

Subsequently, District Court referred the matter to Magistrate Judge DONNA Phillips Currault for a supplemental Report and Recommendation addressing my claims under Ramos 140 S. ct. 1390 [2020] Magistrate Judge Currault recommended dismissal of Lay's 6th Amendment claims per Edwards + Vannoy, No. 18-31095, 2019 WL 8643258 [5th Cir. May 20, 2019], cert. granted 2020 WL 210529 [May 4, 2020] and dismissed as successive the Equal Protection Clause claims found in dicta despite the District Court Amended the Petition on July 27, 2020 and issued a Stay for Exhaustion of the Equal Protection Clause claims under both the United States And the State of Louisiana Constitution. The District Court adopted Magistrates Report And Recommendation as her own in the judgment on the 9th day of June 2023 and denied a COA. This Court dismissed the COA Request due to my inability to pay a Prior Sanction. See Lay + Bordelon, #23-30782 [U.S. Fifth Circuit 2024]

<u>Issue And Question Presented</u>
1. Petitioner Lay is being held in Custody pursuant to Use of A 10-2 Jury verdict for impeachment at trial And Sentencing under LA. R.S. 15:529.1 that violates the Equal Protection Clauses:

## Law And Argument. 1

### Racially motivated And UNCONStitutional Law IN violation Of the Equal Protection Clauses:

As acknowledge in Ramos, the origins of louisiana non-unanimous verdicts are undoniable racially mot-ivated. Justice Gorsuch, writing for the Court, explained that the non-unanimous jury provision was passed during Louisiana's 1898 Constitutional Convention, the purpose of which, according to one committed chairman, was to establish the supremacy of the White race." Ramos, 590 U.S. at ____, 140 S.ct. at 1394. Alongside several intended to disenfranchise several laws intended to disenfranchise African-American, including a Poll tax and a literacy And property tax [ ownership ], the non-un-amious jury provision was intended to exclude African-Americans from the Jury verdict without explicity such intent. With a careful eye on racial demographics, the convention de-legates sculpted a "facially race-Neu-tral" rule permitting 10-2 verdicts in order to ensure that African-Americans juror(s) service would be meaning less Ramos, 590 U.S. at ____, 140 S.ct. at 1394 [ citation omitted ].

4.

In Addition, in a partial concurr-
ence, Justice Kavanaugh discussed the
discriminatory impact and explicit un-
Constitutional nature of Non-Unanim-
ous verdicts, as follows:

In light of the racial origins of
the Non-Unanimous Jury, it is No
Surprise that Non-Unanimous juries
Can make a difference in practice,
especially in Cases involving black
defendants victims, or jurors. After all,
the whole point of Adopting the Non-
Unanimous Jury ███████████ requirement
in the first place. And the math has
not change. Then And Now, Non-Unanimous
Juries Can Silent the Voices And Ne-
gate the votes of black jurors, especially
in cases with black ████ defendants
or black victims and only one or two
black jurors. The 10-Jurors Can simply
ignore the views of their fellow Panel
members of a different race or class. That
reality —— and the resulting perception
of unfairness And racial bias ——Can
Undermine Confidence in And respect
for the Criminal Justice System. The
Non-Unanimous Jury is today the last
of Louisiana's Jim Crow laws. And this
Court has emphasized time And time
again the imperative to purge racial
Prejudice from the administration of
Justice generally And from the Jury

5.

system in particular. To state the point in simple terms: why stick by an erroneous precedent that is egregiously wrong as a matter of constitutional law, that allows convictions of some would not be convicted under the proper constitutional rule, and that tolerates and reinforces a practice that is thoroughly racist in its origins and has continually ▓▓▓▓ racially discriminatory effects? Ramos, 590 U.S. ___, 140 S. Ct. at 1417-15 [Kavanaugh, J., concurring in part]

Though the discussion of the racial origins of Louisiana's Non-Unanimous Verdict is dicta, the Court definitely ruled that non-unanimous verdicts are unconstitutional, finding that the sixth Amendment requires a unanimous verdict to support a felony conviction and that the requirement applies to state and federal ▓▓▓▓ criminal trials equally. In reaching this conclusion, the Court looked to the history text and structure of the sixth Amendment and found that the sixth Amendment has always required unanimity in criminal trials. Ramos, 590 U.S. at ___, 140 S. Ct. at 1396.

In addition, the Court ruled that Apodaca v. Oregon, 406 U.S. 404, ▓▓▓ 92 S. Ct. 1628, 32 L. Ed. 2d 184 [1972], a

6

plurality decision that allowed the Non-UNANimous verdict laws of Oregon and louisiana to STAND, Never established governing precedent finding Non-UNANimous verdicts did NOT violate the Sixth Amendment. Ramos, 590 U.S. at _____, 140 S.Ct. at 1402-06. Thus, for the first time, the Court definitively ruled that louisiana law Non-UNANimous Jury verdict law unconstitutional, ~~state~~ because the Sixth Amendment, since its Adoption, has always "included a right to a UNANimous verdict". Ramos, 590 U.S. at _____, 140 S.Ct at 1402.

"Generally, the guarantee of Equal Protection requires that state laws affect alike all Persons And interest similarly situated." State + Petrovich, 396 So.2d 1318, 1322 [la.1981] The legislature has great latitude in making laws and in creating classification under those laws; so long as those classifications can withstand constitutional Muster. See louisiana + United States, 380 U.S. 145, 156, 85 S.Ct. 817, 823 [1965] Stating the Need to eradicate past evils effects and to prevent the continuation or repetition in the future of the discriminatory Practices shown to be so deeply engrained in the laws, policies And traditions of the State of louisiana, completely Justified the District Court

2

in entering the decree it did and
in retaining jurisdiction of the entire
Case to hear any evidence of discrim-
ination in other Parishes And to enter
such orders as justice from time to
time might require]'

IN Sibley v Board of Superv-
isors of Louisiana State Univ.
477 So. 2d 1094 [La. 1994], set forth
the Analysis required by La. Const.
art. 1, 3 in the face of a legislative
Classification.

Article 1, Section 3 commands the
Courts to decline enforcement of
a legislative Classification of indiv-
iduals in three different situation:
~~▬▬▬▬▬~~ (1). when the law class-
ifies individual by race, it shall be
repudiated completely; (2) when the stat-
ute classifies person on the basis
of birth, age, sex, culture, physical
Condition, or political ideas or affiliat-
ion, its enforcement shall be refused un-
less the State or other advocate of
other Advocate of the Classification
show the classification has a reasonable
basis (3). When the law classifies indiv-
iduals on any other basis, it shall be

Footnote:
1. See State v Brown, 648 So. 2d 872 [La.
1995]

rejected whenever a member of a disadvantage class shows that it does not suitably further any appropriate state interest. Sibley at 1107.

Under the first level of scutiny enurated in Sibley, the law creating the classification completely fails. See Moore & RLCC Technologies. Inc., p. 9, 668 So. 2d at 1140. Under the second level of scrunity, the law creating the classification is a prima facie proof of a denial of equal protection and the proponent of the law carries the burden of proving that the classification substantially furthers an important government interest. See id. p. 9-10, 668 So. 2d et 1140-1141. Under the third level of scrunity, the law creating the classification is presume to be constitutional and the party challenging th constitutionality of the law has the burden of proving it unconstitutional by showing the classification does not suitable further any appropriate state interest. See id. p. 11, 668 So. 2d 1141. See also. Med. Exp. Ambulance Service Inc., Inc., Evangeline Parish Police Jury 96-0543 [La. 11/25/96], 684 So. 2d 359; Manuel & State, 95-2189 [La. 7/2/96] 677 So. 2d 116.

9.

The louisiana provisions authorizing
Non-unanimous jury verdicts introduced
into our law by the Constitutional
Convention of 1898 for the purpose
Of discrimination against African-
Americans to which Petitioner Lay
asserts he is. The provisions (s) had, and
continue to have, the desired discrimin-
atory effect. On the 6th day Of Novem-
ber, 2018, the louisiana's legislature
Caused Article 1, Section 17 of the louis-
iana Constitution of 1974 and Article
782(A) of the louisiana Code of Criminal
Procedure to be amended to require
Unanimity verdicts but did not make
this requirement retroactive to final state
Convictions.

On April 20, 2020 the United States
Supreme Court held the State Of louis-
iana Non-unanimous verdict system
violated Amendment 6, applicable to the
States through th fourteenth Amendment
but only held in dicta that the Non
Unanimous verdict system violate th
Equal Protection Clause due to be Adopted
for the sole purpose to deprive
African Americans th same rights
as ███ Anglo-Saxon. See United States
+ Fordice, 505 U.S. 717, 729, 112 S. Ct. 2727,

120 L. Ed 2d 575 [1992]... policies that are "traceable" to a State's de-jure Segregation and still "have dis-crimatory effects" offend the Equal Protection.

Ultimately, Petitioner Lay does not take on the responsibility to prove that the Non-Unanimous Jury verdicts proceed on a unbroken line of racists from 1898 to 2020, or even that the rule imposed a racist silencing of jurors in his own case. Instead, Petitioner Lay must simply demostrate that Article 1, Section 17 of the Louisiana Constition 1974, and La. C. Cr. P. art. 782A — Non-Unanimous jury verdicts were ~~enacted~~ enacted for the sole purpose to retain White Supremacy to deprive African American and other minority [Non-Anglo-Saxon] of their rights to vote and fear that their presence on juries would prevent convictions and result in hijacking outcomes.

Exhaustion
The United States District Court-Eastern District of Louisiana — Lay v Mc Cain — 19-9803-R(2) construed my Petition to Remand to State for Exhaustion of my Ramos claims[2]. The Court on the 27th day July, 2020 construed this filing as a motion to Amend his petition and to stay the case under Rhines v webers,

544 U.S. 269 [2005]. The Court grants the motion. The Court further orders that ■ within 60-days of the Louisiana Supreme Court ruling that I file in the Court a Notice of Ruling and Request to lift stay. See Exhibit 2. Subsequently, the Court referred the matter to Magistrate Judge DONNA Phillips for a Supplemental R+R addressing Lay's claim under Ramos v. Louisiana, 140 S. Ct. 1390 [2020].

Magistrate Judge Curralt recommended (1) Dismissal of my Ramos claim under the Sixth Amend.

(2) Dismissal of my Equal Protection Clause claims as stated by majority in Dicta be dismissed as successive. Petitioner Lay filed multiple objections to the Supplemental R+R. On the 13th day of June 2023 SARAH VANCE - United States District Judge approved the Magistrate Report and Recommendations dismissing with prejudice Lay's petition, as Amended, for issuance of Writ of Habeas Corpus.

The Court having ▬▬▬ Granted the Amendment of the Habeas Corpus Petition and issued a Rhiner Stay and

Footnotes

2. See Rose v. Lundy, 455 US 509, 102 S.ct. 1198 ▬▬▬

3. Rhines Stay and Abeyance

4. See Note 3 -- July 27, 2020 Order

12.

Abeyance in light of having good cause for failure To exhaust outside the one year Statute of limitation. And Dismissing the Petition as to the Ramos Claims after exhaustion as followings:

1. Under the 6th Amendment dismissed under VANNOY. Non Retroactivity.

2. Under the Equal Protection Clause of the U.S. Constitution which Ramos in Dicta found the Non-Unanimous Juries in Louisiana ~~_____~~ Courts Unconstitution. refuse to hear And decide despite granting of the Rhines Stay And Abeyance to exhaust my Ramos. Claim by Saying this Claim is Successive but Not the 6th Amendment findings in Ramos when both Claims derives from Ramos

Petitioner Lay had No idea of these two Claims Until I got a Copy of Ramos + louisiana, Supra and requires a New Trial without use of State + Lay # 215530=C [10-2 verdict] For impeachment at trial And Sentencing Pur purposes under LA.R.S. 15:529.1

Respectfully Submitted This 26 day of February, 2024 Under the penalty of perjury And good-faith.

Richard B. Lay 110301
EHCC - For 2 B
P.O. Box 174

13.

St. Gabriel, LA
70776

Certificate of Service

. I State a copy of this Author-
ization To file a Successive Writ has
been Mailed this 26 day of Feb
2024 Properly addressed with Postage
affixed.

14