## Interested Parties

1. WARREN MONTGOMERY
District Attorney
Parish of Washington / St. Tammany
701 N. Columbia St.
Covington, LA. 70434

2. Jeff Landry
La. Attorney General
1885 N. 3rd Street
Baton Rouge, LA. 70802

3. Richard B. Lay
Doc # 110315
EHCC- Fox 2 B
P.O. Box 174
St. Gabriel, LA.
70776

1.

Issues And Questions Presented

1. Whether A COA should issue From the denial Of A Habeas Corpus whereas the State Court's record clearly establish that I was unconstitutionally denied my right to effective Assistance Of Counsel at every Critical stage over my objections to being a co-Counsel?

2. Whether A COA should issue From the denial of Counsel by forcing me to represent myself without a Faretta Hearing over my objections to the same?

3. Whether A COA should issue From the denial Of Counsel post-trial without notice And Waiver under Faretta in light Of Appointment of Standby Counsels Linder And Barrow?

4. Whether I have exhausted my Equal Protection Clause Claims in the State Court along with my Ramos Claims to prevent a Successive Writ determination that I must seek Authorization from this Court.?

5. Whether I'm entitle to A COA whereas the District Judge failed to make a de novo determination of my Specific Objections to the magistrate's Reports And Recommendations.?

2.

# Table Of Contents

Pages

1. Interested Parties . . . . . . . . 1
2. Issues And Questions Presented . . 2
3. Table Of Contents . . . . . . . . 3
4. Table Of Authorities . . . . . . 4,5,6
5. Standard For Issuance Of A Certificate Of Appealability . . . . . 7
6. Law And Argument 1 . . . . . 8,9,10,11
7. Law And Argument 2 . . 12, 13, 14, ████ 15
8. Law And Argument 3 . . . . . 15,16
9. Law And Argument 4 . . 16, 17, 18, 19, ██ 20
10. Law And Argument 5 . . . . . 20, 21
11. Conclusion . . . . . . . . . . 21
12. Certificate Of Service . . . . . 22

3.

# Table Of Authorities                    Pages

Burdine + Johnson, 262 F.3d 336 [5th Cir 2001] . . . . . . . . . . 8

Yarborough + Gentry, 540 U.S.1 [2003] . .8

Wiggin + Smith, 539 U.S. 510 [2003] . . .8

Strickland + Washington, 466 U.S. 668 104 S.Ct. 2052 [1984] . . . . . . . . 8

U.S. + Phillips, 210 F.3d 345 [5th Cir. 2000] . . . . . . . . . . . 8

U.S. + Williamson, 183 F.3d 458 [5th Cir. 1999] . . . . . . . . . -8-

Campbell + Thaler, NO. 2-10-CV-0271, 2014 U.S. District loxis 37544 [N. Tex 2014] . 9

Donovan + Christoturo, 416 U.S. 637, 645 [1974] . . . . . . . . . . 10

Cotham + State, 45 So.3d 1080 [La. 2010] . 10

State + Watts, 735 So.2d 866 [La. 1996] . 10

State + Beaux, 504 So.2d 1011 [La. App. 1Cir 1987] . . . . . . . . . 10

State + Cook, 372 So.2d 1202 [La. 1979] . . . . . . . . . . 10

Johnson + Puckett, 930 F.2d 445 447 [5th Cir], Cert. denied, 112 S.Ct. 252 [1991] [Case cited] . . . . . . 10

State + Baker, 970 So.2d 948 [La. 2007] . . 10

State + Lewis, 104 So.2d 402 [La. 2012] . . 10

Garrett + U.S. 773 [1985] . . . . . 10

Penson + Ohio, 488 U.S. 75 [1988] . . 10

State + Melon, 66 So.2d 500 [La. App. 4 Cir 1993] . . . . . . . . . 11

State + Brown, 620 So.2d 508 [La. App. 4 Cir. 1993] . . . . . . . . 11

State + Martin, 643 So.2d 830 [La. App. 4 Cir. 1994] . . . . . . . . 11

State + Augustine, 550 So.2d 1331, 1334
[La. 1990] . . . . . . . . — . 11
State v Skipper, 906 So.2d 339 [La.
2005] . . . . . . . . . . 11
Spencer + Texas, 385 U.S. 554 [1967] . . 11
Apprendi + New Jersey, 530 U.S. 466 . . . 11
State + Prieur, 277 So.2d 126 [La. 1973] . . 11
Kirby + Illinois, 406 US 682 . . . . 12, 15
Faretta + California, 422 U.S. 806 [1975] . . 12, 15
Meyers + Collins, 8 F.3d 249, 252 [5th Cir.
1993] . . . . . . . . . 12
Patterson + Illinois 487 U.S. 285 . . 12
Brown + Wainwright, 665 So.2d 607, 610
[5th Cir. 1982] . . . . . . 12
Crandell + Bunnell, 25 F.3d 754, 755 [9th
Cir. 1994] . . . . . . . 12, 13
U.S. v Silkwood, 893 F.2d 245, 248-
49 [10th Cir.], cert. denied, 496 U.S.
908 [1990] . . . . . . . . 13
McKaskle + Wiggins, 466 U.S. 168 . . . 13, 15
U.S + Cronic, 466 U.S. 648 [1984] . . . . 15
Florida + Nixon, 543 U.S. 175 [2004] . . . 15
Rose + Lundy, 455 U.S. 509 [1982] . . . 16
Mercandel + Cain, 179 F.3d 271 . . . 16
Ramos + Louisiana, 140 S. Ct. 1390 [2020] . . 17
United States + Alaniz, 278 F. Supp. 3d
944, [S.D. Tex. 2017] . . . . . . 20
U.S. + Wilson, 864 F.2d 1219 [5th Cir.
1999] . . . . . . . . . 20


United States Constitution
Amendment Sixth . . . . . 8, 11, 12
Amendment Fourteenth . . . . 11

5.

Federal Statutes                                    Pages

28 U.S.C. § 2254 . . . . . . . . . 7, 16
28 U.S.C. § 2253 (c)(2) . . . . . . 7
28 U.S.C. § 636(1)(c) . . . . . . . 20, 21

Louisiana Constitution [1924]
Article 1, Section 17 . . . . . . . 11, 17
Article 1, Section 2 . . . . . . . 11
Article 1, Section 3 . . . . . . . 11


Louisiana State Statutes
Article 282A, of Criminal Code Procedure
R.S. 14:34.5, B(2) . . . . . . . .
Article 487 of Criminal Code Procedure . . 10
R.S. 15:529.1 A(1) B) . . . . . . . 10, 17

6.

## Standard Applicable For Issuance of A COA.

Rule 11. Of the Rules Governing Section 2254. Proceedings provides that "the district court must issue of deny a Certificate Of Appealability when it enters a final order ▓▓▓ Adverse to the applicant. Before entering the final order, the Court may direct the parties to submit arguments on whether a Certificate Should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A Court may issue a Certificate Of Appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) [Noting that § 2253(c)(2) supplies the "controlling Standard" for a Certificate of Appealability requires the petitioner to show "that reasonable jurists could debate whether [or, for that matter, agree that] the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." Miller-El + Cockrell, 537 U.S. 322, 336 [2003] [quoting Slack + MacDaniel, 529 U.S. 473, 475 [2000].

7.

## Law And Argument I

The Sixth Amendment guarantees the right to effective assistance of Counsel at every critical stage of the proceeding against them. Burdine + Johnson, 262 F. 3d 336, 344 [5th Cir. 2001]. See Yarborough + Gentry, 540 U.S. 1, 5, 124 S.ct. 1, 157 L.Ed. 2d 1 [2003]. This right is denied when defense attorney's performance falls below an objective standard of reasonableness And thereby prejudices the defense. Yarborough, 540 U.S. at 5, 124 S.ct. 1, Citing Wiggins + Smith, 539 U.S. 510, 521, 123 S.ct. 2527, 156 L.Ed 2d 471[2003]. This Court reviews claims of ineffective assistance of Counsel under the two-pronged test established in Strickland + Washington, 466 U.S. 668, 104 S.ct. 2052, 80 L.Ed. 2d 674 [1984]; Bridge + Lynaugh, 838 F.2d 770, 773 [5th Cir. 1988].

First, Counsel's Assistance is deficient if it falls, "below an objective standard of reasonableness". Strickland, 466 U.S. at 688. This Court has described this standard as requiring that Counsel "research relevant facts And law or make an informed decision that certain avenues will not be fruitful". U.S. + Phillips, 210 F.3d 345, 348 [5th Cir. 2000] [quoting U.S. + Williamson, 183 F.3d 458, 462-63 [5th Cir. 1999]. Solid, meritorious arguments based on

8.

directly controlling precedent should be discovered And brought to the Court's attention. Id Lay's, trial[1], post-trial[2], appellate Counsel[3] And on post-conviction[3] And sentencing relief[4] failed to meet this Standard by failing to raise the herein specific objections resulting in UNConstitutional waiver without due proc-ess of law[5] See Campbell + Thaler, No: 2-10-CV-0271, 2014 U.S. Dist. Lexis. 37544, 2014 WL 116359 at 6-7 [N.D. Tex. March 20, 2014] quoting Nelson + Estelle, 692 F.2d 903, 906 [5th Cir. Unit A April __ 1981] In turn Donovan + Christoture, 416 U.S. 637, 645, 94 S.Ct 1866, 40 L.Ed 2d 431 [1974]. See also Cotton + State, 45 SO.3d 1030 [La. 2010] [Waiver of Appellate rights to Sentence]:

## Claims

A. The Oral Amendment of Information from a misdemeanor to a felony on march 24, 2011 to which I was arraigned was Subjected to Quashing on November 28, 2011 after Swearing of the jury by the def

## Footnotes

1. Appointed lay Co-counsel over his objections without a Farretta hearing in response to Appointment of Conflict-free Counsel who ended up being standby Counsel; State + Watts, 235 So.2d 866. [1996]

2. Appointed Standby Counsel in response to my Request For Counsel. State + Watts, supra.

ense per La. C. Cr. P. art 487 since:

[B]. The oral Amendment of The Bill was voided since no notice of any Amendment was given to the defense nor was I rearraign on the greater Charge. See State + Breaux, 504 So. 2d 1011 [La. App. 1 cir. 1987]; and State + Cook, 372 So. 2d 1202 [La. 1979]. See Also Johnson + Puckett, 930 F. 2d 445, 447 [5th Cir.], cert. denied, 112 S. Ct. 252 [1991] [Cases cited].

[C]. The use of State + Ley #. 383259-F — 22nd JDC/St. Tammany to which I was currently serving a twenty-years sentence at the time of Battery on The correctional officer to establish jurisdiction per La. R. S. 14: 34.5. B(2) for sentencing enhancement, then used this same conviction for enhancement under La. R. 15: 529.1 violated my due process And double jeopardy rights under State + Baker, 970 So. 2d 948 [La. 2007]; State + Lewis, 104 So. 2d 407 [La. 2012]; Garrett # U.S. 471 U.S. 773, 793 [1985] [Double Jeopardy].

footnotes

3. No Counsel Appointed to perfect my claims in "Opposition To The Anders Brief. See Also La. R. S. 15: 529, 1 D (1) b; State + Watts, 735 So. 2d 866 [La. App 5 cir. 1996]; State + Cotton, 45 So. 3d 1030 [La. 2010].

4. No Counsel Appointed on PCR would file the herein claims per my instructions. See Penson + Ohio, 488 U.S. 75, 109 S. Ct. 346 [1988]

10.

[d] The trial court was without jurisdiction to impose any sentence without a hearing and ruling on my Post-Trial motions for Post-Judgment of Acquittal; Arrest of Judgment, New Trial; And To Modify verdict/Judgment. See State v Melon, 660 So.2d 508 [La. App. 4cir.1993]; State v Brown, 620 So.2d 508 [la. App. 4th Cir.1993]; State v Martin, 643 So.2d 830 [La. App. 4th Cir.1994]; And State v Augustine, 550 So.2d 1331, 1334 [La.1990].

[e] The state telling the jury that I was under the jurisdiction of the Department Of Corrections when I committed a battery upon Officer Jerry Primes in violation of La. R.S. 14:35.5. B(2) without curative jury instructions ███████ as to the limited purposes of the prior crime violated Spencer v Texas, 385 U.S. 554, ●87 S.Ct. 648, 17 L.Ed 2d 606 [1967] cited with approval in State v Skipper, 906 So.2d 339 [La.2005]; Apprendi v New Jersey, 530 U.S. 466; State v Prieur, 277 So.2d 126 [la.1973].

footnotes

5. See U.S. Const. Amend 14; Article 1, Section 2,3 and 17, of La. Const. 1974.

## Law and Argument 2

The Sixth Amendment provides that in all Criminal prosecution, the accused shall enjoy the right... to have the assistance of Counsel. The sixth Amendment right to Counsel applies to all federal and State Criminal prosecutions. Kirby + Illinois, 406 U.S. 682, 689 [1972]. IN Farretta + California, 422 U.S. 806 [1975] the Supreme Court held that the accused has a sixth Amendment right to conduct her own defense in a Criminal Case. Id at 821; Meyers + Collins, 8 F.3d 249, 252 [5th Cir. 1993]. To proceed, a defendant must knowingly and intelligently waives the right to counsel. Farretta, 422 U.S. at 835. To ensure a valid waiver of Counsel, the trial judge must make a "searching or formal" inquiry into both the defendants understanding of the sixth Amendment waiver and her awareness of the disadvantage of self-representation. Patterson + Illinois, 487 U.S. 285, 299 [1988]; Brown + Wainwright, 665 F.2d 607, 610 [5th Cir. 1982] ["While the right to Counsel is in force until waived, the right of self-representation does not attached until asserted] waiver must be voluntary. Patterson, 487 U.S. at 292, n.4. [If the defendant must choose between the right to self-representation and bad Counsel, the choice may be "involuntary"]. See Crandell +

12.

Bunnell, 25 F.3d 751, 755 [9th Cir. 1994].
and U.S. + Silkwood, 893 F.2d 245, 248-
49 [10th Cir.]. Involuntary Waiver when
trial court attempted to persuade defend-
ant of Appointed Counsels' adequacy,
rather than conducting penetrating in-
quiry into decision to proceed pro se,
impermissibly forcing defendant to
choose between self-representation and
poor Counsel], Cert. denied, 496 U.S.
908 [1990]; Mc Kaskle + Wiggins, 466 U.S. 168

Petitioner Lay filed several written
and oral motions to appoint conflict-free
Counsel; motions To Appoint Effective
Counsel; motion To Disqualify Counsel
due to various reasons including but
not limited to breakdown in communicat-
ion, difference of opinion in the def-
ense I wish to present, appoint
a private Investigate to locate inmate
witness Edward Simo And Sylvester Mar-
tin for trial purposes which Counsel
Linder made this representation to the
Court. on June 22, 2011.

footnotes

6. ████████ A eye witness of false claim of
████████ that I committed injuries
upon him at the hospital — allegely release
on parole at the time of trial.

7. A eye witness to xJerry Prime manner of dress
on the day of the alleged incident.                13.

(a) It appears to me that Mr. lay prob- ably Believes that he could represent himself better than I could, And that's his, I mean that's his perogative. If he wants me to continue to represent him, I'll do everything in my power to give him the best representation he can get.

Counsel Linder then explained to the Court that that he told me [lay] why he was appointed to represent him:

(b) The reason that I was appointed to this case is that there's no one left on the Conflict-Panel that has not represented him in the past who is not discharged, who he has not filed BAr complaints against. And I don't know anybody else in the Parish who could represent him right now, to tell you the truth.

Following lay's complaints about Counsel Linder. The Trial Judge denied the Motion To Dismiss Counsel. The Court also told me [lay], Apparently, you're representing yourself to a great ex- tent. and what I'm going to do, if you have no objections, is to make you Co-Counsel with Mr. Linder.

Contrary to the Magristrate's Report

14.

and Recommendation I did orally object to being Co-Counsel/representing myself And force to have a Conflict-▮ of interest Counsel Linder, appointed as standby counsel. I sought writs to the 1st Circuit Court of Appeal— STATE * lay #2011-KW-1645 which denied writs on November 21, 2011 which Guidry, J., dissents in part and would grant the application as to relator's appointment as Co-Counsel in this matter. I would remand to the trial court for a hearing under Farretta * California 422 U.S. 806, 95 S.Ct. 2525 [1973]; McKaskle * Wiggins, 465 US 168,183 And U.S. * Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed 2d 657 [1984].

Law And Argument 3

The Sixth Amendment provides that in all Criminal prosecutions, the accused shall enjoy the right... to have the assistance of Counsel, Kirby * Illinois, 406 U.S. 682, 689 [1972]; And U.S. * Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed. 2d 657 [1984]; And Florida * Nixon, 543 U.S. 175 [2004].

Petitioner lay was deprive of his Sixth Amendment right to Counsel ▮ Post-trial/sentencing to perfect the following pleadings crafted by me due to appointed counsel Barcas in front of

15.

the trial Judge ~~said~~ stated he was appointed as standby counsel only... constructively denying me assistance from him to perfect my pro se post-trial as following:

(a). Post-Judgment Of Acquittal.
(b). Arrest Of Verdict/Judgment.
(c). Modify Verdict.
(d). New Trial.
(e) Motion To Quash Multiple Bill of Information.
(f) Request For Witness Subpoena(s) and Request For Subpoena Duces Tecum for the Multiple Bill Adjudication Hearing. See Florida & Nixon, Supra.

## Law And Argument 4

The Federal Habeas Corpus Statue and decades of federal Jurisprudence requires a petitioner seeking federal Habeas Corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); Rose + Lundy, 455 U.S. 509, 102 S.Ct. 1198 [1982]; Mercadel + Cain, 179 F.3d 274.

footnote(s)

8. He informed the Louisiana Bar in Baton Rouge that he was appointed as standby counsel and would assist me if I requested, and thought said claims to have merits.

16.

ON July 27, 2020 the District Court issued a Rhines order staying the habeas petition pending returning to State Courts for exhaustion of claims per Ramos + Louisiana, 140 S.ct. 1390, 1395 [2020] And within 60-days of the Louisiana Supreme Courts ruling on petitioner Ramos claims petitioner shall file in this Court a Notice of Ruling (1) indicating the case Number And the disposition of the rulings and (2) he shall move to lift the administrative stay to proceed on his petition if needed.

Petitioner Lay exhausted the following claims thru all Louisiana State Court:

1. Article 1, Section 17 of the Louisiana Constitution 1974 And Article 782 of the Louisiana Code Criminal Procedure in Violation of the United States Amendment, Sixth And Equal Protection Clauses.

2. The use of State # Lay # 215530-C 22Nd JDC/St. Tammany a 10-2 Jury verdict for impeachment at trial And Sentencing under LSA-R.S. 15:5281 Violates Ramos + Louisiana, supra And the U.S. Amendment fourteen [Equal Protection] as held in dicta.

RACially motivated And UNCONSTitutioNal
Law:

As acknowledge in Ramos, the Origins
of Louisiana's non-unanimous verdicts are
undeniably racially motivated. Justice Gorsuch,
writing for the Court, explained that the
non-unanimous Jury provision was passed
during Louisiana's 1898 constitutional
Convention, the purpose of which, according
to one committee Chairman, was to establish
the Supremacy of the white race." Ramos,
590 U.S. at ___, 140 S.ct. at 1394. Along-
side several laws intended to disenfranchise
African-American, including a poll tax and
a literacy And property tax [ownership], the
non-unanimous jury provision was intended
to exclude African-Americans from the
jury verdict without explicitly such intent.
"With a careful eye on racial demograph-
ics, the convention delegates sculpted a
"facially race-neutral" rule permitting 10-2
Verdicts in order to ensure that African-
American juror service would be meaning-
less." Ramos, 590 U.S. at ___, 140 S.ct.
at 1394 [citation omitted].

In Addition, in a partial concurrence,
Justice Kavanaugh discussed the discrim-
inatory impact And explicit unconstitutional
nature of non-unanimous verdicts, as
follows:

18.

In light of the racial origins of the non-unanimous jury, it is no surprise that non-unanimous juries can make a difference in practice, especially in cases involving black defendants, victims, or jurors. After all, that the whole point of adopting the non-unanimous jury requirement in the first place. And the math has not changed. Then and now, non-unanimous juries can silent the voices and negate the votes of black jurors, especially in cases with black defendants or black victims and only one or two black jurors. The 10-jurors can simply ignore the views of their fellow panel members of a different race or class. That reality — and the resulting perception of unfairness and racial bias — can undermine confidence in and respected for the criminal justice system.

The non-unanimous jury is today the last of Louisiana Jim Crow laws. And this Court has emphasized time and again the imperative to purge racial prejudice from the administration of justice generally and from the jury system in particular.

To state the point in simple terms: why stick by an erroneous precedent that is egregiously wrong as a matter of constitutional law, that allows convictions of some who would not be convicted under

19.

under the proper constitutional rule, and that tolerates and reinforces a practice that is throughly racist in its origins and has continually racially discriminary effects? Ramos, 590 U.S. ___ 140 S.Ct. at 1417-19 [Kavanaugh, J., Concurring in part. See State + Waldron, 334 So.3d 844 [La. App. 4 Cir. 2022].

The District Court abused the Rhine stay and Abeyance by refusing to hear and decide petitioner Lays "Equal Protection Clause" challenge to Article 1, Section 17 of the Louisiana Constitution 1974, and Article 782 (A) of the Louisiana Code of Criminal Procedure despite exhaustion of the Ramos claim together, by treatment As a Successive writ needed Authorization from the Court U.S. 5th Circuit

Law And Arguments

Under 28 U.S.C. § 636(b)(1)(C), a Judge of the Court shall make a ▓▓▓▓ de novo determination of ▓▓▓▓ those portions of the reports... to which objection is made. Where there is no objection, the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v Alaniz, 278 F.Supp.3d 944, 948 [S.D. Tex. 2017] citing U.S. + Wilson, 864 F.2d

20.

1219, 1221 [5th Cir. 1999].

The Reports And Recommendations as to the herein WAS Contrary to applicable rulings by the U.S. Supreme Court. Additionally they are erroneous Yet the trial Court never held a de Novo hearing to any of my pro-se objections to The Magistrate's Reports And Recommendations. Motion for A New Trial; Motion To Vacate Judgments are clearly erroneous to my claims And Constitutional provisions they violated.

Wherefore I pray this Court ~~&~~ ~~will~~ ~~and~~ reversed the final Judgment in whole And or part and Remand for an Evidentiary Hearing with Counsel As indigent.

Respectfully submitted this 1st day of April, 2024 under the Penalty of Perjury And Good-Faith.

Richard B. Lay 110345
EHCC—Fox 2 B
P.O. Box 174
St. Gabriel, LA. 70776

21.

Certificate Of Service

I State all Interested Parties listed
has been mailed a copy of this Appl-
ication For A COA properly addressed
and gave to Security For Mailing
as indigent this 1st day of April
2024.

Richard B. Lay II

22