U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Apr 24 2024

CAROL L. MICHEL
CLERK

AJ                                    Mail

United State District Court
Eastern District Of Louisiana

Richard Lay                    Civil Action
versus.
Dunnie Bordelon-Warden         19-9803-R(2)

Motion To Adopt
Claims/memorandom

Now into the court comes petit-
ioner Lay who mover this court
to adopt the horein claims/memoran-
dum from Request To file A Sucessive
Writ as A Sanction Petitioner in
Support Errorous rulings as to all
claims by the magestrate and Kraud
that I did Not exhaust my Equal
Protection Clause Challengs to the
Non-Unanimous Jury verdicts with my
Ramos claims

Richard B. Lay
110365
EHCC Rc 2B
P.O. Box 174
St. Gabriel, LA. 70776

CC
Matthew Caplor
ADA

fG

TENDERED FOR FILING

APR 2 4 2024

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

United States Court Of Appeal
For The Fifth Circuit


Richard Lay-Pro se          Civil Action
Versus
Jeff Landry                 24-30108
Louisiana Attorney General;
Donnie Bordelon-Warden
Elyan Hunts Correctional Center


Request Leave To File A Successive
Writ Of Habeas Corpus As A
Sanctioned Petitioner By Order Of
This Court


Richard B. Lay #110315
EHCC-Fox 2-B
P. O. Box 174
St. Gabriel, LA. 70776

<u>Interested Parties</u>

1. Jeff Landry
Louisiana Attorney General
1885 N. 3rd St.
Baton Rouge, La. 70802

2. Matthew Caplan - Asst. District Attorney
Post-Conviction Counsel For The
22nd Judicial District Court
701 N. Columbia St.
Covington, La. 70434

3. Donnie Bordelon - Warden
Elayn Hunts Correctional Center
6926 Hwy. 74
St. Gabriel, La. 70776

4. Richard B. Loy
Doc. 110305
EHCC - Fox 2 B
P. O. Box 174
St Gabriel, La. 70776

I.

Issues And Questions Presented

1. Petitioner Lay's Conviction And Sentence is based upon the use of State + Law # 215530-C - St. Tammany a 10-2 Jury Verdict held UNCONSTITUTIONAL in Ramos + Louisiana _____ U.S. _____, 140 S. Ct. 1390, 206 L.Ed. 2d 583 [2020]; and equally UNCONstitutional under the "Equal Protection Clause" of the United States Constitution.

2. Petitioner Lay's conviction And sentence is based upon the use of State + Law # 215530-C St. Tammany a 10-2 Jury Verdict held UNCONSTITUTIONAL in Ramos + Louisiana, _____ U.S. _____, 140 S. Ct. 1390, 206 L.Ed. 2d 583 [2020]; and Equally unconstitutional under the "Equal Protection Clause" of the Louisiana Constitution to which the State of Louisiana has repeatedly deprived Petitioner Lay of a hearing And ruling on all Applications despite stating valid claims under the United States Of American Laws And Ruling by the United States Supreme Court And the Louisiana Supreme Court... Continuing my unlawfully confinement by use of a unconstitutional State Statute --- Article 1, Section 17 of the LA. Const. 1974; And Article 782A of the Criminal Code of Procedures.

II.

Reasons For Granting Leave To file
A Successive Writ:

1. Petitioner Lay has challenged the
deprivation of his liberty without
due process by the State use of
a 10-2 Jury Verdict during the
guilt and Sentencing Phase of my trial
which Ramos held unconstitutional
under the 6th Amendment; And by
in dicta the "Equal Protection Clause"
in which I seek leave to seek
relief in the District Court - Eastern
District of louisiana pursuant to
In Re: Tony Epps, 127 F.3d 384 [ U.S. 5th
Cir 1997 ] in light of the factual pred-
icate [ Equal Protection Claims ] for the
claim could not have been discovered
Previously through due diligence. I
discovered th in dicta ruling in Ramos once
I got a copy of th ruling from Inmate
counsel at Raymond Laborde Correct-
ional Center - Cottonport, La.     and
immediately filed Petitions under Ramos
6th Amendment and the "in dicta Equal
Protection Clauses" supported in facts
and law.

2. Petitioner Lay has Previous file two
Authorization as A Sanctioned Petitioner
under the "Equal Protection Clause" And
this Court misconstrue my claims as A
6th Amendment under Ramos without Any
Consideration of my "Equal Protection Claims."
                    III.

# TABLE OF Contents

Pages

(A.) Interested Parties _ _ _ _ _ _ I

(B.) Issues And Questions Presented ... II

(C.) Reason For Granting Leave To file A Successive Habeas Petition as A Sanctions Petitioner _ _ _ _ _ _ _ _ _ _ III

(D.) TABLE OF Contents _ _ _ _ _ _ IV

(E.) TABLE Of Authorities _ _ _ _ _ V, VI

(F.) BACKGround _ _ _ _ _ _ VII

(G.) Law And Argument I _ _ _ _ 1, 2, 3, 4, 5

(H.) Law and Argument 2 _ _ _ _ 5, 6

(I.) Conclusions / Relief _ _ _ _ 11

(J.) Certificate of Service _ _ _ _ _ _ 12

IV.

# Table of Authorities                    Pages

Cases

1. Ramos v Louisiana, ___ U.S. ___, 140 S.ct. 1390
[2020] . . . . II, III, VII, 1,2,3,4,8,9

2. Tony Epps, 127 F.3d 384 [U.S. 5th Cir] . . . III

3. Edwards v Vannoy, 141 S.ct. 1547 [2021] . . VIII

4. State ex rel Becnel v Blackburn, 410 So.2d 1015 [La. 1982] . . . . . VIII

5. Sibley v Board Of Supervisors Of Louisiana State Univ, 477 So.2d 1094 [La. 1994] . . . . IX,6

6. Moore v RLCC, 668 So.2d at 1140 . . . . IX,7

7. State v Hankton, 122 So.3d 1028 [La. App. 4 Cir. 2013] . . . . . . 2

8. Johnson v Louisiana, 400 U.S. 356, 92 S.ct 1620 [1972] . . . . 2

9. State v Maxie, # 13-CR5-72522- 11th Judicial District Court- Parish of Sabine . . . 2

10. Chambers v Florida, 309 U.S. 227, 60 S.ct. 472, 84 L. Ed. 716 . . . . 4

11. Yick v Wo v Hopkins, 118 U.S.356, 369, 6 S.ct 1064, 30 L. Ed 220 . . . 4

12. United States v Fordice, 112 S.ct. 2727, 120 L. Ed 2d 575 U.S. 717 [1992] . . . . 4,5

13. Bazemore v Friday, 478 U.S. 385, 92 L. Ed 315, 106 S.ct. 3000 . . . 5

14. Washington v Davis, 426 U.S. 229, 48 L. Ed. 2d 597, 96 S.ct. 2040 [1976] . . . 5

15. State v Petrovich, 396 So.2d 1318 [La. 1981] . . . 5

16. Burmaster v Gravity Drainage Dist. No.2 of the Parish of St. Charles, 366 So.2d 1381, 1386 [La. 1978] . . . 5

17. State v Waldron, 334 So.3d 844 [La. App. 4 Cir. 2022] . . . 8

18. State v Gipson, 296 So.3d 1051 [La. 2020] . . . 8

United States Constitution:

1. Amendment 14 --- Equal Protection Clause... II, III, IX,
   Amendment 14 — Due Process Clause ... III, IX,

2. Louisiana Constitution 1974:
   Article 1, Section 2 . . . . . IX, 3
   Article 1, Section 3 . . . . IX, 3, ∅5, 6, 8
   Article 1, Section 17 . . . -- - II, IX, 4, 8

3. Louisiana Revised Statutes
   15: 529.1 . . . . . . . 4, 10

4. Louisiana Criminal Code Procedure
   Article 782A . . . . . II, IX

VI.

# I. BACKGROUND:

Lay's original federal habeas petition and subsequent amendments asserted numerous claims challenging his 2011 Washington Parish conviction by unanimous jury verdict for battery on a correctional officer while under the jurisdiction of the Department of Corrections, and the related multiple offender adjudication. The Honorable Joseph Wilkinson, Jr. [retired] issued a Report and Recommendation on February 28, 2020, recommending that Lay's petition be denied and dismissed with prejudice because one claim is procedural barred and Lay's other claims, both exhausted and unexhausted, are meritless.[1] In April and July, 2020, Lay objected to the Report and Recommendation and filed several motions.[2]

The District Court construed Lay's motion for Remand to the State Court as a request to Amend his petition to include unexhausted claims under Ramos v. Louisiana, 140 S.Ct. 1390 [2020].[3] Petitioner challenged State # Lay # 215530-c a 10-2 verdict from St. Tammany Parish use for impeachment during the guilt phase of my felony trial and for enhancement purposes under LSA=R.S. 15:529.1.[4] The

Footnote(s)

1. Magristrate's Judge Wilkinson's R+R.
2. Lay's April and July, 2020 Objections
3. Lay's Petition for Remand and Court's Order

VII

Court granted leave to do so. And stayed this matter pending exhaustion of state Court review of Lay's new claims. And to await the United States Supreme Court's decision in Edwards v VANNOy, 141 S.ct. 1547 [2021], on the issue of Ramos's retroactivity. Edwards held Ramos was not retroactively applicable to convictions on collateral review. Id. at 1562.

ON June 28, 2021, Lay filed a motion to Amend his petition to include additional arguments challenging his current and predicate convictions exhausted pursuant to State procedural rule of State ex Rel Beenel v Blackburn, 410 So.2d 1015 [La. 1982] without any objections by the State of Louisiana in the State Court's proceeding and this subject matter. On January 20, 2022, the District Court granted Lay's request to reopen this case And referred the motion to Amend to Magistrate Judge DONNA Phillips Currault for resolutions.

Footnote(s)

4. Lay's Writ Applications challenging Louisiana Non-unanimous felony Jury rules: (a). No. 2021-KH-1994 [La. 2022]; (b). No. 2021-KH-1254 [La. 2022]; (c). No. 2021-KH-1954 [La. 2022]; (d). 317 So.3d 321 [La. 2021]; (e). 317 So.3d 126 ~~[La. 2021]~~; ~~3m~~ 5a.3d 326 [La. 2021] (f). 332 So.3d 80 [La. 2022]; ~~[La]~~ No. 2022-KH-01692; 22-KH-01692 [La. 2022] and 2021-KH-01954 [La. 2021]

VIII

ON the 13th day of JUNE, 2023 the Honorable SARAH S. VANCE approved the Reports And Recommendations of both Magistrate Judge Wilkinson and Currault's THAT my Equal Protection Challenges to louisiana Non-UNANimous Jury verdict constitute a Successive Writ and not exhausted when on July 27, 2020 the trial Court Construed my Petition For Remand as a Amended Complaint which contained the "Equal Protection Clauses" challenges under the United States And the State of louisiana Constitution thus Magistrate Judge Wilkinson RAR is erroneous as being Successive and the Court lacked Jurisdiction And Magistrate Judge Currault denial to Amend the exhausted Claims after being ordered by the Court to do so on July 27 2020 is erroneous in Violation of Due Process.

6. See Note 3; And 4
7. See Note 3; And 4

On February 10, 2022 magristate Judge Donna, Phillips Currault... issue a Report and Recommendation denying all relief under Ramos [6th Amendment] and to deny leave to Amend Petitions. The Honorable Judge Sarah adopted magristate Judge Wilkinson's And Currault's Report And Recommendation in there entirety and dismissed Lay's petition on the 13th day of June 2023. Objections were made that the magristate Judges had No authority to Overrule the HONORABLE SARAH VANCE granting Leave to Amend his petition on July 27,2020 challenging my conviction and enhanced sentence on the following grounds?

1. Louisiana's Non-unanimous Jury verdicts in criminal cases violates the 6th Amendment right to a due process Jury trial and the 14th Amendment right to "Equal Protection,

2. Louisiana Non-unanimous Jury trials per Article 1 Section 17, of the Law Const. 1974; and Article 782A, of Code of Criminal Procedure violates Article 1, Section 2 and 3 of the Law Const. 1974 under the criteria of Sibley v Board of Supervisors of Louisiana State Univ, 477 So.2d 1094 [La. 1987]; Moore v RLCC, 668 So. 2d at 1140;

3. Notice of Challenges to Louisiana Non-unanimous Jury verdict in three louisiana Criminal conviction per State ex Rel Becnel v Blackburn, supra.[5]

footnote (s)

5. State v Lay # 21553a-C; And State v Lay # 383759-F St. Tammany; State v Lay # 11-CRS112033 Washington

IX

## Law and Argument #1

The Post-Reconstruction Louisiana Constitutional Convention of 1898 sought to establish ~~the~~ the supremacy of the white race. Ramos, 140 S.Ct. at 1394. It approved non-unanimous juries as one pillar of a comprehensive and brutal program of racist Jim Crow measures against African-Americans, especially in voting and jury service. Id. at 1417. [Kavanaugh, J., concurring in part]. Aware that this Court would strike down any policy or overt discrimination against African-American jurors as a violation of the Fourteenth Amendment, the delegates sought to undermine African-American participation on juries in another way, with a careful eye on racial demographics, the convention delegates sculpted a "facially" race neutral rule ... in order "to ensure that African-American juror service would be meaningless. Id.

Data showing that votes of African-American jurors have been disproportionally silenced is compelling evidence that the use of the pre-Ramos rule affected the fundamental fairness and accuracy of criminal trials. In light of the racist origins of the non-unanimous jury, it is no surprise that non-unanimous juries can make a difference in practice, especially in cases involving black defendants, victims, or jurors. Id. at 1417 [Kavanaugh, J. concurring in part]. The whole point

1.

of the law was to law was to make it easier to convict African American defendants at criminal trials, even when some of the jurors themselves were African Americans. By louisiana's ████████ constitutional convention of 1974, which reauthorized the use of the Jim Crow law, the expected ease of convicting African-Americans in louisiana had come to simply be described as Judicial efficiency. State + HANKSTON, 2012-0375, 19 [La. App. 4 cir. 2013], 122 So.3d 1028, 1036, writ denied, 2013-2109 [La. 2014], 134 So. 3d 1193. But despite "race neutral" language justifying the law in 1974, it has continued to have a detrimental effect on African-Americans citizens. Then and now, non-unanimous juries can silence the voices and negate the votes of black jurors, especially in cases with black defendants or black victims, and only one or two black jurors. The 10 jurors "can simply ignore the views of their fellow panel members of a different race or class." Johnson + louisiana, 400 U.S. 356, 397, 92 S.ct. 1620, 32 L.Ed 2d 152 [1972][Stewart, J. dissenting]." Ramos, 140 S.ct. at 1914-18[KAVANAUGH, J. concurring in part]. Approximately 32 % of louisiana's population is black.[2] Yet accord-

Footnote(s)

1. Data on Non-unanimous jury verdicts contained in the record of State + Melvin Carter maxie, 11th Judicial District court No. 13-CRS-72522 and submitted to the Sup-

2.

ing to the Louisiana Department of Corrections, 69% of prisoners incarcerated for felony convictions are Black.[3] Against this grossly disproportionate backdrop, it cannot be seriously contended that our longtime use of law deliberately designed to enable majority-white juries to ignore the opinions and votes of Black jurors at trials of Black defendants has not affected the fundamental fairness of Louisiana's criminal legal system. The original discriminatory purpose and the lasting discriminatory effect of the non-unanimous jury rule all implicate fundamental fairness.

Our constitutional guarantees of due process and equal protection both call for procedures in criminal trials which allow no invidious discrimination between persons and different groups of persons. Both equal protection and due process emphasize the central aim of our entire judicial system — all people

reme court in the Joint-Appendix in *Ramos v. Louisiana*, shows that African-Americans have been 30% more likely to be convicted by non-unanimous juries than white defendants and that African-Americans jurors casted "empty" votes at 64% above the expected rate whereas white jurors casted "empty" votes at 32% less than the expected rate if empty votes were evenly dispersed amongst all jurors, *Ramos v. State of Louisiana*, 2018-WL-8595357, at *5', ___ US ___, ___ S.Ct. ___ [2016].

3.

charged with crime must, so far as the law is concerned, stand on an equality before the bar of justice in every American Courts. Chambers v Florida, 309 U.S. 227, 241, 60 S.Ct. 472, 479, 84 L.Ed 716.; see also Yick Wo v Hopkins, 118 U.S. 356, 369, 6 S.Ct. 1064, 1070, 30 L.Ed 220.

Article 1, Section 17 of the Louisiana Constitution 1974; And Article 782A, Of the Code Of Criminal Procedure was adopted for the sole purpose to deprive African-Americans of the "Equal Protection Of rights guaranteed to all citizens of the United States in order to protect the purity of the ballot And to Perpetuate the Supremacy of the Anglo-Saxon race in the State of Louisiana. Petitioner Lay is African-American.

The State of Louisiana has Not discharge its Constitutional obligation until it eradicates policies and practices to its prior de jure Non-unanimous Jury System by holding Ramos retroactive to final Convictions/Sentences at the time of Ramos, ruling. United States v Fordice, 112 S.Ct. 2727, 120 L.Ed 2d 575, 505 U.S.

Footnotes
2. Census statistics available at https/www census gov./quickfacts/La.[ last assessed May 25, 2020].
3. Statistics from Louisiana Department Public Safety and Corrections - Jan. 2020 Briefing Book at https/s.32082 pcdn co/wp.

4

717 [1992]; Freeman + Pitts, 503 U.S 467, 496,
118 L.Ed.2d 108, 112 S.ct. 1430 [1992]; Bazemore
+ Friday, 478 U.S. 385, 92 L.Ed. 315, 106 S.ct. 3000;
Washington + Davis, 426 U.S. 229, 48 L.Ed.2d 597,
96 S.ct. 2040 [1976]. And to hold Non-unanimous
Juries convictions used for impeachment during
the guilt phase of felony criminal trials
in State + Lay # 11-ER5-112033; State + Lay
# 383759-F[4]; State + Lay # 215530-C[6].

Law And Argument 2

"Generally, the guarantee of equal protection
requires that State laws affect alike all persons
and interests Similarly Situated." State + Pet-
rovich, 396 So.2d 1318, 1322 [La. 1981]. The legis-
lature has great latitude in making laws
and in creating classifications under those
laws, so long as those classifications can
withstand constitutional muster. See id., see
also Burmaster + Gravity Drainage Dist.
No. 2 of the Parish of St. Charles, 366 So.2d
1381, 1388 [La. 1978]. La. Const. art. 1, 3
provides:"

No person shall be denied the equal protect-
ion of the laws, No law shall discriminate

footnotes

4. 22nd Judicial District Court- Parish of Washington
5. 22nd Judicial District Court- Parish of St. Tamm-
   ~~the~~ any
6. 22nd Judicial District Court is a 10-2 Verdict

J.

against a person because of race. or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition or political ideas or affiliations. slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.

In Sibley & Board of Supervisor of La. State Univ. and Agric. and mechanical College, 477 So.2d 1094 [La. 1994], the Louisiana Supreme Court set forth the analysis required by La. Const. art. 1, 3 in the face of a legislative classification:

Article 1, Section 3 commands the Courts to decline enforcement of a legislative classification of individuals in three situations: (1) when the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) when the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) when the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantage class shows that it does not suitably further any appropriate state

6.

interest. Sibley, at 1107. Under the first
level of scrutiny enumerated in Sibley,
the law creating the classification com-
pletely fails. Moore v. RLCC Technologies,
Inc., p. 9, 668 So.2d at 1140.

In a partial concurrence in Ramos,
Justice Kavanaugh discussed the discrimin-
atory impact and unconstitutional nature
of non-unanimous jury verdicts as follows:

"In light of the racial origins of
the non-unanimous jury verdict, it is
no surprise that non-unanimous juries
can make a difference in practice, esp-
ecially in cases involving black defend-
ants, victims, or jurors. After all, that
the whole point of adopting the non-
unanimous jury requirement in the first
place. And the math has not changed.
Then and now," non-unanimous jurors
can silence the victims and negate the
votes of black jurors, especially in
cases with black defendants or black
victims, and only one or two black jurors.
10-2 jurors can simply ignore the views
of their fellow panel members of a
different race or class. That reality —
and the resulting perception of unfairness
and racial bias — can undermine con-
fidence in and respect for the criminal
justice system. The non-unanimous
jury is today the last of Jim Crow
laws by Louisiana. And this court has

7.

emphasized time and time again the im-
perative to purge racial prejudice
from the administration of Justice
generally and from the Jury system in
particular. Ramos, 590 U.S. ___, 140 S.Ct.
at 1417-1419. See United States v Fordica,
505 U.S. 717, 729, 112 S.Ct. 2727, 120 L.Ed 2d
575[1992]I policies that are "traceable"
to a State's de jure racial segregation
and still have discriminatory effects"...
Offends the "Equal Protection Clause"I. See
Transcript of the Louisiana Constitutional
Convention 1973... one delegate recognized
that the system discriminated against
minorities groups. he reference as being
"ugly, poor, and illiterate" but that Juries
don't convict nice looking, intelligent
and well-meaning, decent folks. Tr. of
La Convention, 1973 V. VII at 1184. Not
only is the delegates at the 1973 Convent-
ion knew of the racially discriminatory
purpose behind the non-unanimous Jury
verdict system, knew that it would con-
tinue, to have disparte impact, and yet
continued the system, despite such know
ledge. See reasoning in State v Waldron,
334 So.3d 844[La. App 4 Cir 2022]; and State
v Gipson, 296 So.3d 1051[La. 2020].


It's undisputed that Article 1, Section 17
of the Louisiana Consta 1974 and Article
782A, of the Criminal Code of Procedure
was adopted for the sole purpose ▨▨
to establish the supremacy of the white

8.

race. Ramos, 590 U.S. at ___ , 140 S. ct. at 1394. Alongside several laws, intended to disenfranchise African-Americans, including a Poll Tax, and a literacy and property ownership Tax, the Non-unanimous Jury Verdict provision was intended to ~~excluded~~ exclude African-Americans from Jury Verdicts without explicitly revealing much intent with a careful eye on racial demographics, the convention delegates sculpted a "facially race-neutral" rule permitting 10-2 Verdicts in order to ensure that African-Americans Jurors service would be meaningless. Ramos, 590 U.S. at ___ 140 S. ct. at 1394. Justice Gorsuch, writing for the Court clearly found Louisiana Non-unanimous Jury verdicts racially motivated. Petitioner Lay is a African-American citizen living in the State of Louisiana at the time of each convictions & and Sentence when a 10-2 verdict was returned in state v Lay # 215530-C - St. Tammany in which was used for impeachment purposes at the guilt phase of my trials and Sentencing enhancement in State v Lay # 383259-F = St. Tammany Parish ; and State v Lay # 11-CR5-112033 Washington Parish. Petitioner Lay has challenged the 10-2 Jury provision and verdicts used on the United States Constitution, Amend. 6 and 14th [ Equal Protection Clause] and Article 1, Section 2 and 3 of the Louisiana Constitution 1974 which has been denied in violation of the Due Process Clause since no hearings was held; no oppositions by the State nor

9.

Was written reasons given despite my entitlement to relief under State ex Rel Becnel + Blackburn, supra; and the "Equal Protection" Clauses of both the United States and the State of Louisiana Constitutions.

Even though, the district attorney has absolute discretion under La. Const. art. V, § 26 and La. C. Cr. P. art 61 to not oppose, or even to join, an application for post-conviction relief that raises a cognizable claim for relief. This broad authority is necessary because a prosecutor's responsibility is as "a ~~~~~~ minister of justice and not simply that of an ~~~~~ advocate." Model Rules of Professional Conduct Rule 3.8cmt[1][Am. Bar Ass'n 1983]. See also State v Tate, 185 La. 1006, 1019, 171 So. 108, 112 [1936][ noting that the district attorney as representative of the State, "seeks justice only, equal and impartial justice, and it is as much the duty of the district attorney to see that no innocent man suffers as it is to see that no guilty man escaped. See State of Louisiana -versus- William Wayne Lee, Jr., 370 So.3d 498[ La. 2023].

The State of Louisiana has not provided any convicted prisoner relief from their conviction and or sentence that is null and void under Ramos per sixth Amendment; and null and void under the USCA Amend. 14 [ Equal Protection] and Article 1 Section 2,3 of the La. Const. 1974 ... Continuing to hold petitioner lay in custody behind the

10.

unconstitutional non-unanimous jury provision in effect at the time of the convictions and sentences under La. R.S. 15:529.1 to which State ex rel ~~[redacted]~~ Becnel v Blackburn, supra provides the avenues to seek relief to which I have entitlany Petitioner Lay to vacation of #215530-C, #383759-E and #11-CRS-112033 conviction and sentences imposed by use of the 10-2 verdict under La. R.S. 15. 529.1. See also La. Criminal Code Procedure Article 362 (1)(2). Without use of #215530-C upon retrial I could not be sentenced thereunder due to all convictions are non-violent and more than five years has lapsed between the predicates and current Offense I'm under custody for. [#383759-F/11-CRS-11003

Wherefore Petitioner Lay Prays the Court declares the Non-unanimous Jury Verdicts in the State Of louisiana unconstitutional under the "Equal Protection Clauses" and enjoin the same from Keeping me unlawfully confined or Remand for an Expedited Habeas Hearing with Counsel as indigent.

Respectfully Submitted this 15 day of March 2024 under the penalty of perjury and good faith.

Richard B. Lay
Doc # 110315
EHCC- Fox 2B
P.O. Box 174
St. Gabriel, La. 70776

11.

Certificate of Service

I State a copy of this "Petition"
was mailed to all interested parties properly
addressed with postage affixed this 1st
day of March 2024.

Richard B. Lay #110305

Richard B. Loy 11035
EHCC. Box 2B
PO Box 174
St Gabriel, LA
70776

Clerk of Court
U.S.D.C. — ED — LA
500 Poydras St.
C-151 pro se
500 Poydras St.
New Orleans, LA
70776

US POSTAGE
$ 002.59°
ZIP 70776
041M11
0003871932 APR 22 2024

NOT CENSORED. NOT RESPONSIBLE
FOR CONTENTS.
ELAYN HUNT CORRECTIONAL CENTER