UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY                                          CIVIL ACTION

VERSUS                                                    NO. 19-9803

S. W. MCCAIN, ET AL.                              SECTION "R"

## ORDER AND REASONS

Before the Court are five motions filed by *pro se* petitioner Richard Lay, which Lay styles as: (1) a motion to vacate and set aside all judgments, (2) a second motion to vacate, (3) a motion to consider a Fifth Circuit filing as an amended motion to vacate, (4) a motion to treat an attached application for a Certificate of Appealability as an amended motion to vacate judgment and to appoint counsel as indigent, and (5) a motion to adopt claims and/or memorandum.  For the following reasons, the Court denies the motions.

## I.    BACKGROUND

Petitioner Richard Lay filed an application for the writ of habeas corpus under 28 U.S.C. § 2254.  Lay's habeas petition, as amended, challenged his 2011 state conviction by unanimous jury verdict for battery on a correctional facility employee and his related multiple offender adjudication.  The case was initially referred to Magistrate Judge Joseph C.

Wilkinson, Jr., who issued a Report and Recommendation ("R&R") on February 28, 2020, recommending dismissal of the petition as procedurally barred and otherwise meritless.[1]   Lay filed numerous objections to Magistrate Judge Wilkinson's R&R.[2]  Subsequently, the Court referred the matter to Magistrate Judge Donna Phillips for a supplemental R&R addressing Lay's claim under *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). Magistrate Judge Currault recommended dismissal of Lay's *Ramos* claim in the supplemental R&R.[3]  Lay filed multiple objections to the supplemental R&R.[4]

This Court considered the petition, the record, the applicable law, the Magistrate Judges' R&Rs, and Lay's objections, and ultimately adopted the Magistrate Judges' R&Rs as its opinion, thereby dismissing Lay's petition with prejudice.[5]  In the Order and Reasons dated June 13, 2023, the Court affirmed the Magistrate Judges' determinations that Lay's claims are meritless, and further determined that his "numerous objections all either: (1) mirror the underlying claims in the petition, (2) rehash arguments made before the Magistrate Judges, (3) improperly raise new issues not presented

---

[1]   R. Doc. 33.
[2]   R. Doc. 36, 37 & 42.
[3]   R. Doc. 50.
[4]   R. Doc. 51 & 54.
[5]   R. Doc. 57.

to the Magistrate Judges, or (4) otherwise lack merit due to their conclusory nature, failure to address the Magistrate Judges' relevant recommendations, or misstatement of the applicable law.[6]

In July 2023, Lay filed motions to alter or amend judgment and to vacate judgment.[7]  The Court denied the motions, and declined to issue a Certificate of Appealability ("COA") as to Lay's motions.[8]  Lay appealed the Court's Order and Reasons, and on January 10, 2024, the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution.[9]

Lay has now filed five motions seeking various relief from this Court. The Court will address each motion below.

---

[6]   R. Doc. 57.

[7]   R. Docs. 64 & 65.  The Court construed Lay's motion, which was styled as a motion for a new trial under Federal Rule of Civil Procedure 59(a), as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  R. Doc. 67.

[8]   R. Doc. 67.

[9]   R. Doc. 69.  Specifically, the Fifth Circuit issued a notice informing Lay that his appeal could not proceed until he established whether he had satisfied a previous sanction imposed against him in a separate case, *Lay v. Tanner*, No. 13-30708.  Lay failed to comply with the Fifth Circuit's notice.

## II.   MOTIONS TO VACATE

Lay has filed four motions that he styles as motions to vacate or amended motions to vacate.[10]  In his first motion, styled as "Motion to Vacate and Set Aside All Judgments #1," Lay contends that the magistrate judge and trial judge applied the wrong Louisiana laws to determine his claims in various respects.[11]  In the second motion, styled as "Motion to Vacate II," Lay reasserts his claim under *Ramos*.[12]  The third motion requests that the Court consider a filing made with the Fifth Circuit as an amended motion to vacate and set aside the judgment.[13]  The Fifth Circuit filing, which was a request for leave to amend his original request to file a successive habeas petition, also reiterates Lay's claim under *Ramos*, asserting that neither Magistrate Judge Wilkinson nor Magistrate Judge Currault addressed Lay's Equal Protection Clause challenges to his conviction by a non-unanimous jury.[14]  In his fourth motion, styled as a "Motion to Treat Attached Application for COA as an Amended Motion to Vacate Judgment," Lay attaches a motion he originally filed with the Fifth Circuit raising his arguments under *Ramos* in

---

[10]   R. Docs. 70, 70-1, 71, &

[11]   R. Doc. 70.

[12]   R. Doc. 70-1.

[13]   R. Doc. 71.

[14]   R. Doc. 71-1.

support of his request that the Fifth Circuit issue a COA.[15]   Finally, in a
motion styled as a "Motion to Adopt Claims/Memorandum," Lay requests
that the Court consider the arguments raised in a previously filed document
in support of Lay's contention that the Magistrate Judges erroneously
concluded that Lay did not exhaust his Equal Protection Clause challenges to
the non-unanimous jury verdicts with his *Ramos* claim.[16]   Because the
second, third, fourth, and fifth motions raise the same arguments under
*Ramos*,[17] the Court will consider the arguments raised therein in support of
Lay's motion to vacate judgment.

Federal Rule of Civil Procedure 60(b) provides a limited means for a
party to seek relief from a final judgment in a habeas proceeding.  A district
court has broad discretion to grant or deny a motion under Rule 60(b).  *Lyles
v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017).
Rule 60(b) permits a court to grant relief from a final judgment or order only
upon a showing of one of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence,
> could not have been discovered in time to move for a new trial
> under Rule 59(b);

---

[15]   R. Docs. 73 & 73-1.
[16]   R. Doc. 74.
[17]   R. Docs. 70-1, 71, 73, & 74.

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under Rule 60(b) is considered an extraordinary remedy, but courts may construe the Rule in order to do substantial justice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).  Courts must balance "the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (quotation marks omitted).

In the habeas context, a district court presented with a Rule 60(b) motion must first determine whether the motion is properly brought under Rule 60(b), or whether it is actually a successive habeas petition, in which case the court lacks jurisdiction to consider it pursuant to 28 U.S.C. § 2244, prohibiting successive habeas petitions.  *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).  In *Gonzalez v. Crosby*, the Supreme Court held that the difference lies in the relief that the petitioner seeks.  *See id.*  If the motion is substantive, seeking "to add a new ground for relief" or attacking "the federal court's previous resolution of a claim on the merits," it is deemed to be a

6

successive habeas petition. *Id.* at 532; *see also Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (holding that a Rule 60(b) motion is considered "successive" if it "raises a new claim or attacks the merits of the district court's disposition of the case" (citing *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012))). But if the motion challenges "some defect in the integrity of the federal habeas proceedings," then a Rule 60(b) motion is proper. *Gonzalez*, 545 U.S. at 532; *see also Tamayo*, 740 F.3d at 990 ("A Rule 60(b) directed to a procedural ruling that barred consideration of the merits, such as a procedural default, is not considered a 'successive' petition and is properly brought as a Rule 60(b) motion.'" (citing *Adams*, 679 F.3d at 319)).

In his motion, Lay contests the Court's findings as to his *Ramos* claim.[18] To the extent that Lay challenges the Court's procedural ruling, including Lay's argument that the Court failed to consider his Equal Protection Clause argument, the motion is properly considered a Rule 60(b) motion for relief from judgment. *See Gonzalez*, 545 U.S. at 532. Turning to the merits of the motion, Lay does not specifically invoke any of the first five enumerated grounds for relief under Rule 60(b). He does not allege mistake, inadvertence, surprise, or excusable neglect, *see* Fed. R. Civ. P. 60(b)(1), newly discovered evidence, *see id.* 60(b)(2), fraud, misrepresentation, or

---

[18]      R. Docs. 70-1, 71, 73, & 74.

misconduct, *see id.* 60(b)(3), a void judgment, *see id.* 60(b)(4), or a reversed or vacated judgment, *see id.* 60(b)(5).  Accordingly, the Court will consider whether his motion affords a basis for relief pursuant to Rule 60(b)(6).  This relief is "extraordinary," and Lay bears the burden of demonstrating the exceptional circumstances that warrant relief.  *See Heirs of H.P. Guerra v. United States*, 207 F.3d 763, 767 (5th Cir. 2000) (citations omitted).

Here, Lay argues that the Court erred in considering his non-unanimous jury claim under the Sixth Amendment without any consideration of his argument under the Equal Protection Clause.[19]  This argument is unfounded and unavailing.  As an initial matter, Magistrate Judge Currault found that Lay's *Ramos* claim based on his assertion that he was convicted in 2011 by a non-unanimous verdict was erroneous, because the record established that Lay was, in fact, convicted by a unanimous verdict.[20]  Additionally, Magistrate Judge Currault concluded, and this Court held, that as to Lay's 2011 conviction or any other previous conviction, Lay's claim had no foundation in law.  Following its ruling in *Ramos*, the Supreme Court held that its holding "does not apply retroactively on federal collateral review."  *Edwards v. Vannoy*, 593 U.S. 255, 259 (2021).  At the time of Lay's

---

[19]    R. Doc. 74 at 5.
[20]    R. Doc. 50 at 7.

2011 conviction, which became final on December 15, 2016, the clearly established Supreme Court precedent applicable to Lay's claim was directly contrary to his arguments under *Ramos*.  *See Apodaca v. Oregon*, 406 U.S. 404 (1972) (upholding constitutionality of state laws, including Louisiana's law, permitting criminal defendants to be convicted by less than unanimous jury votes); *Johnson v. Louisiana*, 406 U.S. 356 (1972) (same).  Thus, *Ramos* did not alter the application of the Supreme Court precedent existing at the time of Lay's conviction for purposes of AEDPA review.

The Court appropriately dismissed Lay's *Ramos* claim as meritless based on the record and under relevant legal precedent.  That Magistrate Judge Currault did not specifically reach the merits of Lay's Equal Protection Clause argument is unavailing because, as discussed, the Court dismissed his *Ramos* claim based on other grounds.  Accordingly, Lay's motions fail to show "extraordinary circumstances" justifying the reopening of the Court's final judgment under Rule 60(b)(6).

Additionally, to the extent that Lay attacks the Court's previous resolution of his *Ramos* claim on the merits, Lay's motions should be treated as a second or successive habeas petition.  *See Gonzalez*, 545 U.S. at 532-34. In various portions of his filings, Lay reasserts his substantive claim under *Ramos* concerning his alleged conviction by a non-unanimous jury, and he

challenges this Court's judgment on the merits.  These grounds for relief fall squarely within the ambit of a "second or successive" habeas petition.  *See id.*

Lay has not satisfied any of the applicable statutory requirements for a second or successive habeas petition.  First, "[b]efore a second or successive application" can be filed, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(3)(A).  Lay has not moved in the court of appeals for this purpose.

Second, Lay must show that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2244(2)(A) (emphasis added).  Or alternatively, Lay must show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty."  28 U.S.C. § 2244(2)(B). Lay has not so argued, and there is no basis to find that Lay satisfied either requirement of this paragraph.  Therefore, the Court declines to consider any challenges raised in Lay's second or successive habeas petition.

## III.   REQUEST FOR APPOINTMENT OF COUNSEL

In one of Lay's motions, he appears to request that the Court appoint counsel to assist Lay in responding to the issues before the Court.[21]   A petitioner has no right to the appointment of counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (noting that there is no Constitutional right to counsel in habeas corpus proceedings).   Rather, the provision of counsel to a petitioner in a § 2254 case is allowed when the court determines that an evidentiary hearing is necessary, and the moving party qualifies under 18 U.S.C. § 3006A.   Rule 8(c), *Rules Governing § 2254 Cases*; *see also Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) ("[A] § 2254 petitioner should [also] be appointed counsel when 'the interests of justice so require.'").   No evidentiary hearing is necessary in this case, and the Court finds that the interests of justice do not require such appointment.   *See Green v. Thaler*, 479 F. App'x 658, 659 (5th Cir. 2012) (holding that district court did not abuse its discretion in denying request for appointment of counsel filed after his § 2254 application had been dismissed).   Therefore, the Court denies Lay's request for appointment of counsel.

---

[21]     R. Doc. 73.

## IV.   CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal the denial of Rule 60(b) motions filed after the denial of a § 2254 petition.  *See Austin v. Davis*, 693 F. App'x 342, 343 (5th Cir. 2017) (citing *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007)); *Williams v. Davis*, 713 F. App'x 354, 355 (5th Cir. 2018) (citing *Ochoa Canales*, 507 F.3d at 888).  The court may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The "controlling standard" for COA requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)).  "'When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim,' . . . a [COA] should issue only when the prisoner shows both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Jimenez v. Quarterman*, 555 U.S. 113,

118 n.3 (2009) (emphasis in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Gibson*, 2014 WL 1066987, at *1 (quoting *Slack*, 529 U.S. at 484); *Bourque*, 296 F. App'x at 396 (quoting *Slack*, 529 U.S. at 484).

Lay has not met these standards. Accordingly, the Court will not issue a COA as to his Rule 60(b) motions.

## V.  CONCLUSION

For the foregoing reasons, the Court DENIES WITH PREJUDICE petitioner Lay's motions and DENIES a certificate of appealability.

New Orleans, Louisiana, this __21st__ day of May, 2024.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE