# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

June 11, 2024

#110315
Mr. Richard B. Lay
Elayn Hunt Correctional Center
6925 Highway 74, P.O. Box 174
Saint Gabriel, LA 70776-0000

    No. 24-30350    Lay v. Hooper
                 USDC No. 2:19-CV-9803

Dear Mr. Lay,

We have docketed the appeal as shown above, and ask you to use the case number above in future inquiries.

Filings in this court are governed strictly by the Federal Rules of **Appellate** Procedure. We cannot accept motions submitted under the Federal Rules of **Civil** Procedure. We can address only those documents the court directs you to file, or proper motions filed in support of the appeal. See Fed. R. App. P. and 5th Cir. R. 27 for guidance. We will not acknowledge or act upon documents not authorized by these rules.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see Fed. R. App. P. 12(b) and 5th Cir. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

    Your case cannot proceed until you have established that the sanction imposed in case number 13-30708 Richard Lay v. Robert Tanner has been satisfied. Therefore, within 30 days from this date, you must either submit payment to satisfy this sanction or provide us documentation that conclusively shows that you have paid the sanction. Because the sanction also barred you from filing any pro se matters without the advance written permission of the court, you must also submit a motion for permission to proceed as a sanctioned litigant. We will not address any matter which does not provide proof of payment and request permission to proceed.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. The

"Application and Oath for Admission" form can be printed or downloaded from the Fifth Circuit's website, www.ca5.uscourts.gov. Information on Electronic Case Filing is available at www.ca5.uscourts.gov/cmecf/.

ATTENTION ATTORNEYS:  Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis.  Counsel can expect to receive notice once access to the EROA is available.  Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized.  Instructions for accessing and downloading the EROA can be found on our website at                http://www.ca5.uscourts.gov/docs/default-source/forms/instructions-for-electronic-record-download-feature-of-cm.  Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA.  Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process.  We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION:  If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems.  Details explaining how you can request this are available on the Fifth Circuit website at http://www.ca5.uscourts.gov/docs/default-source/forms/pro-se-filer-instructions. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF.  This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests.  Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion.  Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters

Provided below is the court's official caption.  Please review the
parties  listed  and  advise  the  court  immediately  of  any
discrepancies.  If you are required to file an appearance form, a
complete list of the parties should be listed on the form exactly
as they are listed on the caption.

---

Case No. 24-30350

---

Richard B. Lay,

                    Petitioner - Appellant

v.

Tim Hooper, Warden, Louisiana State Penitentiary,

                    Respondent - Appellee

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD B. LAY                                    CIVIL ACTION

VERSUS                                            NO. 19-9803

S.W. "SANDY" MCCAIN, WARDEN                       SECTION "R" (2)

### ORDER AND REASONS

Richard Lay petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  In addition, Lay files a "Petition for Remand to State Courts," in which he invokes a recent U.S. Supreme Court case, *Ramos v. Louisiana*, 140 S. Ct. 1390, 1395 (2020).  Here, Lay asks the Court to "[r]emand to the Louisiana Supreme [Court]" so that he may pursue a new claim under *Ramos*.[2]  The Court construes Lay's filing as a motion to amend his petition and to stay the case under *Rhines v. Weber*, 544 U.S. 269 (2005). The Court grants the motion as construed.

---

[1]      R. Doc. 1.
[2]      R. Doc. 40 at 5.

## I.   BACKGROUND

Lay filed his petition for habeas corpus pursuant to 28 U.S.C. § 2254 on April 19, 2019.[3]   He amended that petition twice[4] before McCain responded.[5]   On February 28, 2020, the Magistrate Judge issued a report and recommendation regarding Lay's habeas claims.[6]   Lay filed objections on April 9, 2020.[7] Then, on April 20, 2020, the U.S. Supreme Court issued an opinion in *Ramos*, where it held non-unanimous jury verdicts for serious criminal offenses unconstitutional.   *Ramos*, 140 S. Ct. at 1397.

On June 15, 2020, Lay filed the "Petition for Remand," invoking *Ramos*.[8]   In it, Lay first argues that *Ramos* bears retroactively on his case.[9] Second, Lay argues that *Ramos* invalidates his sentence enhancement,[10] as he represents to the Court that at least two of his predicate offenses are the result of non-unanimous jury verdicts.[11]   Lay adds that he is currently

---

3     R. Doc. 1.
4     *See* R. Doc. 24; R. Doc. 27.
5     *See* R. Doc. 31.
6     R. Doc. 33.
7     *See* R. Doc. 36; R. Doc. 37.
8     *See* R. Doc. 40.
9     *Id.* at 5.
10    *Id.*
11    *Id.* at 6, 10.  The jury verdict was unanimous for the instant conviction. *See* St. Rec. Vol 3 of 15, November 30, 2011 Minute Order of Verdict.  The state records mention the predicate offenses insofar as they are the basis for the multiple bill, *see, e.g.*, St. Rec. Vol 1 of 15, December 15, 2011, Multiple Offender Bill of Information.  But the state records do not contain the

"collaterally attack[ing]" his predicate offenses under *Ramos* in state court.[12]
As a result, Lay asks this Court to "remand" this matter to the Louisiana
Supreme Court,[13] something this Court does not have the authority to do.
Alternatively, Lay asks this Court to "hear and decide all issues herein,"[14] —
again, something this Court may not do, because Lay has not exhausted his
new *Ramos* claim in state court.  *See Rhines v. Weber*, 544 U.S. 269, 273
(2005).

## II.   DISCUSSION

### A.   Construing Lay's Motion As a Motion to Amend the Habeas Petition

"The decision to recharacterize a motion is discretionary." *See United
States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).  In the context of *pro se*
motions, courts must look to "the substance of the relief sought," rather than
the motion's label, *see Hernandez v. Thaler*, 630 F.3d 420, 427 (5th Cir.
2011), always keeping in mind that *pro se* litigants are "entitled to have their
filings liberally construed."  *Id.*

_____

criminal judgments for the predicate offenses, nor mention of whether those
jury verdicts were unanimous.
[12]      *Id.* at 6.
[13]      R. Doc. 40 at 1.
[14]      *Id.* at 7.

In substance, Lay moves to amend his habeas petition to add a new claim under *Ramos*. Claims are different from objections, in that claims add grounds for relief, as Lay does here. *See, e.g., United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) ("The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend [the] complaint."); *Hines v. Ontiveros*, No. CV 07-255-PHX-JAT, 2008 WL 2559401, at *2 (D. Ariz. June 23, 2008) ("[A]lthough Petitioner does not specifically state in his objections that he is attempting to amend his habeas petition, the court will 'liberally construe' this as an attempt to amend his Petition to add new grounds for relief.").

Courts "should freely give leave [to amend] when justice requires." Fed. R. Civ. P. 15(a)(2); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment."). The Court finds that justice requires leave to amend in this matter, because the U.S. Supreme Court's *Ramos* decision is material to Lay's sentence. Moreover, the Supreme Court is poised to decide whether *Ramos* will take retroactive effect. *See Edwards v. Vannoy*, No. 18-31095, 2019 WL 8643258 (5th Cir. May 20, 2019), *cert. granted*, 2020 WL 2105209

4

(May 4, 2020).  The Court, therefore, construes Lay's *Ramos* motion[15] as a

motion to amend his habeas petition.[16]

### B.   *Rhines* Stay and Abeyance

As a consequence of the new *Ramos* claim, Lay has a "mixed petition"

in federal court—*i.e.*, his petition consists of both exhausted and

unexhausted claims.  *See Rhines*, 544 U.S. at 273.  In *Rhines*, the Court noted

that the one-year statute of limitations period in the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat.

1214, necessitated a "stay-and-abeyance" procedure for petitioners who had

good reason for presenting mixed petitions to federal district courts,

especially if the petitioner would fall outside of the one-year statute of

limitations without a stay.  *Id.* at 278.  Lay satisfies this criterion.[17]

A district court should stay, rather than dismiss a mixed petition, if it

finds that (1) "the petitioner had good cause for his failure to exhaust," (2)

the "unexhausted claims are potentially meritorious" and (3) "there is no

---

[15]    *Id.*

[16]    R. Doc. 1; R Doc. 24; R. Doc. 27.

[17]    On September 16, 2016, the Louisiana Supreme Court denied Lay's writ application without stated reasons.  *State v. Lay*, 206 So. 3d 203 (La. 2016).  Lay's conviction and sentence became final on December 15, 2016, when he did not file a writ application with the U.S. Supreme Court.  *Ott v. Johnson*, 192 F.3d. 510, 513 (5th Cir. 1999).

indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.*

The Court finds that Lay satisfies the *Rhines* factors, warranting the stay-and-abeyance procedure. First, Lay demonstrates "good cause for his failure to exhaust," because the U.S. Supreme Court did not decide *Ramos* until Lay's habeas petition was already before this Court. "There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 877, 980 (9th Cir. 2014). If the Court analogizes petitioner's position to the procedural default context, "good cause" would exist when a petitioner's failure to raise a claim in state court is attributable to "some objective factor external to the defense." *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005). Here, the *Ramos* decision was unavailable to Lay as he proceeded in state court.

Second, Lay's unexhausted *Ramos* claim is "potentially meritorious." Indeed, the U.S. Supreme Court will soon decide whether *Ramos* applies retroactively. *See Edwards v. Vannoy,* No. 18-31095, 2019 WL 8643258 (5th Cir. May 20, 2019), *cert. granted,* 2020 WL 2105209 (May 4, 2020).[18]

---

[18]    The Court notes that Lay must first address his predicate convictions before he attacks his enhanced sentence in this proceeding under *Ramos*. *See Lackawanna County District Attorney v. Cross*, 532 U.S. 394 (2001) ("If [a] conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under

already; within SIXTY days of the Louisiana Supreme Court's ruling on Petitioner's *Ramos* claim, petitioner shall file in this Court a Notice of Ruling (1) indicating the case number and the disposition of the ruling, and (2) he shall move to lift the administrative stay to proceed on his petition if needed.

New Orleans, Louisiana, this ___27th___ day of July, 2020.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

8

United States District Court
Eastern District of Louisiana

Richard B. Lay-Pro se           Civil Action
Versus
Sandy Mc Cain -Warden           19-CV-9803(R)(a)

Petition For Remand
To State Courts

Now into the Court Comes petit-
ioner Richard B. Lay who moves this
Court to Remand To The Louisiana
Supreme in light of Ramos + Louisiana,
590 U.S. ___, 140 S.Ct. 1390, ____ L.Ed 2d
____ 2020 holding Nonunanimous Jury
Verdicts in Criminal Cases in violat-
ion of the 6th right to a due process
Jury trial And 14th right to Equal
Protection. For the following.

1. Petitioner Lay's Direct Appeal was
pending when the Louisiana Voters in
2018 rejected the Jim Crow-era split
Verdicts. See Griffith + Kentucky,
479 U.S. 314, 328, 107 S.Ct. 708, 716

1.

93 L. Ed. 2d 649 [1987]; And <u>Sibley v</u>
<u>Board of Supervisors of La. Univ. and</u>
<u>Agric. and Mechanical College</u>, 477 So.
2d 1094 [La. 1985]!

<u>Retroactive Under Federal Jurisdiction</u>:

... Where the major purposes of New
Constitutional doctrine is to overcome
an Aspect of the criminal trial that
Substantially impairs its truthfinding
and ~~and~~ so raises serious questions
about the accuracy of guilty verdicts
in past trials, the New rule has been
given complete retroactive effect. Neither
good faith reliance by state or federal
authorities on prior Constitutional
laws or accepted practice nor severe
impact on the administration of just-
ice has sufficed to require prospect-
ive application in these circumstances
<u>Williams v United States</u>, 401 U.S. 646,
401 U.S. 653 [1971] [plurality opinion
of White, J.]²

2.

The _Ramos_ Court held _Article I,
Section 17_ of the _La. Const. 1974_; And
_Article 782(A)_ of the _La. C. Cr. P._ unconst-
itutional in direct violation of the _USCA
Amend. 6_ And _14_. Ruling on retroactivity
pending, before U.S. Supreme Court.

Retroactive under state law

1. _Article I, Section 17_ of the _La. Const.
1974_; And _Article 782(A)_ of the _La. C. Cr.
P._ violates _Article I, Section 2_ And
3 of the _La. Const. 1974_ under the
Criteria of _Sibley_ since both was
based on racial discrimination against
_African-American_ to which petitioner
Lay is part thereof. See _La. C. Cr. P.
art 6; moore + RLCC_, 668 So. 2d at 1140

2. _Ramos_ is procedural/interpretative of
the _USCA Amend. 6_ And _14_ And
therefore retroactive under _La. C.C.P.
art. 6_. See _moore + Delta waste
system_, 690 So. 2d 1108 [La. App. 4th cir.
1997]; _short + Griffin_, 682 So. 2d 249

3.

[ LA. App. 4 Cir. 1996 ], Cert denied, 689
So. 2d 1372 [ La. 1997 ]; And Manuel +
La. Sheriff's Risk Management Fund, 664
So. 2d 81 [ La. 1995 ] [ interpretative laws
apply both prospectively And retroactive-
ly ].

3. In State + Boyd, ___ So. 2d ___ [ may 2020 ]
who ~~had~~ had a Writ pending before
the Louisiana Challenging his life Sent-
ence as excessive only CASe WAS
remanding by a UNANimous La. Supreme
Court in light of Ramos to the
1st Circuit Court of Appeals for
hearing And ruling.[3]

4. In State + Laurent # 2019-KO-01611
[ LA. 6/03/20 ] the Louisiana Supreme
Court remanded to the 4th Circuit
Court of Appeal in light of Ramos
to conduct an error PAtent review
under LA. C. Cr. P. art. 920(2) even Not
preserved in the trial Court or
abandoned during any Stage of this

4.

proceeding.[4] See _LA.C.Cr.P. art. 921._

5. Finally to permit a conviction obtained in violation of _Ramos_ to be used against a person either to support _guilt_ or _enhance punishment_ for another offense ... is to erode the principle of CASE... worse yet since the defect in the prior conviction was denial of defendant _Lay's Sixth And Fourteenth Amendments_ to the _United States Constitution_ insofar as _Article 1, Section 17_ of the _La. Const. 1974_ And _Article 782 (A)_ of the _La. Cer. Proc._ allowed petitioner _Lay_ to be convicted by less than a Unanimous verdict in _State + Lay # 383759-F_ And _State + Lay # 215530-C_ on the 22nd _Judicial District Court- Parish of St. Tammany_ petitioner _Lay_ in effects suffers anew from this deprivation of rights when the _State_ used _# 383759-F_ to try me for a felony under ▓▓▓▓▓▓▓▓▓

5.

La. R.S. 14:34.5.B(2) without it would
be a misdemeanor under La. R.S. 14:34.5.A.
Then used # 383759-F And 215530-C
under La. R.S. 15:529.1 to enhance my
sentence to 23-years clearly violating
the rationale of Burgett + Texas,
389 U.S. 109, 88 S. Ct. 258, 19 L. Ed. 2d
319 [1967].

Petitioner Lay has collaterally att-
acked State + Lay # 383759 And
215530-C [6] in St. Tammany
Parish And # 11-CRS-112033 - Wash-
ington Parish [87] based upon Ramos
and all three are pending before
Judge Ad Hoc Jerome Winsberg
appointed by the Louisiana Sup-
reme Court over all criminal and
Civil cases in both St. Tamm-
any And Washington Parish where
I'm a defendant or plaintiff.

6,
6.

Wherefore petitioner Lay prays
the following relief to issue:

1. This court hear And decide all
issues herein And or remain to
the Louisiana Supreme Court in
Lay v State No. 2015-KO-1792 to
decide the same in the interest
of Justice.

Respectfully submitted this 10th
day of June, 2020 under the
penalty of perjury And good
faith.
                    Richard Lay 110315

Certificate of Service
I State all interested parties
was mailed a copy of this motion
with attachments this 10th day of
June 2020 Properly addressed with
posted Affixed per Houston v Lack,
U.S. [1988].
                    Richard Lay 110315
            To Richard B. Lay

RLCC-C2-A1 #14
1630 Prison RoAd
Cottonport, LA. 71327

<u>Order</u>
BAsed on the foregoing <u>Motion's</u>

It's Ordered <u>Respondents</u> thru counsel
of Records file a <u>Written Brief</u>
<u>In</u> opposition by the ____ day of
_____ 2020 as to why sAid relief
should Not issue as provided by law.
<u>No orAl Argument</u> will be allowed.

Clerk to Serve a copy of this
motion And <u>order</u> upon all interested
pArties.

SAid And done this ____ day of
_____, 2020.

_____
U.S. Judge / MagristrAte

<u>Please serve</u>

8.

1. State of Louisiane
Thru Jeff Landry — Attorney General
1885 N. 3rd St.
Baton Rouge, La. 70802

Warren Montgomery —
2. ~~Walter Reed~~ — District Attorney
Parish of St. Tammany / Washington
701 N. Columbia St.
Covington, La. 70433

3. Matthew Caplan — Asst. District Attorney
Parish of St. Tammany / Washington
701 N. Columbia St.
Covington, La. 70433

4. Jerome Winsberg — Judge Ad Hoc
22nd Judicial District Court
Parish of St. Tammany / Washington
5031 St. Charles Ave
New Orleans, La. 70115

5. Richard Lay #110315
RLCC- C2= A1 #14
1630 Prison Road
Cottonport, La 71327          9.

Footnote(s)

1. See <u>Article 1, Section 3</u> commands the Court's to decline enforcement of a legislative classification of individuals in three situations: (1) when the law classifies individuals by race or religious beliefs, it shall be repudiated completely. <u>Sibley</u> at 107

2. See Burch + La., 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 [1976]; Brown + La., 447 U.S. 323, 334, 100 S.Ct. 2214, 2223, 65 L.Ed.2d 159, 169 [1980]; And Thomas + Blackburn, 623 F.2d 383 [5th Cir. 1980], Cert. denied 450 U.S. 953, 101 S.Ct. 1413, 67 L.Ed.2d 380 [1981].

3. See Exhibit 1 attached

4. See Exhibit 2 attached

5. ☐ NonUNANimous Jury Verdict — <u>No. 383759-F</u>

6. NonUNANimous Jury Verdict — <u>No. 215530-C</u>

7. Trial Judge in <u>#11-CRS-112033</u> only

10.

Exhibit
E

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA                    DOCKET NO. 11-CRS-112033

VERSUS                                FILED: _____

RICHARD B. LAY
                                      _____
                                              CLERK OF COURT

EXHIBIT D
#11-CR5-112033

1.    Original and oral bill of information upgrading from misdemeanor to a felony

depriving court of jurisdiction to accept any verdict of guilt on the felony charge but only

a misdemeanor.[1] *State v. Breaux*, 504 So. 2d 11 (La. App. 1 Cir. 1987); *State v. Cook*,

372 So. 2d 1202 (La. 1979)…page 1-4.


March 7, 2013.


                                      _____
                                      Richard Lay #110315
                                      WNC Elm A-1-9
                                      P.O. Box 1260
                                      Winnfield, LA  71483-1260


    cc:   L. Wall, ADA


---
[1] See La. C.Cr.P. art. 487.

8  28



*Exhibit*
**6**

JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court;

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY    DOB: 01/02/1959    SSN: 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
       Arrest Date: 12/30/2010
       RAYBRUN CORRECTIONAL CENTER, ANGIE, LA. 70426-

DATE OF OFFENSE:              December 21, 2010

COUNT 1
R.S. 14:34.5 BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties; Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.

**5D.**

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY:




*11 - CR5 - 112033*

*Gave to me
open court
3-24-11*

JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA – PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court:

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY     DOB: 01/02/1959     SSN: 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
            Arrest Date: 12/30/2010
      RAYBURN CORRECTIONAL CENTER, ANGIE, LA. 70426-

DATE OF OFFENSE:         December 21, 2010

COUNT 1
R.S. 14:34.5 BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties, Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.

*while the offender
is under the jurisdiction
and legal custody of
the Dept. of Public Safety
and Corrections, or is
being detained in any
jail, prison, correctional
facility, juvenile institution
temporary holding center
halfway house, or
detention facility.*

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA



BY: *SI.*



MARCH 24, 2011

E TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
RSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
STRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY; LORRIE PRICE, DEPUTY
ER K OF COURT, JULIA OEHRLEIN, OFFICIAL COURT REPORTER AND SANDRA CONERLY,
PUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
SPOSED OF AS FOLLOWS, TO-WIT:


TATE OF LOUISIANA
S
CHARD LAY                              CHARGE:                    CASE #: 11-CR5-112033
                                       BATTERY OF A CORRECTIONAL FACILITY
                                       EMPLOYEE
ARCH 24, 2011
                                                    JEROME WINSBERG

HIS CAUSE CAME ON FOR ARRAIGNMENT AND VARIOUS MOTIONS. PRESENT, LEIGH ANN
AL , JOHN LINDNER, ATTORNEY FOR THE DEFENDANT AND THE DEFENDANT, RICHARD
AY.

ET IT BE KNOWN THAT JUGDE JEROME WINSBERG HAS BEEN APPOINTED BY THE
UPREME COURT FOR ALL PROCEEDINGS CONCERNING THIS DEFENDANT IN THE 22ND
UDICAL COURT.

T THIS TIME, THE COURT APPOINTS JOHN LINDER AS COUNSEL FOR THE DEFENDANT.

T THIS TIME, THE STATE MAKES AN ORAL MOTION TO AMEND THE BILL OF INFORMATION
S REFLECTED:

CORRECTED SPELLING OF RAYBURN CORRECTIONAL CENTER AND THE FOLLOWING
ADDITIONAL WORDING ADDED TO THE BILL OF INFORMATION:

'WHILE THE OFFENDER IS UNDER THE JURISDICTION AND LEGAL CUSTODY OF THE
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OR IS BEING DETAINED IN ANY JAIL,
PRISON, CORRECTIONAL FACILITY, JUVENILE INSTITUTION TEMPORARY HOLDING CENTER,
HALFWAY HOUSE, OR DETENTION CENTER."

AT THIS TIME, THE DEFENDANT, PRESENT IN OPEN COURT WITH COUNSEL WAS
ARRAIGNED AND PLED NOT GUILTY.
THIRTY DAYS TO FILE PLEADINGS.
FIFTEEN DAYS TO FILE SUPERVISORY WRITS.

MOTION FOR DISCOVERY IS SATISFIED.

EX-PARTE MOTION FOR COUNSEL IS SATISFIED.

ALL OTHER MOTIONS ARE CONTINUED UNTIL APRIL 20, 2011 AT 11:00 A.M.

STATE OF LOU... A                    NUMBER 215530

VERSUS                               22ND JUDICIAL DISTRICT COURT

RICHARD LAY                          PARISH OF ST. TAMMANY

FILED: November 28, 1995             DEPUTY CLERK: _____

### MULTIPLE OFFENDER BILL

To the Honorable Patricia Hedges, the Twenty-second Judicial District Court of Louisiana, sitting in and for the Parish of St. Tammany, comes now into open Court the undersigned District Attorney of the Twenty-second Judicial District of Louisiana, in the name and by the authority of said State, informs the honorable Court:

That one RICHARD LAY on September 20, 1995, in the Twenty-second Judicial District Court, State of Louisiana, Parish of St. Tammany was found guilty of violating LA. R.S. 40:967(C)/40:981.3 relative to Possession of Cocaine within 1000 feet of a school under the laws of Louisiana, in bill # 215530.

The said RICHARD LAY is one in the same above who was convicted of LA. R.S. 14:69 Possession of Stolen Property on June 25, 1991, in the 22nd Judicial District Court under bill # 197086 and was sentenced to 2 years in the Department of Corrections; and one and the same RICHARD LAY who was convicted of the felony, as set out above, in bill # 197086 is one and the same person as RICHARD LAY who pled guilty to LA. R.S. 14:72 Forgery, on JUNE 10, 1985, in St. Tammany Parish under case # 130364, defendant was sentenced to 5 years in the Department of Corrections.

And that the above conviction under case # 215530 is RICHARD LAY'S third subsequent felony conviction and the said defendant should now be sentenced in conformity with the provisions of LA. R.S. 15:529.1 and that all crimes herein are contrary to the law of the State of Louisiana and against the peace and dignity of same.

Signed this 28th day of November, 1995.

SCANNED

SEP 13 2005

_____
ASSISTANT DISTRICT ATTORNEY
22ND JUDICIAL DISTRICT COURT

A TRUE COPY

_____
DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

TUESDAY, SEPTEMBER 19, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING,
HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", RONALD T. GRACIANETTE,
ASSISTANT DISTRICT ATTORNEY, PATRICK J. CANULETTE, SHERIFF AND LUCY
REID RAUSCH, CLERK OF COURT. (Bailiff, Carol Dobson, and Court Reporter,
Lynn Nunez)



2.

TUESDAY, SEPTEMBER 19, 1995

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, and the trial of this matter having been continued for September 18, 1995.

The jury was returned to the Courtroom and all counsel at this time waived polling of the jury.

The Court at this time Court ordered the Clerk to read the Bill of Information and the defendants plea, which was done.

The State made its opening statement to the jury, followed by the opening statement of the Defense.

Evidence was heard on behalf of the State and the following witnesses giving testimony:

1.   Melissa Thompson
2.   Jeron Fitzmorris
3.   Simmie Fairley

On motion of the Defense, Court ordered that the jury be retired, which was done.  The Defense counsel at this time that the present policy manual of Slidell Police Department, be turned over, in response to his subpoena; whereupon Court ordered that the policy manuals be produced for Mr. Ellis' examination only.  Further, the Defense informed the Court that they intend to recall Mrs. Thompson, and request that she bring with her the Evidence Handling Guide, that was mentioned in her prior testimony, to which the State objects and argued.  Court at this time orders that when Ms. Thompson returns to Court, said manual is to be produced also.

Court at this time had the jury returned to the Courtroom.

Evidence was heard on behalf of the State with the following witnesses giving testimony:

4.   Thomas Chin
5.   Jesse Simon

This being the noon hour, Court recessed for lunch.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, The jury was returned to the Courtroom and the State and the Defense waived polling of the jury.

The testimony of the State's witness, Sgt. Jesse Simon, continued.  Further evidence was heard on behalf of the State, with the following witness giving testimony:

6.   Capt. Ziggy Swenson

The State at this time offered, introduced and filed into evidence the following items:

S-1    Evidence receipt date January 5, 1993
S-2a   Brown envelope as returned from the Crime Lab
S-2b   Brown evidence envelope turned in by Sgt. Jesse Simon
S-2c   Small envelope inside of S-2b
S-2d   Package containing cocaine
S-3    Survey map
S-4    Picture of Sgt. Jesse Simon in disguise

At this time, on motion of the Assistant District Attorney, Court ordered that the evidence marked S-1 through S-4 be given to the Jury for their viewing, which was done.

The State at this time rested its case subject to the right

3.

the jury for their viewing, which was done.

The State at this time rested its case subject to the right of rebuttal.

Evidence was heard on behalf of the Defense with the following witnesses giving testimony:

1. Randy Fortenberry
2. Richard Lay

The Defense at this time objects to the State asking the defendan the outcome of the civil suits, Court at this time had the jury retire

Argument was heard; whereupon Court overruled the Defense's objection.

Court at this time recessed briefly

4.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, the jury was returned to the Courtroom and the State and the Defense, waived polling of the jury.

The Defense at this time request that the jury view the evidence.

It being the noon hour, Court recessed this matter for lunch and reminded the jury the as to the rules of sequestration.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, the Defense counsel outside the presence of the jury requested that he be allowed to refer to the prior trial during his closing arguments, the State argued; whereupon Court ordered the State and the Defense to refer to the prior trial as a prior hearing.

The Court ordered the jury return to the Courtroom, the State and the Defense, waived polling of the jury and viewing of the evidence was continued and thereafter completed.

The State at this time made its closing arguments to the Jury, followed by the Defense's closing arguments and concluding with the State's rebuttal arguments.

Court at this time retired the jury, upon request of the Defense.

The Defense at this time requested a mistrial, on the grounds of a misstatement of fact by the State during its closing arguments, argument was heard by both Counsel; whereupon Court denied said motion.

The Court at this time informed the State and the Defense of her concerns regarding the juror Ms. Sandra Smith possibly sleeping during closing arguments and at which time Court cleared the Courtroom except for the parties directly involved in this trial and had Ms. Smith brought into the Courtroom.  Ms. Smith was then questioned by the Court, the Defense and the State and the Court at this time determined that Ms. Smith be allowed to remain as a juror in this matter. Ms. Smith was returned to the jury room at this time.  The Defense objects to the Court's ruling.

The State and the Defense requested that the jury charges be amended by the Court, which was done.

The Court ordered the jury be returned to the Courtroom.

Court then charged the jury and release the alternate jurors and retired the Jury to the Jury room for their deliberation at 5:55 p.m.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, the Jury was returned to the Courtroom at 6:50 p.m. after having informed the Court of their need for further instruction.

Court at this time instructed the Jury as to their request and again retired the Jury for further deliberation at 6:54 p.m.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, the Defense at this time moved for a mistrial in this matter, based on a conversation overheard by the defendant concerning comments made in the jury room, argument was heard and Court denied said motion.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, and after mature deliberation at 7:57 p.m. the Jury returned to the Courtroom and through their Foreman returned their written verdict to the Court, which verdict the Clerk was ordered to read as follows:




WEDNESDAY, SEPTEMBER 20, 1995

"We the jury, find the defendant: RICHARD LAY guilty of Possession
of Cocaine within 1000 feet of school property/signed/Roy J. Marchar
Foreperson/Covington, Louisiana/date/Wednesday/9/20/95

On motion of the Defense Counsel, Court ordered that the clerk
poll the jury as to their vote, which was done showing:

10 yes votes 2 no votes

The State requested the defendant be remanded to the Sheriff
and be held without bond pending sentencing, the Defense requested
that the defendant be allowed to remain on his present bond obligation,
whereupon Court ordered that defendant remain on his present bond
obligation and further ordered the a Pre-Sentence Investigation
be conducted by the Department of Public Safety and Correction
and that the FELONY SENTENCING be held on November 28, 1995.

Further the court ordered that the defendant is to report on
September 22, 1995 to report to the probation office.

6.

REASON CHECKED

Unclaimed: _____

Refused: _____

Need Offender #  _____

Discharged: _____

Moved from RLCC: _____

RICHARD LAY
RLCC-C2-A1#14
1630 PRISON RD.

-K-1-S-   71327-RFS-1N   T170972

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD
RETURN TO SENDER

FILED

NOV 1 2 2020

MELISSA R. HENRY - CLERK
Deputy_____
Erika Roberts, Deputy Clerk





7.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

RICHARD LAY
RLCC-C2-A1414
1630 PRISON RD
COTTONPORT, LA 71327
DK # 215530/383759 DIV F

9590 9402 4312 8190 6708 65

2. Article Number (Transfer from service label)

7015 1520 0002 4938 5410

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Priority Mail Express®
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

8.

*Exhibit B*

*2*

DOCKET NO: 383759
PAGE 1 of 2

Thursday, May 31, 2007

COURT MET THIS DAY PURSUANT TO ADJOURNMENT.   PRESENT AND
PRESIDING HIS HONOR, MARTIN E COADY, JUDGE, DIVISION "F", JOSEPH
OUBRE AND SCOTT GARDNER, ASSISTANT DISTRICT ATTORNEYS, RODNEY
J STRAIN, JR., SHERIFF AND MALISE PRIETO, CLERK OF COURT (Mark Baggett
and Jimmy Jenkins, Baliffs and Kathleen Wells, Court Reporter)

383759          STATE OF LOUISIANA
                        VS
                RICHARD BRIAN LAY

        The defendant being present in open Court attended by his appointed Counsel,
DOYLE "BUDDY" SPELL and the State represented by Scott Gardner and this matter
being on assignment for a multiple bill hearing.  State at this time informed the Court that
he requested the defendant be fingerprinted and the defendant objected.  Defendant made
argument to the Court and Court denied defendant's exparte Motion to Quash and ordered
defendant to cooperate so fingerprints can be taken.  Court at this time recessed until
fingerprints are taken.

        Later, in the day, defendant present attended by appointed Counsel, DOYLE
"BUDDY" SPELL, and the State represented by Scott Gardner.  Defendant made
statement to the Court at this time on the multiple bill his time has been reached, State at
this time placed on the records his reasons.  Defense argued and provided the Court with
2 cases for Court to review about multiple bill hearing.  Court advised will review cases
and make ruling latter.

        The State at this time moved for sequestrations of witness at this time.

        Evidence was heard on behalf of the State with the following named person sworn to
testify:

1.  Deputy First Class Lloyd "Tommy" Morse (expert in field of fingerprints)

The State at this time offered, introduced and filed into evidence the following items:

S-1   Curriculum Vita of Deputy First Class Lloyd "Tommy" Morse
S-2   fingerprint card taken today on Richard Lay
S-3   records from Ella Peterson from Probation and Parole on Richard Lay
S-4   minute entry from August 26, 1991 and bills of information on Richard
        Lay under docket #197086
S-5   minute entry from June 24, 1991 and June 25, 1991 on Richard Lay
        under docket #197086
S-6   multiple offender bill, bill of information and copy of the insider folder on
        Richard Lay under docket #215530
S-7   transcript from June 10, 1985 on Richard Lay, under docket #130364 &
        131275
S-8   minute entry from June 10, 1985 and bill of information on Richard Lay
        under docket #130364

State rested its case.

        Defense Counsel at this time moved to withdrew as Counsel of Record, which Court
advised Defense not at this time.  Argument heard by the Defense and State and Court
notes Defense objection.

        Defendant made statement to the Court, Court informed the defendant that all request

DOCKET NO: 383759
PAGE 2 of 2

for subpoenas should have been issued through his attorney. Defense made statement to the Court.

Court at this time advised the defendant that he has reviewed the cases that he provided to him and finds that the multiple bill was timely filed.

Defense objected.

Court have reviewed the multiple bill and evidence, Court finds the defendant is the same person contained the multiple bill and that no more than 10 years has elapsed since his last sentence, Court finds the defendant to be a 4th felony offender and vacates the previously imposed sentence, credit for time served on that and Court sentences the defendant on the *multiple offender bill to serve a period of TWENTY (20) years at hard labor with the Department of Public Safety and Corrections of the State of Louisiana, said sentence to be served without benefit of probation or suspension of sentence and sentence in accordance with Article 15:529.1.*

Further, Court ordered that the defendant be given credit for time served and Court informed the defendant that he has two (2) years once sentence becomes final to file an Application for Post Conviction Relief.

Court notes Defense objections.

Defendant argued about the State proven multiple bill, Court advised the defendant has full right to reconsider the sentence and/or appeal.

Defense Counsel objected to the sentence being excessive and his appointment terminated.

Defendant moved for Motion to Reconsider Sentence, State submitted; whereupon Court denied motion.

A TRUE EXTRACT OF THE MINUTES OF THIS COURT

_____
DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA



10.

STATE OF LOUISIANA

NUMBER:   383759 F

VERSUS

22ND JUDICIAL DISTRICT COURT

RICHARD LAY

PARISH OF ST. TAMMANY

FILED: _March 30, 2007_     _Mary M Wilton_

DEPUTY CLERK

### MULTIPLE OFFENDER BILL OF INFORMATION FILED AS TO COUNT ONE

Walter P. Reed, District Attorney for the 22nd Judicial District Court  avers that this captioned defendant was charged in this case number in the 22nd Judicial District Court with the crime of violating La. R.S. __40:979 AND 967__ relative to __ATTEMPTED POSSESSION OF COCAINE__ , and that afterward, to wit on the __30__ day of __MARCH__ , 2007, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __215530__ of the 22nd  Judicial District Court,  with the crime of violating R.S. __40:981.3__ , relative to __Possession of cocaine in a school zone__ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __197086__ of the __22nd__  Judicial District Court,  with the crime of violating R.S. __14:69__ , relative to __Theft over 500 dollars, date of offense January 6, 1991__ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __197086__ of the __22nd__  Judicial District Court,  with the crime of violating R.S. __14:69__ , relative to __Possession of Stolen Property, date of offense February 25, 1991__ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __197086__ of the __22nd__  Judicial District Court,  with the crime of violating R.S. __14:69__ , relative to __Possession of Stolen Property, date of offense February 16, 1991__ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __130364__ of the __22nd__  Judicial District Court,  with the crime of violating R.S. __14:72__ , relative to __Forgery, date of offense November 7, 1984__ __, and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said

SCANNED
OCT 1 1 2007

defendant was duly charged in case number ___130364___ of the __22nd_ Judicial District Court,

with the crime of violating R.S. __14:72__ , relative to _____ Forgery, date of offense November 17, 1984 _____

_____ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said

defendant was duly charged in case number ___130364___ of the __22nd_ Judicial District Court,

with the crime of violating R.S. __14:72__ , relative to _____ Theft, date of offense February 25, 1985 _____

___ , and that afterward, the said accused was convicted.

The said defendant  sentenced as first above set out, is one and the same person who was

sentenced in the subsequent listed case numbers and should now be sentenced under  the provisions of

La. R.S. 15:529.1.

Signed this _31_ day of _March_ , 2007.

_____

ASSISTANT DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT COURT

'A TRUE COPY

DEPUTY CLERK
22nd Judicial District Court

12.

SCANNED
OCT 1 1 2007



Exhibit-3

| | |
|---|---|
| STATE OF LOUISIANA | NUMBER:  11-CRS-<del>2033</del> 112033 |
| VERSUS | 22ᴺᴰ JUDICIAL DISTRICT COURT |
| RICHARD LAY | PARISH OF WASHINGTON |
| FILED:  12-15-11 | _____ |
| | DEPUTY CLERK |

## MULTIPLE OFFENDER BILL OF INFORMATION

Walter P. Reed, District Attorney for the 22ⁿᵈ Judicial District Court with respect avers that this captioned defendant was charged in this case number in the 22ⁿᵈ Judicial District Court with the crime of violating La. R.S. _14:34.5_, relative to _Battery of a Correctional Facility Employee_, and that afterward, to wit on the _30th_ day of _November_, 2011, the said accused _was found guilty as charged by a jury_.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _383759_ of the 22nd Judicial District Court, with the crime of violating R.S. _40:979 and 40:967_, relative to _Attempted Possession of Cocaine_, and that afterward, to wit on the _30th_ day of _March_, _2007_, the said accused _was convicted_.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _215530_ of the _22nd_ Judicial District Court, with the crime of violating R.S. _40:981.3_, relative to _Possession of cocaine in a school zone_ and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _197086_ of the 22ⁿᵈ Judicial District Court, with the crime of violating R.S. _14:69_, relative to _Possession of Stolen Property, date of offense February 25, 1991_, and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number _197086_ of the 22nd Judicial District Court, with the crime of violating R.S. _14:69_, relative to _Possession of Stolen Property, date of offense February 25, 1991_, and that afterward, the said accused _was convicted_.

13.

Page 3 of 3

defendant was duly charged in case number ___130364___ of the 22nd Judicial District Court, with the

crime of violating R.S. _14:72_, relative to _Forgery, date of offense February 25, 1985_, and that

afterward, the said accused _was convicted_.

     The said defendant sentenced as first above set out, is one and the same person who was

sentenced in the subsequent listed case numbers and should now be sentenced under the provisions of

La. R.S. 15:529.1.

     Signed this _15th_ day of _December_, 2011.

                                                _____
                                               ASSISTANT DISTRICT ATTORNEY
                                               22nd JUDICIAL DISTRICT COURT

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING
FINGERPRINTS ON THIS BILL ARE THE FINGERPRINTS
OF THE DEFENDANT____K.-C-Y/-03(6
AND THAT THEY WERE PLACED THEREON BY SAID
DEFENDANT THIS 13 DAY OF _May 20/3_
_____
             SIGNATURE LINE



14.

MAY 13, 2013

THE TWENTY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE,
DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY
CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS
RICHARD LAY

CHARGE:                        CASE #: 11-CRS-112033
BATTERY OF A CORRECTIONAL FACILITY
EMPLOYEE

May 13, 2013

JEROME WINSBERG

This cause came on for multiple offender hearing.  Present, Leigh Anne Wall, assistant
district attorney, Ernest Barrow, attorney for the defendant and the defendant, Richard Lay.

At this time, the following motions were addressed to wit;

Amended Motion to Disqualify Counsel is denied. .
Note objection by Mr. Lay.

Motion for Recusal is denied.
Note objection by Mr. Lay.

Motion to Continue is denied.

Opposition to Multiple Bill is denied.

State witness, Assistant Warden John Jerrell called and sworn.

State Exhibit #1 - Certified copies of record from Rayburn Correctional Center offered, filed
and introduced.

Note Objection by Mr. Lay.

State Exhibit #2 - Certified copies from docket 383759 out of St. Tammany Parish offered,
filed and introduced.

Felix Indest called and sworn.

State Exhibit #3 - Certified copies from docket 215530 out of St. Tammany Parish, offered,
filed and introduced.

Officer James Folks called and sworn.

State offers witness as an expert in the field of fingerprint analysis and the court accept
witness as expert in this field.

State Exhibit #4 - Certified copies from docket 197086 out of St. Tammany Parish, offered
filed and introduced.

State Exhibit #5 - Certified copies from docket 130364 out of St. Tammany Parish, offered,
filed and introduced.

The State submits this matter to the court, whereupon, the court finds the defendant to be a
4th felony offender and hereby vacates and sets aside the previous sentence in this matter
and sentences the defendat as follows;

Pursuant to Act 15:529.1, the court sentences the defendant to serve a period of twenty two
(22) years hard labor without the benefit of probation, parole or suspension of sentence in
the custody of the Louisiana Department of Public Safety and Correction as a 4th felony
offender.

The defendant is given credit for any time served subsequent to arrest and this sentence is
to run concurrent with any sentence now being served.

The court advised the defendant he has two (2) years from the date the judgment of
conviction becomes final to file any and all petitions for post conviction relief.

Thirty (30) days to file for appeal.

Thirty (30) days to file for reconsideration of sentence.                15.

JULY 15,2024

TO: SARAH VANCE - Judge
U.S. District Court
500 Poydras St
New Orleans, LA 70130


IN re: Lay + Bordelon, et al
24-30350 - 5th Circuit
USDC - 2:19-CV-980?


PURSUANT to the 5th
Circuit Service Rule as
to all interested Parties
you are hereby Serve a
Copy of the Appellate
Brief which my claims
are clearly set out and
Supported by Applicable
Federal and State Law

Richard Lay
110303