UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY                                                         CIVIL ACTION

VERSUS                                                              NO. 19-9803

S. W. MCCAIN, ET AL.                                                SECTION "R" (2)

## ORDER

Before the Court is *pro se* petitioner Richard Lay's petition for writ of habeas corpus.[1] Because Lay's habeas petition is successive, the Court dismisses the petition for lack of jurisdiction.

On April 19, 2019, petitioner Richard Lay filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. Lay's habeas petition, as amended, challenged his 2011 state conviction by unanimous jury verdict for battery on a correctional facility employee and his related multiple offender adjudication. The case was initially referred to Magistrate Judge Joseph C. Wilkinson, Jr., who issued a Report and Recommendation ("R&R") on February 28, 2020, recommending dismissal of the petition as procedurally barred and otherwise meritless.[2] Lay filed numerous objections to

---

[1]   R. Doc. 78.
[2]   R. Doc. 33.

Magistrate Judge Wilkinson's R&R.[3] Subsequently, the Court referred the matter to Magistrate Judge Donna Phillips for a supplemental R&R addressing Lay's claim under *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). Magistrate Judge Currault recommended dismissal of Lay's *Ramos* claim in the supplemental R&R.[4] Lay filed multiple objections to the supplemental R&R.[5]

This Court considered the petition, the record, the applicable law, the Magistrate Judges' R&Rs, and Lay's objections, and ultimately adopted the Magistrate Judges' R&Rs as its opinion, thereby dismissing Lay's petition with prejudice.[6] In the Order and Reasons dated June 13, 2023, the Court affirmed the Magistrate Judges' determinations that Lay's claims are meritless, and further determined that his numerous objections all either: (1) mirror the underlying claims in the petition, (2) rehash arguments made before the Magistrate Judges, (3) improperly raise new issues not presented to the Magistrate Judges, or (4) otherwise lack merit due to their conclusory nature, failure to address the Magistrate Judges' relevant recommendations, or misstatement of the applicable law.

---

[3] R. Doc. 36, 37 & 42.
[4] R. Doc. 50.
[5] R. Doc. 51 & 54.
[6] R. Doc. 57.

Lay now petitions the Court again for a writ of habeas corpus and certificate of appealability.[7] But petitioner is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" before filing "a second or successive application" for habeas relief. 28 U.S.C. § 2244(3)(A). Lay has not moved in the court of appeals for this purpose, and therefore Lay has not satisfied the statutory requirements for the Court to consider his successive habeas petition. Absent permission from the Fifth Circuit, the Court lacks jurisdiction to entertain petitioner's successive habeas claim. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Accordingly, the Court DISMISSES petitioner's motions for lack of jurisdiction.

New Orleans, Louisiana, this __14th__ day of August, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 78.