U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Feb 6 2025

CAROL L. MICHEL
CLERK

SP                                Mail

United States District Court
Eastern District of Louisiana

No: 2:19-cv-9803

Date filed: _____

Deputy Clerk

Motion To Vacate. Erroneous
And Arbitrary Denial of A
Writ of Habeas Corpus And
Issuance of A COA And
Order To Proceed As Pauper

Now into the Court Comes
Petitioner Richard B. Lay Who
moves this Court Vacate All
Judgment as ▓▓▓ Erroneous
And Clear Abuse of Authorities

Because Lay filed his federal
habeas Corpus petition after April
1, 1996, the Anti-Terrorism And Effect-
ive Death Penalty Act[AEDPA] app-
lies to his petition. See Lindh +
Murphy, 521 U.S. 320, 336, 138 L. Ed 2d
481, 117 S.Ct. 2059[1997]; Jeffries
+ Wood, 114 F.3d 1484, 1499[9th
Cir.][En Banc], Cert. denied, 522
U.S. 1008, 118 S.Ct. 586, 139 L.Ed
2d 423 [1997], ▓▓▓ Under AEDPA
a federal Court may grant habeas relief

Footnote(s)
1. Passed out legal mail on Jan-
uary 16, 2005

1.

"if a State Court adjudication:

(1), resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2), resulted in a decision in the State Court proceedings. 28 USCA § 2254 (d). [West Supp. 2020].

As noted by a Panel of the Ninth Circuit Court of Appeal, AEDPA's standard of review provision " reflect the general requirement that Federal Courts, not disturb state Court  determinations unless the State Court has failed to follow the law as explicated by the Supreme Court." DAVIS v Kramer, 167 F. 3d 494, 500 [9th Cir. 1999], Under DAVIS:

[A] state court decision amounts to an unreasonable application of clearly established Federal law where the State Court fails to apply a legal principle, enunciated in one or more Supreme Court decisions, to a situation where such application is required by the force and logic of the Court's decision. id.

DAVIS provides a framework for

2.

analyzing state Court's opinions under AEDPA. Unfortunately, when a State Court does not articulate the rationale for its determination, a review of that Court's "application" of clearly established federal law is not possible.[2] See Cardell + Greene, 152 F.3d 331, 339 [4th Cir.], Cert. denied, 142 L.Ed. 2d 491, 119, S.Ct. 587 [1998]. Thus, when confronted with a State Court decision that does not provide the basis of its decision, we must determine whether in light of ~~an~~ an independent review of the record and the relevant federal law, the State Court's resolution of a petitioner's claim(s) was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 USCA § 2254 (d)(1).

Footnote(s)

2 Conducting an independent review of the record and applicable federal law when the State has not articulated its reasoning is not the equivalent of applying a denovo standard of review to State's Court decisions, rather it provides the method for ascertaining

3.

Petitioner Lay attacked his convictions and sentences via post-conviction, raising in relevant part (1). Insufficiency of Evidence; (2). Unlawful adjudication of sentence under LSA- 14:34.5.B(2) and R.S. 15: 529.1; Appointment of Lay as counsel of records and all other counsel appointed as standby without waiver of my right to counsel and conflict counsel; ineffective counsel at trial; post-trial and sentencing and on Direct Appeal by filing of Ander's Brief and not following my instructions to file the Brief based on my opposition to Ander's Brief and to appoint counsel to perfect claims listed. All claims denied without articulating the rationale for the denial of relief. After exhaustion

Whether the state courts resolution of the case, rather, ░░░░ was "contrary to, or involved an unreasonable application of clearly established Federal under AEDPA. 28 USCA § 2254(d)(1). See Jones + Wood, 114 F.3d 1002, 1013[9th Cir. 1997] holding that when a state court has made no finding of facts, the district court has a duty to ascertain the sufficiency of the evidence]

4.



[... illegible scribbled text ...] lay
filed a "motion For leave To Amend
Supplement Habeas Corpus to which
Respondent has Not filed a resp-
onse ▮▮▮▮▮ raising the following
Claims:

1. The former NON-UNANiMous Jury
Verdict system violated the "Equal
Protection Clause";

2. The Bill of Information leading
to his Conviction for battery on
a Correctional facility employed
failed to identify the Conviction
for which he WAS under the
Jurisdiction of Louisiana Depart-
ment of Corrections ["Doc"] at the
time of the alleged battery in
Violation OF Due Process; and Dou-
le Jeopardy;

3. The State's use of No. 215530-c
a St. Tammany case for impeach-
ment and sentencing purposes
insofar it was a 10-2 Verdict
in violation of Ramos; and my
rights to "Equal Protection Claus-

4. The State was prohibited from
using case No. 383759F for which
he was under Jurisdiction of t-

5.

Department of Corrections when
the battery, occurred as a pred-
icate in the multiple Bill of
Information after its use for
enhancement purposes under LSA-
R.S. 14:34.5 B(2).

5. LA. R.S. ~~14:34.5.B(2)~~ 14:34.5.B(2) is uncons-
titutional and violated my Due
Process right to Notice and a
fair-trial because the State failed
to charge in the Bill of Inform-
ation and prove to the jury that
I was under the Jurisdiction of
the Department of Corrections in
~~State~~ lay #383759-F
serving a 20-year sentence at hard
labor under LSA-R.S. 15:529.1 for
Attempt Possession of cocaine in
violation of LSA-R.S. 14:27/40:979
and 967.

6. My conviction for violating LSA-
R.S. 14:34.5.B(2) insofar I was-
arraigned and convicted based on
a Oral Amendment to the
written Bill of Information that
charges only a misdemeanor
under LSA-R.S. 14:34.5.A violated
my Due Process rights.

District Court Judge Sarah Vance
construed as a "Motion To
lift Stay" and Remanded to mag-
istrate Judge Donna Phillip
Currault's for a Report and Re-

6.

comendation on January 20, 2022. On February 11, 2022 issued a order and Reasons for denial for "leave To Amend and or supplement Habeas Corpus Petition alleging:

1. while the timing is not per se dilatory, I find his proposed amended claims are in Part prejudicial and all otherwise futile insofar they were addressed in previous Reports and Recommendations for dismissal ~~~~~~ as without basis of facts and laws by magristrate Judge Wilkinson and herself.

2. Claims 2, 3, ~~ and ~~ 7 was not separately urged in the State Courts for exhaustion purposes along with his ineffective trial and Appellate Counsels are Procedurally barred by ~~~~~~ Louisiana Supreme Court's ruling that I have exhausted my ~~~ rights to Collateral review of his 2011 Conviction; ~~~~

3. Claims ~~~~~~ 8 is repetitive; and

4. Claim #1 challenged that the ~~~~ non-unanimous Jury verdict violates the "Equal Protection Clause" as unduly ~~~~ prejudicial to Respondent; and the Court.

The Original Writ of Habeas Corpus con-☐tains twelve const-

7.

itational Claims including but Not limited to ineffective trial and Appellate Counsel for filing the Anders Brief Not the claims before this Court in the original and Second Amended Complaint in which magistrate Judge Wilkinson issued a Report and Recommendation that the trial and the Appellate Counsel was not ineffective in Not raising petitioner Lav's claims contained in the Application for A Writ of Habeas Corpus. District Judge Sarah Vance accepted the findings and recommendation or both Magistrate Judge Wilkinson and Currault dismissing the Writ application with prejudice. A timely Appeal was filed in which the Court denied issuance of a COA and the Clerk of the U.S. Fifth Circuit for failure to pay the filing fees and Proof of Payment of Sanction imposed IN Re: Lav + TANNER, 569 F.[ ]pp'x. motion To VACAte And set all Judgments being erroneous under Federal and state law which District Court Judge Sarah Vance denied prompting A "Request For writ of Habeas Corpus" and [ ] a COA. COA denied on January 2, 2025 in which I seek A Rehearing And Suggest A Rehearing En Banc from the

8.

denial of A COA to review the "erroneous Judgments denying the "Original Writ of Habeas Corpus, "2nd Amended Writ of Habeas Corpus; and Leave To Amend Supplement writ of Habeas Corpus and the "motion To Vacate Judgments due to erroneous determination @ of Facts And law governing the Same.

The Magistrates Judges Reports and Recommendations for dismissal in light of the trial nor Appellate Counsel was ineffective is clearly Not based upon Controlling ruling by Louisiana Supreme Court And the United States Supreme Court for the following reasons:

(a). Under clearly established federal law as determined by the Supreme Court, all defendants have a right to an Advocate in mandatory appeals. See Douglas + California, 372 U.S. 353, 355-58, 9 L.Ed. 2d 811, 83 S.ct. 814 [1963]. Appellate Counsel has an ethical responsibility of Constitutional dimension to argue Zealously those issues that Counsel find Not wholly frivolous. See Anders + California, 386 U.S. 738, 744, 18 L.Ed 2d 493, 87 S.ct. 1396

9.

[1967]. When an attorney believes an appeal would violate his or her ethical duty to refrain from making frivolous arguments. Anders requires counsel to "advise the court and request permission to withdraw." id. A request to withdraw, "must, however, be accompanied by a brief referring to anything in the record that, might arguably support the appeal." id. The attorney must send the brief to the defendant and the defendant must be informed of his or her rights to file a supplemental brief. See id.

The reviewing court then must make a full examination of all of the proceeding to determine if the appeal is in fact wholly frivolous. See id. In addition, the containing" ready references to arguable issues assist the court in its vigorous review, rather than presenting the court with a cold record. See id.

These mandates were violated in this case. The appellate brief filed on Lay's behalf "failed to draw attention to anything in the record that might arguably support the appeal" the appeal" — a failure that left Lay constructively without

10.

Counsel on appeal. Penson +
Ohio, 488 U.S. 75, 81, 102 L.Ed. 2d
300, 109 S. ct. 346 [1988][ quoting
Anders, 386 U.S. at 744] See DAVIS
167 F.3d at 497-98 [ applying
AEDPA to an identical challenge
under Strickland and Anders
and determining that the Supreme
Court in Anders established that
appellate counsel must raise arguab-
le issues in an Anders brief]

Further, AEDPA does not "compell"
federal Courts to turn an amauro-
tic eye to State Court proceeding, not
to rubberstamp unexplained State
Court decisions without regards to
whether they are contrary to
clearly established Federal law as
determined by the Supreme Court.
Indeed, true cooperative federalism
demands a more nuanced approach.

On the Face, Lay's appellate Coun-
sel failed to satisfy Anders by
failing to identify and appellate
issues. Under Strickland, Lay did
not need to show prejudice because
the failure of his counsel to raise
arguable issues in the appellate
brief creates a presumption of
prejudice. See Penson, 488 U.S. at
86; DAVIS, 167 F.3d at 499. As the
Supreme Court explained in Penson

11.

When appellate counsel's only action is to file a motion to withdraw that raises no arguably appealable issues, a petitioner is completely without representation during the appellate court's actual decisionable process. 488 U.S. at 58. Merely filing a no-merit brief similarly leaves a petitioner without representation on appeal. Id. Thus, when counsel fails to raise any arguably issues in the appellate brief it is "inappropriate to apply" either the prejudice requirement of Strickland or the harmless error analysis of Chapman. Id. at 88-89; see also Lofton v. Whitley, 905 F.2d 885, 887-88 [5th Cir. 1990][ Presuming prejudice when counsel failed both to raise arguable issues in the appellate brief and ask to withdraw]. The wisdom of this rule is amply demostrated in this Clay's case. Throughout his journey in the criminal justice system, Lay had no assistance on Direct Appeal and Post-conviction raising ineffective counsel at trial and on Direct Appeal as of right

12.

Petitioner Lay Properly exhausted available to him, Ill in State Courts as required by 28 USCA § 2254(b)(1) by filing of Post-Conviction Relief, motion To Correct Illegal Sentence alleging ineffective trial and appellate Counsel under Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 [1985]. The Petitions filed in State Courts sufficient alert the State to both state and federal precedent governing his claims. See Duncan v Henry, 513 U.S. 364, 365-66, 130 L.Ed 865 [1995].

First Counsel's assistance is deficient if it fails "below an objective standard of reasonableness." Strickland v Washington, supra. The Fifth Circuit has described this standard as requiring that Counsel "research relevant facts and law or make an informed decision that certain avenues will not be fruitful." United States v Phillip, 210 F.3d 345, 348 [5th Cir. 2000] quoting United States v Williamson, 183 F.3d 458, 462-63 [5th Cir. 1999]. "solid, ~~~~~~ Meritorious argument based on directly controlling precedent should be discovered and sought to the Court's attention. Id. Petitioner ~~~~~~ Counsels failed to meet. ~~~~~~ that by Not

13.

Appellate Counsel was ineffect
ive by not filing a merit
brief raising these claims:

1. The State of Louisiana violated
my Due Process rights by enhan-
cing my sentence under LSA-R.S.
14:34.5.B(2), and LSA-R.S. 15:529.1
by using State v Jay No. 383-
759-F.

In State v Baker, 970 So. 2d 948
[La. 2008] held: "A sentence im-
posed under La. R.S. 14:95.1 may be
enhance under the habitual offender
Law, as long as the prior felony
conviction used as an element in
the fire arms conviction is not
also used as a prior felony con-
viction in the habitual offender Bill
of Information. See also State
v Ruiz, 955 So. 2d 81, 89 [La. 2007]
USCA Amend. 8, 14.

I was in the Jurisdiction for
LSA-R.S. 14:27 /40: 967/40:979 for
20-years imposed by the Court
in No. 383759-F when the battery
was allegely committed, for sent-
ence enhancement under LSA-R.S. 14:
34.5.B(2) thus prohibits from furt-
her enhancement under LSA-R.S.
15:529.1.

14.

2. The ▓▓▓▓ State failed to name the conviction I was under when the battery was committed in the Bill of Information orally amended on May 24, 2011 and to introduce State & Lay No. 383759-F to the Jury to determine my guilt and punishment, under Apprendix & New Jersey, 530 U.S. 466; State & Skipper, 906 So. 2d 339 [La. 2005] adopting the rationale of Spencer & Texas, 385 U.S. 554, 87 S. Ct. 648, 17 L. Ed. 2d 606 [1967] and State & Prieur, 277 So. 2d 126 [La. 1973] since no curative Jury instruction was given concerning the State's use of State & Lay No. 383759-F. See also Jackson & Virginia, 443 U.S. 307; State & Mussal, 523 So. 2d 1305 [1998]

3. The use a 10-2 Jury verdict for impeachment at trial and sentencing is unconstitutional under the "Equal Protection Clause" insofar as adopted the non-unanimous Jury verdict system in 1889 and 1973 Constitutional Convention to establish white supremacy and to deliberately and systematically exclude otherwise African American as jurors to make it easier to convict and incarcerate African American clearly establish prohib- it by the United States Supreme

15.

Court on the date of CON=
viction in No. 215530-C and
in No. 383759-F. And No. 11-CRS-112-
033 was used for impeachment
and Sentencing under LSA-R.S.
15:529.1. See Bee Nel ＊ Blackburn,
410 So.2d 1015 [La.1982], State
＊ Shelton, 621 So.2d 769 [La.1993]
[Cases Cited]. and LSA-R.S. 15:
529.1.O(1)(a)(b). See Also State v
Nelson, 379 So.2d 1072 [1980]. See
Also Glover ＊ U.S., 531 U.S. 198, 203 [2001]
... It must become the heritage
of our Nation to rise above
racial classifications that are so
inconsistent with our
Commitment to the equal
dignity of all Persons. This
imperative to purge racial prej-
udice from the administration of
Justice was given new force and
ratification of the Civil War Am-
endments. The Central purpose
of the Fourteenth Amendment
was to eliminate racial discrim-
ination emanating from official
Sources in the States. McLaughlin v
Florida, 379 U.S. 184, 192, 85 S.Ct 283,
13 L.Ed. 222 [1964]. In the years
before And after ratification of
the Fourteenth Amendment, it be-
came Clear that racial discriminat-
ion in the Jury System posed
a particular threat both to the

16.

Promise of the Amendment
and the integrity of the jury
trial... Time and again, the United
States Supreme Court has been
called upon to enforce the constitut-
ion guarantee against State-spon
sored racial discrimination in the
Jury system. Beginning in 1880,
the Court interpreted the Fourteenth
Amendment to prohibit the exclus-
ion of jurors on the basis of
race. Strauder + West, 100 U.S. 303,
305-309, 25 L. Ed 664 [1880]. The Court
has repeatedly struck down laws and
practices that systematically ex-
clude racial minorities from juries
See, e.g., Neal + Delaware, 103 U.S.
370, 26 L.Ed. 567 [1881]; Hollins +
Oklahoma, 295 U.S. 399, 55 S.Ct. 891
97 S.Ct. 1270 [1935] [per curiam];
Avery + Georgia, 345 U.S. 559, 73 S.
Ct. 896 [1954]; Castaneda + Partida,
430 U.S. 482, 97 S.Ct. 1270 [1977].
Hernandez + Texas,
347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866
[1954]; To guard against discrim-
ination in jury selective, the Court
has ruled that in jury selective,
the Court has ruled that no litig-
ant may exclude a prospective
juror on the basis of race. Batson
+ Kentucky, 476 U.S. 79, 106 S.Ct. 1712,
90 L.Ed. 2d 69 [1986]; Edmonson +
Leesville Concrete Co., 500 U.S. 42,

17.



112 S. Ct. 2348, 120 L. Ed 2d 660
[1991]; Georgia ≠ Mc Collum, 505
U. S. 42, 112 S. Ct. 2348, 120 L. Ed
2d 33 [1992].

The louisiana Non- unanimous Jury
verdict System adopted in 1898
and 1973 Constitutional Conventions
is relevant to the determination
of whether African Americans
as petitioner was were Subjected
to a fundamental fair Due Proces
Jury Trial deliberately and system
atically denying African Americans
to Participate as Jurors in any
meaniful Way violating the "Equal
Protection" and "Due Process Clauses"
of both the United States; And
the State of louisiana Constitution
Article 1, Section 23.] [3]

louisiana legislature has great
latitude in making laws and in
Creating Classifications under
the laws, so long as those Classif-
ications can without Constitut-
ional muster. Burmaster ≠ Gravity
Drainage Dist. No. 2 of Parish

Footnote(s)
3. See Sibley ≠ Board of Supervisor
of La. Univ. and Agric. And mechan-
ical College, 477 So. 2d 1094 [ Art. 1 Sect
ion 3 of La. Const 1974]; State ≠

18.

of St. Charles, 366 So. 2d 1381,
1388 [La. 1978.] [La. Const. art. 1,
§ 3].

Petitioner Lay was deprive
of a hearing challenging the
Non-Unanimous Jury Verdict System
in Violation of "Due Process/Equal
Protection" of the United States
and State of louisiana Constitut-
ion of 1974 by repeated denials
by Judge Ad Hoc Jerome Winsb-
erg in State + Lay No.215530-C [10-
2 Verdict]. State + Lay # 383759-F§
and No. 11-CRS-112033-22nd JDC.
Where State + Lay No. 215530 c was
used for impeachment at trial
and Sentencing enhancement under
LSA-R.S. 15:529.1 and by both
Appellate Court without any Written
reasons given. [4] See Petition filed
in response "Stay order" in 22nd JDC,
LA. App. 1Cir. And La. Supreme Courts den-
Bertrand, 6 So.3d 738 [La. 3/17/09],
State + Gipson, 290 So.3d 1051 [La.
2020] [ Opinion of Johnson, C.J.]
... Under the first level of Scrunity
enumerated in Sibley, the law Creating
the Classification Completely fails. See
moora + RLCC Technologies, INC.,
668 So. 2d at 1140.

4. See Magistrate Judge Currault
R+R dated 2/10/2022 and filed
2/11/22 at ▮ Footnotes 21 And 22

19.

ials without written reasons.[5] See
Exhibits In Support To Amend
Request For A Writ of habeas
Corpus And A COA In the inter-
est of Justice... Exhibit 9,
pages 49-54. The Court's decision
is not based upon a independent
review of the entire State records
and laws and applicable federal
law when the State has not art
iculation its reasoning is not the
equivalent of Applying a De Novo
Standard of review to the State
Courts' decisions, rather it provides
the method for ascertaining whether
the State Courts resolution of the
case, rather, involved on unreason-
able application of Clearly establish-
ed Federal Law. under 28 USCA §
2254(d)(1). See Jones + Wood,
114 F.3d 1002, 1013 [9th Cir. 1997].
Cardell + Greene, 152 F.3d 331, 339 [4th
Cir.], Cert. denied, 142 L.Ed.2d 491,
119 S.Ct. 587 [1998].

4. Petitioner Lay's Claims in this
proceeding [Federal] has been exh-
austed and simply mirrors the
Original claims prior to the "Stay
order" dated July 27, 2000 under
Strickland; Cronic; Anders, Glover
+ United States, 531 U.S. 198, 203
[2000]; Duncan + Henry, 513 U.S.364-66.

5. The State of Louisiana regulates
Claims Not preserve under Article
20.

94/⁶ And LSA=R. S. 15:529.1, 2.(1) (a)
(b)⁷ be regulated to post-conviction
where an evidentiary hearing can
be ~~held~~... for procedural default
of appellate review on Direct App-
eal and trial Counsel under Strick-
land; Penson; Cronic; JACKSON
+ Virginia; Glover + United States
531 U.S. 198, 203 [2000].

The failure of all State Courts to
appoint counsel and hold an
evidentiary hearing to determ-
ine the merits of my claims
raised under State ~~~~
laws... Clearly established, United
States Supreme Court's decision
excuses petitioner lay's procedural
claims under MARTINEZ + RYAN,
566 U.S. 1; Trevino + Thaler, ___ U.S.
___, 113 S. Ct. 1911 [2013]. See foot-

Footnote(s)
5. See, e.g., ECF No. 44-3, at 69. See
Also, State + Lay, No. 2021-KW-1994
2022 WL 224326 at *1 [La. 1/26/22]
[denying writ application asserting
RAMOS and the "Equal Protection
Claim"; State + Lay, No. 2121-KH /256
2022 WL 224326, at *1 [La. 1/26/22]
[Same]; State + Lay, No. 2021-KH-1954
224846, at *1 [la. 1/26/22] [Same];
State + Lay, 317 So. 3d 326 [la. 6/08/
21] [Same]; State + Lay, 279 So. 3d
21

6 AND 7. See Also Joseph +
CAIN, U.S. District Court, Lexis 60923-
Section "A" [E.D. La. 5/21/2011]

6. Petitioner Loy's attacks to
his Sentence under No. 215530-c
a 10-2 verdict; AND State +
BAKER, 970 So. 2d 948 [La. 2008];
and State + Ruiz, 955 So. 2d 81,
89 [La. 2001] CAN be raised at
any time And Not subjected to
any procedural bars; See Stepter
+ Whitley, 661 So. 2d 480 [La. Co Cr.
P. 881.5 / 882]; Becnel + BLACKBURN;
State + Nelson; Glover + United
States;. See Also Cook, 821 F. 2d 1072

Footnote(s) Continued
925 [La. 8/21/19] [Citing Loy + State,
181 So. 3d 693 [La. 11/16/15].

6. See State + Clark, 107 So. 3d 646 [La.
App. 2 Cir. 2012] [Cases cited]; State
+ Prudholm, 446 So. 2d 729, 737 [La.
1981]; State + Albert, 697 So. 2d 1355,
1363 - 64 [La. App. 1 Cir. 1997].

7. See State ex rel Becnel + Blackburn,
410 So. 2d 1015 [La. 1982]; and State
+ Nelson, 379 So. 2d 1072 [1980] And
Glover + United States, 531 U.S. 198,
203 [2000] [Citing Strickland. as
Cause for procedural default aff-
ecting Sentencing]. See Also Cook
+ Lynaugh, 821 F. 2d 1072 [5th
Cir. 1987].

[5th Cir. 1987] [quoting Strickland as Cause for default of a Sentencing error]

7. The State of louisiana has raised No objections to Leave To Amend/ Supplement Habeas Corpus Petition "remanded" to Magistrate Judge Currault for a Report And recommendation on January 22, 2022; and the Report issued on February, 11, 2022 as being delayed by Showing a "part-cularized Showing of ~~bias~~ pre-Judice." ~~State~~ Cook + Lynaugh, 821 F.2d 1072 [5th Cir. 1987] [citing Strahan + Blackburn, 750 F.2d 438, 441 [5th Cir.][emphasis omitted] [quoting McDonnell + ~~Collins~~ Estelle, 666 F.2d 246, 251 [5th Cir. 1982]; Cert. denied, 471 U.S. 1138, 105 S.Ct. 2683, 86 L.Ed.2d 700 [1985]. See Rideaux Whitley, 237 F.2d 472 [5 Cir]. Petitioner Lay is Actually inno-cent of Violating Lsa-R.S. 14:34. 5.B(a) based upon a unlawful Oral Amendment[8] of the written and filed Bill of Information which Charges a misdemeanor objected to after swearing of the Jury which mandates A mistrial under Art. 487, of La. C. Cr. P.; and

Footnote(s)

8. See State + Breaux, 504 So.2d 1011

23.

Use of State + law #383759-E
22Nd JDC - St Tammany for CON-
viction And Sentencing Under
LSA-R.S. 14:34.5 B(2) ANd LSA-R.S.
15:529.1, See State + Baxer; And
Glover + United States, Supra [cit-
ing ineffective COUNSeL under
~~Strickland~~ Strickland as CAUSE for
Procedural default]

There has been No determinat-
ion of my conviction due to
insufficient evidence; and senten-
ce as being in violation of
Due Process under Strickland;
Anders; And Glover + United
States Whereas I have served
over 21-years on the 22 year
sentence with 390 days of good-
time VIA for completing several
education Clases. EHCC has me

[La. App. 1 cir. 1981] And State +
Cook, 372 So. 2d 1302 [La. 1979] held
Trial Court had no jurisdiction
to accept defendant's plea to
Simple burglary of inhabited
dwelling, in light of fact that such
offense was not a lesser includ-
ed offense of the crime of
Simple Burglary and that district
attorney Neither amended the
information nor filed a New
information — LSA-C.Cr.P. arts.

24.

doing a 28-year Sentence rather
than the 22-years imposed in No.
11-CRS-112033- 22nd JDC -Washington
to run concurrent with State of
Lay No. 393759-F= 22nd JDC- St.
Tammany from date of incarce-
ation [4/16/04] with credits.
See Exhibit 3 page 35 line 3 to
page 37 line 28 [Transcript of
Resentence In # 11-CRS-112033 on
X    May 13, 2009] 9

8. The State of louisitna appointed
defendant Lay as counsel of
records and John linder as
X    Standby in response to various
motions to Appoint Conflict-Free

487 558 and 558]. In petitioner
Lay's case the ORAL Amendment
to Charge LSA=R.S. 14:34.5.B(2)
is not a lesser Charge of 14:34.
5. A. Nor was a written Amend-
ment filed and signed by the
District Attorney which defen
dant and counsel "motion to
Quash" the "ORAL Amendments,"
arraignment thereunder on
May 24, 2011 after swearing of
the Jury on November 24, 2011. See
LSA-C. Cr. P. Art. 487.

9. See Exhibits 1,2,3,4 in support
of Rehearing in waiting to
be copied, Sawyer + Whitley, 112 S.Ct
2514 [1992].

25.

COUNSEL over my objections
without a Farretta Hearing[10]. and
Linder became stand-by Counsel who
CONSTANTLY interrupted my presentat-
ions to the trial Court and Jury
in violation of Mc Kaskle +
Wiggins, 465 U.S. 168[1984]. After
Conviction And during post-trial/
Sentencing Counsel Linder who
was picked by Director John Sim-
mons personally without Notice
to defendant Lay along with a
hearing before the Court moved
to withdraw based upon taking the
Job As Director of The Public
Defender's Office. A job he was
being interviewed for during my
trial without Notice to the Court

Footnote(s)

10. See Farretta + California, 422 U.S.
168 [1984]

11. Cuyler + Sullivan, 446 U.S. 335 [1980]
And Holloway + Arkansas, 435 U.S.
475, 484 - 85 [1978] . . . . . and
Mc Kaskle + Wiggins, 465 U.S. 1681
[1984]

12 See Exhibit 5 filed in Support
of Rehearing. And footnote 11.

26.

or Lay 12 during trial. 12

Based on the foregoing the denial of the Motion To Vacate the erroneous Reports And Recommendation results in a miscarriage of Justice, see Sawyer + Whitley, supra; Schlup + Delo, 513 U.S. 298, 327, 130 L.Ed 2d 808, 115 S.Ct. 821 [1995]; Murray + Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2649 [1996] as urged to the District Court in his Motion To Vacate Judgment.

Appoint Counsel for Rehearing ~~and Suggestion for Rehearing En Banc~~

Respectfully Submitted this 30th day of January 2025 under the penalty of perjury and good faith

Richard B Lay 110315
EHCC - Fox 2B
P.o. Box 174
St. Gabriel, LA 70776

CC

1. Matthew Caplan - Asst. DA
2. Luiz Murrill - La. Attorney General

file

27.

Richard B. Lay
DG# 110318
EHCC— #10 2B
P.O. Box 174
No. Gabriel, LA
70776

Clerk of Court
USDC—ED.—LA
500 Poydras St. Rm C-151
New Orleans, LA 70130

US POSTAGE — PITNEY BOWES

ZIP 70776
02 4W
0000387923 FEB 03 2025
$006.10°

PRISON MAIL
NOT CENSORED, NOT RESPONSIBLE
FOR CONTENTS.
ELAYN HUNT CORRECTIONAL CENTER