UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD LAY | CIVIL ACTION |
| VERSUS | NO. 19-9803 |
| S.W. MCCAIN, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is *pro se* petitioner Richard Lay's motion to vacate the court's order denying his petition for habeas corpus.[1] For the following reasons, the Court dismisses the motion.

### I.     BACKGROUND

On April 19, 2019, petitioner Richard Lay filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2011 conviction by unanimous jury verdict for battery on a correctional facility employee and his related multiple offender adjudication.[2] The case was initially referred to

---

[1] Lay styles his filing on February 6, 2025, as a "motion to vacate erroneous and arbitrary denial of a writ of habeas corpus." R. Doc. 83 at 1. The Court construes Lay's filing on February 6, 2025, as a Rule 60(b) motion for relief from a judgment, *see Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F. 3d 36, 371 n. 10 (5th Cir. 1998) ("[S]uch motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment.").

[2] R. Doc. 1.

Magistrate Judge Joseph C. Wilkinson, Jr., who issued a Report and Recommendation ("R&R") on February 28, 2020, recommending dismissal of the petition as procedurally barred and otherwise meritless.[3] Lay filed numerous objections to Judge Wilkinson's R&R.[4] Subsequently, the Court referred the matter to Magistrate Judge Donna Phillips Currault for a supplemental R&R addressing Lay's claim under *Ramos v. Louisiana*, 590 U.S. 83 (2020). Magistrate Judge Currault recommended dismissal of Lay's *Ramos* claim in the supplemental R&R.[5] Lay filed multiple objections to the supplemental R&R.[6]

This Court considered the petition, the record, the applicable law, the Magistrate Judges' R&Rs, and Lay's objections and ultimately adopted the Magistrate Judges' R&Rs as its opinion and dismissed Lay's petition with prejudice.[7] In the Order and Reasons dated June 13, 2023, the Court affirmed the Magistrate Judges' determinations that Lay's claims are meritless, and further determined that his numerous objections all either: (1) mirror the underlying claims in the petition, (2) rehash arguments made before the Magistrate Judges, (3) improperly raise new issues not presented

---

[3]     R. Doc. 33.
[4]     R. Docs. 36, 37 & 42.
[5]     R. Doc. 50.
[6]     R. Docs. 51 & 54.
[7]     R. Doc. 57.

to the Magistrate Judges, or (4) otherwise lack merit due to their conclusory nature, failure to address the Magistrate Judges' relevant recommendations, or misstatement of the applicable law.

In July 2023, Lay filed motions to alter or amend judgments and to vacate judgment.[8] The Court denied the motions and declined to issue a Certificate of Appealability ("COA") as to Lay's motions.[9] Lay appealed the Court's Order and Reasons, and on January 10, 2024, the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution.[10] Between February 20, 2024 and April 24, 2024, Lay filed four motions seeking various relief from the Court,[11] all of which the Court denied in an order on May 21, 2024.[12] On July 17, 2024, Lay again filed a petition for a writ of habeas corpus and certificate of appealability,[13] which the Court dismissed for lack of jurisdiction as a second or successive habeas application under 28 U.S.C. § 2244(3)(A).[14]

---

[8]   R. Docs. 64 & 65.
[9]   R. Doc. 67.
[10]  R. Doc. 69.
[11]  R. Docs. 70, 71, 73 & 74.
[12]  R. Doc. 75.
[13]  R. Doc. 78.
[14]  R. Doc. 79.

Lay now moves to vacate the Court's orders denying habeas corpus relief.[15] Lay's motion reasserts his claim under *Ramos* and his contention that the magistrate judge and trial judge applied the wrong Louisiana laws and asserts that he was provided ineffective assistance of counsel. Lay asks the Court to vacate his sentence and appoint counsel for rehearing. The Court considers Lay's motion below.

## II.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 60(b) provides a limited means for a party to seek relief from a final judgment in a habeas proceeding. A district court has broad discretion to grant or deny a motion under Rule 60(b). *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017). Rule 60(b) permits a court to grant relief from a final judgment or order only upon a showing of one of the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[15]   R. Doc. 83.

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, but courts may construe the Rule in order to do substantial justice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). Courts must balance "the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (quotation marks omitted).

In the habeas context, a district court presented with a Rule 60(b) motion must first determine whether it is a motion properly brought under the Federal Rules of Civil Procedure, or a successive habeas petition, which the court lacks jurisdiction to consider under 28 U.S.C. § 2244. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). In *Gonzalez*, the Supreme Court held that the difference lies in the relief that the petitioner seeks. *See id.* A petitioner submits a motion under Rule 60(b) when the motion challenges

5

"some defect in the integrity of the federal habeas proceedings." *Gonzalez,* 545 U.S. at 532; *see also Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) ("A Rule 60(b) directed to a procedural default, is not considered a 'successive' petition and is properly brought as a Rule 60(b) motion.'" (citing *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012))). By contrast, courts consider a motion to be a successive habeas petition when the motion is substantive, seeks "to add a new ground for relief," or attacks "the federal court's previous resolution of claim on the merits." *Id.* at 532; *see also Tamayo*, 740 F.3d at 990 (motion is considered "successive" if it "raises a new claim or attacks the merits of the district court's disposition of the case" (citing *Adams*, 679 F.3d at 319).

The Court finds petitioner's motion to be a successive habeas petition. *Gonzalez,* 545 U.S. at 529-30. In his motion, Lay reasserts previous claims and attacks the Court's denial of his petition for a writ of habeas corpus on the merits.[16] Lay does not challenge this Court's recent holding that his petition was second or successive, nor the proceedings resulting in the Court's denial of his habeas petition.[17] Lay's petition is garbled and unclear, but almost exclusively discusses alleged constitutional failures that occurred

---

[16]   *See* R. Docs. 78 & 83.
[17]   *See* R. Doc. 79.

in his initial criminal trial.[18] Lay does not specifically invoke any of the first five enumerated grounds for relief under Rule 60(b). He does not allege mistake, inadvertence, surprise, or excusable neglect, *see* Fed. R. Civ. P. 60(b)(1), newly discovered evidence, *see id.* 60(b)(2), fraud, misrepresentation, or misconduct, *see id.* 60(b)(3), a void judgment, *see id.* 60(b)(4), or a reversed or vacated judgment, *see id.* 60(b)(5). Lay therefore does not allege "some defect in the integrity of the federal habeas proceedings," *Gonzalez,* 545 U.S at 532, but instead attempts to revisit the constitutionality of his conviction and sentence on new grounds. Because Lay attacks the merits of his sentence and conviction, his submissions would require the Court to consider a second habeas petition after dismissing the first. His motion is successive. *See Gonzalez,* 545 U.S. at 532.

Petitioner is required under 28 U.S.C. § 2244 to "move in the appropriate court of appeals for an order authorizing the district court to consider a successive habeas application" before filing. Absent permission of the Fifth Circuit, the Court lacks jurisdiction to entertain petitioner's successive habeas claim. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

---

18   *Id.*

7

## III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES petitioner's motion for lack of jurisdiction.

New Orleans, Louisiana, this __7th__ day of March, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE