U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    Apr 18 2025

CAROL L. MICHEL
CLERK

cf                    Mail

United State District Court
Eastern District of Louisiana

Richard B. Lay-Pro se        Civil Action
versus
Tim Hooper-Warden        19-9803-R2
and State of Louisiana


Date filed:

                    Deputy Clerk


Motion To Vacate and Set Aside
All Judgments relying of the
Magristrate ~~~~~ Wilkinson, And
Currault Reports And Recommendat
ions which fraudulent Misrepresented
Petitioner Lays Claims And the
applicable law governing review. The
State of louisiana thru the Office
Of District Attorney [ J. Collins Sims ]
has Stayed Silent for over 16-year
allow-ing Judge Ad Hoc Jerome
Winsberg denied My Constitutional
Challenges to my Convictions And
Sentences Since December 9, 2009
Without written reasons or serv-
ice of the petitions upon the
District Attorney to Comply with
LSA-C.Cr.P. art. 930.4 And 927 allow-
ing my Continuance Confinement with-
out due process and a Conflict
Counsel being requested For
every Phase of my Criminal
Convictions in 383759-F ; 2/5530-c

1.(a)

St. Tammany; And 11-CRS-112033-B
Washington when they had a duty
to speak even if what they (District
Attorneys) say results in my
freedom. No DeNovo review of my
Claims, Applicable law despite filing
Numerous objections to the Reports
and Recommendations.

Additionally Magistrate Currault
And Wilkson denied relief of
Claims filed under ineffective trial
and Appellate Attorney for Cause and
Prejudice purposes by telling Petit-
ioner Lay to reassert the claims
without using appellate and or trial
Counsels as Cause-and-Procedural
Knowing that I Cannot Show
Cause And Prejudice which both
federal And State Courts require
for all Claims procedurally defaulted.

Magistrate's Currault And Wilk in-
son deliberately And intentionally
filed fraudulent misrepresentation
of material facts And applicable
federal law that's clearly established
by the United States Supreme Courts.

1. Frivolous;
2. Failure to State Claims that would
   entitle petitioner Lay to relief;
3. Procedural defaulted Claims;
4. Failure to exhaust because...

1.(b)

iNeffective trial And Appellate Counsel and Not independently.

2. Successive= Equal Protection Challenges to adoption of La. Jury verdict System BAsed upon (a). to MAiNtAiN white Supremacy; and (b). to deprive African American citizen to [Equal Protection Clauses of State And federal law].

3. Failure to determine applicability of Cause And prejudice to petit-ioNer as to the following Claims:

1. The State of louisiana Committed a Skipper[1]; And a Breaux[2] Violat-ion.

ON march 24, 2011 former Assb. District Attorney OcAlly move to Amend the Bill of Information to:

(A). Corrected spelling of Rayburn Corr-ectioNal CeNter And added the following wording:

(B). While the offender is uNder the Juris diction And Custody of the Department of Public SAfety And

Footnote(s)

1. State v. Skipper, 996 So.2d 390 [La. 6/29/05]

2. State v. Breaux, 504 So.2d 111 [La. 1st Cir. 1987]; See Also State



Corrections, or being detained in
any jail; prison, Correctional facil-
ity, Juvenile institution". Then I
WAS "arraigned under LSA-14:34.5.B(2)
by "Oral Amendments" that increase
the Written Bill of Information
from being a misdemeanor to a
felony. State + Bultner, 411 So. 2d 35[La. 1985]

2.)  On 2.) November 30, 2011 Both def-
ense Counsel And defendant lay[3]
moved to QUASH the "Orally Ame-
nments" to which I WAS arraign-
ed under, after Swearing of the
Jury which WAS denied based
Upon former Asst. District Attor-
ney Leigh Ann Walls false Statem-
ents that Sometime after my Arr-
aingnments she filed a Written
Amendment to Which I WAS
Not arraigned on March 24, 2011.
The Trial Court agreed that the
records shows that I WAS arraig-

3.) + Cook, 572 So. 2d 1203 [La. 1979].
Filed Numerous "Motion To QUASH"
based Upon Skipper; BAKER; Ruiz; and
Green which WAS denied Without
any hearing or written reasons.
Additionally the District Attorney
WASNt served Nor did he filed
any oppositions.

§ 3.

ed on a felony battery on a Correctional officer. This does not refute the defense "motion To Quash" based upon the fact that the Oral Amendments to the written Bill of Information and reading this information to the Jury violated State + Breaux, 504 So. 2d 11 [La. App. 1 Cir. 1987][La. C. Cr. P. art. 487]; And State + Cook, 372 So. 2d 1203 [La. 1979]; since the Amendments was not a lesser included Offense of simple battery but a greater offense which must be made in writing thus the Jury verdict must be reduced to a violation of LSA-R.S. 14:345 A(1) which imposes a fine Not more than five hundred dollars and imprisoned Not less than fifteen days Nor more than six months without the of suspension of Sentence.

2. Even though the written Nor the Orally Amended version does not state the exact Conviction that I was Serving when the battery was Committed ~~~~~~ on 12/30/10 but implies that I was incarcerated at Rayburn Correctional Center known by the

4.

Jurors to be a Prison for con-
victed felons to which State v.
Skipper, supra Prohibits the read-
ing of information involving a
Prior Conviction(s)... Since LSA-RS
34.5 (B)(2) is a enhancement pro-
vision to be implemented after a
Conviction by the trial Court [Judge
Ad Hoc Jerome Winsberg.]

(a). State v. Baker, 970 So. 2d 81 [La.
2007]; And State v. Ruiz, 955 So. 2d
81 [La. 2007] Prohibits use of
the same Conviction for sent-
encing enhancement under LSA-
R.S. 14:34.5.B(2) And LSA-R.S. 15:
529.1. It should be Noted that
State v. Lay #388759-F-22 Nd JDC
St. Tammany was the Conviction
that I was in Custody of the
La. Dept. of Corrections on Dec.
30, 2010 Used for enhancement
Under LSA-R.S. 15:529.1 And again
in the "multiple Bill of Inform-
ation" ■ for Sentencing Purpose

(b) The Defense Counsel [Linder]
And defendant Lay Pro-se moved
to Quash the "Oral Amendments" of
the "Original Bill of Informat-
ion" March 24, 2011 And the read-

**5.**

of the Oral Amendments to
the Jury which was denied on
Nov. 30, 2011. Clearly introducing
other Crime evidence to which No
Curative Jury instructions was
given violating my right to a
fundamentally Due Process trial
under State v Green, 493 So. 2d
588 [La 1986]; State v Womack-
Grey, 2000-1507, p. [La. 2001], 805
So. 2d 116, Citing old Chief v
United States, 519 U.S. 172, 180,
117 S. Ct. 644, 650, 136 L. Ed. 2d
574 [1997]. State v Vidrine, 476 So. 2d
587 [La. App. [cir. 1985]

ineffective

3. The Appellate Counsel was ▓▓▓
▓▓▓ by Not filing these error
under ineffective trial Counsel
rather than filing the "Anders
Brief" without raising any Claim
with arguable errors that I gave
him to file:

     Strickland v Washington, 466
U.S. 668, 688 [1984] held: First,
Counsel's assistance is deficient
of it falls below an objective
Standard of reasonableness. The
Fifth Circuit has described this
Standard as requiring that Counsel
▓▓▓ "research" relevant facts and
law, or make an informed decis-
ion that Certain avenues will
Not be fruitful. United States v

6.

Phillip, 210 F. 3d 345, 348 [5th
Cir. 2000] [ quoting United States
v. Williamson, 183 F. 3d 458, 462-
63 [5th Cir. 1999]. Solidy, meritor=
ous arguments based on direct=
ly, controlling precedent should be
discovered and ███████ brought to
the court's attention." Id.

Defendant Lav's counsel failed
to meet this standard in that
he failed to argue:
(a). my sentence could not be
enhanced twice by usuage of
#383759-F under LSA-R.S. 15:529.1
And LSA-███████ 14:34.5B(2).
(b). request curative jury instru=
ction on the purpose of use
of other crimes evidence.
(c). That LSA-Const. Article 1,
Section 17 of La. Const. 1974; And
LSA-R. Cr. P. act 782.A. adopted in
1898 And 1973 Louisiana Conv=
entions was designed to deprive
African of the equal rights afford
ed White Citizens and to estab-
lish White Supremacy was un=
constitutional when adopted in
direct violation of both the

███████
foot note(s).
4. Strauder v West 100 U.S. 303, 305-309
25 L.Ed. 664 [1880]; And Neal v

7.

USCA - Amend. 14 [ Equal Protect-
ion Clause ]; And Article I, sect-
ion 3 of the Louisiana Const-
itution 1974].

The 10-2 jury verdict in State
* law is UNConstitution under
both the United States of
America And the State of Louis-
iana Constitution and Laws; and
its use for impeach-ment;
Sentencing under LSA-R.S. 15:529.1
in State * law #383759-F, and 11-CRS-
112033 - 22nd JDC - Washington viol-
ates my Due Process / Equal Prot-
ection Clauses.

Petitioner Lay has Challenge the
10-2 jury Verdict as UNCONStit-
utional under the "Equall Protect-
-ion Clauses" of both the United
States And the State of Louisiana
Was Clearly establish on the dates

Delaware, 103 U.S. 370, 26 L.Ed 567
[1881];
5.  Hollins * Oklahoma, 295 U.S. 394,
55 S.Ct. 891, 97 S.Ct. 1270 [1935]; Avery
* Georgia, 345 U.S.
[1954]; Hernandez * Texas, 347
U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866
[1954]; And Batson * Kentucky, 476
U.S. 79, 106 S.Ct. 1712, 90 L.Ed 2d 69.

8.

all my Convictions and sentences
Cited in the multiple Bill of
Information(s) in Case No. 383759-F
St Tammany; and 11-CRS-112033 =
Washington.

Petitioner Lay's claims are not
Subjected Procedural default
or to exhaust independently of
being filed under the Assignm=
ent of ineffective trial And
Appellate Counsel:

(a) The federal Has Corpus statute and
decades of federal Jurisprudence
required Lay to exhaust all avail=
able State Court remedies prior to
his or her Habeas Petitioner
28 U.S.C. § 2254(b)(1)(A). Rose v
Lundy, 455 U.S. 509, 102 S. Ct
1198, 71 L.Ed. 2d 379 [1982],
mercandel v Cain, 179 F.3d 271, 275
[5th Cir. 1999]; Fisher v Texas
769 F.3d 295, 302 [5th Cir. 1999].

[1986]; Sibley v Board of Super-
visor of La. Univ And Agric.
and mechanical College, 477 So. 2d 1094
[La. 1979] [ Equal Protection]
6. State v Lay #215530-c -22nd JDC/
St. Tammany
7a State v Lay #383759-c 22nd JDC/St.
Tammany; and 22nd
8. JDC/Washington
11-CRS-112033

-9.

In order to satisfy the exhaustion requirement, Lay must fairly present the substance of his federal constitutional claims to the state courts in a procedural proper manner. Wilder v. Corkrell, 274 F.3d 253, 259 [5th Cir. 2001]; O'Sullivan v. Boerkel, 565 U.S. 838, 119 S.Ct. 1729, 144 L.Ed [1999]; Maguire v. Phillips, 144 F.3d 348, 360 [5th Cir. 1985]. Moreover, each claim must be presented to the state's highest court even when review by that Court's review is discretionary. O'Sullivan 565 U.S. 838, 119 S.Ct. 1728, 144 L.Ed 2d 1 [1999]; Magourik, 144 F.3d at 360, citing Richard. In Louisiana, the highest Court is Louisiana Supreme Court. See LA. Const. Art. 5, § 5(a) ["The Louisiana Supreme Court has general supervisory Jurisdiction over all Courts"] Thus, in order for Lay to have exhausted state Court remedies, he must fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. Nobles v Johnson 127 F.3d 409, 420 [5th Cir. 1987], Cert. denied 523 U.S. 1139, 118 S.Ct 1845, 140 L.Ed. 2d 1094 [1998]. Exhaustion is requires that any

10.

federal Constitutional claims
presented to State Courts be
support be supported by the
same factual allegations, And leg-
al theories which his federal
claims are based. Picard & Conner,
404 U.S. 270, 276, 92 S. Ct. 509
512 30 L. Ed. 2d 438 [1971]. See
Graham & Johnson, 786 F.2d 1347,
1320 [5th Cir.] holding that the
policies underlying the exhaust-
ion doctrine that "New Factual
allegations in support of his
previously asserted legal theories
be ███████ be first ████████
presented to the State Court], cert
denied, 479 U.S. 1010, 107 S. Ct. 653
93b L. Ed. 2d 1010 ████████
███████████████ [1986].

Cause And Prejudice
(a). under Clearly established
federal law as determine by
the Supreme Court, all defendants
have a right to An Advocate
in Mandatory appeals. See Doug-
las & California, 372 U.S. 811, 83 S. Ct.
814 [1963]. Appellate Counsel
Prentiss white has An ethical re-
sponsibility of Constitutional
dimension to argue zealously
those issues that he find Not
wholly frivolous. See Anders &
California, 386 U.S. 738, 744, 18 L. Ed

11.

493, 87 S.Ct. 1396 [1967]. When
an attorney believes an appeal
would violate his or her ethical
duty to refrain from making
frivolous argument. Anders, req-
uires counsel to withdraw. id. A
request to withdraw "most' however,
be accompanied by a brief refer-
ring to anything in the records
that might arguably support the
appeal." id. The attorney must
send the brief to the defendant
and the defendant most be in-
formed of his rights to file a
supplemental brief. see id.

The reviewing court must make
a full "examination of proceed-
ings to determine if the appeal
is in fact wholly frivolous. see id.
   In addition, contain "ready re-
ference to arguable issues assist-
ing the court in its vigorous
review, rather than presenting the
court with a cold record. see id.
These mandates were violated in
Lay's case. The appellate brief
filed on Lay's behalf failed
draw attention to anything in
the records that might the appeal
... a failure that left Lay const-
ructively without counsel on
appeal. Penson + Ohio, 488 U.S.
75, 81, 102 L. Ed 2d 300, 109 S.Ct

12.

346 [1988] [ quoting Anders,
386 U.S. at 774. See Davis, 167
F.3d at 497-98 [ Applying AEDPA
to an "identical challenge under
Strickland and Anders and det-
ermining that the Supreme Court
in Anders established that
Appellate Counsel Prentiss White
must raise arguable issues in
his Anders brief].

Furthermore, the AEDPA does
Compell "federal courts to turn
an amaurotic eye to State Courts
proceeding, Nor rubber stamp, un-
explained State Court's decisions
without determining whether
they are contrary to clearly es-
tablished federal law as determ-
ined by the Supreme Court. Indeed,
true cooperative federalism dem-
ands a more nuance approach.

On the face of the Anders
brief alleges he reviewed the Court
records and there was no appeal-
able issues, yet fails to argue
the above claims which const-
itute reversal of my convict-
ions and Sentences in #11-CRS-
112033-B-Washington, #383759-F
and #215530-C-St. Tammany
Preserve for Appellate Review under
920 of the Code Criminal Proc

P. 13.

Under Strickland, Lay did Not
Need to show prejudice because
the failure of Appellate Counsel
Prentiss White to raise arguable
issues in his Anders brief
Creates a Presumption of pre-
judice. See Penson, 488 U.S. at
86; Davis, 167 F.3d at 499. As
the Supreme Court in Penson, when
appellate Counsel [white] only
action is to file a motion
to withdraw that raises No
Arguable appellable issues a
Petitioner [Lay] is Completely
Without representation during
the appellate Court's actual
decisionable process, 488 U.S.
at 58. Merely filing a No-merit
brief similarly leave a petit-
ioner [Lay] without represent-
ation on Appeal. Id. Thus, when
Counsel [white] fails to raise
Any Arguable issues in the
Anders brief it is "inAppropriate
to apply either the Prejudice req-
uirement of Strickland or the
harmless error analysis of Chap-
man. Id at 88-89; See Also
Lofton v Whitley, 905 F.2d 885
887-88[ 5th Cir. 1990][ presum-
ing when Counsel failed both
to raise arguable issues in the
Appellate Brief and ask to with-
draw]. The wisdom of this rule

14.

is Amply demostrated in Lay's case through out the criminal Justice of the United states and the state of louisiana systems

(b). under clearly establish federal as determine by supreme Court all has a right to and advocate in mandatory appeals and every stage of the criminal proceeding. See Douglas + California, 372 U.S. 811, 83 S.ct. 8141 [1963], Yarborough + Gentry, 540 U.S. 1, [2003], Citing Wiggins + Smith, 539. U.S. 510, 521, 123 S.ct. 2527, 156 L.Ed. 2d 471 [2003]; Ander + California, supra; and Penson + Ohio, supra; and Cronic + united States, 462 U.S. 668 [1984]; and Strickland + Washington, 466 U.S. 668 [1984].

The Sixth Amendment guarantees the right to effective assistance at every stage of the proceeding aghinst them. Burdine + Johnson, 262 F.3d 336, 344 [5th Cir. 2001]. See Yarborough + Gentry, 540 U.S. 1, S. 124 S. ct. 1, 157 L'ed. 2d 1 [2003], this right is when defense attorney's performance fall below an objective standard of reasonable, and there by prejudice the defense.

**15.**

arborough, 540 U.S. at 5, 124 S. Ct. 1, citing Wiggins v. Smith, 539 U.S. 510, 521 [2013]. This Court review claims of ineffective counsel under the two-pronged test of Strickland; U.S. v Cronic; and Florida v Nixon; 543 U.S. 175, 187, 125 S. Ct. 551, 160 L.Ed. 2d 565 [2004]

First Counsel's assistance is deficient if falls below an objective standard of reasonableness. Strickland, 466 at 688. This standard requires that counsel(s) research relevant facts/errors or make an informed decision that certain avenues will not be fruitful. United States v Williamson, 183 F.3d 458 462-68 [5th Cir. '99]. Solid merit -or lous based on direct appeal based on direct controlling precedents

Footnote(s)

9. In Florida v Nixon, the Supreme Court ██████████ held: There are at lease three types of decisions acting could result in constitutionally ineffective assistance: (1). Fundamental decision requiring informed consent from the client. (2) important decisions requiring consultation with the client; and (3) decision where a client has expressly instructed counsel on a part-

16.

Should be discovered to the Court's attention. Id

To demostrate Prejudice, Petition Lay must only Show that there is a reasonable probability that but for counsels' unprofessional errors, the result of the procedure would have been difference is a probability sufficient to undermine confidence. 466 U.S. at 694, 104 S. Ct. 2082.

1. Failure to file arguable appellate errors is presume to be prejudice under Anders; ██████ Cronic; and Penson.

2. Failure to ████ the Skipper; Breaux; Filed

icular, 160 L. Ed. 2d 565 [2004]; Additionally the Supreme Court expressly recog nized counsel's duty to consult with the client and obtain his con- sent on fundamental decisions. 543 U.S. at 187.

10. State * Skipper, 996 So. 2d 390 [La. 6/29/03].

11. State * Breaux, 504 So. 2d 1111

12. State * Cook, 572 So. 2d 1203 [ La. 1979]

13. State * Baker, 970 So. 2d 81 [La. 2007]

14. State * Ruiz, 955 So. 2d 81 [La. 2007]

15. State * Green, 493 So. 2d 588 [La. 1986]; State * Womack-Grey, 805 So. 2d

17.



Cook,[12] Baker,[13] Ruiz,[14] ▮▮▮▮
Green[15], ▮▮▮▮
requires vacation of the Multi-
ple Bill Adjudication and sent-
ence; enter a Jury verdict to the
Original Bill of Information [ misde-
emeanor; and ▮▮▮▮ order my im-
mediate release since LSA-R.S.
14:34.5.B(1) requires a Sentence
of No more than six months. I
have been incarcerated since April
6, 2004 - No. 383759-E St. Tammany. See
Resentence May 13, 2019 in State
+ Lay, #11-CR5-112033-B-Washington [
Transcript and Action ▮▮ Hunts
employee my release from Prison
on 12/19/32 Contrary under ▮▮▮▮
▮▮▮▮ State ex rel ▮▮▮▮ Pierce V
Maggio, 445 So. 2d 425, 426 [La. 19-
84]; and Jack L. Blair Doc 304124
# Richard ▮▮▮▮ L. Stalder, Secret-
ary Department of Correction and
Public Safety, 798 So. 2d 132 [ La.
App. 1/31/2001] ordering the secr-
etary to comply with the sentenc-
ing Court Ordered to be done,
Citing again State ex rel Pierce
V Maggio, Supra.

3. Failure to filed the written
objections made in written
motions and orally to the Multiple
▮▮▮▮ which State r Cotton, 45 So. 3d
1030 [ La. 2010] denies Collateral
review without Court-appointed coun-

18..

Sel contrary to Martinez + Ryan, 566 U.S. [132 S.ct. 1309, 182 L.Ed 2d 272 [3/20/12] in light of Trevino + Thaler, 11-00189 [U.S. 2013], 5/69 U.S. 413, 133 S.ct. 1916/85 L.Ed.2d 1044 [2013] Since the State of Louisiana in State + Deloch-Jr., 140 So.3d 1167, 2014 La. Lexis 1197 No. 2013-KP-1975 [La. 5/16/14] held no right to an evidentiary hearing with an attorney despite raising substantial ineffective, Appellate and Post-Conviction Counsel's depriving petitioner Lay of the right to develop his substantial assistance of Counsel in #215530-C; #383759-F St. Tammany; and # 11-CRS-112633-B Washington raising the use of the 10-2 verdict in #215530-C; and for impeachment and sentencing purposes under Ramos[6th Amendment]; and "Equal Protection Clause" in dicta which was more substantial then the Sixth Amendment since the procedures were adopted to deprive African American rights to serve on Juries in order to increase conviction[s] and to establish white supremacy under clearly established federal laws by the U.S. Supreme Court. See also LSA-C.Cr.P. Art. 930.8 (A)(1) And (2)

3. my equal protection clause claims has

19.



established VIA Post-Conviction per LSA-C. Cr. P. art. 930.8.A(1)(2)(3) in # 215530-C; # ███ # 383759-F; And # 11-CRS-112033-B for impeachment and Sentencing per LSA-R.S. 15:529.1 Which Clearly entitled to new trials without use of # 215530-C entitling Petitioner Lay since he has serve the maximum ████ penalities and are the imposed sentencing in full in # 215530-C [40:967(C) [16]; # 383-759-F [14:27/40:967-C] [17] and # 11-CRS-112033-B [14:34.5.B(2)] [18] Petitioner Lay has exhausted Louisiana NON-UNAMIOUS Jury System under the "Equal Protection Clauses" in all three Criminal Case without Juridiction under the 6th And 14th prior to the signing the Judgment on June 13, 2023 And or Shortly there-after.

4. This Court ███ ███ the State of Louis-in a ████ thru its Attorney General and District Attorney over St. Tam-many Parish/Washington Parish which Judge Ad Hoc Jerome Winsberg Cont-inue to deny my ████████████ Claims ████ that are Clearly establish by ████████ writing the word denied

Footnote(s)
16. 40:967-C - is 5-years.
17. 14:27/40:967-C 2½-years
18. 11-CRS-112033-B No more Than 6-months and a $500. dollar-fine    21

on all petitions Attacking my Convict-
ions And or Sentence... despite
the facts And State And Federal
Jurisprudence entitles petitioner Lee
to relief Even moreso After filing
a Judicial Complaint in which the
Judiciary Committee to ██ unknown
action alleging I cant be told
under Louisiana laws. I attack
the use of the 10-2 verdict, in
██ #215530-C; #383759-F; And #11-CRS-
112033 in accordance with the
Louisiana Supreme Court's ruling in
State of Bernel + Blackburn ██
                    410 So. 2d 1015
[ La. 1982][ Cases cited] allows a
Sentence to be Collaterally attack
that was used to enhance a sent-
ence in the forum of Convict-
ion or in the Case where the
Conviction was used for enhance-
-ement ██ under LSA-R.S. 15:529.1
LSA-R.S. 15:529.1 D (1)(b) mandates
all attacks on the ██ multiple Bill
██           in oral And or written
objections or be waived on Direct
Appeal see also ██ State + Cotton,
45 So. 3d 1030[ La. 2010] contrary
to Anders; Martinez; ██ Trevino;
Cronic; Penson; And missouri +
Frye 566 U.S.      132 S. Ct. 1399, 182
L. Ed 2d 379[ 2012]; And Lafluer + Cooper
566 U.S.      132 S. Ct. 1399, ██
[ 2012].

21.

ON July 27, 2020 <u>Sarah S. Vance</u> United States District Court Construed my Petition For Remand To State Courts to Challenge my ▄▄▄ Conviction And Sentence Based upon the 10-2 Conviction of <u>State v. Lay # 215530-c</u> 22nd Judicial District Court Parish of St. Tammany as Leave To Amend my Petition And to Stay the Case Under [19] <u>Rhines v. Weber, 544 U.S. 269 [2005]</u>.

Petitioner <u>Lay</u>, raised Challenges to Louisiana Non-Unanimous Jury Verdict System Under **Ramos** and was adopted for racially discriminate against African American which I Am to establish White Supremacy and to deliberate And systematically deprive ▄▄▄ them rights to Serve on Jury Venires in order to control the outcome---Making ▄▄▄ Convictions easier on African Americans and to make African-American Jury votes at trial meaning less. [21]

Footnote(S)

19. ▄ The Petition For Remand had a 6th and 14th Amend. Equal Protection Challenge to exhaust.

20. ▄ USCA—6th Amend.--thru USCA 14th Amend.

21. ▄. USCA—14th Amend.-- Equal Protection

▄▄. 22.

ON June 28, 2021, Petitioner Lay filed a Request For leave To Amend/Supplement Habeas Corpus Petition rAising the two cLAims out of RAmos, Supra And SeverAl other CLAims exhAusted which the StAte of louisiANA Never filed An Objections to any CLAims rAised on remAnd per Rhines + weber, Supra.[22]

ON JANUARY 20, 2022 Construed LAy's request as a MOTION (1) to lift the ████ StAy, and (2) For leave to file an Amended hAbeAs PetitiON. Because Lay submitts evidence thAt he exhAusted his RAmos CLAim in StAte Court, as directed by the Court's July 27, 2020 order, the Court grAnts the motion insofar as it seeks to lift the StAy. The Court hereby lifts the StAy And Reopens this CASE.[23]

Footnote(s)

22. R. DOC. 44

23. R. DOC. 44-3 at 36 [ louisiAna 22nd Judicial District Court deniAl of motion To Reconsider sentence, becAuse 'RAmos does not apply ][ Oct. 14, 2020]; id at 52 [ louisiAna 22nd Judicial District Court deniAl of motion ][ Nov. 9, 2020]



.23.

Magistrate Judge DONNA Phillip
Currault issued a Report And Re-
Commendation As to all Claims exhaus-
ted pursuant to the Rhines Stay
Order; United States ≠ Elam, 930 F.3d
406, 409 [ 5th Cir. 2019 ] And Hernan-
dez * Thaler, 630 F.3d 420, 427[ 5th
Cir 2011 ] to dismiss my Ramos rel-
ated Claims without merit And
my "Equal Protection Clause" Challenge
to the Non-Unanimous Jury verdict
System is Not exhausted And it
Constitutes a Successive writ Needing
permission to file in the District
Court from the United States
~~                                  ~~ Court Of Appeal
For The Fifth Circuit. Timely object-
ions was filed And repeatedly de-
Nied by Sarah S. Vance — United
States District Court Judge...
Affirming the magistrates Reports And
Recommendation including but Not

id at 54 [ louisiana First Circuit
Court of Appeal denial of Writ ][ Dec.
30, 2020 ]; id. at 10 [ Louisiana First
Circuit Court Of Appeal denial of
writ ][ mar. 2, 2021 ]; id. at 69[ louis-
iana Supreme Court denial of writ App-
lication ][ June 8, 2021 ] R. Doc. 43 at 7-8

24.

limited to the granting of leave to Amend Petition for Habeas Corpus by Construing my Petition for Remand to State Court's under Rhines & Weber, 544 U.S. 269 [2005]; And United States + Riascos, 76 F.3d 93, 94 [5th Cir 1996] ["The district Court may Construe an issue raised for the first time in an objection to Amend the Complaint"]; Hines + Ontiveros, No. CV 07-255-PHX-JAT, 2008 WL 2555940l, at *2 [D. Ariz. June 23, 2008] ["Although Petitioner does Not Specifically state in his objections that he is attempting to amend his Petition to add New grounds for relief."].

Courts "Should freely give leave [to amend] when Justice requires." Fed. R. Civ. P. 15(a)(2); see Also Dussouy + Gulf Coast Inv. Corp, 660 F.2d 594, 597-98 [5th Cir 1981] ["The policy of the federal rules is to permit liberal amendment."]. The Court having found that Justice requires leave to Amend in this matter, because the U.S. Supreme Court's Ramos decision is material to Day's sentence.

A district Court should stay, rather than dismiss a mixed petition, if it finds that (1). the Petitioner had good cause for his

**25.**

failure to exhaust; (2) the unexhausted claims are potentially meritorious" and (3) there "is no indication that the Petitioner engaged in intentionally dilatory litigation tactics." Id.

The Court finds that Lay satisfies the Rhines factors, warranting the stay-and-abeyance procedure. Both the basis for stay-abeyance was to allow to exhaust challenges to Louisiana Non-unanimous Jury Verdict System under the: (a) 6th Amendment [Ramos] and (b) the Equal Protection Clause [14th Amendment].

To hold Petitioner Lay's "Equal Protection Clause" challenges to the Louisiana's Non-unanimous Jury verdict System which was adopted at the 1898 and 1973 Louisiana Constitutional Convention to establish white supremacy and to deliberately and systematically exclude otherwise African Americans as jurors to make it easier for the State of Louisiana to convict African Americans their one or two votes on a Jury trial would be meaningless. Alexander + Louisiana, 405 U.S. 625, 628-69, 92 S.Ct. 1221 [1972]; Hill + Texas, 316 U.S. 400, 406, 62 S.Ct. 1159, 86 L.Ed. 1559 [1942]; and Rideau + Whitley, 237 F.3d 472, 482.

26.



In Becnel + Blackburn, 410 So.2d 1015 [La. 1982] allows a Sentence to be Collaterally attack That was used to enhance a Sentence under LSA-R.S. 15:529.1 or attack the expired Sentence in the ▮▮▮ forum of Conviction. See Also Fiswick + United States, 329 U.S. 211, 67 S.ct. 224, 91 L.Ed 196 [1946]. Sin Clair + Blackburn, 599 F.2d 673 [5th Cir. 1979], Certo denied, 444 U.S. 1023, 100 S.ct. 684; Scott + District Attorney of Jefferson Parish, 309 F. Supp. 833 [E.D. La. 1970.], Affd, 437 F.2d 500 [5th Cir. 1971]. See Also State + Nelson 379 So.2d 1072 [1980]

..... LSA-R.S. 15:529.1 D(1)(b) mandates all attacks on the multiple sentence be raised in opposition To The Multiple Bill of Information or be waived on Direct Appeal. If the Court analogizes Petitioner's Lay position to the Procedural default on Direct Appeal, good "Cause" exist when a Petitioner's failure to raise a Claim in State Court is attributable to "Some

Footnotes

24. Would defeat the Purposes the Rhines Stay = Abeyance until exhaustion thru the Louisiana Judicial Court System Since both Petitioner Lays 6th Amendment and 14th Amendment [Equal Protection Clause] derives from the Rhines Court and exhausted in State Court's

27.

objective factor external to the def-
ense." See Neville + Dretke, 423
F. 3d 475, 480 [5th Cir. 2005]; and
Murray + Carrier, 477 U.S. 478, at
488 [1986].

Petitioner last convictions and
Sentences under LSA-R.S. 15:529.1 in
which the 10-2 Jury verdict of
State + Lay # 215530-C-22nd Judicial
District Court was used for impeach-
ment purposes at trial and senten-
cing under LSA-R.S. 15:529.1 clearly
violates the Equal Protection Clause
of the United States Amendment
14th Since the non-unanimous Jury
verdict system was adopted for
racially discrimination against African
American to establish White Supremacy
and to deliberate and systematically
deprive them of their Constitutional
rights to serve on Jury Venire in
order to control the outcome of
every criminal trial involving African
Americans. But for this discriminat-
ory practice per State law No reason-
able Juror would have found Petitioner
guilty and imposing a 20-years sent-
ence and a 22-year Sentence under
LSA-R.S. 15:529.1. Sawyer + Whitley,
112 S. Ct. 2514 [1992]; and Murray +
Carrier, 477 U.S. 478, at 488 [1986]. See
Briseno + Cockrell, 274 F. 3d 209,

28.

207 [ 5th Cir. 2001 ], Glover + United States, 531 U.S. 198, 203, 148 L.Ed.2d 604, 121 S.ct. 696 [ 2001 ]. See United States + Franks, 230 F.3d 811, 815 [ 5th Cir. 2000 ] [ three extra months equal prejudice ].

... It must become the hertiage of our Nation to rise above racial classifications that are so inconsistent with our commitment to the equal dignity of all persons. This imperative to purge racial prejudice from the administrative of Justice was given ████ New force and the ratification of the Civil War Amendments.

   "The Central Purpose of the Fourteenth Amendment was to eliminate racial discrimination emanating from official Sources in the States. Mc laughlin + Florida, 379 U.S. 184, 192, 85 S.ct. 283, 13 L.Ed. 222 [ 1964 ]. In the years before and after the ratification of the Fourteenth Amendment, it became clear that racial discrimination in the Jury System posed a particular threat both to the promise of the Amendment and to the integrity of the jury trial. Almost immediately after the Civil War, the South began a Practice that would continue for many decades : All-White Juries Punished ████

**29.**

black defendants particularly harashly,
while simultaneously refusing to punish
violence by whites including Ku Klux
Klan members against blacks And
Republicans". Forman, Juries and Race in
the Nineteeth Century, 113 Yale L.J. 895,
909-910 [2004]. To take one example,
just in the years 1865-1866, all-white
juries in Texas decided a total of
500 prosecution of white defendants
charged with killing African-Americans,
All 500 were acquitted. Id., at 916. The
stark and unapologetic nature of race-
motivated outcomes challenged the Amer-
icans belief that "the jury was a bul-
wark of liberty," ~~~~~~~ id., at 909,
and prompted Congress to pass legislat-
ion to integrate the jury system and to
bar persons from eligibility for jury
service if they had conspired to deny
the "civil rights of Africans, id., at 920-
930. Members of Congress stressed
that the legislature was necessary to
preserve the right to a fair trial and
to guarantee the equal preserve the right
to a fair trial and to guarantee the
equal protection of the laws. Ibid.

... Time and again, the United States
Supreme Court has been called upon to
enforce the Constitution's guarantee
against state-sponsored racial discrim-
ation in the jury system. Beginning in

30.

in 1880, the Court interpreted the Fourteenth Amendment to prohibit the exclusion of jurors on the basis of race. Strauder v West, 100 U.S. 303, 305-309, 25 L.Ed 664 [1880]. The Court has repeatedly struck down laws and practices that systematically exclude racial minorities from juries. See, e.g., Neal v Delaware, 103 U.S. 370, 26 L.Ed. 567 [1881]; Hollins v Oklahoma, 295 U.S. 394, 55 S.Ct. 784, 79 L.Ed. 1500 [1935] [per curiam]; Avery v Georgia, 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed 1244 [1953]; Hernandez v Texas, 347 U.S. 475, 74 S.Ct 667, 98 L.Ed. 866 [1954]; Castaneda v Partida, 430 U.S. 482, 97 S.Ct. 1270 [1977]. To guard against discrimination in jury selective, the Court has ruled that no litigant may exclude a prospective juror on the basis of race. Batson v Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 [1986]; Edmonson v Leesville Concrete Co., 500 U.S. 42, 112 S.Ct. 2348, 120 L.Ed. 2d 660 [1991]; Georgia v McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed 2d 33 [1992].

The Louisiana Non-unanimous jury verdict system adopted in 1898 and 1973 Constitutional Conventions is relevant to the determination of whether African-Americans were subjected to a fundamental fair Due Process Jury Trial deliberately and systematically denying African

**.31.**

Americans to Participate as Jurors in any meaniful way violating the "Equal Protection and Due Process Clauses of both the United States And the State of Louisiana Constitutions [ Art. 1, Section 2, 3 ].

In a Concurring decision in Espinoza, et al + Montana Department of Revenue, 591 U.S. 464, 140 S. Ct. 2246, 207 L. Ed 2d 679, 140 S. Ct. 2246 [ 6/30/20 ] stating:

...... Regardless of the motivation for this Provision or its predecessor, its application here violates the Free Exercise Clause... Nevertheless, the Provision's origin is relevant under the decision we issued earlier this Term in Ramos + Louisiana, 590 U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 [ 2020] The question in Ramos was whether louisiana and Oregon laws allowing Non-unanimous Jury verdicts in Criminal trials violated the Sixth Amendment. The Court held that they did, emphasizing that the States" originally adopted those laws for racially discrimatory reasons. id., at ___, ___, 140 S. Ct., at 1391-1395. The role of the Ku Klux Klan was highlighted. See ibid; see also. id., at ___, 140 S. Ct., at 1410 [ Sotomayor, J., Concurring in Part.]

P. 32.

At the 1898 Louisiana Constitutional Convention Non-Unanimous Jury verdicts were Adopted for the sole purpose to establish White Supremacy insofar to deprive African Americans and other minorities [Non-Anglo] of their rights to vote and sit on juries for fear that their presence on juries would prevent African-Americans convictions and result in hijacking sentencing outcome.

Petitioner Lay is Actual Innocence of LSA-R.S. 14:34.5.B(2) and the 22-year Concurrent Sentence with State + Lay 383759-F — 22nd Judicial District Court under LSA-R.S. 15:529.1 but for the use of the 10-2 Jury verdict for impeachment at trial And Sentences.

At the 1973 Constitutional Convention, Article I, Section 17 of the Louisiana Constitution 1974; and Article 782.A Of Louisiana Code of Criminal Procedure were reenacted despite Knowledge of its discriminatory pass depriving African Americans of the Equal Protection of rights to a fundamental Fair Jury trial . . . . .



**33.**

... despite recognition that the 1898 Non-UNANimous Jury Verdict System discrimated against African-Americans in a disproportionate MANNer ensuring that African American Juror Service Would be meaningless. Ramos, 140 S.ct. at 1417 [Kavanaugh, J., Concurring in Part].

The State of louisiana thru its NON-UNANimous Jury Verdict System adopted deliberately and systematically to deny members Of African-Americans the right to participate in the administration Of Justice, Alexander v louisiana, 405 U.S. 625, 628-29, 92 S.ct. 1221; Hill v Texas, 316 U.S. 400, 406, 62 S.ct. 1159, 86 L.Ed 1559 [1942].

The State of louisiana in 1898, the delegates averred their primary motiv-



34.

ation was judicial efficiency, with the second motivation being the disparte impact the law would have on African Americans. State v. Riddick, at 288. In 1973, Judicial efficiency was again advanced as a primary motivation despite the continued disparte impact on African Americans being a byproduct of the law. See Angela Allen-Bell, How The Narrative about Louisiana's Non-Unanimous Jury Became a Person of Interest In The Case Against Justice in the Deep South 67 Mercer L. Rev. 585, 605 [2016]. Further, in defending Non-Unanimous Juries on Judicial efficiency grounds, one delegate at the 1973 Constitutional Convention recognized that the system discriminated against African Americans and other minority groups he referenced 🔲 as being "Ugly, poor, and illiterate," but that juries don't convict nice looking, intelligent, well-meaning decent folks. Transcript 1973 Constitutional Convention V. VII at 1184. Not only is this language reminiscent of the 1898 Constitution, it also shows that the delegates at the 1973 Convention knew of the racial discrimination purposes behind the Non-Unanimous Jury Verdict System, knew that it would continue to have a disparte impact, and yet continued

35.

the System despite such Knowledge. State + Riddick, at 288. UNANimous Jury Verdicts are so fundamental to Due Process and fairness that the People of LOUISIANA amended their Declaration Of Rights ON November 6, 2018 Article I, Section 17 of Louisiana Constitution 1974 and Article 782A, of louisiane Code Criminal Procedure to be Amended to require UNANimous Jury Verdicts prospectively. It provided No relief to Offenders who sentence WAS final prior to April 20, 2020. Thereafter, legislative attempts to mAke UNANimous verdicts retroactive for Collateral review Cases hAve Similarly failed to PASS by the legislature. See 2022-LA. H.B. 271 [ N.S] [3/14/2022]. 2022 LA. H.B. 1077 [ N.S] [5/10/2022] [ The legislature being the representive body Of the People].

    Petitioner Lay Avers that No Prisoner(s) hAs Attacked the 10-2 Jury Verdict System under the UNited States And the State of louisiana Constitution "Equal Protection Clauses" raised in RAmos by the Justices Which will Reverse my Conviction(s) And Sentences. See Sibley + BoArd of Supervisors of La. UNiv. and Agric. and mechAnical College, 477 So. 2d 1094 [ Article I, Section 3 of La. Const 1974]

**36.**

5. Judge SARAH S. VANCE abused her authority by Accepting the Reports and Recommendations of magistrate Currault's to deny the "Request To Amend The Habeas Corpus to include exhausted claims per Rhines # Webber, 544 U.S. 269 [2003] after granting the Rhine Stay And Abeyance order on July 27, 2020; Hernandez # Thaler, 630 F.3d 420, 427 [5th Cir. 2011]

(a). Petitioner Lay gave written Notice to the Court And Ass't District Attorney Matthew Caplan of his intent to file a 6th And 14th Amendment [Equal Protection Clause] Challenge to use of the Non-unanimous Jury system without objections by the State of Louisiana. Petitioner Lay's 6th And 14th Amendment Violation both derives from Ramos which petitioner has exhausted in No: 215530-C; No: 383759-F - St. Tammany; And No: ▇▇▇▇ 11-CRS-112033-B. Use for impeachment And sentencing Purposes under LSA-R.S. 15:529.1 which a favorable decision will result in a New trial And or sentence for Prejudice Purposes under Anders; Penson; ▇▇▇ Cronic; And Strickland; Briseno # Cockrell, 274 F.3d 204, 207 [5th Cir. 2001] citing Glover # United States, 531 U.S. 198, 203,

148 L.Ed.2d 604, 121 S.ct. 696 [2001], and United State # Franks, 230 F.3d 811, 815 [5th Cir. 2000] three extra months equal prejudice].

A district Court should stay, rather than dismiss a mixed petition, if it finds that (1): the petitioner Lay had good Cause for his failure to exhaust, (2): the "unexhausted claims are potentially meritorious" and (3): "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," Id. The Court found that Lay satisfied the Rhines factors, warranting the "stay-and-abeyance" procedure on July 27, 2020.

Clearly established Federal Law by the United States Supreme Court in 1898 And 1973 [25] [26] Louisiana Constitutional Conventions ... insofar in 1898 Louisiana Adopted Non-unanimous Jury verdict system to establish white Supremacy And to deliberately And systematically exclude otherwise African Americans as jurors to make it easier for the State

Footnotes                                Pages
[25] Strauder # West, 100 U.S. 303, 305-309, 25 L.Ed. ████ 664 [1880]; and Neal # Delaware, 103 U.S. 370, 26 L.Ed. 567 [1881] ████

38.

of Louisiana to convict African Americans their one or two votes on a jury trial would be meaningless. Alexander + Louisiana, 405 U.S. 625, 628-69, 92 S.Ct. 1221 [1972]; Hill + Texas, 316 U.S. 400, 406, 62 S.Ct. 1159, 86 L.Ed. 1559 [1942]; And Rideau + Whitley, 237 F. 3d 472, 482 [Cases Cited]. At the 1973 Constitutional Convention the members where aware of the Racial discrimination against African-Americans in the adoption of the Non-Unanimous Jury Verdict System and Kept it in place rather than do the right thing by Changing the Verdict System to be Unanimous.[27]

S.Ct. 1221 [1972]; and Rideau + Whitley, 237 F.3d 472, 482 [5th Cir. 2000]
26. Avery + Georgia, 345 U.S. ___ [1935]; Hernandez + Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 [1954]; Batson + Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 [1986]; Alexander + Louisiana, 405 U.S. 625, 628-69, 92 S.Ct. 1221 [1972]; Rideau + Whitley, 237 F.3d 472, 482 [5th Cir. 2000]; Mc laughlin + Florida, 379 U.S. 184, 192, 85 S.Ct. 283, 13 L.Ed. 222 [1964]

39.

IN Becnel * Blackburn, 410 So.2d 1015 [La. 1982] allows a sentence to be Collaterally attack that WAS used to enhance a sentence under LSA-R.S. 15:529.1 or Attack the expired sentence in the forum of Conviction. See Also Fiswick * United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 [1946]; Sinclair * Blackburn, 599 F.2d 673 [5th Cir. 1979], Cert. denied, 444 U.S. 1023, 100 S.Ct. 684; Scott * District Attorney of Jefferson Parish, 309 F.Supp. 833 [E.D. La. 1970], Aff'd, 437 F.2d 500, [5th Cir. 1971]; See Also State * Nelson, 379 So.2d 1072 [1980]... LSA-R.S. 15:529.1 29(1)(b) mandates all Attacks on the multiple sentence be rAised in" opposition To The Multiple Bill of Information or

27. one delegates of the 1973 Convent-ion recognized that the system dis-Criminated against minority groups he reference as being "ugly, poor, [and] illiterate" but that juries don't Convict nice looking, intelligent, well-mean-ing decent peoples. Transcript of Lou-isiana Constitutional Convention of 1973. V. VII at 1184. See State * Hankston, 2012-0375 [La. App. 4 Cir. 2013], 122 So.3d.1028, 1036, writ denied, 2013-2109 [La. 2013], 134 So.3d 1193 [La. 2014]; State * Riddick, 351 So.3d 273, NS [Oct. 21, 2022]

be waived on Direct Appeal. If this Court analogizes Petitioner Lav's position to the procedural default on "Direct Appeal", "good cause" exist when a Petitioner's failure to raise a claim in State Court is attributable to "some object factor external to the defense. See Neville + Dretke, 423 F.3d 475, 480 [5th Cir. 2005]; "Murray + Carrier, 477 U.S. 478, at 488 [1986]; Glover + United States, 531 U.S. 198, 203, 148 L. Ed. 2d 604, 121 S. Ct. 696 [2001] cited in United States + Franks 230 F.3d 811, 815 [5th Cir. 2000]. See Also State + Cotton, 45 So.3d 1030 [La. 2010] denies Collateral review without appointed Counsel and a Evidentiary Contrary to Martinez + Ryan 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed.2d 272 [3/20/2012]. failure to raise claims falls on trial, Post-trial /sentencing And Appellate Counsels failure to raise without any consultation and consent Not to. See Also Murray + Carrier, supra; and Anders + California, 386 U.S. 738, 744, 18 L. Ed. 493, 87 S. Ct. 1396 [1987]; Penson + Ohio, 488 U.S. 75, 81, 102 L. Ed. 2d 300, 109 S. Ct. 346 [1988]; and Glover + United States, 531 U.S. 198, 203, 148 L. Ed. 2d 604, 121 S. Ct. 696 [2001].

41.

IN this matter petitioner Lay has fully exhausted the Sixth And ██████ 14th Amendment Challenges to Louisiane's Non-unanimous Jury verdicts in No: 215530-C [10-2 [20] verdicts], and its use in State + Lay [30] No: 383759-E; And 11-CRS-112033-B [31] for impeachment; And Sentence in Accordance to Louisiana Exhaustion, And Procedural rules. Per State ex rel Beenel + Blackburn, Supra.

██████ Judge Sarah S. Vance did Not prohibit petitioner Lay from Seeking relief on "Equal Protection" or the other State Law Claims already before the Court [32]

When a habeas petitioner alleges That his Counsel was ineffective for failing to raise an issue on Direct Appeal, we examine the merits of The omitted issue. United States +

28. Petitioner Lay has exhausted State + Lay-215530-C [ Collaterally attacked in forum of Convictions And No: 383-759-E And 11-CRS-112033-B.. in the forum That used No: 215530-C for impeachment and enhancement under LSA-R.S. 15:529.1.D.(1)(b) And Act 881.5 And 882, of La. C. Cr. P. █

42.

Cook, 45 F.3d 388, 1995 WL 24338, at 3-7 [10th Cir. 1995]; United States v. Dixon, 1 F.3d 1089, 1083 [10th Cir. 1993]. "Failure to raise an issue that is without merit" does not constitute constitutionally ineffective assistance of Counsel." Id. at 1083 N.5, because the Sixth Amendment does not require an attorney to raise every Non-Frivolous issue on appeals see Jones + BARNES, 463 U.S. 745, 751, 72 L.Ed. 2d 987, 103 S.Ct. 3308 [1983]. Thus, Counsel frequently "winnows out" weaker claims in order to focus effectively on those more likely to Prevail. Smith + murray, 477 U.S. 527, ▬▬ 536, 9[L. Ed 2d 434, 106 S.Ct. 2661 [1983]. See Tapia + Tansy, 926 F.2d 1554, 1564 [10th Cir], cert. denied, 502 U.S. 835, 116 L.Ed. 2d 847 [12 S.'Ct. 115 [1997]. However, "an Advocate Appellate Advocate may deliver deficient performance and Prejudice a defendant by omitting a dead-bang

footnotes                                              Pages
29. State + Lay #215530-C . . . . . . . . .
30. State + Lay # 383759-F . . . . . . . . .
31. ▬ State + Lay 11-CRS-112033 . . . . . . .
32. ▬ The use of No: 215530 thats Clearly is
▬▬▬▬▬▬▬▬▬▬ UNConstitutional as well
as the sentences in No: 383759-F
and 11-CRS-112033 using under LSA+

43.

winner, even through Counsel may
presented strong but unsuccess-
ful claims on Appeal. Cook, 45 F.
3d 388, 1995 WL 24338, at 6 [citing
Page + United States 884 F.2d 300,
302 [7th Cir. 1989].

A habeas petitioner may establish
Cause for his procedural default
by showing that he received ineff-
ective assistance of Counsel in
violation of the Sixth Amendment
Murray + Carrier, 477 U.S. 478, 488-
89, 91 L.Ed. 2d 397, 106 S. Ct. 2639
[1986]; Cook, 45 F.3d, 388, 1995 WL-
24338, at 3; see Hardiman + Rey-
nolds, 971 F.2d 500-505-06 [10th Cir.
1992]; Anders; Penson; Cronic;
Strickland; and Smith + Murray.

"A habeas petitioner who has def-
aulted his federal claims in state
Court's meets the technical requirement
for exhaustion. Coleman + Thompson, 501

R.S. 15:529.1 for enhancement of
the sentences imposed pursuant
to the Adjudication Number(s) under
LSA-R.S. 15:529.1-

44.

U.S. 722, 732, 115 L.Ed. 2d 640, 111 S.Ct. 2546 [1991].

Petitioner Loy's "Equal Protection Clauses" Challenges the Adoption And Operation of the Non-Un-Animous Jury verdict System to adopt to preserve White Supremacy and deprive African Americans and Other minorities of their rights to Vote And fear that their pre-Sence on Juries would prevent Convictions and result in hijacking Sentencing outcome. This Chall-enge is Not Successive insofar as it was included with Ramos [6th Amendment] And Not file after the Rhines Stay And Abey-ance was lifted. Additionally this Claim meets the Criteria of Rhines And Carry with it Retroact-ivity. See Jesus Garcia DelGado + Gail Lewis, 181 F.3d 1087 [9th Cir. 1998][Cases/Law Stated].

The legal assistance provided to Petitioner Loy did Not Comport with the representation of indig-ent defendants contemplated by the Supreme Court in Anders, Penson, Strickland, And Gideon + Wainwright 372 U.S. 335 9 L.Ed. 2d 799, 83 S.Ct. 792 [1963]. To hold "other=

45.

Wise Would, to Paraphrase Eliot render the clear Sound of Gideon's trumpet quiet and meaningless as wind in dry grass.

(b) The use of State v Lay 383759=E St. Tammany to take a misdemeanor [R.S. 14:34.5. B(1)] to a felony [R.S. 14:34.5. B(2)] for Sentencing purpose, then to use State v Lay #383759=E for further enhancement under LSA-R.S. ▮▮▮ 15:529.1 is prohibited by State v Skipper; State v Ruiz; State v Baker for prejudice purposes under Glover v United States, 531 U.S. 198, 203, 148 L. Ed. 2d 604, 121 S.Ct. 696 [2001]. See Also United States v Franks, 230 ▮▮▮ F.3d 811, 815 [ 5th Cir. 2000][ three extra months equal prejudice]

(c) The failure to file a Written Amendment to ▮▮▮ to take a otherwise misdemeanor [LSA-R.S. 14: 34.5. B(1) to a felony for Sentencing purposes [LSA-R.S. 14:34.5. B(2)] on March 24, 2011 render the oral Amendments void And only the origi- nal Bill of Information for LSA- R.S. 14:34.5. B (1) rightfully before the Court which Carries the maximum Sentence of ▮▮▮ Nor more than 6-months And a $500. dollar fine.

46.

Petitioner Lay is serving a 22-year sentence under LSA-R.S. 15:529.1.B.(2). See State v Breaux; State v Baker; State v Skipper; State v Bultner, 411 So.2d 35 [La. 1985]; State v Vidrine, 476 So.2d 589 [La. App. 1 Cir. 1985] for prejudice per Glover v United States, 531 U.S. 198, 203, 148 L.Ed.2d 604, 121 S.ct. 696 [2001] cited in United State v Franks, 230 F.3d 811, 815 [5th Cir. 2001] [three months equal prejudice].

(d) State v Lay # 215530-c [10-2 jury verdict] is void ████ clearly established federal and state law by the United states Supreme Court and Louisiana Supreme Court insofar as it was adopted to establish white Supremacy and to deliberate and systematically deprive Lay a African American of the rights to serve on Jury Venires in order to control the outcome — making convictions easier on African Americans and to make African Americans Jury votes at trial meaningless. Non-unanimous Jury verdict system was in effect at every convictions and sentences within the jurisdiction of 22 Nd Judicial District Court including but not limited to No: 383759-F and No: 11-CRS-112033 which will require vacation of conviction and

47.

Sentence in State + Lay—215530—C[33]
VACation of Sentence in No. 383—
759—F; And No. 11—CRS—112033. See
Glover + United States, Supra; and
United States + Franks, Supra.

(e). The Bill of INFoRmAtioN leading
to the Conviction for battery on
a Correctional facility employee failed
to identify the Conviction for which
I [Lay] was already in a Louisiana
Department of Corrections [DoC] facility
for at the time of the alleged battery.
See LSA—C.Cr.P. art. 487; State +
Wheeler, 665 So.2d 286 [12/14/95]; fiore
+ White, 531 U.S. 225, 228—29 [2001];
JackSon + Virginia, SuprA. State +
Bouzieard, 286 So.2d 633, 635 [La.
1973][LA.C.Cr.P. art. 483. ▓1(a)(6).[34]

(f). The State trial Court erred when
it failed to instruct the Jury Not
to Consider his DoC Custody Status
as proof of the battery Charge. See
Motion To QUASH after the swearine

33. FootNote(s)
  (a) As to 1889 Convention — Strauder +
  West, 100 ▓ U.S. 303, 305—309 [1880]
  Neal + DelawAre, 103 U.S. 370, 26 L.Ed.
  ▓ 567 [1881]. See footNote 25, 26, 27
  (b). As to 1974 ▓ ConveNtioN. See
  footNote 25, 26, 27
  ▓ ▓ Page 81 of PArt I — Documents IN
                              ▓▓. 48.

of the jury on 11-30-16 [35](crossed out)

(9) The former Non-Unanimous Jury Verdict provisions of La. C.Cr. P. art. 782(A) And Art. 1, Section 17 of the La. Const. 1974 is Voided for being Adopted to establish White Supremacy and African Americans to deliberate And symstematically to deprive Lay a African American of the rights to serve on Jury Venire--in order to Control the out come-- Making Convictions easier on African Americans and to make African Americans Jury Votes at trial meaningless thus Violating Clearly established federal law as determine by the United States Supreme Court [Equal Protection Clause.] [32]

Support To Vacate And Set Aside All Judgments.

34. See Part I - Documents In Support To Vacate And Set Aside All Judgments pages 6, 7, 8.; State + Skipper, 906 So. 2d 399 [La. 2005], and Mascarello + United States, 524 U.S. 125

35. See Part I- Documents In Support To Vacate And Set Aside All Judgments page 5-9

36. See motion To Vacate And Set Aside Judgments... footnotes 33. (a)(b)   28

49.

(b). Petitioner Lay has exhausted his equal Protection Clauses under the United States and the State of Louisiana in Accordance to State law and ██ Rhines Stay and abey ance order [July 27, 2020]. Thus the equal Protection Clause Violation is Not successive. See Wilbert Rideau + John P. Whitley, 237 F.3d 472 [5th Cir. 2013] held that: (1). delay in filing of petition did Not Warrant dismissal, and (2). prisoner establish- ed prima facie Case of equal prot- ection Violation resulting from racially discriminatory grand Jury Selection, and State failed to rebut that prima facie Case, The State Cannot make a particularized Showing of prej- udice to its ability to respond to the habeas Corpus. Walter + Scott 2/ F.3d 683, 688=87 [5th Cir. 1994]; Bedford + Attorney General of Alabama, 934 F.2d 295, 299-300 [11th Cir. 1991][State did Not Show Prejudice from [9-year delaying between finality of Conviction and comm- encement of Any Post-Conviction relief efforted, Strahan, 750 F.2d at 441. Lapses of time that aff- ect the State's Ability, but that do Not make it Virtually imposs- ible for the State to respond [do Not] require dismissal. 2 James S. Liebman and Randy Hertz,

50.

Federal, Habeas Corpus Practice
And Procedure § 24-3 at 928-29
[3d ed 1998] citing, inter alia
Baxter v Estelle 614 F. 2d 1030,
1035 [5th Cir 1980]; Strahan, 758
F. 2d at 443-44. Galtieri + Wainwright
582 F. 2d 348, 357 N. 20, 358 [5th
Cir. 1978] [en banc] [dicta]. Like
Rideau, petitioner Lay has a
prima facie showing that the
adoption of Louisiana Non-Unan-
imous Jury Verdict in 1898 was
to: establish white supremacy, and to
deliberately and systematically exclude
otherwise African Americans, as
Jurors to make it easier for the
state of louisiana to convict
African American since their
one or two votes on a Jury trial
would be meaningless.. and it was
continue without any changes being
made at the 1973 Constitutional Con-
vention despite knowledge of its
racist past of the 1898 Adoption

A criminal defendant "is entitled
to require that the State not deliber-
ately and systematically deny to mem-
bers of his race the right to part-
icipate as Jurors in the admin-
istration of Justice" Alexander, 405 U.S.
at 628-69, 92 S.Ct. 1221. Campbell v
Louisiana, 523 U.S. 392 397-401, 118 S.Ct.
1419, 140 L.Ed. 2d 551 [1998].

51.

52.

## Standard Of Review Of State law Claims: Anders/Penson/Cronic

"when there has been a violation of state law or procedure the proper inquiry on federal habeas review is to determine whether there has been a constitutional infraction of defendant's due process rights which render the trial as a whole fundamentally unfair" Campbell + Thaler, 2014 U.S. Dist. lexis 37544, 2014 WL 1116359, at 7. [quoting Nelson + Estelle, 642 F.2d 903, 906 [5th Cir. Unit A Apr. 1981] [ in turn citing Donnelly + De Christoforo, 416 U.S. 637, 645, 94 S.Ct 1868, 40 L.Ed. 2d 431 [1974] [ internal quotation marks omitted]. A Petitioner thus will not obtain relief unless he or she can show that the proceedings were fundamentally unfair. See id. This Petitioner, Every state violations Mandates Relief from Lay's Convictions And Sentences including but not limited to being arraigned on a Oral Amendment to the original Bill of Information by the District Attorney and filed in Court Records. Lay's is entitled to modification of conviction for LSA-R.S. 14:34.5.B(2) to 14:34.5.B(1). See State + Buttner, 411 So.2d 35 [LA. 1982] [No more than 6th months]

52.



... render the clear sound
of Gideon's trumpet ...

## Relief

1. Recuse SARAH S. VANCE for know-
ing depriving Petitioner Lay his
liberty without due process by
misstatement of Facts And Applica-
able.

2. TRANSFER to Another Section for
a different Judge And magristrate

3. Appoint Counsel as indigent

4. Issue the Writ of HAbeas Cor-
pus by ordering my release without
Bond in the Custody of MRS.
Ola mae miller [mother-] ███
6th St. - Slidell, La 70458 - ███
Telephone 985-718-7028

5. Recuse Judge Ad Hoc Jerome
Winsberg appointed by Lac Supreme
Court on 12/09/09 over all Civil
And Criminal within Jurisdiction
of 22nd Judicial District Court
in light of his refusal to apply
the Law to the facts of my Case
in No. 215590-C. And 383759-E- St. Tam
many And No. 11-CRS-112033 - WAshing-
ton without legal Justification Since
Dec. 9 2009

Respectfully Submitted this 14th
day of April, 2025 under the

46.55.53. ███.

penalty of perjury And good faith.

Richard B. Lay 110315
EHCC- Fox 2 B
P. O. Box 174
St. Gabriel, LA 70776

### Order

It's Ordered Respondent Tim Hooper- warden thru District Att- orney J. Collins Sims for St. Tammany And washington show Cause before this Court on the ___ day of _____ 2025 at _____ O'Clock ___ m Why Said relief Should Not issue.

Tim Hooper- warden is ordered to Cause the body of Richard B. Lay Doc# 110315 be brought before the United States District Court- Eastern District Court in Sect- ion ___.

Clerk to Serve all parties a copy of the motion To Vacate And Set Aside All Judgments

Said And done this ___ day of 2025.

_____
U.S.D.C. Judge

Please Serve

1. J. Collins Sims
District Attorney
701 N. Columbia St.
Covington, La. 70433

2. Luiz Murrill
La. Attorney General
1885 N. Third St.
Baton Rouge, LA.
70802

3. Tim Hooper — Warden
Elayn Hunts Correctional Center
Hwy
St. Gabriel, La 70776

4. Richard B. Loy
Doc 110315
EHCC — Fox 2B
P.O. Box 174
St. Gabriel, La. 70776

5. Office Of Federal Defender's
U.S. District Court -
Eastern District of La
500 Poydras St.
New Orleans, La.
70130

55.

Richard B Cox
Doc 110315
EHCC - Fox ZB
PO Box 174
St Gabriel LA
70776

1 of 2

Clerk of Court
USDC - Eastern District - LA
500 Poydras St, Rm C-151
New Orleans LA 70130





**RECEIVED**

APR 18 2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEPUTY CLERK

PRISON MAIL
NOT CENSORED. NOT RESPONSIBLE
FOR CONTENTS.
ELAYN HUNT CORRECTIONAL CENTER