United States District Court
Eastern District of louisiana

Richard B. Lay-Prose    Civil Action
versus
Tim Hooper=Warden;
State of louisiana, et al    19-9803-R(2)

Part I - Documents In Support
To Vacate and set Aside All
Judgments based upon fraudulent
misrepresentation of material facts
and clearly established federal laws
by the United States
Supreme Court, and louisiana Sup-
reme Courts! Under Anders; Penson;
Cronic; Florida + Nixon; Strickland;
Martinez; Rhines + Weber; Trevino;
Jackson + Virgina;    Glover +
United States; and United States +
Franks, 230 F.3d 811, 815 Citing
Glover And Strickland.

Exhibits                    Page(s)
1. Original Bill of Inform
ation for LSA-R.S. 14:34.5-B(1)....1
2. Continuance of Arraignment....2
3. Appointment of John Linder by
Conflict Counsel Which Judge Ad

1.

Hoc Jerome Winsberg granted Conflict Counsel John Simmon, Jr. Selection of ████████ Linder.3,4,5

4. Arraignment on "Orally Amended Original Bill of Information" that took the misdemeanor to a felony that carries up to five-years (LSA-14:34.5.B(2)) from no more than six-months and a $500. dollar fine (LSA-R.S. 14:34.5.B(1)) to which LSA-C.Cr. Proc. Art. 487 and 478 was not complied with.

5. Defendant thru Counsel John Linder and for-Prose moved to "QUASH" the ████████ "oral Amendments" made on March 24, 2011 per LSA-C.Cr. Proc. Art. 487 which was denied based upon former Asst. Leigh Ann Walls false statements that a written Bill of Information was filed, which the records of March 24, 2011 shows none to be tendered for filing to the clerk assigned to handle this matter everytime I appeared in Court and always have the Court records with

Footnotes

1. Judge Ad Hoc Jerome Winsberg was appointed by the Louisiana Supreme Court on Dec. 9, 2009 over all Civil and Criminal matters involving Lay including but not limited to this 530-C, #383759; and 11-CR5=112033.

2.

here. Additionally Counsel Linder moved the Court not to read the ~~██~~ "Orally Amendments" made on March 24, 2011 to the Jury which again was denied...5,6,7,8

6. Lay-Pro se moved for a mistrial per LSA-C.Cr.P. art. 487 and was denied. ...5,6,7

7. No objections was made to the jury instruction by Counsel Linder without Lay's consent since Lay never saw any jury instruction... 5,8,9

8. multiple Bill of Information listed # 383759-F. And # 215530-C... 10, 11

9. Motion To Quash the Multiple Offender Bill of Information as to use of all convictions named therein..................12-16

10. multiple Bill of Information with use of # 215530-C [10-2 jury verdict]... that enhanced my sentence twice in LSA-R.S. 40:981.3; and ██ (2) LSA-R.S. 15:529.1 violating the due process and double jeopardy clauses; in addition to the "Equal Protection Clauses" [10-2 Jury Verdict]. See State ex rel McLaughlin + Florida, 379 U.S. 184, 190, 85 S.Ct. 283, 13 L.Ed. 222 [1964];

Foot Notes

2. I was incarcerated for 20-years per # 383759-F which state law prohibits its use under LSA-R.S. 14:34.5 B(2) [felony]; and

**3.**

Alexander + Louisiana, 405. U.S. 625,
628-69, 92 S.Ct. 1221 [1972]; Castan-
eda + Partida, 430 U.S. 482, 97 S.Ct.
1270 [1972]; Neal + Delaware, 103 U.S.
370, 26 L.Ed 567 [1881]; Strauder +
West, 100 U.S. 303, 305-309, 25 L.Ed.
664 [1880].[3] Clearly establish federal
law at the time of convictions
in 215530-c, And its use for imp-
eachment, and sentencing enhance-
ment in # 383759, And 11-CRS-112.033
under LSA-R.S. 15:529.1. 17-24.

16. Motion For A Continuance in
light Of Counsel Barrow had
Not recieved the relevant Court
documents to prepare the Amend-
ed motion For New Trial By
placement of all separate motions
prepared pro se by Lay to be
placed in proper prospective As
Former Counsels John Linder,[4] And
Mark James appointed by the Court
for Post-trial And sentencing errors
Were removed.... 25, 26

LSA-R.S. 15:529.1.

3. In a Concurring decision in Espin-
oza, et al + montano Department of
Revenue, 591 U.S. 464, 140 S.Ct. 2246,
207 L.Ed. 2d 679, 140 S.Ct. 2246 [6/30/00]
Stating:
.... Regardless of the motivation
for this provision or its predec-

4.

12. State # Lay # 383759 ▮▮▮▮▮
Used # 215530-C for enhancement under 15:529.1 ... 27-30

13. Written request to Counsel Barrow to put all pleading in Prospective in one pleading As told to you in open Court ▮▮▮; Your Response; And my Bar Complaint # 2013-RR-0503 for failure to follow instructions as ordered by the Court And ony instructions. He told bar he was appointed Stand by Counsel And had no obligations to follow the Court or my instruction ... 31-33

14. Complaint filed against [Winsberg] which Some unknown directive was given to him ... 34-37

essor, its application ▮▮▮▮ here Violates the Free Exercise Clause ... Nevertheless, the provision' Origin is relevant under the decision we issued earlier this Term in Ramos v Louisiana, 590 U.S. ___ 140 S.Ct. 1390, 206 L. Ed 583 [2020]. The question in Ramos was whether Louisiana's and Oregon's allowing Non-Unanimous Jury Verdicts in Criminal Trials Violated the Sixth Amendment. The Court held:

5.

15. Motion For Recusal Of Judge Ad Hoc Winsberg in which he ~~was~~ denied himself without a hearing before another judge . . . . . . . . . . 38

16. Motion To Rule On the Non-Unanimous Jury verdict Not ruled on in Ramos that exhausted in 383759-F; 11-CRS-112033; and 215530-C all identical . . . 39-42

17. Exhaustion of the Non-Unanimous Jury verdict exhausted under the Sixth And 14th Amendment [Equal Protection in 11-CRS-112033; as done on the Rhines Stay And Abeyance . . . . . . . . . . . . . . . . . 43-■56

that they did, emphasizing that the "States" originally adopted those laws for racially discriminary reasons. id., at _____, _____, 140 S.Ct. at 1391-1395. The role of the ~~Klu Klux Klan~~ was highlighted. see ibid.; see Also id., at _____ 140 S.Ct., at 1400 [Sotomayer, J. Concurring in Part]. At the 1898 Louisiana Constitutional Convention Non-Unanimous Jury verdicts were adopted for sole purpose to establish White Supremacy insofar to deprive African-Americans and other minorities [Non-Anglo] of their rights to Vote, and sit on Juries For fear that their presence on Juries would prevent African Amer-

6.

18. Claims exhausted in 383759-F that could have been file against multiple use in 11-CR5-112033...57-79 ███████████

19. Motion And Exhibit D. filed Challenging Use of OFAL Amendments For Guilt And Sentencing Purpose: ████ Art. 487/483...80-81

20. Denial of All Pro-Se Pleadings Counsel Barrow was ordered by the Court to put in Prospective in one pleading. I Also instructed him to do so.

                                    31-33, And 82
21. Former Asst. District Attorney And Another one was forced to ████ ████ quit falsely affidavits alleging ██ they witnessed Douglas L. Dendinger Committ a Battery Upon Chad Cassard, without his

ican Convictions And result in hijacking Sentencing outcome. At the 1973 Constitutional Convention they were aware of the original purpose of the non-UNANiMOUS Jury verdict system, yet still voted to maintain it

4. Was allowed to withdraw after my Conviction despite Many Pretrial and trial motions For Recusal which he [Winsberg] Just denied.

7.

Consent. This is ▮▮▮ Same
▮▮▮ prosecutor who falsely
alleged Jho filed An Amended
Bill with the Court prior to
my Arraignement And enter-
ing plea of Not guilty ▮, 3, 4, 5
6, 7, 8, 83, 84,

22. "Original Amlication For A Writ
Of "Habeas Corpus" Under Anders
Penson; Cronic, Strickland; Florida
* Nixon; And Martinez to
Which the Magristrate's Reports
And Recommendations for dis-
missal because:

(a). Frivalous
(b). Failure to exhaust independently
(c). When Anders; ▮▮▮ Strickland
Penson Controlled the out-
Come.
(d). Procedural Default for not
Independently raising the errors
and Not under ▮▮▮ ineffe-
ective trial and Appellate counsel
(e)(1). My Request to Amend com-
Plaint after exhaustion of
my 6th And 14th Equal Protect-
ion Clause That Louisiana
Non-Unanimous Jury verdict
Violated as both Claims derives
From Ramos per LA. C. Cr.P. Art. 930.8.1(2)
(2). Undue Prejudice on the Court And
State
(3). Failure to get 5th circuit to

8.

Allow the filing of my "Equal Protection" Challenges when Rhines + webber, allows the Amendment of any "Equal Protection Clause Claims That were Clearly established under Federal Laws As determined by the United States Supreme Court. ... 95-99. Additionally Magristrate listed Numberous docket Numbers of the State Courts exhaustion of the Equal Protection Clauses violation other than by the Court's Rhine Stay And Abeyance And La.C.Cr.P. art. 930+8A(1)(2)

23. Objections were timely filed including this one due to Lost of Complete files of my State Court records And Pro-se filings ............... 99-115

24. order granting leave To file my Ramos claims which the "Equal Protection Claims" derives from but yet I seek relief under the Laws clearly established on the dates of my convictions in State Courts ............ 100-101.

Respectfully Submitted this day of April ____ 2025 under the Penalty of perjury And good + Faith.

Richard B. Lay

EHCC- Fox 2B
P. O. Box 174
St. Gabriel, La.
70776

10.

JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court;

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY     DOB: 01/02/1959     SSN: 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
        Arrest Date: 12/30/2010
        RAYBRUN CORRECTIONAL CENTER, ANGIE, LA. 70426-

DATE OF OFFENSE:           December 21, 2010

COUNT 1
R.S. 14:34.5  BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim, when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties, Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA



BY: _____

FEBRUARY 14, 2011

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, AUGUST J HAND, DISTRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK OF COURT, LAURA CHABRECK, OFFICIAL COURT REPORTER AND BRIAN VOLTOLINA, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA                                        **CASE #: 11-CR5-112033**
VS
RICHARD LAY                          CHARGE:
                                     BATTERY OF A CORRECTIONAL FACILITY
                                     EMPLOYEE

FEBRUARY 14, 2011                                    AUGUST J HAND

THIS CAUSE CAME ON FOR ARRAIGNMENT AND VARIOUS MOTIONS. PRESENT, LEIGH ANN WALL, ASSISTANT DISTRICT ATTORNEY, PAMELA HERSHEY AND THE DEFENDANT, RICHARD LAY.

AT THIS TIME, DUE TO RECUSAL BY THE COURT AND ALL MATTERS FOR THIS DEFENDANT BEING HANDLED BY JUDGE JEROME WINSBERG, THIS MATTER IS CONTINUED UNTIL A LATER DATE.





## 22nd JUDICIAL DISTRICT PUBLIC DEFENDER OFFICE

St. Tammany and Washington Parishes
John R. Simmons, Jr., District Public Defender

| ST. TAMMANY PARISH | SLIDELL & BOGALUSA CITY COURTS | WASHINGTON PARISH |
|---|---|---|
| 402 NORTH JEFFERSON STREET | 436 GAUSE BLVD, STE 203 | 919 A WASHINGTON ST |
| COVINGTON, LA 70433 | SLIDELL, LA 70458 | FRANKLINTON, LA 70035 |
| PHONE: (985) 892-5002 | PHONE: (985) 643-2747 | PHONE: (985) 839-2245 |
| FAX: (985) 892-0102 | FAX: (985) 643-2746 | FAX: (985) 839-5212 |
| EMAIL:  22NDJDCPD00@BELLSOUTH.NET | | |

March 23, 2011

John Lindner, II
Attorney at Law
527 E. Boston St. Ste. 200
Covington, LA 70433

       RE: STATE OF LOUISIANA
       WASHINGTON PARISH
       22ND JUDICIAL DISTRICT COURT
       VERSUS
       RICHARD LAY
       DOCKET: 11-CR5-112033 (B)

Dear John:

Enclosed please find a copy of the Motion and Order to Appoint Counsel in reference to the above captioned matter, which was filed due to personal conflict with the public defender office. The defendant is charged for violation of R.S. 14:35.5 - Battery of Correctional Facility Employee.

It is my understanding that a/an Judge Trial is to be scheduled with the Honorable Judge Wimberly on 24th of March 2011 in the 22nd Judicial District Court located in Franklinton, Louisiana.

Our last known contact information for Richard Lay follows:
Washington Correctional Institute

It is requested that you interview your client at the earliest opportunity. Additionally, if a private counsel enrolls please contact this office at your earliest convenience.

If you have any further questions please feel free to call.

Sincerely,

John R. Simmons, Jr.
District Public Defender

Enclosures:    Motion and Order to Appoint Counsel
             Statement in Support of Compensation







STATE OF LOUISIANA                    NUMBER: 11-CR5-112033  (B)

VERSUS                                22ND JUDICIAL DISTRICT COURT

RICHARD  LAY                          PARISH OF WASHINGTON

## MOTION AND ORDER TO APPOINT COUNSEL

    NOW INTO COURT comes John R. Simmons, Jr., District Public Defender, who suggests to the Court that the Public Defender Office will be unable to represent Richard Lay in the above captioned matter because of personal conflict with the public defender office.  Therefore it is necessary for the Court to appoint a panel attorney to represent Richard Lay.

    Respectfully submitted,

JOHN R. SIMMONS, JR., BAR # 9618
DISTRICT PUBLIC DEFENDER
402 NORTH JEFFERSON STREET
COVINGTON, LA 70433
TELEPHONE: (985) 892-5002

## ORDER

Considering the above and forgoing motion;

    IT IS ORDERED that John W. Lindner, II, Attorney at Law, be and he is hereby appointed to represent Richard  Lay in the above entitled matter.

Franklinton, Louisiana, this _____ day of _____, 2011.

_____
J U D G E

<u>SERVICE DIRECTION & CERTIFICATE OF SERVICE</u>

Please Serve: John W. Lindner, II, Attorney at Law, 527 E. Boston St. Ste. 200, Covington, LA  70433
I hereby certify that a copy of the foregoing motion has been mailed to the District Attorney for the Parish of Washington this 23 March 2011





MARCH 24, 2011

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY; LORRIE PRICE, DEPUTY
CLERK OF COURT, JULIA OEHRLEIN, OFFICIAL COURT REPORTER AND SANDRA CONERLY,
DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS                                                              CASE #: 11-CRS-11'2033
RICHARD LAY                            CHARGE:
                                       BATTERY OF A CORRECTIONAL FACILITY
                                       EMPLOYEE

MARCH 24, 2011

                                       JEROME WINSBERG

THIS CAUSE CAME ON FOR ARRAIGNMENT AND VARIOUS MOTIONS. PRESENT, LEIGH ANN
WALL, JOHN LINDNER, ATTORNEY FOR THE DEFENDANT AND THE DEFENDANT, RICHARD
LAY.

LET IT BE KNOWN THAT JUGDE JEROME WINSBERG HAS BEEN APPOINTED BY THE
SUPREME COURT FOR ALL PROCEEDINGS CONCERNING THIS DEFENDANT IN THE 22ND
JUDICAL COURT.

AT THIS TIME, THE COURT APPOINTS JOHN LINDER AS COUNSEL FOR THE DEFENDANT.

AT THIS TIME, THE STATE MAKES AN ORAL MOTION TO AMEND THE BILL OF INFORMATION
AS REFLECTED:

CORRECTED SPELLING OF RAYBURN CORRECTIONAL CENTER AND THE FOLLOWING
ADDITIONAL WORDING ADDED TO THE BILL OF INFORMATION:

"WHILE THE OFFENDER IS UNDER THE JURISDICTION AND LEGAL CUSTODY OF THE
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OR IS BEING DETAINED IN ANY JAIL,
PRISON, CORRECTIONAL FACILITY, JUVENILE INSTITUTION TEMPORARY HOLDING CENTER,
HALFWAY HOUSE, OR DETENTION CENTER."

AT THIS TIME, THE DEFENDANT, PRESENT IN OPEN COURT WITH COUNSEL WAS
ARRAIGNED AND PLED NOT GUILTY.
THIRTY DAYS TO FILE PLEADINGS.
FIFTEEN DAYS TO FILE SUPERVISORY WRITS.

MOTION FOR DISCOVERY IS SATISFIED.

EX PARTE MOTION FOR COUNSEL IS SATISFIED.

ALL OTHER MOTIONS ARE CONTINUED UNTIL APRIL 20, 2011 AT 11:00 A.M.



The following accepted jurors were sworn, admonished and removed from the courtroom:

1. Annette Taylor
2. Patty Wells
3. Milton Seal
4. Richard Moran
5. Diana Thomas
6. Harold Moberg
7. Kezelle Warren, alternate

11-30-11

At this time, the Court orders a brief recess.

Court reconvened following the recess with the defendant present in open court with co-counsel, John Lindner.

Whereupon, Mr. Lindner advised the bill of information indicates the defendant has only been charged with a misdemeanor and because the jury has already been sworn, the defense hereby requests a mis-trial at this time.

In response to the defense request for a mis-trial, Ms. Wall advised that the clerk did not have the court record available at the time of the arraignment. Ms. Wall further advised the record will indicate a copy of the original bill of information was amended and placed into the official record.

Referring to the minutes dated March 24, 2011, the Court advised the record does reflect the defendant was, in fact, arraigned on felony charges. Mr. Lindner objected to the amended, unsigned bill being read to the jury and the Court noted same.

At this time, Ms. Wall advised the State made an attempt to locate a potential witness for the defense by the name of Sylvester Martin. However, DOC records indicate this witness is no longer housed within the Department of Corrections, therefore, could not be located. The Court advised Mr. Lay that it will be his responsibility to obtain a current address for this witness if he intends for a subpoena to be issued.

Whereupon, Ms. Wall provided photographs to the Court, the defendant and Mr. Lindner that the State intends to use at trial. After review, the Court advised all 6 photographs are acceptable.

The jury is returned to open court.

Out of the hearing of the jury, the Court expressed uncertainty as to whether or not the amended, unsigned bill should, in fact, be read to the jury. Whereupon, Mr. Lindner advised he will provide case law to the Court in the morning regarding this issue being a basis for a mis-trial and, again, objected to it being read to the jury. The Court noted Mr. Lindner's objection and advised this matter will be left open until aforementioned case law could be reviewed.

At this time, the Court gave preliminary instructions to the jury.

The Clerk read the (amended) bill of information and formal plea of the defendant.

Opening statements are heard by Ms. Wall followed by Mr. Lay.

Testimony for the State was begun with Jerry Primes being called and sworn. In connection with this witness' testimony, the State offered, filed and introduced into evidence:

State #1 – Photograph of waiting room
State #2 – Photograph
State #3 – Photograph
State #4 – Photograph
State #5 – Photograph
State #6 – Photograph
State #7 – Photograph
State #8 – Photograph of front desk at clinic
State #9 – Photograph of waiting room at clinic
State #10 Photograph of front door at clinic
State #11 Photograph of waiting room at clinic
State #12 Photograph depicting where transport van was parked at clinic
State #13 Photograph of walk way outside of clinic

Ms. Wall indicated the State would supplement the record with printed copies of State's Exhibits 8-13.

In connection with this witness' continued testimony, the defense marked for identification purposes:

Defense #1 – report of Tommy Schuler
Defense #2 – report of Major Harrell





November 30, 2011

THE TWENTY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY, MICHELLE WATSON,
DEPUTY CLERK OF COURT, JACKIE, OFFICIAL COURT REPORTER AND MIKE THOMAS,
DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS                                          CASE #: 11-CR5-112033
RICHARD LAY                                 CHARGE:
                                            BATTERY OF A CORRECTIONAL FACILITY
                                            EMPLOYEE

November 30, 2011                                    JEROME WINSBERG

This cause came on for trial.  Present, Leigh Anne Wall, Assistant District Attorney, John
Lindner, co-counsel for the defendant and the defendant, Richard Lay.

Ms. Wall advised she was given photographs of the defendant taken on the date of the
incident this morning by Major Harrell.  Mr. Lay noted, for the record, that previous requests
for these photographs were dismissed as he was advised they did not exist.

Mr. Lay filed a Motion for Mistrial in open court.  The Court hereby denied this motion.

At this time, Major Harrell takes the witness stand to resume his testimony.  The Court
reminded this witness he is still under oath.

The jury is brought into open court.

Testimony of Major Harrell resumes.

In connection with this witness' testimony, the defense marked for identification purposes:

Defense #9 - Photograph taken of defendant on the day of the incident
Defense #10 Photograph taken of defendant on the day of the incident
Defense #11 Photograph taken of defendant on the day of the incident
Defense #12 Photograph taken of defendant on the day of the incident
Defense #13 Photograph taken of defendant on the day of the incident
Defense #14 Photograph taken of defendant on the day of the incident
Defense #15 Photograph taken of defendant on the day of the incident
Defense #16 Copies of memos - 2 page document

During testimony of Major Harrell, defendant makes an oral request for the jury to be
removed from the courtroom so that he can argue a Motion for Mistrial.  The Court denies
the defendant's request as well as any Motions for Mistrial.

Testimony for the defense is continued with Warden Tanner being called and sworn.

In connection with this witness testimony, the defense marked for identification purposes:

Defense #17 - Disciplinary report

Testimony for the defense is continued with Dr. Laravia being called and sworn.

In connection with this witness testimony, the State offered a stipulation that Dr. Laravia is
an expert in the field of general medicine.  The defense accepts this stipulation.

During the testimony of Dr. Laravia, the Court ordered a brief recess.  The jury is removed
from the courtroom.

Court reconvened following the recess with the defendant present in open court with co-
counsel, John Lindner.

It is noted, at this time, that the defendant, at his own request, is now dressed in complete
prison garb including orange jumpsuit, shackles, cuffs, etc...

The jury is returned to open court.

Testimony of Dr. Laravia is continued.

Upon conclusion of Dr. Laravia's testimony, the Court ordered Warden Tanner be re-called to
the stand.  The Court reminded this witness he is still under oath.

Testimony for the defense is continued with Captain Mitchell being called and sworn.

Whereupon, the Court recessed ___ the lunch break. The jury is admoni___ed and removed from the courtroom.

Court reconvened following the recess with the defendant present in open court with co-counsel, John Lindner.

Outside the presence of the jury, the Court noted a training manual of defensive tactics had been provided via Captain Mitchell and has been turned over to the defendant and Mr. Lindner.

The jury is returned to open court.

At this time, the defense re-calls Captain Mitchell to the stand. The Court reminds this witness he is still under oath.

In connection with this testimony, the Defense marked for identification purposes:

Defense #18 - training manual

Testimony for the defense is continued with Jerry Primes being called and sworn.

During this witness testimony, the Court ordered a brief recess. The jury is admonished and removed from the courtroom.

Court reconvened following the recess with the defendant present in open court with co-counsel, John Lindner.

The jury is returned to open court.

Testimony of Jerry Primes is continued.

Testimony of the defense is continued with Richard Lay being called and sworn.

Court rodered a brief recess. The jury is admonished and removed from the courtroom.

Court reconvened with the defendant present in open court with co-counsel, John Lindner.

At this time, the defense offered, filed and introduced into evidence:

Defense #1 - Memo from Schuler
Defense #2 - Report from Schuler
Defense #3 - Unusual Occurrence report
Defense #4 - Investigations report
Defense #5 - Use of Force and Restraints
Defense #6 - Field Operations
Defense #7 - Health care request form
Defense #8 - RCC appeal decision
Defense #9 - Photograph
Defense #10 - Photograph
Defense #11- Photograph
Defense #12 - Photograph
Defense #13 - Photograph
Defense #14 - Photograph
Defense #15 - Photograph
Defense #16 - Response from RCC
Defense #17 - Disciplinary report
Defense #18 - Training manual

Whereupon, these evidence items are published to the jury.

The defense rests.

Closing arguments are heard by Ms. Wall followed by Mr. Lay followed finally by Ms. Wall. Court orders a brief recess. The jury is admonished and removed from the courtroom.

Court reconvenes with the defendant present in open court with co-counsel, John Lindner.

The jury is returned to open court.

The Court instructs the jury as to the laws concerning deliberations.

At this time, the jury is retired to the deliberation room but admonished not to begin deliberations yet.

Out of the presence of the jury, counsel advise there are no objections to the jury instructions as read by the Court.

Whereupon, alte___te juror Kezelle Warren is brought i___ the courtroom and thanked but excused by the Court.

The Court advises the bailiff to notify the jury they can now begin deliberation (5:24)

Court in recess until a verdict is reached.

The jury is returned with the following verdict (5:56):

"We, the jury, find the defendant, Richard Lay, guilty as charged."

/s/  Richard Moran, foreperson
November 30, 2011

Mr. Lindner made an oral request to have the jury polled.  Upon oral polling, the Court confirmed the verdict was unanimous and ordered the verdict be recorded.

Sentencing in this matter is set for December 19, 2011 at 10:30

Page 7 of 8

STATE OF LOUISIANA

VERSUS

RICHARD LAY

FILED: 12-15-11

NUMBER: 11-CRS-112933

22ND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

_____
DEPUTY CLERK

## MULTIPLE OFFENDER BILL OF INFORMATION

Walter P. Reed, District Attorney for the 22nd Judicial District Court with respect avers that this captioned defendant was charged in this case number in the 22nd Judicial District Court with the crime of violating La. R.S. 14:34.5, relative to __Battery of a Correctional Facility Employee_, and that afterward, to wit on the 30th day of November, 2011, the said accused was found guilty as charged by a jury.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __383759__ of the 22nd Judicial District Court, with the crime of violating R.S. 40:979 and 40:967, relative to __Attempted Possession of Cocaine_, and that afterward, to wit on the 30th day of March, 2007, the said accused __was convicted_.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __215530__ of the 22nd Judicial District Court, with the crime of violating R.S. 40:981.3, relative to __Possession of cocaine in a school zone_ and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __197086__ of the 22nd Judicial District Court, with the crime of violating R.S. 14:69, relative to Possession of Stolen Property, date of offense February 25, 1991, and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number __197086__ of the 22nd Judicial District Court, with the crime of violating R.S. 14:69, relative to __Possession of Stolen Property, date of offense February 25, 1991_, and that afterward, the said accused __was convicted_.



10.

Page 8 of 8

defendant was duly charged in case number ___130364___ of the 22nd Judicial District Court, with the

crime of violating R.S. _14:72_ , relative to _Forgery, date of offense February 25, 1985_ , and that

afterward, the said accused ___was convicted___ .

The said defendant sentenced as first above set out, is one and the same person who was

sentenced in the subsequent listed case numbers and should now be sentenced under the provisions of

La. R.S. 15:529.1.

Signed this _15th_ day of _December_ , 2011.

_____
ASSISTANT DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT COURT

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING
FINGERPRINTS ON THIS BILL ARE THE FINGERPRINTS
OF THE DEFENDANT _____
AND THAT THEY WERE PLACED THEREON BY SAID
DEFENDANT THIS ___ DAY OF _____ 20__
_____
SIGNATURE LINE



State of Louisiana                     11-CRS-182033
Versus                          22nd Judicial District Co.
Richard Lay                     Parish of Washington


Date Filed: _____

                                        Deputy Clerk

            Exhibit 10


            Motion To Quash


        Now Into the Court comes defendant Richard
Lay who moves this Court to quash the multiple
Bill of Information for the following Reasons

1. Defendant Lay has been singled out for malicious prosecution
by An over Zealous Asst District Attorney whereas similar
Situated prisoners who was eligible for multi-billing under
LA. R.S. 15:529.1 was Not And was allowed to plead guilty
for No more than a 6-month sentence.

2. State + Lay # 383759-F Cannot be used since it was
used as An element of LA.R.S. 14:34.5. B(2). without violating
the double Jeopardy Clauses.

3. State + Lay # 215530; # 130/364, 131/275, And # 197086
Cannot be used since more than 10-years has elapsed from
the final Release off parole Supervision to my Arrest on
December ___, 2011 for battery on a correctional officer. LSA. R.S.
15:529.1. C

4. LA.R.S. 14:34.5. B(2) Is a Self enhancement statute like LA.
R.S. 40:982/ 40:983.1 to which The Rule of lemity prohibits
double enhancement. State + Skipper, 906 So.2d 399 [La. 2005]. MAS-
Carello + US; 524 US 125.

4. State + Lay # 130/364, 131/275   CANNot be used
for the following Reasons:

(a) I wasn't Informed of the elements of each Charge I
would plea guilty to Including the minimum and maximum
Sentences In the bills of Deformation(s), by the trial Judge
or Counsel Simmons.

(b) I was Incompetent at the time of the plea(s).

(c) The plea Results from a broken Sentencing agreeing
which Reserved my Appellate Rights yet the State has
Exparte denied Relief despite Raising the broken Sentencing
agreement for + five year sentence And all other Charges
would be dropped for over 26-years.

5. State + Lay # 215530   CANNot be used for the following
Additional Reasons:

(a) It was obtained without a valid determination of my Com-
petency once placed In Issue.

(b) It was obtained by Suppression of Brady And Giglio material.

(c) It was obtained by Knowing use of perjured testimony.

(d) I was denied my Right to appeal the Retrospective
Competency determination And all Adverse Rulings despite
my specific Instructions to the various Attorney's appointed
on Remand.

#.13.

(6). The Judgment by the trial court based upon the Suppressed Sanity Report of Dr. Ratti violated my due process And Sixth Amendment Rights.

(5). The 1st Circuits order for a Retrospective Competency hearing by Relying upon the Suppressed Sanity Reports of Dr. Ratti violated my due process And Sixth Amendment Right And equal protection Right to Vacation of my Convictions And Sentence under State v Nowory, 613 So.2d 157 [La.1993].

6. State v Loy # 130/364, 131/275 count as one conviction for multiple Bill purposes Since they were all part of a plea bargain obtained prior to october 19, 2004, LSA-RS 15:529.1.B.

(7). State v Loy # 130/364 cannot be used since the 11:19 of information fails to set forth all elements of the crime and the mens rea for violation of LA.R.S. 14:92, Insofar as it fails to identify the person(s) whose Signatures I falsified or altered with the intent to defraud As mandated by due process. Nicholas v State, 520 So.2d 377 [La.1983]; Henderson v Morgan, 426 US 637, 644-46, 96 S.ct 2253, 2257 [1976]; and US v Marcel, 283 F3d 293, 296 [5th cir.2002][Cases]. Additionally, Since # 131/275 is part of this Same plea it must be

VACATED As INVOLUNTARY under the Rationale of State # Cook, 372 So.2d 1202 [La. 1979].[4]

Wherefore defendant **Lay** prays the multiple Bill of Information be quashed

Respectfully submitted this 6th day of December 2011 under the penalty of perjury And good-faith

Richard Lay 110315
27268 Hwy 21
Sleet 4-R-7
Angie, La 70426

Cc
La Wall - ADA
T. Lindner - Atty

Footnotes

. State # Moten, 619 So.2d 683 [La. App. 4 cir 1993]; State # Bailey, 703 So.2d 1325 [La. App. 5 cir. 1997]; U.S. # Di FRANCESO, 449 US 117, 139 [1980]; And MASCARELLO # U.S., 524 US 125.

2. BRADSHAW # STUMPf, 545 US 175, 162 L.Ed 2d 143, 125 S.ct. 2398 [2005] citing Boykin # Alabama, 395 US 238, 244 [1969] And Henderson # Morgan, 426 US 637, 647 [1976]; SAntobello # New york 404 US 257 [1971]; State # Underwood, 724 So.2d 859 [La. App. 3 cir. 1998].

Footnote (s)

3. Defendant <u>Lay</u> Adopts the Claims And memorandum pending before the U.S. Fifth Circuit for a COA under # 11-30966 And #11-31105 Attached to Documents In support filed herewith for purposes under LA.R.S. 15:529.1.D(1)(b).

4. See <u>Bradshaw + Stumpf,</u> supra [Cases cited]



STATE OF LOU... A — — NUMBER 215530

VERSUS                          22ND JUDICIAL DISTRICT COURT

RICHARD LAY                     PARISH OF ST. TAMMANY

FILED: November 28, 1995        DEPUTY CLERK: _____

### MULTIPLE OFFENDER BILL

To the Honorable Patricia Hedges, the Twenty-second Judicial District Court of Louisiana, sitting in and for the Parish of St. Tammany, comes now into open Court the undersigned District Attorney of the Twenty-second Judicial District of Louisiana, in the name and by the authority of said State, informs the honorable Court:

That one RICHARD LAY on September 20, 1995, in the Twenty-second Judicial District Court, State of Louisiana, Parish of St. Tammany was found guilty of violating LA. R.S. 40:967(C)/40:981.3 relative to Possession of Cocaine within 1000 feet of a school under the laws of Louisiana, in bill # 215530.

The said RICHARD LAY is one in the same above who was convicted of LA. R.S. 14:69 Possession of Stolen Property on June 25, 1991, in the 22nd Judicial District Court under bill # 197086 and was sentenced to 2 years in the Department of Corrections; and one and the same RICHARD LAY who was convicted of the felony, as set out above, in bill # 197086 is one and the same person as RICHARD LAY who pled guilty to LA. R.S. 14:72 Forgery, on JUNE 10, 1985, in St. Tammany Parish under case # 130364, defendant was sentenced to 5 years in the Department of Corrections.

And that the above conviction under case # 215530 is RICHARD LAY'S third subsequent felony conviction and the said defendant should now be sentenced in conformity with the provisions of LA. R.S. 15:529.1 and that all crimes herein are contrary to the law of the State of Louisiana and against the peace and dignity of same.

Signed this 28th day of November, 1995.

SCANNED
SEP 13 2005

_____
ASSISTANT DISTRICT ATTORNEY
22ND JUDICIAL DISTRICT COURT

17.



A TRUE COPY
_____
DY. CLERK 22nd JUD. DIST. COURT
ST. TAMMANY PARISH, LA

TUESDAY, SEPTEMBER 19, 1995

COURT MET THIS DAY PURSUANT TO ADJOURNMENT, PRESENT AND PRESIDING, HER HONOR, PATRICIA T. HEDGES, JUDGE DIVISION "C", RONALD T. GRACIANETTE ASSISTANT DISTRICT ATTORNEY, PATRICK J. CANULETTE, SHERIFF AND LUCY REID RAUSCH, CLERK OF COURT. (Bailiff, Carol Dobson, and Court Reporter, Lynn Nunez)



Exhibit 1

TUESDAY, SEPTEMBER 19, 1995

19.

The defendant being present in open Court, attended by his Counsel Douglas C. Ellis, and the trial of this matter having been continued for September 18, 1995.

The jury was returned to the Courtroom and all counsel at this time waived polling of the jury.

The Court at this time Court ordered the Clerk to read the Bill of Information and the defendants plea, which was done.

The State made its opening statement to the jury, followed by the opening statement of the Defense.

Evidence was heard on behalf of the State and the following witnesses giving testimony:

1. Melissa Thompson
2. Jeron Fitzmorris
3. Simmie Fairley

On motion of the Defense, Court ordered that the jury be retired, which was done. The Defense counsel at this time that the present policy manual of Slidell Police Department, be turned over, in respons to his subpoena; whereupon Court ordered that the policy manuals be produced for Mr. Ellis' examination only. Further, the Defense informed the Court that they intend to recall Mrs. Thompson, and request that she bring with her the Evidence Handling Guide, that was mentioned in her prior testimony, to which the State objects and argued. Court at this time orders that when Ms. Thompson returns to Court, said manual is to be produced also.

Court at this time had the jury returned to the Courtroom.

Evidence was heard on behalf of the State with the following witnesses giving testimony:

4. Thomas Chin
5. Jesse Simon

This being the noon hour, Court recessed for lunch.

The defendant being present in open Court, attended by his Counsel, Douglas C. Ellis, The jury was returned to the Courtroom and the State and the Defense waived polling of the jury.

The testimony of the State's witness, Sgt. Jesse Simon, continued. Further evidence was heard on behalf of the State, with the following witness giving testimony:

6. Capt. Ziggy Swenson

The State at this time offered, introduced and filed into evidence the following items:

S-1   Evidence receipt date January 5, 1993
S-2a  Brown envelope as returned from the Crime Lab
S-2b  Brown evidence envelope turned in by Sgt. Jesse Simon
S-2c  Small envelope inside of S-2b
S-2d  Package containing cocaine
S-3   Survey map
S-4   Picture of Sgt. Jesse Simon in disguise

At this time, on motion of the Assistant District Attorney, Court ordered that the evidence marked S-1 through S-4 be given to _____ the Jury for their viewing, which was done.

The State at this time rested its case, subject to the right

~~the jury for their viewing, which was done.~~

The State at this time rested its case subject to the right of rebuttal.

Evidence was heard on behalf of the Defense with the following witnesses giving testimony:

1. Randy Fortenberry
2. Richard Lay



The Defense at this time objects to the State asking the defendan the outcome of the civil suits, Court at this time had the jury retire

Argument was heard; whereupon Court overruled the Defense's objection.



Court at this time recessed briefly

The defendant being present in open Court, attended by his Cour Douglas C. Ellis, the jury was returned to the Courtroom and the Stat and the Defense, waived polling of the jury.

The Defense at this time request that the jury view the evidenc

It being the noon hour, Court recessed this matter for lunch an reminded the jury the as to the rules of sequestration.

The defendant being present in open Court, attended by his Coun Douglas C. Ellis, the Defense counsel outside the presence of the jur requested that he be allowed to refer to the prior trial during his closing arguments, the State argued; whereupon Court ordered the Stat and the Defense to refer to the prior trial as a prior hearing.

The Court ordered the jury return to the Courtroom, the State and the Defense, waived polling of the jury and viewing of the evidenc was continued and thereafter completed.

The State at this time made its closing arguments to the Jury, followed by the Defense's closing arguments and concluding with the State's rebuttal arguments.

Court at this time retired the jury, upon request of the Defense

The Defense at this time requested a mistrial, on the grounds of a misstatement of fact by the State during its closing arguments, argument was heard by both Counsel; whereupon Court denied said motion

The Court at this time informed the State and the Defense of her concerns regarding the juror Ms. Sandra Smith possibly sleeping during closing arguments and at which time Court cleared the Courtroom except for the parties directly involved in this trial and had Ms. Smith brou into the Courtroom. Ms. Smith was then questioned by the Court, the Defense and the State and the Court at this time determined that Ms. Smith be allowed to remain as a juror in this matter. Ms. Smith was returned to the jury room at this time. The Defense objects to the Court's ruling.

The State and the Defense requested that the jury charges be amen by the Court, which was done.

The Court ordered the jury be returned to the Courtroom.

Court then charged the jury and release the alternate jurors and retired the Jury to the Jury room for their deliberation at 5:55 p.m.

The defendant being present in open Court, attended by his Counse Douglas C. Ellis, the Jury was returned to the Courtroom at 6:50 p.m. after having informed the Court of their need for further instruction.

Court at this time instructed the Jury as to their request and again retired the Jury for further deliberation at 6:54 p.m.

The defendant being present in open Court, attended by his Counse Douglas C. Ellis, the Defense at this time moved for a mistrial in this matter, based on a conversation overheard by the defendant concerning comments made in the jury room, argument was heard and Court denied said motion.

The defendant being present in open Court, attended by his Counse Douglas C. Ellis, and after mature deliberation at 7:57 p.m. the Jury returned to the Courtroom and through their Foreman returned their writ verdict to the Court, which verdict the Clerk was ordered to read as follows:



WEDNESDAY, SEPTEMBER 20, 1995

"We the jury, find the defendant: RICHARD LAY guilty of Possession
of Cocaine within 1000 feet of school property/signed/Roy J. Mar
Foreperson/Covington, Louisiana/date/Wednesday/9/20/95

On motion of the Defense Counsel, Court ordered that the clerk
poll the jury as to their vote, which was done showing:

10 yes votes 2 no votes

The State requested the defendant be remanded to the Sheriff
and be held without bond pending sentencing, the Defense requested
that the defendant be allowed to remain on his present bond
whereupon Court ordered that defendant remain on his present bond
obligation and further ordered the a Pre-Sentence Investigation
be conducted by the Department of Public Safety and Correction
and that the FELONY SENTENCING be held on November 28, 1995.

Further the court ordered that the defendant is to report on
September 22, 1995 to report to the probation office.

22.

REASON CHECKED

Unclaimed:

Refused:

Need Offender:

Discharged:

Moved from RLCC:



RICHARD LAY
RLCC-C2-A1#1A
1630 PRISON RD.

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD
RETURN TO SENDER



FILED

NOV 12 2020

MELISSA R. HENRY, CLERK
Deputy

Erika Roberts, Deputy Clerk



23.



**SENDER: COMPLETE THIS SECTION**

☑ Complete items 1, 2, and 3.

☑ Print your name and address on the reverse so that we can return the card to you.

☑ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RICHARD LKY
RLCC-C2-A1#44
1630 PRISON RD
COTTONPORT, LA 71327
DK # 215530/383755 DVF

9590 9402 4812 8190 6708 65

2. Article Number (Transfer from service label)

7015 1520 0002 4938 5342

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

IN THE
22ND JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD LAY

DOCKET NO. 11-CR-5-112033

FILED: _____

_____
CLERK OF COURT

## MOTION FOR CONTINUANCE

NOW INTO COURT comes the defendant Richard Lay who moves this court to continue the multiple bill adjudication hearing without date for the following reasons.

1.    I am being deprived of effective and conflict free counsel (Barrow) in light of his deceitfulness in preparation for post conviction/sentencing proceedings in accordance to my specific instructions to which both the trial court and prosecutor are aware of and are in conspiracy with to deprive me of a fair hearing.

2.    The court has not ordered the Clerk of the 22nd Judicial District Court for the Parishes of St. Tammany and Washington to produce the requested documents in opposition to the multiple bill of information.

3.    The court has not appointed a PI to locate my former attorney Douglas Ellis in Covington area to testify as to #215530 nor has it ordered the Clerk to issue the requested witness subpoenas and subpoena duces tecum(s).

4.    Defendant Lay needs at least 30 days after receiving said documents to prepare for said hearing and to file any supplemental pleading.



WHEREFORE defendant Lay prays this hearing be continued without date.

Respectfully submitted this _20th_ day of March, 2013.

Richard Lay #110315
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA 71483-1260

SWORN AND SUBSCRIBED before me this _20_ day of _March_, 2013

Lisa M Jones
Lisa M Jones 068363
Notary Public

cc:    L. Ann Wall, ADA

Ernest Barrow, conflict counsel

File

Granted
Reset multiple bill
hearing on the 13th of May, 2013,
@ 10:30 AM.   Jerome M. Winsberg
Judge
April 8, 2013




STATE OF LOUISIANA                              NUMBER:   383759 F

VERSUS

                                                22ND JUDICIAL DISTRICT COURT
RICHARD LAY

                                                PARISH OF ST. TAMMANY

FILED: _March 30, 2007_ _Mary McClurtg_
                                DEPUTY CLERK

## MULTIPLE OFFENDER BILL OF INFORMATION FILED AS TO COUNT ONE

Walter P. Reed, District Attorney for the 22nd Judicial District Court  avers that this caption
defendant was charged in this case number in the 22nd Judicial District Court with the crime of viol.

La. R.S. __40:979 AND 967__ relative to __ATTEMPTED POSSESSION OF COCAINE__ , a

that afterward, to wit on the ___30___ day of ___MARCH___ , 2007, the said accused was
convicted.

And now the said District Attorney gives this court to understand and be informed that the s
defendant was duly charged in case number __215530__ of the 22nd Judicial District Court, with
crime of violating R.S. __40:981.3__ , relative to __Possession of cocaine in a school zone__ , and th.
afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the sai
defendant was duly charged in case number __197086__ of the __22nd__ Judicial District Court, w
the crime of violating R.S. __14:69__ , relative to __Theft over 500 dollars, date of offense January 6,__
__1991__ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said
defendant was duly charged in case number __197086__ of the __22nd__ Judicial District Court, wit
the crime of violating R.S. __14:69__ , relative to __Possession of Stolen Property, date of offense__
__February 25, 1991__ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said
defendant was duly charged in case number __197086__ of the __22nd__ Judicial District Court, with
the crime of violating R.S. __14:69__ , relative to __Possession of Stolen Property, date of offense__
__February 1, 1991__ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said
defendant was duly charged in case number __130364__ of the __22nd__ Judicial District Court,
with the crime of violating R.S. __14:72__ , relative to __Forgery, date of offense November 7, 1984__
__ , and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said

defendant was duly charged in case number ____130364____ of the __22nd__ Judicial District Court, with the crime of violating R.S. _14:72_, relative to ____Forgery, date of offense November 17, 1984 ____, and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number ____130364____ of the __22nd__ Judicial District Court, with the crime of violating R.S. _14:72_, relative to ____Theft, date of offense February 25, 1985 ___, and that afterward, the said accused was convicted.

The said defendant  sentenced as first above set out, is one and the same person who was sentenced in the subsequent listed case numbers and should now be sentenced under  the provisions of La. R.S. 15:529.1.

Signed this 31 day of March, 2007.

_____
ASSISTANT DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT COURT

**A TRUE COPY**

_Barbara Hulderson_
DEPUTY CLERK
22nd Judicial District Court

SCANNED
OCT 1 1 2007




DOCKET NO: 383759
PAGE 1 of 2

**29.**

Thursday, May 31, 2007

COURT MET THIS DAY PURSUANT TO ADJOURNMENT.  PRESENT AND PRESIDING HIS HONOR, MARTIN E COADY, JUDGE, DIVISION "F", JOSEPH OUBRE AND SCOTT GARDNER, ASSISTANT DISTRICT ATTORNEYS, RODNEY J STRAIN, JR., SHERIFF AND MALISE PRIETO, CLERK OF COURT (Mark Baggett and Jimmy Jenkins, Baliffs and Kathleen Wells, Court Reporter)

383759         STATE OF LOUISIANA
                         VS.
                 RICHARD BRIAN LAY

The defendant being present in open Court attended by his appointed Counsel, DOYLE "BUDDY" SPELL and the State represented by Scott Gardner and this matter being on assignment for a multiple bill hearing.  State at this time informed the Court that he requested the defendant be fingerprinted and the defendant objected.  Defendant made argument to the Court and Court denied defendant's exparte Motion to Quash and ordered defendant to cooperate so fingerprints can be taken.  Court at this time recessed until fingerprints are taken.

Later, in the day, defendant present attended by appointed Counsel, DOYLE "BUDDY" SPELL, and the State represented by Scott Gardner.  Defendant made statement to the Court at this time on the multiple bill his time has been reached, State at this time placed on the records his reasons.  Defense argued and provided the Court with 2 cases for Court to review about multiple bill hearing.  Court advised will review cases and make ruling latter.

The State at this time moved for sequestrations of witness at this time.

Evidence was heard on behalf of the State with the following named person sworn to testify:

1.  Deputy First Class Lloyd "Tommy" Morse (expert in field of fingerprints)

The State at this time offered, introduced and filed into evidence the following items:

S-1    Curriculum Vita of Deputy First Class Lloyd "Tommy" Morse
S-2    fingerprint card taken today on Richard Lay
S-3    records from Ella Peterson from Probation and Parole on Richard Lay
S-4    minute entry from August 26, 1991 and bills of information on Richard Lay under docket #197086
S-5    minute entry from June 24, 1991 and June 25, 1991 on Richard Lay under docket #197086
S-6    multiple offender bill, bill of information and copy of the insider folder on Richard Lay under docket #215530
S-7    transcript from June 10, 1985 on Richard Lay, under docket #130364 & 131275
S-8    minute entry from June 10, 1985 and bill of information on Richard Lay under docket #130364

State rested its case.

**29.**

Defense Counsel at this time moved to withdrew as Counsel of Record, which Court advised Defense not at this time.  Argument heard by the Defense and State and Court notes Defense objection.

Defendant made statement to the Court, Court informed the defendant that all request





13

DOCKET NO: 383759
PAGE 2 of 2

for subpoenas should have been issued through his attorney. Defense made statement to the Court.

Court at this time advised the defendant that he has reviewed the cases that he provided to him and finds that the multiple bill was timely filed.

Defense objected.

Court have reviewed the multiple bill and evidence, Court finds the defendant is the same person contained the multiple bill and that no more than 10 years has elapsed since his last sentence, Court finds the defendant to be a 4th felony offender and vacates the previously imposed sentence, credit for time served on that and Court sentences the defendant on the *multiple offender bill to serve a period of TWENTY (20) years at hard labor with the Department of Public Safety and Corrections of the State of Louisiana, said sentence to be served without benefit of probation or suspension of sentence and sentence in accordance with Article 15:529.1.*

Further, Court ordered that the defendant be given credit for time served and Court informed the defendant that he has two (2) years once sentence becomes final to file an Application for Post Conviction Relief.

Court notes Defense objections.

Defendant argued about the State proven multiple bill, Court advised the defendant has full right to reconsider the sentence and/or appeal.

Defense Counsel objected to the sentence being excessive and his appointment terminated.

Defendant moved for Motion to Reconsider Sentence, State submitted; whereupon Court denied motion.

A TRUE EXTRACT OF THE MINUTES OF THIS COURT

DEPUTY CLERK
22ND JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA



TO: Ernest E. Barrow - Attorney
    113 E. 23rd ☒ AVE
    Covington, La. 70433-2815

IN Re: State of Lay # 11-CR5-112033


Dear sir,
            If you have not recieved the complete
trial records to prepare post-trial motions, I
specifically request you to seek a continuance
for said purposes in light of the trial court's
previous directive to John Lindner and Mark
James to file an amended motion for new
trial putting all my pleadings in proper
prospective which they failed to do. See Flor-
ida & Nixon, 543 US 175 [2004]


October 29, 2012

cc

File                        Richard Lay 110315
                            WNC Elm A-1-9
                            P.O. Box 1260
                            Winnfield, La 71483




31.

**Ernest E. Barrow**
A LIMITED LIABILITY COMPANY
113 EAST 23RD AVE.
COVINGTON, LOUISIANA 70433-2815

ERNEST E. BARROW, III
Attorney at Law

TELEPHONE NUMBER
(985) 871-7374
—
FACSIMILE NUMBER
(985) 871-7244

December 10, 2012

Richard Lay
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA 71483

Re:     State v. Richard Lay

Dear Mr. Lay:

I have received and reviewed your correspondence dated 11/27/12 and postmarked 11/28/12 and will comply with your requests.

In light of your accusation on the last page that states: "You are also instructed to get any prior approval to any filings in regards to my conviction and or sentence via post-conviction in light of your refusal to respond to my past letters in over 30- days and counting." I have not received any "letters" prior to the one post marked 11/28/12.  If you have sent me letters prior to 11/28/12 please check with the appropriate authorities within Department of Corrections and/or the U.S. Postal Service to find out what happened to those letters and resend them at your earliest convenience or you may give them to me at your court date on January 4, 2013.

Happy Holidays, and I look forward to seeing you on January 4, 2013.

Sincerely,

ERNEST E. BARROW, III

EEB/eeb






Louisiana
State Bar
Association

*Serving the Public. Serving the Profession.*

William N. King
Professional Programs Counsel for Practice Assistance

bking@lsba.org

April 19, 2013

Richard Lay #110315
P.O. Box 1260
Winnfield, LA  71483-1260

    RE:  Attorney-Client Assistance Program
         File #2013-RR-053C
         Richard Lay/Ernest Eugene Barrow, III

Dear Mr. Lay:

This is to acknowledge receipt of your recent correspondence received in our office on April 16, 2013.
We will be in touch shortly.

Thank you for your attention in this matter.

                    Sincerely,

                    William N. King
                    Professional Programs Counsel

WNK/wr

601 St. Charles Ave. • New Orleans, LA 70130-3404
Direct Dial: (504)619-0109 • (504)566-1600, ext. 109 • (800)421-LSBA • fax (504)598-6753 • www.lsba.org





# The Judiciary Commission of Louisiana

400 ROYAL STREET, SUITE 1190
NEW ORLEANS, LA. 70130-8101

TELEPHONE (504) 310-2597
FAX (504) 310-2596

**PERSONAL AND CONFIDENTIAL**

April 10, 2013

Richard Lay, 110315
DWCC N4-D9
670 Bell Hill Road
Homer, Louisiana 71040

Re: File No. 11-8359

Dear Mr. Lay:

The Judiciary Commission recently considered the complaints you lodged against Judge Ad Hoc Jerome Winsberg concerning his actions in connection with certain proceedings you had pending in the 22nd Judicial District Court. Following a review of this matter, the Commission took appropriate action and then closed the file.

The Judiciary Commission and its staff are bound by Rule 23, Section 23 of the Rules of the Supreme Court, which states that Judiciary Commission proceedings are confidential. Accordingly, we are unable to provide you with any further information or specific details.

Sincerely,

Clare Fiasconaro
Commission Counsel

cc:    Chair and Members, Judiciary Commission of Louisiana
Timothy F. Averill, Chief Executive Officer
Mary Whitney, Special Counsel

S:\judcomm\2013\Feb 15\WINSBERG.lay.caut.11-8359.wpd



Supreme Court
STATE OF LOUISIANA
OFFICE OF THE JUDICIAL ADMINISTRATOR
400 ROYAL STREET, SUITE 1190
NEW ORLEANS, LA 70130-8101

CHIEF JUSTICE
CATHERINE D. KIMBALL
JUDICIAL ADMINISTRATOR
HUGH M COLLINS, PH.D

December 9, 2009

Telephone    (504) 310-2551
Fax    (504) 310-2553

Judge Jerome M. Winsberg
Retired
5031 St. Charles Ave.
New Orleans, LA 70115

**FILED**
DEC 11 2009
MALISE PRIETO-CLERK
_____
DEPUTY

Dear Judge Winsberg:

Enclosed is an order from the Supreme Court of Louisiana assigning you as judge ad hoc of all matters, civil and criminal, filed by Richard Lay in the Twenty-Second Judicial District Court, Parishes of St. Tammany and Washington on the docket of said court, subject to the completion of unfinished business.

The Supreme Court and I appreciate your willingness to accept this assignment.

Sincerely,

Mary Moises Duckert
Orders Paralegal

MMD/jsl
Enclosure

L Jdg AhOc Jdg Ah/Winsberg  Jerome Ret  Richard Lay matters 22
cc:  Honorable Raymond S. Childress, Chief Judge
      22nd Judicial District Court
      Honorable Malise Prieto, Clerk of Court
      22nd Judicial District Court, Parish of St. Tammany
      Honorable Johnny D. Crain, Clerk of Court
      22nd Judicial District Court, Parish of Washington
      Ms. Adrienne Stroble, Court Administrator
      22nd Judicial District Court
      Timothy J. Palmatier, Chief Deputy Judicial Administrator
      Louisiana State Supreme Court

FOR THE COURT:

35.

Greg Gerard Guidry, Justice

A TRUE COPY
Dy Clerk, 22nd Jdl. Dist. Court
ST. TAMMANY PARISH, LA

SUPREME COURT OF LOUISIANA

FILED

ORDER

DEC 11 2009

MAUSE FRIED, CLERK

Acting under the authority of Article V, Section 5(A), Constitution of 1974, and considering the request of Chief Judge Raymond S. Childress to assign a judge ad hoc to all matters, civil and criminal, filed by Richard Lay in the Twenty-Second Judicial District Court because of the recusal of the judges of said court, and further considering the willingness of Retired Judge Jerome M. Winsberg to accept said assignment,

IT IS ORDERED THAT:

Retired Judge Jerome M. Winsberg be and he is hereby assigned as judge ad hoc of all matters, civil and criminal, filed by Richard Lay in the Twenty-Second Judicial District Court, Parishes of St. Tammany and Washington on the docket of said court, subject to the completion of unfinished business.

This order shall not deprive the judges of the Twenty-Second Judicial District Court, Parishes of St. Tammany and Washington, of their offices as judges of the Twenty-Second Judicial District Court, Parishes of St. Tammany and Washington, or of any other courts to which they may have been assigned by previous order of this Court, nor shall it deprive Retired Judge Jerome M. Winsberg, of his office as judge of any other court to which he may have been assigned by previous order of this Court.

The Court or Judge requesting ad hoc or pro tempore assistance shall have the duty and obligation to provide the requisite courtroom and office space, legal support personnel (if necessary), court reporting and secretarial personnel, and related equipment to enable ad hoc or pro tempore judges to fulfill their obligations.

The judge assigned to sit ad hoc or pro tempore hereunder in any district, juvenile, parish, city, municipal or traffic court shall be subject to Supreme Court General Administrative Rule, Part G, Section 2. "Cases Under Advisement," with respect to deciding matters timely and reporting to this court's Judicial Administrator.

Given under our hands and seal this ___7__ day of December, A.D., 2009, New Orleans, Louisiana.

FOR THE COURT:

Greg Gerard Guidry, Justice

36.

A TRUE COPY

Dy Clerk, 22nd Jud. Dist. Court
ST TAMMANY PARISH, LA.

STATE OF LOUISIANA

VERSUS

RICHARD LAY

22ND JUDICIAL DISTRICT COURT

PARISH OF ST. TAMMANY

STATE OF LOUISIANA

DOCKET 383759 "I"

FILED: Feb. 13, 2009

DEPUTY CLERK: Sherry N. Young

## ORDER OF RECUSAL

In Defendant's motion, he suggests that there is a conflict based on the presiding judge having prosecuted one of the Defendant's earlier felony cases. Although this Court feels that it could be fair and impartial in deciding this matter, upon finding that Defendant strongly perceives that he could not get a fair hearing and in the interest of judicial economy, this Court recuses itself from hearing this matter.

The case shall be re-allotted in accordance with the ruling in Defendant's motion to recuse all judges in the Twenty-Second Judicial District, which motion has yet to be heard.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judge Reginald T. Badeaux, III be recused from this matter and that it be re-allotted in accordance with the ruling in Defendant's motion to recuse all judges in the Twenty-Second Judicial District, which motion has yet to be heard.

IT IS FURTHER ORDERED that the hearing on this matter, previously scheduled for February 12, 2009, be continued without date.

Covington, Louisiana this ___12___ day of February, 2009.

_____
REGINALD T. BADEAUX. III  Div. "I"
Judge, 22rd Judicial District Court

A TRUE COPY
_____
Dy Clerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA.

37.

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD LAY

DOCKET NO. 383759-F

FILED: *April 29, 2013*

*Rachel Sharp*
CLERK OF COURT

## MOTION FOR RECUSAL

NOW INTO COURT comes defendant Richard Lay, who moves this judge to recuse[1] himself in light of action taken against him by the Judiciary Commission under #11-8359 regarding him biased against me in handling of criminal matters before him in this case and #130,364, 131,275; #197086 and #215530 in St. Tammany Parish and #11-CRS-112035 in Washington Parish. Defendant Lay will be retaliated against by this Judge Ad Hoc in all pending cases through him continue arbitrary and ex parte rulings denying me relief to which he knows I am entitled to by law. See attached letter of proof of disciplinary actions taken and continued investigated by the Bar on defense counsel Barrow.

Respectfully submitted this 25 day of April, 2013.



Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA 71483-1260

cc:    W. Reed, District Attorney

*Denied.*
*Jerome M. Winsberg*
*Judge*
*May 30, 2013*

_____
[1] See Judicial Misconduct, Canons 1, 2, and 3.

# FILED

MAY 2 7 2021

MELISSA R. HENRY - CLERK

Deputy _Toronda Griffin_

**Toronda Griffin, Deputy Clerk**

State of Louisiana

Versus

Richard B. Lay

No. 383759-F

22nd Judicial District Court

Parish of St. Tammany

## MOTION TO CONSIDER ALL CLAIMS BEFORE THE COURT

**NOW INTO COURT** comes defendant Richard B. Lay who moves this court to rule upon all claims presented rightfully before this court under his court's original Jurisdiction-Article 5, Section 16(A) of this LA. Const. 1974 as invoked by petitioner Lay since.

1. Edwards v. Vannoy does not control whether Ramos is retroactive under Louisiana Law.

2. Ramos did not rule that Article 17, of the LA. Constitutional. 1974 and Article 782(A) of the LA.C.Cr.P. violates the Equal Protection Clauses of both the United States and the State of Louisiana Constitution which will entitle vacation of both conviction and sentence now.

May 22, 2021

_June 21, 2021_
_Granted,_
_all claims_
_will be_
_reviewed_
_by The Court._
_Jerome M. Winsberg_
_Judge_

**Richard B. Lay #110315**

Raymond LaBorde Correctional Center

Cajun 2 C2

1630 Prison Road

Cottonport, La. 71327

Cc

1. W. Montgomery
   District Attorney
2. J. Landry- Attorney General

A TRUE COPY

DyClerk, 22nd Jud. Dist. Court
ST. TAMMANY PARISH, LA.
Alfie Thomas, Deputy Clerk

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RICHARD LAY

NO.  2013 KW 1081

OCT 2 8 2013

---

In Re:    On Motion of Richard Lay, Requesting Leave to Amend
          Writ Application, 22nd Judicial District Court, Parish
          of St. Tammany, No. 383759.

---

**BEFORE:    PARRO, GUIDRY, AND DRAKE, JJ.**

**MOTION REQUESTING LEAVE TO AMEND WRIT APPLICATION GRANTED.**

EGD
RHP
JMG

COURT OF APPEAL, FIRST CIRCUIT



DEPUTY CLERK OF COURT
FOR THE COURT



Central Staff
on [  ] 13 Initials [  ]

STATE OF LOUISIANA

VERSUS

RICHARD LAY

DOCKET NUMBER : 2013-KW-1081

1st CIRCUIT COURT OF APPEAL

STATE OF LOUISIANA

## REQUEST LEAVE TO AMEND WRIT APLICATION

NOW INTO THE COURT comes defendant Richard Lay who moves this Court for "Leave To Amend Writ Application as follows:

COURT OF APPEAL FIRST CIRCUIT
FILED

JUL 1 2 2013

*Christian L Cros*
CLERK

### ISSUE(S) AND QUESTIONS PRESENTED

9. Whether the trial Court erred as a matter of law in imposing the original sentence of 2 1/2 on April 16, 2007 and holding the multiple bill hearing and Adjudication and sentence of 20-years on May 31, 2007 while pro-se motions for new trial, Arrest of Judgment and Judgment of Acquital remains outstanding as of this date[1] ?

RECEIVED
CLERK'S OFFICE

JUL 1 5 2013

COURT OF APPEAL
FIRST CIRCUIT

### ARGUMENT 9.

A review of the record reveals one patent error, which this Court erred in not noticing on direct appeal in affirming my conviction and sentence[2] Defendant Lay filed post-verdict Judgment of Acquittal, New Trial, and for Arrest of Judgment prior to sentencing on April 16, 2007, which motions were not disposed of prior to sentencing, as required by LSA-C.Cr.P. Art. 821, 853, and 861, respectively[3] the failure too rule on these motions requires that defendant Lay's sentence be vacated and the case remanded for resentencing. **State v. Jones,** 769 so.2d 28[La. App. 4 cir. 2000]; **State v. Wilson,** 683 so.2d 775, 777 [La. App. 4 cir 1996]; see also **State v. Brown,** 620 so.2d 508, 512 [La. App. 4 cir 1993]. writ denied, 625 so.2d 1062 [La. 1993].

Respectfully submitted This _11th_ day of July, 2013 under the penalty of perjury and good-faith.



Richard Lay # 110315
WNC -Elm A-1-3
P.O. Box 1260
Winnfield, La. 71483

41.

## CERTIFICATE OF SERVICE

I state a copy was mailed to Walter Reed District Attorney and Jerome Winsberg-Judge Ad Hoc properly addressed with postage affixed This_____ day of July, 2013.

_____
Richard Lay # 110315

## Footnotes

1. See State v. Melon, 660 so.2d 466 [a. 1995].

2. See Exhibit # 14

3. See Exhibit - A



# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

No. 2022-KH-01692

**VS.**

**RICHARD B. LAY**

‒ ‒ ‒ ‒ ‒ ‒

IN RE: Richard B. Lay - Applicant Defendant; Applying For Supervisory Writ, Parish of Washington, 22nd Judicial District Court Number(s) CR5-112033, Court of Appeal, First Circuit, Number(s) 2022 KW 0868;

‒ ‒ ‒ ‒ ‒ ‒

**November 21, 2023**

Writ application denied.

SJC

JDH

WJC

JBM

Genovese, J., would grant in part for the reasons assigned in State v. Reddick, 2021-01893 (La. 10/21/22) 351 So.3d. 273.

Griffin, J., would grant. See State v. Reddick, 2021-01893 (La. 10/21/22) 351 So.3d. 273. (Griffin, J. dissenting).

Weimer, C. J., recused.

Supreme Court of Louisiana
November 21, 2023

_Katie Manganauc_

Chief Deputy Clerk of Court
For the Court



$\mathfrak{Supreme\ Court}$
STATE OF LOUISIANA
$\mathfrak{New\ Orleans}$

CHIEF JUSTICE
   JOHN L. WEIMER
JUSTICES
   WILLIAM J. CRAIN
   SCOTT J. CRICHTON
   JAMES T. GENOVESE
   JAY B. MCCALLUM
   JEFFERSON D. HUGHES III
   PIPER D. GRIFFIN

Sixth District

First District
Second District
Third District
Fourth District
Fifth District
Seventh District

VERONICA O. KOCLANES
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

November 18, 2022

Richard B. Lay
RLCC - C2-C2 #45
1630 Prison Road
Cottonport, LA 71327

                         Re:  STATE OF LOUISIANA VS.
                               RICHARD B. LAY
                               2022-KH-01692

Dear Counsel:

This is to advise that the pleadings in the above entitled matter were filed on November 18, 2022. The filing was Postal Metered on October 10, 2022. The case bears the above number on the Docket of this Court.

By copy of this letter, all counsel are advised that in cases not involving a request for a stay or priority treatment an opposition or response may be filed without leave of court within fifteen days of the date of this letter.

With kindest regards, I remain,

                             Very truly yours,

                             Veronica O. Koclanes
                             Clerk of Court

**44.**

VOK: BGG




State ex rel Richard Lay

No: 2022-KH-01692

Versus

Louisiana Supreme Court

1st Circuit Court of Appeal
#22-KW-0868

State of Louisiana

A Criminal Proceedings

Application for Writs of Habeas Corpus, Certiorari, Supervisory, Mandamus and Prohibition to the 22nd Judicial District Court – Parish of Washington Docket No: 11-CR5-112033 Honorable Jerome Winsberg---Judge Ad Hoc

**Richard Lay #110215**
RLCC- Cajun 2 C2 #45
1630 Prison Road
Cottonport Louisiana 71327



1

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                         NO. 2022 KW 0868

VERSUS

RICHARD B. LAY                             **SEPTEMBER 26, 2022**

---

In Re:    Richard B. Lay, applying for supervisory writs, 22nd
          Judicial District Court, Parish of Washington, No. 11-
          CR5-112033.

---

**BEFORE:  THERIOT, CHUTZ, AND HESTER, JJ.**

    **WRIT DENIED.**

                          MRT
                          WRC
                          CHH

COURT OF APPEAL, FIRST CIRCUIT

<u>                              </u>
DEPUTY CLERK OF COURT
      FOR THE COURT







# Supreme Court
## STATE OF LOUISIANA
### New Orleans

CHIEF JUSTICE
  JOHN L. WEIMER
JUSTICES
  WILLIAM J. CRAIN
  SCOTT J. CRICHTON
  JAMES T. GENOVESE
  JAY B. MCCALLUM
  JEFFERSON D. HUGHES III
  PIPER D. GRIFFIN

Sixth District

First District
Second District
Third District
Fourth District
Fifth District
Seventh District

VERONICA O. KOCLANES
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

November 18, 2022

Richard B. Lay
RLCC - C2-C2 #45
1630 Prison Road
Cottonport, LA 71327

Re:  STATE OF LOUISIANA VS.
     RICHARD B. LAY
     2022-KH-01692

Dear Counsel:

This is to advise that the pleadings in the above entitled matter were filed on November 18, 2022. The filing was Postal Metered on October 10, 2022. The case bears the above number on the Docket of this Court.

By copy of this letter, all counsel are advised that in cases not involving a request for a stay or priority treatment an opposition or response may be filed without leave of court within fifteen days of the date of this letter.

With kindest regards, I remain,

Very truly yours,

Veronica O. Koclanes
Clerk of Court

VOK: BGG



ccs:  Hon. Jerome M. Winsberg
      Hon. Johnny D. Crain, Jr.
      Hon. Rodd Naquin, Clerk
      Warren Montgomery
      Matthew Caplan
      22nd Judicial District Court: CR5-112033
      Court of Appeal, First Circuit: 2022 KW 0868



State ex rel Richard Lay

No: 2022-KW-0868

Versus

1st Circuit Court of Appeal

State of Louisiana

State of Louisiana

A Criminal Proceedings

---

Application for Writs of Habeas Corpus, Certiorari, Supervisory, Mandamus and Prohibition to the 22nd Judicial District Court – Parish of Washington Docket No: 11-CR5-112033
Honorable Jerome Winsberg---Judge Ad Hoc

---

**Richard Lay #110215**
RLCC- Cajun 2 C2 #4S
1630 Prison Road
Cottonport Louisiana 71327



## ISSUES AND QUESTIONS PRESENTED

1.      Whether petitioner Lay has properly challenged the unconstitutionality of Article 782, of the Louisiana Criminal Code of Procedure and Article 1, Section 17 of the Louisiana Constitution 1974 under the "Equal Protection Clause" of both the United States and the State of Louisiana Constitution left open by Ramos v. Louisiana, 2020 US lexis 2407 to entitle him to relief from his conviction and sentence imposed pursuant to a 10-2 verdict?



INTERESTED PARTIES

1.    Jeff Landry
      LA Attorney General
      1885 N. 3rd Street
      Baton Rouge, LA 70802

2.    Warren Montgomery
      District Attorney
      701 N. Columbia Street
      Covington, LA 70434

3.    Jerome Winsberg-Judge Ad Hoc
      Parishes of St. Tammany / Washington
      5031 St. Charles Street
      New Orleans, LA 70115

4.    Richard B. Lay
      DOC #110315
      RLCC-Cajun 2 C2 #45
      1630 Prison Road
      Cottonport Louisiana 71327



## JURISDICTION

Jurisdiction of this court in invoked pursuant to Article 5, Section 2 and 10 of the Louisiana Constitution 1974: LSA-C.Cr.P. art. 881.5 and 930.8 A (1).See also State ex rel Becnel, 410 So. 2D 1012 [La. 1982]; and State of Louisiana v. Smith, 700 So. 2D 493 [La. 1997] [case cited].

## STATEMENT OF FACTS

1.      The State of Louisiana named and used State of Louisiana v. Lay #215530; #197086; and #1301364, 131/364, 131/275- for sentencing purposes under LSA-R.S. 15:529.1.

2.      On April 20, 2020 the United States Supreme Court ruled in Ramos v. Louisiana, 206 La. R.S. Ed. 583, 2020 US Lexis 2407 held: "Ramos felony conviction by a non- unanimous jury is unconstitutional because the Sixth Amendments protection against non-unanimous felony guilty verdicts applies against the States through the Privileges or Immunities Clause of the Fourteenth Amendment"

In the concurring opinion by Justice(s) Soto Mayor, Kavanaugh and Thomas it was said...

The majority vividly describes the legacy of racism that generated Louisiana's and Oregon's laws. *Ante*, at 1-2, 13-14, and n. 44. Although Ramos does not bring an equal protection challenge, the history is worthy of this Court's attention. That is not simply because that legacy existed in the first place-unfortunately, many laws and policies in this country have had some history of racial animus-but also because the States' legislatures never truly grappled with the laws' sordid history in reenacting them. See generally *United States v. Fordice*, 505 U. S. 717, 729, 112 S. Ct. 2727, 120 L. Ed. 2d 575 (1992) [policies that are ``traceable'' to a State's *de jure* racial segregation and that still ``have discriminatory effects'' offend the Equal Protection Clause]. Where a law otherwise is untethered to racial bias-and perhaps also where a legislature actually confronts a law's tawdry past in reenacting it-the new law may well be free of discriminatory taint. That cannot be said of the laws at issue here[1]. While the dissent points to the ``legitimate'' reasons for Louisiana's reenactment, *post*, at 3-4, Louisiana's perhaps only effort to contend with the law's discriminatory purpose and effects came recently, when the law was repealed altogether.

Today, Louisiana's and Oregon's laws are fully-and rightly-relegated to the dustbin of history. And so, too, is *Apodaca*. While overruling precedent must be rare, this Court should not shy away from correcting its errors where the right to avoid imprisonment pursuant to unconstitutional procedures hangs in the balance.

52.

---

1    See Senate Bill of Information #221 amending La. R.S. 15:529.1 effective November 1, 2017 reducing the cleansing period from 10 to 5-years for non-violent offense is applicable upon re-sentencing.




3.    Petitioner Lay based his "Equal Protection" challenges to Article 1, Section 17 of the La. Const. 1974; and Article 782A, of LSA-C Cr. P. in which State v. Lay #215530 is per se and for interruption of 10-year prescription period[2] to allow usage of State of Louisiana v. Lay #197086; #130, 364, and #131/275 which was not known to him or his counsel and did not become known to him until Ramos, supra.

Article 1, Section 17 of the Louisiana Constitution 1974; Article 782(A) of the Louisiana Code of Criminal Procedure violates defendant Lay's right to a unanimous jury verdict under both the USCA Amendment 14; and Article 1, Section 2 and 3 of the Louisiana Constitution of 1974 in light of the fact they were adopted for the sole purpose to deprive African Americans of the equal protection of rights guaranteed by the United States Constitution in order to protect the purity of the ballot and to perpetuate the Supremacy of the Anglo-Saxon race in Louisiana. Defendant Lay is an African-American citizen.

"Generally, the guarantee of equal protection requires that state laws affect alike all persons and interests similarly situated." State v. Petrovich, 396 So.2d 1318, 1322 (La. 1981). The legislature has great latitude in making laws and in creating classifications under those laws, so long as those classifications can withstand constitutional muster. See id. See also Burmaster v. Gravity Drainage Dist. No. 2 of the Parish of St. Charles, 366 So.2d 1381, 1388 (La. 1978). La. Const. art. I, 3 provides:

No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for crime.

In Sibley, this court set forth the analysis required by La. Const. art. I, 3 in the face of a legislative classification:

Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows that it does not suitably further any appropriate state interest.

---

2    See Marshal v. United States, 414 US 417, 94 S. Ct. 700, 38 L. Ed. 2d 618 (1974)



*Sibley* at 1107. Under the first level of scrutiny enumerated in *Sibley*, the law creating the classification completely falls. *See Moore v. RLCC Technologies, Inc.* p. 9, 668 So.2d at 1140. Under the second level of scrutiny, the law creating the classification [Pg 7] is prima facie proof of a denial of equal protection and the proponent of the law carries the burden of proving that the classification substantially furthers an important government interest. *See id.* p. 9-10, 668 So:2d at 1140-1141. Under the third level of scrutiny, the law creating the classification is presumed to be constitutional and the party challenging the constitutionality of the law has the burden of proving it unconstitutional by showing the classification does not suitably further any appropriate state interest. *See id.* p. 11, 668 So.2d 1141. *See also Soloco*, *supra*; *Med Exp. Ambulance Service, Inc. v. Evangeline Parish Police Jury*, 96-0543 (La. 11/25/96), 684 So.2d 359; *Manuel v. State*, 95-2189 (La. 7/2/96), 677 So.2d 116.

The Louisiana provisions authorizing non-unanimous jury verdicts were introduced into our law by the Constitutional Convention of 1898 for the purpose of discrimination against African-Americans; the provision(s) had, and continue to have, the desired discriminatory effect. On the 6th day of November, 2018, the Louisiana's Legislature caused Article 1, Section 17 of the Louisiana Constitution and Article 782. (A) of the Louisiana code of Criminal Procedure to be Amended to require unanimity verdicts on or after effective date.

3.  On July 8, 2022 the trial court "Summarily" denied relief without service upon the State and a "Evidentiary Hearing". Judgment was filed July 13, 2022.

## DISCUSSION

This court recently discussed the procedure by which a party may challenge a statue's constitutionality:

It is well-settled that a constitutional challenge may not be consider by an appellate court unless it was properly pleaded and raised in the trial court below. Although this court generally possesses the power and authority to decide the constitutionality of the provisions challenged in a defendant's motion to quash, it is not required to decide a constitutional issue unless the procedural posture demands that it do so.

Moreover, this court has consistently held that legislative enactments are presumed valid and their constitutionality should be upheld when possible. Accordingly, as a result of this presumption, if a party wishes to challenge the constitutionality of a statue, the party must do so properly.



While there is no single procedure for attacking the constitutionality of a statue, it has long been held that the unconstitutionality of a statue must be specifically pleaded and the grounds for the claim particularized.

This court has expressed the challenger's burden as a three step analysis. First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statue must be specifically pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statue. The opportunity to fully brief and argue the constitutional issues provides the trial court with thoughtful and complete arguments relating to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to consider the constitutionality of the statue.

The final step of the analysis articulated above requires that the grounds outlining the basis of the unconstitutionality be particularized. This court has thoroughly considered the standard for particularizing the constitutional grounds. The purpose of particularizing the constitutional grounds. The propose of particularizing the constitutional grounds is so that the adjudicating court can analyze and interpret the language of the constitutional provision specified by the challenger. The basic principle dictates that the party challenging the constitutionality of a statue must cite of the specific provisions of the constitution which prohibits the action.

In addition to the three step analysis for challenging the constitutionality of a statue, the specific plea of unconstitutionality and the grounds therefor must be raised in a pleading.

Thus, in light of the foregoing jurisprudential rules, in order to properly confect a constitutional challenge, a party must raise the constitutional issue in the trial court by unconstitutionality and the grounds outlining the basis of alleged unconstitutionality in a pleading.

Raising the constitutional issue in a motion has been deemed sufficient to satisfy the purpose of the three steps and analysis required to properly assert a constitutional challenge. Moreover, we recently recognized that a motion raising the constitutionality and the grounds therefor are sufficient to satisfy the three steps analysis for raising a constitutional challenge.

The final step of the analysis is that the party challenging the constitutionality of a statue particularize the grounds outlining the basis of the unconstitutionality.

Although the issue of raising constitutional grounds not particularized in trial court generally arises under circumstances in which a party raises a new or additional constitutional grounds before an






appellate court, this court has consistently found that the purpose of the three steps analysis for challenging the constitutionality of a statue is to prepare an adequate record for review. Clearly, these purpose are not satisfied if the constitutionality of a statute. Further, we not that this situation is similar to those unconstitutionality has not been placed at issue by one of the parties in a pleading. A judge's sua sponte declaration of unconstitutionality is a derogation of the strong presumption of constitutionality accorded legislative enactments.

State v. Hatton, 07-2377 (La. 7/1/08), 985 So. 2d 709, 718-20 (citations omitted).

Here, petitioner Lay raised the constitutionality of Article 782 of the Louisiana Criminal Code Procedure; and Article 1 Section 17, of the Louisiana Constitution 1974 which resulted in 10-2 verdict in State v. Lay #215530-C –22nd Judicial District Court—Parish of St. Tammany used for impeachment and enhancement purposes under LSA-R.S. 15:529.1 in violation of the "Equal Protection Clause" of both the United States and the State of Louisiana Constitutions.

The trial court's reason for the "Summarily" denial of relief is unsupported in facts and laws, and must be reversed for Service and a Answer by the State of Louisiana along with an "Evidentiary Hearing" with counsel as indigent being appointed.

Wherefore I pray appropriate relief to issue since I'm entitled to immediate release upon a resentencing.

Respectfully submitted this 3rd day of August, 2022 under the penalty of perjury and good-faith.

_____
**Richard B. Lay #110315**
RLCC-C2-C2 #45
1630 Prison Road
Cottonport Louisiana 71327

## CERTIFICATE OF SERVICE

I State of Louisiana a copy was mailed to the LA Attorney General. The District Attorney and the trial court for St. Tammany / Washington Parish this 3rd day of August, 2022 properly addressed with postage affixed.

_____
**Richard B. Lay #110315**
RLCC-C2-C2 #45
1630 Prison Road
Cottonport Louisiana 71327

3

 

_____
3    Called in question by the US Supreme Court in Ramos with a noted History of being adopted to deprive African Americans of the "Equal Protection of Rights" afforded white citizens.

8

    

United States District Court
Eastern District of Louisiana

Richard B. Lay-Pro se          Civil Action
versus
Tim Hooper - Warden's
State of Louisiana          19-9803-R(2)


Date filed: _____

                    Deputy Clerk


Part 2: Documents In Support To
Vacate And Set Aside All Judgments
based upon fraudulent misrepresent-
ation of material Facts And clearly
establish federal laws as determine
by the United States And State of
Louisiana Supreme Courts
                    Pages: 57 - 115
April __, 2025


                    Richard Lay 110315
                    EHCC - Fox 2 B
                    P. O. Box 174
                    St. Gabriel, LA
                         70778

# 2013-KH-2654

*In The*

*Louisiana Supreme Court*



### STATE OF LOUISIANA

### STATE OF LOUISIANA

### VERSUS

### RICHARD LAY

### APPLICATION FOR WRITS OF CERTIORARI, MANDAMUS AND PROHIBITION TO THE 22ND JUDICIAL DISTRICT COURT, PARISH OF ST. TAMMANY, DOCKET NUMBER 383759-F

### THE HONORABLE JEROME WINSBERG, JUDGE AD HOC

**ORIGINAL WRIT**

Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA  71483-1260

57.




**CASE HISTORY**

On July 20, 2004 a bill of information was filed charging defendant Lay with violating La. R.S.14:27/40:967.C by actual possession of cocaine. On January 27, 2006 defense counsel Spell moved for appointment of a sanity commission which was granted. Defendant Lay filed several pro se "Motions to Quash" the bill of information based on variance in the evidence alleged in the bill of information and discovery. Defendant Lay filed two pro se motions for recusal of the trial judge on May 4 and 5, 2006. On October 26, 2006 the trial court held the competency hearing and found defendant Lay competent to proceed over my objections that he lacked jurisdiction due to timely motions for his recusal were pending, to which he overruled. The recusal motions were set for hearing and ruling before Judge Ad Hoc Elaine Gulliot/Dimiceli on December 1, 2006 which was continued to December 21, 2006 to allow discovery and issuance of witness subpoenas, to be exercised pro se. On December 14, 2006, Judge Ad Hoc Dimiceli denied the motions for recusal ex parte contrary to my due process rights under La. C.Cr.P. art. 675.D. timely motions for new trial from the December 14, 2006 judgment was denied by the trial judge (Coady). On January 17, 2007 the trial court ex parte denied all pro se motions to quash the bill of information based upon variance without my presence or waiver. On March 26, 2007 defendant Lay requested to proceed pro se due to conflict of interest and ineffective counsel which the court erroneously denied alleging he feels I need counsel. On March 29, 2007 I was found guilty of violating R.S. 14:27/40:967.C by use of facsimile cocaine. Defendant Lay filed several pro so Motions for New Trial, Post-Verdict Judgment of Acquittal and Arrest of Judgment setting forth specific written grounds for relief pursuant to *State v. Melon*, 660 So. 2d 466 (La. 1995) which remains outstanding without any rulings. On April 16, 2007 I was sentenced to the maximum sentence of 2 ½ years, and arraigned on the multiple bill of information under La. R.S.15:529.1 and entered the plea of not guilty and again requested to represent myself for May 31, 2007 sentencing hearing and was denied without a Farretta hearing. Defendant Lay filed specific written objections to the multiple bill of information that the State failed to respond to and the trial court refused to address in violation of my due process rights under *State v. Melon*, supra. On May 31, 2007 I moved to Quash the multiple bill hearing as untimely pursuant to *State ex rel. Williams v. Henderson*, 289 So. 2d 74 (La. 1974) and was denied by retroactively

5.8.



applying *State v. Muhammad*, 875 So. 2d 45 (La. 5/25/04) to destroy the vested defense

in effect on April 16, 2004, the date of my offense. I was adjudicated a fourth offender

and sentenced to 20 years despite the original sentence having expired on May 25, 2007.

The First Circuit Court of Appeal in an unpublished opinion under docket number 2007-

KA-2155 on June 6, 2008. The Louisiana Supreme Court denied writs under docket

number 2008-KH-2329 on June 19, 2009. Both appellate courts refused to consider my

pro se objections under LSA-R.S.15:529.1.D(1)(a)(b). On the 8th day of February, 2013,

the Louisiana Supreme Court denied writs under docket number 2012-KH-2113 pursuant

to *State ex rel. Melinie v. State*, 665 So. 2d 1172 (La. 1995). Request for Reconsideration

was denied on March 8, 2013. On April 1, 2013 Mary Pellegrin, Deputy Clerk for St.

Tammany Parish forwarded my pro se Motion for Recusal; Motion to Correct

Unconstitutional Sentences; Request Subpoena Duces Tecum; Motion to Appoint

Counsel; Application for Writ of Habeas Corpus; Motion to Amend and Motion for

Rehearing to Judge Ad Hoc Jerome Winsberg at his office in New Orleans for a ruling.[1]

On May 30, 2013, all of the above was denied and forwarded back to Mary Pellegrin,

Deputy Clerk who forwarded to me on June 10, 2013 which I received on June 12, 2013.

This Writ Application follows.

## JURISDICTION

Jurisdiction of this Court is invoked pursuant to Article 5, Section 2 and 10 of the

Louisiana Constitution of 1974.

## ISSUES AND QUESTIONS PRESENTED

1.    This Court erroneously held on direct appeal that the use of *State v. Muhammad*,

875 So. 2d 45 (La. 5/25/04) to my offense committed on April 16, 2004 did not violate

both federal and state prohibition against retroactive application of ex post facto laws.

2.    The retroactive application of *State v. Muhammad*, supra, to my offense

committed April 16, 2004 violates both federal and state principles of fair warning under

the due process clause.

3.    The retroactive application of *State v. Muhammad*, supra, to my offense

---

[1] See Exhibit A.

 

committed on April 16, 2004 violates my due process and equal protection rights under *State ex rel. Williams v. Henderson*, 289 So. 2d 74 (La. 1974) to have the multiple bill of information quashed due to service of the 2 ½ year sentence prior to holding the multiple bill adjudication hearing.

4.      The increase of a final sentence violates both state and federal due process and double jeopardy clauses of the federal and state constitutions in light of both La. C.Cr.P. art. 881.A; and *State ex rel. Williams v. Henderson*, supra, prohibited the same which was both in effect on April 16, 2004.

5.      The use of State v. Lay #215530 to enhance my sentence under LSA-R.S.15:529.1 violates my Fifth and Sixth Amendment rights to counsel insofar as this Court on direct appeal under docket number 96-KA-1125 relied upon the same suppressed sanity commission reports by the trial court on the 27th day of March, 1995 to order a remand for a retrospective competency hearing rather than a mandatory new trial.[2]

6.      This Court erroneously held the constructive amendment to the bill of information was harmless contrary to the Louisiana Supreme Court decision in *State v. Johnson*, 637 So. 2d 1033 (6/30/94).

7.      The State breached the sentencing agreement to which I reserved the right to appeal yet I have been denied for over 29 years mandating vacation of the plea and sentence under Crosby.[3]

8.      Defendant Lay has been denied meaningful access to courts by a fair and impartial decision maker as evident by the practice of forwarding my pro se pleadings to Judge Ad Hoc Winsberg at his office in New Orleans where he has denied every constitutional attack on my convictions and sentences in St. Tammany Parish without reviewing the records.[4]

## ARGUMENT 1

### A. Federal Ex Post Facto Clause

Article 1, §10 of the United States Constitution forbids states from passing any ex post facto law. While the text of the federal constitution does not define the term, its

---

[2] See Exhibit B.
[3] State v. Lay #130/364 and 131/275.
[4] See Exhibit A.



meaning has been understood since the United States Supreme Court's decision in *Calder v. Bull*, 3 Dall. 386, 390, 1 L.Ed. 648 (1798).

The Supreme Court of the United States has recognized two purposes behind the prohibition against ex post facto laws. First, it serves "to assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S.Ct. 960, 964, 67 L.Ed. 2d 17 (1981). Secondly, it "restricts government power by restraining arbitrary and potentially vindictive legislation." *Id.*

Naturally, the clearest type of ex post facto laws are those which create a new substantive crime for conduct not criminal at the time the conduct occurred and which apply the prohibition against the new conduct retroactively. Charles E. Torcia, Wharton's Criminal Law, §13 (15th Ed. 1993); Lafave, Scott, supra (pg. 16) at §2.4. Similarly, statutes affecting criminal law by attempting to make conviction easier by eliminating a former element of an offense, taking away a defense formerly available, or changing the burden of proof have been held to be ex post facto. See *Beazell v. Ohio*, 269 US. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925). Situations where a crime's penalty is increased, and the new penalty is applied retroactively have been held ex post facto. *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed. 2d 30 (1990) adopting the *Beazell* formulation for ex post facto purposes.

The State's use of *State v. Muhammad* to destroy the preemptive defense judicially created by the Louisiana Supreme Court to my offense committed before its ruling clearly violates Article 1, §10, of the United States Constitution as interpreted by the United States Supreme Court.

## B. Louisiana Ex Post Facto Clause

Current Louisiana cases address this issue by determining whether a law passed after the commission of an offense which in relation to that offense or its punishment alters the situation of a party to his advantage. To qualify as an ex post facto law under this inquiry, the suspect legislation: (1) must be passed after the date of the offense, (2) must relate to the offense or its punishment and (3) must alter the situation of the accused to his disadvantage. See, e.g., *Police Association of New Orleans v. New Orleans*, 649 So. 2d 951 (La 1995); *State ex rel. Turner v. Maggio*, 463 So. 2d 1304, 1307 (La. 1985);



*State ex rel. Bickham v. Dees*, 367 So. 2d 283, 291 (La. 1978)(quoting *Calder v. Bull*, supra); *State v. Ferrie*, 243 La. 416, 144 So. 2d 380, 382 (1962); *State v. Caldwell*, 50 La. Ann. 666, 670, 23 So. 2d 869 (1898). See also *King v. La. Dept. Corrections*, 754 So. 2d 1119, 1122 (La. App. 1 Cir. 2/18/00)(La. Civ. Code art. 6).

The State's use of *State v. Muhammad*, to destroy the preemptive defense judicially created by the Louisiana Supreme Court to my offense committed before its ruling clearly violates Article 1, §23 of the Louisiana Constitution of 1974 as interpreted by the Louisiana Supreme Court.

## ARGUMENT 2

Article 1, §2 of the Louisiana Constitution of 1974 provides that "no person shall be deprived of life, liberty, or property, except by due process of law." One of the goals of Louisiana's system of justice is to provide both the accused and the State fair and prompt trials, appeals, and further proceedings to correct error. *Michel v. Louisiana*, 350 U.S. 91, 76 S.Ct. 158, 160, 100 L.Ed. 83, 89 (1955); *Logan v. Zimmerman, Bruch Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed. 2d 265, 279 (1982).

Following *Dreaux*[5], this court has consistently held that habitual offender proceedings do not charge a separate crime but merely constitutes ancillary sentencing proceedings such that the punishment for a new conviction is enhanced. *State v. Dorthey*, 623 So. 2d 1276, 1278-79 (La. 1993); *State v. Walker*, 416 So. 2d 534, 536 (La. 1982); *State v. Williams*, 326 So. 2d 815, 818 (La. 1976). Additionally it is generally settled that the law in effect at the time of the commission of the offense is determinative of the penalty which is to be imposed upon the convicted accused. See *State v. Narcisse*, 426 So. 2d 118, 130 (La. 1983); *State v. Wright*, 384 So. 2d 399, 401 (La. 1980); *State v. Gros*, 205 La. 935, 938, 18 So. 2d 507, 507 (1944), cert denied, 326 U.S. 766, 66 S.Ct. 170, 90 L.Ed. 462 (1942). See also *State v. Sugasti*, 820 So. 2d 518 (La. 6/21/02) where these principles were reaffirmed; and *State v. Parker*, 845 So. 2d 546, 550-51 (La. App. 1 Cir. 3/05/03).

_62_

---

[5]  *State v. Dreaux*, 205 La. 387, 392, 17 So. 2d 559, 560 (La. 1944).




The State's use of *State v. Muhammad* rather than *State ex rel. Williams v. Henderson*, in effect to preempt increasing my final sentence as of May 25, 2007, on May 31, 2007 violated my due process rights to have said multiple bill of information determined thereunder.

### ARGUMENT 3 / 4

The primary purpose of the double jeopardy clause is to protect the finality of judgments. *United States v. Scott*, 437 U.S. 82, 92, 57 L.Ed. 2d 65, 98 S.Ct. 2187 (1978); *Crist v. Bretz*, 437 U.S. 28, 33, 57 L.Ed. 2d. 24, 98 S.Ct. 2156 (1978). One of the interests protected by constitutional finality is that of the defendant to be free from being compelled to "live in a continuing state of anxiety and insecurity." *Green v. United States*, 355 U.S. 184, 187, 2 L.Ed. 2d 199, 78 S.Ct. 221 (1957). The clause applies to "multiple punishment" because, if it did not apply to punishment, then the prohibition against "multiple trials" would be meaningless; a court could achieve the same result as a second trial by simply resentencing a defendant after he has served all or part of an initial sentence. See *Ex Parte Lange*, 85 U.S. (18 Wall.) at 175. Similarly, if a court can "increase a defendant's sentence after service has begun for any reason, or for no reason at all, then the interest in protecting a defendant from being compelled to live in a continuing state of anxiety is lost.

Thus, the issue before this court is whether the defendant in this case had a legitimate expectation of finality in the severity of his sentence originally imposed by the district court per se and after service in full prior to the multiple bill adjudication hearing and sentence rooted in state law.

**A. Art. 881. Amendment of Sentence**

A. Although the sentence imposed is legal in every respect, the court may amend or change the sentence, within the legal limits of its discretion, prior to the beginning of execution of the sentence. *State v. Bush*, 875 So. 2d 134 (La. App. 2d Cir. 2004); *State v. Kennerson*, 817 So. 2d 110 (La. App. 3d Cir. 2002). See also *State v. Gant*, 558 So. 2d 705 (La. App. 1st Cir. 1990), cert. den. 564 So. 2d 319 (La. 1991).

B. The Louisiana Supreme Court's per curiam opinion in *State ex rel. Glynn v. Blackburn*, 485 So. 2d 926 (La. 1986) which cited *State ex rel. Williams v. Henderson*,







289 So. 2d 74 (La. 1974) for the proposition that proceedings to enhance a sentence under La. R.S.15:529.1 must be completed before the defendant satisfies his sentence on the underlying felony and has been discharged from custody for that offense.

The United States Court of Appeals in ***Hernandez v. Quarterman***, 340 Fed. Appx. 210, 2009 U.S. App. LESIS 16759 (5th Cir. 2009)[6] held:

It would be unreasonable to conclude that a double jeopardy violation has not occurred if (1) a prisoner legitimately, i.e. reasonably, believes that his sentence would end on a date certain, (2) that date comes, (3) the State takes some action consistent with a completed sentence, and (4) the State thereafter reincarcerates that former prisoner because of a change in the previous interpretation of La. R.S.15:529.1 after commission of my offense (emphasis added). ***United States v. Di Francesco***, 449 U.S. 117, 136, 101 S.Ct. 426, 66 L.Ed. 2d 328 (1980); and ***In Re Bradley***, 318 U.S. 50, 52, 63 S.Ct. 470, 87 L.Ed. 2d 608 (1943). See ***St. Pierre v. United States***, 319 U.S. 41, 87 L.Ed. 1199 (1943)(a sentence is moot once fully served). Compare ***State v. Smith***, 700 So. 2d 493 (La. 1997). See also ***United States v. Morton***, 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed. 2d 680 (1984)(lack of subject matter jurisdiction); and ***Arellamo-Rios***, 799 F.2d 5520 (190)(citing *Lange* and *Bradley*, to prevent an increase of a final sentence).

The State's increase of my final sentence originally imposed on April 16, 2007 on May 25, 2007, over my objections pursuant to ***State ex rel. v. Williams***, and *Glynn* clearly is contrary to my due process and double jeopardy rights under said cases and La. C.Cr.P. art. 881.A in effect on the date of my offense (April 16, 2004).

### ARGUMENT 5 (215530)

Had counsel Doyle Spell made these specific objections to use of ***State v. Lay*** #215530 none of the prior predicates including #215530 could have been used for sentencing purposes under state law.

(1)    The trial court suppressed the sanity commission reports of Dr. Pratt and Ourso

---

[6]    Unlike ***Hernandez***, Petitioner Lay has identified two sources in state law to prohibit the increase of a legal final sentence in effect on the date of my offense for double jeopardy protection under *Di Francesco*. See *Hernandez v. Thaler*, 366 Fed. App. 530, 2010 U.S. App. LEXIS 3203 (5th and 11th Cir. 2010).

 

due to; 1) the reports and examination were untimely; 2) Dr. Ourso was not licensed at the time of his appointment; and 3) defendant was denied the right to consult with counsel prior to examination contrary to his due process and Sixth Amendment right to counsel under USCA Amen. 5 and 6. On March 27, 1995 , before Judge Ad Hoc Hillary J. Crain. *Estelle v. Smith*, 431 U.S. 454, 467-69 (1981); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); and *Satterwhite v. Texas*, 486 U.S. 249, 260, 108 S.Ct. 1792 (1988).

(2)      The trial court upon oral motion of defense counsel Douglas Ellis, on March 27, 1995, vacated the appointment of the sanity commission and defendant's only plausible defense of not guilty and not guilty by reason of insanity without first holding a mandatory contradictory hearing under La. C.Cr.P. art. 647 contrary to my due process rights under *State v. Nomey*, 613 So. 2d 157 (La. 1993); *Pate v. Robinson*, 383 U.S. 375 (1966); and *State v. Carney*, 663 So. 2d 470 (La. App. 2nd Cir. 1995)(cases cited).

(3)      The trial court's determination of competency to proceed on March 27, 1995[7] without compliance with *State v. Bennett*, 345 So. 2d 1129 (La. 1977)(rehearing); *State v. Nomey*, supra, coupled with the fact he relied upon the suppressed sanity commission report of Dr. Pratt which contained false statements that I failed to appear for my initial sanity hearing and missed several appointments for evaluation with Dr. Pratt when in fact no notice of these alleged hearings/appointments were served upon me as mandated by La. C.Cr.P. article 731 is contrary to my due process and Sixth Amendment right to counsel. *Estelle v. Smith*; and *Satterwhite v. Texas*, supra.

(4)      (A) The appellate court's February 14, 1997 decision remanding for a full retroactive competency hearing based upon the suppressed sanity commission report of Dr. Pratt which contained the false statements that I failed to appear for my initial sanity hearing and missed several appointments for evaluation with Dr. Pratt when in fact no notice of these alleged hearing/appointments were served upon me as mandated by La. C.Cr.P. article 644.8 and 731 is contrary to my due process and Sixth Amendment right to

---

[7] First trial on June 12, 1995 ended in a hung jury. Second trial on September 18, 1995 resulted in a conviction.

counsel. *Estelle v. Smith*, supra; *Satterwhite v. Texas*, supra; and *Strickland v. Washington*, supra.

(B) The appellate court's February 14, 1997 decision remanding for a full retroactive competency hearing rather than vacating the conviction and sentence and remanding for a new trial is contrary to *State v Nomey*, supra; *Pate v. Robinson*, supra; and *State v. Carney*, 663 So. 2d 470 (La. App. 2nd Cir. 1995) mandating automatic reversal under the due process clause, see *State v. Seals*, 831 So. 2d 828 (La. 2002).

(5)    The trial court on remand for the retrospective competency hearing failed to place the burden upon the State of Louisiana to prove beyond reasonable doubt the admissible[8] documents in the trial proceedings showed the defendant to be competent under *State v. Nomey*, supra; *State v. Seals*, supra; and *Pate v. Robinson*, supra, is contrary to and an unreasonable application of those cases. See *State v. Snyder*, 50 So. 2d 832 (La. 1999) citing *Lokus v. Capps*, 625 F.2d 1258 (5th Cir. 1980) and *Reynolds v. Norris*, 86 F.3d 696, 802 (8th Cir. 1996).

(6)    The First Circuit Court of Appeal's decision based upon the conclusion that counsel Ellis' decision to withdraw the not guilty and not guilty by reason of insanity plea and the request for determination of my competency at the time of this offense and to proceed was a tactical[9] decision is misplaced since insanity was my only possible plea, I was currently under psychotropic medication and mental health treatment, I was previously found not guilty by reason of insanity by the 22nd Judicial District Court, Parish of St. Tammany and sentenced to East Feliciana State Hospital for several years and I have been hospitalized and treated for numerous psychiatric illnesses in various states in the United States within the past 30 plus years for paranoid schizophrenic; anti-

---

[8]  The State of Louisiana and the trial court used the suppressed sanity commission reports and findings contrary to my due process and Sixth Amendment right to counsel in finding of competency to proceed on September 18, 1995.

[9]  In *Bouchillon v. Collins*, 907 F.2d 589 (5th Cir. 1990) held tactical decisions must be made in context of reasonable amount of investigation not in vacuum. It is not enough to assume that counsel...though there was no defense, and exercised his best judgment...neither [he] nor the court could say what a prompt and thorough ongoing investigation might disclose as to facts. *Powell v. Alabama*, 287 U.S. 45, 58, 53 S.Ct. 55, 60 (1932). See *Davis v. Alabama*, 596 F.2d 1214 (5th Cir. 1979).



social personality; bipolar disorder; drug dependency prone - mixed typed. That no

determination of my competency at the time of this offense was ever made as indigent as

required under *Lynch v. Overholser*, 369 U.S. 705, 708-09; *State v. Bennett*, supra...nor

a lawful determination of my competency to proceed in accordance with due process as

mandated by La. C.Cr.P. article 647, is contrary to and an unreasonable application of

*Strickland v. Washington*, supra. See also evidentiary hearing transcript before this court

in *Lay v. Blackburn*, 86-3807 (E.D. La. 1986) and the psychiatric records filed therein.

Petitioner Lay continues to suffer from psychiatric problems as evident by the psychiatric

records filed in *State v. Lay*, 383759-F from the State of Mississippi involving his

competency at the time of the offense; to proceed to trial; and the insanity defense.

(7)      Defendant was deprived of a fair trial by allowing the State witnesses Simon and

Swenson to testify as to what out of court declarants did and said without objection by

counsel; and an opportunity to confront and cross examine them.

A hearsay statement is a statement, other than one made by the defendant while

testifying at the present trial or hearing, offered in evidence to prove the truth of the

matter asserted. 5 John H. Wigmore, *Evidence in Trial at Common Law* 1364 (Chadbourn

Rev. 1924); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence 800*

(04)(1991); La. Code Evid. Art. 801(C); *State v. King*, 355 So. 2d 1305 (La. 1978). In the

present case such testimony by Officer Simon and Swenson consisting of out of court

declarants was offered for purpose of showing the truth of their statements and to bolster

their credibility which was an issue to be resolved by the jury. *Idaho v. White*, 110 S.Ct.

3129.

On direct examination concerning the night of December 3, 1992, and my identity

Officer Simon testified he knew me from prior dealings and I ran from car to car to locate

crack to sell to him suggesting that I sold him crack on more than one occasion. Counsel

failed to object and move for mistrial on the basis of other crimes evidence to which no

Prieur notice was given and due to the prejudicial effects of these statements. 277 So. 2d

126 (La. 1973); and *Old Chief v. U.S.*, 519 U.S. 172, 117 S.Ct. 644 (1997).

Generally, an explanation of the officer's action should be an acceptance basis

upon which to admit an out of court declaration when the so called "explanation"

involves a direct assertion of criminal activity by the accused. *State v. Hearold*, 603 So.

  

67.

2d 731 (La. 1992); *Idaho v. White*, supra.

As held by the U.S. Supreme Court in *Tennessee v. Street*, 471 U.S. 409, 413 (1985), the confrontation clause is violated when "hearsay evidence" is admitted as substantive evidence against the defendant with no opportunity to cross examine the hearsay declarants at trial. See *Ohio v. Roberts*, 448 U.S. 56, 65-66 (See *State v. Bernard*, 326 So. 2d 332; state statute cannot prevail against constitutional rights declared by U.S. Supreme Court).

(8)     The State committed perjury in denying disclosure of the CI, the only eye witness to this false arrest/conviction.

In *Rovario v. United States*, 353 U.S. 53 (1957), the Supreme Court crafted a balancing test to determine when the government must disclose the identity of a confidential informant. The Rovario test requires courts to balance the defendant's need for disclosure to ensure a fair trial with public's interest in preserving the informant's anonymity and encouraging citizens to report crime. A defendant my satisfy the burden of showing need by establishing that the informant is a material witness or that the informant's testimony is crucial to the defense. See *State v. Dabon*, 337 So. 2d 502, 503 (cases cited).

In *State v. Johnson*, 532 So. 2d 103 (La. 1988) the court held once the identity of the undercover officer / CI has been revealed, the privilege of withholding that information no longer serves its underlying purposes. Cf. *State v. Dick*, 362 So. 2d 547, 550 (La. 1979); See also *State v. Gaines*, 532 So. 2d 103 (La. 1988)(cases cited).

The disclosure of the CI was mandated under law once revealed by the State in *State v. Fortenberry*, #215,321, 22nd J.D.C., Parish of St. Tammany, on April 24, 1994 over a year before both of my trials and motion to identify him by officers Simon and Strahan involving the same drug operation (Masquerade) I was under prosecution for yet these witnesses and the DA's office suppressed the fact he was revealed through the perjured testimony of officer Simon and Swenson.

(9)     The State deprived me of a fair trial by suppression of Brady and Giglio material resulting in knowing use of perjured testimony by officers Thompson, Swenson, and Simon by the State of Louisiana.



In *U.S. v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed. 2d 342 (1976) held that duty to disclose Brady material is applicable even though there has been no request by the accused, and that duty encompassed impeachment evidence as well as exculpatory evidence. *U.S. v. Bagley*, 473 U.S. 667, 676, 105 S.Ct. 3375, within the ambit of Brady involving knowing use of perjured testimony, reversal was required if there was, "any reasonable likelihood" that the false testimony had affected the verdict. *Id*. at 103 (citing *Giglio v. U.S.*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed. 2d 104 (1972), in turn quoting *Napue v. Illinois*, 360 U.S. 264, 271, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959). The court has treated "reasonable likelihood" as synonymous with "reasonable possibility" and thus has equated materiality in the perjured testimony cases with a showing that suppression of the evidence was not harmful beyond a reasonable doubt. *Bagley*, supra at 678-680, and N. 9, 105 S.Ct. 3375, see also *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed. 2d 353 (1993)(defining harmless beyond a reasonable doubt standard as no reasonable possibility that the trial error contributed to the verdict).

The State knowingly suppressed Officer Simon and Strahan's testimony in *State v. Fortenberry*, supra, who worked as a team collecting the evidence under operation which impeaches all three state witnesses testimony at my trial in September 1995 resulting in conviction in pertinent part:

> (A) Officer Simon never kept and preserved the evidence in his file cabinet in which he was the only one with a key but the evidence was placed in a mailbox. Which Officer Thompson had the only key and she retrieved daily for processing.
> (B) Officer Strahan revealed the informant who worked with Simon by Milton Melvin Wilson a.k.a. Zeke which Officer Simon and Swenson swore they would never reveal for fear of his life (CI) and never been able to get someone else at my trial.
> (C) Officer Thompson testified at my trial she never collected the evidence for processing until gave her by Officer Simon on January 5, 1993.

The State knowingly suppressed Officer Simon's testimony in *State v. Thornton*, 671 So. 2d 481, 484 (La. App. 1st Cir. 1995) and allowed him to testify falsely as follows;

> A. The make-up was black at my trial and brown in 1994.
>
> B. That he used four patrol cars stationed four blocks away and he didn't know the officer's name at my trial, but in 1992 on same date and night there was no patrol cars but Strahan was in position by himself conducting surveillance.
>
> C. That he couldn't get an officer close enough in position to conduct a surveillance when Strahan in fact was on December 3, 1992 the date of my



offense; and

D. That there was no witness to the drug buy on behalf of the State other than the CI when in fact Strahan was witnessing the same.

The transcript of Thornton and Fortenberry which were available at both trial, motions to suppress evidence and motions to reveal the CI were Brady material as recently affirmed by the U.S. Supreme Court in *Strickles v. Greene*, 119 S.Ct. 1936 (1999), since (1) it was impeaching; (2) it was suppressed by the State and (3) petitioner was prejudiced. Thus, the question is not whether the defendant would more than likely than not received a different verdict with the suppressed evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. *Id.* at 1940, citing *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed. 2d 490. See also *State v. Fuller*, 721 So. 2d 1, 13 (La. App. 1st Cir. 1998).

Officer Simon and Strahan's trial testimony in Thornton and Fortenberry favors and supports defendant trial testimony that he was framed by these two officers in light of the fact officer Jay Strahan sat at all pretrial motions hearings and both trials and allowed the State of Louisiana through officer Simon, Swenson and Thompson to testify falsely resulting in my conviction without due process.

(10)     The State of Louisiana subjected defendant to double jeopardy by filing a bill of information charging him with violating LSA-R.S. 40:967.A(1) and 40.981.3; returning a verdict of guilt as to LSA-R.S. 40:967(C) and 40; 981.3 involving the same evidence and again enhancing my sentence under LSA-R.S. 15.529.1 after enhancing my conviction under LSA-R.S.40:967.(C) and under R.S. 40:981.3.

The penalty provisions enacted in R.S.40:981.3 were intended by the legislature to delimit the permissible punishment for that offense because the statute takes into account the fact of defendant's predicate conviction(s) under LSA-R.S.40:967(C) and the legislature gave no indication that it intended the multiple billing procedure to remain available as a vehicle for further enhancement of the penalty. *State v. Brown*, 648 So. 2d 872, 878 (La. 1995); *State v. Sanders*, 337 So. 2d at 1135. The results in Sanders were in keeping with well established doctrine that criminal and penal laws are strictly construed. LSA-R.S. 14:3; *State v. Gayle's*, 313 So. 2d 799 (La. 1975)(cases cited) and consistent with *State v. Carroll*, 337 So. 2d 475 (La. 1976), where the court deciding whether the




legislature intended for the defendant's act to constitute more than one violation of a criminal statute, held that in absence of an express legislative intent, any doubt should be resolved in favor of lenity; and not so as to multiply the penalty imposed upon defendant. See *State v. Cox*, La. 1977, 344 So. 2d 1024; *State Pizza*, La. 1992, 596 So. 2d 817; *North Carolina v. Pearce*, 395 U.S. 711; *Crist v. Brets*, 437 U.S. 28, 29; *U.S. v. Johnson*, 467 U.S. at 499; *Garrett v. U.S.*, 471 U.S. 773, 779. See Legislative bill enacting La. R.S. 40:981.3 and *State v. Murray*, 357 So. 2d 1124 (La. 1978)(double jeopardy).

(11)    The State of Louisiana through its judicial systems denial to vacate and set aside the conviction and sentence stems from a contrary and an unreasonable application of the aforesaid clearly established jurisprudence or based upon facts not contained in the records thus mandating an evidentiary hearing with counsel as indigent. *Schriro v. Landrigan*, 127 S.Ct. 1933 (2003).

(12)    This unconstitutionally obtained conviction was used on May 31, 2007 to enhance my present sentence number 383759-F under LSA-R.S.15:529.1.

(13)    Had counsel Spell challenged the use of *State v. Lay* #215530 being used to enhance my sentence under a. R.S. 15:529.1 as an absolute nullity being that it was obtained without a lawful determination of my competency to proceed this conviction could not be used nor any of the others being that more than 10 years has elapsed between those convictions and my conviction on April 16, 2007.

On the 22nd day of September, 1994 the trial judge appointed a sanity commission upon defense motion. On March 27, 1995 the trial judge unlawfully allowed defense counsel to withdraw my only plausible defense to the criminal charge of not guilty and not guilty by reason of insanity, and the Application to Determine My Competency an Appointment of Independent Expert without notice and my consent. On the 18th day of September, 1995, I was found guilty and sentenced upon violating LSA-R.S.40:981.3 and 15:529.1. On May 3, 2007 this conviction was used to enhance *State v. Lay* #383759-F affirmed on appeal under 2007-KA-2155.

These convictions and sentences are null and void due to the trial court's breach of statutory and my due process rights by allowing the case to proceed to trial after erroneously allowing counsel to withdraw the appointment of the sanity commission and




my only plausible defense of not guilty and not guilty by reason of insanity without notice

and my voluntary consent.

Louisiana's statutory scheme for detecting mental incapacity "jealously guards a

defendant's right to a fair trial." *State v. Nomey*, 613 So. 2d 157, 161 (La. 1993); *State v.

Rogers*, 419 So. 2d 840 (La. 1982); LSA-C.Cr.P. arts. 641 et. seq. Prosecuting a

defendant who lacks the mental capacity to understand the nature and object of the

proceedings against him or to assist in his defense violates his right to due process.

*Nomey*, supra. Similarly, failing to observe procedures adequate to protect a defendant's

right not to be tried or convicted while incompetent to stand trial deprives him of his due

process right to a fair trial. *Nomey*, supra, citing *Drope v. Missouri*, 420 U.S. 162, 95

S.Ct. 896, 43 L.Ed. 2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15

L.Ed. 2d 815; *Rogers*, supra.

"Due process and Louisiana's statutory law requires that the issue of the

defendant's mental capacity to proceed shall be determined by the court." *Rogers*, supra

at 843. LSA-C.Cr.P. arts. 642 and 643.

Furthermore, the above articles, when read pari materia, implicitly require the trial

court to rule on the defendant's motion and determine whether a "reasonable ground to

doubt the defendant's mental capacity" exists before proceeding further in the

prosecution. Withdrawing a Motion to Appoint a Sanity Commission is a further step in

the prosecution. Also, permitting such a motion to be withdrawn takes the ultimate

decision of competency away from the court. *Pate*, supra at 383-84; *State v. Harris*, 406

So. 2d 128 (La. 1981).

As stated by Justice Blackmon, "the Due Process Clause does not simply forbid

the State from trying and convicting a person who is incompetent. It also demands

adequate anticipatory, protective procedures to minimize the risk that an incompetent

person will be convicted. *Medina v. California*, 505 U.S. 437, 458, 112 S.Ct. 2572, 2584,

120 L.Ed. 2d 353 (1992)(Blackmon, J. dissenting)(emphasis in original); *Nomey*, supra.

To uphold this conviction and sentence would deprive defendant of the protective

measures set forth in Louisiana's criminal code and, thus, deprive defendant of his due

process rights. See *Nomey*, supra.



## ARGUMENT 6

Trial counsel Doyle Spell was ineffective by allowing the State to constructively amend the bill of information to change the evidence from cocaine to imitation cocaine after trial had begun without objection despite knowledge that my Motion to Quash based on the evidence in the bill of information (cocaine) and testimony in the preliminary hearing and discovery alleged only facsimile cocaine was denied on January 19, 2002.

LSA-C.Cr.P. art. 487 provides that the court may order an indictment amended before trial begins. If the indictment is amended after trial begins, "a mistrial shall be ordered." The Fourth Circuit adopted this principle in *State v. Wheeler*, 665 So. 2d 286 (12/14/95). There the court found that the trial court committed reversible error by allowing the State just like in Lay's case to amend the indictment against the defendant to charge her with a different violation during trial.

The Wheeler court was following the Supreme Court precedent set in *State v. Johnson*, 637 So. 2d 1033 (6/03/94). The court held that the State may not substantively amend a bill of information to charge a new offense once trial has begun. In Johnson, at trial the evidence revealed that appellant possessed both cocaine and imitation cocaine, or "bunk." The original charges against the appellant were for possession of cocaine with the intent to distribute. In his instructions to the jury, the trial court instructed them that they could return a guilty verdict if they found that the appellant had violated the relevant statute on possession of a counterfeit controlled substance. The Supreme Court ordered the conviction overturned. See *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

The court in Johnson explained that the Louisiana Constitution provides that in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. This requirement protects the accused to prepare a defense and exercise fully his rights of confrontation and cross examination. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. *State v. Johnson*, 637 So. 2d 1033, at 1034-35 (internal quotations and citations omitted).

Here the minutes reflect that on January 19, 2007 the trial court denied all pro se

73.



73.

motions to quash based on variance in the evidence alleged in the bill of information (cocaine) and discovery (imitation cocaine). There was never any amendment of the bill of information prior to trial and the jury charge broadened the possible basis for a conviction by adding a new and separate crime not contained in the bill of information to consider. Additionally, no instruction was given concerning the attempt, possession of actual cocaine to which defendant Lay objected.

The Sixth Amendment guarantees defendants the right to effective assistance of counsel at every critical stage of the proceedings against them. *Burdine v. Johnson*, 262 F.3d 336, 344 (5th Cir. 2001). See *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S.Ct. 1, 157 L.Ed. 2d 1 (2003). this right is denied when defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense. *Yarborough*, 540 U.S. at 5, 124 S.Ct. 1, citing *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed. 2d 471 (2003). This court reviews claims of ineffective assistance of counsel under the two pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

First, counsel's assistance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This court has described this standard as requiring that counsel "research relevant facts and law or make an informed decision that certain avenues will not be fruitful." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000)(quoting *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 199). Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention. *Id*. Lay's trial counsel (Doyle) failed to meet this standard by failing to raise the herein specific objections to the trial errors resulting in the conviction and sentencing errors resulting in the increase of my sentence after service of the original sentence in full.[10] Additionally, appellate counsel (Beard) was ineffective for refusing to assign the herein claims on direct appeal under the assignment of ineffective trial counsel resulting in a denial of a due process appeal with effective counsel.

_____

[10] See *United States v. Conley*, 349 F.3d 837 (5th Cir. 2003) citing *Glover v. United States*, 531 U.S. 198, 203 (2001).

### ARGUMENT 7

(a)    I was denied the right to appeal the convictions and sentence with counsel as indigent despite reserving said appellate rights under *State v. Crosby*, 338 So.2d 584 (La. 1976); *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).[11]

(b)    I was incompetent at the time of the pleas and trial court abused its discretion by accepting the pleas without holding a competency hearing violating my due process rights under *Pate v. Robinson*, supra.[12]

### ARGUMENT 8

Under the Fourteenth Amendment to the United States Constitution and Article 1,§2 of the Louisiana Constitution of 1974, a citizen is protected against deprivations of life, liberty, or property without "due process of law." The meaning of these provisions is clear:

Persons whose rights may be affected by State action are entitled to be heard, and in order that they may enjoy that right, they must be notified. It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner. *In re. Adoption of B.G.S.*, 556 So. 2d 545, 549 (La. 1990). These protections "come into play only if the private interest asserted is constitutionally cognizable." *Id.*. Once the interest has been shown, "a proper evaluation of the State's process can be made in light of the relative importance of the private and public interest at stake." *Id.*

Traditionally, "it has long been recognized that the due process necessitates…that all persons are entitled to their day in court." *Billman v. Sumrall*, 464 So. 2d 382, 384 (La. App. 1st Circuit 1982). Although this "guarantee of access to the courts is in reality a guarantee of due process, "the Louisiana Constitution of 1974 has a specific constitutional provision that governs such matters. *Crier v. Whitecloud*, 455 So.2 d 1279, 1283 (La. App. 4th Cir. 1984), writs granted, 460 So. 2d 594 (La. 1984), reversed 486 So. 2d 713 (La. 1986), affirmed on rehearing, 496 So. 2d 305 (La. 1986). La. Const. Art. 1, §22 provides:

---

[11] State v. Lay #130/364 and 131/275.
[12] See #7.




All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or to her rights. This right becomes especially important if there has been a "successful invocation of this governmental power by plaintiffs" so as to create "serious problems" to defendants rights. ***Boddie v. Connecticut***, 401 U.S. 371, 377, 91 S.Ct. 780, 785, 28 L.Ed. 2d 113 (1971); ***Bazley v. Tortorich***, 397 So. 2d 475, 485 (La. 1981); and ***United States v. Kras***, 409 U.S. 434, 447, 93 S.Ct. 631, 636, 34 L.Ed. 2d 626 (1973).

The following ex parte rulings concerning criminal cases within the 22nd Judicial District Court by Judge Ad Hoc Jerome Winsberg since his appointment in his office in New Orleans sent there to him by employees of the Clerk of Court's office continues to violate my due process and access to courts as evident by his latest rulings on May 30, 2013 enclosed since:

(1)    Valid motions for his recusal were filed yet he refused to recuse himself or appoint another judge to hear the same but continues to deny post conviction and sentencing relief.

(2)    Valid motions for post conviction and sentencing relief have been filed in this case and #215530; #197086 and 130/364, 131/275 yet he refuses to serve upon the District Attorney for an answer as mandated by La. C.Cr.P. art. 927.

(3)    Valid claims have been alleged and/or established for post conviction and sentencing relief yet he refuses to appoint counsel to perfect them pursuant to ***Martinez v. Ryan***, 132 S.Ct. 1309 (3-20-12); and/or La. C.Cr.P. art. 930.7.

(4)    Valid constitutional claims have been alleged and/or established to which documents are sought as indigent in support thereof under ***State ex rel. Bernard v. Criminal District Court***, 653 So. 2d 1174 (La. 1995) yet the requests are repeatedly denied ex parte contrary to ***Bernard***, supra.

WHEREFORE petitioner Lay prays the following relief to issue:

(A)    Reverse all post conviction and sentencing judgments as to State v. Lay #383759-F; 215530; 197086 and 130/364, 131/275 made in his New Orleans Office sent to him by the 22nd Judicial District Clerk's office for St. Tammany Parish to which he has rubber stamped denied without reviewing the records on file for the same reason the Louisiana





Supreme Court ordered the 5th Circuit Court of Appeal to reconsider all judgments in which the Clerk rubber stamped the justices name in pro se writs denied;

(B)     Recuse him from hearing and deciding any criminal and civil cases within the jurisdiction of the 22nd Judicial District Court; and

(C)     Remand for an evidentiary hearing with conflict-free counsel being appointed to perfect these claims as indigent before a different judge.

Respectfully submitted this 9th day of Nov., 2013 under the penalty of perjury and in good faith.

Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA  71483-1260

## CERTIFICATE OF SERVICE

I state a copy of this Writ Application was mailed to Judge Ad Hoc J. Winsberg and Walter Reed, District Attorney, this 9th day of Nov., 2013, properly addressed with postage affixed.

Richard Lay #110315





Office Of The Clerk

# Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

**Christine L. Crow**
**Clerk of Court**

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

October 28, 2013

Docket Number: 2013 - KW - 1081

State Of Louisiana
        versus
Richard Lay

TO:  Richard Lay                      Hon. Walter P. Reed
     WNC Elm A-1-5                     St. Tammany Parish
     P.O. Box 1260                     701 North Columbia St.
     Winnfield, LA 71483              Covington, LA 70433

     Hon. Jerome M. Winsberg
     5031 St. Charles Ave.
     New Orleans, LA 70115

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

CHRISTINE L. CROW
CLERK OF COURT





78.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

RICHARD LAY

NO.  2013 KW 1081

OCT 2 8 2013

In Re:   Richard Lay, applying for supervisory writs, 22nd
         Judicial District Court, Parish of St. Tammany, No.
         383759.

BEFORE:  PARRO, GUIDRY, AND DRAKE, JJ.

   WRIT DENIED.

                              EGD
                              RHP
                              JMG

COURT OF APPEAL, FIRST CIRCUIT

_____
       DEPUTY CLERK OF COURT
         FOR THE COURT



'79.

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD B. LAY

DOCKET NO. 11-CRS-112033

FILED: _____

_____
CLERK OF COURT

EXHIBIT D
#11-CR5-112033

1. Original and oral bill of information upgrading from misdemeanor to a felony depriving court of jurisdiction to accept any verdict of guilt on the felony charge but only a misdemeanor.[1] *State v. Breaux*, 504 So. 2d 11 (La. App. 1 Cir. 1987); *State v. Cook*, 372 So. 2d 1202 (La. 1979)...page 1-4.

March 7, 2013.

Richard Lay #110315
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA 71483-1260

cc:    L. Wall, ADA

---
[1] See La. C.Cr.P. art. 487



STATE OF LOUISIANA         DOCKET No: 11-CR5-112033

VERSUS         22ND JUDICIAL DISTRICT COURT

RICHARD B. LAY         PARISH OF WASHINGTON

Date Filed:_____         _____

                                  Deputy Clerk

## MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE
**********************************************************************

    Now into the Court comes defendant Richard Lay who moves this Court to
"Vacate and Set Aside" conviction and sentence due to lack of Jurisdiction based
on defective bill of information.

1). The Bill of information fail to comply with La C. Cr. P. art. 483 insofar it does
not State:

(a) Name and Nature of the prior offense; and

(b) The Court of conviction See State v. Bouzigard, 286 So. 2d 633, 635 (La.
1973).

October 4, 2016

CC
Filed




                         Richard Lay #110315
                         R.L.C.C. Cajun 2 A-1
                         1630 Prison Road
                         Cottonport, La. 71327



A True Copy of Original
This_____
_____
Dy. Clerk of Court



MAY 13, 2013

THE TWENTY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG, DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA                                              **CASE #: 11-CR5-112033**
VS                                          CHARGE:
RICHARD LAY                                  BATTERY OF A CORRECTIONAL FACILITY
                                            EMPLOYEE

May 13, 2013                                        JEROME WINSBERG

This cause came on for multiple offender hearing.  Present, Leigh Anne Wall, assistant district attorney, Ernest Barrow, attorney for the defendant and the defendant, Richard Lay.

At this time, the following motions were addressed to wit;

Amended Motion to Disqualify Counsel is denied.
Note objection by Mr. Lay.

Motion for Recusal is denied.
Note objection by Mr. Lay.

Motion to Continue is denied.

Opposition to Multiple Bill is denied.

State witness, Assistant Warden John Jerrell called and sworn.

State Exhibit #1 - Certified copies of record from Rayburn Correctional Center offered, filed and introduced.

Note Objection by Mr. Lay.

State Exhibit #2 - Certified copies from docket 383759 out of St. Tammany Parish offered, filed and introduced.

Felix Indest called and sworn.

State Exhibit #3 - Certified copies from docket 215530 out of St. Tammany Parish, offered, filed and introduced.

Officer James Folks called and sworn.

State offers witness as an expert in the field of fingerprint analysis and the court accept witness as expert in this field.

State Exhibit #4 - Certified copies from docket 197086 out of St. Tammany Parish, offered filed and introduced.

State Exhibit #5 - Certified copies from docket 130364 out of St. Tammany Parish, offered, filed and introduced.

The State submits this matter to the court, whereupon, the court finds the defendant to be a 4th felony offender and hereby vacates and sets aside the previous sentence in this matter and sentences the defendat as follows;

Pursuant to Act 15:529.1, the court sentences the defendant to serve a period of twenty two (22) years hard labor without the benefit of probation, parole or suspension of sentence in the custody of the Louisiana Department of Public Safety and Correction as a 4th felony offender.

The defendant is given credit for any time served subsequent to arrest and this sentence is to run concurrent with any sentence now being served.

The court advised the defendant he has two (2) years from the date the judgment of conviction becomes final to file any and all petitions for post conviction relief.

Thirty (30) days to file for appeal.

Thirty (30) days to file for reconsideration of sentence.





Sunrise web Server
pickup Standard pricing

PARTICIPATING LOCATIONS

## Charges crumble after cell phone video uncovered

DOUGLAS L. DENDINGER, on or about August 20, 201
the specific intent of distorting the results of any criminal
reasonably prove relevant to a criminal investigation or proce

COUNT 2
R.S 14:35 SIMPLE BATTERY
DOUGLAS L. DENDINGER, on or about August 20, 201
Chad Cassard, without the consent of the victim.

COUNT 3

Charges crumble after cell phone video surfaces WWL

Mike Perlstein / Eyewitness News      5:42 p.m. CDT March 9, 2015



WASHINGTON PARISH, La. – One of the worst days of Douglas Dendinger's life began with him handing an envelope to a police officer.

In order to help out his family and earn a quick $50, Dendinger agreed to act as a process server, giving a brutality lawsuit filed by his nephew to Chad Cassard as the former Bogalusa police officer exited the Washington Parish Courthouse.

The handoff went smoothly, but Dendinger said the reaction from Cassard, and a group of officers and attorneys clustered around him, turned his life upside down.

(Photo: WWLTV)

"It was like sticking a stick in a bee's nest." Dendinger, 47, recalled. "They started cursing me. They threw the summons at me. Right at my face, but it fell short. Vulgarities. I just didn't know what to think. I was a little shocked."

Not knowing what to make of the blow-up, a puzzled Dendinger drove home. That's where things went from bad to worse.

"Within about 20 minutes, there were these bright lights shining through my windows. It was like, 'Oh my God.' I mean I knew immediately, a police car."

"And that's when the nightmare started," he said. "I was arrested."

A 'living hell'

He was booked with simple battery, along with two felonies: obstruction of justice and intimidating a witness, both of which carry a maximum of 20 years in prison. Because of a prior felony cocaine conviction, Dendinger calculated that he could be hit with 80 years behind bars as a multiple offender.

That kicked off two years of a "living hell," as Dendinger described it, a period that is now the subject of Dendinger's federal civil rights lawsuit against the officers, attorneys and former St. Tammany District Attorney Walter Reed.

.wwltv.com/story/news/local/investigations/mike-perlstein/2015/02/26/charges-crumble-after-cell-phone-video-uncovered/24039559/

Page 1 of 5

35.




The suit seeks unspecified damages for a host of alleged Constitutional violations: false arrest, false imprisonment, fabricated evidence, perjury, and abuse of due process.

WWL-TV reached out to the defendants for comment, but only Sheriff Seal responded with a statement. He said, "We are confident that all claims against all WPSO deputies will be rejected and dismissed by the court."

Goyeneche said the legal troubles for some of the witnesses may go beyond the federal lawsuit.

"It's a felony to falsify a police report. And this is a police report. And this police report was the basis of charging this individual with serious crimes," Goyeneche said.

Cressy, who in addition to working under Reed served as the Mandeville city attorney for 15 years, said the lawyers involved in the case may have additional problems with legal ethics and the bar association.

"It was totally wrong, a 180-degree lie" Cressy said. "So, yeah, they're going to have problems, certainly the lawyers."

**'An abuse of power'**

Meanwhile, Dendinger's attorney Philip Kaplan continues to dig into the case with depositions and new evidence.

In a deposition taken by Kaplan, one Bogalusa police officer, Lt. Patrick Lyons, said he witnessed a battery that knocked Cassard back several feet. But the video shows him far in the distance with his back turned.

Two of the officers stated that Dendinger ran from the scene, although he said his disability makes running impossible.

Kaplan also points out what he thinks should be obvious: "If this was truly a battery on a police officer with police officers all around him, why isn't something happening right there? Why aren't they arresting him on the spot? This case is an abuse of power."

While Dendinger has been cleared of all charges, he still lives in Washington Parish and worries about what could happen next as he presses a high-stakes lawsuit against people who tried to lock him up.

"I didn't do anything wrong and I know they know I didn't do anything wrong," he said. "So I'm faced with the reality that these people purposely lied about something that could put me in prison for the rest of my life."

Recently elected St. Tammany District Attorney Warren Montgomery said he has conducted an independent investigation of the case, but declined comment because a lawsuit is pending.

However, as of this week, Wall no longer works at the office, Montgomery said. Knight is still employed there, he said.

Read or Share this story: http://on.wwltv.com/181fEun



WE'RE LOUISIANA MADE LOUISIANA PROUD AT EINSTEIN CHARTER SCHOOLS AND WWL-TV CHANNEL 4

▶ ROLL OVER TO PLAY VIDEO



84.(a)



# 2nd prosecutor in courthouse incident quits

A second prosecutor involved in alleged bungling of a false police report has resigned from the District Attorney's Office.

Veteran assistant district attorney Julie Knight resigned last Friday.

She and assistant district attorney Leigh Anne Wall were named as defendants in a federal civil rights lawsuit that alleges the two assistant district attorneys and others gave false statements to police to cover them with an incident at the Bogalusa courthouse of the Washington Parish Courthouse in Franklinton in 2012.

Wall resigned earlier this year.

Knight had served as a prosecutor for former District Attorney Walter Reed and she stayed with the DA's office when new District Attorney Warren Montgomery was sworn in early this year.

She was a highly regarded prosecutor who handled numerous felonies and some high profile murder cases. But her involvement with the incident at the Franklinton courthouse was apparently her undoing.

In that incident, process server Douglas Dendinger tried to serve a summons on former Bogalusa police Officer Chad Cassard at the courthouse in Franklinton. Dendinger was later arrested after Knight and others accused him of assaulting the officer. But cellphone video of the incident appeared to show Dendinger simply handing the summons to the officer, who then turned and walked away.

Dendinger later said that he had his service of the papers videotaped to prove he served Cassard - not because he was concerned about being falsely accused of assault. But he said it was only because of the cellphone footage that he was able to have the allegedly false charges dropped.

In her statement to deputies, Knight said, "As soon as he (the slap) is he hit Cassard's chest with an envelope of papers. This was done in a manner to threaten and intimidate everyone involved."

Knight was named as a defendant in a federal civil rights lawsuit filed by Dendinger, who was arrested and booked on counts of simple battery, intimidation of a witness and obstruction of justice. Those




84(b)







## Assistant DA resigns

Continued from Page One

The federal civil rights lawsuit is ongoing.

Assistant District Attorney Jay Adair will take over Knight's cases, DA Warren Montgomery said.

"I have complete confidence in him to perform in a highly ethical, highly professional and highly competent manner," Montgomery said.

Adair has tried numerous cases at the Franklinton courthouse and "is well known there."

AO 241
(Rev. 01/15)

Page 2

19-9803

SECT. R MAG 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **Eastern District of Louisiana** | |
|---|---|---|
| Name (under which you were convicted):<br>**Richard B. Lay** | | Docket or Case No.: |
| Place of Confinement:<br>**Raymond Laborde Correctional Center** | | Prisoner No.:<br>**110315** |
| Petitioner (include the name under which you were convicted)<br>**Richard B. Lay** v. | Respondent (authorized person having custody of petitioner) v.<br>**S.W. "Sandy" McCain, Warden** | |
| The Attorney General of the State of: **Jeff Landry** | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: <u>Clerk of Court,</u>
<u>22nd Judicial District Court, Parish of Washington, 908 Washington St., PO Box 607,</u>
<u>Franklinton, Louisiana 70438-0607</u>

   (b) Criminal docket or case number (if you know): <u>11-CR5-112033</u>

2. (a) Date of the judgment of conviction (if you know): <u>November 30, 2011</u>

   (b) Date of sentencing: <u>February 28, 2013</u>

3. Length of sentence: <u>Twenty (20) years under La. R.S. 15:529.1</u>

4. In this case, were you convicted on more than one count or more than one crime?  [ ] Yes  | x | No

5. Identify all crimes of which you were convicted and sentenced in this case:

   <u>One (1) count Battery on a Correctional Officer in violation of La. R.S. 14:34.5</u>

6. (a) What was your plea? (Check one)

   | x |  (1)  Not Guilty        [ ]   (3)  Nolo Contendere (no contest)

   [ ]   (2)  Guilty              [ ]   (4)  Insanity Plea

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you
   plead guilty to and what did you plead not guilty to?

   (c) If you went to trial, what kind of trial did you have? (Check one)

   | x | Jury        [ ] Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   | x | Yes        [ ] No

8. Did you appeal from the judgment of conviction?

   | x | Yes        [ ] No

9. If you did appeal, answer the following:

   (a) Name of court: <u>1st Circuit Court of Appeal</u>

   (b) Docket or case number (if you know): <u>2015-KA-0086</u>

   (c) Result: <u>Conviction and Sentence affirmed</u>

   (d) Date of result (if you know): <u>September 21, 2015</u>

   (e) Citation to case (if you know):

   (f) Grounds raised:   <u>None, Appellate Counsel Prentiss White filed a brief which does not</u>
   <u>comply to Anders to which I filed an Opposition listing several constitutional claims and</u>
   <u>requested another counsel to perfect and was denied by the First Circuit Court of Appeal</u>
   <u>on March 11, 2015</u>

   (g) Did you seek further review by a higher state court? [ x ] Yes  [ ] No

   If yes, answer the following:

TENDERED FOR FILING

APR 19 2019

U.S. DISTRICT COURT
Eastern District of Louisiana

_____ Process _____
X   Dktd _____
_____ CtRmDep _____
_____ Doc. No. _____

2

85.

AO 241
(Rev. 01/15)

Page 3

(1) Name of court: <u>Louisiana Supreme Court</u>

(2) Docket or case number (if you know): <u>2015-KO:-1792</u>

(3) Result: <u>Writs denied</u>

(4) Date of result (if you know): <u>September 16, 2016</u>

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    [ ] Yes  [ ] No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    [ ] Yes      [ ] No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court: <u>22nd Judicial District Court, Parish of Washington</u>

(2) Docket or case number (if you know): <u>11-CR5-112033</u>

(3) Date of filing (if you know):

(4) Nature of the proceeding: <u>Post-Conviction / Sentencing Attacks</u>

(5) Grounds raised: <u>See attached and enclosed</u>

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?
   [ ] Yes       [ x ] No

(7) Result: Denied

(8) Date of result (if you know): <u>See attached and enclosed</u>

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?
   [ ] Yes         [ ] No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your Petitioner, application, or motion?
   [ ] Yes         [ ] No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 01/15)

Page 4

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:          [ x ] Yes    [ ] No
    (2) Second petition:     [ x ] Yes    [ ] No
    (3) Third petition:       [ x ] Yes    [ ] No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: <u>See attached / enclosed</u>

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) If you did not exhaust your state remedies on Ground One, explain why:

    (c) Direct Appeal of Ground One:

        (1) If you appealed from the judgment of conviction, did you raise this issue?

            [ ] Yes    [ x ] No

        (2) If you did not raise this issue in your direct appeal, explain why: <u>Anders Brief</u>

    (d) Post-Conviction Proceedings:

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            [ x ] Yes    [ ] No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know): <u>11-CR5-11233</u>

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available): <u>Denied and unusual delays to hear and rule on outstanding pleadings despite Mandamus from Appellate Courts</u>

        (3) Did you receive a hearing on your motion or petition?

            [ ] Yes    [ x ] No

        (4) Did you appeal from the denial of your motion or petition?

            [ x ] Yes    [ ] No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

            [ x ] Yes    [ ] No

        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: <u>First Circuit Court of Appeal</u>

        Docket or case number (if you know):

        Result (attach a copy of the court's opinion or order, if available):

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    (e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:



AO 241
(Rev. 01/15)

Page 5

**GROUND TWO:** <u>See attached / enclosed</u>

   (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

   (b)  If you did not exhaust your state remedies on Ground Two, explain why:

   (c)  Direct Appeal of Ground Two:

      (1)  If you appealed from the judgment of conviction, did you raise this issue?

         [ ] Yes    [ x ] No

      (2)  If you did not raise this issue in your direct appeal, explain why: <u>**Anders Brief**</u>

   (d)  Post-Conviction Proceedings:

      (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         [ x ] Yes    [ ] No

      (2)  If your answer to Question (d)(1) is "Yes," state:

         Type of motion or petition: <u>**Post-Conviction / Sentencing Attacks**</u>

         Name and location of the court where the motion or petition was filed: <u>**22nd Judicial District**</u>
<u>**Court, Parish of Washington**</u>

         Docket or case number (if you know): <u>**11-CR5-11233**</u>

         Date of the court's decision:

         Result (attach a copy of the court's opinion or order, if available): <u>**Denied. See enclosed**</u>

      (3)  Did you receive a hearing on your motion or petition?

         [ ] Yes    [ x ] No

      (4)  Did you appeal from the denial of your motion or petition?

         [ x ] Yes    [ ] No

      (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

         [ x ] Yes    [ ] No

      (6)  If your answer to Question (d)(4) is "Yes," state:

         Name and location of the court where the appeal was filed: <u>**First Circuit Court of Appeal**</u>

         Docket or case number (if you know):

         Result (attach a copy of the court's opinion or order, if available): <u>**Denied. See enclosed**</u>

      (7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

   (e)  Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

AO 241
(Rev. 01/15)

Page 6

**GROUND THREE:** <u>See attached / enclosed</u>

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b)  If you did not exhaust your state remedies on Ground Two, explain why:

    (c)  **Direct Appeal of Ground Three:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            [ ] Yes     | x ] No

        (2)  If you did not raise this issue in your direct appeal, explain why: <u>Anders Brief</u>

    (d)  **Post-Conviction Proceedings:**

        (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            | x | Yes     [ ] No

        (2)  If your answer to Question (d)(1) is "Yes," state:

            Type of motion or petition: <u>**Post-Conviction / Sentencing Attacks**</u>

            Name and location of the court where the motion or petition was filed: <u>**22nd Judicial District Court, Parish of Washington**</u>

            Docket or case number (if you know): <u>**11-CR5-11233**</u>

            Date of the court's decision:

            Result (attach a copy of the court's opinion or order, if available): <u>**See enclosed**</u>

        (3)  Did you receive a hearing on your motion or petition?

            [ ] Yes     | x ] No

        (4)  Did you appeal from the denial of your motion or petition?

            | x | Yes     [ ] No

        (5)  If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

            | x | Yes     [ ] No

        (6)  If your answer to Question (d)(4) is "Yes," state:

            Name and location of the court where the appeal was filed: <u>**First Circuit Court of Appeal**</u>

            Docket or case number (if you know):

            Result (attach a copy of the court's opinion or order, if available): <u>**Denied. See enclosed**</u>

        (7)  If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    (e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** <u>See attached / enclosed</u>

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b)  If you did not exhaust your state remedies on Ground Two, explain why:

    (c)  **Direct Appeal of Ground Four:**

        (1)  If you appealed from the judgment of conviction, did you raise this issue?

            [ ] Yes     | x ] No

        (2)  If you did not raise this issue in your direct appeal, explain why: <u>**Anders Brief**</u>

    (d)  **Post-Conviction Proceedings:**

        (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            [ x ] Yes     [ ] No

        (2)  If your answer to Question (d)(1) is "Yes," state:

            Type of motion or petition: <u>**Post-Conviction / Sentencing Attacks**</u>



AO 241
(Rev. 01/15)

Page 7

> Name and location of the court where the motion or petition was filed: **22nd Judicial District Court, Parish of Washington**
>
> Docket or case number (if you know): **11-CR5-11233**
>
> Date of the court's decision:
>
> Result (attach a copy of the court's opinion or order, if available): **Denied. See enclosed**
>
> (3) Did you receive a hearing on your motion or petition?
>
> > [ ] Yes      [ x ] No
>
> (4) Did you appeal from the denial of your motion or petition?
>
> > | x | Yes      [ ] No
>
> (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
>
> > | x | Yes      [ ] No
>
> (6) If your answer to Question (d)(4) is "Yes," state:
>
> > Name and location of the court where the appeal was filed: **First Circuit Court of Appeal**
> >
> > Docket or case number (if you know):
> >
> > Result (attach a copy of the court's opinion or order, if available): **Denied. See enclosed**
>
> (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

13. Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?      |x| Yes      [ ] No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: **Majority, others trial court has refused to rule upon and supply ruling if so since January 2016**

    (b)    Is there any ground in this petition that has not been presented in some state federal court? If so, which ground or grounds have not been presented, and state your reasons for presenting them: **No.**

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?      [ x ] Yes      [ ] No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceedings, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. **Eastern District of Louisiana, dismissed without prejudice, failure to exhaust over my objections**

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   [ x ] Yes      [ ] No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **22nd Judicial District Court, Parish of Washington**

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: **John Under**

    (b) At arraignment and plea: **Same as above**

    (c) At trial: **None**

    (d) At sentencing: **None**

    (e) On appeal: **Prentiss White, Louisiana Appellate Project**

    (f) In any post-conviction proceeding: **None**

    (g) On appeal from any ruling against you in a post-conviction proceeding: **None**

AO 241
(Rev. 01/15)

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?
        [ ] Yes      [ x ] No

(a)   If so, give name and location of court that imposed the other sentence you will serve in the future:

(b)   Give the date the other sentence was imposed:

(c)   Give the length of the other sentence:

(d)   Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  [ ] Yes      [ ] No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 USC § 2244(d) does not bar your petition.*

      **Filed within 1 year of timely filed state post-conviction / sentencing attack**

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 USC § 2244(d) provides in part that:

   (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

     (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

Therefore, Petitioner asks that the court grant the following relief: **Vacate and set aside conviction and sentence — insufficient evidence / defective bill of information amended unlawfully over objections from a misdemeanor to a felony** or any other relief to which Petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **April    16   , 2019** (month, day, year).

Executed (signed) on **April    16   , 2019** (date).

_____
Signature of Petitioner

If the person signing is not Petitioner, state relationship to Petitioner and explain why Petitioner is not signing this petition.




## STATEMENT OF RELEVANT FACTS

On the 24th day of February 2015, Louisiana Appellate Project through Appellate Counsel Prentiss L. White filed a "No Merit" brief allegedly pursuant to <u>Anders v. California</u>, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); and <u>State v. Jyles</u>, 704 So. 2d 241 (La. 1997). On March 6, 2015, petitioner Richard Lay filed an Opposition to the Anders Brief and to Appellate Counsel as indigent to perfect the following claims supported by the appellate record:

1.   The trial court denial of an expert witness in support of my defense that Officer Primes wounds were self-inflicted violated my due process and equal protection rights to a fair trial under <u>State v. Madison</u>, 345 So. 2d 485 (La. 1977); <u>U.S. v. Johnson</u>, 238 F. 2d 565, 572 (2nd Cir. 1956) in light of the testimony of Dr. Laravia (prison doctor) as a expert that the wounds appeared to be self-inflicted. Tr. p. 196 line 6-7.[1]

2.   The trial court denial of a Private Investigator to identify and locate all witnesses inside of the lobby of the Pulmonary Clinic on 12-21-10 for use at the preliminary hearing and trial under <u>Madison</u>, supra; and <u>U.S. v. Johnson</u>, supra.[2]

3.   The denial of the Motion to Quash the Bill of Information based upon intentional destruction of the victim's (Primes) clothing for DNA purpose to prove the wounds were self-inflicted at the prison upon our return violated my right to a fair trial under <u>California v. Trombetta</u>, 467 US 479 (1984).[3]

4.   Appellate Lay was tried upon an oral amendment of the Bill of Information which upgraded the charge from a misdemeanor to a felony in violation of La. C.Cr.P. Art. 487; <u>State v. Breaux</u>, 504 So. 2d 11 (La. App. 1st Cir. 1987); <u>State v. Cook</u>, 372 So. 2d 1202 (La. 1979); and <u>Apprendi v. New Jersey</u>, 530 US 466.[4]

---

[1] See Exhibit A
[2] See Exhibit B
[3] See Exhibit C
[4] See Exhibit D



5. Appointment of Appellate Lay as co-counsel against his wishes at trial in response to my Motion to Appoint Conflict-free and Effective Counsel violated <u>Faretta v. California</u>, 422 U.S. 806, 819, 95 S. Ct. 2525, 2533, 45 L. Ed. 2d 562 (1975); <u>Cuyler v. Sullivan</u>, 466 US 335 (1980); and <u>State v. Cisco</u>, 861 So. 2d 118 (La. 2003).[5]

6. The denials of various Motions to Quash the Multiple Bill of Information violated my due process rights since I was denied Issuance of Subpoena Duces Tecum to obtain necessary documents as indigent and Issuance of Witness Subpoenas in support thereof.[6]

7. The denial of my Motion for New Trial violated my due process rights and Sixth Amendment to assistance of counsel under <u>Cronic</u> and <u>Strickland</u>.[7]

8. The denial of my Motions for Recusal pre-trial and post-trial violated my due process rights to a fair and impartial hearing officer.[8]

9. The trial court was without jurisdiction to adjudicate and sentence appellate Lay under La. R.S. 15:529.1 due to various Motions for Post-Judgment of Acquittal; Arrest of Judgments remains outstanding in violation of my due process / equal protection rights under <u>State v. Brown</u>, 620 So. 2d 508 (La. App. 4th Cir. 1993) (La. C.Cr.P. Art. 861)

10. Appellant Counsel White has taken retaliatory action for pursuing the projection of my appeal granted on May 13, 2013 yet the record was recently filed with this Court (1st circuit) on January _____, 2015 upon my filings to which counsel claimed he was calling 1st Circuit to find out status... nor has he filed a merit brief raising the herein non-frivolous issues in light of fact he just received the Eight (8) Volume records on the _____ day of February 2015, for review thus would not comply with <u>Anders</u> and <u>State v. Jyles</u>, 704 So. 2d at 241.[9]

---

[5] See Exhibit E
[6] See Exhibit F
[7] See Motion for New Trial (pro se) and Exhibit G
[8] See Exhibit H and all other Exhibits cumulatively
[9] See Exhibit I




On March 11, 2015, after consideration of my opposition to the Anders Brief and to appoint counsel a single Justice denial relief. The State of Louisiana through counsel Kathryn Landry filed an Appellee Brief stating defendant asserts no assignment of error, and accordingly requested that the conviction and sentence be affirmed.

On September 21, 2015, the First Circuit noted appellant counsel White filed a Motion to Withdraw in accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); and State v. Jyles, 704 So. 2d 241 (La. 1997) (per curiam). The 1st Circuit erroneously stated that they preformed an independent, thorough review of the pleadings, minutes, bill of information, and transcripts in the appeal record, our independent review reveals no non-frivolous issues that arguably support the appeal. My claims set forth in the Opposition to the Ander's Brief clearly set forth reversible errors as to my conviction and sentence requiring appointment of independent counsel to perfect the same. Timely writs were filed in the Louisiana Supreme Court under No. 2015-KO-1792 challenging the First Circuit Court of Appeal allowing appellant counsel White to withdraw under Anders/Jyles after an independent, thorough review of the records no arguable non-frivolous issues would support the appeal despite the filing of my Opposition to the Anders Brief and Request for Counsel to perfect them in which I supplied copies of relevant documents supporting relief as to my conviction and sentence. I filed my 1st Application for Post-Conviction Relief[10] in the District Court on the _____ day of January 2016, raising the following two claims in addition to the ones raised in Opposition to the Anders Brief:

1) Appellant Counsel Prentiss L. White was ineffective under Cronic and Strickland in filing a known frivolous appellate brief in State v. Lay, #2015-KA-0086 (direct appeal) which did not comply with Anders v. California, supra nor State v. Jyles, supra...

---

[10] No ruling has issued on the merits since January _____, 2016, despite First Circuit Court of Appeal order in State v. Lay, No. 2018-KW-0337 (May 29, 2018).

11

knowing said statements were false as evident from reading the claims in the opposition with documents in support; and

2) Appellate Counsel White's brief does not comply with <u>Anders</u> nor <u>Jyles</u> since he refused to raise the claims set forth in my Opposition to the Anders Brief which was obvious and significant issues supported by the record in his possession due to fraudulent misconduct depriving petitioner Lay of a due process appeal with counsel contrary to <u>Penson v. Ohio</u>, 488 US 75, 85 (1988); <u>Evitts v. Lucey</u>, 469 US 387, 396 (1985); <u>Douglas v. California</u>, 372 US 353 (1963) (same). See also <u>U.S. v. Williamson</u>, 183 F. 3d 458, 463 (5th Cir. 1999); <u>Manson v. Hanks</u>, 97 F. 3d 887, 894 (7th Cir. 1996); <u>Delgado v. Lewis</u>, 181 F. 3d 1087, 1092 (9th Cir. 1999) and <u>Banks v. Reynolds</u>, 54 F. 3d 1508, 1515-16 (10th Cir. 1995).

3) The Supreme Court denied writs on Direct Appeal under <u>State v. Lay</u>, 2015-KO:-1792 on September 16, 2016.

On the _____ day of January 2016, petitioner Lay caused to be filed his 1st Application for Post-Conviction Relief which the trial court erroneously denied relief on March 29, 2016 by falsely alleging these claims were repetitive.

Judgment was vacated and denied in part on August 12, 2016. On May 17, 2016, petitioner Lay filed an Original Application for Writ of Habeas Corpus to which the trial court denied on August 12, 2016, denied relief erroneously by falsely alleging said claims were litigated on Appeal. Motion to Vacate and Set Aside Judgment by simply looking at the Appellate Brief was denied on November 17, 2016. I received this judgment on December 22, 2016. On September 26, 2016, petitioner Lay filed a Motion to Vacate and Set Aside Multiple Bill and Sentence to which the Court again erroneously denied by alleging these claims were heard on direct appeal when in fact they were not.




On October 4, 2016, petitioner Lay filed a Motion to Vacate and Set Aside Conviction and Sentence which the Trial Court erroneously denied relief per State v. Bouzigard, 286 So. 2d 633, 635 (1975).

(La. C.Cr.P. Art. 483). October 19, 2016, petitioner Lay filed a Motion to Vacate and Set Aside Conviction and Sentence per Spencer v. Texas, 385 US 554 at 556, 87 S. Ct. 648 at 649-650, 17 L. Ed. 2d 606 (1967), and State v. Skipper, 906 So. 2d 399 (La. 2005).

On September 26, 2016, petitioner Lay filed a Motion for Recusal which the Court erroneously denied on November 17, 2016, as being repetitive when in fact those claims had not been filed and heard before as falsely alleged by the trial court. All judgments were received on December 22, 2016.

## CLAIMS

1. Petitioner Lay was entitled to appointment of counsel and an evidentiary hearing prior to dismissal of his petition seeking post-conviction / sentencing relief where substantial ineffective assistance of counsel is raised where if established will entitled petitioner Lay to post-conviction / sentencing relief.

2. Petitioner Lay's post-conviction / sentencing relief was raised and heard on direct appeal and/or repetitive in light of petitioner Lay's post-conviction / sentencing claims raises ineffective appellate counsel (Direct Appeal) which was never heard and ruled upon by the appellate or district court.

3. Petitioner Lay is being deliberately denied post-conviction / sentencing relief by Judge Ad Hoc Jerome Winsberg which the law provides a remedy for through his knowing false rulings that said claims are repetitive, so was heard and ruled upon on direct appeal, and where causes exists for recusal under La. C.Cr.P. Art. 671, et seq.

## LAW AND ARGUMENT 1

In Martinez v. Ryan, supra, the Supreme Court discussed the long-standing holding in Coleman, i.e., that since habeas petitioners have no constitutional right to counsel on post-conviction review, deficient

performance by post-conviction counsel does not excuse a procedural default. The Supreme Court carved out a very limited exception to that rule in situations where a state defendant is procedurally barred from an ineffective assistance of trial counsel claim due to either ineffective assistance or due to a lack of counsel at the initial level of review allowed for raising such a claim.

Martinez set forth the following requirements for finding an exception to excuse a procedural default: (1) the claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the ineffective assistance of trial counsel claim; and (4) state law requires an ineffective assistance trial counsel claim...be raised in an initial review collateral proceeding. Id. at ____, 132 S. Ct. at 1318-19, 1320-21 (emphasis provided). The Court defined "initial-review collateral proceeding" for a prisoner to raise a claim of ineffective assistance at trial. Id., at 1325, 1327. Martinez resolved that, in states where a claim of ineffective assistance of counsel at trial is prohibited from direct appellate review, the constitution would require the effective assistance of counsel at the first level of review of the claim on post-conviction before a procedural bar can be imposed by the state courts. Id., at 1319-20. Finding that Arizona's procedures for raising ineffective assistance of counsel claims required that such claims be raised in post-conviction proceedings rather than on direct appeal, the Court found that the failure of post-conviction counsel to raise the ineffective assistance of trial counsel at the first level of review established "cause" for Martinez's procedural default.

The question thus becomes whether the Louisiana like Arizona, bars a defendant from raising his ineffective assistance of counsel claims during direct appeal. Neither the United States Supreme Court nor the United States Fifth Circuit has ruled on this issue in regard to Louisiana's procedures. However, the issue was raised before the United States Supreme Court in Trevino v. Thaler, ____ US ____, 113 S.



90.            14

Ct. 1911 (2013) with regard to Texas' rule governing ineffective assistance of counsel claims, and May

well apply by analogy to Louisiana cases.

In Trevino, the Court acknowledged the four-part test of Martinez, for finding an exception to

Coleman's general rule that post-conviction counsel's errors cannot constitute "cause" for the procedural

default of an ineffective assistance of trial counsel claim. Id., at 1918. The Trevino court then focused on

the fourth prong of this test relative to whether Texas law required the ineffective assistance of counsel

to be addressed in initial review collateral proceedings. The Court found that, although Texas law did

not expressly required a defendant to raise a claim of ineffective assistance of counsel in an initial

collateral review proceeding, Texas court generally directed defendants to raise such claims on

collateral, rather than on direct review. Id., at 1919-20. Additionally, Texas procedure made it virtually

impossible for appellate counsel to adequately present an ineffective assistance (of trial counsel) claim

on direct review as such a claim often "depends upon evidence outside the trial record" and efforts to

expand the record are different due to time constraints for filing an appeal. Id., at 1918.

Similarly, Louisiana law generally encourages defendants to bring issues of ineffective assistance of

trial counsel in a post-conviction proceeding in the district court, where a full evidentiary hearing May

be conducted. State v. Clark, 107 So. 3d 646 (La. App. 2nd Cir. 2012); State v. Prudholm, 446 So. 2d

729, 737 (La. 1984) (noting that, when challenging the constitutional right to reasonably effectively

assistance of counsel, "a defendant's remedy is through (PCR) in the trial court where the quality of the

attorney's assistance can be developed and explored. However, where the record discloses sufficient

evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on

appeal, it may be addressed in the interest of judicial economy. State v. Ratcliff, 416 So. 2d 528, 530

(La. 1982); State v. Carter, 684 So. 2d 432, 438 (La. App. 1st Cir. 1996). Decisions relating to

investigation, preparation and trial strategy cannot possibly be reviewed on appeal. See State v. Albert,

697 So. 2d 1355, 1363-64 (La. App. 1st Cir. 1997); <u>State v. Johnson</u>, 951 So. 2d 294, 304 (La. App. 1st Cir. 2006).

Finally, appellate courts have held that ineffectiveness of counsel relating to trial strategy cannot be determined by review of the record on appeal, but must be asserted on "application for post-conviction relief" where an evidentiary hearing can be held to determine among other things, defense counsel's strategy and whether the defendant himself was aware of the strategy and agreed to it. <u>State v. Cambre</u>, 05-888 at 27, 939 So. 2d 461.

Petitioner Lay had filed post-conviction sentencing claims that trial counsels were ineffective for failing to raise and/or perfect constitutional claims for review which had basis on fact and law for Appellate review; and Appellate Counsel Prentice White who was not trial counsel was ineffective by his failure to file a merit brief raising those claims (post-trial) under the assignment of ineffective assistance of counsel for State / Federal exhaustion purposes, which was not heard on Direct Appeal as knowing falsely held by the trial court to deny me a remedy.

## LAW AND ARGUMENT 2

The federal habeas corpus statute and decades of federal jurisprudence require a Petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A). <u>Rose v. Lundy</u>, 455 US 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); <u>Mercadel v. Cain</u>, 179 F. 3d 271, 275 (5th Cir. 1999). <u>Fisher v. Texas</u>, 169 F. 3d 295, 302 (5th Cir. 1999); in order to satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal constitutional claims to the State courts in a procedural proper manner. <u>Wilder v. Cockrell</u>, 274 F. 3d 255, 259 (5th Cir. 2001); <u>O'Sullivan v. Boerckell</u>, 565 US 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>Maguire v. Phillips</u>, 144 F. 3d 348, 360 (5th Cir. 1998) /citing <u>Richardson v. Procunier</u>, 762 F. 2d 429, 431-32 (5th Cir. 1985). Moreover, each claim must be presented to the State's highest court, even when review by that court is discretionary. <u>O'Sullivan v. Boerckell</u>, 565 US 838, 119

16

S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Magourik, 144 F. 3d at 360, citing Richard, 762 F. 2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. See La. Const. Art. 5, § 5(a) ["The Louisiana Supreme Court has general supervisory jurisdiction over all courts..."]

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. Nobles v. Johnson, 127 F. 3d 409, 420 (5th Cir. 1997), cert. denied,, 523 US 1139, 118 S. Ct. 1845, 140 L. Ed. 2d 1094 (1998). Exhaustion requires that any federal constitutional claims presented to the State courts be supported by the same factual allegations and legal theories upon which the Petitioner bases his federal claims. Picard v. Connor, 404 US 270, 276, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971).

The Fifth Circuit has held that a habeas petitioner fails to exhaust state remedies when he presented material additionally evidentiary support to the Federal Court has not presented to the State Court. See Graham v. Johnson, 94 F. 3d 958 (5th Cir. 1996); citing Joyner v. King, 786 F. 2d 1317, 1320 (5th Cir.) (holding that the policies underlying the exhaustion doctrine requires that "New Factual allegations in support of a previously asserted legal theory," be first present dot the State Court.) cert. denied,, 479 US 1010, 107 S. Ct. 653, 93 L. Ed. 2d 708 (1986); Brown v. Estelle, 701 F. 2d 494, 495-96 (5th Cir. 1983); (holding that when a claim is filed in Federal Court in a significant stronger evidentiary posture than it was before the State Court, it must be dismissed for failure to exhaust State remedies.) See also Barrientes v. Johnson, 1996 U.S. App. LEXIS 25049 (5th Cir. August 20, 1996); (unpublished).

In the instant case, none of petitioner Lay's post-conviction / sentencing claims on direct appeal due Appellate counsel Prentice White filing of the Anders Brief when said claims had substantial merits supported by the trial records State / Federal Jurisprudence under the assignment of ineffective trial counsel and denial of a fair and impartial trial Judge Ad Hoc... who falsely and knowingly kept alleging

17

these claims (post-conviction / sentencing relief) were heard and ruled upon on Direct Appeal to deny me a remedy provided by State / Fed Jurisprudence.

## LAW AND ARGUMENT 3

Under the Fourteenth Amendment of the United States and Article 1, § 2 of the Louisiana Constitution of 1974, a citizen is protected against deprivations of life, liberty, or property without due process of law. The meaning of these provisions is clear:

> ...Persons whose rights may be affected by State action are entitled to be heard, and in order that they may enjoy that right, they must first be notified. It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner. In re Adoption of B.G.S., 556 So. 2d 545, 549 (La. 1990). These protections "come into play only if the private interest asserted is constitutionally cognizable." Id. Once the interest has been shown, "a proper evaluation of the State's process can be made in light of the relative importance of the private and public interests at stake." Id.

The balancing of these factors and determination of whether or not due process has been satisfied is administered under the three factor test as espoused by the United States Supreme Court in Matthews v. Eldridge, 424 US 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), and adopted by the Louisiana Supreme Court (when interpreting the Louisiana Supreme Constitution) in Wilson v. City of New Orleans, 479 So. 2d 891 (La. 1985) and In re Adoption of B.G.S., 556 So. 2d 545, 549 (La. 1990). The Matthews test involves evaluation of three (3) separate factors: first, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens and the additional or substitute procedural requirement would entail. In re Adoption of B.G.S., supra at 552. See also In Re Murchison, 349 US 133, 136-39 (1955).

*92.* 18 

**Art. 678.  Recusation of judge ad hoc.**

A judge ad hoc appointed to try a motion to recuse a judge, or appointed to try the case, may be recused on the grounds and in the manner provided in this Chapter for the recusation of judges.

**Art. 671.  Grounds for recusation of judge**

A. In a criminal case a judge of any court, trial or appellate, shall be recused when he:

(1) Is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial;

(4) Is a witness in the cause;

(5) Has performed a judicial act in the case in another court; or

(6) Would be unable, for any other reason, to conduct a fair and impartial trial.

**Art. 675.  Selection of judge ad hoc to try motion to recuse**

A. In a court having two judges, the judge who is sought to be recused shall refer the motion to recuse to the other judge of that court.

C. When the ground assigned for the recusation of the judge of a district court having one judge is that he is biased, prejudiced, or personally interested in the cause, the judge shall appoint a district judge of an adjoining district to try the motion to recuse.

On the 26th day of September 2016, petitioner Lay filed a valid "Motion for Recusal" which set forth valid State / Federal constitutional claims for recusal for a per se recusal and/or a contradictory hearing with the district attorney per La. C.Cr.P. Art. 675 yet this Motion was repetitive knowing the facts / claims were never heard and ruled by the court for exhaustion purposes, nor can the Court produce any recusal Motion filed previously as to these claims. See Graham v. Johnson, 94 F. 3d 958 (5th Cir. 1996).

The State of Louisiana through its Courts has deprived petitioner Lay of appointment of conflict-free at his 1st initial review collateral proceeding under Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L.

Ed. 2d 272 (3/20/12);[11] Trevino v. Thaler, 11-10189 (U.S. 2013), 569 U.S. 413, 133 S. Ct. 1911, 185 L.

Ed. 2d 1044; State v. Prudholm, 446 So.2d 729 (La. 1984); State v. Albert, 697 So. 2d 1355, 1363-64

(La. App. 1st Cir. 1997); State v. Johnson, 951 So. 2d 294, 304 (La. App. 1st Cir. 2006); and State v.

Cambre, 05-888, 939 So.2d 446 at 461 to develop his substantial ineffective assistance of counsel claims

which if established would entitle him to relief contrary to Williams v. Taylor, 529 US 420; and United

States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047, 80 L. Ed. 2d 657 (1984) since no conflict-

free counsel was appointed upon request for trial and sentencing purposes.[12]

The State of Louisiana through its court's refusal to extend the principle of Trevino/Martinez when

confronted with sets of facts that were materially in distinguished from these U.S. Supreme Court's

decisions, nevertheless arrived at result different from said precedent contrary Williams, 120 S. Ct. at

1519-20; Randass v. Angelone, 530 US 156, 120 S. Ct. 2113, 2121, 2125, 147 L. Ed. 2d 125 (2000)

(Justice Kennedy) (rejecting that the State's refusal to extend the Supreme Court's precedent in

Simmons v. South Carolina, 512 US 154, 114 S. Ct. 2187, 129 L. Ed. 2d 133 (1994) amounted to an

unreasonable application of Federal Law under AEDPA.[13] We only have said, in dicta, that "a State

court decision involved an unreasonable application of Supreme Court precedent" if the State court...

unreasonably refuses to extend (a legal Principle (from Supreme Court present) to a New context here it

should apply." Buttoson v. Moore 234 F. 3d 526, 531 (11th Cir. 2001); accord Putman v. Head, 268 F.

3d 1223, 1241 (11th Cir. 2001); Breedlove v. Moore, 279 F. 3d 952, 961 (11th Cir. 2002); See also

Isaacs v. Head, 300 F. 3d 1232, 1251 (11th Cir. 2001 (Majority opinion).

---

[11] See State v. Deloch, 2013-1975 (La. 5/16/14), 140 So.3d 1167
[12] Holloway v. Arkansas, 435 US 475, 98 S. Ct. 1173, 55 L. Ed. 2d 426 (1978); Zuck v. Alabama, 588 F. 2d 436 (5th Cir. 1979), cert. denied,, 444 US 833; State v. Willie, 595 So. 2d 1149, 1153.
[13] Justice Kennedy's plurality opinion said that a State Court decision in unreasonably applies clearly established Federal Law if the State Court was unreasonably in refusing to extend the governing legal principle to a context in which the principle should have controlled." Randass, 120 S. Ct. 2120.

93.

The State of Louisiana like Texas and Arizona regulates the type of ineffective assistance counsel brought up on Appeal to PCR in the trial of the purpose of holding an evidentiary hearing and appointment of counsel.[14]

Per curiam of the Louisiana Supreme Court In Re State v. Lay, 14-KH-2549. Reconsideration denied on November 6, 2015.

The First Circuit Court of Appeal denied writs under No. 2017-KW-0207 on the 1st day of May 2017. The Louisiana Supreme Court denied writs under No. 2017-KW-1156 on the 28th day of September 2018. Reconsideration was filed on October 9, 2018 per Houston v. Lack, supra challenging the court's ruling that petitioner Lay has exhausted all rights to seek collateral review on 11-06-15.

LEGAL STANDARDS:

A federal court will not reach the merits of claims denied by the State court on State procedural grounds if the State-law grounds are independent of the federal claim and adequate to bar federal review. See Sawyer v. Whitley, 505 US 333, 338, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992); Coleman v. Thompson, 501 US 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), modified by Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (3/20/12). But if the State procedural determination is based on state grounds that were inadequate to bar federal habeas review, or if the habeas petitioner shows that an inadequate to bar federal habeas review, or if the habeas petitioner shows that an exception to the bar applies, the federal court must resolve the claim without the deference that the AEDPA otherwise requires. See Woodfox v. Cain, 609 F. 3d 774, 794 (5th Cir. 2010) (the AEDPA's deferential standard of review would not apply to a procedural decision of the State); Miller v. Johnson, 200 F. 3d 274, 281 n. 4 (5th Cir. 2000) ("Review is de novo when there has been no clear adjudication on the merits." (citing Nobles v. Johnson, 127 F. 3d 409, 416 (5th Cir. 1997); Mercadel v

---

[14] See State court's pleading with substantial ineffective assistance counsel claims yet no evidentiary hearing with counsel was held to develop.

Cain (1999, CA5 La) 179 F.3d 271 ("the AEDPA deference scheme outline in 28 U.S.C. § 2254(d) does

not apply to claims not adjudicated on the merits by the State court.).

And, where a state court has already rejected a claim on the merits, a federal court may grant habeas

relief on that claim only if the State court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding 28 U.S.C. § 2254(d). A state court is "contrary" to clearly established

federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if

it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Busby v.

Dretke, 359 F. 3d 708, 713 (5th Cir. 2004); see also Lopez v. Smith, 135 S. Ct. 1, 2, 190 L. Ed. 2d 1

(2014) (per curiam) ("we have emphasized, time and time again, that the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, prohibits the federal courts of appeal from relying

on their own precedents to conclude that a particular constitutional principle is "clearly established."

(citation omitted).

A Decision constitutes an "unreasonable application" of clearly established federal law if, "the state

court identifies the correct governing legal principle from (the) Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 US 362, 413, 120 S.

Ct. 1995, 146 L. Ed. 2d 389 (2000). "For purposes of 28 U.S.C. § 2244(d)(1), an unreasonable

application of federal law is different from an incorrect application of federal law... A state court's

determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could

disagree on the correctness of the State's decision." Harrington v. Richter, 562 US 86, 131 S. Ct.

770, 785-86, 178 L. Ed. 2d 624 (2011) (citations and internal quotation marks omitted). under 28 U.S.C.

§ 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have

22

supported, the State court's decision; and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision court." Id. at 786 (internal quotation marks omitted). The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rules specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Id. (internal quotations marks omitted). And "even a strong case for relief does not mean that state court's contrary conclusion was unreasonable." Id. the Supreme Court has explained that; "if this standard is different to meet, that is because it was meant to be," where, "as amended by AEDPA, 28 U.S.C. § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but it preserves authority to issue the writ in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with this court's precedents," and "it goes no farter." Id. Thus, "as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was no error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 786-87; according Burt v. Titlaw, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013).

The State of Louisiana's decision in state v. Deloch, Jr., 140 So. 3d 1167, 2014 La. LEXIS 1197 No. 2013-KP-1975 (La. 5/16/14) that Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (3/20/12) in light of Trevino v. Thaler, 11-10189 (U.S. 2013), 569 U.S. 413, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 does not apply in any Louisiana court despite raising substantial ineffective trial; appellate; and post-conviction counsel(s) claims results in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; and results in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state courts' proceeding by relying on legal rules that directly conflict with

23

prior holdings of both the United States Supreme Court and the Louisiana Supreme Court and/or reached a different conclusion that the Supreme Court on materially indistinguishable facts.

In Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (3/20/12), the Supreme Court discussed the longstanding holding in Coleman, i.e., that since habeas petitioners have no constitutional right to counsel on Post-Conviction review, deficient performance by Post-Conviction counsel does not excuse a procedural default. The Supreme Court carved out a very limited exception to that rule in situations where a State defendant is procedurally barred from an ineffective assistance or due to a lack of counsel at the initial or review allowed for raising such a claim.

Martinez set forth the following requirements for finding an exception to excuse a procedural default: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective assistance of trial counsel claim . . . be raised in an initial-review collateral proceeding. Id. at _____, 132 S. Ct. 1318-19, 1320-21. [Emphasis provided]. The court defined "initial review collateral proceeding for a prisoner to a claim of ineffective assistance at trial. Id. at 1325, 1327. Martinez, resolved that, in States where a claim of ineffective assistance of counsel at trial is prohibited from direct appellate review, the constitution would require the effective assistance of counsel at the first level of review of the claim on Post-Conviction before a procedural bar can be imposed by the State courts. Id. at 1319-20. Finding that Arizona's procedures for raising ineffective as of counsel claims required that such claims be raised in Post-Conviction proceedings rather than on direct appeal, the court found that the failure of Post-Conviction counsel to raise the ineffective assistance of trial counsel at the first level of review established "cause" for Martinez's procedural default.

24



The question thus becomes whether Louisiana like Arizona bars a defendant from raising his ineffective assistance of counsel during direct appeal. Neither the United States Supreme Court nor the United States Fifth Circuit has ruled on this issue in regard to Louisiana procedures. However, the issue was raised before the United States Supreme Court in Trevino v. Thaler, __ US __, 113 S. Ct. 1911 (2013) with regards to Texas' rule governing ineffective assistance of counsel claims, and may well apply by analogy to Louisiana cases.

In Trevino, the court acknowledges the four-part test of Martinez for finding an exception to Coleman's general rule that post-conviction counsel's errors cannot constitute "cause" for the procedural default of an ineffective assistance of counsel claim. Id., at 1918. The Trevino court then focused on the 4th prong of the test relative to whether Texas law required the ineffective assistance of counsel to be addressed in initial review collaterally proceedings. The court found that, although Texas law did not expressly require a defendant to raise a claim of ineffective assistance of counsel in an initial collateral review proceeding, Texas courts generally directed defendants to raise such claims on collateral, rather than on direct review. Id. at 1919-20. Additionally, Texas procedures made it virtually impossible for appellate counsel to adequately present an ineffective assistance of counsel claim on direct review as such a claim often depends upon evidence outside the trial records and efforts to expand the record are difficult due to time constraints for filing an appeal. Id. at 1918.

Similarly, Louisiana law generally encourages defendants to bring issues of ineffective assistance of counsel in a post-conviction proceeding in the district court, where a full evidentiary hearing may be conducted. State v. Clark, 107 So. 3d 646 (La. App. 2nd Cir. 2012); State v. Prudholm, 446 So. 2d 729, 737 (La. 1984) (noting that, when challenging the constitutional right to reasonable effective assistance of counsel, "a defendant's remedy is through post conviction relief in the trial court where the quality of counsel's assistance can be developed and explored). However, where the record discloses sufficient assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest

of judicial economy. State v. Ratcliff, 416 So. 2d 528, 530 (La. 1982); State v. Carter, 684 So. 2d 432, 438 (La. App. 1st Cir. 1996). Decisions relating to investigation, preparation and trial strategy cannot possibly be reviewed on appeal. See State v. Albert, 697 So. 2d 1355, 1363-64 (La. App. 1st Cir. 1997).

Petitioner Lay's substantial ineffective appellate and trial counsels would have been regulated to State post-conviction proceedings.[15] See State v. Prudholm, 446 So. 2d 729, 737 (La. 1984); State v. Clark, 107 So. 3d 646 (La. App. 2nd Cir. 2012); Smith v. Murray, 477 US 527, 91 L. Ed. 2d 434, 106 S. Ct. 2661 (1986); and State v. Cambre, 05-888 (La.App. 5 Cir. 7/25/06), 939 So.2d 446, 460, writ denied, 06-2121 (La. 4/20/07), 954 So.2d 158.

2. La. R.S. 15:529.1(D)(1)(b) in pertinent part state the following burden of proof by the district attorney and the defense counsel duties to file written objections or waive the right to contest the factual findings on direct appeal.

Except as otherwise provided in this subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of facts. The presumption of regularity shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response(s) shall be serve upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitution of Louisiana or the United States shall set forth his claim, and the factual basis therefore, with particularity in the response to the information. The person shall have the burden of proof, by a preponderance of evidence on any issue of fact raised by the response. Any challenge to a previous condition or adjudication not made before sentence is imposed may not be raised to attack the sentence. La. R.S. 15:529.1.D(1)(b). see State v. Watts, 735 So. 2d 866 (La. App. 5th Cir. 1996); and State v. Washington, 916 So. 2d 1171, 1173 (La. App. 5th Cir. 2008).

---

[15] No post-conviction counsel was appointed to perfect the substantial ineffective trial and appellate counsels claims prior to dismissal by any state court.

26

In <u>State v. Nelson</u>, 379 So. 2d 1072 (La. 1980), the Louisiana Supreme Court held:

The prosecution's failure to produce a contemporaneous record affirmatively showing a knowing and voluntary waiver of the three major constitutional rights shall be treated as a trial irregularity in the enhancement of sentence hearing. The defendant, in failing to object at the time the convictions are introduced or to prove as a matter of defense that no record exists which shows that the sentencing judge complied with the Boykin requirements, waives the irregularity. See La.C.Cr.P. art. 841; However, just as with other trial irregularities involving fundamental rights, the defendant's failure to {379 So.2d 1075} object or present evidence of the non-existence of the record does not prevent his raising the lack of a record of the constitutionally required judicial determination that his plea was voluntary in an application for a writ of habeas corpus, La.C.Cr.P. art. 362, or in a motion for a new trial, La.C.Cr.P. art. 851; <u>State v. Jackson</u>, 389 So. 2d 69, 70 (La. 1980) (Lemmon, J., concurring) ("irregularity is waived on direct appeal, and the defendant is relegated to post-conviction relief, at which he will have the burden of proving the invalidity of the convictions because of the... lack of required boykinization").[16] See also <u>Becnel v. Blackburn</u>, 410 So.2d 1015 (La. 1982); <u>Maleng v. Cook</u>, 104 L. Ed. 2d 540, 490 US 480, 109 S. Ct. 1923 (1989) (cases cited). The trial nor appellate counsel challenge <u>State v. Lay</u>, #04-CR-58726 as being unconstitutional under Boykin giving me another sentencing hearing.

Louisiana Code of Criminal Procedure Article 882. Correction of illegal sentence; review of illegal sentence

A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. See <u>State ex rel. Stepter v. Whitley</u>, 661 So. 2d 480 (La. 1995); <u>Bozza v. United States</u>, 330 US 160, 67 S. Ct. 645 (1947). See also <u>State v. Johnson</u>, 220 La. 64, 55 So. 2d 782, adopting Rule 35, Federal Rules of Criminal Procedure.

---

[16] See <u>State v. Shelton</u>, 621 So. 2d 769 (La. 1993) adopting <u>Parke v. Raleng</u>, 113 S. Ct. 517, 523 (1992). See also <u>State v. Casson</u>, 2 So. 3d 1246 (La. App. 3rd Cir. 2009); and <u>Brady v. United States</u>, 397 U.S. 742, 747, n.4, 90 S. Ct. 1463, 1468, 25 L. Ed. 2d 747 (1970).

The State of Louisiana decisions State of Louisiana v. Ranj Cotton, 09-2397 (La. 10/15/10), 45 So. 3d 1030; and State v. Marcus Quinn, Sr., 2015 La. LEXIS 1004, No. 2014-OK-1831 (La. 4/10/15) bars collateral review of a sentence imposed by using erroneous information and/or unconstitutional convictions per se and due to appellate counsel being barred by operation of La. R.S. 15:529.1(D)(1)(b); and La. C.Cr.P. Art. 841 results in a decision that is contrary to La. C.Cr.P. Art. 881.5 and 882; Bozza v. United States, 330 US 160, 67 S. Ct. 645 (1974); Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001) citing Strickland v. Washington, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Boykin v. Alabama, supra;[17] State v. Guzman, 665 So. 2d 512 (La. 1995) (La. C.Cr.P. Art. 556.1); United States v. Tucker, 404 U.S. 443, 92 S. Ct. 589, 30 L. Ed. 2d 592 (1972) and Duckworth v Serrano, 454 US 1, 70 L Ed 2d 1, 102 S Ct 18 (1981) where the Supreme Court held:

A state prisoner must normally exhaust available state remedies before a Writ of Habeas Corpus can be granted by the federal courts; an exception is made only if there is no opportunity to retain redress in State court or if the corrective process is so clearly deficient as to render futile any effort.

The State of Louisiana through erroneous interpretations of State laws by the Louisiana Supreme Court has foreclosed any and all collateral attacks on my convictions and sentences based upon ineffective trial; appellate; and post-conviction/sentencing attorneys without due process since petitioner Lay was not informed of their decisions not to raise these claims via Motion to Quash; Motion for New Trial; Motion to Correct Illegally Excessive sentence in the trial court, on direct appeal and PCR and/or inactions as mandated by Florida v. Nixon, 543 U.S. 175, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004). See Smith v. Murray, supra.

3. In Joseph v. Cain, U.S. District Lexis 60923, Civil Action No. 08-3992, Section "A" (4) (E.D. La. 5/25/11) held:

---

[17] See United States v. Bass, 310 F. 3d 321, 325 (5th Cir. 2001) (quoting Strickland, 466 US at 694); Briseno v. Cockrell, 274 F. 3d 204, 207 (5th Cir. 2001); and United States v. Franks, 230 F. 3d 811, 815 (5th Cir. 2000) (three extra months equal prejudice.)

...The AEDPA's deferential standard of review applies only to claims adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d). As outlined previously, Joseph's insufficiency of the evidence claim was dismissed as procedurally barred under La. Code Crim. P. art. 930.4, and it was not addressed on the merits. With respect to claims that are not adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply. Henderson v. Cockrell, 333 F.3d 592, 597 (5th Cir. 2003). Instead, the federal courts review those claims under the pre-AEDPA de novo standards of review. Id., at 598 (citing Jones v. Jones, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); see also, Carty v. Thaler, 583 F.3d 244, 253 (5th Cir. 2009). The pre-AEDPA is application since:

(a). The trial court denied all PCR claims pursuant to La. C.Cr.P. Art. 930.4 as either being been heard on direct appeal or not brought when they could have been heard on appeal are not subjected to dismissal under 28 U.S.C. § 2254(d) but review under the pre-AEDPA de novo standards of review; and

(b). Petitioner Lay is entitled to issuance of a Writ of Habeas Corpus as to his conviction and sentence; and/or an evidentiary hearing with counsel as indigent.

Respectfully submitted this _____16th_____ day of April, 2019, under the penalty of perjury and good faith.

Richard Lay 110315
RLCC Cajun 2 A1
1630 Prison Road
Cottonport, LA 71327

Information, which is part of the records, clearly lists David Hall as such; and (2) I did not raise the specific challenges as to the defective bill of information in the trial court based upon variance which was denied on January 19, 2007. Warren Montgomery said he does not plan to use to multiple bill on non-violent offenders and/or drug addicts. (emphasis added)

1.    The District Attorney was without jurisdiction to impose any sentence in this case in light of petitioner Lay's outstanding motions for new trial; post-verdict of acquittal; and arrest of judgment despite Judge Ad Hoc Elaine Guillet's order which exceeded her authority under La. C.Cr.P. Arts. 674 and 675 to determine whether petitioner Lay's motion to recuse Judge Martin Coady had merits, thus violating my due process / equal protection rights per State v. Melon, 660 So. 2d 466 (La. 1995). See also State v. Augustine, 550 So. 2d 1331, 1334 (La. 1990), superseded in part as stated in State v. Martin, 643 So. 2d 830 (La. App. 4th Cir. 1994).

## CLAIM 6

1.   On November 30, 2011, defendant Lay was found guilty of violating La. R.S. 14:34.5.

2.   On the 15th day of December, 2011 the State of Louisiana through Assistant District Attorney Leigh Ann Walls filed Multiple Bill of Information seeking a sentence under La. R.S. 15:529.1 listing the following predicate offenses:

    a.  #383759-F—convicted for violating La. R.S. 40:979 and 40:967 on March 30, 2007.

    b.  #215530—convicted for violating La. R.S. 40:981.3.

    c.  #197086— convicted for violating La. R.S. 14:69 relative to possession of stolen property, date of offense February 25, 1991. She alleged conviction twice.

    d.  #130364— convicted for violating La. R.S. 14:72 relative to forgery, date of offense November 7, 1984.

    e.  #130364— convicted for violating La. R.S. 14:72 relative to theft, date of offense February 25, 1985.





UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD B. LAY                                    CIVIL ACTION

VERSUS                                            NO. 19-9803

S.W. MCCAIN, WARDEN                               SECTION "R" (2)

<u>**ORDER**</u>

Richard Lay, proceeding *pro se*, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254.  On June 15, 2020, Lay filed a "Petition for Remand to State Courts,"[1] invoking the U.S. Supreme Court's decision in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020).   The Court construed petitioner's filing as a motion to amend his habeas petition and to stay these proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005).[2]  The Court granted the motion as construed, and instructed Lay to exhaust his *Ramos* claim in state court.[3] The Court further ordered that, upon resolution of his claim in state court, Lay shall (1) notify this Court of that ruling, and, if needed, (2) seek to lift the stay in this case.[4]  This case has been stayed and administrative closed since that order.

---

[1]    R. Doc. 40.
[2]    R. Doc. 43 at 1.
[3]    *Id.* at 7-8.
[4]    *Id.*



On June 28, 2021, Lay filed a "Request [for] Leave to Amend/Supplement Habeas Corpus Petition" in this Court.[5]  The Court construes Lay's request as a motion (1) to lift the stay, and (2) for leave to file an amended habeas petition.   Because Lay submits evidence that he exhausted his *Ramos* claim in state court,[6] as directed by this Court's July 27, 2020 order,[7] the Court grants the motion insofar as it seeks to lift the stay.  The Court hereby LIFTS the stay and REOPENS this case.

Insofar as Lay seeks to amend his habeas petition, the Court REFERS the request to the Magistrate Judge for determination.

New Orleans, Louisiana, this __20th__ day of January, 2022.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

5   R. Doc. 44.
6   R. Doc. 44-3 at 36 (Louisiana 22nd Judicial District Court denial of motion to reconsider sentence, because "Ramos does not apply") (Oct. 14, 2020); *id.* at 52 (Louisiana 22nd Judicial District Court denial of motion) (Nov. 4, 2020); *id.* at 54 (Louisiana First Circuit Court of Appeal denial of writ) (Dec. 30, 2020); id. at 10 (Louisiana First Circuit Court of Appeal denial of writ) (Mar. 2, 2021); *id.* at 69 (Louisiana Supreme Court denial of writ application) (June 8, 2021).
7   R. Doc. 43 at 7-8.

2



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

Richard Lay-Pro Se                                    Civil Action

Versus                                                19-9803-R(2)

Marcus Myers-Warden

---

### OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS

**NOW INTO THE COURT** comes Petitioner Richard Lay who files the following "Objection to the Magistrate's Report and Recommendation" rec'd on February 15, 2022:

1.      Petitioner Lay has independently exhausted his Federal/State law claims separately from ineffective appellate and trial counsel...contrary to the magistrate's false assumptions. See Exhibit 1-Application for Post Conviction Relief with documents proving entitlement to relief.

The federal Habeas Corpus statue and decades of federal jurisprudence requires a petitioner seeking federal Habeas Corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 USC § 2254(b)(1)(A); Rose v. Lundy, 455 US 509, 102 S. Ct. 1198, 71 L. Ed. 2D 379 (1982); Minor v. Lucus, 697 F. 2d 697 (5th Cir. 1983); Morcandel v. Cain, 179 F. 3d 271, 275 (5th Cir. 1999); Whitehead v. Johnson, 157 F. 3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner Lay only must have "fairly presented" the substance of his federal constitutional claims to the State of Louisiana court in a "procedurally proper manner." Wilder v. Cockrell, 274 F. 3d 255, 259 (5th Cir. 2001); O'Sullivan v. Boerckel, 526 US 838, 119 S. ct. 1728, 144 L. Ed 2d 1 (1999); Magouirk v. Phillips, 144 F. 3d 348, 360 (5th Cir. 1998) citing Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir.1985); Mercandel, 179 F. 3d at 275 citing Dupuy v. Butler, 837 F. 2d 699, 702 (5th Cir. 1988). Exhaustion requires that any federal constitutional claim presented to the state courts






be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. Picard v. Conner, 404 US 270, 276, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971).

2.    The Magistrate in both Report and Recommendation  erroneously applied the wrong standard of review under both federal and the laws of Louisiana for prejudice purposes under Strickland.

A federal court will not reach the merits of claims denied by the State court on State procedural grounds if the State-law grounds are independent of the federal claim and adequate to bar federal review. See Sawyer v. Whitley, 505 US 333, 338, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992); Coleman v. Thompson, 501 US 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991), modified by Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (3/20/12). But if the State procedural determination is based on state grounds that were inadequate to bar federal habeas review, or if the habeas petitioner shows that an inadequate to bar federal habeas review, or if the habeas petitioner shows that an exception to the bar applies, the federal court must resolve the claim without the deference that the AEDPA otherwise requires. See Woodfox v. Cain, 609 F. 3d 774, 794 (5th Cir. 2010) (the AEDPA's deferential standard of review would not apply to a procedural decision of the State); Miller v. Johnson, 200 F. 3d 274, 281 n. 4 (5th Cir. 2000) ("Review is de novo when there has been no clear adjudication on the merits." (citing Nobles v. Johnson, 127 F. 3d 409, 416 (5th Cir. 1997); Mercadel v Cain (1999, CA5 La) 179 F.3d 271 ("the AEDPA deference scheme outline in 28 U.S.C. § 2254(d) does not apply to claims not adjudicated on the merits by the State court.).

And, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the State court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding 28 U.S.C. § 2254(d). A state court is "contrary" to clearly established

103.
  

federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Busby v. Dretke, 359 F. 3d 708, 713 (5th Cir. 2004); see also Lopez v. Smith, 135 S. Ct. 1, 2, 190 L. Ed. 2d 1 (2014) (per curiam) ("we have emphasized, time and time again, that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, prohibits the federal courts of appeal from relying on their own precedents to conclude that a particular constitutional principle is "clearly established." (citation omitted).

A Decision constitutes an "unreasonable application" of clearly established federal law if, "the state court identifies the correct governing legal principle from (the) Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 US 362, 413, 120 S. Ct. 1995, 146 L. Ed. 2d 389 (2000). "For purposes of 28 U.S.C. § 2244(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law… A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the State court's decision." Harrington v. Richter, 562 US 86, 131 S. Ct. 770, 785-86, 178 L. Ed. 2d 624 (2011) (citations and internal quotation marks omitted). under 28 U.S.C. § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the State court's decision; and then it must ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision court." Id. at 786 (internal quotation marks omitted). The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rules specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Id. (internal quotations marks omitted). And "even a strong case for relief does not mean that state court's contrary conclusion was unreasonable." Id. the Supreme Court has explained that; "if this standard is different to meet, that is because it was meant to be," where, "as amended by AEDPA, 28 U.S.C. § 2254(d) stops






short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but it preserves authority to issue the writ in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with this court's precedents," and "it goes no farter." Id. Thus, "as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was no error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Id. at 786-87; according Burt v. Titlaw, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013).

3.   The decisions of the State courts are clearly contrary to federal law and are a unreasonable application of the same.

The State of Louisiana's decision in State v. Deloch, Jr., 140 So. 3d 1167, 2014 La. LEXIS 1197 No. 2013-KP-1975 (La. 5/16/14) that Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (3/20/12) in light of Trevino v. Thaler, 11-10189 (U.S. 2013), 569 U.S. 413, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 does not apply in any Louisiana court despite raising substantial ineffective trial; appellate; and post-conviction counsel(s) claims results in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; and results in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state courts' proceeding by relying on legal rules that directly conflict with prior holdings of both the United States Supreme Court and the Louisiana Supreme Court and/or reached a different conclusion that the Supreme Court on materially indistinguishable facts.

In Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (3/20/12), the Supreme Court discussed the longstanding holding in Coleman, i.e., that since habeas petitioners have no constitutional right to counsel on Post-Conviction review, deficient performance by Post-Conviction counsel does not excuse a procedural default. The Supreme Court carved out a very limited exception to that rule in



situations where a State defendant is procedurally barred from an ineffective assistance or due to a lack of counsel at the initial or review allowed from raising such a claim.

Martinez set forth the following requirements for finding an exception to excuse a procedural default: (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective assistance of trial counsel claim . . . be raised in an initial-review collateral proceeding. Id. at _____, 132 S. Ct. 1318-19, 1320-21. [Emphasis provided]. The court defined "initial review collateral proceeding for a prisoner to a claim of ineffective assistance at trial. Id. at 1325, 1327. Martinez, resolved that, in States where a claim of ineffective assistance of counsel at trial is prohibited from direct appellate review, the constitution would require the effective assistance of counsel at the first level of review of the claim on Post-Conviction before a procedural bar can be imposed by the State courts. Id. at 1319-20. Finding that Arizona's procedures for raising ineffective as of counsel claims required that such claims be raised in Post-Conviction proceedings rather than on direct appeal, the court found that the failure of Post-Conviction counsel to raise the ineffective assistance of trial counsel at the first level of review established "cause" for Martinez's procedural default.

The question thus becomes whether Louisiana like Arizona bars a defendant from raising his ineffective assistance of counsel during direct appeal. Neither the United States Supreme Court nor the United States Fifth Circuit has ruled on this issue in regard to Louisiana procedures. However, the issue was raised before the United States Supreme Court in Trevino v. Thaler, __ US __, 113 S. Ct. 1911 (2013) with regards to Texas' rule governing ineffective assistance of counsel claims, and may well apply by analogy to Louisiana cases.



In <u>Trevino</u>, the court acknowledges the four-part test of <u>Martinez</u> for finding an exception to <u>Coleman's</u> general rule that post-conviction counsel's errors cannot constitute "cause" for the procedural default of an ineffective assistance of counsel claim. Id., at 1918. The <u>Trevino</u> court then focused on the 4th prong of the test relative to whether Texas law required the ineffective assistance of counsel to be addressed in initial review collaterally proceedings. The court found that, although Texas law did not expressly require a defendant to raise a claim of ineffective assistance of counsel in an initial collateral review proceeding, Texas courts generally directed defendants to raise such claims on collateral, rather than on direct review. Id. at 1919-20. Additionally, Texas procedures made it virtually impossible for appellate counsel to adequately present an ineffective assistance of counsel claim on direct review as such a claim often depends upon evidence outside the trial records and efforts to expand the record are difficult due to time constraints for filing an appeal. Id. at 1918.

Similarly, Louisiana law generally encourages defendants to bring issues of ineffective assistance of counsel in a post-conviction proceeding in the district court, where a full evidentiary hearing may be conducted. <u>State v. Clark</u>, 107 So. 3d 646 (La. App. 2nd Cir. 2012); <u>State v. Prudholm</u>, 446 So. 2d 729, 737 (La. 1984) (noting that, when challenging the constitutional right to reasonable effective assistance of counsel, "a defendant's remedy is through post conviction relief in the trial court where the quality of counsel's assistance can be developed and explored). However, where the record discloses sufficient assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. <u>State v. Ratcliff</u>, 416 So. 2d 528, 530 (La. 1982); <u>State v. Carter</u>, 684 So. 2d 432, 438 (La. App. 1st Cir. 1996). Decisions relating to investigation, preparation and trial strategy cannot possibly be reviewed on appeal. See <u>State v. Albert</u>, 697 So. 2d 1355, 1363-64 (La. App. 1st Cir. 1997).

No counsel was appointed nor an evidentiary hearing heard as to my <u>Ineffective Trial/Appellate Counsel</u> via post-Conviction despite being my initial review collaterally for any procedural default of any claim(s).



*108.*

4.    In <u>Joseph v. Cain</u>, U.S. District Lexis 60923, Civil Action No. 08-3992, Section "A" (4) (E.D. La. 5/25/11) held:

...The AEDPA's deferential standard of review applies only to claims adjudicated on the merits by the state courts. 28 U.S.C. § 2254(d). As outlined previously, Joseph's insufficiency of the evidence claim was dismissed as procedurally barred under La. Code Crim. P. art. 930.4, and it was not addressed on the merits. With respect to claims that are not adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply. Henderson v. Cockrell, 333 F.3d 592, 597 (5th Cir. 2003). Instead, the federal courts review those claims under the pre-AEDPA de novo standards of review. Id., at 598 (citing Jones v. Jones, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); see also, Carty v. Thaler, 583 F.3d 244, 253 (5th Cir. 2009). The pre-AEDPA is applicable if remanded for consideration in the State courts. The erroneous dismissal as repetitive and refusal to rule in over <u>4</u> years despite my urgence don't bar relief.

May 1, 2017, the First Circuit Court of Appeal in <u>State v. Lay</u>, #2017-KW-0207 granted a writ in part requiring the District Court to hear and rule upon petitioner Lay's Application for Post-Conviction Relief filed on or about February 3, 3016, denied March 29, 2016 to which judgment was vacated in part on August 12, 2016. I state to wit:

Under clearly established Federal Law as determined by the Supreme Court, all criminal defendants have a right to an advocate in mandatory appeals. See <u>Douglas v. California</u>, 372 US 353, 355-58, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963). Appellate counsel has an ethical responsibility of constitutional dimension to argue zealously those issues that counsel finds not wholly frivolous. See <u>Anders</u>, 386 US at 744. When an attorney believes an appeal would violate his or her ethical duty to refrain from making frivolous arguments, <u>Anders</u> requires counsel to "advise the court and request permission to withdraw." Id. A request to withdraw, "must, however, be accompanied by a brief referring to anything in the record



*108.*

that might arguably support the appeal." Id. The attorney must send the brief to the defendant and the defendant must be informed of his or her right to file a supplemental brief. See Id.

The reviewing court then must make a full examination of all the proceedings to determine if the appeal is in fact wholly frivolous. See Id. If the appeal is in fact wholly frivolous, the court may permit counsel to withdraw. See Id. If the court finds any arguable issues, it must appoint counsel for the defendant. See Id. The reason for this exacting procedure is to ensure that indigents receive in addition, a brief containing "ready references" to arguable issues to assist the court in its vigorous review, rather than presenting the court with a cold record. See Id. at 745.

These mandates were violated in this case.

The appellate brief filed by Prentiss White on Lay's behalf "failed to draw attention to anything in the record that might arguably support the appeal"—a failure that left Lay constructively without counsel on appeal. Penson v. Ohio, 488 US 75, 81, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988) quoting Anders, 386 US at 744). Thus counsel White rendered constitutionally deficient representation within the meaning of Strickland[1]/Cronic[2]. See also Davis v. Kramer, 167 F. 3d 494, 498 (9th Cir. 1999).

[Applying AEDPA to an identical challenges under Strickland and Anders and determining that the Supreme Court in Anders clearly established that appellate counsel must raise arguable issues in an Anders brief.]

Although trial counsels ineffective assistance presented a legitimate, specific, and compelling issues were identified throughout the trial records and petitioner Lay's Opposition to the "Anders Brief" filed on the 6th day of March 2017, in the First Circuit Court of Appeal under #2015-KA-0086 with documents in support[3]... appellate counsel White deliberately elected to ignore the requirements of

---

[1]   Strickland v. Washington, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)
[2]   United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047, 80 L. Ed. 2d 657 (1984)
[3]   See Smith v. Murray, 477 US 527, 536, 106 S. Ct. 2661 (1986).

109.






_Anders_, he completely deprived Lay of the right to counsel on Appeal thus violating Lay's 5th and 6th Amendment rights.

Petitioner Lay does not have to prove any prejudice because the failure of counsel White to raise arguable issues in the appellate creates a presumption of prejudice. See _Penson_, 486 US at 86, _Davis_, 167 F. 3d at 499. As the Supreme Court explained in _Penson_, when appellate counsel's only action is to file a motion to withdraw that raises no arguably appellate issues, a petitioner is "completely without representation during the appellate court's actual decisional process. 488 US at 88. Merely filing a no-merit brief similarly leaves a petitioner without representation on appeal.

This situation differs radically from the case "in which counsels fail to press a particular argument." Id. Thus, when counsel fails to raise any arguable issues in the appellate brief, it is "inappropriate to apply either the prejudice requirement of _Strickland_ or the harmless error analysis of _Chapman_, Id. at 88-89. See also _Lofton v. Whitley_, 905 F. 2d 885, 887-88 (5th Cir. 1990) (presuming prejudice when counsel failed both to raise arguable issues in the appellate brief and ask for leave to withdraw).

The legal assistance provided in this case by appellate counsel White did not comport with the representation of indigent defendants contemplated by the Supreme Court in _Anders_, _Penson_, _Strickland_, _Cronic_, and _Gideon v. Wainwright_, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). A new appeal with conflict-free counsel will entitle Lay to challenge all claims raided herein including use of a 10-2 verdict obtained pursuant to procedure in violation of the "Equal Protection Clauses.

6.    On the _____ day of January 2016, petitioner Lay caused to be filed his 1st Application for Post-Conviction Relief which the trial Court erroneously denied relief on Marcy 29, 2016, by falsely alleging these claims were repetitive per curiam of the Louisiana Supreme Court; _In Re Lay v. State_, #14-KH-2549. This judgment was vacated August 12, 2016, in part and denied in part by informing the District Attorney that he need not file an answer clearly contrary to La. C.Cr.P. Art. 927 on the 1st day of May 2017, the First Circuit Court of Appeal ordered the trial court in Writ No. 2017-KW-0207

   

to rule on the merits of relator's application filed on or about February 3, 2016 by judgment dated May 1, 2017, no ruling has issue with service upon Petitioner Lay.

7.   The use of State v. Lay, #383759-F in the Bill of Information to enhance a simple battery on a correctional officer from a misdemeanor per La. R.S. 14:35.A(1) to a felony per La. R.S. 14:35.B(2) then again in the multiple bill of information clearly violated my due process / equal protection and double jeopardy rights under Spencer v. Texas, 383 US 554 at 556, 87 S. Ct. 648 at 649-50, 17 L. Ed. 2d 606 (1967); State v. Baker, 970 So. 2d 948 (La. 2007); and State v. Skipper, 906 So. 2d 399 (La. 2005).

8.   Trial and Appellate Counsels were ineffective by not challenging the State's use of State v. Lay, #383759-F for enhancement purposes under La. R.S. 14:35.B(2) and under La. R.S. 15:529.1 by written or oral objections per se and that the trial court erred by allowing the State of Louisiana to constructively/orally amend the Bill of Information to charge a different offense (La. R.S. 40:979) and evidence [imitation cocaine] after trial had started through testimony of its witnesses without objections by counsel Spell despite denying my pro se Motion to Quash based on variance on January 19, 2007 lessening the State's burden to prove the substance I possessed was actually cocaine as charged in the Bill of Information as read to the jury.

9.   Defense counsel Spell was ineffective for failing to object to the State's witnesses testimony that the substance I possessed was not cocaine but was an imitation cocaine and move for a mistrial and/or new trial under Strickland v. Washington, 466 US 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

10.   La. C.Cr.P. Art. 487 provides that the court may order an indictment amended before trial begins. If the indictment is amended after trial begins, "a mistrial shall be ordered." The Fourth Circuit Court of Appeal adopted this principle in State v. Wheeler, 665 So. 2d 2186 (12/14/95). There, the court






found that the trial court committed reversible error by allowing the State to amend an indictment against the defendant to charge her with a different violation during the trial.

The Wheeler court was following the Supreme Court precedent set in State v. Johnson, 637 So. 2d 1033 (6/04/94). The court held that the State may not substantively amend a Bill of Information to charge a new offense once trial has begun. In Johnson, at trial the evidence revealed the appellant possessed both cocaine and imitation cocaine, or "bunk." The original charges against the appellant were for possession of cocaine with the intent to distribute. In his instructions to the jury, the trial court instructed them that they could return a guilty verdict if they found that the appellant had violated the relevant statute on possession of a counterfeit controlled substance. The Supreme Court ordered the conviction overturned.

The Court in Johnson explained that the Louisiana Constitution:

> ...In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him." This requirement protects the accused's right to prepare a defense and exercise fully his rights of confrontation and cross-examination. The bill of information must therefore inform the defendant of the nature and cause of the accusation against him in sufficient detail to allow him to prepare for trial, as well as to allow the court to determine the admissibility of the evidence. State v. Johnson, 647 So. 2d 1033 at 1034-35 (internal quotations and citations omitted).

Here the minutes reflect that on January 19, 2007, the trial court denied all pro se Motion to Quash based on "variance" in the evidence alleged in the Bill of Information (cocaine) and discovery (imitation cocaine). There was never any amendment of the Bill of Information prior to trial and the jury was charged that broadened the possible basis for a conviction by adding a new and separate crime not contained in the Bill of Information to consider only since no instruction was given concerning the attempt, possession of cocaine to which defendant Lay objected.

(a) The State of Louisiana through the District Attorney of the Parish of St. Tammany / Washington deprived petitioner Lay of Due Process / Equal Protection whereas the District

   

Attorney invoked La. R.S. 15:529.1 against petitioner Lay but not his white co-defendant, James Hall, whom was homeless and had a violent criminal history yet placed him in drug court but not petitioner Lay who is also a drug addict with a non-violent criminal history.

(b) Reduced the Multiple Bill of Information on Melissa Harris, a white female who stole money from Pearl River Church at the church's request. She was eligible for automatic life to a third offender and given a 10-year sentence per District Attorney stating 10 years would be enough time.

## LAW AND ARGUMENT 4

The equal protection component of the Due Process Clause of the Fourth Amendment mandates the decision to prosecute a particular criminal case may not be based upon an unjustifiable factor such as race, religion or another arbitrary classification. See United States v. Armstrong, 517 US 456, 134 L. Ed. 2d 687, 116 S. Ct. 1480, 1486 (1996).

A prosecution also cannot be motivated by a suspect's exercise of constitutional rights through participation in political activity. See United States v. Barrios, 501 F. 2d 1207, 1211 (2nd Cir. 1974). However, absent a substantial showing to the contrary, governmental actions as the decision to prosecute are presumed to be motivated solely by proper considerations. See Armstrong, 116 S. Ct. at 1486; United States v. Mezzanato, 513 US 196, 210, 130 L. Ed. 697, 115 S. Ct. 797 (1995).

A criminal defendant bears a heavy burden in proving that he has been selected for prosecution in contravention to his counsel rights. A defendant "must demonstrate that the Federal (State) prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." Armstrong, 116 S. Ct. 1487 (internal quotation marks and citations omitted). The Court has held, in a case concerning allegations of racially biased prosecution, that a defendant must establish "both (1) that

   

similarly situated individuals of a different race were not prosecuted, and (2) that the decision to prosecute was invidious or in bad faith." <u>United States v. Olvis</u>, 97 F. 3d 739, 743 (4th Cir. 1996).

The courts have also held that similar standards apply when a defendant seeks discovery in support of a selective prosecution claim. Before a defendant can obtain discovery from the discovery (State) on this issue, he or she "must produce some evidence" making a credible showing of both discriminatory effect and discriminatory intent. <u>Olvis</u>, 97 F. 3d 743 (quoting <u>Armstrong</u>, 116 S. Ct. at 1488-89). See also <u>Wayte v. United States</u>, 470 US 598, 84 L. Ed. 2d 547, 105 S. Ct. 1524 (1985).

In the present case, petitioner Lay's evidence in support his selective prosecution under La. R.S. 15:529.1 is based upon race, sex, and religion to which Assistant District Attorney Matthew Caplan supplied to defendant Tracy McMooain 534869 on this courts docket in response to his PCR remanded to this court by the First Circuit Court of Appeal #2017-KW-0197:

(a) Melissa Harris was charged with having twenty-four prior felonies by Multiple Bill of Information filed on January 26, 2012 under docket number 510054 which was nolle prosse to having two on behalf of St. Peter and Paul Church located in Pearl River, Louisiana for leniency. The District Attorney stated a 10 year sentence was enough despite eligibility for automatic life.

(b) David Hall, my white co-defendant, who was homeless with violent criminal history in Florida / California was determined to be eligible for drug court on January 27, 2005, but petitioner Lay was deemed not eligible despite his addiction to drugs, lived in Slidell, Louisiana since 1971 where his family resides; mentally and physical disability and has a non-violent criminal history.

(c) Eddie Scott Jr., along with his two co-defendants, came to St. Tammany Parish went on shoplifting spree but was caught and it was determined this was his 84th arrest since 1956 was allowed to plea guilty to three (3) counts of shoplifting, given two (2) years in prison

  

despite being his 8th felony conviction. He was also placed in drug court per Assistant District Attorney Matthew Caplan's response to Tracy McMooain's PCR, but petitioner Lay was not worthy of drug court despite his addiction and having no victim like Scott, Harris, and Hall.

(d) On the 3rd day of August 2016, I assisted Dennis Johnson, Jr., draft a PCR which raised numerous claims including but not limited to racial discrimination in the use of the multiple bill (La. R.S. 15:529.1) based upon race, sex, and religion.

The trial court summarily denied under La. C.Cr.P. Art. 928 without service and an answer by the State on January 1, 2017, the First Circuit Court of Appeal issued an Interim Order to Warren Montgomery, District Attorney to filed a response to petitioner Johnson's ineffective assistance of counsel claims and his facial discrimination in the use of the multiple bill. The State's response failed to address any of counsel claims and merely stated the District Attorney Office does not discriminate in the use of the multiple bill. The First Circuit Court of Appeal granted the writ and remanded for a hearing under <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) and/or <u>LaFler v. Cooper</u>, 566 US 156 (2012). As to ineffective counsel during plea bargaining, the State has sought writs to the Louisiana Supreme Court under docket number 2017-KH-888 and/or 2017-KP-0514.

The ACLU and many faith-based churches and organizations throughout St. Tammany / Washington Parishes, have had many talks with Walter Reed and, in particular, Scott Gardner, known by all black Americans as the multiple bill man for over 30 years on deaf ears to no avail as they handed out 30-plus years for addicts for less than 28 grams of cocaine and 20 years for petitioner Lay for attempted possession of facsimile rocks despite being actually charged with attempted possession of actual cocaine in the reversed sting operation on Bruce Whitehead mother's property on Laurant Road without her written or oral consent. On direct appeal, the First Circuit Court of Appeal, in <u>State v. Lay</u>, 2007-KA-2155 (La. App. 1st Cir. 06/06/08): (1) the record does not show I had a co-defendant when the Bill of

   



Richard B Coy
DOC 110315
EHCC - Pax 2B
P.O. Box 174
St. Gabriel, LA 70776

Clerk of Court
USDC - Eastern District LA
500 Poydras St. Rm. C151
New Orleans, LA 70130



US POSTAGE
ZIP 70776
02 4W
0003897932 APR 14 2025
$ 013.10°



PRISON MAIL
NOT CENSORED, NOT RESPONSIBLE
FOR CONTENTS.
ELAYN HUNT CORRECTIONAL CENTER

RECEIVED
APR 21 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
DEPUTY CLERK

United States District Court
Eastern District of louisiana

Richard B. Lay—Prose          civil Action
Versus
Tim Hooper—Warden            19-9803-R(2)
and State of louisiana

Part II: Documents in Support of
motion To Vacate And set Aside
All Judgments based upon Magis-
trate's Wilkinson And Currault's Reports
and Recommendations in which Judge
Sarah S. Vance adopted without a
Denovo determination being made as
to the petitions and objections to
the Reports And Recommendations:

Exhibit(s):
1. Transcript of May 11, 2011 in which
   I was granted a Continuance to
   prepare my pro se motions yet he
   [ Judge Ad Hoc Winsberg ] turn right
   around and denied them including several
   Recusal motions                    1-16
2. Denial To modify Judgment was
   denied despite granting of Continuance
   for Counsel Mark James to review,
   research And filed it with merit  1-16
3. Informed Ex-Counsel's Lidder
   And James And Barrow To prepare
   a Motion for New Trial by a Ce

1/a

date Non-Complied with resulting
in all Pro se Motions being denied
without any written reasons as
he has done since Dec. 9, 2009 when
he was appointed over "215530-c;"383-
259-F- St. Tammany and "N-CR5-112,033-B
washington . . . . . . . . . . . . . . . . 1-16
4. letter of Preparation And filing con-
cerning orders of the Court without
Compliance by Counsels Linder, James
and Barrow . . . . . . . . . . . . . . . . 17
5. Linder taked over as Director of
22nd Judicial District Defenders off-
ice from John Simmons who had
picked him as my Counsel . . . . . . . 19
6. Linder hand picked mark James for
my conflict free Counsel . . . 1-16, And
19.; [ Don't Know why James was relieved
as my Counsel ] . . . . . . . . . . 1-16
7. letter of specific instructions to
Counsels Linder; James And Barrow in
Order to comply with Judge Ad Hoc
Winsberg on May 11, 2011. [ Non-Comp-
lince by all three] . . . . . . . . 18-27
8. Denial of Pro se Motions on June 5,
2012 without any Assistance by Counsels
Linder; James; or Barrow despite the
Court's and my instructions . . . . 1-16,
28
9. Judiciary taking UNKNOW Sanct-
ions/Censor on Judge Ad Hoc Win-
sberg per my complaint to them . . . 31
10. letter of Instructions to Counsel
Barrow 11/27/12 with no Compliance

2.

29-30

11. Judge Ad Hoc Winsberg was without Jurisdiction to hear And decide pro se motions ....... 33-34

12. Letter of Instructions to Counsel Barrow. No Compliance....... 35

13. Petition for Review ....... 36

14. Letter To Judge Ad Hoc Winsberg informing him that I had served the 2-year sentence in full imposed in 11-CRS-112033-B and he had No Jurisdiction to increase it again under LSA-R.S. 15:529.1 Using #383759-E. State + Ruiz; State + Baker; State + Breaux; State + Buttner, 411 So.2d 35 [LA. 1982] ....... 37

15. The Court minutes of March 24, 2011 Clearly establish an Oral Amendment from Violating LSA-R.S. 14:34.5.B(1) [misdemeanor] to LSA-R.S. 14:34.5.B(2) [A felony] to which I was arraigned there under And denied Motion To Quash on 11-30-11 Based on arraignment upon "Oral Amendment" to which LSA-C. Cr.P. art 384 provides: An information is a written accusation of crime made by

Footnotes

1. Article 384, of Louisiana Code Of Criminal Procedure Clearly provides that an information is a "Written Accusation of Crime... Where there is No ▮▮▮▮▮

3.

the District Attorney and Signed
by him. It must be filed in OPEN
Court in a Court having Jurisdiction
to try the Offense or in the office
of the Clerk thereof. See Arraign-
ment on March 24, 2011 And Motion
To Quash[3] after swearing of Jury
on 11-30-11.[2]

16. Petition For Judicial Review To
La. Supreme Court.......39-43 ~~~~~

17. Anders Brief of Appellate Counsel
Prentiss White.........44-51

18. Opposition To Anders Brief And
To Appoint Counsel to perfect the
error denied by 1st Circuit. Nor
did they review the records that these
Opposition came from. A Patent Error
Occurred when I was arraigned on
a "Oral Amendments" on March 24, 2011
and denied to Quash the oral
Amendment on 11-30-11.....52-55 [3]

19. Decision of 1st Circuit affirm-
ing Conviction And Sentences...56-59

written accusation of crime there
can be no valid arraignment trial
or Conviction. See State + Fonte Not
256 La. 12, 235 So. 2d 75 [1970]; And
State + Oliveau, 302 So. 2d 266 [ La.
1974]; and LA. Code Crim. P. article
920(2).

2. United States + Glover, 531 U.S. 198, 203
148 L. Ed 2d 604 [2001]

3. See Notes 1 And 2.

4.



20. Letter from Prentiss White Notify-
ing Lay of the 1st Circuit Affirm-
ance of my conviction And Sentence
                                    60-61

21. Motion To File Appellate Courts
[1st Circuit Court Of Appeal] decision
in USDC-ED-La. 15-1319-B ...... 62-63

22. Motion For Recusal ....... 64-65

23. Motion To CONsider All Claims under
the sixth Amendment [RAMOS] And the
Equal Protection Clause Violation
in which I became aware of when
I read the Ramos ruling And did
personal research on the viability
of the "Equal Protection Clauses" ...
                                    66

24. Request For Judicial Review ... 67-68

Respectfully Submitted this 14th
day of April, 2025 under the pen-
alty of Perjury And good-faith.


Richard B. Lay # 110315
EHCC- Fox 2 B
P. O. Box 174
St. Gabriel, LA
        70776

Exhibit

15

2 of 2

TWENTY-SECOND JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD LAY                                    NO. 112033

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF PROCEEDINGS taken before the
Honorable Jerome Winsberg, Twenty-Second Judicial
District Court, Parish of Washington, State of
Louisiana, on the 11th day of May, 2011, in
Franklinton, Louisiana.

APPEARANCES:

LEIGH ANN WALL, ESQUIRE

(ON BEHALF OF THE STATE OF LOUISIANA)

MARK JAMES, ESQUIRE

(ON BEHALF OF RICHARD LAY)

REPORTED AND TRANSCRIBED BY:

JACKIE B. WILLIE, CCR

CERTIFIED COURT REPORTER

CERTIFICATE NO. 29014





1       Your Honor, may I please the Court?

2   There was orders by the Court prior to

3   trial for the clerk of court that granted

4   issuance of subpoenas and subpoena duces

5   tecum prior to trial.

6       The proper procedure was followed by

7   the defense, but the State itself did not

8   comply with the rulings of the Court

9   granting it.

10  THE COURT:

11      Well, let's get off a dead center.

12  The Court is satisfied with the return,

13  it is filed into the Record, and it

14  speaks for itself.

15      Now, we do have the motion for a new

16  trial to be heard. I have received a

17  couple of motions that I received by mail

18  from Mr. Lay. And, Laura, tell me if you

19  have these.

20  MADAME CLERK:

21      Okay.

22  THE COURT:

23      The first one is a motion to modify

24  the verdict that was filed, and then I

25  received separate correspondence and a

26  memorandum in support of the motion to

27  modify the verdict.

28      So, I have those, and those have not

29  been ruled upon as of this time.

30  MR. LAY:

31      And at this time there is motion for

32  a continuance, and to appoint effective





```
 1                  counsel at a critical stage.
 2          THE COURT:
 3                      And we are going to get to that in
 4                  just a moment.  Let me just get these
 5                  into the Record.  I am getting to your
 6                  next motion.
 7                      So, both of these motions -- do you
 8                  have those in your file?
 9          MADAME CLERK:
10                  Yes.
11          THE COURT:
12                  Do you have both of those?
13          MADAME CLERK:
14                  Uh-huh (affirmative response).
15          THE COURT:
16                  Okay.  That is good.  Have you seen
17                  those before, Mr. James?
18          MR. JAMES:
19                  Yes, Your Honor.
20          THE COURT:
21                      That was not on the list --
22                  actually, the docket.
23          MR. LAY:
24                      And there should've been a letter
25                  also received during the same time on --
26                  receive you with correspondent between me
27                  and my counsel.
28          THE COURT:
29                      Well, I am getting to that if you
30                  will just give me a second, Mr. Lay.
31                  Then, I have a letter to Mark James,
32                  Attorney, apparently from Mr. Lay to Mr.
```





3

18

Case 2:19-cv-09803-SSV    Document 86-1    Filed 04/18/25    Page 153 of 219

```
1          James.
2              And then I have a motion to appoint
3          effective counsel, and for a continuance
4          that has been filed in this matter, and
5          so I have those.  Do you have those?
6    MADAME CLERK:
7              Yes, sir.
8    THE COURT:
9              Okay.  Good.  Okay.  So, if you
10         wanted to talk about those now, you can,
11         Mr. Lay.
12   MR. LAY:
13             The basis of the motion is under the
14         Sixth Amendment all defendants have a
15         right for every critical stage or the
16         effective counsel.
17             And the Record reflects that John
18         Linder was the initial counsel of Record
19         for trial proceedings.
20             On March 22nd Mr. Linder was allowed
21         to withdraw due to conflict of interest.
22         He became the director of the public
23         defender office, and he personally
24         selected Mark James, and he arose to
25         counsel of Records.
26             At that time he was appointed for
27         post-trial motions and sentencing
28         purposes.
29             And my qualms is of the fact that a
30         new counsel has arose that was not the
31         trial counsel, and did not hear the
32         testimony, did not review the evidence or
```

4





1    anything.

2        A counsel under no type of position

3    is not in a position to offer effective

4    counsel post-trial if he does not review

5    the transcript of the proceeding itself

6    and hear the tapes, and review the

7    evidence that has been submitted.

8        He cannot adequately prepare an

9    individual motion for new trial or the

10   post-judgment of acquittals, the arrest

11   of judgments, and any other motion that

12   needs to be -- issue subpoenas and

13   request for certain documents, and stuff

14   to investigate in the subject matter in

15   support of the new trial and --

16   THE COURT:

17       Okay.  I understand your motion.

18   Now, Mr. James?

19   MR. JAMES:

20       Yes, Your Honor.  I would have to

21   agree with Mr. Lay on this.  I went to

22   Winn Parish to meet with him at the

23   prison in order to prepare motions.

24       And to be honest without a

25   transcript in hand and without being at

26   the trial, I am really flying blind.  And

27       I think it may -- it would

28   definitely benefit us if we were able to

29   sit down, and I could review the

30   transcript, and Mr. Lay could review it,

31   and prepare for these motions.

32       I would join in that continuance and

  

20.

1    ask that a transcript be prepared, and

2    provided.

3  MS. WALL:

4        I think this a delay tactic by the

5  defendant.  I understand Mr. James'

6  position.  I do not think a transcript is

7  necessary in order to prepare a motion

8  for new trial.

9        In a motion for new trial we are not

10  accessing whether or not there were

11  errors that are reversible errors, that

12  would be for the Court of Appeals, and

13  that is what the transcript is for.

14        I think the motion for new trial

15  does not -- a transcript is not necessary

16  for that, so I object.

17  MR. LAY:

18

19        Your Honor, in response to Ms.

20  Wall's argument saying a transcript is

21  not necessary I will refer the Court to

22  Griffin versus Illinois in response to

23  that.

24        In an indigent situation when you

25  have one trial counsel and another trial

26  -- a new appointed counsel, and that

27  individual has to review the records to

28  provide effective assisting of counsel.

29        It will border on ludicrous for a

30  member of the bar to even suggest that a

31  new appointed counsel that was not part

32  of the trial, never heard the evidence,

     don't need the transcript to provide a




1      new trial when it's specific that

2      Louisiana Criminal Code of Procedure

3      Article 841 says that all errors that is

4      not assigned in the lower court is

5      weighed on appellant review.

6          A person has a right to perfect the

7      Record under 841 and a Record cannot be

8      perfected if that transcript is not

9      provided to an individual, and he's

10     quoting on that transcript the trial

11     errors.

12         So, it's borderline ludicrous to say

13     that a new trial is not necessary in

14     conjunction with a trial transcript to

15     point out them particularized errors for

16     the appellant court review if, in fact,

17     we have to go to the appellant court

18     level.

19     And then that was the same type

20     argument that came before the Court in

21     State (INAUDIBLE) versus Bernard Criminal

22     District Court in New Orleans, Louisiana

23     Supreme Court.

24     THE COURT:

25         Well, I agree in some respects and

26     disagree.  I think that an entire

27     transcript of such things as the jury

28     selection --

29     MR. LAY:

30         Don't need that.

31     THE COURT:

32         -- and the Voir Dire and --





1    MR. LAY:

2          Don't need that.

3    THE COURT:

4          Can you not talk for just a minute,

5    is that possible?  But, there may be some

6    things that may be necessary to have a

7    full and final hearing on the motion for

8    a new trial.

9          So, if we can get a proper

10   designation with particularity of what

11   counsel would need in regard to this, the

12        Court would grant it as long as it

13   is reasonable.

14        Certain points have been raised and

15   could probably be argued without the

16   transcript itself.

17        However, there may be some other

18   specific things and matters of law that

19   may very well be helpful to the Court on

20   the motion for a new trial.

21        So, I am going to give counsel a

22   specific time to do that to designate

23   specifically what parts of the trial need

24   to be transcribed.

25        And today is the 11th, and the

26   defense will have until May 25th to file

27   the motion, and then a copy should be

28   furnished to the State.

29        And we will see whether you have any

30   objections, Ms. Wall, in the aspect of

31   that.

32        And the Court will also review what





12                    23.

1  has been requested, and then make a
2  decision, and issue an order as to what
3  the Court deems necessary to go forward
4  with the motion for a new trial.
5      Some of the things are matters of
6  law that speak for themselves that have
7  been claimed.
8      But, if there are specific things
9  and if it is too general or if it asks
10  for everything, it is not going to be a
11  good idea, I can tell you that right now
12  in the court.
13  MR. LAY:
14      Your Honor, in that respect once
15  again I will re-urge the fact that this
16  is a different counsel and this counsel
17  cannot safely say what is a viable claim
18  without him personally reviewing the
19  trial proceedings.
20  THE COURT:
21      I have ruled, Mr. Lay.
22  MR. LAY:
23      And he is entitled to -- under
24  Griffin versus Illinois to review the
25  entire file record for errors.
26      841, errors could be set forth in
27  Voir Dire selection process by
28  (INAUDIBLE) the closing arguments, the
29  opening arguments and the trial
30  transcript itself.
31  THE COURT:
32      All right.  The ruling on the motion

13




1        to modify the verdict is denied.  The

2        motion for continuance is granted with

3        the reservations that the Court has

4        placed on the Record.

5            The motion to appoint effective

6        assistance of counsel, Mr. James has

7        already been appointed and the Court

8        deems him to be confident, and effective,

9        and that is moot as to the motion to

10       appoint effective assistance -- effective

11       counsel is what it is called.

12           And it is combined with it the

13       motion -- Laura, it is in the motion for

14       continuance as well.  And the continuance

15       of the hearing will be granted.

16   MR. LAY:

17           And I also note for the Record that

18       inside the body of the motion there is a

19       recusal that the judge failed to point

20       out, and I do not believe that the judge

21       has the authority to rule upon a motion

22       where --

23   THE COURT:

24           Well, we are not going through that

25       again.  We have already had a --

26   MR. LAY:

27           -- you have granted a continuance --

28   THE COURT:

29           Yes.

30   MR. LAY:

31           -- but yet you ruled on motions at

32       the same time.

14

25.

1    THE COURT:

2              And I am going to continue to rule.

3    MR. LAY:

4              You have granted a continuance until

5         the transcripts have been provided to

6         give my counsel time to supplement, but

7         yet at the same time you have not --

8    THE COURT:

9              If there was any motion for a

10        recusal --

11   MR. LAY:

12             -- given my counsel time to

13        supplement.

14   THE COURT:

15             -- in any of this, it is denied.

16   MR. LAY:

17             So, therefore, your ruling is one

18        part you're granting something to

19        continue, and then you're ruling.

20             You should not have ruled at all if

21        you grant my counsel the records time to

22        prepare.

23   THE COURT:

24             I mean, this could go on for a long

25        time.

26   MR. LAY:

27             Yes, it could.

28   THE COURT:

29             And it is not the first case --

30   MR. LAY:

31             I already know what he -- you're

32        going to make sure it don't.




15

1    THE COURT:

2            This is impossible to do.

3    MR. LAY:

4            You're going to make sure it don't.

5    THE COURT:

6            I am going to make sure what?

7    MR. LAY:

8            That it don't go on and get a fair

9        hearing, and a fair trial, you're going

10       to make sure of that.

11   THE COURT:

12           I am going to make sure that --

13   MR. LAY:

14           I already know it.  I know you from

15       Orleans Parish.

16   THE COURT:

17           Note for the Record that it is very

18       difficult to talk --

19   MR. LAY:

20           Yes, I know.

21   THE COURT:

22           -- because every time the Court

23       tries to talk, the defendant has

24       something to say.

25           And the Court also takes into

26       consideration the fact that the defendant

27       is incarcerated, and remains

28       incarcerated.  Where is he now?

29   MR. JAMES:

30           Winn Parish.

31   THE COURT:

32           He is in Winn?




16

1    MR. JAMES:

2            Yes, Winn Parish.

3    THE COURT:

4            That is a long trip.

5    MR. JAMES:

6            Yes, sir.

7    THE COURT:

8            How long does it take?

9    MR. JAMES:

10           Right at five hours.

11   THE COURT:

12           And I do not know how long it is

13       going to take but we have until the 25th

14       to make the request, and then we can set

15       it down for status.

16           And we might not have to get

17       together, we will see how it is going

18       after I get the request, and I will issue

19       some type of order as to what needs to be

20       transcribed.  And we will put the status

21       on for that.

22           Let's just say I will get your

23       request by the 15th or by the 25th, and

24       then I will make some ruling as quickly

25       as possible.  We will put this down for

26       status on --

27   MR. LAY:

28           One more thing before -- two things

29       before we leave here in route back to

30       that long ride.

31           Under State versus Melon a

32       coset defendant is entitled to file in

17

13

```
 1              conjunction with his attorney post-trial
 2         pleadings.
 3                   And I, in fact, have filed post-
 4         trial pleadings which, in fact, I will
 5         need portions of the trial transcript
 6         which I have already filed a motion for
 7         new trial, motion for post-judgment with
 8         motion for arrested judgment which I need
 9         the transcript.
10    THE COURT:
11              Believe me, anything that is
12         transcribed you are going to get.
13    MR. LAY:
14              Yes.  But, you're telling my
15         attorney for him to limit his request.
16    THE COURT:
17              Both of you.
18    MR. LAY:
19              This request.
20    THE COURT:
21              Both of you.  You are an attorney
22         and he is an attorney, and you are both
23         attorneys.
24    MR. LAY:
25              And at the same token we are just --
26    THE COURT:
27              You are representing yourself.
28    MR. LAY:
29              I've got one more thing to say then
30         I'm ready to go back.  In conjunction to
31         this -- Ms. Wall saying this is a delay
32         tactic, if the Court will notice that
```

18

29.

14

```
 1              when we came here in -- what was it?
 2                   December 19th, 2011 it was Ms. Wall
 3              who had difficulties in setting them
 4              dates, and Ms. Wall is the one --
 5      MS. WALL:
 6                   Only for one month, Your Honor.
 7      MR. LAY:
 8                   Ms. Wall --
 9      MS. WALL:
10                   I only asked that it not be -- and
11              Your Honor specified that you wanted me
12              here, and I was unavailable for one
13              month.
14      MR. LAY:
15                   Your Honor, every --
16      MS. WALL:
17                   And I object to this being put on
18              the Record.
19                   Court is adjourned.
20
21                   * * * * * *
22          (THEREUPON, THE PROCEEDINGS WERE CONCLUDED)
23
24
25
26
27
28
29
30
31
32
```



15

1

2       <u>REPORTER'S CERTIFICATE</u>

3           I, Jackie B. Willie, CCR, Certified Court

4       Reporter, do hereby certify that the above and

5       foregoing is a true and correct transcript of

6       proceedings had before the Commissioner Daniel

7       Foil, Twenty-Second Judicial District Court,

8       Parish of Washington, State of Louisiana, on

9       the 11th of May, 2012, in Franklinton,

10      Louisiana, to the best of my ability and

11      understanding.

12

13

14

15

16

17                      JACKIE B. WILLIE, CCR

18                      CERTIFIED COURT REPORTER

19                      CERTIFICATE NO. 29014

20

21

22

23

24

25

26

27

28

29

30

31

32

  

To: John W. Lindner, II - Attorney
527 E. Boston St; Suite 200
Covington, La 70433
(985) 892-6330

Exhibit 1 of 2

In Re: State v Lay  # 11-CRS-112033-22nd J.Dic. - Parish of washington

Dear Sir,

Please take the following steps to Identify all witnesses in the lobby awaiting to See doctor And persons Accompanying them As Nurse Pittman Alleges in Report by major Michael Harrello.

Return my motion for Recusal with Attachments gave to you at the Courthouse you failed to do so I can supplement writ to 1st circuit, enclosed.

File motion for Preliminary examination And Subpoena The Inmate on trip with me And sylvester Martin # 129262

File for a Copy of The video tape on 12-21-10 Showing how Jerry Prine was dressed goi in And out of the hospital And The Clinic.

March 26 2011.

Richird  Lay  110315
27268  Hwy 21
Slect 3-R-11



**Supreme Court**
STATE OF LOUISIANA
*New Orleans*

Exhibit B
6
1 OF 2

CHIEF JUSTICE
CATHERINE D. KIMBALL

JUSTICES
GREG G. GUIDRY
JEFFREY P. VICTORY
JEANNETTE THERIOT KNOLL
MARCUS R. CLARK
JOHN L. WEIMER
BERNETTE J. JOHNSON

Fifth District

First District
Second District
Third District
Fourth District
Sixth District
Seventh District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA  70130-8102

TELEPHONE (504) 310-2300
HOME PAGE  http://www.lasc.org

April 27, 2012

Charles Bennet Plattsmier, Esq.
Chief Disciplinary Counsel
4000 S. Sherwood Forest Blvd.
Baton Rouge, LA 70816

Richard Lay, (Pro Se)
#110315 Winn Correctional Cnt. Elm 2A-13
P.O. Box 1260
Winnfield, LA 71483

In Re: Appeal of the Decision of the
Board No. 2011-ADMIN-1147

No.   2012-OB-0952

Dear Counsel:

This is to advise that an **Appeal of Decision of the Disciplinary Board** was received and filed this day with regards to the above entitled matter.

With kindest regards, I remain.

Very truly yours,

John Tarlton Olivier

*Rachel Edelman*

By: Rachel Edelman
Deputy Clerk of Court

RE/jeg
ccs: Hon. Jerome Winsberg
Donna Roberts

Leigh Ann Wall, Esq.
John Lindner, Esq.



Exhibit
3

MARCH 22, 2012

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE,
DEPUTY CLERK OF COURT, RENE PEPPER MOLLERE, OFFICIAL COURT REPORTER AND
JOHNNY CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN
UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS                                    CHARGE:            **CASE #: 11-CR5-112033**
RICHARD LAY                           BATTERY OF A CORRECTIONAL FACILITY
                                      EMPLOYEE

March 22, 2012
                                               JEROME WINSBERG

Present, Leigh Anne Wall, assistant district attorney, John Lindner and Mark James,
attorney's for the defendant and the defendant, Richard Lay.

At this time, Mr. Lindner made an oral motion to withdraw as counsel of record due to his
appointment as district defender for the 22nd JDC and for conflict counsel, Mark James to be
appointed.

Motions are granted.
Motion to Dismiss Counsel is moot.

The court filed into the record a Motion to Stay dated March 16, 2012 which has not been
received by the clerk as to date.

As to Motion for New Trial, the state offers, files and introduces into the record State's Exhibt
#1 – Affidavit regarding video records of Sallyport area at RCC.

The defendant objects to this and states he has requested video footage of the parking area
of the Bogalusa Medical Center.

The court orders the District Attorney's office to get an affidavit from Bogalusa Medical
regarding this matter.

Due to being newly appointed in this matter, Mr. James, request a continuance in this
matter, which is granted.

All matters are continued until May 11, 2012 at 10:30 a.m.

Notice of Appeal (Disciplinary Counsel) is filed into record.
Request for Contempt Sanctions is denied.
Motion to Recuse filed 2/24/12 is denied.

——————————————————————

WHEREUPON, COURT ADJOURNED.

FILED FOR THE RECORD THIS THE

JOHNNY D CRAIN, CLERK OF COURT AND EX OFFICIO RECORDER OF MINUTES

BY:            , DPY CLERK OF COURT






*Exhibit 8*

3-23-12

To: Mack James - Attorney
915 Washington St.
Franklinton, La. 70438

In Re: State v. Jay # 11-CR5-112033

Dear Sir,

This is a Reminder to get a copy of the Clerk's Record for a complete file to which Lindner do not have. Also you'll need the trial transcripts to prepare a proper motion for New Trial, Post Judgment of Acquittal and Arrest of Judgment in addition to a Recusal motion of Judge Ad Hoc Wmsberg. I look forward to your visit but again, Lindner said the exact same thing since this incident of 2010 but never did yet for Record is full of his self-serving false lies.

3-23-12                                    ⑨

                              Richard Jay 110318
C.C                          LCC- Elm 2A-13
                              P.O. Box 1260
File                         Winnfield, La. 71483

③.

20

To: MARK James - Attorney
915 Washington St.
Franklinton, La 70438

Re: State + Lay # 11-CR5-112033 - 22nd J.D.C./Washington

Dear Sir,

On March 22, 2012 you were appointed to handle post-conviction proceedings. You informed me you would be at work within 2 weeks to attack you have not and it has been over 1 month. Additionally you cannot adequate prepare post-conviction proceedings since you have not reviewed the transcript of these trial proceedings nor did you heard the testimony and reviewed the evidence since you were not the trial attorney. So you tell me how are you in any position to provide effective assistance without the trial transcript? I specif-ically request you to seek a continuance to seek the trial transcript or withdraw off of my case again.

April 30, 2012

Richard Lay DC0365
Wac- Ebn 2A-13
P.o. Box 1260
Winnfield, La 71483

cc:
J. Winberg - Judge 22 Div
La Ann Waller - ADA
J. Crain - Clerk



MAY 11, 2012

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE,
DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND SANDRA
CONERLY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA                          CASE #: 11-CR5-112033
VS                              CHARGE:
RICHARD LAY                     BATTERY OF A CORRECTIONAL FACILITY
                                EMPLOYEE

May 11, 2012

                                           JEROME WINSBERG

This cause came on for various motions. Present, Leigh Anne Wall, assistant district
attorney, Mark James, attorney for the defendant and the defendant, Richard Lay.

At this time, the state offers, files and introduces a Statement of Facts, indicating there were
no cameras in position outside of Bogalusa Medical Center in December, 2010.

The court accepts return in this matter.

As to Motion to Appoint Effective Counsel, the court finds that appointed attorney, Mark
James has met this criteria and finds this matter moot.

Motion to Modify Verdict is denied.

The defense makes an oral motion for trial transcript and motion for continuance.
Objection by the state.

The court orders the defense to provide a particularized need for transcript and to note
specific parts of transcript need by May 25, 2012. A copy of transcript is to be provided to
the state. Upon review by the court, an order will be issued.

Any Motion for Recusal that has been filed is denied.

At this point, the court notes for the record, that there is extreme difficulty in talking to the
defendant due to the continued interruptions made by this defendant.

The court sets this matter for a status on June 18, 2012.

All other motions are continued until this date.



   

22

State of Louisiana                    Docket Number 11-CRS-112033
VERSUS                                22nd Judicial District Court
Richard Lay                           Parish of washington

Date Filed:
                                      Deputy Clerk

                    Motion To Appoint
                 Effective Counsel And
                 For A Continuance

     Now into the court comes defendant Lay who
moves This court to appoint effective And conflict
free Counsel to perfect post-trial And for sentencing
Purposes And to continue the May 11, 2012 hearing
without date I ask to unity.

1.  Conflict counsel Loudner hand picked counsel mark
    James to Represent defendant on march 22, 2012 post
    trial And sentencing who has yet to communicate to
    defendant Any defensive options post trial And for sen-
    encing despite my inquiries And his promise to visit
    with 2 weeks.

2.  Defendant is entitled to effective And conflict-free
    Counsel at every critical Stage of this criminal proc-
    ings which includes post-trial and sentencing to which
    I will be deprive due to counsel Refusal to Review
    the transcripts of the trial proceedings to which he
    wasn't at nor have any personal knowledge of
    what took place in order to perfect or make a
    meaningful post-trial attacks.

3.  Defendant Lay has already been arbitrarily deni-

                                                              23

production of the trial transcripts to perfect his
pro se post-trial motions by a biased and partial
Judge ad hoc without legal justification.

Wherefore defendant Lay moves this Schedule hear-
ings on May 11, 2012 be continued without date unti
an effective Counsel whom is willing to communicate
with defendant prior to making any fundamental deci-
sions and who is willing to follow my specific
structure post-trial and sentencing per Florida v. Nixon,
543 U.S. 175, 188, 125 S.Ct.551, 160 L.Ed.2d 565 [2004].

Respectfully submitted this 31st day of May, 2012
under the penalty of perjury and good faith.

Richard Lay 140315
WCC - Elm A2-13
P. O. Box 1260
Winnfield, La 71483

cc
Jn Winsberg - Judge ad Hoc
Jn Crosse Clerk
L. Watte - ADA
Mr. James - attorney

File

7.

(8)

34

State of Louisiana                    Docket Number: 11-CRS-112033
Versus                                22nd Judicial District Court
Richard Lay                           Parish of Washington

Date Filed: _____
                                            _____
                                            Deputy Clerk

                    MOTION TO DISQUALIFY
                    COUNSEL

        Now into this court comes defendant Lay who
moves this Court to disqualify counsel Mark James
for the following Reasons:

1) He was employed by the disqualified indigent defenders
Board as a misdemeanor attorney

2) He has no felony experience into the nature and complexity of
my charge and how to attack the multiple Bill to which
Leigh and will in exceeding the district attorney's offer in
seeking a life sentence for a minor offense. She has
given Sylvester martin and Angel Gonzalez both with in
charged with the same offense at Keylure within one
year of mine 6 months or less for a guilty plea do
pick their felony conviction record for multiple Bill
purposes or what them mines

3) He has informed he will follow Judge Ad Hoc Winsberg
directions Rather than raising concerning post trial and
Sentencing failure and request for documents despite
no knowledge of what transpired at trial

May 8th 2012                          ⊘✓

cc                                    Richard Lay 1102315
To Mark- Attorney                     Winn Correctional center
To winsberg-Judge Ad Hoc              P.O. Box 1260
To Crain- Clerk                       Winnfield, La 71483
To Willis - ADA

                    ⑧.                              25.

TO: Ernest E. Barrow-Attorney
    113 E. 23rd AVE
    Covington, La. 70433-2815

In Re: State + Lay # 11-CRS-112033

Dear Sir,

If you have Not received the complete
trial records to prepare post-trial motions, I
specifically request you to seek A continuance
for said purposes in light of the trial courts
previous directive to John Lindner And Mark
Jones to file an Amended Motion For New
Trial putting all my pleadings in proper
prospective which they failed to do. See Florida + Nixon, 543 U.S. 175 [2004]

October 29, 2012

cc
File

                    Richard Lay 110315
                    WNC Elm A-1-9
                    P.O. Box 1250
                    Winnfield, La. 71483



26.

JULY 6, 2012

HE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
URSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
ISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE,
EPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY
AUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
ISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA                              CASE #: 11-CR5-112033
/S
RICHARD LAY                         CHARGE:
                                    BATTERY OF A CORRECTIONAL FACILITY
                                    EMPLOYEE

-12July 6, 2012                                 JEROME WINSBERG

This cause came on for Status Hearing. Present, Leigh Anne Wall, assistant district attorney,
Mark James, attorney for the defendant and the defendant, Richard Lay.

Motion for Recusal is denied as repetitive.

At this time, a copy of the trial transcript is provided to the defendant and counsel of record.

An objection is made by the defendant as to this being a partial transcript. This is noted by
the court and overruled.

The court sets a date of August 31, 2012 for the defense to file any amended Motion for New
Trial. The state is to repond to any amended Motion for New Trial by September 14, 2012.

Hearing for New Trial is set for October 25, 2012.

At this time, the defendant makes an oral motion for production of transcripts from May 22,
2012 and today's date, which is granted.

The defendant has until August 3, 2012 to take any writs.





*Exhibit 2*

JULY 5, 2012

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, NONE, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK
OF COURT, NONE, OFFICIAL COURT REPORTER AND NONE, DEPUTY SHERIFF. WHEREUPON,
THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS                                          CHARGE:                  CASE #: 11-CR5-112033
RICHARD LAY                                 BATTERY OF A CORRECTIONAL FACILITY
                                            EMPLOYEE

June 5, 2012                                          JEROME WINSBERG

Pursuant to a telephone conversation with Judge Winsberg, the following matters were
disposed of to wit:

Pro Se Motion to Arrest Verdict/Judgment - Denied.
Pro Se Motion to Disqualify Counsel - Denied.
Motion for Production of Trial Transcript - Granted.
Notice of Objections filed into file, no ruling necessary.

No further action taken.





*Exhibit 6*

*2 OF 2*

To: Ernest Barrow III - Attorney
113 S. 23rd St.
Covington, La 70433
985-871-7244

Dear Sir,,

Pursuant to _Florida v Nixon_, 543 us 175, 187 [2004]; _State v Allen_, 955 So.2d at 751; and _State v Cambre_, 939 So.2d at 461. you are instructed to follow my specific instruction as to the course of action thru filings I wish you to perfect post conviction and sentence on the two previous attorneys Refused to do Resulting in my Conviction and or your attorneys. You are also instructed to gett my prior approval to any filings in Regards my Conviction and or Sentence via post-conviction in light of your Refusal to ~~~~ Respond to my past letters in over 30-days and counting.

11-27-12

CC.
To Winsberg - Judge
L> Whll - ADA

File

Richard Loy LLO345
wnc Elm 19-1-9
P. O Box 1260
Winnfield, La 71483

29





**Ernest E. Barrow**
A LIMITED LIABILITY COMPANY
113 EAST 23RD AVE.
COVINGTON, LOUISIANA 70433-2815

ERNEST E. BARROW, III
Attorney at Law

TELEPHONE NUMBER
(985) 871-7374

FACSIMILE NUMBER
(985) 871-7244

December 10, 2012

Richard Lay
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA 71483

Re:    State v. Richard Lay

Dear Mr. Lay:

I have received and reviewed your correspondence dated 11/27/12 and postmarked 11/28/12 and will comply with your requests.

In light of your accusation on the last page that states: "You are also instructed to get any prior approval to any filings in regards to my conviction and or sentence via post-conviction in light of your refusal to respond to my past letters in over 30- days and counting." I have not received any "letters" prior to the one post marked 11/28/12. If you have sent me letters prior to 11/28/12 please check with the appropriate authorities within Department of Corrections and/or the U.S. Postal Service to find out what happened to those letters and resend them at your earliest convenience or you may give them to me at your court date on January 4, 2013.

Happy Holidays, and I look forward to seeing you on January 4, 2013.

Sincerely,

ERNEST E. BARROW, III

EEB/eeb

 



*Exhibit H*



# The Judiciary Commission of Louisiana

400 ROYAL STREET, SUITE 1190
NEW ORLEANS, LA. 70130-8101

TELEPHONE (504) 310-2597
FAX (504) 310-2596

**PERSONAL AND CONFIDENTIAL**

April 10, 2013

Richard Lay, 110315
DWCC N4-D9
670 Bell Hill Road
Homer, Louisiana 71040

Re: File No. 11-8359

Dear Mr. Lay:

The Judiciary Commission recently considered the complaints you lodged against Judge Ad Hoc Jerome Winsberg concerning his actions in connection with certain proceedings you had pending in the 22nd Judicial District Court. Following a review of this matter, the Commission took appropriate action and then closed the file.

The Judiciary Commission and its staff are bound by Rule 23, Section 23 of the Rules of the Supreme Court, which states that Judiciary Commission proceedings are confidential. Accordingly, we are unable to provide you with any further information or specific details.

Sincerely,

*Clare Fiasconaro*

Clare Fiasconaro
Commission Counsel

cc:    Chair and Members, Judiciary Commission of Louisiana
       Timothy F. Averill, Chief Executive Officer
       Mary Whitney, Special Counsel

S:\judcomun\2013\Feb 15\WINSBERG.lay.cant.11-8359.wpd

31



MAY 13, 2013

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG, DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS                                              CASE #: 11-CR5-112033
RICHARD LAY                         CHARGE:
                                    BATTERY OF A CORRECTIONAL FACILITY
                                    EMPLOYEE

May 13, 2013
                                              JEROME WINSBERG

This cause came on for multiple offender hearing.  Present, Leigh Anne Wall, assistant district attorney, Ernest Barrow, attorney for the defendant and the defendant, Richard Lay.

At this time, the following motions were addressed to wit;

Amended Motion to Disqualify Counsel is denied.
Note objection by Mr. Lay.

Motion for Recusal is denied.
Note objection by Mr. Lay.

Motion to Continue is denied.

Opposition to Multiple Bill is denied.

State witness, Assistant Warden John Jerrell called and sworn.

State Exhibit #1 - Certified copies of record from Rayburn Correctional Center offered, filed and introduced.

Note Objection by Mr. Lay.

State Exhibit #2 - Certified copies from docket 383759 out of St. Tammany Parish offered, filed and introduced.

Felix Indest called and sworn.

State Exhibit #3 - Certified copies from docket 215530 out of St. Tammany Parish, offered, filed and introduced.

Officer James Folks called and sworn.

State offers witness as an expert in the field of fingerprint analysis and the court accept witness as expert in this field.

State Exhibit #4 - Certified copies from docket 197086 out of St. Tammany Parish, offered filed and introduced.

State Exhibit #5 - Certified copies from docket 130364 out of St. Tammany Parish, offered, filed and introduced.

The State submits this matter to the court, whereupon, the court finds the defendant to be a 4th felony offender and hereby vacates and sets aside the previous sentence in this matter and sentences the defendat as follows;

Pursuant to Act 15:529.1, the court sentences the defendant to serve a period of twenty two (22) years hard labor without the benefit of probation, parole or suspension of sentence in the custody of the Louisiana Department of Public Safety and Correction as a 4th felony offender.

The defendant is given credit for any time served subsequent to arrest and this sentence is to run concurrent with any sentence now being served.

The court advised the defendant he has two (2) years from the date the judgment of conviction becomes final to file any and all petitions for post conviction relief.

Thirty (30) days to file for appeal.

Thirty (30) days to file for reconsideration of sentence.

15    32

STATE OF LOUISIANA                 DOCKET NUMBER : 2013-KW-1081

VERSUS                             1st CIRCUIT COURT OF APPEAL

RICHARD LAY                        STATE OF LOUISIANA


### REQUEST LEAVE TO AMEND WRIT APLICATION

NOW INTO THE COURT comes defendant Richard Lay who moves this Court for "Leave To Amend Writ Application as follows:


### ISSUE(S) AND QUESTIONS PRESENTED

9. Whether the trial Court erred as a matter of law in imposing the original sentence of 2 1/2 on April 16, 2007 and holding the multiple bill hearing and Adjudication and sentence of 20-years on May 31, 2007 while pro-se motions for new trial, Arrest of Judgment and Judgment of Acquital remains outstanding as of this date[1.] ?


### ARGUMENT 9.

A review of the record reveals one patent error, which this Court erred in not noticing on direct appeal in affirming my conviction and sentence[2.] Defendant Lay filed post-verdict Judgment of Acquittal, New Trial, and for Arrest of Judgment prior to sentencing on April 16, 2007, which motions were not disposed of prior to sentencing, as required by LSA-C.Cr.P. Art. 821, 853, and 861, respectively[3.] the failure too rule on these motions requires that defendant Lay's sentence be vacated and the case remanded for resentencing. **State v. Jones**, 769 so.2d 28[La. App. 4 cir. 2000]; **State v. Wilson**, 683 so.2d 775, 777 [La. App. 4 cir 1996]; see also **State v. Brown**, 620 so.2d 508, 512 [La. App. 4 cir 1993]. writ denied, 625 so.2d 1062 [La. 1993].


Respectfully submitted This ___11th___ day of July, 2013 under the penalty of perjury and good-faith.

Richard Lay # 110315
WNC -Elm A-1-3
P.O. Box 1260
Winnfield, La. 71483

*33*

## CERTIFICATE OF SERVICE

I state a copy was mailed to Walter Reed District Attorney and Jerome Winsberg-Judge Ad Hoc properly addressed with postage affixed This_____ day of July, 2013.

_____
Richard Lay # 110315

**Footnotes**

1. See State v. Melon, 660 so.2d 466 [a. 1995].

2. See Exhibit # 14

3. See Exhibit - A

34

To:    Prentiss L. White, Attorney
       P.O. Box 74385
       Baton Rouge, LA  70874-4385

In Re: State v. Lay, #11-CR5-112033
       22nd JDC - Washington Parish

Dear Sir,

      Do you have all relevant transcripts concerning my conviction including the multiple bill adjudication hearing and sentence. If you have this transcript (15:529.1) forward a copy to me for my record since I do not have this one despite the court ordered a copy of the complete trial records be forwarded to me to prepare my pro se brief. Also I request a status update of my case and issues you plan to raise so I can being drafting my brief. Additionally, to forward me the 1st Circuit Appellate docket number.

      July 9, 2014.

Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA  71483-1260

cc:    file

35

IN THE
SUPREME COURT
STATE OF LOUISIANA

RICHARD LAY

DOCKET NO. _____

VERSUS

FILED: _____

1ST CIRCUIT COURT OF APPEAL

_____
CLERK OF COURT

PETITION FOR REVIEW

NOW INTO COURT comes petitioner Richard Lay who moves this Court to

review the erroneous decision of the 1st Circuit Court of Appeal and Appellate Counsel's

Motion for Withdrawal under *Anders v. California*, 386 U.S. 738 (1967); *State v. Jyles*,

704 So. 2d 241 (1997), fails to comply with the same as evident by not addressing my

viable claims to my conviction and sentence in my Opposition to Appellate Counsel's

Withdrawal.[1]

Respectfully submitted this 20th day of September, 2015, under the penalty of

perjury and in good faith.

_____
Richard Lay #110315
WNC Elm C-2-5
P.O. Box 1435
Winnfield, LA  71483

cc:    K. Landry, Appellate Counsel

       W. Montgomery, District Attorney

---

[1] See Exhibit B.

*Exhibit 5*



**Richard Lay 110315**

RLCC Cajun 2 A1
1630 Prison Road
Cottonport, LA 71327

July 30, 2018

Jerome Winsberg, Judge
5031 St. Charles Ave.
New Orleans, LA 70115

Re:    State of Louisiana
       versus # 11-CR5-112033
       Richard B. Lay

Dear Sir,

On 2/28/13, you sentenced me to two years with credit for time served and to run concurrent with <u>State v. Lay #383759-F</u>, 22nd J.D.C./St. Tammany Parish. This incident happened on 12-21-10 making said sentence served in full for double jeopardy purposes under <u>Massey v. D.O.C.</u>, 2014 La. LEXIS 2260 (La. 10/15/14); <u>Ex Parte v. Lange</u>, 85 U.S. (18 Wall) at 175; and <u>US v. Arrellano-Rios</u>, 799 F. 2d 520 (7th Cir. 1986); and Due Process under <u>St. Pierre v. United States</u>, 319 US 41, 87 L. Ed. 1199 (1943) (a sentence is moot once served in full). Also you got me doing a 22-year sentence without parole concurrently with #383759-F. My sentence under La. R.S. 15:529.1 nor La. R.S. 14:35 allows you to deny parole which is the exclusive domain of Parole Board [Executive Branch] for Separation of Powers Doctrine.

Please remove parole restriction so I can get out under Act 280.

Richard Lay 110315

cc:    Warren Montgomery, District Attorney

*19.*

*3?*

*11.*

# The Supreme Court of the State of Louisiana

STATE EX REL. RICHARD LAY

NO.  2017-KH-0314

VS.

STATE OF LOUISIANA

– – – – – –

IN RE:  Richard Lay; - Plaintiff; Applying For Supervisory and/or
Remedial Writs, Parish of St. Tammany,  22nd Judicial District Court
Div. F, No. 383759-F; to the Court of Appeal, First Circuit, No. 2016
KW 1408;

– – – – – –

September 28, 2018

Denied. Relator has previously exhausted his right to state
collateral review. See State ex rel. Lay v. State, 14-2549 (La.
11/6/15), 181 So.3d 693.

BJJ

GGG

MRC

SJC

JTG

WEIMER, J.,  recused.

Supreme Court of Louisiana
September 28,2018

Deputy Clerk of Court
For the Court

*38*

STATE ex rel RICHARD LAY

VERSUS

1ST CRICUIT COURT OF APPEAL

# 2016 – KW – 1408

Date Filed:_____

DOCKET NO $2017 - KH - 314$

LOUISIANA SUPREME COURT

STATE OF LOUISIANA

_____

                    **Deputy Clerk**

## PETITION FOR JUDICIAL REVIEW

Now into the court comes petitioner Richard B. Lay who moves this Court for a "Judicial Review" of he erroneous ruling of Judge Ad Hoc Jerome Winsberg pursuant t Article 1, Section 19 of the Louisiana Constitution 1974; and the 4th, 6th, 8th, and 14th Amendment of the United States Constitution and determine the following;

1. Whether Judge Ad Hoc Winsberg can determine the merits of said claims at his office in the city of New Orleans without viewing the court records in St Tammany Parish for dismissal under La. C. Cr. P. Art. 928 [Summarily] whereas said claims if established would entitle petitioner Lay to relief on the present sentence he's serving under **State v. Lay #383579-F** (St. Tammany) and #11-CR5-112033 (Washington) imposed under LSA – R.S. 15:529.1 for due process/equal protection concerns per La. C. Cr. P. Art. 927 and La. C. Cr. P. Art. 882.

Wherefore petitioner Lay prays relief to issue as provided by law.

39

RESPECTFULLY SUBMITTED this_____day of January 2017 under the penalty of perjury and good-faith.

_____
Richard B. Lay #110315
R.L.C.C.     Cajun 2 A-1
1630 Prison Road
Cottonport, La. 71327

CC
J. Winsberg – Judge Ad Hoc
W. Montgomery – District Attorney
M. Henry – Clerk of Court

File:

40

STATE OF LOUISIANA      DOCKET No: _383759-F_

VERSUS      22ND JUDICIAL DISTRICT COURT

RICHARD LAY      PARISH OF ST. TAMMANY

Date Filed:_____      _____
                                                 Deputy Clerk

## REQUEST FOR EXTENSION OF TIME

**********************************************************

Now into the court comes defendant Richard Lay who moves this court to

Extent the period to seek Writ to the "1st Circuit Court of Appeal" from the

judgment dated August 12, 2016 received on or about September 16, 2016. I state

to wit;

1). The 30-day time period to seek writ from the judgment had already expired

when I received the judgment from the Clerk Office.

2). Wherefore petitioner Lay moves the Court to Extent the "Return Date" to <u>60</u>

days from date of receiving the judgment (9-16-16).


September _26_ 2016.


                                          Richard Lay #110315
                                          R.L.C.C. – Cajun 2  A-1
                                          1630 Prison Road
                                          Cottonport, La. 71327


CC
Warren Montgomery
District Attorney

STATE ex rel RICHARD LAY    NUMBER: 2016-KW-1408

VERSUS    1ST CIRCUIT COURT OF APPEAL

STATE OF LOUISIANA    STATE OF LOUISIANA

## REQUEST LEAVE TO SEEK WRITS

............................................................

Now into Court comes petitioner Richard Lay who "Request Leave to Seek Writs" from the Arbitrary denial of the trial Court in "Extending the return date" to seek writ despite receiving the judgments denying post-conviction/sentence relief beyond the 30-days to seek the dame in this court.

RESPECTFULLY SUBMITTED this_____day of January 2017 under the penalty of perjury and good-faith

                                                        Richard Lay # 110315
                                                        R.L.C.C.    Cajun 2 A-1  #14
                                                        1630 Prison Road
                                                        Cottonport, La. 71327

CC
Jerome Winsberg – Judge Ad Hoc
Warren Montgomery – District Attorney
J. Crain – Clerk of Court [Washington Parish]
M. R. Henry [St. Tammany Parish]

File

42

*Exhibit 1*



*Melissa R. Henry*

**CLERK OF COURT**
22nd Judicial District Court
Parish of St. Tammany

P.O. Box 1090 · Covington LA 70434 · (985) 809-8700

September 2, 2016

RICHARD LAY
WNC, ELM C-2-5
P O B O 1435
WINNFIELD, LA  71483

DIVISION
Re:    State of La.
       Vs. #197086, 215530, 383759
       RICHARD BRIAN LAY

Dear Mr. Lay:

Enclose, please find certified copies of the following motions that you filed in the above
captioned matter, which have been denied by Judge Jerome Winsberg as he stated on your
motions "denied, pursuant to Supreme Court per curiam of November 6, 2015" and enclose is a
copy of said per curiam that the Court ordered you be provided.

#197086          Motion to Vacate and Set Aside Judgment
#215530-C        Application for Writ of Habeas Corpus
#383759-F        Application for Writ of Habeas Corpus

Further, please be advised that your Motion to Vacate and Set Aside Judgment filed in docket
#215530 was not ruled on, I will resubmit this motion to Judge Winsberg and once ruling is
made you will be so notified.

Yours very truly,

*Mary M Pellegrin*

MARY M PELLEGRIN
Deputy Clerk

43.

COURT OF APPEAL FOR THE FIRST CIRCUIT

STATE OF LOUISIANA

NO. 2015-KA-0086

STATE OF LOUISIANA

Plaintiff/Appellee

VERSUS

RICHARD LAY

Defendant/Appellant

ON APPEAL FROM THE 22ND JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
DOCKET NO. 11-CR5-112033

THE HONORABLE JEROME WINSBERG, Ad Hoc Judge
PRESIDING

ORIGINAL BRIEF ON BEHALF OF
THE STATE OF LOUISIANA, PLAINTIFF-APPELLEE

Respectfully submitted:

STATE OF LOUISIANA
WARREN MONTGOMERY, District Attorney
22nd Judicial District Court

By:    s/Kathryn Landry
       KATHRYN LANDRY, Bar No. 19229
       Special Appeals Counsel
       P. O. Box 82659
       Baton Rouge, LA 70884
       Telephone: (225) 766-0023
       Facsimile: (225) 766-7341

(CRIMINAL APPEAL)

## TABLE OF AUTHORITIES

None

IN THE

COURT OF APPEAL, FIFTH CIRCUIT

STATE OF LOUISIANA

DOCKET NO:   2015-KA-0086

STATE OF LOUISIANA

VERSUS

RICHARD LAY

ORIGINAL BRIEF OF APPELLANT

MAY IT PLEASE THE COURT:

### STATEMENT OF JURISDICTION

Jurisdiction of the Court vests under the provisions of Article 5, Section 10 of the Louisiana Constitution 1974.  The Louisiana Constitution grants the Courts of Appeal appellate jurisdiction of all criminal cases involving a trial by a jury except those wherein a death penalty was imposed.  Additionally, this Court of Appeal has jurisdiction over this matter pursuant to Article 912.1 of the Louisiana Code of Criminal Procedure.

### STATEMENT OF THE CASE

On January 12, 2011, the District Attorney for Washington Parish filed a Bill of Information[1] against the defendant/appellant, Richard Lay (Lay), charging him with Battery on a Correctional Facility Employee, which is a violation of LSA-R.S. 14:34.5.

Initially, Lay entered a not guilty plea to the above offense, and then engaged

---

[1] See Trial Record p. 34.

in a lengthy discovery process with the State regarding information relative to this charge. Lay filed several *pro se* motions to recuse both his appointed trial counsel as well as the district judge, who was appointed by the Louisiana Supreme Court to preside over this case. Because Lay repeatedly indicated in the record that he was not satisfied with his appointed counsel, the district court[2] permitted Lay to act as co-counsel in his case while appointed counsel, John Linder, was ordered to assist Lay during the all pre-trial and trial proceedings. The district court permitted Lay to lodge objections, to file motions/pleadings, and to question and cross examine witnesses during pre-trial and trial proceedings.

The motions relative to recusing the ad hoc district judge was originally denied; however, retired appellate court judge from the Louisiana Fourth Circuit Court of Appeals, Robert Klees, was appointed to hear all arguments relative to the motion to recuse Judge Winsberg from presiding over this case. All recusal motions were denied and the appointed district judge later entertained the numerous *pro se* motions Lay filed in this case.

Most of the *pro se* motions pertained to various *Brady* violations Lay accused the State of committing relative to the disclosure of several pieces of evidences that he stated that he needed to prepare his defense. The district court permitted Lay and his defense counsel to present arguments in favor of these motions, but the district court later denied all of Lay's discovery motions, finding that there were no credible reason to grant Lay's motions for discovery.

At the conclusion of discovery, the district court scheduled this matter for a jury trial. The State, Lay and his defense counsel selected a six-member jury and the State presented its evidence which indicated that Lay struck a correctional officer in

---

[2]See Trial Record p. 111.



Page -2-

48

his right shoulder and scratched the officer's arm and hand when the officer was in the process of escorting Lay back to the transportation vehicle. Throughout the trial, Lay made numerous objections and orally moved for a mistrial on at least ten separate occasions. Nevertheless, the district court patiently ruled on every motion, every objection and every request made by Lay during the trial proceedings. Both parties were given at least forty minutes to give their closing arguments before the jury began its deliberations. In less than thirty minutes, the jury returned a guilty verdict against Lay.

Lay filed several post-trial motions, challenging the legitimacy of the jury verdict and the fairness of the trial, but all post-trial motions and his subsequent objections were denied. The district court then sentenced Lay to serve two (2) years at hard labor in the Department of Corrections. The sentence was ordered to run consecutive to the time Lay was then serving and he was given credit for time served. The district court further advised Lay of the two-year period for filing an application for post conviction relief pursuant to LSA-C. Cr. P. Art. 930.8.

Immediately thereafter, the State filed a multiple bill against Lay, charging him as a fourth-felony offender. Lay challenged the State's allegation of him being a fourth offender by contesting the State's fingerprint expert and he challenged whether the offenses mentioned in the multiple bill were appropriate pursuant to LSA-R.S. 15:529.1. At the end of the hearing, the district court adjudicated Lay as a fourth offender, and later sentenced him to serve twenty-two (22) years[3] at hard labor with credit for time served. From his conviction for battery of a correctional officer and his subsequent sentence for being a repeat offender, Lay filed the instant appeal.

---

[3]See Trial Record p. 31.



46

## ASSIGNMENT OF ERRORS

Based on Appellate Counsel's review of the record, there are no non-frivolous issues upon which to support the instant appeal.

## ISSUE FOR REVIEW

Whether the record reveals any errors patent such that the conviction or sentence should be reversed under LSA-C. Cr. P. Art. 920?

## STATEMENT OF FACTS

Correctional officers from the Rayburn Detention Center transported Richard Lay and another inmate[4] to the Bogalusa Medical Center for a doctor's appointment. Due to the fact that the medical center serviced civilian patients as well as inmates, the correctional officers requested Lay and the other inmate to sit away from the three civilian[5] patients who were in the waiting room. Both inmates were handcuffed, but it was customary to have the inmates sit away from civilians for the safety of the civilian patients and the medical center employees. The other inmate complied with the officers' request, but Lay was non-compliant and strongly opposed Master Sergeant Jerry Primes' order to sit in the he was assigned to. Lay became verbally aggressive by bracing up to the officer's chest in defiance,[6] and using profanity that made the medical office employees uncomfortable.

The officers immediately cancelled the medical visit for both inmates, and signed the documents to cancel the medical visits. Master Sgt. Primes then escorted Lay outside towards the transportation vehicle. It was while he was placing Lay in the vehicle that Lay struck him on his right shoulder and scratched him on his arm and hand. Reports were drafted and the two medical center employees who were present

---

[4]The other inmate was deceased at the time of trial. (See Trial Record p. 1008).

[5]See Trial Record p. 1054.

[6]See Trial Record p. 1070.



Page -4-

47

that particular day were interviewed regarding this incident.

## SUMMARY OF ARGUMENT

There are no appealable issues that would support a direct appeal in this case.

## ARGUMENT

Lay lodged numerous objections to the testimony from the State's witnesses, and he requested a mistrial[7] on several occasions. The district court addressed each of the objections and ruled on those motions appropriately. Many of those objections were denied as being without merit and the various *Brady* violations alleged in Lay's *pro se* motions were properly addressed and resolved.

Undersigned counsel filed this brief in support of his Motion to Withdraw as appellate counsel for Richard Lay in accordance with *Anders v. California*, 386 U. S. 73, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *States v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241. After a conscientious and thorough review of the trial court record, as fully explained below, Appellate counsel could find no non-frivolous issues to raise on appeal and could find no trial court rulings that would arguably support the appeal.

### A. PRE-TRIAL RULINGS

There were various pre-trial hearings in this case. Many of those pre-trial hearings were centered on the district judge recusing himself from the case because Lay believed that the ad hoc judge would not be impartial[8] because the district judge had also presided over Lay's previous conviction in another parish several years earlier. Lay also filed motions against the State for not producing various documents, photographs and other evidence Lay suggested were relevant to him constructing a defense. Appellate counsel has thoroughly reviewed the information relative to the

---

[7]See Trial Record p. 1030.

[8]See Trial Record p. 104.



Page -5-

48

Lay's argument during the pre-trial heatrings, and has not found any appealable issues upon which to support this appeal.

### B. TRIAL PROCEEDING

The trial commenced with the State presenting the testimony of Master Sgt. Jerry Primes, who was a correctional officer at Rayburn Correctional Center. Master Sgt. Primes[9] testified that he and another correctional officer transported Lay and another inmate to the Bogalusa Medical Center on December 21, 2010, so that these inmates could received medical treatment.

He then testified that Lay became belligerent[10] and agitated.[11] He went on to say that Lay refused to comply with his request that Lay sit in the chair away from the civilian patients in the waiting room. Lay's reaction caused the officers to cancel the doctor's visit, which then caused Lay to become combative[12] and later resulted in Master Sgt. Primes being struck on his right shoulder and receiving several scratches on his hand while trying to place Lay in the vehicle.[13] The record further indicated that Lay attempted to kick Master Sgt. Primes in the face when he was getting into the vehicle.[14]

Lay challenged Master Sgt. Primes' recollection of the event, by arguing the physical impossibility of the correctional officer on his right shoulder while he was in shackles.[15] Lay also argued that his response to the correctional officers' order was due to the fact that these officers tried to convince him to cancel his medical visit in

---

[9]See Trial Record p. 823.

[10]See Trial Record p. 1203.

[11]See Trial Record p. 829

[12]See Trial Record p. 953.

[13]See Trial Record p. 1256.

[14]See Trial Record p. 976.

[15]See Trial Record p. 816.

12

4·9

exchange for fast food (hamburger and fries).[16] Lay bolstered his claim of innocence by arguing to the jury that he offered to take a polygraph[17] test, but the State refused.

Lay further challenged the testimonial evidence by arguing that the officer's injuries were *self-inflicted*.[18] Lay's defense revolved around his belief that Master Sgt. Primes caused his own injuries, and he continued with this defense until Lay testified on his own behalf and actually admitted[19] to striking the officer in self-defense. Lay further argued that his physical and verbal reaction in the medical center to Master Sgt. Primes' order was based on his need to protect himself from being abused by these correctional officers.

At the conclusion of all of the evidence, the jury returned a guilty verdict against Lay in less than thirty minutes. Appellate counsel has reviewed all of the objections Lay had lodged during the trial, including his requests for a mistrial, and has determined that there were no appealable issues to support a direct appeal of his conviction or his sentence.

## C. NON-FRIVOLOUS ISSUES FOR APPEAL

Even though the Appellant timely filed a motion for appeal to preserve his appellate rights, Undersigned Counsel is nonetheless compelled to move to withdraw as Lay's attorney. An examination of the trial record revealed that the district court thoroughly entertained each and every *pro se* motion,[20] objection and request for mistrial that Lay presented during both the discovery and trial proceedings. A majority of the motions and requests for a mistrial were properly denied as being

---

[16]See Trial Record pp. 1260, 1270.

[17]See Trial Record p. 771.

[18]See Trial Record p. 832.

[19]See Trial Record pp. 1268-1269.

[20]See Trial Record p. 108.

without merit. Finally, Lay's claim that Master Sgt. Primes' injuries were self-inflicted was drastically undermined when Lay declared on the stand that he reacted in self-defense by striking this correctional officer.

All of the State's witnesses as well as the documentary evidence supported the correctional officer's account of what transpired inside the medical center. Accordingly, Appellate Counsel requests that this Court grant his motion to withdraw due to the fact that there are no appealable[21] issues to support this appeal. Further, and permit the appellant, Richard Lay, to file a *pro se* brief supporting his motion for appeal.

<center>CONCLUSION</center>

For the foregoing reasons, Undersigned counsel requests that this Honorable Court grant his motion to withdraw as counsel of record for the Appellant, Richard Lay.

<div style="margin-left:40%">
RESPECTFULLY SUBMITTED
LOUISIANA APPELLATE PROJECT

_____
PRENTICE L. WHITE (La. Bar Roll No: 24250)
P.O. BOX 74385
BATON ROUGE, LOUISIANA 70874-4385
TELEPHONE: (225) 235-2928

ATTORNEY FOR APPELLANT,
    Richard Lay.
</div>

<center>CERTIFICATE OF SERVICE</center>

I HEREBY CERTIFY that I have served the foregoing brief upon Kathryn Landry, Special Appeals Counsel, P. O. Box 82659, Baton Rouge, Louisiana 70884,

---

[21]See *Jones v. Barnes*, 463 U.S. 745, 752-53, 103 S. Ct. 3308, 3313-14, 77 L. Ed. 2d 987(1983), (stating that counsel need not tediously catalog every meritless objection made at trial); see also *United States v. Pippen*, 115 F. 3d 422, 426, (stating that counsel must cast an advocate's eye over the trial record and determine whether any ruling had a significant impact on shaping the evidence presented to the jury).

*Exhibit A*
*2 A A*

2015 KA 0086
Court of Appeal, First Circ.
Filed: 3/6/2015
Postmarked:
Received: 3/9/2015

IN THE
1ST CIRCUIT COURT OF APPEALS
STATE OF LOUISIANA

STATE OF LOUISIANA                    DOCKET NO: 2015-KA-0086

VERSUS                                FILED: _____

RICHARD LAY
                                      _____
                                      CLERK OF COURT

OPPOSITION TO ANDERS BRIEF
AND TO APPOINT COUNSEL

   NOW INTO THE COURT comes, Appellant Richard Lay who files this
"Opposition Anders' Brief" and to "Appoint Counsel" as indigent to perfect the
following claims supported by the appellate record.

── 1. The trial court denial of an expert witness in support of his defense that the "Officer
   Prime" wounds were self-inflicted violated my due process and equal protection rights to
   a fair trial under *State v. Madison*, 345 So.2d 485 [La. 1977]; *U.S. v. Johnson*, 238 F.2d
   565, 572 [2d cir. [1956] in light of the testimony of Dr. Laravia [prison doctor] as a
   expert that the wounds appeared to be self-inflicted. Tr. p. 196 line 6-7.[1]

   2. The trial court denial of a Private Investigator to identify and locate all witness inside
   of the lobby of the "Pulmonary Clinic" on 12-21-10 for use at the preliminary hearing
   and trial under *Madison*, supra and *U.S. v. Johnson*, Supra.[2]

Footnotes

1. See Exhibit A.

2. See Exhibit B.

52

3. The denial of the <u>Motion to Quash</u> the Bill of Information based upon intentional destruction of the victim's clothing for <u>DNA</u> purpose to prove the wounds were self-inflicted violated my right to a fair trial under *California v. Trombetta*, 467 U.S. 479 [1984].[3.]

4. Appellant was tried upon an oral amendment of a Bill of Information which upgraded the charge from a misdemeanor to a felony in violation of La. C.Cr.P. Art. 487, *State v. Breaux*, 504 So.2d 11 [La. App. 1st Cir 1987]; *State v. Cook*, 372 So.2d 1202 [La. 1979] and *Appendix*, 530 U.S. 466 [200].[4.]

5. Appointment of Appellant as co-counsel against his wishes in response to appoint conflict and effective counsel violated *Farretta v. California*, 422 U.S. 806 [1975]; *Cuyler v. Sullivan*, 466 U.S. 335 [1980] And *State v. Cisco*, 861 So.2d 118 [La.2003].[5.]

6. The denials of various <u>Motions to Quash</u> the <u>multiple</u> violated my due process rights since I was denied issuance of a "<u>Subpoena Deuces Tecum</u>" to obtain necessary documents as indigent and issuance of witness subpoenas in support thereof.[6.]

<u>Footnotes</u>

3. See Exhibit C.

4. See Exhibit D.

5. See Exhibit E.

6. See Exhibit F.

53

7. The denial of my "Motion for New Trial" violated my due process rights and sixth amendment right to assistance of counsel under *Cronic* and *Strickland*.[7]

8. The denial of my motions for recusal pretrial and post-trial violated my due process rights to a fair and impartial hearing officer.[8]

9. The trial court was without jurisdiction to adjudicate and sentence appellant under LSA-R.S. 15:529.1 due to various "Motions for Post Judgment of Acquittal, arrest of Judgment" remains outstanding in violation of my due process / equal protection rights under *State v. Brown*, 620 So.2d 508 [La.4th Cir 1993 [La. C.Cr.P. Art. 861]

10.

Appellate counsel has taken retaliatory action for pursuing the projection of my appeal granted on the 13th day of May, 2013 yet the record just was recently filed with this court on January 2015 upon my filing to which counsel claimed he was calling 1st Circuit to find out statute moves did.... nor has he filed a merit brief raising these non frivolous issues in light of fact he just received the 8-volume records on the ___ day of February, 2015 for review thus would not comply with *Anders* and *State v. Jyles*, 704 So.2d at 241.[9]

Footnotes

7. See motion for new trial [pro se] and Exhibit G.

8. See exhibit H and all other Exhibits Cumulatively.

9. Exhibit I.

54

WHEREFORE Appellant Lay prays this Court appoint counsel to project herein issues supported by fact and law which entitles Appellant to relief from this conviction and sentence.

Respectfully submitted this 4 day of March, 2015, under the penalty of perjury and good-faith.

Richard Lay #110315
WNC Elm A1-5
P.O. Box 1260
Winnfield, La. 71483-1260

CERTIFICATE OF SERVICE

I state a copy of this "Motion" has been mailed to Appellate Counsel Prentice White and Appellate Counsel Kathryn Landry this 4 day of March, 2015, properly addressed with postage affixed.

Richard Lay #110315

Motion DEnied. However, we note that defendant has until March 27, 2015 to file a pro se brief.

3/11/15

Judge

55

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2015 KA 0086

STATE OF LOUISIANA

VERSUS

RICHARD LAY

Judgment Rendered:

SEP 2 1 2015

Appeal from the
Twenty Second Judicial District Court
In and for the Parish of Washington
State of Louisiana
Docket Number 11 CR5 112033
Honorable Jerome Winsberg, Judge Ad Hoc

* * * * * *

Warren Montgomery                           Counsel for Appellee
District Attorney                           State of Louisiana
Covington, LA

Leigh Anne Wall
Assistant District Attorney
Franklinton, LA

Kathryn W. Landry
Special Appeals Counsel
Baton Rouge, LA

Prentice L. White                           Counsel for Defendant/Appellant
Louisiana Appellate Project                 Richard Lay
Baton Rouge, LA

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

GUIDRY, J.

The defendant, Richard Lay, was charged by bill of information with battery of a correctional facility employee, a violation of La. R.S. 14:34.5. He pled not guilty and, following a jury trial, was found guilty as charged. He was sentenced to two years imprisonment at hard labor, consecutive to any sentence he was presently serving. The State filed a habitual offender bill of information. Following a hearing on the matter, the defendant was adjudicated a fourth-felony habitual offender.[1] The trial court vacated the two-year sentence and re-sentenced the defendant to twenty-two years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The sentence was ordered to run concurrently with any sentence the defendant was presently serving.

The defendant now appeals. For the following reasons, we affirm the defendant's conviction, habitual offender adjudication, and sentence.

FACTS

On December 21, 2010, Rayburn Correctional Center officers Sergeant Jerry Primes and Sergeant Thomas Schuler transported two inmates, the defendant and Edward Sims (now deceased), to the Bogalusa Medical Center Clinic at about 9:00 a.m. for a doctor's appointment. The defendant was restrained by handcuffs and leg shackles; his hands were cuffed in front of him with flex-cuffs. Once inside the clinic, the inmates were ordered to sit next to each other and as far away as possible from the civilian patients, who also had appointments. Sims complied, but the defendant walked to the table in the middle of the clinic, picked up a magazine, and sat several seats away from Sims. Sergeant Primes told the defendant to move from his seat and to go sit next to Sims. The defendant told Sergeant Primes that he was not moving. Following several more commands by the sergeant to move from his seat, the defendant became belligerent and

---

[1] The defendant had prior convictions for attempted possession of cocaine, possession of cocaine in a school zone, possession of stolen property, and forgery.

2

aggressive. He cursed at Sergeant Primes and dared the sergeant to make him move. Sergeant Primes informed the defendant that his trip to the clinic was over, grabbed the defendant by his arm, and stood him up. With an escort technique on the defendant's arm, Sergeant Primes walked the defendant out of the clinic. The defendant, a much larger man than Sergeant Primes, resisted by pushing and pulling the sergeant and, at one point, throwing an elbow at him. When Sergeant Primes got the defendant to the transport van outside, the defendant continued to resist and struggle. At the van's open side doors, the defendant turned away from the van to face Sergeant Primes. As Sergeant Primes placed the defendant in the van, the defendant grabbed the sergeant's right arm and fell back into the van; the defendant scratched the sergeant's hand, wrist, and arm. While the defendant was on his back inside the van, he kicked at Sergeant Primes's head with both feet, but the sergeant moved and the defendant missed. Sergeant Primes's cuts were treated with peroxide and gauze. Sergeant Primes, Sergeant Schuler, and two clinic employees provided recorded statements about the incident to Major Mike Harrell of Rayburn.

### ISSUES PRESENTED

Defense counsel has filed a motion to withdraw from the case. In accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669, p. 1 (La. 12/12/97), 704 So. 2d 241 (per curiam); and State v. Benjamin, 573 So. 2d 528 (La. App. 4th Cir. 1990),[2] defense counsel has filed a supporting brief to the motion to withdraw arguing that, after a conscientious and thorough review of the record, he has found no non-frivolous issues for appeal and no ruling of the trial court that arguably supports an appeal.

---

[2] In State v. Mouton, 95-0981, p. 2 (La. 4/28/95), 653 So. 2d 1176, 1177 (per curiam), the Louisiana Supreme Court sanctioned the procedures outlined in Benjamin, for use by the appellate courts of Louisiana. See Jyles, 96-2669 at p. 1, 704 So. 2d at 241.

3

5⁸



# LOUISIANA APPELLATE PROJECT
### Providing appellate defense in felony cases

September 21, 2015

James H. Looney
Executive Director
P. O. Box 3340
Covington, LA 70434-3340
(985) 892-1707

Gwendolyn K. Brown
Regions 1 & 5 Supervisor
P. O. Box 64962
Baton Rouge, LA 70896-4962
(225) 922-9570

Prentice L. White
Appellate Counsel
P.O. Box 74385
Baton Rouge, LA 70874
(225) 235-2928

MR. RICHARD LAY
DOC# 110315
WINN CORRECTIONAL CENTER
ELM A-1-5
P. O. BOX 1260
WINNFIELD, LOUISIANA 71483

RE: *State v. Lay*
Case No: 2015-KA-0086

Dear Mr. Lay:

I have received the decision of the First Circuit Court of Appeal. Unfortunately, it is not good news. The First Circuit Court of Appeal has affirmed your conviction, or to let your conviction remain as it is.

I am sure that you had a lot of hope that your appeal would come out totally in your favor. I tried to locate any favorable argument that I could use to encourage the First Circuit Court to rule in your favor, but I am afraid that there were no issues that I could address that would encourage the appellate court to either reverse or amend your conviction or sentence. For your review, I am enclosing a copy of the decision to you.

I would inform you that you have the right to file a post conviction application with the district court according to the provisions of LSA-C.Cr.P. art 930.8, which require that any application for post-conviction relief be filed within two (2) years of the final judgment by the appellate court on your appeal. Such applications must be submitted on the forms available at the prison.

Federal law mandates that any habeas corpus proceeding filed to contest the conviction be filed within one (1) year of the final decision on appeal, excluding the time any State post conviction relief application is pending, so this is a shorter and serious deadline.

Post conviction and habeas applications are not something handled by the Louisiana Appellate Project. So we are offering no evaluation of your case for these types of claims – not suggesting that you should or should not file an application. If you decide to explore this possibility, your choices are to handle the matter yourself, seek the assistance of inmate counsel, or retain an attorney.

Time is important if you wish to make any further attack on your conviction. You will be barred from attacking your conviction if these deadlines are not met. Incidentally, if you choose to file a Post Conviction Relief Application, you may get the appropriate forms from the prison law library.

Good luck to you.  If you have any questions about the decision, do not
hesitate to contact me.

Sincerely,

Prentice L. White

Enclosure

*Exhibit A*



Office Of The Clerk
**Court of Appeal, First Circuit**
State of Louisiana
www.la-fcca.org

Christine L. Crow
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

## Notice of Pro Se Briefing Schedule

2015 KA 0086
State of Louisiana Versus Richard Lay

TO:    Mr. Richard Lay
       DOC# 110315
       Winn Correctional Center
       P.O. Box 1260
       Winnfield, LA 71483-1260

### BY ORDER OF THE COURT OF APPEAL, FIRST CIRCUIT:

- YOU ARE NOT REQUIRED TO FILE A BRIEF, but if you do elect to file a pro se brief:

- Your brief SHALL BE FILED ON OR BEFORE     March 27, 2015
  If you miss this deadline your pro se brief will not be accepted for filing.

- You are limited to ONE pro se brief of not more than 31 PAGES.

- Place the case title and docket number shown above on your brief cover page.

- NO ATTACHMENTS ALLOWED. Your attachments will be removed and returned to you.

- You must certify that a copy of your pro se brief was sent to your attorney and the attorney for the State. We will not forward a copy of your brief to any party/person outside of the court.


CHRISTINE L. CROW
BY THE CLERK OF COURT
FOR THE COURT

Issued this 25th Day of February 2015.

Deputy Clerk

62

cc:    Counsel of Record.

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY                         CIVIL ACTION

VERSUS                              15-1319-B

KEITH DEVILLE, WARDEN

### MOTION TO FILE APPELLATE DECISION

NOW INTO COURT comes petitioner Richard Lay who moves to file the

Appellate Court's decision which clearly shows the appellate courts nor appellate counsel

have complied with Anders as evident by my Opposition to Appellate Counsel's Motion

to Withdraw which sets forth viable claims including but not limited to the District

Court's forcing petitioner Lay to represent himself at trial, sentencing and Motion for

New Trial from petitioner's conviction and sentence over his verbal objections in direct

violation of *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

See attached decision which does not mention or even rule upon claim set forth in my

Opposition to Withdrawal.

Respectfully submitted this 28 day of September, 2015, under the penalty of

perjury and in good faith.

Richard Lay #110315
WNC Elm A-1-5
P.O. Box 1260
Winnfield, LA  71483-1260

cc:    K. Landry, Attorney

63

*Exhibit # 7*

STATE OF LOUISIANA          DOCKET No: 11-CR-5 – 112033

JOHNNY L. CRAIN - CLERK
WASHINGTON PARISH

VERSUS          22ND JUDICIAL DISTRICT COURT

RICHARD B. LAY          PARISH OF WASHINGTON

DY. CLERK

Date Filed:_____          _____

Deputy clerk

## MOTION FOR RECUSAL
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Now into the Court comes defendant Richard Lay who move for "Recusal" of Judge Ad Hoc Jerome Winsberg, pursuant to La. C. Cr. P. Art. 671.A(1),(4),(5); and IN RE MURCHISON, 349 U.S. 133, 136-39 (1955); I State to wit;

1). The trial Judge is a witness to <u>Asst. District Attorney Leigh Ann Wall's</u> false representation before the Court on the 28th day of November 2011, in response to the defense "<u>Motion for a Mistrial</u>" the "Oral Amendment" to the Bill of Information" on March 24, 2011 on that an "Amended" was filed into the record to which the trial Judge agreed statement to the false in denying relief.

2). The trial judge has denied various post-conviction sentencing petitioner in State v. Lay # 383759; "215530- 130/364, 131/275; and #197086 on the 22nd Judicial District Court's docket in St. Tammany Parish used for Enhancement Purposes under LSA – R.S. 15:529.1 without appointment of counsel under Martinez v. Ryan, 132 S. Ct. 1309 (2012); State v. Prudholm, 446 So. 2d 729-737 (La 1984); along with an evidentiary hearing to develop my ineffective counsel claim which would entitle petitioner Lay to relief. See Williams v. Taylor, 529 U.S. 420, 120 S. Ct. 1479 (2000).

3). Intentionally denied post-conviction relief based on ineffective Appellate Counsel on March 29, 2016 by falsely alleging these claims were repetitive when this is my 1st Application.

64

46



A True Copy of Original
This_12-19-16_____
_____
Dy. Clerk of Court

4). Reversed the March 29, 2016 judgment on August 12, 2016, ordered service on the District Attorney pursuant to La. C. Cr. P. Art. 927 but informed him no answer need to be filed clearly contrary to La. C. Cr. P. Art. 927 and my due process/equal protection rights under La. C. Cr. P. Art. 927.

5). On August 12, 2016 intentionally denied sentencing relief by falsely alleging these claims were heard on Direct Appeal ....when no claims were raised by the Appellate Counsel on Direct Appeal under # 2015-KA-0086.

It is clear this Judge Ad Hoc cannot and have not performed his duties impartially [1] and diligently nor avoided impropriety and the appearance of impropriety [2] in all his activities since his appointment by the Louisiana Supreme Court.

Wherefore defendant Lay pray Judge Ad Hoc Winsberg Rescue himself ~~~~~ per Se or after a due process rescusal hearing.


Respectfully Submitted this 26ᵗʰ day of September 2016, under the penalty of perjury and good faith

Richard Lay 110315
R.L.C.C. Cajun 2 A-1
1630 Prison Road
Cottonport, La. 71327

CC
Warren Montgomery
District Attorney

6 5

---
[1] Code of Judicial Conduct ......Canon 3
[2] Code of Judicial Conduct.......Canon 2

47

A True Copy of Original
This 12-19-16
Dy. Clerk of Court

State of Louisiana                           No. 11-CR5-112033

Versus                                       22nd Judicial District Court

Richard B. Lay                               Parish of Washington

### MOTION TO CONSIDER ALL CLAIMS BEFORE THE COURT

**NOW INTO COURT** comes defendant Richard B. Lay who moves this court to rule upon all

claims presented rightfully before this court under his court's original Jurisdiction-Article 5,

Section 16(A) of this LA. Const. 1974 as invoked by petitioner Lay since.

1.    Edwards v. Vannoy does not control whether Ramos is retroactive under Louisiana Law.

2.    Ramos did not rule that Article 17, of the LA. Constitutional. 1974 and Article 782(A) of

the LA.C.Cr.P. violates the Equal Protection Clauses of both the United States and the State of

Louisiana Constitution which will entitle vacation of both conviction and sentence now.

May ____22____, 2021

                                   _____
                                        **Richard B. Lay #110315**
                                   Raymond LaBorde Correctional Center
                                              Cajun 2 C2
                                            1630 Prison Road
                                          Cottonport, La. 71327

Cc

1.    W. Montgomery
      District Attorney
2.    J. Landry- Attorney General

6-6

STATE EX REL RICHARD B. LAY              NO. 2021-KH-01954

VERSUS                                   LOUISIANA SUPREME COURT

1ST CIRCUIT COURT OF APPEAL              STATE OF LOUISIANA

DOCKET NO. 2021-KW-1125

_____                 _____
FILED                                    DEPUTY CLERK

## REQUEST FOR JUDICIAL REVIEW

**NOW INTO COURT,** comes Petitioner Richard B. Lay who moves this Court to review the arbitrary decision of both the 22nd Judicial District Court and the 1st Circuit Court of Appeal denying to grant relief from the unconstitutionality of Article 1, Section 17, of the Louisiana Constitution of 1974 and LSA-C.Cr.P. Art. 782.A on other Constitutional and State procedural grounds not ruled upon by United States Supreme Court in Ramos v. Louisiana, 2020 U.S. LEXIS 2407 [4/20/20].

## JURISDICTION

Jurisdiction of this Court is invoked pursuant to Article 1, Section 19 and Article 5, Section 2 and 5, of the Louisiana Constitution 1974.

## STATEMENT OF FACTS

1.  On April 20th, 2020, the United States Supreme Court held the State of Louisiana non-unanimous jury verdicts in violation of the Sixth Amendment applicable to all States thru the Fourteenth Amendment of the United States Constitution.

2.  The Court agreed by majority vote that Louisiana's less than majority verdicts in criminal jury trials violates the Equal Protection Clause under United States v. Fordice, 505 US 717, 729, 112 S.Ct. 2727, 120 L.Ed. 2d. 575 [1992], yet could not issue a judgment on this ground because the defendant Ramos did not challenge the non-unanimous verdict on the ground in the lower State Courts.

3.  Petitioner Lay made the following constitutionality attacks upon his convictions and, or, sentence, after clearly proving that State v. Lay #215530—rests upon a 10-2 non-unanimous jury verdict:

1

67

(a) The use of a non-unanimous jury verdict for conviction, sentencing and impeachment purposes violates the Equal Protection clauses of both the United States and the State of Louisiana Constitution seeking vacation of both the convictions and sentences where State v. Lay #2155306 was obtained and used for impeachment and sentencing purpose in part under La.C.C.P. Art. 3601A, Morris v. Trust Technologies, LLC, 274 So. 3d. 15, 18-19 [La. App. 1st Cir. 2019]; and Hill v. Jindal, 175 So. 3d. 988, 1002, Writ denied, 179 So. 3d. 600 [La. 10/23/15].

(b) That Ramos is retroactive under Louisiana law as recently held by the 14th Judicial District Court – Parish of Calcasieu, on the 25th day of June 2021, in State v. David Nelson – Docket No. 3488-09, to "Judicial Notice" is requested; and

(c) The Trial Court denied relief without a hearing or service for an "Answer" by the District Attorney contrary to La.C.Cr.P. Art. 927.A; and La.C.C.P. Art. 3601. See Hill, 175 So. 3D at 1002.

4. The 1st Circuit Court of Appeal , like the trial Court, denied relief sought other than that held by the Ramos Court to which I have clearly established on November 29, 2021.

## CONCLUSION

**WHEREFORE**, Petitioner Richard Lay moves this Court hold Louisiana's Non-unanimous Jury Verdicts [10-2] unconstitutional on the alternative grounds raised by Lay and enjoin all convictions and sentences in which State v. Lay #215530-C - 22nd Judicial District Court – Parish of Tammany, was used for the conviction, impeachment, and sentencing purposes.


Respectfully submitted this _12th_ day of December, 2021, under the penalty of perjury and good-faith.


Richard B. Lay #110315
RLCC Cajun 2 C2 #48
1630 Prison Road
Cottonport, LA 71327

CC
Warren Montgomery
District Attorney
Jerome Winsberg
Judge Ad Hoc

File

2

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

No. 2021-KH-01256

**VS.**

**RICHARD B. LAY**

— — — — — —

IN RE: Richard B. Lay - Applicant Defendant; Applying For Supervisory Writ, Parish of St. Tammany, 22nd Judicial District Court Number(s) 383,759, Court of Appeal, First Circuit, Number(s) 2021 KW 0594;

— — — — — —

**January 26, 2022**

Writ application denied.

> SJC
>
> JDH
>
> JTG
>
> WJC
>
> JBM

Griffin, J., would grant in part to consider the retroactivity of Ramos v. Louisiana, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) under Louisiana law. See Edwards v. Vannoy, 141 S.Ct. 1547, 1559 n. 6 (2021).

Weimer, C. J., recused.

Supreme Court of Louisiana
January 26, 2022

*Katie Marianouc*
Chief Deputy Clerk of Court
For the Court