Case 2:19-cv-09803-SSV   Document 88   Filed 05/01/25   Page 1 of 13

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED May 1 2025
CAROL L. MICHEL
CLERK

United States District Court
Eastern District of Louisiana

Richard B. Lay-Rose          civil action
Versus
Tim Hooper-Warden;    19-9803-R(2)
State of Louisiana

Motion To Photocopy And Serve the Amended motion To Vacate And Set Aside All Judgments Based upon magistrate's Wilkinson And Currault Reports And Recommendations in their entirety with Exhibits In Support. I State to wit:

1. I have been informed by a inmate counsel their photocopy machine was broke And didn't know how long it will be before they fix it.

2. I asked the Secretary to the Warden - Unit 1 if she could photocopy these legal Document and she said No.

Wherefore I pray this Court to photocopy Part 2, And Exhibits and serve upon the defendant Matthew Caplan; And Lay-Pro Se.

(1)

Respectfully submitted this ___ day of April, 2025 under the penalty of perjury and good-faith.

                             /s/ 110316
                             Richard B. Lay - Pro Se
                             EHCC - Fox 2 B
                             P.O. Box 174
                             St. Gabriel, LA 70776

### Order

It's order the Clerk cause service of both pleadings upon the Petitioner [Lay]; and defendant [Caplan] without prepaid cost in advance.

Said and done this ___ day of ~~April 2025~~ 2025

                             USDC Judge/Magistrate

<u>Please serve</u>
1. Matthew Caplan
   Assistant District Attorney
   701 N. Columbia St.
   Covington, LA 70433

2. Richard B. Lay - Pro Se — EHCC - Fox 2 B #57 — P.O. Box 174 — St. Gabriel, LA 70776

                             (2)

PArt 2    page 1-14

Staple
pages
together
after copy
Thank yo
[signature]
1/03/25

Footnote(s)
3. See Exhibit      4/24/25

12.

United States District Court
Eastern District of Louisiana
                    Lay v. Hooper, 19-9803-R(2)
Date filed: _____

                                    Deputy Clerk

Part 2:

1. The "Anders Brief" filed by defense Counsel Prentiss White did not Review the entire criminal Proceedings for "Arguable Claims" with merits including Patent Error Relief: constitute fraud.

"... In State v Jyles, 704 So.2d 241 [La. 1997] held:

"... In State v Mouton, 95-0981, p.2 [La. 4/28/95], 653 So.2d 1176, 1177, the Court sanctioned the procedures outlined in State v Benjamin, 573 So.2d 528 [La. App. 4th Cir. 1990], for use by the appellate courts of Louisiana because the brief filed on behalf of the indigent defendant by appointed Counsel "provided" a detailed discussion of various aspects of the case including sufficiency of the evidence the lack of objection to any of the testimony presented at trial, and the adequacy of the trial court's compliance with Louisiana's sentencing guidelines. We therefore satisfied in Mouton, that the defendant had had "the benefit of what wealthy defendants [contemplating an Appeal] are able to acquire by purchase a

1a

diligent and thorough review of the record and an identification of any arguable issues revealed by that review..." Id. [quoting McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 [1988]. An Anders brief need not catalog tediously every meritless objections made at trial or by way of pretrial motions with a labored explanation of why the objections all lack merit. See Jones v. Barnes 463 U.S. 745, 752-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 [1983] "There can hardly be any question about the importance of having the appellate advocate examine the record with a ~~~~~ views to selecting the most promising issues for review... imposing on appointed counsel a duty to raise every "colorable claim" suggested by a client would disserve the very goal of vigorous and effective advocacy that underlines Anders"]. Nevertheless, unlike the typical advocate's brief in a criminal appeal, which has as its sole purposes the persuasion of the Court to grant relief, the "Anders brief must" assure the Court that the indigent defendant's constitutional rights have not been violated". McCoy, 486 U.S. at 442, 108 S.Ct. at 1903. Counsel must demostrate to the appellate court

2.

by full discussion and analysis that he has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subjected to the contemporaneous objection rule, had a "significant adverse impact" on shaping the evidence presented to the jury for its consideration. See U.S. *Pippen*, 115 F.3d 422, 426 [7th Cir. 1997] [a brief which offers "no hint of a discussion of arguments that might be raised and why counsel believes them to be frivolous" does not comply with *Anders* and its progeny]; U.S. * *Ureña*, 23 F.3d 707, 708-09 [2nd Cir. 1994] [a naked statement that no non-frivolous issues exist, without analysis or a discussion of the record, is inadequate to fulfill counsel's obligations under *Anders*"]

Independent review of the record by the appellate court, or the opportunity of the defendant to file his own brief, while providing important and necessary safeguards cannot substitute for the essential equal protection requirement that appointed counsel representing an indigent defendant act in the role of ~~an~~ active advocate in behalf of his client, as opposed to amicus curiae." *Anders* * Calif.

3

on Correctional officer. I enter plea of not guilty to LSA-R.S.14:34.5.B(2).

ON November 30, 2011 after swearing of the Jury based upon the Oral Amendments of the Written Bill of Information requires the "Oral Amendments" to be Quashed or A mistrial entered per LSA-C.Cr.P. art. 384 and 487.

formerly Asst. District Attorney Leigh Ann Walls informed the Court that she didn't file a Amended Written Bill of Information -- a felony under LSA-R.S. 14:34.5.B(2) because the Clerk did not have my file at the time of arraignments. The trial Court looked at the Minutes of March 24, 2011 which shows the Oral Amendments charging a felony and denied motion to Quash/mistrial. Defense Counsel Lindee moved that the Court not read the Oral Amendments to the Jury which again was denied. State v. Breaux, 504 So.2d 111 [La. App. 1 Cir. 1987] citing State v. Cooks, 572 So.2d 1203 [La. 1979] requires the Oral Amendments be voided and a guilty verdict to the original Bill of Information signed by agents of the State. See Buttner,

7.

1. The Standard Of Review Where a defendant is denied Counsel on Direct Appeal And before the Court's determination is still Penson + Ohio, 488 U.S. at 88-89, and Cronic + United States 466 U.S. at 659, and N. 25, 104 S.Ct. 2039 [1984]; Strickland, 104 S.Ct. 2052 [1984]

2. The Standard of Review where Counsel fails to file a merit brief based upon the Claims contained in Opposition To Anders Brief; And to appoint another Counsel to Perfect is Florida + Nixon, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L. Ed 2d 565 [2004]; Cronic + U.S., supra.

3. The failure of the 1st Circuit Court of Appeals failure to demostrate that they reviewed the whole records And conducted Patent Error Review and agrees with Appellate Counsel Prentiss White the appeal is Frivolous is based upon deliberate And Knowingly fraud by simply looking at Petitioner Lay's Claims raised throughout the State Courts proceeding And Listed in my latest motion To Vacate And Set Aside All Judgments based upon magistrate Wilkson; and Currault's Re-

9.

*Abrahamson*, 507 U.S. 619, 637, 13 L.Ed 2d 353 [1993]; *O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed 2d 947 [1995]; And *Frye v. Pilar*, 127 S.Ct. 2321, 2327 [2000] holds that *Brecht* standards applies to collateral Review of State Courts decision] Exhibit 2

9. The trial Judge by Refusing to Quash the Oral Amendment to the Original Written Bill of Information Signed by the District Attorney[3]; and filed in the office of Clerk and had the Oral Amendment of march 24, 2011 read to the Jury over Counsel objections.[4]

Footnote(s)

3. See Exhibits 1, 2, 3, 4, And 5.
4. See Exhibits 4, And 5; *State v. Green*, 493 So. 2d 588 [LA.1986] Adopting *Spencer v. Texas*, 385 U.S. 559, 87 S.Ct. 648, 17 L.Ed. 2d 606 [1967] the jury in Petitioner Lay's Criminal trial the Jury was informed of Lay's incarceration in a prison located in Angie, Louisiana Aka Rayburn Correctional Center And my Criminal history during the guilt Phrase of my trial with No Jury instruction

12.

Wherefore Petitioner Lay Prays this Court:

1. Recuse Judge SARAH VANCE and magistrate Currault whose deliberate Acts to Committ Fraudulent Misrepresentation of material facts and applicable federal law as determined by the United States Supreme Court and ~~[illegible]~~ a fundamental due process determination of my claims by a biased Judge since his appointment on the 9th day of December 2009 by denying every Constitutional on my convictions and or sentence in #215580, #383759-E St. Tammany; And #11-CRS-112033-B Washington. Not one evidentiary hearing with Counsel being appointed and service upon District Attorney as mandated LSA-C.Cr.P. art. 927.

Concerning the purpose of introduction of petitioner Lay's criminal felony convictions and for them to not consider my guilt based on the other crimes evidence, see Also State v. Skipper, 986 So.2d 390 [LA. 6/29/03].

13.

2. Appoint Counsel for indigent Lay to perfect all claims in Motions to Vacate and set Aside All Judgments based upon the false material facts And applicable federal law As determined by the U.S. Supreme Court over 5-years and counting.

Respectfully submitted this ___ day of April 2025 under the penalty of perjury And good faith.

/s/ 110315
Richard B Lay
Doc 110315
EHCC-Fox 2B
P.O. Box 174
St. Gabriel, LA. 70776

Please Serve

1. Matthew Caplan
Asst. District Attorney
701 N. Columbia St.
Covington, LA. 70433

2. Richard B. Lay - Pro Se
EHCC- Fox 2B #57
P.O. Box 174
St. Gabriel, LA 70776

14.

Richard B. Loy
Doc # 110315
EHCC-Fox 2B
P.O. Box 174
St. Gabriel, LA 70776

Clerk of Court
USDC-ED-LA
500 Poydras St, Rm C-151
New Orleans, LA
70130



RECEIVED
MAY 01 2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
DEPUTY CLERK

PRISON MAIL
NOT CENSORED, NOT RESPONSIBLE
FOR CONTENT.
ELAYN HUNT CORRECTIONAL CENTER