Exhibits pages - #&lt;10&gt;

Page. A — 10

Staple togeth-
after photocopr-

Thank you

DB

4-24-25                    110310

United States District Court
Eastern District of Louisiana

Richard B. Lay - Pro Se          Civil Action
Versus
Tim Hooper - Warden              19-9803-R(2)

Exhibits                                    Page(s)
1. Opposition To Anders Brief and to Appoint Counsel denied ..... 1-4
2. Post-Conviction raising ineffective Appellate Counsel to which the trial Judge denied with no hearing or service upon the District Attorney ..... 5-7
3. Original Bill of Information ..... 8
4. Minutes of Oral Amendments to Charge a Non-responsive Offense [March 24, 2011] ..... 9
5. Minutes of November 30, 2011 Objection to being tried on the Oral Amendments made on March 24, 2011 and Objects to Reading of the Oral Amendments And Unsign information to the Jury ..... 10

CC                    4/24/25            [signature] 110315
1. Matthew Caplan                    Richard B. Lay
   Asst. District Attorney           Doc 110315
   701 N. Columbia St.               EHCC - Fox 2B
   Covington, LA.                    P.O. Box 174
   70433                             St. Gabriel, LA
                                     70776
          A.

Exhibit B

IN THE
1ST CIRCUIT COURT OF APPEALS
STATE OF LOUISIANA

| | |
|---|---|
| STATE OF LOUISIANA | DOCKET NO: 2015-KA-0086 |
| VERSUS | FILED: _____ |
| RICHARD LAY | _____ |
| | CLERK OF COURT |

## OPPOSITION TO ANDERS BRIEF
## AND TO APPOINT COUNSEL

NOW INTO THE COURT comes, Appellant Richard Lay who files this "Opposition Anders' Brief" and to "Appoint Counsel" as indigent to perfect the following claims supported by the appellate record.

1. The trial court denial of an expert witness in support of his defense that the "Officer Prime" wounds were self-inflicted violated my due process and equal protection rights to a fair trial under *State v. Madison*, 345 So.2d 485 [La. 1977]; *U.S. v. Johnson*, 238 F.2d 565, 572 [2d cir. [1956] in light of the testimony of Dr. Laravia [prison doctor] as a expert that the wounds appeared to be self-inflicted. Tr. p. 196 line 6-7.[1]

2. The trial court denial of a Private Investigator to identify and locate all witness inside of the lobby of the "Pulmonary Clinic" on 12-21-10 for use at the preliminary hearing and trial under *Madison*, supra and *U.S. v. Johnson*, Supra.[2]

Footnotes

1. See Exhibit A.

2. See Exhibit B.

3. The denial of the Motion to Quash the Bill of Information based upon intentional destruction of the victim's clothing for DNA purpose to prove the wounds were self-inflicted violated my right to a fair trial under *California v. Trombetta*, 467 U.S. 479 [1984].[3]

4. Appellant was tried upon an oral amendment of a Bill of Information which upgraded the charge from a misdemeanor to a felony in violation of La. C.Cr.P. Art. 487, *State v. Breaux*, 504 So.2d 11 [La. App. 1st Cir 1987]; *State v. Cook*, 372 So.2d 1202 [La. 1979] and *Appendix*, 530 U.S. 466 [200].[4]

5. Appointment of Appellant as co-counsel against his wishes in response to appoint conflict and effective counsel violated *Farretta v. California*, 422 U.S. 806 [1975]; *Cuyler v. Sullivan*, 466 U.S. 335 [1980] And *State v. Cisco*, 861 So.2d 118 [La.2003].[5]

6. The denials of various Motions to Quash the multiple violated my due process rights since I was denied issuance of a "Subpoena Deuces Tecum" to obtain necessary documents as indigent and issuance of witness subpoenas in support thereof.[6]

Footnotes

3. See Exhibit C.
4. See Exhibit D.
5. See Exhibit E.
6. See Exhibit F.

7. The denial of my "Motion for New Trial" violated my due process rights and sixth amendment right to assistance of counsel under *Cronic* and *Strickland*.[7]

8. The denial of my motions for recusal pretrial and post-trial violated my due process rights to a fair and impartial hearing officer.[8]

9. The trial court was without jurisdiction to adjudicate and sentence appellant under LSA-R.S. 15:529.1 due to various "Motions for Post Judgment of Acquittal, arrest of Judgment" remains outstanding in violation of my due process / equal protection rights under *State v. Brown*, 620 So.2d 508 [La.4th Cir 1993 [La. C.Cr.P. Art. 861]

10.

Appellate counsel has taken retaliatory action for pursuing the projection of my appeal granted on the 13th day of May, 2013 yet the record just was recently filed with this court on January 2015 upon my filing to which counsel claimed he was calling 1st Circuit to find out statute moves did.... nor has he filed a merit brief raising these non frivolous issues in light of fact he just received the 8-volume records on the ___ day of February, 2015 for review thus would not comply with *Anders* and *State v. Jyles*, 704 So.2d at 241.[9]

Footnotes

7. See motion for new trial [pro se] and Exhibit G.
8. See exhibit H and all other Exhibits Cumulatively.
9. Exhibit I.

3.

WHEREFORE Appellant <u>Lay</u> prays this <u>Court</u> appoint counsel to project herein issues supported by fact and law which entitles Appellant to relief from this conviction and sentence.

Respectfully submitted this 4 day of March, 2015, under the penalty of perjury and good-faith.

*[signature]*

Richard Lay #110315
WNC Elm A1-5
P.O. Box 1260
Winnfield, La. 71483-1260

### CERTIFICATE OF SERVICE

I state a copy of this "Motion" has been mailed to Appellate Counsel Prentice White and Appellate Counsel Kathryn Landry this 4 day of March, 2015, properly addressed with postage affixed.

*[signature]*

Richard Lay #110315

Motion Denied. However, we note that defendant has until March 27, 2015 to file a pro se brief.

3/11/15 *[signature]*
Judge

4.

my copy

Exhibit 2

IN THE
22<sup>nd</sup> JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA             DOCKET NO. 11-CRS-112033

VERSUS                       FILED: _____

RICHARD LAY

                                       _____
                                       CLERK OF COURT

**APPLICATION FOR POST CONVICTION RELIEF**

NOW INTO COURT comes petitioner Richard Lay, who applies for post conviction from his conviction and sentence pursuant to La. C.Cr.P. Art. 930.3.

**CLAIM ONE**

1. Appellate counsel Prentice L. White was ineffective under Cronic[1] and Strickland[2] in filing a known frivolous appellate brief in State v. Lay, #2015-KA-0086 which did not comply with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) and *State v. Jyles*, 704 So. 2d 241 (La. 1997)[3] knowing said statements were false as evident from my Opposition to Anders Brief and to Appoint Counsel[4] which set forth the following claims supported by the records in his possession.

(A) The trial court denial of an expert witness in support of his defense that the "Officer Prime" wounds were self-inflicted violated my due process and equal protection rights to a fair trial under *State v. Madison*, 345 So.2d 485 (La. 1977); *U.S. v. Johnson*, 238 F.2d 565, 572 (2d Cir. 1956) in light of the testimony of Dr. Laravia (prison doctor) as an expert that the wounds appeared to be self-inflicted. Tr. p. 196 line 6-7.[5]

(B) The trial court denial of a Private Investigator to identify and locate all witness inside of the lobby of the "Pulmonary Clinic" on 12-21-10 for use at the preliminary hearing and trial under *Madison*, supra and *U.S. v. Johnson*, Supra.[6]

(C) The denial of the Motion to Quash the Bill of Information based upon intentional destruction of the victim's clothing for DNA purpose to prove the wounds were self-

---

[1] *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed. 2d 657 (1984).
[2] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
[3] See Exhibit A.
[4] See Exhibit B.
[5] See Exhibit B.
[6] See Exhibit C.

5.

inflicted violated my right to a fair trial under *California v. Trombetta*, 467 U.S. 479 (1984).[7]

(D)     Appellant was tried upon an oral amendment of a Bill of Information which upgraded the charge from a misdemeanor to a felony in violation of La. C.Cr.P. Art. 487, *State v. Breaux*, 504 So.2d 11 (La. App. 1st Cir 1987); *State v. Cook*, 372 So.2d 1202 (La. 1979) and *Apprendi*, 530 U.S. 466 [200].[8]

(E)     Appointment of Appellant as co-counsel against his wishes in response to appoint conflict and effective counsel violated *Farretta v. California*, 422 U.S. 806 (1975); *Cuyler v. Sullivan*, 466 U.S. 335 (1980); and *State v. Cisco*, 861 So.2d 118 (La.2003).[9]

(F)     The denials of various Motions to Quash the multiple bill violated my due process rights since I was denied issuance of a "Subpoena Deuces Tecum" to obtain necessary documents as indigent and issuance of witness subpoenas in support thereof.[10]

(G)     The denial of my "Motion for New Trial" violated my due process rights and Sixth Amendment right to assistance of counsel under *Cronic* and *Strickland*.[11]

(H)     The denial of my motions for recusal pretrial and post-trial violated my due process rights to a fair and impartial hearing officer.[12]

(I)     The trial court was without jurisdiction to adjudicate and sentence appellant under LSA-R.S. 15:529.1 due to various "Motions for Post Judgment of Acquittal, arrest of Judgment" remain outstanding in violation of my due process / equal protection rights under *State v. Brown*, 620 So.2d 508 (La.4th Cir 1993); La. C.Cr.P. Art. 861.

(J)     Appellate counsel has taken retaliatory action for pursuing the projection of my appeal granted on the 13th day of May, 2013 yet the record just was recently filed with this court on January 2015 upon my filing to which counsel claimed he was calling 1st Circuit to find out statute moves did.... nor has he filed a merit brief raising these non-frivolous issues in light of fact he just received the 8-volume records on the ___ day of February, 2015 for review thus would not comply with *Anders* and *State v. Jyles*, 704 So.2d at 241.[13]

---

[7] See Exhibit D.
[8] See Exhibit E.
[9] See Exhibit F.
[10] See Exhibit G.
[11] See Exhibit H and Motion for New Trial.
[12] See Exhibit I and all other Exhibits cumulatively.
[13] See Exhibit J and K.



Appellate counsel White's brief does not comply with Anders and Jyles since he refused to raise the herein obvious and significant issues supported by the record in his possession due to fraudulent misconduct depriving petitioner Lay of a due process appeal with counsel contrary to **Penson v. Ohio**, 488 U.S. 75, 85 (1988); **Evitts v. Lucey**, 469 U.S. 387, 396 (1985); **Douglas v. California**, 372 U.S. 353 91963)(same). See also **U.S. v. Williamson**, 183 F.3d 458, 463064 (5th 1999); **Manson v. Hanks**, 97 F.3d 887, 894 (7th Cir. 1996); **Delgado v. Lewis**, 181 F.3d 1087, 1092 (9th Cir. 1999); and **Banks v. Reynolds**, 54 F.3d 1508, 1515-16 (10th Cir. 1995).

WHEREFORE, petitioner Lay prays the following relief to issue:

1. Counsel be appointed under Martinez[14] and/or Trevino[15] with an evidentiary hearing under La. C.Cr.P. Art. 930;

2. Post-conviction relief be granted relieving petitioner Lay of this unlawful conviction and sentence; or

3. An appeal be granted with counsel to perfect the herein issues.

Respectfully submitted this ___ day of January, 2016, under the penalty of perjury and in good faith.

 _____
 Richard Lay #110315
 WNC Elm C-2-5
 P.O. Box 1435
 Winnfield, LA 71483

---

[14] **Martinez v. Ryan**, 132 S.Ct. 1309 (2012).
[15] **Trevino v. Thaler**, 569 U.S. ___, 133 S.Ct. 1911, 185 L. Ed. 2d 1044 (2013).

3



JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court;

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY    DOB: 01/02/1959    SSN: 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
   Arrest Date: 12/30/2010
RAYBRUN CORRECTIONAL CENTER, ANGIE, LA. 70426-

DATE OF OFFENSE:        December 21, 2010

COUNT 1
R.S. 14:34.5 BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties; Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.



WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY: 





MARCH 24, 2011

Exhibit 4

E TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
RS[U]ANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
STRICT JUDGE PRESIDING, WALTER REED, DISTRICT ATTORNEY; LORRIE PRICE, DEPUTY
ER< OF COURT, JULIA OEHRLEIN, OFFICIAL COURT REPORTER AND SANDRA CONERLY,
EPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND
SPOSED OF AS FOLLOWS, TO-WIT:

TATE OF LOUISIANA
S
CHARD LAY                                    CHARGE:          CASE #: 11-CR5-112033
                                             BATTERY OF A CORRECTIONAL FACILITY
                                             EMPLOYEE

ARCH 24, 2011
                                                            JEROME WINSBERG

HIS CAUSE CAME ON FOR ARRAIGNMENT AND VARIOUS MOTIONS. PRESENT, LEIGH ANN
IAL-, JOHN LINDNER, ATTORNEY FOR THE DEFENDANT AND THE DEFENDANT, RICHARD
AY.

ET IT BE KNOWN THAT JUGDE JEROME WINSBERG HAS BEEN APPOINTED BY THE
UPREME COURT FOR ALL PROCEEDINGS CONCERNING THIS DEFENDANT IN THE 22ND
UDICAL COURT.

T THIS TIME, THE COURT APPOINTS JOHN LINDER AS COUNSEL FOR THE DEFENDANT.

T THIS TIME, THE STATE MAKES AN ORAL MOTION TO AMEND THE BILL OF INFORMATION
S REFLECTED:

CORRECTED SPELLING OF RAYBURN CORRECTIONAL CENTER AND THE FOLLOWING
ADDITIONAL WORDING ADDED TO THE BILL OF INFORMATION:

"WHILE THE OFFENDER IS UNDER THE JURISDICTION AND LEGAL CUSTODY OF THE
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OR IS BEING DETAINED IN ANY JAIL,
PRISON, CORRECTIONAL FACILITY, JUVENILE INSTITUTION TEMPORARY HOLDING CENTER,
HALFWAY HOUSE, OR DETENTION CENTER."

AT THIS TIME, THE DEFENDANT, PRESENT IN OPEN COURT WITH COUNSEL WAS
ARRAIGNED AND PLED NOT GUILTY.
THIRTY DAYS TO FILE PLEADINGS.
FIFTEEN DAYS TO FILE SUPERVISORY WRITS.

MOTION FOR DISCOVERY IS SATISFIED.

EX PARTE MOTION FOR COUNSEL IS SATISFIED.

ALL OTHER MOTIONS ARE CONTINUED UNTIL APRIL 20, 2011 AT 11:00 A.M.



The following accepted jurors were sworn, admonished and removed from the courtroom:

1. Annette Taylor
2. Patty Wells
3. Milton Seal
4. Richard Moran
5. Diana Thomas
6. Harold Moberg
7. Kezelle Warren, alternate







At this time, the Court orders a brief recess.

Court reconvened following the recess, with the defendant present in open court with co-counsel, John Lindner.

Whereupon, Mr. Lindner advised the bill of information indicates the defendant has only been charged with a misdemeanor and because the jury has already been sworn, the defense hereby requests a mis-trial at this time.

In response to the defense request for a mis-trial, Ms. Wall advised that the clerk did not have the court record available at the time of the arraignment. Ms. Wall further advised the record will indicate a copy of the original bill of information was amended and placed into the official record.

Referring to the minutes dated March 24, 2011, the Court advised the record does reflect the defendant was, in fact, arraigned on felony charges. Mr. Lindner objected to the amended, unsigned bill being read to the jury and the Court noted same.

At this time, Ms. Wall advised the State made an attempt to locate a potential witness for the defense by the name of Sylvester Martin. However, DOC records indicate this witness is no longer housed within the Department of Corrections, therefore, could not be located. The Court advised Mr. Lay that it will be his responsibility to obtain a current address for this witness if he intends for a subpoena to be issued.

Whereupon, Ms. Wall provided photographs to the Court, the defendant and Mr. Lindner that the State intends to use at trial. After review, the Court advised all 6 photographs are acceptable.

The jury is returned to open court.

Out of the hearing of the jury, the Court expressed uncertainty as to whether or not the amended, unsigned bill should, in fact, be read to the jury. Whereupon, Mr. Lindner advised he will provide case law to the Court in the morning regarding this issue being a basis for a mis-trial and, again, objected to it being read to the jury. The Court noted Mr. Lindner's objection and advised this matter will be left open until aforementioned case law could be reviewed.

At this time, the Court gave preliminary instructions to the jury.

The Clerk read the (amended) bill of information and formal plea of the defendant.

Opening statements are heard by Ms. Wall followed by Mr. Lay.

Testimony for the State was begun with Jerry Primes being called and sworn. In connection with this witness' testimony, the State offered, filed and introduced into evidence:

State #1 - Photograph of waiting room
State #2 - Photograph
State #3 - Photograph
State #4 - Photograph
State #5 - Photograph
State #6 - Photograph
State #7 - Photograph
State #8 - Photograph of front desk at clinic
State #9 - Photograph of waiting room at clinic
State #10 Photograph of front door at clinic
State #11 Photograph of waiting room at clinic
State #12 Photograph depicting where transport van was parked at clinic
State #13 Photograph of walk way outside of clinic

Ms. Wall indicated the State would supplement the record with printed copies of State's Exhibits 8-13.

In connection with this witness' continued testimony, the defense marked for identification purposes:

Defense #1 - report of Tommy Schuler
Defense #2 - report of Major Harrell



