United States District Court
Eastern District of Louisiana


Richard B. Lay-Prose          Civil Action
Versus
Tim Hooper-Warden,
State of louisiana          19-9803-(R)(2)

Motion For Summary Judgment
Rule 59, Of Federal Rules Civil
Procedure

1. Standard Of Review whereas the
Appellate Counsel failed to Argue
that the oral Amendments to which
I was arraigned Convicted and
Sentence under LSA-R.S. 14:34.5.B(2)
without a written Amendment, sign-
ed by the District Attorney And
filed in Open Court or Office of
Clerk result in VACATION of Convict-
ion And Sentence under LSA-R.S.15:
529.1 And a modified Conviction under
LSA-R.S. 14:34.5.B(1) which the original
Bill of Information was proper in
form under LSA-C.Cr.P. art. 384, 487

Controlling precedents is Jackson +
Virginia, 443 U.S. 307, 319 [19 ]; Penson
+ Ohio, 488 U.S. 75, 81 [1988]; State
+ Jyles, 704 So. 2d 241 [La. 1997]; and
Conley + United States, 349 F.3d 830 [5th
Cir. 2003] citing Glover + U.S., 531 U.S. 198,

le

## (a). Patent Error Review:

Article 384 of the Louisiana Code of Criminal Procedure Provides:

"An information is a written Accusation of Crime made by the District Attorney and signed by him. It must be filed in open Court, or Office of Clerk. Where there is No written Valid indictment and No Written Bill of Information there can be No Valid arraignment, trial, or Conviction."[2]

The Court minutes of March 24, 2011 former Asst. District Attorney orally moved to Amend the Original Bill of Information that Charged a misdemeanor [LSA—14:34.5.B(1)] to a felony [LSA—14:34.5.B(2)] that is Non-Responsive to the Original Bill of Information filed in Compliance with LSA-C.Cr.

Footnote(s)

1. State ≠ Buttner, 41 So. 2d 35 [La. 1982]; State ≠ Breaux, 504 So. 2d 111 [La. App. Cir. 1987]; State ≠ Cooks, 372 So. 2d 1203 [La. 1979].

2. See Note 1; State ≠ Fontenot, 256 La. 12, 235 So. 2d 75 [1970].

2.

Proc. art. 384. The Court minutes
of November 30, 2011 defense
counsel Linder And Lay-Pro Se
moved to Quash the offense of
LSA-R.S. 14:34.5. B.(2) by way of
Oral Amendments And Not to
Read the Unsign Oral Amendments
made on March 24, 2011 to the
jury but was denied based in
part the record reflects that I
was arraigned on a felony offense
which defendant Lay does not
disagree with but his reasons
that the Oral Bill of Inform-
ation is Non-Responsive [3] to the
Original Bill of Information
Charging a misdemeanor And
must be a written Amendment
of the Original Bill of Infor-
mation, signed by the District
Attorney and filed in open
Court or with the office of
Clerk [4].  The conviction for the off-
ense of LSA-R.S. 14:34.5. B.(2) And
Sentence imposed under LSA-R.S.

Footnote(s):
3. See Note I.
4. See State + Breaux, Supra; and
State + Cook, Supra.  State +
Green, 493 So. 2d 588 [La. 1983] adopt-
ing Spencer + Texas, 383 U.S. 554 at
556 [1967]. No Compliance with Case
law-other crimes.  3.

15:529.1 must VACAted ▓▓▓▓ and enter a verdict of guilty to LSA-R.S. 14:34.5.B(1) And rem-ANded for resentencing under LSA-R.S. 14:34.5.B(1) which Carries a Sentence of no more than six months. Petitioner Ray has served over 21-years on this conviction and Sentence of ▓▓▓▓▓▓▓ #11-CR5-112033 that's running Concurrent with No. 383759D-E[ St. TAmmany ][5] from date of incarceration which is April 16, 2004 along with 390-days of educational goodtime. See Glover * United States Supra; And United States * CONley, Supra. See LSA-C.Cr.P. art. 920(2); And 921.

2. Standard of Review of Ineffect-ive Appellate Counsel on Direct Appeal is. Glover * United States 531 U.S. 198, 12 S.ct. 696[2001], Penson * Ohio, 488 U.S. 75, 9[1988], State * Jyles, 704 So. 2d 241[La. 1997].

Footnote(s)
5. 20-years also imposed under LSA-R.S. 15:529.1

4.

IN both State & Baker, 970
So. 2d 81 [La. 2007], and State &
Ruiz, 955 So. 2d 81 [La. 2007] the
Louisiana Supreme Court has held
the double enhancement formula
it used, i.e. enhancing the penalties
provided for the underlying off-
ense as a matter of law La. R.S.
40:982 And then enhancing those
enhanced penalties under LSA-R.S.
15:529.1, on the bases of the
same prior convictions, violated
the Court's rule in State & Sanders
357 So. 2d 1131, 1134 [La. 1976] State
may not seek multiple enhancement
of a defendant's sentence on
same set of prior conviction]
See Also State & Murray, 357 So.
2d 1121, 1124 [La. 1976] reversed on
other grounds.

Petitioner Lay was found guilty
under LSA-R.S. 14:34.5.B(2) by use
of State & Lay No. 383759-F in
which I was incarcerated when
the alleged battery on a Correct-
ional was committed And thereafter
used State & Lay No. 383579-F under
LSA-R.S. 15:529.1 to impose a
22-years sentence at hard labor I'm
currently serving Since I have
completed service of 20-years under
383759-F on April 16, 2004 to April
16, 2024. See Glover & United States,

5

3. The UNSIGN �involved ORAL AmendMents to upgrade my offenJe from a misdemeanor [LSA-R.S. 14: 34.5.B(1) to a felony [LSA-R.S. 14: 34.5.B(2) Should Not have been read To the Jury And especially without any Curative instruction—Concerning the Purpose And use of the Other Crimes evidence. See State v Green, Supra; And Spencer v Texas, Supra; State v Skipper.

4. The ▬▬▬ Standard of Review based upon ineffective trial; Post trial; And Appellate Counsel failure to Challenge the 10-2 Jury verdict used to enhance my sentences in No. 383759-F; And II-CRS-112033-B is Penson v ohio, 488 U.S. 75, 81 [1988]; Glover v United States, 531 U.S. 198, 125. C+. 696 [2001]; and State v Jyles 704 So. 2d 241 [La. 1997] in light of the fact State v Cotton, 45 So. 3d 1030 [La. 2010] prohibits Sentenc-Cing relief on Collateral review].

State v Lay No. 215530-C-St. TAmmany [6] WAS Obtained due to Article 1, Section 17 of the louisiana Constitution 1974; And Article 782A, of the louisiana ▬▬▬▬ Code of Criminal Procedure that Violates the Equal Protection

by,

Clauses of both the United
States Supreme Court And
Louisiana Supreme Court in light
of:

(1). IN 1898 Constitutional Conv-
ention the Non-unanimous Jury
Verdict System was adopted to
establish white Supremacy And
to racial discrimination against
African Americans And other minor-
ites to deliberate And systemat-
ically deprive them of their con-
stitutional rights to serve on
the Jury Venire in order to Control
the outcome in African Americans
Criminal Trials. At the 1973 Const-
utional Convention Continued the
Use of the Non-unanimous Jury
Verdict System despite Knowledge
of its racist history And result
in disparate Convictions of Afric-
an Americans than white [Anglo-
Saxon] Americans.

The deprivation of my Const-
itutional rights were Clearly
established in 1898; 1973;
at the time of my Conviction
of No. 215530-C; And Sentencing under

Footnote(s)
6. A 10-2 Jury verdict.

7.

LSA- R.S. 15:529.1  in No.383-
759-E; And VI-CRS-112033-B.

    In a Concurring decision in
ESPINOZA + Montana DePart-
ment Of Revenue, 591 U.S. 464,
140 S.Ct. 2246, 207L.Ed. 2d 679,
[6/30/00] Stating:

... Regardless of the motivat
ion for this Provision or its
Predecessor, its application here
Violates the Free Exercise Clause...
Nevertheless, the Provision's origin
is relevant Under the decision
we issued earlier this Term in
Ramos + Louisiana, 590 U.S.
140 S.Ct. 1390, 206 L.Ed. 2d 583
[2020]. The question in Ramos
WAS whether Louisiana And oregon

Footnote(s)

7. Strauder + West, 100 U.S. 303, 305-
309 [1880]; And Neal + Delaware,
103 U.S. 370, 26 L.Ed. 567 [1881] U.S.
14th Amend.

8. Alexander + louisiana, 405 U.S. 625,
628-69, 92 S.Ct. 1221 [1972]; Rideau
+ Whitley, 237 F.3d 472, 482 [5thCir.
2000]; me laughlin + Florida, 379
    U.S. 184, /92, 85 S.ct. 283, 13
L.Ed. 222 [1964]; See Also Sib
ley + Board of SuperVisor of
La. UNIV. and Agric. and Mech

8.

laws allowing Non-unanimous Jury Verdicts in Criminal trials violation the Sixth Amendment. The Court held: That they did, emphasizing that the states originally adopted those laws for racially discriminatory reasons. id., at _____, 140 S.Ct. at 1391-1395. See ibid; See Also id. at _____, 140 s.ct., at 1410 [Sotomayer, J., Concurring, in Part.].

First Counsels assistance is deficient if it falls "below an objective standard of reasonableness." Strickland 466 U.S. at 688, 104 S.Ct. 2052, we have described that standard as requiring that counsels "research an informed decision that certain avenues will not be fruitful." United States + Phillip, 210 F.3d 345, 348 [5th Cir 1999] [citing United States + Williamson,183 F.3d 458, 462-63 [5th Cir. 1999]; Solid, meritorious arguments based on directly controlling precedents should be discovered and brought to the Court's attention. Lay's Counsels failed to meet this standard in identifying any claim of Argument thru researching of the complete Criminal records resulting in my unlawful Conviction(s) And Sentences Under LSA-R.S. 15:529.1 and or LSA-R.S. 14:34.5.B(2)[10]......

9,

for enhancement of sentences. All of Lay's convictions are non-violent and over five years between the predicate used and current sentences/convictions... which LSA-R.S. 15:529.1 C(1) [effective Nov. 1, 2017] prohibits further enhancement thereunder.

Second, to prove prejudice, the defendant must show "that there is a reasonable probability that, but for counsels' unprofessional errors, the results of the proceeding would have been different." United States v Bass, 310 F.3d 321, 325 [5th Cir. 2002] [quoting Strickland, 466 U.S. at 694, 104 S.ct. 2082]. It is clear, but for counsel to perfect the herein constitutional errors pursuant to LSA-C.Cr.P. art. 841 for appellate purposes under LSA-C.Cr.P. 920(2) and 921 and LSA-R.S. 15:

anical College, 477 So.2d 1090 [La.1985]; State v Petrovich, 396 So.2d 1318, 1320 [La. 1981]; Burmaster Gravity District No.2 of St. Charles Parish, 366 So.2d 1381 [La.1978]; Article 1, Section 3, commands the courts to decline enforcement of a legislative classification by race, it shall be reprobate completely

9. State v Lay No.215530-C [10-2 Jury verdict]
10. State v Lay No. 11-CRS-112033-B. See State v Ruiz, Supra; State v Sanders, Supra

10.

529.1.9(1)(b) resulting in unconstit-
utional forfeiture of imposition
of Sentences imposed under LSA-
R.S. 15:529.1.9(1)(b); and or collateral
review per State + Cotton 50.3d 1030
[La. 2010]... [Lay] would have prev-
ailed, Briseno + Cockrell,
274 F.3d 204, 207 [5th Cir. 2000],
"in obtaining" a different convict-
ion" and sentence.[12] And, of course,
"Any amount of actual jail time
has Sixth Amendment significance.
Glover + United States, 531 U.S. 198, 203,
121 S.Ct. 696, 148 L.Ed. 2d 604 [2001]
which constitutes prejudice for pur-
poses of the Strickland test; see
United States + Franks, 230 F.3d
811, 815 [5th Cir. 2000] [three extra
months equal prejudice].


    It should be noted that LSA-
R.S. 15:529.1.9(1)(b); and Article 841
Prohibits a Direct Appeal as to trial
and Sentencing errors whereas Coun-
Selo failed to make necessary
oral and or written objection.
That the use of State + Lay 215530c
for impeachment and Sentencing
Purpose pursuant to Article 1, Sect-

Footnote(s)
11. LSA-R.S. [           ] 14:34.5.B(1)
12. LSA-R.S. 14:34.5.B(1) And LSA-R.S.
15:529.1 [No. 383759-F/ 11-CRS-112033]; and
11.

ion 17, of louisiana Constitution 1974; And Article 782.A of Louisiana Code Criminal Procedure which the State of louisiana adopted at the 1898 Constitutional Convention to establish white supremacy And to racially discriminate against African Americans And other minorities to deliberate And systematically deprive them of their rights to serve on the Jury venire in order to control the outcome in African Americans trial. At the 1973 Louisiana Conventions the majority White Citizen was made known of the racial purposes of Adoption of the Non-UNANimous Jury verdict system which has filled the louisiana Prisons And Jails in over Whelming Numbers voted to continue SAid practice knowing what the results would be. To see the racial history And destruction of African Americans per Non-UNANimous Jury Verdicts. [13]

No. 215530-C — 22Nd JDC/St. TAmmany
13. Ramos v louisiana, 590 U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 [2020]; Rideau v Whitley, 237. F. 3d 472, 482 [5th Cir. 2000]; State v Riddick 351 So. 3d ___ [La. 2014] 273, N.5 [La. 2022] Campbell v Louisiana, 523 U.S. 392 @ 397-401, 118 S. Ct. 1419, 140 L. Ed. 2d

12

Respectfully Submitted this
2nd day of May, 2025 Under
the penalty of perjury And
good faith.

Richard B. Lay 110315
EHCC- Fox 2 B #57
P. O. Box 174
St. Gabriel, LA 70776

551 [1998]; Alexander & Louisiana,
405 U.S. at 628-69, 92 S.Ct. 1221.

13.

Copy of this motion And
Order

SAid And done this _____ day of
_____ 2025.


                    U.S. Judge / magrist-
                    rAte.


Please Serve
1. MAtthew CaplAn
   Asst. District Attorney
   701 N. Columbia St.
   Covington, LA. 70433

2. WArden Turner
   Office of WArden
   ElAyn Hunts Correction Center
   6925 Hwy 74
   St. GAbriel, LA. 70776
   [225] 642-3306

3. Richard B. Lay
   Doc #110315
   EHCC- Fox 2B
   P. O. Box 174
   St. GAbriel, LA.
              70776

Footnote(s)
11. Petitioner Lay do Not waived
    any ClAim but merely point out
    all errors on ClAimed review by
    the defendants and Court
                        p. 15.





RECEIVED

MAY 12 2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
DEPUTY CLERK