The following accepted jurors were sworn, admonished and removed from the courtroom:

1. Annette Taylor
2. Patty Wells
3. Milton Seal
4. Richard Moran
5. Diana Thomas
6. Harold Moberg
7. Kezelle Warren, alternate

At this time, the Court orders a brief recess.

Court reconvened following the recess, with the defendant present in open court with co-counsel, John Lindner.

Whereupon, Mr. Lindner advised the bill of Information indicates the defendant has only been charged with a misdemeanor and because the jury has already been sworn, the defense hereby requests a mis-trial at this time.

In response to the defense request for a mis-trial, Ms. Wall advised that the clerk did not have the court record available at the time of the arraignment. Ms. Wall further advised the record will indicate a copy of the original bill of Information was amended and placed into the official record.

Referring to the minutes dated March 24, 2011, the Court advised the record does reflect the defendant was, in fact, arraigned on felony charges. Mr. Lindner objected to the amended, unsigned bill being read to the jury and the Court noted same.

At this time, Ms. Wall advised the State made an attempt to locate a potential witness for the defense by the name of Sylvester Martin. However, DOC records indicate this witness is no longer housed within the Department of Corrections, therefore, could not be located. The Court advised Mr. Lay that it will be his responsibility to obtain a current address for this witness if he intends for a subpoena to be issued.

Whereupon, Ms. Wall provided photographs to the Court, the defendant and Mr. Lindner that the State intends to use at trial. After review, the Court advised all 6 photographs are acceptable.

The jury is returned to open court.

Out of the hearing of the jury, the Court expressed uncertainty as to whether or not the amended, unsigned bill should, in fact, be read to the jury. Whereupon, Mr. Lindner advised he will provide case law to the Court in the morning regarding this issue being a basis for a mis-trial and, again, objected to it being read to the jury. The Court noted Mr. Lindner's objection and advised this matter will be left open until aforementioned case law could be reviewed.

At this time, the Court gave preliminary instructions to the jury.

The Clerk read the (amended) bill of Information and formal plea of the defendant.

Opening statements are heard by Ms. Wall followed by Mr. Lay.

Testimony for the State was begun with Jerry Primes being called and sworn. In connection with this witness' testimony, the State offered, filed and introduced into evidence:

State #1 - Photograph of waiting room
State #2 - Photograph
State #3 - Photograph
State #4 - Photograph
State #5 - Photograph
State #6 - Photograph
State #7 - Photograph
State #8 - Photograph of front desk at clinic
State #9 - Photograph of waiting room at clinic
State #10 Photograph of front door at clinic
State #11 Photograph of waiting room at clinic
State #12 Photograph depicting where transport van was parked at clinic
State #13 Photograph of walk way outside of clinic

Ms. Wall indicated the State would supplement the record with printed copies of State's Exhibits 8-13.

In connection with this witness' continued testimony, the defense marked for identification purposes:

Defense #1 - report of Tommy Schuler
Defense #2 - report of Major Harrell




United States District Court
Eastern District of Louisiana

Richard B. Lay - Pro Se          Civil Action
Versus
Tim Hooper - Warden;
State of Louisiana              19-9803-R(2)

Date filed: _____
                                Deputy Clerk

Part 1: Documents In Support To Vacate And Set Aside All Judgments based upon Fraudulent misrepresented of material facts And Clearly established federal law as determined by the United States Supreme Court and Louisiana Supreme Court dated April 14, 2025.

Exhibits                                    Page(s)
1. Original Bill of Information...
   LSA-R.S. 14:34.5.B(1) ............. 1
2. Appointment of John Linder.. 3,4
3. Oral Amendments Charging a felony
   ... LSA-R.S. 14:34.5.B(2)
   which a Not guilty verdict was
   entered by Counsel Linder...., 5
4. Motion to Quash the Offense of
   LSA-14:34.5.B(2) based upon Non-
   Compliance with Article 384 And
   487 of the Louisiana Criminal

(1)

Code of Procedure. Additionally Case No. 383759-F is not listed in the <u>Original Bill of Information</u> or the Voided Oral Amendments made on March 24, 2011. denied erroneously. ........... 5, 6, 7

5. Multiple Bill of Information listing No. 383759-F for enhancement purposes after being use for conviction and sentencing enhancement under LSA-R.S. 14:34.5.B.(2) already done. ........ 10, 11

6. Multiple Bill of Information using #215530-C - a unconstitution 10-2 Jury verdict. .... 10, 12

7. Motion to Quash Multiple Bill of Information ..... 12, 13, 14, 15, 16

8. Minutes of 10-2 Jury verdict of No. 215530-C ............ 17-22

9. Multiple Bill of Information using No. 215530-C [10-2 Verdict] for enhancement under LSA-R.S 15:529.1 in No. 383759-F ... 27-30

<u>Part 2:</u> Documents In Support to Vacate and Set Aside All Judgments based upon fraudulent misrepresentation of material facts and clearly established federal law as determined by the United States Supreme Court and Louisiana Supreme Court.

(2)

Exhibits                                            Pages

1. Original and Oral bill of inform-
ation upgrading from a misdem-
eanor to a felony depriving the
Court of Jurisdiction, any verdict
of guilty by the Jury; State v.
Breaux, 504 So.2d 111 [LA. App 1 cir.
1987]; State v. Cook, 372 So.2d 1202
[La. 1979]. . . . . . . . . . . . 80, 81

2. News article of former ~~Ass't~~
District Attorney Leigh Ann Walls
and Julie Knight was dismissed
due to filing false sworn Affid-
avits that they witnessed Douglas
L. Dendinger commit a battery upon
Officer Chad Cassard. The cellphone
video showed the entire incident
~~████████████~~ . . . . . . . . . . 83, 84(a)(b)

Part 3: Documents in support
of Motion to Vacate and set
Aside All Judgments based upon
~~Mcgris~~State's ~~&~~ Wilkinson and
Cassault's fraudulent misrepresent-
ation of material facts and
applicable Federal and State Laws
as determined by the United
States Supreme Court and Louisiana
Supreme Court.

Footnote(s)

1. Process Server in light of Officer
Chad Cassard evading Service

③

1. Motion For New Trial And To Modify Judgment... May 11, 2011 Transcript of Proceeding before Judge Ad Hoc Winsberg...1-16
2. Counsel Linder moves to withdraw being a Conflict of Interest to which the Court granted May 22, 2012..........18
3. Motion To modify Verdict based on Unlawful And Unsigned Oral Amendments to the Original Bill of Information on March 24, 2011... denied......21
4. Court ordered Counsel to file any Amended For New Trial by August 31, 2012 And State to respond by Sept. 14, 2012.....26
5. Various motions denied in a telephone conversation between Judge Ad Hoc Winsberg..........27
6. Opposition To Multiple Bill of Information filed Pro se and denied due to Counsel not discussing anything with me...40
7. letter to Judge Ad Hoc Winsberg informing him that my sentence could not be enhanced further, do to serving the original enhanced sentence imposed per (LA-R.S. 14:34.5. B(2)..........41-43
8. Anders Brief by Appellate Counsel White..........45-55
9. Opposition To Anders Brief...

(4)

..................................................56-59

10. Appellate Court falsely Alleging that they conducted an Independent Review of the Trial proceedings along with a Patent Error Review. No errors for reversal existed...........................60-66

11. Petitioner Lay's motion for Summary Judgment based on Just 4 claims entitles him to relief from his convictions and sentences refutes that there was ~~no frivolous~~ No None-Frivolous or Arguable Claims of merit. Additionally various Constitutional Claims presented in the motions To Vacate and Set Aside All Judgments based upon fraudulent misrepresentation of material facts and applicable law to each separate claim by magistrates Wilkinson and is Supported in facts And laws of both the United States Supreme Court; And the Louisiana Supreme Court

Respectfully Submitted This 2nd day of May, 2025 under the Penalty of perjury and good-faith.

1/03A
Richard B. Lay
Doc. 110315

EHCC- Fox 2 B
P.O. Box 174
St. Gabriel, LA
70776

CC
1. Judge Ad Hoc Jerome Winsberg, Jr.
5031 St. Charles Ave
New Orleans, LA. 70115

2. Murrill, Luiz - Attorney General
State of Louisiana
1885 N. Third St.
Baton Rouge, LA. 70802

3. Matthew Caplan
Asst. District Attorney
701 N. Columbia St.
Covington, LA. 70433

4. J. Collins Sims
District Attorney
701 N. Columbia St.
Covington, LA. 70433

5. Richard B. Lay
Doc. 110315
EHCC- Fox 2 B
P.O. Box 174
St. Gabriel, LA. 70433

⑥