U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   May 12 2025

CAROL L. MICHEL
CLERK

cf                    EDSS

United States District Court
Eastern District of Louisiana


Richard B. Lay-Pro Se          Civil Action
Versus
Tim Hooper-Warden;        19-9803-R(2)
State of L.A.

Request Reconsider Of Newly
Exhausted federal And State
Law Claims as clearly established
by the United States Supreme Court
and the Louisiana State Court
as to my Conviction(s) 383759-F / 11-CRS
112033B And Adjudication And Sent-
ences increasing my Sentence under
LSA-R.S. 15:529.1 As prohibited
by the Louisiana Supreme Court.
Exhausted under Lay v 1st Circuit
No. 2024-KW-1090 --- 2025-KH-00205
[La. Sup. 4/23/25]. Glover v U.S, 531 U.S
198 [2000]; Conley v U.S, 349 F.3d 837 [5th 2003]

                          Richard B. Lay
May 5, 2025               Doc 1/0315
                          EHCC- Fox 2B
                          P.O Box D 174
                          St. Gabriel, La 70776

CC
Mr Caplton-ADA

R. Lay
File

*Footnote*

1. See *State v Ruiz*, 955 So. 2d 81 [La. 2007] Citing *State v Sanders* 357 So. 2d 1131, 1134 [La. 1976]; *State v Baker*, 970 So. 2d 81 [La. 2007]

2.

# The Supreme Court of the State of Louisiana

**STATE OF LOUISIANA**

No. 2025-KH-00205

**VS.**

**RICHARD B. LAY**

— — — — — —

IN RE: Richard B. Lay - Applicant Defendant; Applying For Supervisory Writ, Parish of Washington, 22nd Judicial District Court Number(s) 11-CR5-112033, Court of Appeal, First Circuit, Number(s) 2024 KW 1090;

— — — — — —

**April 23, 2025**

Writ application denied.

<div align="center">

WJC

JDH

JBM

PDG

JMG

CRC

</div>

Weimer, C. J., recused.

Supreme Court of Louisiana
April 23, 2025

_Katie Marianello_
Chief Deputy Clerk of Court
For the Court



**Supreme Court**
STATE OF LOUISIANA
New Orleans

CHIEF JUSTICE
  JOHN L. WEIMER
JUSTICES
  WILLIAM J. CRAIN
  JOHN MICHAEL GUIDRY
  JEANNETTE T. KNOLL
  JAY B. MCCALLUM
  JEFFERSON HUGHES
  PIPER D. GRIFFIN

Sixth District

First District
Second District
Third District (pro tempore)
Fourth District
Fifth District
Seventh District

VERONICA O. KOCLANES
CLERK OF COURT

400 Royal St., Suite 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

February 11, 2025

Richard B. Lay
Elayn Hunt Correctional Center
Fox 2 B
PO Box 174
St. Gabriel, LA 70776

              Re:  STATE OF LOUISIANA VS.
                     RICHARD B. LAY
                     2025-KH-00205

Dear Counsel:

This is to advise that the pleadings in the above entitled matter were filed on February 11, 2025. The filing was Postal Metered on February 07, 2025. The case bears the above number on the Docket of this Court.

By copy of this letter, all counsel are advised that in cases not involving a request for a stay or priority treatment an opposition or response may be filed without leave of court within thirty days of the date of this letter.

              Regards,

              Veronica O. Koclanes
              Clerk of Court



Richard B. Lay-Prose    No: 2025-KH-00205
Versus                        LA Supreme Court
1st Circuit Court of    State of Louisitna
Appeal
No. 2024-KW-1090

Date filed:

                              Deputy Clerk


              A Criminal Proceeding



Application For A Writ of Habeas
Corpus; Certiorari; Supervisory; Review
And Prohibition To The 22nd Judic-
ial District Court — Parish of
Washington — Docket No. 11-CRS-112033

The Honorable Jerome Winsberg — Judge
Ad Hoc


                        Original Writ
                                    110315

                    Richard B. Lay
                    Doc # 110315
                    EHCC — Fox 2 B
                    P. O. Box 174
                    St. Gabriel, LA 70776

Interested Parties

1. J. Collins Sim
District Attorney
Parish of St. Tammany
and Washington Parish
701 N. Columbia St.
Covington, La. 70433

2. Matthew Caplan
Asst. District Attorney
Parish of St. Tammany
and Washington
701 N. Columbia St.
Covington, La. 70433

3. Jerome Winsberg — Judge Ad Hoc
St. Tammany and Washington Parish
Involving Richard B. Lay
5031 St. Charles Avenue
New Orleans, La. 70115

4. Richard B. Lay # 110315
EHCC — Fox 2B
P. O. Box 174
St. Gabriel, La. 70776

5. Hon. Alvin Batiste — Judge
18th Judicial District Court
Parish of Iberville
58050 Meriam St.
P. O. Box 241
Plaquemine, La. 70765

1.

Issues And Questions Presented:

1. Whether Petitioner Lay is entitled to reduction of 2-years off the 22-years imposed by the Court who made the final Sentencing Facts on May 13, 2019 without any opposition by Asst. District Attorney Matthew Caplan:

(a). The Court is of the opinion that the motion To Correct An Illegal Sentence should be granted[1]

(b). The prime reason for imposition of the 22-year Sentence without parole was because the Court was of the opinion at that time that battery on a Correctional Officer was in fact a Crime Of Violence but obviously is not[2]

(c). I was the trial judge from beginning to end. And what Mr. Meissner is saying, the wound that was inflicted upon the Correctional Officer And found to be such by the jury was at best Superficial[3]

(d). The last thing, I thought the sentences were running concurrently. If they are not it was the Court's intention to[4] ▇▇▇

Footnotes

1. Tr. p. 34, Line 29-32.
2. Tr. p. 35, line 4-20.
3. ▇▇▇▇▇▇▇▇▇▇▇▇ Tr. p. 35, line 23 to p. 36.
4. Tr. p. 23, Line 30 to p. 24 line 4.

2

The Court's action in regard to setting aside this sentence also takes into consideration that what MR. Meissner said is correct. That the trend in this STATE is to have individuals such as MR. Lay who have done substantial portion of their sentence to be entitle to some type of relief. Whether it be constitutionally permitted that this possibly being an illegal sentence as it's cruel and unusual and excessive under our law should apply in this instance, Mr. Lay has been in jail for some fifteen years[5] - - -
By the Defendant:
Sixteen years, no benefits.[6]

2. The Court failed to rule that the States' use at trial State # Lay #383759-F to establish that I was under the jurisdiction of the Department of Correction when the battery was committed for enhancement purposes under LSA-14:345.B(2)

Footnotes
5. Tr. P. 36, Line 6-20.
6. Tr. P. 36, Line 21-22.
7. Tr. P. 26, line 31 to p. 27, Line 9.

3.

then used State + lay #383759-F for multiple Bill Adjudication and Sentence Under LSA-R.S. 15:529.1 clearly violates State + Baker, 970 So. 2d 978 [La. 2008] thus my Sentence is illegal and the multiple Bill Adjudication and Sentence must be vacated in its entirety.[7]

3. The trial Court failed to instruct the jury that in order to find me guilty of battery upon a correctional officer, the State would have to prove the felony conviction I was under the jurisdiction of the Department of Correction on December 21, 2010.[8]

Footnote(s)

8. LSA-R.S. 14:34.5. B(2).

4.

# TABLE OF CONTENTS        Page (s)

1. INTerested Parties _ _ _ _ _ _ 1.
2. ISSUes And Questions Presented _ 2-4.
3. TAble Of CoNTents _ _ _ _ _ _ 5.
4. Jurisdiction _ _ _ _ _ _ _ 7.
5. Statement Of Facts _ _ _ _ _ _ 7.
6. TAble Of Authorities _ _ _ _ 6.
7. Law And Argument 1 _ _ _ _ 8, 9.
8. LAW And Argument 2 _ _ _ 9, 10.
9. Law And Argument 3 _ _ 10, 11.
10. LAw And Argument 4 _ _ _ 11, 12.
11. CoNclusion _ _ _ _ _ _ 13.
12. Proof Of Service _ _ _ _ 14.

5.

Table Of Authorities:                    Page

1. State ✶ Baker, 970 So.2d 978.
   [La. 2008]. . . . . . . . . . . . . . . . . . . 4,9,10.
2. State ✶ Dorthey, 623 So.2d 1276
   [La. 1993]. . . . . . . . . . . . . . . . . 7,8
3. State ✶ Ruiz, 955 So.2d 81 [La.2007] . 9
4. State ✶ Dick, 951 So.2d 124 [La.2007] 9,11.
5. Apprendix ✶ New Jersey, 530 U.S. 466. 11.
6. State ✶ Skipper, 906 So.2d 339[La.2005]. 1
7. Spencer ✶ Texas, 385 U.S.554 [1967]. . 11.
8. State ✶ Prieur, 277 So.2d 126 [La.1993] 11
9. U.S. ✶ Benz, 282 U.S.304[1930] . . . 11
10. State ✶ Esteem, 239 So.3d 233[La.2018] . 12.

United States Constitution:
11(a). Amendment . . . . . . . . . . . . 8,9.
11(b). Amendment 14 . . . . . . . . . 9,10.

Louisiana Revised Statutes:
12. 14:34.S.B(2) . . . . . . . . . . . 10,11.
13. 15:529.1 . . . . . . . . . . . 8,10.
14. 14:95.1 . . . . . . . . . . . . . . 11.
15. 15:529.1.A(4)(b) [2007]. . . . . 11.

Louisiana Code Of Criminal Procedure:
16. Article 881.5 . . . . . . . . . 11.
17. Article 930.10 . . . . . . . . 12.

Louisiana Constitution 1974:
18. Article 5, Section 2 . . . . . . 7.
19. Article 3, Section 16 . . . . . 7.
20. Statements Of Facts . . . . . . 7.
                      5,6.

## Jurisdiction

Jurisdiction of this Court is invoked Pursuant to Article 5, Section 2 And 10 of Louisiana Constitution 1974. La. C. Cr. P. art. 881.5.

## Statement Of Facts

ON May 13, 2019 the Court heard my Motion To Correct Illegal Sentence with Counsel And Pro-se resulting in the acceptance of Facts by defense Counsel Moissner That (1) Sentence was illegal, excessive, And Nothing but Cruel And Unusual Sentence. Yet did Not impose a lesser Sentence per State + Dorthey, since the trial Court had No authority to deprive defendant Law Parole eligibility for the entire 22-year Sentence Under LSA-R.S. 14:34.5.B(2). The Sentencing errors was overlooked in the Patent Error review by the Court Per Anders Brief wrongfully filed by Appellate Counsel to which I filed Written Opposition To The Anders Brief with Request for Appointment Of Counsel to perfect the claims, Supported by facts and laws. The trial Court once again had on Application for Writ of Habeas Corpus And or Motion To Correct Illegal before it yet Arbitrarily denied on July 1, 2024 without a hearing. Rec'd 8/2/24.

7.(a)

The Appellate Court issued a judgment on the 13th day of JANUARY, 2025 Arbitrarily denying relief in Writ No: 24-KW-1090 despite being supported by facts And law of the United States And the State of louisiana Constitutions

<u>Law And Argument 1.</u>

If The trial Court determined my
Sentence under LSA-R.S. 15:529.1. et.
would be Constitutionally excessive
Pursuant to the Criteria Set forth
in State v Dorthey 623 So.2d 1276
[La.1993], then the Court Shall State
for the record the reasons for such
finding and Shall impose the most
Severe Sentence that is not Con-
stitutionally excessive. USCA Amend. 8, 14.

The trial Court on May 13, 2019
after agreeing with defense Counsel
Meissner that:
1. The injury to the victim amounts to
No more than a scratch in which
No medical treatment was required.
2. The Sentence was mistakenly imp-
osed that he [trial Court] thought the
battery was a Crime of Violence.
3. The Sentence impose was excessive
and Subjects defendant to Cruel
and unusual Punishment... for the
entire 22-years despite being Conr-
Current with <u>State v Lay #383759-F.</u>

What the trial Court Clearly over-
looked was Parole could only be
denied for No less than one Nor
more that five years. I Served
over 16-years at time of resen-
tencing on May 13, 2019. Thus

8.

removal of the denial of parole for the entire sentence was illegal when imposed. See Exhibit ▓ 1, 2, 3, And 4 conjunctively/Together.

<u>Law And Argument 2</u>:

It is well settled that the function of statutory interpretation and construction to be given to legislative acts rests with the judicial branch. <u>State + Dick</u>, 06-2223, pp. 8-9 [La.1/26/07], 951 So.2d 124, 130. Furthermore the rules of statutory ▓▓▓▓▓▓ Constructions are designed to Ascertain and enforce the intent of the legislature. Id. Finally, legislation is the solemn expression of legislative will, and thus, the interpretation of legislation ▓▓▓▓▓▓ is the search for legislative intent. Id.

In <u>Baker</u>, 970 So.2d 948[La. 2008] held: A sentence imposed under La. R.S. 14:95.1 may be enhanced under the the habitual offender law, as long as the prior felony conviction used as an element in the firearms conviction is Not also used as a prior felony conviction in the habitual offender bill of information. See Also <u>State + Ruiz</u>, 955 So. 2d 81, 89[La. 2007]. USCA Amend. 8, 14.

4. ▓

On May 24, ▓ 2011 Asst. Dist-
ict Attorney Walls Orally Amended
the original Bill of Information
for Sentencing Purposes under La.
R.S. 14:34.5.B(2) to which I was
arraigned thereunder. Tr.p. 15, Line 16-18,
16, line 12 [5/13/2019]; and Exhibit ▓ 3. ▓

The Jury found defendant Lay
guilty under R.S. 14:34.5.B(2) in which
a 2-year Sentence was imposed. by
usuage of State + Lay 383754-F 22nd
Judicial District Court— Parish of
St. Tammany in which a 22-year
Sentence was imposed under LSA-
R.S. 15:529.1 on March 30, 2007 to
which I'm ▓ still under the juris-
diction And Custody of the Depart-
ment of Corrections then used to
enhance my Sentence under LSA-R.S.15:
529.1 Contrary to Baker And Ritz.

The multiple Bill Adjudication And
Sentence must be Vacated And
Set Aside which I will be
entitled to immediate Release
Since I have Served over 21-years
with educational good-time Credits. See
Exhibit ▓ 3, 4.

Law And Argument ▓ 3:

The State of louisiana did not

10.

introduce the predicate convict-
ion State + law #383259-F used
for Sentencing Enhancement under
LSA-R.S. 14:34.5.8(2) for the jury
to determine this fact for Due
Process Purposes under Apprendi
+ New Jersey, 530 U.S. 466; State
+ Skipper, 906 So.2d 339[La.2005]
adopting Spencer + Texas, 385 U.S.
554, 87 S.Ct. 648, 17 L.Ed.2d 606
[1967] And State + Prieur, 277 So.
2d 126[La.1973]. See Exhibits
3, and 4.

Law And Argument 4:

Pursuant to LSA-C.Cr.P. art. 881.5
the Court in which the sentence
was imposed may at any time
Correct a Sentence that exceeds the
maximum penalty authorized by law.
The judiciary therefore has author-
ity to Amend its judgment after
they become final as a result of
the legislature's reassessment of
the Cleansing Period for Non-Violent
Offenses. United States + Benz, 282
U.S. 304, 51 S.Ct. 113, 75 L.Ed.2d
354 [1931.]

LSA-R.S. 15:529.1. A(4)(b). If the
fourth felony and No prior felony
is defined as a Crime of Violence

Under R.S. 14:2(B) or as a Sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years and not more than twice the longest poss- ibly sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years. This applies to persons sentence after November 17, 2012.

State v law ▉▉▉ # 215530-C — 22nd JDC/ St. Tammany was more than 9-years of current sentence of 383759-F and 11-CR5-112033 And none of the Predicate felonies are Crimes of Violence. See State v Esteem, 239 So.3d 233, 238 [La. 2018]. and Notice of Exparte Communication from Ast. District Attorney Caplan responding to Judge Ad Hoc Jerome forwarding of my plea agreement to which the Judge Ad Hoc wish to grant Sentencing relief but the State awaits La. Supreme Court's determination of LSA-C.Cr.P. Art. 930.10 which has Nothing to do with a Sentence period. I have wrote the both of them the Wanne Lee ruling by the Supreme Court to No avail. See Exhibit #5

▉. 12.

## Grant the following Relief:

1. VACATION of Conviction due to the states failure to NAME and prove the convictions that I was under at the time of the alleged battery on a Correctional Officer. Apprendix + New Jersey supra; Jackson + Virgina; 443 U.S. 307 [1979].

2. VACATION of the multiple Bill And Adjudication under the principle of State + Baker, supra; And State + Ruiz supra.

3. VACATION of Sentence as excessive And imposes Nothing but Cruel And Unusual Punishment. State + Dorthey, Supra; USCA Amend 8 And 14.

4. VACATE the multiple Bill Adjudication and Sentence in light of all Convictions are for Non-violent felonies Per State + Esteem, Supra.

Respectfully Submitted this 6th day of February, 2025 under the Penalty of Perjury And good-faith.

/10315

Richard B. Lay
Doc # 110315

113.

EHCC—Fox 2-B
P. O. Box 174
St. Gabriel,
LA. 70776

CC

1. Matthew Caplan
Asst. District Attorney

2. Luiz Murrill
LA. Attorney General

3. file

14.

Richard B. Lay-Prose    No: 25-KH-00205
Versus                       LA. Supreme Court
(St. Circuit Court)          State of Louisiana
Of Appeal
No: 2024-KW-1090

Pages

1.  Judgment And Writ Application
    No; 2024-KW-1090 . . . . . . . 1-16

2.  Judgment And Writ Application No.
    ~~~~~~~~~~~~~~ 2024-KW-0758 - 17-32

    Feb. 26, 2025

                        Richard B. Lay
                        Doc 110315
                        EHCC-2024-977
                        P. O Box 174
                        St. Gabriel, LA
                                70776

CC

1. J. Collins Sims
   District Attorney
2. Luiz Murrill
   LA Attorney General

   file

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                           NO. 2024 KW 1090

VERSUS

RICHARD B. LAY                              **JANUARY 13, 2025**

---

In Re:    Richard B. Lay, applying for supervisory writs, 22nd
          Judicial District Court, Parish of Washington, No. 11-
          CR5-112033.

---

BEFORE:    THERIOT, HESTER, AND EDWARDS, JJ.

      WRIT DENIED.

                                    MRT
                                    CHH
                                    BDE

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
    FOR THE COURT





Office Of The Clerk

## Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Rodd Naquin
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

### Notice of Judgment and Disposition

January 13, 2025

Docket Number:  2024 - KW - 1090

State Of Louisiana
        versus
Richard B. Lay

TO:  Richard B. Lay
      Elayn Hunt Correctional Cent
      P.O. Box 174
      St. Gabriel, LA 70776

      J. Collin Sims
      22nd JDC District Attorney
      701 N. Columbia Street
      Covington, LA 70433

      Hon. Jerome M. Winsberg
      5031 St. Charles Ave.
      New Orleans, LA 70115

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

State Of Louisiana    No: 2024-KW-1090

Versus                 1st Circuit Court

Richard B. Lay         Of Appeal

                       State Of Louisiana


A Criminal Proceeding


Application For Writ Of Habeas Corpus, Certiorari, Supervisory And or Review To The 22nd Judicial District Court — Parish of Washington — Docket No: 11-CR5-112033

The Honorable Jerome Winsberg-Judge Ad Hoc


Original Writ

Richard B. Lay # 110315
EHCC— Fox 2B
P. O. Box 174
St. Gabriel, LA. 70776

Interested Parties

1. J. Collins Sim
District Attorney
Parish of St. Tammany
and Washington Parish
701 N. Columbia St.
Covington, La. 70433

2. Matthew Caplan
Asst. District Attorney
Parish of St. Tammany
and Washington
701 N. Columbia St.
Covington, La. 70433

3. Jerome Winsberg — Judge Ad Hoc
St. Tammany and Washington Parish
Involving Richard B. Lay
5031 St. Charles Avenue
New Orleans, La. 70115

4. Richard B. Lay # 110315
EHCC - Fox 2B
P. O. Box 174
St. Gabriel, La. 70776

Issues And Questions Presented:

A. Whether Petitioner Lay is entitled to reduction of 2-years off the 22-years imposed by the Court who made the final Sentencing Facts on May 13, 2019 without any opposition by Asst. District Attorney Matthew Caplan:

(a). The Court is of the opinion that the motion To Correct An Illegal Sentence Should be granted:

(b). The Prime reason for imposition of the 22-year Sentence without Parole was because the Court was of the Opinion at that time that battery on a Correctional Officer was in fact a Crime Of Violence but obviously is Not;[2]

(c). I was the trial judge from beginning to end. And what mr. Meissner is Saying, the wound that was inflicted upon the Correctional Officer And found to be such by the jury was at best Superficial[33]:

(d). The last thing, I thought the sentences were running Concurrently. If they are not it was the Court's intention to[4]

Footnotes
1. Tr.p.34, Line 29-32.
2. Tr.p.35, line 4-20.
3. [redacted] Tr.p.35, line 23 to p.36.
84. Tr. p. 23, Line 30 to p. 24 line 4.

2.

The Court's action in regard to setting aside this sentence also takes into consideration that what Mr. Meissner said is correct. That the trend in this state is to have individuals such as Mr. Lay who have done substantial portion of their sentence to be entitle to some type of relief. whether it be constitutionally permitted that this possibly being an illegal sentence as it's cruel and unusual and excessive under our law should apply in this instance. Mr. Lay has been in jail for some fifteen years [5]
By the defendant:
    Sixteen years, no benefits. [6]

2. The Court failed to rule that the states' use at trial state # Lay #383759-F to establish that I was under the jurisdiction of the Department of Correction when the battery was committed for enhancement purposes under LSA-14:345.8(a) [7]

Footnotes
5. Tr. p. 36, Line 6-20.
6. Tr. p. 36, Line 21-22.
7. Tr. p. 26, line 31 to p. 27, Line 9.

2.

then used State + law #383759-F for multiple Bill Adjudication and Sentence under LSA-R.S. 15:529.1 clearly violates State + Baker, 970 So. 2d 978 [La.2008] thus my Sentence is illegal and the multiple Bill Adjudication and Sentence must be VACATED in its entirety.[7]

3. The trial Court failed to instruct the jury that in order to find me guilty of battery upon a correctional officer, the State would have to prove the felony conviction I was under the jurisdiction of the Department of Correction on December 21, 2010.[8]

Foot Note(s)
8. LSA-R.S. 14:34.5. B(2).

4.

# TABLE OF CONTENTS          Page (5)

1. Interested Parties . . . . . . . . 1.
2. Issues And Questions Presented . . 2-4.
3. Table Of Contents . . . . . . . 5.
4. Jurisdiction . . . . . . . . 7.
5. Statement Of Facts . . . . . . 7.
6. Table Of Authorities . . . . . 6.
7. Law And Argument 1 . . . . . 8, 9.
8. Law And Argument 2 . . . . 9, 10.
9. Law And Argument 3 . . . 10, 11.
10. Law And Argument 4 . . . 11, 12.
11. Conclusion . . . . . . . . 13.
12. Proof Of Service . . . . . 14.

TABLE Of Authorities: Page


1. State v. Baker, 970 So. 2d 978. [La. 2008] . . . . . . . . 4, 9, 10.
2. State v. Dorthey, 623 So. 2d 1276 [LA. 1993] . . . . . . . . 7, 8.
3. State v. Ruiz, 955 So. 2d 81 [La. 2007] . . 9
4. State v. Dick, 951 So. 2d 124 [La. 2007] 9, 11.
5. Apprendix v. New Jersey, 530 U.S. 466 . 11,
6. State v. Skipper, 906 So. 2d 339 [La. 2005] . . 1
7. Spencer v. Texas, 385 U.S. 554 [1967] . . 11,
8. State v. Prieur, 277 So. 2d 126 [La. 1973] . 11
9. U.S. v. Benz, 282 U.S. 304 [1931] . . . . 11
10. State v. Esteen, 239 So. 3d 233 [La. 2018] . . . 12.

United States Constitution:

11. Amendment 8 . . . . 8, 9.
12. Amendment 14 . . . . . . 9, 10.

Louisiana Revised Statutes:

12. 14:34.5.B(2) . . . . . . . . 10, 11.
13. 15:529.1 . . . . . . . . 8, 10.
14. 14:95.1 . . . . . . . . 11.
15. 15:529.1.A(4)(b) [2001] . . . 11.

Louisiana Code OF Criminal Procedure:

16. Article 881.5 . . . . . . 11, . . .
17. Article 930.10 . . . . . . 12.

Louisiana Constitution 1974:

18. Article 5, Section 2 . . . . . . . 7.
19. Article 5, Section 16 . . . . . . 7.
20. Statements OF Facts . . . . . . . . 7.


6.

## Jurisdiction

Jurisdiction of this Court is invoked Pursuant to Article 5, Section 2 And 10 of louisiana Constitution 1974. La. C. Cr. P. art. 881.5.

## Statement of Facts

On May 13, 2019 the Court heard my motion To Correct Illegal Sentence with Counsel And Pro-se resulting in the acceptance of Facts by defense Counsel Meissner that (1) Sentence, was illegal, excessive, And Nothing but Cruel And Unusual Sentence. Yet did Not impose a lesser Sentence per State + Dorthey, since the trial Court had NO authority to deprive defendant Law PArole eligibility for the entire 22-year Sentence Under LSA-R.S. 14:34.5.B(2). The Sentencing errors was overlooked in the Patent Error review by the Court per Anders Brief wrongfully filed by Appellate Counsel to which I filed Written Opposition To The Anders Brief with Request for Appointment of Counsel to perfect the Claims Supported by Facts And laws. The trial Court once again had on Application For Writ of Habeas Corpus And or Motion To Correct Illegal before it yet Arbitrarily denied on July 1, 2024 without a hearing. Recd 8/2/24.

7.(a)

<u>Law And Argument 1.</u>

IP  The trial court determined my
Sentence under LSA-R.S. 15:529.1. III.
would be CONSTITUTIONALLY excessive
Pursuant to the criteria set forth
in State # Dorthey, 623 So.2d 1276
[La. 1993], then the court shall state
for the record the reasons for such
finding and shall impose the most
Severe Sentence that is not CON-
stitutionally excessive. USCA Amend.8, 14.

    The trial court on May 13, 2019
after agreeing with defense counsel
Meissner that:
1. The injury to the victim amounts to
No more than a scratch in which
No medical treatment was required.
2. The Sentence was mistakenly imp-
osed that he [trial court] thought the
battery was a crime of violence.
3. The sentence impose was excessive
and subjects defendant to cruel
and unusual punishment...for the
entire 22-years despite being con-
current with State # law #383759-F.

    What the trial court clearly over-
looked was parole could only be
denied for no less than one nor
more that five years. I served
over 16-years at time of resen-
tencing on May 13, 2019. Thus

removal of the denial of parole for the entire Sentence was illegal when imposed. See Exhibit ⬛ 1, 2,3, and 4 conjunctively/Together.

Law And Argument 2:

It is well settled that the function of Statutory interpretation and construction to be given to legislative acts rests with the judicial branch. State + Dick, 06-2223, pp. 8-9 [La. 11/26/07], 951 So.2d 124, 130. Furthermore the rules of Statutory ⬛⬛⬛ Constructions are designed to ascertain and enforce the intent of the legislature. Id. Finally, legislation is the Solemn expression of legislative will, and, thus, the interpretation of legislation ⬛⬛⬛ is the Search for legislative intent. Id.

In Baker, 970 So.2d 948 [La. 2005] held: A Sentence imposed under La. R.S. 14:95.1 may be enhanced under the the habitual offender law, as long as the prior felony conviction used as an element in the firearms conviction is not also used as a prior felony conviction in the habitual offender bill of information. See Also State + Ruiz, 955 So. 2d 81, 89 [La. 2007]. USCA Amend. 8, 14.



On May 24, 2011 Asst. District Attorney Walls orally Amended the original Bill of Information for Sentencing purposes under La. R.S. 14:34.5.B(2) to which I was arraigned thereunder. Tr.p. 15, Line 16 - p. 16, line 12 [5/13/2019]; and Exhibit 3, B.

The Jury found defendant Lay guilty under R.S. 14:34.5.B(2) in which a 2-year Sentence was imposed. by usage of State v. Lay 383759-F - 22nd Judicial District Court - Parish of St. Tammany in which a 22-year Sentence was imposed under LSA-R.S. 15:529.1 on March 30, 2007 to which I'm still under the jurisdiction and Custody of the Department of Corrections they used to enhance my Sentence under LSA-R.S. 15:529.1 Contrary to Baker And Rice.

The multiple Bill Adjudication and Sentence must be vacated And Set Aside which I will be entitled to immediate release Since I have Served over 21-years with educational good-time Credits. See Exhibit 3, 4.

Law And Argument 3:

The State of louisiana did not

introduce the predicate conviction State # lav # 383259-F used for sentencing enhancement Under LSA-R.S. 14:34.5.8(2) for the jury to determine this fact for Due Process Purposes Under Apprendix # New Jersey, 530 U.S. 466; State # Skipper, 906 So.2d 339[La. 2005] adopting Spencer # Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed. 2d 606 [1967] And State # Prieur, 277 So. 2d 126[La. 1973]. See Exhibits 3, and 4.

Law And Argument 4:

Pursuant to LSA-C.Cr.P. art. 881.5 the Court in Which the sentence Was imposed may at Any time Correct a Sentence that exceeds the Maximum penalty authorized by law The judiciary therefore has authority to Amend its judgment after they become final as a result of the legislature's reassessment of the Cleansing Period for Non-Violent Offenses. United States # Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed.2d 354 [1931].

LSA-R.S. 15:529.1.A(4)(b). If the fourth felony and No prior felony is defined as a Crime of Violence

under R.S. 14:2(B) or as a sex
offense under R.S. 15:541, the
person shall be imprisoned for not
less than twenty years and not
more than twice the longest poss-
ibly sentence prescribed for a
first conviction. If twice the
possible sentence prescribed for
a first conviction is less than
twenty years, the person shall be
imprisoned for twenty years. This
applies to persons sentence after
November 17, 2012.

State v. Lay ▓▓▓▓ # 215530-C -- 22nd
JDC/ St. Tammany was more than
9-years of current sentence of
383759-F and 11-CRS-119033 And
none of the predicate felonies are
crimes of violence. See State v.
Esteem, 239 So.3d 233, 238 [La.2018]
and Notice of Exparte Communication
from Asst. District Attorney Caplan
responding to Judge Ad Hoc Jerome
forwarding of my plea agreement
to which the Judge Ad Hoc wish
to grant sentencing relief but the
State awaits La. Supreme Court's
determination of LSA-C.Cr.P. art.
930.10 which has nothing to do
with a sentence period. I have
wrote the both of them the Wayne
Lee ruling by the Supreme Court to
no avail. See Exhibit 5

12.

## Relief

Grant the following relief:

1. VACATION of CONVICTION due to State failed to NAME and prove the Conviction I was Under the Jurisdiction And Custody of the Department of Correction per Appendix A New Jersey Supra, and Due Process.

2. VACATION of SentENCE Under the Principle Of State + Kurn cited in State + Baker Supra.

3. VACATION of Multiple Bill Adjudication and Sentence as excessive And imposes Cruel and UNusal sentence in violation of State + Dorthey Supra and USCA Amend. 8 And 14.

4. VACATion Of multiple Bill Sentence per State + Esteem, Supra in light Of the fact all Convictions are for Non-Violent Offenses.

Respectfully Submitted this 8th day Of August, 2024 Under the Penalty of perjury And good-faith.

Richard B. Lay
DOC 110815
EHCC - Fox 2B
P. O. Box 174
St Gabriel LA

13.

## Affidavit Of Service

I State a Copy Of this Writ Application was gave to the prison Officials to be mailed to all interested Parties this 9th day of August, 2024 Property addressed As indigent.

Richard B. Lay
Doc # 110315
EHCC Fox 2B
P.O. Box 174
St. Gabriel, La.
70776

14.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA                          NO. 2024 KW 0758

VERSUS

RICHARD B. LAY                              **OCTOBER 18, 2024**

---

In Re:    Richard B. Lay, applying for supervisory writs, 22nd
          Judicial District Court, Parish of Washington, No. 11-
          CR5-112033.

---

BEFORE:   GUIDRY, C.J., WELCH AND STROMBERG, JJ.

       WRIT DENIED.

                              JEW
                              TPS

     **Guidry, C.J.**, concurs and would deny on the showing made.
Relator failed to include a copy of the writ of habeas corpus, the
district court's ruling on the motion, and any other portions of
the district court record that might support the claims raised in
the writ application.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
     FOR THE COURT





Office Of The Clerk
### Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

Rodd Naquin
Clerk of Court

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

**Notice of Judgment and Disposition**

October 18, 2024

Docket Number:  2024 - KW - 0758

State Of Louisiana
    versus
Richard B. Lay

TO:    Richard B. Lay                  J. Collin Sims
       Elayn Hunt Correctional Cent    22nd JDC District Attorney
       P.O. Box 174                    701 N. Columbia Street
       St. Gabriel, LA 70776           Covington, LA 70433

       Hon. Jerome M. Winsberg
       5031 St. Charles Ave.
       New Orleans, LA 70115

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

State Of louisiana   No: 2024-KW-0158
Versus                    1st Circuit Court
Richard b. Lay           Of Appeal
                         State Of louisiana

A Criminal Proceeding

Application For Writ Of Habeus Cor-
pus, Certiorari, Supervisory And or
Review To The 22nd Judicial District
Court — Parish of Washington
Docket No: 11-CRS-112033

The Honorable Jerome Winsberg-Judge Ad
Hoc

Original Writ

Richard B. Lay # 110315
EHCC- Fox 2B
P. O. Box 174
St. Gabriel, LA. 70776

## Interested Parties

1. J. Collins Sim
   District Attorney
   Parish of St. Tammany
   and Washington Parish
   701 N. Columbia St.
   Covington, La. 70433

2. Matthew Caplan
   Asst. District Attorney
   Parish of St. Tammany
   and Washington
   701 N. Columbia St.
   Covington, La. 70433

3. Jerome Winsberg - Judge Ad Hoc
   St. Tammany And Washington Parish
   Involving Richard B. Lay
   5031 St. Charles Avenue
   New Orleans, La. 70115

4. Richard B. Lay # 110315
   EHCC - Fox 2B
   P. O. Box 174
   St. Gabriel, La. 70776

## Issues And Questions Presented:

1. Whether Petitioner Lay is entitled to reduction of 2-years off the 22-years imposed by the Court wh made the final Sentencing Facts on May 13, 2019 without any opposition by Asste District Attorney Matthew Caplan:

(a). The Court is of the opinion that the motion To Correct An Illegal Sentence Should be granted.

(b). The Prime reason for imposition of the 22-year Sentence without parole was because the Court was of the opinion at that time that battery on a correctional officer was in fact a crime of violence but obviously is NOT.

(c). I was the trial judge from beginning to end. And what mr Meissner is saying, the wound that was inflicted upon the Correctional Officer and found to be such by the jury was at best Superficial.

(d). The last thing, I thought the sentence were running concurrently. If they are not it was the Court's intention to.

Footnotes
1. Tr.p. 34, Line 29-32.
2. Tr.p. 35, line 4-20.
3. Tr.p. 35, line 23 to p. 36.
4. Tr. p. 23, Line 30 to p. 24 line 4.

2.

The Court's action in regard to setting aside this sentence also takes into consideration that what Mr. Meissner said is correct. That the trend in this state is to have individuals such as Mr. Lay who have done substantial portion of their sentence to be entitle to some type of relief. Whether it be constitutionally permitted that this possibly being an illegal sentence as it's cruel and unusual and excessive under our law should apply in this instance. Mr. Lay has been in jail for some fifteen years --- [5]

By The Defendant:
Sixteen Years, no benefits. [6]

2. The Court failed to rule that the States' use at trial State # Lay #383759-F to establish that I was under the jurisdiction of the Department of Correction when the battery was committed for enhancement purposes under LSA-14:345.8(2) [7]

Footnotes
5. Tr. P. 36, Line 6-20.
6. Tr. P. 36, Line 21-22.
7. Tr. P. 26, line 31 to P. 27, Line 9.

then used State + lay #383759-F for
Multiple Bill Adjudication and Sent-
ence under LSA-R.S. 15:529.1 Clearly
Violates State + Baker, 970 So. 2d 978
[La. 2008] thus my Sentence is illegal
and the Multiple Bill Adjudication and
Sentence must be Vacated in its entir-
ety.[7]

3. The trial Court failed to instruct
the jury That in order to find me
guilty of battery upon a Correct
ional Officer, the State would have
to prove the felony Conviction I
was under the jurisdiction of
the Department Of Correction on
December 21, 2010.[8]

Footnote(s)
8. LSA-R.S. 14:34.5. B(2).

44.

# TABLE OF CONTENTS          Page(s)

1. Interested Parties . . . . . . . 1.
2. Issues And Questions Presented . . 2-4
3. Table of Contents . . . . . . 5.
4. Jurisdiction . . . . . . . 7.
5. Statement of Facts . . . . . . 7.
6. Table of Authorities . . . . . 6.
7. Law And Argument 1 . . . . . 8, 9.
8. Law And Argument 2 . . . 9, 10.
9. Law And Argument 3 . . . 10, 11.
10. Law And Argument 4 . . . 11, 12.
11. Conclusion . . . . . . 13.
12. Proof of Service . . . . . 14.



## TABLE OF Authorities:                    Page

1. State v. Baker, 970 So.2d 978. [La. 2008] . . . . . . 4,9,10.

2. State v. Dorthey, 623 So.2d 1276 [La. 1993] . . . . . . 7,8

3. State v. Ruiz, 955 So.2d 81 [La. 2007] . . 9.

4. State v. Dick, 951 So.2d 124 [La. 2007] 11.

5. Apprendix v. New Jersey, 530 U.S. 466. 11.

6. State v. Skipper, 906 So.2d 339 [La. 2005] . 11

7. Spencer v. Texas, 385 U.S. 554 [1967] . . 11.

8. State v. Trieur, 277 So.2d 126 [La. 1973] 11

9. U.S. v. Benz, 282 U.S. 304 [1931] . . 11

10. State v. Esteen, 239 So.3d 233 [La. 2018] . . . 12.

## United States Constitution:

11. Amendment 8. . . . . . 8,9.

12. Amendment 14 . . . . . 9,10.

## Louisiana Revised Statutes:

12. 14:34.5.B(2) . . . . . 10,11.

13. 15:529.1 . . . . . 8,10.

14. 14:95.1 11.

15. 15:529.1.A(4)(b) [2017] . . 11.

## Louisiana Code Of Criminal Procedure:

16. Article 881.5 . . . . . 11.

17. Article 930.10 . . . . . 12.

## Louisiana Constitution 1974:

18. Article 5, Section 4 . . . . . 7.

19. Article 5, Section 16 . . . . . 7.

20. Statements of Facts . . . . . 7.

## Jurisdiction

Jurisdiction of this Court is invoked pursuant to Article 5, Section 2 and 10 of Louisiana Constitution 1974. La. C. Cr. P. art. 881.5.

## Statement Of Facts

On May 13, 2019 the Court heard my Motion To Correct Illegal Sentence with Counsel and Pro-se resulting in the acceptance of facts by defense Counsel Meissner that (1) Sentence, was illegal, excessive, And Nothing but Cruel And Unusual Sentence. Yet did Not impose a lesser Sentence per State + Dorthey, since the trial Court had No authority to deprive defendant Law Parole eligibility for the entire 22-year Sentence Under LSA-R.S. 14.34.5.B(2). The Sentencing errors was overlooked in the Patent Error review by the Court per Anders Brief wrongfully filed by Appellate Counsel to which I filed Written Opposition to The Anders Brief with Request for Appointment Of Counsel to perfect the Claims Supported by facts And laws. The trial Court once again had on Application for Writ of Habeas Corpus and or Motion To Correct Illegal before it yet Arbitrarily denied on July 1, 2024 without a hearing.

Rec'd 8/2/24.                        7.

<u>Law And Argument 1.</u>

I. The trial Court determined my Sentence under LSA-R.S. 15:529.1. III. Would be Constitutionally excessive Pursuant to the Criteria Set forth in State # Dorthey 623 So.2d 1276 [La. 1993], then the Court shall State for the record the Reasons for such finding and shall impose the most Severe Sentence that is not Constitutionally excessive. USCA Amend. 8, 14.

The trial Court on May 13, 2019 after agreeing with defense Counsel Meissner that:

1. The injury to the victim amounts to No more than a Scratch in which No medical treatment was required.

2. The Sentence was mistakenly imposed that he [trial Court] thought the battery was a Crime of violence.

3. The Sentence impose was excessive and subjects defendant to Cruel and Unusual Punishment. for the entire 22-years despite being Concurrent with State # law #383759-F.

What the trial Court Clearly over looked was Parole could only be denied for No less than One Nor more that five Years. I served over 16-years at time of resentencing on May 13, 2019. Thus

removal of the denial of Parole
for the entire Sentence was ill-
egal when imposed. See Exhibit 1,
2, 3, And 4 Conjunctively Together.

Law And Argument 2:

It is well Settled that the funct-
ion of statutory interpretation
and Construction to be given to leg-
islative acts rests with the judic-
ial branch. State + Dick, 06-2223, pp.
8-9 [La.11/26/07], 951 So.2d 124, 130.
Furthermore the rules of statutory
Constructions are
designed to ascertain and enforce
the intent of the legislature. Id.
Finally, legislation is the Solemn
expression of legislative will, and
thus, the interpretation of legist-
ation is the search for
legislative intent. Id.

In Baker, 970 So.2d 948 [La. 2008]
held: A Sentence imposed under La.
R.S. 14:95.1 may be enhanced under the
the habitual offender law, as long
as the Prior felony conviction used
as an element in the firearms
conviction is not also used as a
prior felony conviction in the hab-
itual offender bill of informat-
ion. See Also State + Ruiz, 955 So.
2d 81, 89 [La. 2007], USCA Amend. 8, 14.
9.

ON May 24,  2011 Asst. District Attorney Walls orally Amended the original Bill of Information for Sentencing Purposes under La. R.S. 14:34.5.B(2) to which I was arraigned thereunder. Tr.p. 15, Line 16-p. 16, line 12.[5/13/2019]; and Exhibit 3.

The Jury found defendant Lay guilty under R.S. 14:34.5.B(2) in which a 2-year Sentence was imposed. by usage of State + Lay 383259-F-12nd Judicial District Court-Parish of St. Tammany in which a 22-year Sentence was imposed under LSA-R.S. 15:529.1 on March 30, 2007 to which I'm still under the jurisdiction And Custody of the Department of Corrections then used to enhance my Sentence under LSA-R.S.15: 529.1 Contrary to Baker And Rice.

The multiple Bill Adjudication And Sentence must be Vacated And Set Aside which I will be entitled to immediate release Since I have Served over 21-years with educational good-time Credits. See Exhibit 3, 4.

Law And Argument 3:

The State of Louisiana did not

10.

introduce the predicate convict-
ion State + law #383259-F Used
for Sentencing enhancement Under
LSA-R.S. 14:34.5. B(2) for the jury
to determine this fact for Due
Process Purposes Under Apprendi
+ New Jersey, 530 U.S. 466; State
+ Skipper, 906 So.2d 339[La. 2005]
adopting Spencer + Texas, 385 U.S.
554, 87 S.ct. 648, 17 L.Ed. 2d 606
[1967] And State + Prieur, 277 So.
2d 126[La. 1973]. See Exhibits
3, and 4.

Law And Argument 4:

Pursuant to LSA-C.Cr.P. art. 882
the Court in which the Sentence
was imposed may at Any time
Correct a Sentence that exceeds the
Maximum penalty authorized by law.
The judiciary therefore has author-
ity to Amend its judgment after
they become final as a result of
the legislature's reassessment of
the Cleansing Period for Non-Violent
Offenses. United States + Benz, 282
U.S. 304, 51 S.ct. 113, 75 L.Ed. 2d
354 [1931].

LSA-R.S. 15:529.1. A(4)(b). If the
fourth felony and No prior felony
is defined as a Crime of Violence

Under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years and not more than twice the longest possibly sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years. This applies to persons sentence after November 17, 2012.

State + Law ~~XXXX~~ #215530-C — 22nd JDCl st. Tammany was more than 9-years of current sentence of 388759-F and 11-CRS-112033 And none of the predicate felonies are crimes of violence. See State + Es-teem, 239 So.3d 233, 238 (La. 2018 and Notice of Exparte Communication from Asst. District Attorney Caplin responding to Judge Ad Hoc, Jerome forwarding of my plea agreement to which the Judge Ad Hoc wish to grant sentencing relief but the State awaits La. Supreme Court's determination of LSA-C.Cr.P. Art. 930.10 which has nothing to do with a sentence period. I have wrote the both of them the Wayne Lee ruling by the Supreme Court to no avail. See Exhibit #5

~~#12.~~

## Relief

Grant the following relief:

1. Vacation of Conviction due to State failed to name and prove the Conviction I was under the Jurisdiction and Custody of the Department of Correction per Appendix * New Jersey, Supra; and Due Process.

2. Vacation of Sentence under the Principle of State + Kirk, Cited in State + Baker, Supra.

3. Vacation of Multiple Bill Adjudication and Sentence as excessive and imposes Cruel and Unusal Sentence in violation of State + Dorther, Supra and USCA Amend 8 and 14

4. Vacation of multiple Bill Sentence per State + Esteem Supra in light of the fact all Convictions are for Non-Violent Offenses.

Respectfully Submitted this 8th day of August, 2024 under the penalty of perjury and good-faith.

Richard B. Lay
Doc 110915
EHCC - Fox 2B
P. O. Box 194
St Gabriel LA

13.

State of Louisiana        No: 2024-KW-0758
Versus                    1st Circuit Court
Richard B. Lay            Of Appeal
                          State of Louisiana

① Date filed:

                              Deputy Clerk

Documents In Support Writ Of Habeas
Corpus; Certiorari; Supervisory; And OR
Review

            Exhibits                    Page(s)

1. Application For A Writ Of Habeas Cor-
pus; And or motion To Correct Illegal
Adjudication And Sentence And the
Judgement ..........................1-5

2. Transcript of Hearing on motion
To Correct Illegal Sentence ...1-41

3. Original And Oral Bill of Information
To which I was arraigned under on
March 24, 2011 with Court minute...1-4

4. multiple Bill of Information in
Which State + Lay # 383759-E - 22nd
Judicial District Court Parish of St.
Tammany that I was ▓▓▓ under the
Jurisdiction And Custody of the Dep-
artment of Corrections on Dec. 2,
2010 when the Battery was commit-
                                    1-▓▓

                    1.

and Exhibit 3, pg 1-4.

5. Notice of Ex Parte Communication
With The Court and ☒ Defend-
ant Lay's Response Without any
Response by the Trial Court or
District Attorney ............... 1-☐4

August 9, 2024

Richard B. Lay
Doc # 110315
EHCC- Fox 2B
P. O. Box 174
St. Gabriel, La.
70776

cc
Judge Ad Hoc- Jerome Winsberg

Asst. District Attorney - Matthew Caplan

District Attorney - J. Collins Sim

file

2.

# Affidavit Of Service

I state a Copy Of this Writ Application was gave to the Prison Officials to be mailed to all interested Parties this 9th day of August, 2024 Properly addressed As indigent.

Richard B. Lay
Doc # 110315
EHCC Fox 2B
PO Box 174
St. Gabriel, LA. 70776

14.

30.

Richard B. LAY             No: 2025-KH-00205
Versus                     LA. Supreme Court
1st Circuit Court    State of louisiana
of Appeal
No: 2024-KW-1090
No: 2024-KW-0758

Date filed: _____

                              Deputy Clerk

Request For Judicial Notice
   Now into the Court comes
Richard B. lay who moves this
Court to take Judicial Notice
of Adjudicated Facts which are
rightfully in the possession of
this Court.

1. The resentencing under State * Lay
11-CRS-112033 occurred on may 13,
2019 And Not may 19, 2019.

2. That 11-CRS-112033 was ordered
to run concurrent from date of
incarceration in #383759-F which
is April 16, 2004 to present date
with Credit for All time served.[2]

3. Raymond laborde Correctional Center
Record officer melissa morgan

Footnote(s)                        Page(s)
1. See, Evidentiary Hearing Transcript
of 11-CRS-112033 [ may 13, 2019]

Computed my total Sentence
as 22-years with a release
date of Dec. 1, 2024.[3]

4. ON December 1, 2024 I showed
my release Papers to Major
EScheW who Called The Records
Officer who brought a Amend-
ed MAster Records [8/13/23] Since
I arrived her on Dec. 12, 2022 from
Allen Correctional Center which
Shows FTD: 12/19/32 With 390-
days CTR Credits.[4] I informed
this African American female
Records Officer thAt Counting
my 22-year Concurrent Sentence
With 383759-F from date of
INCarceration [4/16/2004] to 12/19/
2032 Comes to 28-years; 8-mon-
ths; And 3-days. I'm doing a
22-year MAximum Sentence from
4-16-2004. She told me there
WAS NOthing thAt She Could do.
I asked for her NAme and She
refused. I asked for her Sup-
ervisor and again She refused
to Provide it.[5] I filed Adminis-

Page(S)
2. See Pages _____ 1,2
3. See Pages _____ 3,4
4. See Pages _____ 5,6,7
5. See _____ StAte ex rell Jack L.
BlAir, 798 So. 2d 132[ (LA. App. 1st Cir.

2.

trative Remedy Procedure = EHCC 2024=977 which was wrongfully rejected for reasons that's Not on filed with the louisiana State Register = Louisiana Administrative Code — 22:I.325.F.1.(a).[6]

Respectfully submitted this 30th day of March, 2025 Under the penalty of perjury and good-faith.

Richard B. lay
Doc# 110315
EHCC- Fox 2 B
P.O. Box 174
St. Gabriel, La.
70776

Pages

1/31/ 2001 ] Citing State ex rel Pierre + maggio, 445 So.2d 425, 426 [ La. 1984 ]. My ▨▨▨ resentencing on May 13, 2019 is Not being followed mAndating my immediate release.

6. See page " ........ 8
[ Another Audit finds flaws with inmates releases ].

3.

## Certificate Of Service

I State a copy of this Pleading has been given to EHCC mailing officer for Indigent mailing this 30th day of March, 2025 to:

1. Antonio Clayton
18th JDC / District Attorney
P. O. Drawer 880
Plaquemine, LA. 70765

2. J. Collins ▬▬▬ Sims
22nd JDC / District Attorney
Parishes of St. Tammany
and Washington
701 N. Columbia St.
Covington, LA. ▬▬ 70433
State # lay #383759-F-22Nd/St. Tamm.
State # lay #11-CRS-112073-22Nd/WASh.

Richard B. Lay
Doc: 110315

4.

Page 2 of 8

MAY 13, 2019

THE TWENTY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE
PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG,
DISTRICT JUDGE PRESIDING, MATTHEW CAPLIN, DISTRICT ATTORNEY, LORRIE PRICE,
DEPUTY CLERK OF COURT, LILY BURCH, OFFICIAL COURT REPORTER AND JOHNNY
CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP
AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA                                          CASE #: 11-CRS-112033
VS                                CHARGE:
RICHARD LAY                       BATTERY OF A CORRECTIONAL FACILITY
                                  EMPLOYEE

MAY 13, 2019                              JEROME WINSBERG

THIS CAUSE CAME ON FOR MOTION TO CORRECT ILLEGAL SENTENCE. PRESENT,
MATTHEW CAPLIN, ASSISTANT DISTRICT ATTORNEY, BRIAN MEISNER, ATTORNEY FOR
THE DEFENDANT AND THE DEFENDANT, RICHARD LAY.

MR. MEISNER HAS BEEN APPOINTED TO ASSIST THE DEFENDANT IN THESE
PROCEEDINGS.

AT THIS TIME, MR. MEISNER ARGUES THIS MOTION BEFORE THE COURT.

ARGUMENT MADE BY MR. CAPLIN, FOLLOWED BY ARGUMENT MADE BY MR. LAY.

OUT OF AN ABUNDANCE OF CAUTION, MR. MEISNER OFFERS, FILES AND INTRODUCES
ALL MEMORANDUMS FILED BY MR. LAY.

THIS MATTER IS TAKEN UP BEFORE THE COURT, WHEREUPON, MOTION TO CORRECT
ILLEGAL SENTENCE IS GRANTED BASED ON THE CRIME OF "BATTERY OF A
CORRECTIONAL OFFICER" IS NOT LISTED AS A CRIME OF VIOLENCE, WHICH WAS THE
BASIS FOR THE SENTENCE BEING IMPOSED WITHOUT PAROLE.

AT THIS TIME, THE COURT VACATES THE PRIOR SENTENCE IN THIS MATTERS AND
RESENTENCES THE DEFENDANT TO TWENTY-TWO (22) YEARS HARD LABOR AS A 4TH
FELONY OFFENDER WITHOUT THE BENEFIT OF PROBATION OR SUSPENSION OF
SENTENCE IN THE CUSTODY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS.

THE COURT ORDERS THIS SENTENCE TO RUN CONCURRENT WITH ST. TAMMANY
PARISH SENTENCE IN DOCKET 383759IF AND ANY OTHER SENTENCE THAT THE
DEFENDANT IS NOW SERVING.

THE DEFENDANT IS GIVEN CREDIT FOR ANY TIME SERVED SUBSEQUENT TO ARREST.

---





Page 1 of 8

# State of Louisiana Uniform Sentencing Commitment Order

| | |
|---|---|
| Judicial District: 22nd | Court Section: B |
| Parish of Commitment: WASHINGTON | Docket Number: 11-CRS-112033 |

## A. DEFENDANT/CASE IDENTIFIERS

| | | | | |
|---|---|---|---|---|
| Name of Defendant: [1] RICHARD JAY | | | DOB [2] MM/DD/YYYY: | 1/7/1959 |
| SID Number: [3] | Race: [4] B | Sex: [5] M | | |

## B. ADJUDICATION/SENTENCE

Select: [1]    __ Original    X Amended    X Habitual

| Charges: [2] (Revised Statute & Offense) | Number of Counts [3] | Verdict/ Plea/NG [4] | Modifiers [5] | Total Sentence Length [6] YRS/MONTHS/DAYS | Amount of Time to be served w/o benefit, if applicable [7] YRS/MONTHS/DAYS | Amount of Time to be served w/o benefit, if applicable [8] |
|---|---|---|---|---|---|---|
| 15:529.1 4TH FELONY OFFENDER | 1 | VERDICT | | 22 YEARS | 22 YEARS | 22 YEARS |
| 2 | | | | | | |
| 3 | | | | | | |
| 4 | | | | | | |
| 5 | | | | | | |

## C. SENTENCE/OFFENSE DATES (MM/DD/YYYY)

| Offense Date [9] | Disposition Date [10] | Sentence Date [11] | Date sentenced as an Habitual Offender, as per R.S. 15:529.1 [12] | Date Original Sentence Vacated [13] | Revocation Date [14] |
|---|---|---|---|---|---|
| 12/21/2010 | 2/28/2013 | 2/28/2013 | 5/13/2013 | 5/13/2019 | |
| 2 | | | | | |
| 3 | | | | | |
| 4 | | | | | |
| 5 | | | | | |

## D. SENTENCE CONDITIONS:
(Mark all that apply.)

| | |
|---|---|
| X YES    NO   If not to D.I. | This sentence shall be concurrent with any or every sentence the offender is now serving. [1] |
| Concurrent with: [2] | Docket Number(s)/Charges    Parish(es)/Judicial District(s) of Docket Number(s) |
| Consecutive to: [3] | |
| Y  Under the provision of C.Cr.P. Art. 880, defendant is given credit for time served. [4] | |
| Under the provisions of C.Cr.P. Art. 890.1, this is a waiver of mandatory minimum sentence (excludes R.S. 14:2(B) & R.S. 15:541 et seq offenses) [5] | |
| Y  This defendant is subject to a multiple bill/habitual offender proceeding, as per R.S. 15:529.1 [6] | |
| The defendant is sentenced in accordance with R.S. 13:5401 to participate in Re-entry Court. [7] | |
| The defendant is ordered to report to start serving his sentence on: _____ (MM/DD/YYYY) [8] | |
| The defendant is ordered to report to start serving a probation sentence upon the conclusion of his hard labor sentence (split sentence) [9] | |
| Under the provisions of C.Cr.P. Art. 895 and R.S. 15:542, et seq. that defendant shall comply with the Sex Offender Registration statutes. [10] | |

## E. REFERRALS TO DPS&C:
(Mark all that apply)

| |
|---|
| Recommended for Substance Use Disorder Treatment Screening [1] |
| Recommended for Mental Health Evaluation [2] |
| Recommended for Intensive Incarceration [3] |
| Recommended for Immediate Screening for Eligibility for Transitional Work Program Assignment [4] |

Comments: [5] WITHOUT BENEFIT OF PROBATION OR SUSPENSION OF SENTENCE

A True Copy of Original
This 6/13/19

Dy. Clerk of Court



pages

You received 120 days of Ctrp Credits

before this credit your release date was 12/01/2024 with no Goodtime date.

You are serving a 22 yr. sentence. The 20 yr is running CS to the 2yr sentence.

Now you do have a Goodtime date after the Ctrp credits apply were applied which is 8/3/24.

Your time computation is correct.

Melissa Morris



```
DATE: 04/09/13            DBS&C CORRECTIONS SERVICES            TIME: 13:58
AMENDED: 02/31/12                MASTER RECORD                      PAGE 1
```

`*=*=*=*=*=*=*=*=*=*=*=*=*=*=*  D E S C R I P T I O N  *=*=*=*=*=*=*=*=*=*=*=*=*=*`

```
DOC #.,: 00110315         CURRENT LOC: WINN CORR CTR
NAME: LAV, RICHARD                           B/M        DOB........: 01/12/1959

SID NUMBER: 000944597     FBI NUMBER: 449416R10      SOC.SEC..,.: 582802165
DRIVER LIC: 0000005037915 - LA               STRIKE....,: YES
HGT......,: 6'01          WEIGHT....: 270              HAIR.......: BLACK
EYES......,: BROWN        COMPLEXION: DARK             SHOE SIZE.: 110
```

`*******************  R E L E A S E    I N F O R M A T I O N  *******************`

```
DN                                                   DNA: Y
OFFENDER CLASS: 06        GT ACT.: 0000              TEST DATE: 05/25/2007
WRED: 06/02/2024
PED: NOTELG              DS  ..,: NO/T /ELIG                  FTD: 12/01/2024
                        ADJ.TO,: NOTELG

BB ACTION.,:            MS ON TOTAL LOSS OF GT       TOTAL SENTENCE
                        TO DATE:                     022YRS/ 00MTH/ 00DAYS
TYPE ACTION:            RESTORED:        0
ACTION DATE:            CTRP Release Factor: 0    DAYS

COMMENTS: ADDED CS WSH DKT 11CR112033

DETAINER: N    DETAINER INFO:
```

`*=*=*=*=*=*=*=*=*=*=*=*=*  O F F E N S E    I N F O R M A T I O N  *=*=*=*=*=*=*=*=*=*=*=*=*`

| DOCKET NUMBER | PAR CON | HW CR | SENTENCE DATE | MOD1&2 | STATUTE | CNT | TERM YYYMMDD | HW CR | REV FLG | GT ACT | ADD JCR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11CR112033 | WSH | CS | 02/28/13 | / | BATTERY OF CORREC | 001 | 0020000 | NA | | 110 | 0800 |
| 383759 | STM | NA | 05/31/07 | | HAB/ATT POSS COCAINE | 001 | 0200000 | NA | | 000 | 0914 |









```
DATE: 12/06/24        DPS&C CORRECTIONS SERVICES       TIME: 10:24
AMENDED: 08/13/23              MASTER RECORD
```

---------------- D E S C R I P T I O N ------------------

```
DOC #..: 00110315       CURRENT LOC: ELAYN HUNT CORR CTR
NAME: LAY, RICHARD                  B/M   DOB.......: 01/12/1959

SID NUMBER: 000944597     FBI NUMBER: 448416R10     SOC.SEC....: 587802165
DRIVER LIC: 00000005037915 - LA                     STRIKE.....: YES
HGT.......: 6`02          WEIGHT....: 260            HAIR.......: BALD
EYES...'..: BROWN         COMPLEXION: DARK           SHOE SIZE.: 120
PRIMARY LANGUAGE:
******************** R E L E A S E   I N F O R M A T I O N ******************
DN                                            DNA: y
OFFENDER CLASS: 06       GT ACT.: 0000         TEST DATE: 05/25/2007
WRED: 12/25/2030
PED: 11/01/2017          DS ...: 12/19/2032         FTD: 12/19/2032
ECC DATE:  /  /          ADJUSTED: 12/25/2031

PB ACTION..:                                  TOTAL SENTENCE
                        MS ON TOTAL LOSS OF GT    022YRS/ 00MTH/ 00DAYS
TYPE ACTION: REG        TO DATE:
ACTION DATE:            RESTORED:      0
                        CTRP Release Factor: 390 DAYS
COMMENTS: COURT REMOVED PAROLE RESTRICTION


DETAINER: N    DETAINER INFO:

WARRANT.:              WARRANT DATE.:          WANTED FLASH.:
--------------------- O F F E N S E   I N F O R M A T I O N ------------------
                                              SEX OFFENDER..: N

            CVNR..: N
```

| DOCKET NUMBER | PAR CON | HW CR | SENTENCE DATE | MOD1&2 | STATUTE | CNT | TERM YYYMMDD | HW CR | REV FLG | GT ACT | APP JCR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11CR112033 | WSH | CC | 02/28/13 | HAB/ | BATTERY OF CORREC | 001 | 0220000 | NA | | 000 | 0800 |
| 383759 | STM | NA | 05/31/07 | HAB/ATT | POSS COCAINE | 001 | 0200000 | NA | | 000 | 0914 |






```
DOC #..: 00110315   NAME..: LAY, R                    PG  2

---------o----------------- A L I A S ------------------------------+-----
 RICHARD        LAY                  01/12/59

 MISCELLANEOUS SSN(S)
 --------------------
             NONE FOUND
 ******************* E M E R G E N C Y   C O N T A C T ********************

 EMERGENCY CONTACT: LANDRA PINCHON      RELATION.......: FRIEND
 EMERGENCY ADDRESS: 1141 HERMANDALE DR  EMER.CITY/ST: SLIDELL       LA
 EMERGENCY ZIPCODE: 70460               EMERGENCY PHONE: (985) 768-1060

 ------------------------ P E R S O N A L   D A T A ------------------------
 ADDRESS..:36113 SHADY LANE   SLIDELL, LA 70461
 BIRTH CITY: BILOXI          ,MISSISSIPPI        CITIZEN..: YES
 MARITAL ST: SINGLE          CHILDREN: 01        RELIGION..: BLACK MUSLIM
 EDUCATION.: GC YRS.         ELOC....: 2         GOVT ASST.:
 OCCUPATION: DISABLED
 MOTHER`S NAME: OLA MAE  MILLER        FATHER`S NAME: DECEASED LERCY LAY

 ------------------- S C A R S - M A R K S - T A T T O O S -----------------

 MARK/INFIRMITY.1: TAT RU ARM     LITERAL: FLOWER SEX
 MARK/INFIRMITY.2: TAT FHD        LITERAL: CROSS
 MARK/INFIRMITY.3: TAT RU ARM     LITERAL: PICTURE W FAT
 MARK/INFIRMITY.4: TAT CHEST      LITERAL: SANDRA
 MARK/INFIRMITY.5:                LITERAL:

 ------------------- T R A N S F E R   I N F O R M A T I O N ----------------

                                     FROM    TYPE
   ASSIGNED   LOCATION    PHYSICAL   LOCATION   DATE    SUPV
   ========================  ========================  ========  ====
 AMITE DISTRICT            AMITE DISTRICT            06/25/91  I INVESTIGATION
 OAS/SOUTH JAILS           ST. TAMMANY PJ            08/26/91  A NEW CONVICTION/COMMI
 HUNT RECEPTION AND DI     HUNT RECEPTION AND DI     09/04/91  A TRANSFER (INTRA DIVI
 LA STATE PEN              LA STATE PEN              09/30/91  A TRANSFER (INTRA DIVI
 AMITE DISTRICT            AMITE DISTRICT            07/22/92  G COMMIT/PROB/GTPS/PAR
 AMITE DISTRICT            ST. TAMMANY PJ            01/09/93  G JAIL
 AMITE DISTRICT            AMITE DISTRICT            02/02/93  G FR JAIL
 OAS/SOUTH JAILS           ST. TAMMANY PJ            11/03/95  A REVOC OF SUPV/NEW FE
 HUNT RECEPTION AND DI     HUNT RECEPTION AND DI     02/12/96  A TRANSFER (INTRA DIVI
 LA STATE PEN              LA STATE PEN              02/26/96  A TRANSFER (INTRA DIVI
 LA STATE PEN              ST. TAMMANY PJ            02/20/97  A COURT
 LA STATE PEN              LA STATE PEN              02/25/97  A FR COURT
 LA STATE PEN              ST. TAMMANY PJ            03/31/97  A COURT
 LA STATE PEN              LA STATE PEN              06/18/97  A FR COURT
              (transfers continued next page)
```





-------------------- T R A N S F E R    I N F O R M A T I O N --------------------

```
                                                  FROM      TYPE
   ASSIGNED   LOCATION       PHYSICAL   LOCATION   DATE      SUPV
 ============================ ===================== ========  ====
 LA STATE PEN               RELEASE               08/06/02  A EXPIRATION OF TERM
 OAS/SOUTH JAILS            ST. TAMMANY PJ        04/16/07  A NEW CONVICTION/COMMI
 COVINGTON DISTRICT         ST. TAMMANY PJ        05/25/07  G SUPERVISION TO DETAI
 COVINGTON DISTRICT         RELEASE               05/25/07  B EXPIRATION OF TERM
 OAS/SOUTH JAILS            ST. TAMMANY PJ        05/31/07  A NEW CONVICTION/COMMI
 HUNT RECEPTION AND DI      HUNT RECEPTION AND DI 07/16/07  A TRANSFER (INTRA DIVI
 RAYBURN CORR CENTER        RAYBURN CORR CENTER   08/27/07  A TRANSFER (INTRA DIVI
 RAYBURN CORR CENTER        ST. TAMMANY PJ        12/22/08  A COURT
 RAYBURN CORR CENTER        RAYBURN CORR CENTER   01/09/09  A FR COURT
 DAVID WADE CORR CTR        DAVID WADE CORR CTR   03/28/11  A ADMN
 HUNT RECEPTION AND DI      HUNT RECEPTION AND DI 04/18/11  A COURT
 DAVID WADE CORR CTR        DAVID WADE CORR CTR   08/08/11  A FR COURT
 RAYBURN CORR CENTER        RAYBURN CORR CENTER   09/26/11  A COURT
 DAVID WADE CORR CTR        DAVID WADE CORR CTR   10/03/11  A FR COURT
 RAYBURN CORR CENTER        RAYBURN CORR CENTER   11/21/11  A COURT
 RAYBURN CORR CENTER        WASHINGTON PJ         11/28/11  A SUPERVISION TO DETAI
 RAYBURN CORR CENTER        RAYBURN CORR CENTER   11/30/11  A FR COURT
 DAVID WADE CORR CTR        DAVID WADE CORR CTR   12/27/11  A ADMN
 WINN CORR CTR              WINN CORR CTR         02/06/12  A ADMN
 WINN CORR CTR              WASHINGTON PJ         09/24/13  A COURT
 WINN CORR CTR              WINN CORR CTR         09/25/13  A FR COURT
 RAYMOND LABORDE CORRE      RAYMOND LABORDE CORRE 07/12/16  A ADMN
 RAYMOND LABORDE CORRE      ST. TAMMANY PJ        05/02/19  A COURT
 RAYMOND LABORDE CORRE      RAYMOND LABORDE CORRE 06/04/19  A FR COURT
 RAYMOND LABORDE CORRE      RAPIDES REGIONAL MEDI 11/14/21  A HOSPITAL
 RAYMOND LABORDE CORRE      RAYMOND LABORDE CORRE 11/17/21  A FR HOSPITAL
 ALLEN CORR CTR             ALLEN CORR CTR        01/20/22  A HURR EVAC
 RAYMOND LABORDE CORRE      RAYMOND LABORDE CORRE 01/29/22  A RT EVAC
 ALLEN CORR CTR             ALLEN CORR CTR        12/05/22  A ADMN
 ELAYN HUNT CORR CTR        ELAYN HUNT CORR CTR   12/12/22  A ADMN - MEDICAL
 ELAYN HUNT CORR CTR        OUR LADY OF THE LAKE  08/11/23  A HOSPITAL
 ELAYN HUNT CORR CTR        ELAYN HUNT CORR CTR   08/13/23  A FR HOSPITAL
```

-----------------------------

 PRINTED BY                                    12/06/24



Date of Arrival



# Another audit finds flaws with inmate releases

## System keeps some prisoners jailed too long

BY MEGHAN FRIEDMANN
Staff writer

For years in Louisiana, a flawed state system has caused some inmates to stay behind bars beyond their release dates, a problem that has sparked lawsuits and even a federal investigation.

Now, a report from the Louisiana Legislative Auditor's Office has found that the state Department of Public Safety and Corrections does not have an adequate review process to ensure changes to release dates are accurately calculated.

It's the fourth time the auditor's office has made such a finding, according to Barrett Hunter, the agency's assistant director.

The corrections department disputed the findings, asserting in a response to the report that its review process is indeed adequate and noting the auditor did not find any errors in the release date calculations it reviewed.

During their incarceration, inmates' release dates change as they earn credits for good behavior, or lose them due to disciplinary action, in which case the state must determine a new release date. Officials said supervisors provide a "second level review" of such calculations.

---

## INMATE

Continued from page 1A

But the audit found there was not always evidence that such reviews were taking place. In 31 cases, which an auditor's release date changed, the auditor found that 20 calculations "did not have reviewer initials or other support to indicate the change entered in the system was reviewed by someone other than the preparer."

An inadequate review process increases the risk that inmates are held past their release dates,

Hunter said.

That is a problem that has plagued the corrections department for years. In 2023, the Department of Justice found the state regularly violated the constitution by detaining people for too long. For a period in 2022, one in four inmates was held past their release dates, federal investigators said, estimating that such errors cost the state $2.5 million a year as it paid to continue housing inmates.

State officials have known since at least 2012 that the release date calculations process was flawed. Because half of state inmates are housed in local jails, delays in

transferring paperwork between agencies have contributed to that problem.

In its response to the audit, the corrections department said it is deploying a statewide electronic document upload portal that will "streamline the document intake process" and allow the agency to track uploads in real time.

The agency also said it plans to launch a computer program later this year that can calculate release dates, reducing human error.

"In a statement, William Most, an attorney who has fought lawsuits on behalf of clients who say they were incarcerated too long, said

overdetention takes a toll.

"Doing time in prison is hard. But it is even harder to be imprisoned past your release date, when you know you should be free — and no one will tell you when you are going to get out," he said.

A spokesperson for the corrections department declined to comment beyond the agency's formal response to the audit.

Hunter said the department has made improvements to its system, such as fixing "initial release date calculation problems at inmate intake. The agency also has implemented regular reviews of release date calculations, he said.

The audit comes after Louisiana

passed a sweeping set of laws this year that will lengthen prison sentences, making it more difficult to earn good time credits and all but eliminating the possibility of parole.

A report from the Crime and Justice Institute at the Community Resources for Justice, a Boston-based nonprofit, found the prison population could double because of the new laws. Louisiana already has the highest incarceration rate in the nation.

Email Meghan Friedmann at meghan.friedmann@theadvocate.com.

The Advocate ■ theadvocate.com ■ Thursday, September 5, 2024 ■ 5A






Richard B. Lay-Prose     No: 2025-KH-00205
Versus                    La. Supreme Court
1st Circuit Court of State of Louisiana
Appeal
No: 2024-KW-1090
No: 2024-KW-0758

Date filed: _____

                              Deputy Clerk

Request Patent Error Review or Note
the illegal Conviction And sentence
Ex Propria motu

1. On march 24, 2011 I was arraign-
ed Upon "Oral Amendments" to charge
a felony [ LSA-14:345.B(2) from a misde-
meanor [ LSA-14:345.B(1).[2]

2(a). On 11-30-11 after the jury was sworn
Counsel Linder And defendant Lay
Prose moved to Quash the orally
Amendments of the original Bill
of Information on march 24, 2011
and A mistrial.[3]

(b) The trial Judge Ad Hoc Jerome Winsb-
ery denied the motion by stating
the record shows that I was arraign-
ed on felony Charge. He failed to
realize ▄▄▄▄ this Charge was brought
Pursuant to Unlawful "Oral Amend-
ments"

3. Neither appellate Counsel Prentiss
White or the 1st Circuit Court

1.

Appeal Conducted A Patent Error Review in light of the Opposition To The Anders Brief and to appoint appellate Counsel to perfect the errors in the "Opposition To The Anders Brief."

In State + Buttner, 411 So. 2d 35 [L.A. 3/01/1982] held:

... Article 384 of the Louisiana Code of Criminal Procedure provides:

"An information is a written accusation of Crime made by the District Attorney and Signed by him. It must be filed in open Court in a Court having Jurisdiction to try the offense or in the office of the Clerk thereof. [emphasis provided by the Court]

Appellate Counsel Prentiss White who filed the "Anders Brief" Nor the 1st Circuit Court Of Appeal Conducting Anders review of the records Noticed: (1) The arraignment under LSA-R.S. 14:34.5.B(2) on a "Oral Amendment to the "Original Bill Of Information Charging only a misdemeanor as Patent error under LSA-C.Cr.P. arts. 920(2) or (B) Noted "Ex Propria Motu."

2.

Unlike in Buttner supra there is a valid "Bill of Information" charging a misdemeanor under LSA-RS 14:34.5.B(1).

Wherefore Petitioner Lay moves this Court to VACATE and Set Aside the conviction per LSA-R.S. 14:34.5.B(2) and Sentence of 22-years per LSA-R.S. 14:34.5 B.(2) and remand for resentencing under LSA-R.S. 14:34.5.B(1) to no more than 6-months. It should be noted that Petitioner Lay is indigent and owe the State of Louisiana via over $33,000.00 dollars due to several incarceration periods.

Respectfully Submitted this 18th day of April, 2025 under the penalty of Perjury and good-faith.

                              Richard B. Lay #10315
Please Serve             EHCC- Fox 2 B
1. Judge Ad Hoc       P.O. Box 174
Jerome Winsberg St Gabriel, La
5031 St. Charles Ave          70776
New Orleans, La 70115

2. J. Collins Sims - District Attorney
22nd Judicial Court - St. Tammany/Washington
701 N. Columbia St.
Covington, La 70433

3.

Richard B. Lay                     NO:
versus                             LA. Supreme Court
1st Circuit Court                  State of louisiana
of Appeal
NO: _____

DAte filed: _____

                                   Deputy Clerk

Request leAve To file the
AttAched letter from the Jud-
iciAry Commission of louisiana
taken action against Judge Ad
Hoc Jerome Winsberg appointed
by this Court to try all Action
involving Lay as a defendant
or plaintiff within the jurisd=
iction of the 22Nd JDC/ Parish
of St. TAmmAny/WAshington inv=
olving his refusal to appoint a
Conflict Free Attorney by appoint-
ing Lay Counsel of Records, And
all other Counsel As standby in
direct Violation of my due process
rights of FArretta + CAlifornia, 422
U.S. 168 [1984] And mc KAskle +
Wiggins  465 U.S. 168 [1984] also
his refusal to apply the laws of
louisiana/united States Supreme Courts
Correctly to which he WAS served
Notice of the Action taken against
im in Advance of StArting post-
viction/Sentencing relief.

57.

Respectfully submitted this ___
day of February, 2025.

Richard B. Lay
Doc: 110315
EHCC-Fox 2 B #57
P. O. Box 174
St. Gabriel, La.
70776

cc

1. J. Collins Sims-District Attorney
For St. Tammany/Washington Parishes
2. Luiz Murrill-La. Attorney General
3. Matthew Caplan-Asst. District Attorney

4. File No. 11-8359 [4/10/2013]
Judiciary Commission of Louisiana

58.



Richard B. Lex
Doc 110345
EHCC - Fox 2B
P. O. Box 174
St. Gabriel, LA
70776

Clerk of Court
US DC-ED-La
500 Poydras St, Rm-E151
New Orleans, La.
70130

US POSTAGE
ZIP 70776
02 4W
0000387932 MAY 06 2025
$ 011.10°

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
MAY 12 2025
DEPUTY CLERK

RECEIVED
EASTERN DISTRICT OF LOUISIANA
MAY 12 2025
DEPUTY CLERK