UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD LAY | CIVIL ACTION |
| VERSUS | NO. 19-9803 |
| S. W. MCCAIN, ET AL. | SECTION "R" |

## ORDER AND REASONS

Before the Court are five motions filed by *pro se* petitioner Richard Lay, which Lay styles as: (1) a motion for extension of time,[1] (2) a motion to vacate and set aside all judgments adopting the Reports and Recommendations ("R&R") of the Magistrate Judges,[2] (3) a motion to photocopy and serve the amended motion to vacate,[3] (4) a motion for summary judgment,[4] and (5) a motion for reconsideration.[5] Lay has also sent a "letter to the court,"[6] and a letter entitled "Judicial Notices."[7] For the following reasons, the Court dismisses the motions and provides notice to plaintiff that should he

---

[1]   R. Doc. 85.
[2]   R. Doc. 86.
[3]   R. Doc. 88.
[4]   R. Doc. 89.
[5]   R. Doc. 90.
[6]   R. Doc. 87.
[7]   R. Doc. 91.

continue to file frivolous motions in this action, the Court will hold a hearing on the imposition and scope of a pre-filing injunction.

## I.  BACKGROUND

Petitioner Richard Lay is no stranger to this Court as he has filed numerous motions outlined in the history below. In 2019, Lay filed an application for the writ of habeas corpus under 28 U.S.C. § 2254.[8] Lay's habeas petition, as amended, challenged his 2011 state conviction by unanimous jury verdict for battery on a correctional facility employee and his related multiple offender adjudication.[9] The case was initially referred to Magistrate Judge Joseph C. Wilkinson, Jr., who issued a Report and Recommendation ("R&R") on February 28, 2020, recommending dismissal of the petition as procedurally barred and otherwise meritless.[10] Lay filed numerous objections to Magistrate Judge Wilkinson's R&R.[11] Subsequently, the Court referred the matter to Magistrate Judge Donna Phillips Currault for a supplemental R&R addressing Lay's claim under *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020). Magistrate Judge Currault recommended dismissal

---

8      R. Doc. 1.
9      R. Doc. 24.
10     R. Doc. 33.
11     R. Docs. 36, 37 & 42.

of Lay's *Ramos* claim in the supplemental R&R.[12]  Lay filed multiple objections to the supplemental R&R.[13]

This Court considered the petition, the record, the applicable law, the Magistrate Judges' R&Rs, and Lay's objections, and ultimately adopted the Magistrate Judges' R&Rs as its opinion, thereby dismissing Lay's petition with prejudice.[14]  In the Order and Reasons dated June 13, 2023, the Court affirmed the Magistrate Judges' determinations that Lay's claims are meritless, and further determined that his numerous objections all either: (1) mirror the underlying claims in the petition, (2) rehash arguments made before the Magistrate Judges, (3) improperly raise new issues not presented to the Magistrate Judges, or (4) otherwise lack merit due to their conclusory nature, failure to address the Magistrate Judges' relevant recommendations, or misstatement of the applicable law.[15]

In July 2023, Lay filed motions to alter or amend judgment and to vacate judgment.[16]  The Court denied the motions and declined to issue a

---

[12]  R. Doc. 50.
[13]  R. Docs. 51 & 54.
[14]  R. Doc. 57.
[15]  *See generally id.*
[16]  R. Docs. 64 & 65.  The Court construed Lay's motion, which was styled as a motion for a new trial under Federal Rule of Civil Procedure 59(a), as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  R. Doc. 67.

Certificate of Appealability ("COA") as to Lay's motions.[17] Lay appealed the Court's Order and Reasons, and on January 10, 2024, the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution.[18]

Between February 20, 2024 and April 24, 2024, Lay filed five motions seeking various relief from the Court.[19] On May 21, 2024, The Court denied all of Lay's motions, finding that four of the motions were second or successive habeas petitions, and declined to issue a COA as to Lay's motions.[20] Lay moved for a COA from the Fifth Circuit, which was denied on January 2, 2025.[21]

On July 17, 2024, Lay again filed a petition for a writ of habeas corpus and certificate of appealability,[22] which the Court dismissed for lack of jurisdiction as a second or successive habeas application under 28 U.S.C. § 2244(3)(A).[23]

---

[17]  R. Doc. 67.
[18]  R. Doc. 69. Specifically, the Fifth Circuit issued a notice informing Lay that his appeal could not proceed until he established whether he had satisfied a previous sanction imposed against him in a separate case, *Lay v. Tanner*, No. 13-30708. Lay failed to comply with the Fifth Circuit's notice.
[19]  R. Docs. 70, 70-1, 71, 73, & 74.
[20]  R. Doc. 75. Lay's motion to appoint counsel was also denied.
[21]  R. Doc. 81.
[22]  R. Doc. 78.
[23]  R. Doc. 79.

On February 6, 2025, Lay filed a motion to vacate the Court's orders denying habeas corpus relief,[24] which the Court dismissed for lack of jurisdiction on March 7, 2025.[25]

Lay once again has filed numerous motions seeking various relief from this Court. The Court addresses his motions below.

## II.  LAW AND ANALYSIS

### A. Successive Habeas Motions

Federal Rule of Civil Procedure 60(b) provides a limited means for a party to seek relief from a final judgment in a habeas proceeding. A district court has broad discretion to grant or deny a motion under Rule 60(b). *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 315 (5th Cir. 2017). Rule 60(b) permits a court to grant relief from a final judgment or order only upon a showing of one of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[24]  R. Doc. 83.
[25]  R. Doc. 84.

>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, but courts may construe the Rule to do substantial justice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998). Courts must balance "the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* (quotation marks omitted).

In the habeas context, a district court presented with a Rule 60(b) motion must first determine whether the motion is properly brought under Rule 60(b), or whether it is actually a successive habeas petition, in which case the court lacks jurisdiction to consider it pursuant to 28 U.S.C. § 2244, prohibiting successive habeas petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005). In *Gonzalez*, the Supreme Court held that the difference lies in the relief that the petitioner seeks. *See id.* A petitioner submits a motion under Rule 60(b) when the motion challenges "some defect in the integrity of the federal habeas proceedings." *Id.* at 532. By contrast, courts consider a motion to be a successive habeas petition when the motion is substantive,

6

seeks "to add a new ground for relief," or attacks "the federal court's previous resolution of claim on the merits." *Gonzalez*, 545 U.S. at 532.

The Court finds each of petitioner's motions to be successive habeas petitions. *Gonzalez*, 545 U.S. at 529-30. Lay's rambling motions are often unclear, but he primarily raises issues that this Court has already addressed. Lay does not invoke or allege any of the first five enumerated grounds for relief under Rule 60(b). He does not allege "some defect in the integrity of the federal habeas proceedings," *id.* at 532, but instead attempts to revisit the constitutionality of his conviction and sentence on new grounds. These motions are thus successive. *See id.*

Petitioner is required under 28 U.S.C. § 2244 to "move in the appropriate court of appeals for an order authorizing the district court to consider a successive habeas application" before filing. Absent permission of the Fifth Circuit, the Court lacks jurisdiction to entertain petitioner's successive habeas claim. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

### B. Notice of Potential Pre-Filing Injunction

As outlined in the background section *infra*, Lay is no stranger to this Court. District courts have the authority to impose pre-filing injunctions to "deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (internal citations omitted).

7

A court may impose such an injunction upon motion or *sua sponte*. *Id.* at 189. The Fifth Circuit, agreeing with the Second Circuit, provided the following rationale for this conclusion:

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or it its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

*Id.* at 189. (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). To determine if the imposition of a pre-filing injunction is appropriate, courts weigh all relevant circumstances, including the following factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative solutions.

*Id.* (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).

The Court concludes that a pre-filing injunction may be appropriate. Plaintiff has filed over a dozen motions requesting various relief in the years since this Court dismissed his habeas petition. The volume and nature of the motions display a history of harassing this Court and his continuous filings

do not appear to be motivated by good faith. This action has significantly burdened the Court. Finally, imposing monetary sanctions on this *pro se* litigant is unlikely to be adequate. However, before *sua sponte* imposing a pre-filing injunction, a district court must provide notice and a hearing. *Id.* at 189; *see also Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). This order serves as notice. Should plaintiff continue to file frivolous motions in this case, the Court will hold a hearing on the imposition and scope of a pre-filing injunction.

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES petitioner Lay's motions for lack of jurisdiction.

New Orleans, Louisiana, this __14th__ day of November, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE