UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY                                          CIVIL ACTION

VERSUS                                               NO. 19-9803

S. W. MCCAIN, ET AL.                                 SECTION "R"

## ORDER AND REASONS

Before the Court is a motion for extension of time to file notice of appeal.[1]  For the reasons that follow, the Court grants the motion.

## I.     BACKGROUND

In 2019, Richard Lay filed an application for the writ of habeas corpus under 28 U.S.C. § 2254.[2]  Lay's habeas petition, as amended, challenged his 2011 state conviction by unanimous jury verdict for battery on a correctional facility employee and his related multiple offender adjudication.[3]  Following consideration of the Report and Recommendation ("R&R") of Magistrate Judge Joseph C. Wilkinson, Jr.,[4] the supplemental R&R of Magistrate Judge

---

[1]     R. Doc. 94.
[2]     R. Doc. 1.
[3]     R. Doc. 24.
[4]     R. Doc. 33.

Donna Phillips Currault,[5] Lay's objections to the R&Rs, [6] Lay's petition, the

record, and the applicable law, this Court adopted the Magistrate Judges'

R&Rs as its opinion, thereby dismissing Lay's petition with prejudice.[7]

Lay has since filed numerous motions in this Court.  In July 2023, Lay

filed motions to alter or amend judgment and to vacate judgment.[8]  The

Court denied the motions and declined to issue a Certificate of Appealability

("COA") as to Lay's motions.[9]  Lay appealed the Court's Order and Reasons,

and on January 10, 2024, the Fifth Circuit Court of Appeals dismissed the

appeal for want of prosecution.[10]  Between February 20, 2024 and April 24,

2024, Lay filed five motions seeking various relief from the Court.[11]  On May

21, 2024, The Court denied all of Lay's motions, finding that four of the

motions were second or successive habeas petitions, and declined to issue a

---

5    R. Doc. 50.
6    R. Docs. 36, 37, 42, 51 & 54.
7    R. Doc. 57.
8    R. Docs. 64 & 65.  The Court construed Lay's motion, which was styled
     as a motion for a new trial under Federal Rule of Civil Procedure 59(a),
     as a motion to alter or amend judgment under Federal Rule of Civil
     Procedure 59(e).  R. Doc. 67.
9    R. Doc. 67.
10   R. Doc. 69.  Specifically, the Fifth Circuit issued a notice informing Lay
     that his appeal could not proceed until he established whether he had
     satisfied a previous sanction imposed against him in a separate case,
     *Lay v. Tanner*, No. 13-30708.  Lay failed to comply with the Fifth
     Circuit's notice.
11   R. Docs. 70, 70-1, 71, 73, & 74.

COA as to Lay's motions.[12]  Lay moved for a COA from the Fifth Circuit, which was denied on January 2, 2025.[13]  On July 17, 2024, Lay again filed a petition for a writ of habeas corpus and certificate of appealability,[14] which the Court dismissed for lack of jurisdiction as a second or successive habeas application under 28 U.S.C. § 2244(3)(A).[15]  On February 6, 2025, Lay filed a motion to vacate the Court's orders denying habeas corpus relief,[16] which the Court dismissed for lack of jurisdiction on March 7, 2025.[17]

Between April 2, 2025 and May 12, 2025, Lay filed various motions, all of which the Court dismissed for lack of jurisdiction as second or successive habeas application under 28 U.S.C. § 2244(3)(A).[18]  The Court also notified Lay that if he continued filing frivolous motions, the Court would consider implementing a pre-filing injunction.[19]  This Court's order on those motions was entered on November 14, 2025.

Lay now seeks additional time to appeal this Court's November 14, 2025 order.[20]  The Court addresses his motion below.

---

[12]     R. Doc. 75.  Lay's motion to appoint counsel was also denied.
[13]     R. Doc. 81.
[14]     R. Doc. 78.
[15]     R. Doc. 79.
[16]     R. Doc. 83.
[17]     R. Doc. 84.
[18]     R. Doc. 93.
[19]     *Id.*
[20]     R. Doc. 94.

## II.    LAW AND ANALYSIS

Federal Rule of Appellate Procedure 4(a)(5) governs motions for extension of time to file notices of appeal.  Under this rule, "[t]he district court may extend the time to file a notice of appeal if" the appealing party moves for the extension "no later than 30 days after the time prescribed . . . expires" and "shows excusable neglect or good cause."  Fed. R. App. 4(a)(5)(A).

Here, Lay has timely filed his motion for extension of time.  The date of entry of the order triggers the 30-day period for timely filing a notice of appeal.  Lay filed the instant motion before the deadline to file an appeal.  The Court must now determine if Lay presents excusable neglect or good cause.  Lay states that he requires access to the law library.[21]  He additionally states that access to the library is limited.[22]  The Court finds there is good cause to provide Lay with an extension.  As Lay has met both criteria for an extension under Rule 4(a)(5)(A), the Court finds that an extension is appropriate.

---

[21]    *See* R. Doc. 94.

[22]    *See id.*

4

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for extension of time.  Lay shall have 30 additional days to file a notice of appeal of this Court's November 14, 2025 order.

New Orleans, Louisiana, this __10th__ day of December, 2025.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE