UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD LAY
CIVIL ACTION

VERSUS
NO. 19-9803

S W MCCAIN
SECTION "R"

## ORDER AND REASONS

Before the Court is petitioner Richard Lay's application to proceed on appeal *in forma pauperis*.[1] Lay has also attached a "notice" to his filing, which the Court construes as a motion for a COA.[2]

A court may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a COA requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)).

---

[1]   R. Doc. 105.
[2]   R. Doc. 105-1.

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."  Title 28 U.S.C. § 1915(a)(3).  An appeal is taken in "good faith" "when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

No reasonable jurist could find this Court's ruling dismissing Lay's motions for lack of jurisdiction debatable.  *See Tucker v. Davis*, 783 F. App'x 429, 430 (5th Cir. 2019) (finding that no reasonable jurist could debate the dismissal of "[c]laims raised in a successive habeas petition that were raised in the initial petition").  A COA is not appropriate.  Additionally, Lay's garbled filing fails to present any nonfrivolous issue.  Indeed, as with the dozens of motions Lay has previously filed, he continues to raise issues that this Court has already addressed.  Lay's appeal is therefore not taken in "good faith."  Accordingly, Lay's motion for a COA and leave to appeal *in forma pauperis* is DENIED.

Having certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3), the Court notes that Lay may challenge this finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.  *See Baugh v. Taylor*, 117 F.3d 197, 202

(5th Cir. 1997).  The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the appellant moves to proceed on appeal *in forma pauperis*, the prison authorities will be directed to collect the fees as calculated in this order.

The plaintiff, Richard Lay, is assessed an initial partial filing fee of $0. Thereafter, the prisoner shall pay the remainder of the $605.00 filing fee in periodic installments.  The appellant is required to make payments of 20% of the preceding month's income credited to the appellant's jail or prison account until appellant has paid the total filing fee of $605.00.  The agency having custody of the prisoner shall collect this amount from the inmate's trust fund account or institutional equivalent when funds are available and when permitted by 28 U.S.C. § 1915(b)(2) and forward it to the clerk of the district court.  If the appellant moves to proceed on appeal *in forma pauperis* before the Fifth Circuit Court of Appeals, the Court will order withdrawal of the fees as calculated above.

New Orleans, Louisiana, this __29th__ day of April, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3