U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Aug 12 2026
CAROL L. MICHEL
CLERK
cf Mail

United States District Court
Eastern District of Louisiana

Richard B. Lay - Pro se        Civil Action
versus
Travis Day - Warden
Elayn Hunt Correctional        19-9803-R(2)
Center, etal

Application For Release Pending Appellate Review:

Now into the Court comes Appellant Richard B. Lay who moves for release on personal Recognizance in light of both Magristrate Wilkinson And Currault fraudulent misrepresentation of material facts not supported by the record and Applicable State/federal law provided in part by the State of Louisiana by Asst. District Attorney Matthew Caplan relied upon by United States District Court Judge Sarah Vance without a DeNovo determination of each separate Claim in the § 2254 Petitions and objections To

The Magristrate's Reports And Recommendation misconstruing applicable State And federal laws to deprive Petitioner Lay of release from this unlawful Arraignment, Conviction, And Sentence based upon an Oral Amendment of the Original Bill of Information and Compounded the already null And Void arraignment, Conviction, And Sentence due to lack of Jurisdiction to proceed with an unsigned, And unfiled purported Amended Bill of Information over objections at trial on 11/30/11. See State v. Buttner, 411 So. 2d 35 [La. 3/01/82]; State v. Breaux, 504 So. 2d 1011 [La. 1987]; State v. Cook, 372 So. 2d 1202 [La. 1979]; Jackson v. Virginia, 443 U.S. 307 [1979]; Apprendix v. New York, 530 U.S. 466. See Also State v. Skipper, 906 So. 2d 399 [La. 2005].

In Hilton v. Braunskill, 481 U.S. 770 [1987] the Supreme Court established equitable test for [illegible] determining

Whether to release a Prisoner pending appellate review denial of a State Prisoner's § 2254 Petition [illegible] as frivolous and repeatedly denial of motions To Vacate And Set Aside Judgments as being frivolous and remanding to Magistrate Currault for a Report And Recommendation to determine if a prefiling injunction should be imposed And If so what? The Court stated that the appellate Court should accord a presumption of Correctness to the District Courts decision. Hilton, 481 U.S. at 774-77. see U.S. v. Smith, 835 F.2d 1048, 1051 [3d Cir. 1987], cert. denied, 490 U.S. 1037 [1989]; levine v. Torvik, 986 F.2d 1506, 1512, n.3 [6th Cir.], cert. denied, 113 S.Ct. 3001 [1993].

The factors to be considered include (1). whether the application has made a strong showing that she is likely to succeed on the merits; (2). whether the applicant will be irreparably injured absent a release; (3). whether others interested in the proceeding will be sub-

stantially injured; ~~injured~~; and (4). whether the public interest would be served by a release. Id. at 776.

1. The magistrate's Report And Recommendation based on the fact that Asst. District Attorney Leigh And Walls filed oral And written amendments on 3/24/11 to charge a felony battery upon a Correctional officer under LSA-R.S. 14:34.5. A(2), B(2) rather than a misdemeanor under LSA-R.S. 14:34.5. A(1), B(1) filed on JAN. 12, 2011 in full compliance with LSA-Code Criminal Procedure Article 384. State v Buttner, 411 So. 2d 35 [LA. 3/01/82]; State v Breaux, 504 So. 2d 1011 [LA. 1987]; And State v Cook, 372 So. 2d 1202 [LA. 1979].

The magistrate's reliance that LSA-C. Code Criminal Procedure Article 487 allows Substantive Amendment to the Original Bill of Information is misplaced for the following reasons:

IN State v Cook, 372 So. 2d 1202

[LA. 1979] the Louisiana Supreme Court held:

La. Code Criminal Procedure art. 487, dealing with Amendments by the State of defective indictments, provides in pertinent Part:

B. Nothing Contained herein shall be Construed to prohibit the defendant from entering a plea of guilty to a Crime nonresponsive to the original indictment when such a plea is Acceptable to the district Attorney and in such Case, the district attorney shall not be required to file a new indictment to Charge the crime [illegible] to which the plea is offered. [emphasis Added]

The aforesaid provision does not prohibit a defendant from entering a plea of guilty to a nonresponsive Crime to the original indictment when such a plea is acceptable to the district Attorney. In such a Case, the district Attorney need only Amend the indictment, he

not required to file a new indictment to charge the crime which the plea is offered.

In the instant case, defendant Lay's arraignment, conviction and sentence based on the "oral amendments" made by former Asst. District Attorney Leigh Ann Walls on March 24, 2011 for violation of LSA-R.S. 14:34.5.A(2), B(2) a felony was not a lesser and included offense of the crime charged[ misdemeanor Battery on a Correctional officer] per LSA-R.S. 14:34.5.A(1), B(2). Moreover, it was a crime nonresponsive to the "original indictment[ misdemeanor Battery on a Correctional officer] per LSA-R.S. 14:34.5. A(1), B(1). The District Attorney neither amended the information nor filed a new information prior to arraignment and trial.

The magistrate Wilkinson's Report and Recommendation reliance upon Article 487, Code Criminal Procedure to support an substantive non-

nonresponsive Crime to which an allege Written Amendment was filed in Open Court on 3/24/11 [Day of Arraignment] is Clearly refuted by the Court minute of the arraignment on 3/24/11 Clearly holds I was arraigned on a "Oral Amended Bill of Information" and "No Amended Bill of Information was filed by Asst. District Attorney Leigh Ann Walls."

Additionally the "Minute entry of 11/30/11" Supports that no Amended Written Amendment Charging a felony was filed on 3/24/11.

Statements of Facts:

1. on 11/30/11 defense Counsel Linder, and Lay both moved to Quash And or declare a mistrial due to being arraigned upon "Oral Amendments" to the Original Information and no bill was signed by the District Attorney. State v. Buttner, Supra.

2(a). former Asst. District Attorney Leigh Ann Walls advised the Court that the Clerk did not have the

Court records available at the time of the arraignment. Ms. Walls further advised the record will indicates a copy of the original Bill of Information was Amended and placed in the Official Record. 5 ........

... The Official Records was with the Clerk in open Court and even if not nothing prevented the tendering of the "Amended Written Bill of Information" charging the nonresponsive crime to the "Clerk in open Court" or in the "Office of Clerk" prior to my arraignment.

The Court referring to the "minutes dated March 24, 2011," the Court does reflect defendant was, in fact arraigned on felony charges and denied motion to quash/mistrial. 6

Defense Counsel Linder objected the Amended unsigned bill being read to the Jury, and the Court noted the same. X1

The Defense has not once disagreed that he was arraigned on

a felony Crime of battery on a Correctional officer. The Defense objected to being arraigned on a felony Crime, nonresponsive to the "original Bill of Information" based upon a "Oral Amendments" which the Court refused to Address. See State v. Buttner, supra.

... In State v. Buttner, 411 So. 2d 35 [LA. 3/01/82] the Court held:

Article 384, Code of Criminal Procedure provides: An information is a written accusation of a Crime made by the District Attorney and signed by him. It must be filed in "Open Court in a Court having Jurisdiction to try the offense or in the "office of the Clerk" thereof [Emphasis Added].

... In State v. Cook, 372 So. 2d 1202 [La. 1979], which clearly held: "The Amendment of the indictment is Jurisdictional and Absent a valid amendment of the indict-

ment, the State Courts are without Jurisdiction to proceed further. See Also Russell + United States 369 U.S. 749 [1962]. Fed. R. Crim. P. 12(b)(2). See Johnson + Puckett, 930 F.2d 445, 447 [5th Cir.] [defendant may Challenge sufficiency of indictment [redacted] in habeas Corpus proceeding only if she, Ctn, show indictment so defective, that Convicting Court had no Jurisdiction]. Louisiana Courts had no Jurisdiction

In State + Breaux, 504 So.2d 1011 [LA. App. 1 Cir. 1987] the Louisiana Court of Appeal for The First Circuit relying on State + Cook, Supra Clearly requires us to remand for A Amended indictment [redacted] from the Charge of Second degree battery to charge the non-responsive offense of Cruelty to a Juvenile. It did attempt by "Oral motion" to Amend the bill of information. However, we must hold, based on the broad policy of State + Cook, Supra, that an Amend-

-ment be to an indictment or information charging a new offense nonresponsive to the former charge must be in writing.

The reading of a written Amended Bill of Information unsigned and no proof of filing in open Court or in the Office of Clerk over the Defense objections charging a substantive new offense non-responsive to the original Bill of Information charging a misdemeanor Battery on a Correctional Officer renders my Arraignment, Conviction, and Sentences null and void under LSA-R.S. 14:34.5.A(2), B(2); State + Buttner, Supra; State + Cook, Supra; and State + Breaux, Supra. USCA Amend. 14. Jackson + Virginia, 443 U.S. 307 [1979]; and Appendix + New York, 530 U.S. 466.

It should be noted former Asst. District Attorney Leigh Ann Walls and Julie Knight both was forced to resigned for filing a knowingly false Affidavit that they witnessed Douglas L.

Dendinger [Process Server] comitted a Simple Battery upon Officer Chad Cassard who had been dodging service of legal documents on or about 8/24/17. A private citizen recorded the whole incident on video and placed on I-Tube resulting in dismissal of all charges and a civil lawsuit since no Simple Battery was comitted.[8]

There is only one explanation of filing of the alleged written Amended Bill of Information in "Open Court" charging Law with a felony battery on a correctional officer rather than a misdemeanor as originally charged[9] on JAN. 12 2011.[8] Sometimes after my conviction former Asst. District Attorney cause the document to be filed on 3/24/11 or someone working in concert filed said document on her behalf.

Footnote(s) Pages

1. See Exhibit 1, State v. Johnson, 637 So. 2d 1033 [La. 6/04/94]; State v. Buttner, Supra; State v. Breaux, Supra. . . . . . 1
2. See Exhibit 2 . . . . . . . . . . . 2

The Court minutes of my Arraignment Clearly establish "it was based upon a "Oral Amendments" by former Asst. District Attorney Leigh Ann Walls, and no Written Amended Bill of Information was filed in "Open Court" before the Court was Adjourned; And my Arraignment. That the Court minutes on 11/30/11 Clearly refutes "magristrate Wilkinson's R+R" that a Written Amended Bill of Information charging Lay with a nonresponsive Crime of felony Battery on a Correctional Officer in violation of LSA-R.S. 14:34.5. A(2) And B(2). Had a written Amended Bill of Information was

| Footnote(s) | | Page(s) |
|---|---|---|
| 3. See Exhibit 3 | | 3 |
| 4. See Exhibit | 3 | 3 |
| 5. See Exhibit | 1, 2, 3 | 1, 2, 3 |
| 6. See Exhibit | 1, 2, 3 | 1, 2, 3 |
| 7. See Exhibit | 1, 3 | 1, 3 |
| 8. See Exhibit | 4 | 4, 5 |
| 9. See Exhibit | 1 | 1 |
| 10. See Exhibit | 1 | 1 |

filed in "Open Court" or in the "Office of Clerk" it would have been dated and signed by the Deputy Clerk recieving it, and signed by former Asst. District Attorney Leigh Ann Walls.[10]

This injury was compounded when the Court allowed former Asst District Attorney Leigh Ann Walls to give a unfiled and unsigned written Amendment to the Clerk to read to the jury over Defense objections clearly violating... LSA-R.S. 14:34.5.A(2) B(2); LSA-Code Criminal Procedure Article 384; and State v. Buttner, supra; State v. Cook, supra; and State v. Breaux, supra.

The only criminal offense legally before the Court on 11/30/11 was the original Bill of Information filed on 1/12/11 a misdemeanor Battery on a Correctional which carries no more than six months with further enhancement under LSA-R.S. 15:529.1 which I have served in full. [redacted]
The Court denied pro se motion

To modify verdict and impose a Sentence under LSA-R.S. 14:34.5.A(1)(2) on may 11, 2012, in violation of LSA-Code Criminal Procedure Article 822.A(1).

2. magristrate Wilkinson, and the State of louisiana deliberatelly by false misrepresentation that louisiana laws do not prohibit enhancement under the Offense [LSA-R.S. 14:34.5. A(2), B(2)]; And LSA-R.S. 15:529.1 by Use And or reference of State v. Lay no. 383759-F. State v. Vaughn, 431 So. 2d 763 [La. 1983] [Double Jeopardy].

In both State v. Baker, 970 So. 2d 81 [La. 2007]; and States v. Ruiz, 955 So. 2d 81 [La. 2001] the louisiana Supreme Court has held:

The Double Enhancement formula it used; i.e., enhancing the panalties provided for the underlying offense as a matter of law LSA-R.S. 40:982 And then enhancing [redacted] these enhanced penalties under LSA-R.S. 15:529.1 on the bases of

Same prior Convictions violated the Court's rule in State v. Sanders, 357 So. 2d 1131, 1134 [La. 1976] [State may not seek multiple enhancement of a defendant's Sentence on the same set of facts prior Conviction]. See Also State v. Murray, 357 So. 2d 1121, 1124 [La. 1976]. U.S. v. Benz, 282 U.S. 304 [1931]

The State of louisiana / former Asst. District Attorney Leigh Ann Walls "Orally" moved on March 24, 2011 to "Amend the Original Bill of Information" to charge a felony by:

(a). Correct the Spelling of Rayburn

(b). Add after the word duties while the offender is under the jurisdiction and legal custody of the Dept. of Public Safety and Corrections, or is being detained in any jail prison, correctional facility, juvenile institution, temporary holding center halfway house or detention facility" See LSA-R.S. 14:34.5. A(2) B(2)

The State of Louisiana thru Asst. District Attorney Matthew Caplan admitted to the following facts:

(1). Lay was sentenced to serve 20-years at hard labor for violation of LSA-R.S. 14:27/40:967(C) in the 22nd Judicial District Court - Parish of St. Tammany under LSA-R.S. 15:529.1 at Rayburn Correctional Center in Angie, Louisiana

(2). Lay Comitted a battery upon Correctional officer Jerry Primes on Dec. 21, 2010 while on A Hospital Trip in Bogalusa, Louisiana without his consent while under the legal jurisdiction and legal Custody of the louisiana Department Of Public Safety And Corrections.[12]

(3). On 11/30/11 I was found guilty of violating LSA-R.S. 14:34.5 A(2) B(2) Based upon An null And void orally Amended Bill of Information in which I was arraigned thereunder on 3/24/11. State v. Buttner, supra; and LSA-C.Cr.P. art.

Footnote(5)

11. See Exhibit 1

Art. 384. See Also State v. Cook, supra

The State of Louisiana violated my fundamental Rights of Due Process by informing the Jury that I was in Rayburn Correctional center for violating a felony offense when I Committed the battery upon Correctional Officer Jerry Primes without his Consent in violation of LSA-R.S. [redacted] 14:34.5.A(2)B(2) violating State v. Skipper, 906 So. 2d 399 [La. 2005]; State v. Green, 493 So. 2d 588 [La. 1983] [redacted] adopting Spencer v. Texas, 383 U.S. 554 at 586 [1967] per se and since no Curative Jury instruction for the other Crime evidence being in the Jury Charge as oppose to a Separate hearing to determine by the trial Court State v. Skipper, Supra. Glover v. U.S., 531 U.S. 198,

Footnote(s) Page(s)

12 See Exhibit 1 . . . . . . . . . 1

12 S.Ct. 696 [2001].

Petitioner Lay adopts all claims including all facts and applicable laws under the State of Louisiana; And the United States Constitutions And Jurisprudence as stated in the notice of Appeal no.2; And Leave To Amend notice of Appeal no.2 sent to the Court on or About July 14, 2026[13] [U.S. 5th Circuit]

Wherefore Petitioner Lay moves this Court to grant his release on personal recognizance Bond in care of his ailing mother Mrs. Ola Mae Miller - 2529 6th Street - Slidell, La. 70458

[redacted]

Footnote(s):

13. Please Disregard pleadings called notice of Appeal no.2; And Leave To Amend notice of Appeal no.2 with Documents In Support. The numbers are for my filings indications. There is

On direct appeal when faced with a constitutional violation, a Court must reverse the Judgment of the Court below unless the Constitutional error is "harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed 2d 705 [1967]. However, in Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed 2d 353 [1993] the Supreme Court articulated a "less onerous" standard for assessing the impact of a state Court's constitutional error on collateral review. Under Brecht, a federal Court may grant habeas relief on account of constitutional error only if it determines that the constitutional error had a substantial and injurious effect or influence in determining the jury verdict". see id at 623, 113 S.Ct. 1710 [quoting Kotteakos v. United States, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 [1946] ] under

this Standard, however, the Petitioner Should Prevail whenever the record is "so evenly balanced that a Conscientious Judge is in grave doubt as to the harmlessness off the error. O'Neal v. Mc Aninch, 513 U.S. 432 436 115 S.Ct. 982, 130 L.Ed.2d 947 [1995].

As the Fifth Circuit has explained, if our minds are in Virtual equipoise as to the harmlessness under the Brecht standard, of the error, then we must conclude that it was harmful. Woods v. Johnson, 75 F.3d 1017, 1026-27 [5th Cir. 1986] [quoting O'neal, 513 U.S. at 435, 115 S.Ct. 992]."

The State of louisiana decisions State v. Cotton, 09-2397 [La. 10/15/10], 45 So.3d 1030, and State v. Marcus Quinn, Sr., 2015 La. lexis 1004; no. 2014-OK-1831 [La. 4/10/15] bar Collateral review of a Sentence imposed by using erroneous information and or unconstitutional Convictions per se and due to App-

ellate Counsel Prentiss White's failure to raise all claims presented pro se in various Motion to Quash in which no service on DA for a response nor Lay was given opportunity to speak bef ore allowance of State to present no evidence violating my Due Process rights under LSA R.S. 15: 529.1 20 (A) (a)(b) to which Magistrate Wilkinson never determine the merits under ineffective[14] and or conflict counsel.[15] nor was the conviction based solely on a oral Amendment to the original Bill of Information null and void due to lack of jurisdiction[16] as stated throughout trial and on Post-Conviction motion to correct Illegal Sentence.[17]

Footnote (8)

14 Strickland v. Washington; Cronic v. U.S.

15 Holloway v. Arkansas, 435 U.S. 475

16 State v. Buttner, supra; State v. Skipper supra

17 Glover v. U.S., 531 U.S. 198, 203

In Joesph v. Cain, U.S. District Court lexis 60923, Civil Action No. 08-3992, Section "A" (4) [E.D. La. 5/25/11] held.... The AEDPA's deferential standard of review applies only to claims adjudicated on the merits by the State Courts. 28 USC § 2254 (d). As outlined previously, Joseph insufficiency of the evidence was dismissed as procedurally barred under La. C. Cr. P. art. 930.4 and it was not addressed on the merits. With respect to claims that are not adjudicated on the merits in State Court, the deferential AEDPA Standard do not apply. Henderson v. Cockrell, 333 F.3d 592, 597 [5th Cir. 2003] Instead, the federal Court review those claims under the pre-AEDPA de novo standards of review. Id., at 598 [citing Jones v. Jones, 163 F.3d 285, 299-300 [5th Cir. 1998]

The trial Court denied All PCR Claims as repetitive as heard on Appeal. 3/29/16. ~~22~~ No ruling on merit yet as to claims. 22. [Filed 1/31/16 + 8/11/17]
No ruling see R&R

Respectfully submitted this 30th day of July, 2026 under the penalty of perjury and good faith.

110315

Richard B. Lay
Doc # 110315
EHCC- Fox3 - A33
P. O. Box 174
St. Gabriel, La.
70776

Please Serve

1. State of Louisiana Thru Asst. District Attorney Matthew Caplan-Washington Parish
701 N. Columbia St.
Covington, La. 70434

---

only one notice of Appeal combined with Errors of law and Facts to fraudulent misrepresentation of material facts and laws applicable to each claim for § 2254 and Relief from erroneous Judgments based on inapplicable laws and nonexistent facts of both magristrate's relied upon Sarah Vance U.S. Judge for Judgments

# Order

Based on the foregoing Application For Release on Bond Pending Appellate Review:

It is ordered the State of Louisiana Show Cause by Written Brief on or before the ___ day of _________ 2026 at _______ o'clock _m., why Petitioner Richard B. Lay should not be released on personal Bond pending Final Judgments As to this Appeal which Clearly Shows deprivation of a fundamental fair trial with effective and Conflict-Free Counsel in the trial And Appellate Court. Additionally Lay has served more than a lawful Sentence and Conviction Could be imposed by law.

It's ordered Appellate Counsel be appointed for this indigent in the interest of Justice and fundamental fairness.

Clerk to serve All Parties a copy of this Application; and Order.

SAid And done this ____ day of
____________, 2026.

____________
Justice

____________
Justice

____________
~~Judge~~ Justice

Please Serve:

1. State of Louisiana
Thru Matthew Caplan
Asst. District Attorney
701 N. Columbia St.
Covington, LA 70433

2. Liz Murrill - Attorney General
State of Louisiana
701 N. Columbia St.
1885 N. 3rd St.
Baton Rouge, LA 70802

3. Richard B. Lay no. 110315
EHCC Fox 3-A33
P. O. Box 174

St. Gabriel, LA. 70776

Travis Day - Warden
Elayn Hunt Correctional Center
[redacted] 6925 Hwy 74
St. Gabriel, LA. 70776
[225] 642-3306