United States District court
Eastern District of louisiana

In Re: Richard LAY-Prose
+ Travis Davis-Warden, etal

Civil Action
19-9803-R(2)


Exhibits: Pages:

1. unsigned and unfiled Amended Bill of Information Charging of A felony from a misdemeanor read to Jury after gave by former Asst. District Attorney leigh Ann walls on 11/30/11 over defense objection.....1
2. original Bill of Information filed on 11/12/11 . . . . . . . . 2
3. minutes of 11/30/11 which clearly refutes magristrate wilkinson representation ~~that~~ a written Bill was filed with the oral motion on 3/24/11 which entitles Lay to immediate release after service of a 22-year Sentence based on a null and void arraignment, Conviction and Sentence. State + Buttner, 411 So.2d35 [1982]; State + Cook, 372 So.2d 1202 [1979]; State + Breaux, 504 So.2d 11 [1987]; Jackson + Virginia 443 U.S. 307 [1979]; Appprendix + New Jersey, 530 U.S. 466 . . . . 3
4. Firings of former Asst District Attorney Leigh and walls and Julie Knight's [redacted] for filing false Affidavit charging a process server for Simple Battery . . . . . . . . . 4,5

Pages

6. 5. Exhibit 5 motion To VACAte And Set Aside Conviction And Sentence ... 6
7. 6. Exhibit 6 - LACK of Jurisdiction To Proceed To Trial -- State v Breaux, 504 So. 2d 11 [LA. App. 1 Cir. 1987]; State v Cook, 372 So. 2d 1202 [LA 1979] ........ 7
7. 8. Granted motion To Consider All Claims out of Ramos .... 8
8. Motion To modify Judgment And Appellate Counsel And Justices of Third Circuit And LA. Supreme Court refusal to acknowledge the viable Claim by alleging No arguments merits or Patent Errors existed ... 9-14
9. Judge ordered Sanity Hearing, found me Competent without Any Assistance by a effective And Conflict-Free Counsel. Also denied the Competent Reports ........... 15
10. Multiple Bill of Information listing no. 383759-F being used For Enhancement under no. 11-CR5-112033-J - 22ND JDC/WAShington after used for enhancement under LSA-R.S. 14:34.5. A(2) B(2) in which 2-years was imposed ....... 16-18

July 30, 2026

Richard B. Lay 110315

Richard B. Lay
no. 110315
EHCC - Fox 3 - A 33
P.O. Box 174
St. Gabriel, LA 70776

Please Serve
1. Matthew Caplan - ADA Washington Parish
2. Richard B. Lay 110315 EHCC - F3 - A33

Exhibit #1

[redacted]

JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

---

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court:

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

---

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY DOB: 01/02/1959 SSN: 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
Arrest Date: 12/30/2010
RAYBURN CORRECTIONAL CENTER, ANGIE, LA 70426-

DATE OF OFFENSE: December 21, 2010

COUNT 1
R.S. 14:34.5 BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties, Name of facility: Raybun Correctional Center, Name of Employee: Jerry Primes.

while the offender is under the jurisdiction and legal custody of the Dept. of Pubic Safety and Corrections, or is being detained in any jail, prison, correctional facility, juvenile institutio temporary holding center, halfway house, or detention facility.

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY:_______________________

[redacted]

Exhibit "A"

Exhibit 2.

JAIL

FELONY BILL OF INFORMATION

STATE OF LOUISIANA - PARISH OF WASHINGTON

TWENTY-SECOND JUDICIAL DISTRICT

---

TO THE HONORABLE, THE TWENTY-SECOND JUDICIAL DISTRICT COURT OF LOUISIANA, sitting in for the Parish of WASHINGTON, comes now into open Court the undersigned District Attorney of the Twenty-Second Judicial District of Louisiana, in the name and by the authority of said State, informs the said Honorable Court;

That the person(s) named and identified below, late of the Parish of WASHINGTON on or about the date below described, in the Parish of WASHINGTON aforesaid and within the jurisdiction of the Twenty-Second Judicial District in and for the Parish of WASHINGTON, State of Louisiana and contrary to the form of the Statutes of the State of Louisiana in such cases made and provided, and against the peace and dignity of the same did violate:

---

DEFENDANT'S NAME AND DATE OF BIRTH:

RICHARD LAY DOB: 01/02/1959 SSN: 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
Arrest Date: 12/30/2010
RAYBRUN CORRECTIONAL CENTER, ANGIE, LA. 70426-

DATE OF OFFENSE: December 21, 2010

COUNT 1
R.S. 14:34.5 BATTERY ON A CORRECTIONAL FACILITY EMPLOYEE, by committing a battery without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duties, Name of facility: Rayburn Correctional Center, Name of Employee: Jerry Primes.

2

WALTER P. REED
DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT
STATE OF LOUISIANA

BY: ______________________

[redacted] [redacted] [redacted] 2.

Exhibit 3



The following accepted jurors were sworn, admonished and removed from the courtroom:

1. Annette Taylor
2. Patty Wells
3. Milton Seal
4. Richard Moran
5. Diana Thomas
6. Harold Moberg
7. Kezelle Warren, alternate

At this time, the Court orders a brief recess.

Court reconvened following the recess with the defendant present in open court with co-counsel, John Lindner.

Whereupon, Mr. Lindner advised the bill of information indicates the defendant has only been charged with a misdemeanor and because the jury has already been sworn, the defense hereby requests a mis-trial at this time.

In response to the defense request for a mis-trial, Ms. Wall advised that the clerk did not have the court record available at the time of the arraignment. Ms. Wall further advised the record will indicate a copy of the original bill of information was amended and placed into the official record.

Referring to the minutes dated March 24, 2011, the Court advised the record does reflect the defendant was, in fact, arraigned on felony charges. Mr. Lindner objected to the amended, unsigned bill being read to the jury and the Court noted same.

At this time, Ms. Wall advised the State made an attempt to locate a potential witness for the defense by the name of Sylvester Martin. However, DOC records indicate this witness is no longer housed within the Department of Corrections, therefore, could not be located. The Court advised Mr. Lay that it will be his responsibility to obtain a current address for this witness if he intends for a subpoena to be issued.

Whereupon, Ms. Wall provided photographs to the Court, the defendant and Mr. Lindner that the State intends to use at trial. After review, the Court advised all 6 photographs are acceptable.

The jury is returned to open court.

Out of the hearing of the jury, the Court expressed uncertainty as to whether or not the amended, unsigned bill should, in fact, be read to the jury. Whereupon, Mr. Lindner advis[ed] he will provide case law to the Court in the morning regarding this issue being a basis for a mis-trial and, again, objected to it being read to the jury. The Court noted Mr. Lindner's objection and advised this matter will be left open until aforementioned case law could be reviewed.

At this time, the Court gave preliminary instructions to the jury.

The Clerk read the (amended) bill of information and formal plea of the defendant.

Opening statements are heard by Ms. Wall followed by Mr. Lay.

Testimony for the State was begun with Jerry Primes being called and sworn. In connection with this witness' testimony, the State offered, filed and introduced into evidence:

State #1 - Photograph of waiting room
State #2 - Photograph
State #3 - Photograph
State #4 - Photograph
State #5 - Photograph
State #6 - Photograph
State #7 - Photograph
State #8 - Photograph of front desk at clinic
State #9 - Photograph of waiting room at clinic
State #10 Photograph of front door at clinic
State #11 Photograph of waiting room at clinic
State #12 Photograph depicting where transport van was parked at clinic
State #13 Photograph of walk way outside of clinic

Ms. Wall indicated the State would supplement the record with printed copies of State's Exhibits 8-13.

In connection with this witness' continued testimony, the defense marked for identification purposes:

Defense #1 - report of Tommy Schuler
Defense #2 - report of Major Harrell



# Charges crumble after cell phone video uncovered




Charges crumble after cell phone video surfaces WWL

Mike Perlstein / Eyewitness News 5:42 p.m. CDT March 9, 2015



(Photo: WWLTV)

WASHINGTON PARISH, La. -- One of the worst days of Douglas Dendinger's life began with him handing an envelope to a police officer.

In order to help out his family and earn a quick $50, Dendinger agreed to act as a process server, giving a brutality lawsuit filed by his nephew to Chad Cassard as the former Bogalusa police officer exited the Washington Parish Courthouse.

The handoff went smoothly, but Dendinger said the reaction from Cassard, and a group of officers and attorneys clustered around him, turned his life upside down.

"It was like sticking a stick in a bee's nest." Dendinger, 47, recalled. "They started cursing me. They threw the summons at me. Right at my face, but it fell short. Vulgarities. I just didn't know what to think. I was a little shocked."

Not knowing what to make of the blow-up, a puzzled Dendinger drove home. That's where things went from bad to worse.

"Within about 20 minutes, there were these bright lights shining through my windows. It was like, 'Oh my God.' I mean I knew immediately, a police car."

"And that's when the nightmare started," he said. "I was arrested."

A 'living hell'

He was booked with simple battery, along with two felonies: obstruction of justice and intimidating a witness, both of which carry a maximum of 20 years in prison. Because of a prior felony cocaine conviction, Dendinger calculated that he could be hit with 80 years behind bars as a multiple offender.

That kicked off two years of a "living hell," as Dendinger described it, a period that is now the subject of Dendinger's federal civil rights lawsuit against the officers, attorneys and former St. Tammany District Attorney Walter Reed.

The suit seeks unspecified damages for a host of alleged Constitutional violations: false arrest, false imprisonment, fabricated evidence, perjury, and abuse of due process.

WWL-TV reached out to the defendants for comment, but only Sheriff Seal responded with a statement. He said, "We are confident that all claims against all WPSO deputies will be rejected and dismissed by the court."

Goyeneche said the legal troubles for some of the witnesses may go beyond the federal lawsuit.

"It's a felony to falsify a police report. And this is a police report. And this police report was the basis of charging this individual with serious crimes," Goyeneche said.

Cressy, who in addition to working under Reed served as the Mandeville city attorney for 15 years, said the lawyers involved in the case may have additional problems with legal ethics and the bar association.

"It was totally wrong, a 180-degree lie" Cressy said. "So, yeah, they're going to have problems, certainly the lawyers."

'An abuse of power'

Meanwhile, Dendinger's attorney Philip Kaplan continues to dig into the case with depositions and new evidence.

In a deposition taken by Kaplan, one Bogalusa police officer, Lt. Patrick Lyons, said he witnessed a battery that knocked Cassard back several feet. But the video shows him far in the distance with his back turned.

Two of the officers stated that Dendinger ran from the scene, although he said his disability makes running impossible.

Kaplan also points out what he thinks should be obvious; "If this was truly a battery on a police officer with police officers all around him, why isn't something happening right there? Why aren't they arresting him on the spot? This case is an abuse of power."

While Dendinger has been cleared of all charges, he still lives in Washington Parish and worries about what could happen next as he presses a high-stakes lawsuit against people who tried to lock him up.

"I didn't do anything wrong and I know they know I didn't do anything wrong," he said. "So I'm faced with the reality that these people purposely lied about something that could put me in prison for the rest of my life."

Recently elected St. Tammany District Attorney Warren Montgomery said he has conducted an independent investigation of the case, but declined comment because a lawsuit is pending.

However, as of this week, Wall no longer works at the office, Montgomery said. Knight is still employed there, he said.

Read or Share this story: http://on.wwltv.com/1811Eun



Case 2:19-cv-09803-SSV Document 36-1 Filed 04/09/20 Page 11 of 15

[redacted] Exhibit 5

STATE OF LOUISIANA

VERSUS

RICHARD B. LAY

DOCKET No: 11-CR5-112033

22[ND] JUDICIAL DISTRICT COURT

PARISH OF WASHINGTON

Date Filed:____________

______________________
Deputy Clerk

## MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE

Now into the Court comes defendant Richard Lay who moves this Court to "Vacate and Set Aside" conviction and sentence due to lack of Jurisdiction based on defective bill of information.

1). The Bill of information fail to comply with La C. Cr. P. art. 483 insofar it does not State:

(a) Name and Nature of the prior offense; and

(b) The Court of conviction See State v. **Bouzigard,** 286 So. 2d 633, 635 (La. 1973).

October 4, 2016

Denied
Jerome M. Winsberg
Judge
November 17, 2016

RL
______________________
Richard Lay #110315
R.L.C.C. Cajun 2 A-1
1630 Prison Road
Cottonport, La. 71327

CC
Filed

[redacted]

A True Copy of Original
This 12-29-14
L Price
Dy. Clerk of Court

6.

[redacted]

Exhibit E 6

Exhibit 6

IN THE
22nd JUDICIAL DISTRICT COURT
PARISH OF WASHINGTON
STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

RICHARD B. LAY

DOCKET NO. 11-CRS-112033

FILED: ____________________

____________________
CLERK OF COURT

**EXHIBIT D**
**#11-CR5-112033**

1. Original and oral bill of information upgrading from misdemeanor to a felony depriving court of jurisdiction to accept any verdict of guilt on the felony charge but only a misdemeanor.[1] ***State v. Breaux***, 504 So. 2d 11 (La. App. 1 Cir. 1987); ***State v. Cook***, 372 So. 2d 1202 (La. 1979)…page 1-4.

March 7, 2013.

Richard Lay #110315
WNC Elm A-1-9
P.O. Box 1260
Winnfield, LA 71483-1260

cc: L. Wall, ADA

7.

[1] See La. C.Cr.P. art. 487.

8 23

Exhibit 8 7.

State of Louisiana
Versus
Richard B. Lay

No. 11-CR5-112033
22nd Judicial District Court
Parish of Washington

## MOTION TO CONSIDER ALL CLAIMS BEFORE THE COURT

**NOW INTO COURT** comes defendant Richard B. Lay who moves this court to rule upon all claims presented rightfully before this court under his court's original Jurisdiction-Article 5, Section 16(A) of this LA. Const. 1974 as invoked by petitioner Lay since.

1. Edwards v. Vannoy does not control whether Ramos is retroactive under Louisiana Law.
2. Ramos did not rule that Article 17, of the LA. Constitutional. 1974 and Article 782(A) of the LA.C.Cr.P. violates the Equal Protection Clauses of both the United States and the State of Louisiana Constitution which will entitle vacation of both conviction and sentence now.

May 22, 2021

**Richard B. Lay #110315**
Raymond LaBorde Correctional Center
Cajun 2 C2
1630 Prison Road
Cottonport, La. 71327

Cc

1. W. Montgomery
   District Attorney
2. J. Landry- Attorney General

Exhibit 2-6.

6

9.

To: Judge Ad Hoc Jerome Winsberg
22nd Judicial District Court
Parish of St. Tammany And Washington
5031 St. Charles Ave.
New orleans, LA. 70115

Mathew Caplan—Asst. District Attorney
Parish of St. Tammany/washington
701 N. Columbia, St.
Covington, LA. 70433

In re: Richard B. Lay #110315
No: 11-CR5-112033
22nd JDC/washington

I specifically move for modification of my conviction under LSA-R.S. 14:34.5(B)(2) to the original Bill of Information signed by the District Attorney as mandated by LSA-C.Cr.P. 384 that should have been discovered by <u>Appellate Counsel</u> And the <u>Justices of 1st Circuit Court of Appeal</u> As patent error Under LSA-C.Cr.P. art. 920(2) or noted <u>Ex Propria motu</u>.

In <u>State v. Buttner, 411 So.2d 35</u> [La. 3/01/82] the Court held:

... Article 384 of the louisiana Code of Criminal Procedure provides:

9. 9. 8

R.S. 17.

"An information is a written accusation of crime made by the District Attorney and signed by him. It must be filed in open court in a court having jurisdiction to try the offense or in the office of the clerk thereof [emphasis provided by the Court]

Statement of Facts

1. On March 24, 2011 former Asst. District Attorney moved to "orally amendment" the filed and signed Bill of Information to state facts for sentencing enhancement under LSA-R.S. 14:34.5.B(2) [Felony]. The original Bill of Information only states a misdemeanor under LSA- R.S. 14:34.5.B(1).

2. On November 30, 2011 defense counsel Linder and defendant Lay moved to quash or a mistrial from being arraigned upon "oral amendments" and no bill was signed by the District Attorney.

(a). Former Asst. District Attorney Leigh Ann Walls advised that the Clerk did not have the Court records available at the time of the arraignment. Ms. Walls further advised the record well indicates a copy of original Bill of Information was amended and placed in the official Record.

(b). The Court referring to the minute dated March 24, 2011, the Court does

does reflect the defendant WAS, in fact, arraigned on felony Changes and denied Motion To Quash/mistrial.

(C). Defense Counsel Linder objected to the Amended, UNSigned bill being read to the Jury and the Court Noted the same.

Asst. Leigh ANN WAlls false statements with the Court's help do not discharged her responsibility to file a written Amendment And signed by the District Attorney or Authorized agent...... in the Office of Clerk or in Open Court prior to my arraignment on the Oral Amendments Neither did the Court make any actual findings that formerly Asst. District Attorney Leigh ANN WAlls filed in Open Court or the Office of Clerk a written Amendment of the Original Bill of Information prior to my arraignment. The minutes of March 24, 2011 Clearly reflects no written Amendments to Comply with LSA-R.S. 14:34.5.(B)(2) WAS filed in open Court or with the office of Clerk.

There being only the "Original Bill of Information" being filed in accordance with LSA-CCr.P. art 384... Thus this Court must vacate the Conviction [LSA-R.S. 14:34.5.B(2)] and Sentence [LSA-R.S. 15:529.1], and



110. 11. 9. 9.

enter A Conviction for the misdemeanor Battery upon a Correctional officer Under LSA-R.S. 14:34.5.B(1) And impose a Sentence of No more than six months and no fine or Jail time if Not Paid Since I'm indigent And with no means to pay and in light of being wrongfully Convicted [LSA-R.S. 14:34.5.B(2)] And is way over my Release date but for this unlawful sentence under LSA-R.S. 15:529.1.

April 18, 2025

Richard B. Lay 110315
EHCC- Fox 2 B
P.O. Box 174
St. Gabriel, LA 70776

cc

1. Luiz murrill
Louisiana Attorney General
1885 N. Third St.
Baton Rouge, LA. 70802

2. J. Collins Sims
District Attorney
Parish of St. Tammany/Washington
701 N. Columbia St.
Covington, LA. 70433

~~Ord~~

Order

It's Order the State of louisiana Show Cause before this Court on the ___ day of 2025 at ___ O'Clock ___ m.

It's Order Counsel be appointed for this indigent.

It's ordered Tim Hooper-Warden at Elayn Hunts Correctional Center - 6925 Hwy 74 - St. Gabriel, LA. 70776 produce the body of Richard B. Lay Doc. 110315 before this Court on the ___ day of ___, 2025 at ___ o'clock ___ m.

Clerk to Serve all Parties a copy of this Pleading and order of this Court.

Said And done this ___ day of ___, 2025.

Judge Ad Hoc J. Winsber
22nd Judicial District Court
Parish of Washington

Footnote(s)

1. my release should be March 11, 2023

Please Serve

1. Matthew Caplan
Asst. District Attorney
St. Tammany/Washington
701 N. Columbia St.
Covington, LA. 70433

2. Tim Hooper - Warden
Elayn Hunts Correctional center
6925 Hwy. 74
St. Gabriel, LA. 70776

3. Richard B. Lay # 110315
EHCC - Fox 2 B
P. O. Box 174
St. Gabriel, LA. 70776

4. J. Collins Sims
District Attorney
Washington/St. Tammany
701 N. Columbia St.
Covington, LA. [redacted] 70433

5. Luiz Morrill - Attorney General
La. Attorney General office
1885 N. 3rd St.
Baton Rouge, LA.
70802

Exhibit 10

SEPTEMBER 28, 2011

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG, DISTRICT JUDGE PRESIDING, LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

**CASE #: 11-CR5-112033**

STATE OF LOUISIANA
VS
RICHARD LAY

CHARGE:
BATTERY OF A CORRECTIONAL FACILITY EMPLOYEE

SEPTEMBER 28, 2011 JEROME WINSBERG

THIS CAUSE CAME ON FOR A SANITY HEARING AND VARIOUS MOTIONS. PRESENT, LEIGH ANNE WALL, ASSISTANT DISTRICT ATTORNEY, JOHN LINDNER, ATTORNEY FOR THE DEFENDANT AND THE DEFENDANT, RICHARD LAY.

AT THIS TIME, THE COURT NOTES THE REPORTS FROM DR. RICHOUX AND DR. SALCEDO WHICH INDICATE THE DEFENDANT IS COMPETENT TO PROCEED IN THIS MATTER.

COURT EXHIBIT #1 - DR. RICHOUX'S REPORT
COURT EXHIBIT #2 - DR. SALCEDO'S REPORT
OFFERED, FILED AND INTRODUCED.

THE COURT FINDS THE DEFENDANT COMPETENT TO PROCEED.

PRO SE MOTION FOR RECUSAL IS DENIED AS BEING REPETITIOUS. A CONFORMED COPY IS GIVEN TO THE DEFENDANT IN OPEN COURT.

PRO SE MOTION FOR EXPERT WITNESS IS DENIED.
PRO SE MOTION FOR DEMONSTRATIVE EVIDENCE IS DENIED WITHOUT PREJUDICE.
ALL PRO SE MOTIONS TO QUASH ARE DENIED.
PRO SE MOTION TO SUPPRESS STATEMENTS ARE DENIED.
PRO SE MOTION TO SUPPRESS EVIDENCE IS DENIED.
PRO SE MOTION TO SUPPRESS IDENTIFICATION IS DENIED.
PRO SE MOTION FOR PSYCHIATRIC EXAMINATION OF VICTIM IS DENIED.
PRO SE MOTION FOR POLYGRAPH TEST IS DENIED.
PRO SE MOTION TO DISMISS IS DISMISSED.
PRO SE MOTION TO CHANGE VENUE IS DENIED.
AS TO PRO SE MOTION FOR PRELIMINARY EXAMINATION. AT THIS TIME THE STATE SUBMITS AND THE COURT FINDS NO PROBABLE CAUSE.
AS TO PRO SE MOTION FOR DISCOVERY. THE COURT ORDERS IF THERE IS ANY ADDITIONAL DISCOVERY, THE STATE IS TO TURN IT OVER TO THE DEFENSE. MR. LINDNER REQUEST THAT ANY ADDITIONAL DISCOVERY BE SENT DIRECTLY TO THE DEFENDANT. THE STATE INDICATES THAT A COPY WILL BE SENT TO BOTH MR. LINDNER AND MR. LAY IF APPLICABLE.
AS TO PRO SE MOTION FOR BILL OF PARTICULAR AND AMENDED BILL OF PARTICULARS, THE COURT FINDS THAT THE STATE'S ANSWER IS SUFFICIENT.

AS TO ALL FUTURE WRITS, THE COURT ORDERS THAT ANY JUDGE WITHIN THE 22ND JUDICIAL DISTRICT HAS CONSENT TO SIGN WRITS.

THE COURT ORDERS A TRIAL DATE IN THIS MATTER FOR DECEMBER 5, 2011.

---

15. 15.

Exhibit 11 of 3



STATE OF LOUISIANA — NUMBER: 11-CR5-~~2033~~ 112033

VERSUS — 22ND JUDICIAL DISTRICT COURT

RICHARD LAY — PARISH OF WASHINGTON

FILED: 12-15-11 — L Price, DEPUTY CLERK

**MULTIPLE OFFENDER BILL OF INFORMATION**

Walter P. Reed, District Attorney for the 22nd Judicial District Court with respect avers that this captioned defendant was charged in this case number in the 22nd Judicial District Court with the crime of violating La. R.S. 14:34.5, relative to Battery of a Correctional Facility Employee, and that afterward, to wit on the 30th day of November, 2011, the said accused was found guilty as charged by a jury.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number 383759 of the 22nd Judicial District Court, with the crime of violating R.S. 40:979 and 40:967, relative to Attempted Possession of Cocaine, and that afterward, to wit on the 30th day of March, 2007, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number 215530 of the 22nd Judicial District Court, with the crime of violating R.S. 40:981.3, relative to Possession of cocaine in a school zone and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number 197086 of the 22nd Judicial District Court, with the crime of violating R.S. 14:69, relative to Possession of Stolen Property, date of offense February 25, 1991, and that afterward, the said accused was convicted.

And now the said District Attorney gives this court to understand and be informed that the said defendant was duly charged in case number 197086 of the 22nd Judicial District Court, with the crime of violating R.S. 14:69, relative to Possession of Stolen Property, date of offense February 25, 1991, and that afterward, the said accused was convicted.

16.

defendant was duly charged in case number 130364 of the 22nd Judicial District Court, with the crime of violating R.S. 14:72, relative to Forgery, date of offense February 25, 1985, and that afterward, the said accused was convicted.

The said defendant sentenced as first above set out, is one and the same person who was sentenced in the subsequent listed case numbers and should now be sentenced under the provisions of La. R.S. 15:529.1.

Signed this 15th day of December, 2011.

ASSISTANT DISTRICT ATTORNEY
22nd JUDICIAL DISTRICT COURT

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING FINGERPRINTS ON THIS BILL ARE THE FINGERPRINTS OF THE DEFENDANT [illegible]
AND THAT THEY WERE PLACED THEREON BY SAID DEFENDANT THIS 13 DAY OF May 2013

SIGNATURE LINE



17.

Exhibit

MAY 13, 2013

THE TWENY-SECOND JUDICIAL DISTRICT COURT CONVENED ON THE ABOVE DATE PURSUANT TO PREVIOUS ASSIGNMENT. PRESENT HONORABLE, JEROME WINSBERG, DISTRICT JUDGE PRESIDING; LEIGH ANNE WALL, DISTRICT ATTORNEY, LORRIE PRICE, DEPUTY CLERK OF COURT, JACKIE WILLIE, OFFICIAL COURT REPORTER AND JOHNNY CAUSEY, DEPUTY SHERIFF. WHEREUPON, THE FOLLOWING MATTERS WERE TAKEN UP AND DISPOSED OF AS FOLLOWS, TO-WIT:

STATE OF LOUISIANA
VS
RICHARD LAY

CASE #: 11-CR5-112033

CHARGE:
BATTERY OF A CORRECTIONAL FACILITY EMPLOYEE

May 13, 2013

JEROME WINSBERG

This cause came on for multiple offender hearing. Present, Leigh Anne Wall, assistant district attorney, Ernest Barrow, attorney for the defendant and the defendant, Richard Lay.

At this time, the following motions were addressed to wit;

Amended Motion to Disqualify Counsel is denied.
Note objection by Mr. Lay.

Motion for Recusal is denied.
Note objection by Mr. Lay.

Motion to Continue is denied.

Opposition to Multiple Bill is denied.

State witness, Assistant Warden John Jerrell called and sworn.

State Exhibit #1 - Certified copies of record from Rayburn Correctional Center offered, filed and introduced.

Note Objection by Mr. Lay.

State Exhibit #2 - Certified copies from docket 383759 out of St. Tammany Parish offered, filed and introduced.

Felix Indest called and sworn.

State Exhibit #3 - Certified copies from docket 215530 out of St. Tammany Parish, offered, filed and introduced.

Officer James Folks called and sworn.

State offers witness as an expert in the field of fingerprint analysis and the court accept witness as expert in this field.

State Exhibit #4 - Certified copies from docket 197086 out of St. Tammany Parish, offered filed and introduced.

State Exhibit #5 - Certified copies from docket 130364 out of St. Tammany Parish, offered, filed and introduced.

The State submits this matter to the court, whereupon, the court finds the defendant to be a 4th felony offender and hereby vacates and sets aside the previous sentence in this matter and sentences the defendat as follows;

Pursuant to Act 15:529.1, the court sentences the defendant to serve a period of twenty two (22) years hard labor without the benefit of probation, parole or suspension of sentence in the custody of the Louisiana Department of Public Safety and Correction as a 4th felony offender.

The defendant is given credit for any time served subsequent to arrest and this sentence is to run concurrent with any sentence now being served.

The court advised the defendant he has two (2) years from the date the judgment of conviction becomes final to file any and all petitions for post conviction relief.

18

Thirty (30) days to file for appeal.

Thirty (30) days to file for reconsideration of sentence.